# UNITED STATES DISTRICT COURT

### MIDDLE DISTRICT OF ALABAMA

OFFICE OF THE CLERK

POST OFFICE BOX 711

MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

August 31, 2006

# NOTICE OF CORRECTION

**From:    Clerk's Office**

**Case Style:    United States of America v. Moreno-Vazquez**

**Case Number:    3:06-cv-00761-MEF**

**This Notice of Correction was filed in the referenced case this date to add the redacted exhibit documents to the previous entry.**

**The correct PDF documents are attached to this notice for your review.   Reference is made to document # 1   filed on    August 23, 2006.**

# United States of America



## DEPARTMENT OF STATE

### *To all to whom these presents shall come, Greetings:*

Certify That Andrew N. Keller, whose name is subscribed to
the document hereunto annexed, was at the time of subscribing the
same Attorney Adviser, Office of the Legal Adviser, Department of
State, United States of America, and that full faith and credit are
due his acts as such.

In testimony whereof, I, Condoleezza Rice,
Secretary of State , have hereunto caused the
seal of the Department of State to be affixed and
my name subscribed by the Assistant
Authentication Officer, of the said Department,
at the city of Washington, in the District of
Columbia, this sixth day of June, 2005.

Secretary of State

By

Assistant Authentication Officer,
Department of State

d pursuant to CH. State of
15, 1789, 1 Sta 9; 22
2657; 22USC 26 USC
28 USE 1733 et. USC
3(f); RULE 44 Fede. es of
l Procedure.

*This certificate is not valid if it is removed or altered in any way whatsoever*



DISTRICT OF COLUMBIA, ss:

<u>DECLARATION OF ANDREW N. KELLER</u>

I, Andrew N. Keller, declare and say as follows:

1.  I am an Attorney Adviser in the Office of the Legal Adviser for the Department of State, Washington, D.C.  This office has responsibility for extradition requests, and I am charged with the extradition case of Maria del Rosario Moreno Vazquez.  I make the following statements based upon my personal knowledge and upon information made available to me in the performance of my official duties.

2.  In accordance with the provisions of the extradition treaty in full force and effect between the United States and Mexico, the Embassy of Mexico has submitted Diplomatic Note No. 01738, dated March 16, 2005, formally requesting the extradition of Maria del Rosario Moreno Vazquez.  A copy of the diplomatic note is attached to this declaration.

3.  The relevant and applicable treaty provisions in full force and effect between the United States and Mexico are found in the Extradition Treaty between the United States of America and Mexico of May 4, 1978 (TIAS 9656).  A copy of the Treaty is attached to this declaration.

4.  In accordance with Article 13(3) of the 1978 Extradition Treaty between the United States of America and Mexico, the

-2-

Government of the United States of America provides legal representation in U.S. courts for the Government of Mexico in its extradition requests, and the Government of Mexico provides legal representation in its courts for extradition requests made by the United States.

5.      The offense for which extradition is sought is punishable in accordance with the laws of both contracting parties by deprivation of liberty for a period of at least one year, and is covered under Article 2 of the 1978 Extradition Treaty between the United States of America and Mexico and by the Appendix to the Treaty.

6.    The documents submitted by the Government of Mexico in support of its extradition request were certified on March 1, 2005, by Robyn M. Bishop, Minister Counselor for Consular Affairs, for the United States, in accordance with Title 18, United States Code, Section 3190.  Ms. Bishop, at the time she certified the documents, was the principal consular officer of the United States in Mexico.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on June 6, 2005.

Andrew N. Keller

Attachments:

1.  Copy of Note.
2.  Copy of Treaty.

UNOFFICIAL TRANSLATION

DEPARTMENT OF STATE

**01738**

2005 MAR 18 ⊃ 8: 40

Washington, D.C., March 16, 2005

Madam Secretary:

On behalf of my Government, I have the honor to refer to the Extradition Treaty signed between the United Mexican States and the United States of America, and to petition number 09437 dated November 8, 2004 requesting the provisional arrest for international extradition purposes of **MARIA DEL ROSARIO MORENO VAZQUEZ.** This person is wanted by Mexican authorities for allegedly committing the crime of **TRAFICO DE MENORES** *(CHILD TRAFFICKING).* As a result, an arrest warrant was issued for the accused as part of criminal case number 72/2004 by the Seventh District Judge of the State of Mexico, residing in Naucalpan de Juárez.

In regards to this matter, on behalf of my Government, and on the basis of Article 2, and in particular, Article 10 of the Extradition Treaty, I hereby **FORMALIZE** before Your Excellency's Government the request for the extradition of **MARIA DEL ROSARIO MORENO VAZQUEZ.**

The Special Investigative Unit of the Trafficking of Minors, the Undocumented, and Organs of the Attorney General's Office has learned that the accused, **MARIA DEL ROSARIO MORENO VAZQUEZ, and the children,** ███████ ██████ are currently living ████████████ in Salem, Alabama. It is feared that the accused will move to another location and will no longer be found.

(ARREST WARRANT...)

To Her Excellency
Condoleezza Rice
Secretary of State
Washington, DC

## ARREST WARRANT

On September 27, 2004, the Seventh District Judge of the State of Mexico, residing in Naucalpan de Juárez, issued an arrest warrant for **MARIA DEL ROSARIO MORENO VAZQUEZ**, as part of criminal case number 72/2004, due to her alleged perpetration of the crime of **TRAFICO DE MENORES** *(CHILD TRAFFICKING)*, set forth and punishable under Article 366 Quáter, Section II, second paragraph, in relation to Article 366 Ter, Section III, of the Federal Penal Code. Said Articles read as follows:

> **Art. 366 Ter**—Whoever illegally moves a person under the age of sixteen or hands a minor over to a third person outside of national territory, with the purpose of obtaining undeserved economic profit, perpetrates the crime of child trafficking.
>
> **Section III**—The person or persons who receive the minor.
>
> Whoever completes the criminal act set forth in this article shall be punished by imprisonment from three to ten years and a fine of four hundred to one thousand days of minimum wage.
>
> **Art. 366 Quáter**—The sentences laid down in the previous article shall be halved when:
>
> **Section II**—The person who receives the minor plans to incorporate said child into their family nucleus.
>
> **Second paragraph**—The sentences set forth in this article shall be imposed on the father or mother of a person under the age of 16 who, illicitly and without the consent of the parent(s) or legal guardian(s) of the child, and without the purpose of obtaining undeserved economic profit, moves the child outside of national territory with the objective of changing their permanent residence or of preventing the child's mother or father, whichever may be the case, from living with or visiting the minor.

The conduct attributed to the accused, upon which the arrest warrant was issued, are punishable by the laws of both countries by maximum prison sentence of no less than one year, as established in Article 2, paragraph 3 of the Extradition Treaty signed by the United Mexican States and the United States of America.

The elements constituting the crime, which led the presiding Judge to issue an arrest warrant for the accused, **MARIA DEL ROSARIO MORENO VAZQUEZ**, are based on the following:

## FACTS

**MARIA DEL ROSARIO MORENO VAZQUEZ** was married to José Fernando Castillo Tapia. While married, they conceived ███████████████, and after they divorced, they conceived ██████████████. These children are ███████████ years old, respectively.

2

**MARIA DEL ROSARIO MORENO VAZQUEZ** and José Fernando Castillo Tapia entered a legal agreement stating that they would both have parental authority over the children and that the mother, **MARIA DEL ROSARIO MORENO VAZQUEZ**, would have full custody, while José Fernando Castillo Tapia would have the right to live with and visit the children.

In spite of this, **MARIA DEL ROSARIO MORENO VAZQUEZ** violated said agreement. On February 28, 2004, José Fernando Castillo Tapia when to visit the children at the home located ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮Naucalpan, State of Mexico, ▮▮ ▮▮▮▮▮▮▮, where they lived with their mother. When he did not find them there, he asked his ex-mother in-law, María Elena Vázquez Saucedo, where they were. She answered that they were not there and that the children had left with their mom. She didn't tell him where they had gone and only handed him a letter from her daughter **MARIA DEL ROSARIO MORENO VAZQUEZ**, in which she stated that she had taken the children and left the city, not specifying the final location.

As a result, José Fernando Castillo Tapia began asking the children's friends at school where they were located. He found out that they had left the country and had gone to the United States, without his authorization or consent, and with passports that they had obtained by forging his signature and finger prints. It is necessary to mention that the finger prints that appear on form OP-7, which grants the permission of the parent or guardian of the minors, Luis Fernando and María de Fátima Castillo Moreno, actually belong to Artemio Barrera Hernández, not to José Fernando Castillo Rapia.

Thanks to the investigations, it became known and it was confirmed that **MARIA DEL ROSARIO MORENO VAZQUEZ** and the minors, Luis Fernando and María de Fátima Castillo Moreno, arrived in Atlanta, Georgia, on February 27, 2004, on Aeroméxico flight number 636.

In compliance with Articles 3 and 10 of the Extradition Treaty signed between the United Mexican States and the United States of America, the Mexican government attached duly certified, authenticated, and sworn copies, with their English translations, of the following:

## EVIDENCE

1. Official document number SIEDO/2216/04 dated July 19, 2004, signed by the Federal Prosecutor, Martín Marín Colín, which takes criminal action against **MARIA DEL ROSARIO MORENO VAZQUEZ**.
2. Accusation by Fernando Castillo Tapia made on March 22, 2004 before the Federal Prosecutor, Martín Marín Colín.
3. Court order calling for the initiation of the preliminary investigation dated March 22, 2004 and signed by the Federal Prosecutor, Martín Marín Colín.
4. Cross action for custody of the children, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, filed by José Fernando Castillo Tapia against **MARIA DEL ROSARIO MORENO VAZQUEZ** before the Tenth Judge in Family Matters of the Federal District, as part of case number 785/91.
5. Letter written by **MARIA DEL ROSARIO MORENO VAZQUEZ** addressed to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮; not dated or numbered.
6. Agreement on parental authority and custody of ▮▮▮▮▮▮▮▮▮▮▮▮▮ made between José Fernando Castillo Tapia and **MARIA DEL ROSARIO MORENO VAZQUEZ** made on October 1, 1991.



7. **Letter** dated March 16, 2004, signed by the school teacher, Ana Cecilia Esquivel Hernández, Director of the school *Colegio La Salle Bulevares*.

8. **Final** decision announced by the Tenth Judge in Family Matters of the Federal District on January 29, 1992, as part of case number 785/91.

9. Birth certificate for ███████

10. Birth certificate for ███████████████████

11. Two photographs of ███████████

12. Photograph of ██████████████████████ and ███████████████o

13. Three photographs of ███████████████ 

14. Photograph of **MARIA DEL ROSARIO MORENO VAZQUEZ**.

15. Photo ID issued by *Universidad Nacional Autónoma de México* to José Fernando Castillo Tapia.

16. Official document number UEITMIO/162/04 dated March 29, 2004, signed by the Federal Prosecutor, Martín Marín Colín, requesting María Elena Vázquez Saucedo to appear in court and testify.

17. Official document number UEITMIO/163/04 dated March 29, 2004, signed by the Federal Prosecutor, Martín Marín Colín, requesting information from the Secretary of Foreign Relations.

18. Official document number UEITMIO/164/04 dated March 29, 2004, signed by the Federal Prosecutor, Martín Marín Colín, requesting information from the Director of International Police Affairs and Interpol.

19. Official document number UEITMIO/165/04 dated March 29, 2004, signed by the Federal Prosecutor, Martín Marín Colín, requesting information from the Legal Representative of Aerovías de México.

20. Statement by the witness, María Elena Vázquez Saucedo, given on April 7, 2004, before the Federal Prosecutor, Martín Marín Colín.

21. Photo ID issued by the *Instituto Nacional de la Senectud* to María Elena Vázquez Saucedo.

22. Document proving that the Federal Prosecutor, Leticia Galván Ortega, received documentation on April 14, 2004.

23. Official document number DGAPII/3818/04/0550/04-AAH dated April 12, 2004, signed by the Federal Prosecutor, Mariano Martínez García, in which he presents Martín Marín Colín with information.

24. Document proving that the Federal Prosecutor, Leticia Galván Ortega, received documentation on April 20, 2004.

25. Standard Mexican passport application form from the Secretariat of Foreign
  . Relations filled out for **MARIA DEL ROSARIO MORENO VAZQUEZ**.

26. Mexican passport that the Secretariat of Foreign Relations issued **MARIA DEL ROSARIO MORENO VAZQUEZ**.

27. Standard Mexican passport application form (OP-5) from the Secretariat of Foreign Relations filled out for ███████████████

28. Permission form that parents and guardians fill out when authorizing the issuance of a passport (OP-7).

29. Mexican passport that the Secretariat of Foreign Relations issued José Fernando Castillo Tapia.

30. Standard Mexican passport application form (OP-5) from the Secretariat of Foreign Relations filled out for ███████████████

4

31. Permission form that parents and guardians fill out when authorizing the issuance of a passport (OP-7).

32. Mexican passport that the Secretariat of Foreign Relations issued ███████████

33. Court appearance by José Fernando Castillo Tapia on April 23, 2004, before the Federal Prosecutor, Leticia Galván Ortega.

34. Document to obtain information from the Internet.

35. Document proving that the Federal Prosecutor, Leticia Galván Ortega, received documentation on April 23, 2004.

36. Letter on Business Lawyer Corporation letterhead addressed to Leticia Galván Ortega, Special Prosecutor for Child Trafficking, dated April 23, 2004 and signed by Fernando Castillo Tapia.

37. Writ regarding judicial proceedings, dated April 23, 2004, signed by the Federal Prosecutor, Leticia Galván Ortega.

38. Letter dated April 22, 2004, numbered AH-0458/04, signed by Antonio Jáuregui Quintana, Head of Litigious Affairs and Fleet of Aerovías de México S.A. de C.V. (AEROMÉXICO), and addressed to the Special Investigative Unit of the Trafficking of Minors, the Undocumented, and Organs of the Attorney General's Office. The letter includes a copy of ticket stubs 139 3200281157 0, 139 3200281158 1, and 139 3200281159 2, issued to MORENO / MARÍA, ███████████, which were used on flight 636 from Mexico to Atlanta, on February 27, 2004.

39. Subpoena dated May 27, 2004, signed by the Federal Prosecutor, Martín Marín Colín, ordering Fernando Castillo to appear in court with an official form of identification in order to obtain handwriting samples and finger prints.

40. Document dated June 2, 2004 showing that expert handwriting, forensic photography, and identification evidence was gathered.

41. Photographs taken by expert, Gonzalo Mendiola González, of José Fernando Castillo Tapia's Mexican passport, the standard Mexican passport application form (OP-5) from the Secretariat of Foreign Relations filled out for ███████████, the permission form that parents and guardians fill out when authorizing the issuance of a passport (OP-7) for ███████████ the standard Mexican passport application form (OP-5) from the Secretariat of Foreign Relations filled out for ███████████, and permission form that parents and guardians fill out when authorizing the issuance of a passport (OP-7) for ███████████

42. Document proving that the Federal Prosecutor, Martín Marín Colín, received documentation on June 14, 2004.

43. Report regarding fingerprinting identification dated June 10, 2004 and issued by experts, Praxedis Irma García Guerrero and Rosa Flores Vázquez.

44. Photographic reproduction of the front and back sides of form OP-7 filled out for for ███████████

45. Photographic reproduction of the front and back sides of form OP-7 filled out for ███████████

46. Photographic reproduction of Barrera Hernández Artemio's fingerprint.

47. Fingerprints and general description of José Fernando Castillo Tapia.

48. Blow-up of Barrera Hernández Artemio's fingerprints, with its particular characteristics highlighted.

49. Blow-up of fingerprints that appear on the OP-7 forms for ███████████████, with its particular characteristics highlighted.

50. Document proving that the Federal Prosecutor, Martín Marín Colín, received documentation on June 17, 2004.

51. Report on handwriting dated June 15, 2004, issued by the expert, Aldo Crisanto Molina.

52. Indictment of the accused, dated July 19, 2004, issued by the Federal Prosecutor, Martín Marín Colín, in which criminal action is taken against **MARIA DEL ROSARIO MORENO VAZQUEZ** for the crime of **CHILD TRAFFICKING**.

53. Decision issued August 3, 2004 by the Third District Judge in Federal Criminal Matters of the Federal District, declaring his lack of jurisdiction and resultant inability to rule on the legitimacy of the arrest warrant requested by the Federal Prosecutor for **MARIA DEL ROSARIO MORENO VAZQUEZ** for the crime of **CHILD TRAFFICKING**.

54. Official document number 7136 dated August 9, 2004, signed by the Third District Judge in Federal Criminal Matters of the Federal District, in which he remits the case to the District Judge of the State of Mexico, residing in Naucalpan de Juárez. Original and duplicate copies of criminal case number 108/2004–III, in virtue of the plea regarding the court's lack of jurisdiction.

55. Decision issued August 26, 2004 by the Seventh District Judge of the State of Mexico, agreeing to hear the case that had been remitted by the Third District Judge in Federal Criminal Matters of the Federal District, regarding the charges filed by the Federal Prosecutor against **MARIA DEL ROSARIO MORENO VAZQUEZ**, for her alleged perpetration of the crime of **CHILD TRAFFICKING**.

56. Arrest warrant issued September 27, 2004 by the Seventh District Judge of the State of Mexico for **MARIA DEL ROSARIO MORENO VAZQUEZ**, for her alleged perpetration of the crime of **CHILD TRAFFICKING**.

57. Writ dated January 19, 2005 issued by the chief clerk of the Seventh District Court in the State of Mexico, stating that the statute of limitations for the criminal actions taken against **MARIA DEL ROSARIO MORENO VAZQUEZ**, for her alleged perpetration of the crime of **CHILD TRAFFICKING**, expires on April 27, 2011.

58. The text of the legal provisions set in the Federal Penal Code regarding the crime **CHILD TRAFFICKING** that explain the crime, the applicable punishment, and the statute of limitations for criminal action.

The elements of proof, as well as the legal provisions and procedures mentioned above, are hereby attached with their corresponding translation into the English language, in accordance with Article 10, paragraphs 5 and 6(b) of the Extradition Treaty between the United Mexican States and the United States of America.

### GENERAL PERSONAL DATA

In compliance with Article 10(2)(e) of the Extradition Treaty signed between the United Mexican States and the United States of America, upon which the present request is based, the following are the available general personal data of the accused:

NAME:                          **MARIA DEL ROSARIO MORENO VAZQUEZ**
FATHER'S NAME:                 **ENRIQUE MORENO RUBIALES**

6

**MOTHER'S NAME:**    MARIA ELENA VAZQUEZ SAUCEDO
**PLACE OF BIRTH:**    MEXICO, FEDERAL DISTRICT
**DATE OF BIRTH:**    1961
**AGE:**    43 YEARS OLD
**COMPLEXION:**    FAIR
**HAIR:**    DARK BROWN
**EYES:**    LIGHT BROWN

In compliance with Article 19 of the Extradition Treaty signed between the United Mexican States and the United States of America, the Mexican government requests the confiscation and surrender of all items, instruments, and objects of value, or any documents related to the crime, even if they were not used to carry out said crime, that were in the possession of the accused, **MARIA DEL ROSARIO MORENO VAZEQUEZ**, at the time of her arrest, or at a later date, which could be used as evidence within the criminal investigation being carried out against her.

Based on the above, I am enclosing in a duly legalized package, along with translations into English, the documents that indicate, apart from the crime with which the accused is charged, the elements of said crime, the place, time and circumstances in which the crime was committed, and the information resulting from the criminal proceedings instituted by Mexican authorities to prove the crime and to determine the alleged culpability of **MARIA DEL ROSARIO VAZQUEZ.** The package, which also includes the arrest warrant for this person, is submitted to Your Excellency as the true information that it is.

In light of the above, Madam Secretary, and since this petition satisfies the conditions described in the Extradition Treaty currently in force between our two countries and, to the best of my knowledge, also satisfies the internal procedures of the Mexican State as well as the procedures established by the Extradition Treaty to process this petition of **EXTRADITION**, I hereby request Your Excellency's kind mediation so as to secure from the competent U.S. authorities, including the judicial authorities, the extradition of **MARIA DEL ROSARIO MORENO VAZQUEZ** from the United States to Mexico.

We thank you in advance for Your Excellency's valuable assistance concerning this matter. I avail myself of this opportunity to renew to Your Excellency the assurances of my highest and most distinguished consideration.

Carlos de Icaza
Ambassador

7

TREATIES AND OTHER INTERNATIONAL ACTS SERIES 9656

# EXTRADITION

Treaty Between the
UNITED STATES OF AMERICA
and MEXICO

English Only

Signed at Mexico City May 4, 1978



## NOTE BY THE DEPARTMENT OF STATE

Pursuant to Public Law 89-497, approved
July 8, 1966 (80 Stat. 271; 1 U.S.C. 113)—

". . . the Treaties and Other International Acts
Series issued under the authority of the Secretary of
State shall be competent evidence . . . of the treaties,
international agreements other than treaties, and proc-
lamations by the President of such treaties and inter-
national agreements other than treaties, as the case
may be, therein contained, in all the courts of law
and equity and of maritime jurisdiction, and in all the
tribunals and public offices of the United States, and
of the several States, without any further proof or
authentication thereof."

*For sale by the Superintendent of Documents, U.S. Government Printing Office,
Washington, D.C. 20402. Subscription Price: $110; $27.50 additional
for foreign mailing. Single copies vary in price. This issue $2.*

# MEXICO

## Extradition

*Treaty signed at Mexico City May 4, 1978;*

*Ratification advised by the Senate of the United States of America November 30, 1979;*

*Ratified by the President of the United States of America December 13, 1979;*

*Ratified by Mexico January 31, 1979;*

*Ratifications exchanged at Washington January 25, 1980;*

*Proclaimed by the President of the United States of America February 6, 1980;*

*Entered into force January 25, 1980.*

---

By the President of the United States of America

## A PROCLAMATION

Considering that:

The Extradition Treaty between the United States of America and the United Mexican States was signed at Mexico City on May 4, 1978, the text of which, in the English and Spanish languages, is hereto annexed;

The Senate of the United States of America by its resolution of November 30, 1979, two-thirds of the Senators present concurring therein, gave its advice and consent to ratification of the Treaty;

The Treaty was ratified by the President of the United States of America on December 13, 1979, in pursuance of the advice and consent of the Senate, and was duly ratified on the part of the United Mexican States;

It is provided in Article 23 of the Treaty that the Treaty shall enter into force on the date of exchange of the instruments of ratification;

The instruments of ratification of the Treaty were exchanged at Washington on January 25, 1980; and accordingly the Treaty entered into force on that date;

Now, therefore, I, Jimmy Carter, President of the United States of America, proclaim and make public the Treaty, to the end that it be observed and fulfilled with good faith on and after January 25,

2

1980, by the United States of America and by the citizens of the United States of America and all other persons subject to the jurisdiction thereof.

IN TESTIMONY WHEREOF, I have signed this proclamation and caused the Seal of the United States of America to be affixed.

DONE at the city of Washington this sixth day of February in the year of our Lord one thousand nine hundred eighty and [SEAL] of the Independence of the United States of America the two hundred fourth.

JIMMY CARTER

By the President:
    CYRUS VANCE
        *Secretary of State*

3

EXTRADITION TREATY BETWEEN
THE UNITED STATES OF AMERICA AND
THE UNITED MEXICAN STATES

The Government of the United States of America and the Government of the United Mexican States;

Desiring to cooperate more closely in the fight against crime and, to this end, to mutually render better assistance in matters of extradition;

Have agreed as follows:

### ARTICLE 1

#### Obligation to Extradite

1.- The Contracting Parties agree to mutually extradite, subject to the provisions of this Treaty, persons who the competent authorities of the requesting Party have charged with an offense or have found guilty of committing an offense, or are wanted by said authorities to complete a judicially pronounced penalty of deprivation of liberty for an offense committed within the territory of the requesting Party.

2.- For an offense committed outside the territory of the requesting Party, the requested Party shall grant extradition if:

      a) its laws would provide for the punishment of such an offense committed in similar circumstances, or

4

b) the person sought is a national of the requesting Party, and that Party has jurisdiction under its own laws to try that person.

## ARTICLE 2

### Extraditable Offenses

1.- Extradition shall take place, subject to this Treaty, for wilful acts which fall within any of the clauses of the Appendix and are punishable in accordance with the laws of both Contracting Parties by deprivation of liberty the maximum of which shall not be less than one year.

2.- If extradition is requested for the execution of a sentence, there shall be the additional requirement that the part of the sentence remaining to be served shall not be less than six months.

3.- Extradition shall also be granted for wilful acts which, although not being included in the Appendix, are punishable, in accordance with the federal laws of both Contracting Parties, by a deprivation of liberty the maximum of which shall not be less than one year.

4.- Subject to the conditions established in paragraphs 1, 2 and 3, extradition shall also be granted:

a) For the attempt to commit an offense; conspiracy to commit an offense; or the participation in the execution of an offense; or

b) When, for the purpose of granting jurisdiction to the Unit

TIAS 9656

5

ed States government, transportation of persons or prop
erty, the use of the mail or other means of carrying
out interstate or foreign commerce, is also an element
of the offense.

## ARTICLE 3

### Evidence Required

Extradition shall be granted only if the evidence be found suffi-
cient, according to the laws of the requested Party, either to justify
the committal for trial of the person sought if the offense of which
he has been accused had been committed in that place or to prove that
he is the person convicted by the courts of the requesting Party.

## ARTICLE 4

### Territorial Application

1.- For the purposes of this Treaty, the territory of a Contract
ing Party shall include all the territory under the jurisdiction of that Con
tracting Party, including airspace and territorial waters and vessels and
aircraft registered in that Contracting Party if any such aircraft is in
flight when the offense is committed.

2.- For the purposes of this Treaty, an aircraft shall be consid
ered to be in flight at any time from the moment when all its external
doors are closed following the embarkation until the moment when any
such door is opened for disembarkation.

## ARTICLE 5

### Politicial and Military Offenses

1.- Extradition shall not be granted when the offense for which

6

it is requested is political or of a political character.

If any question arises as to the application of the foregoing paragraph, the Executive authority of the requested Party shall decide.

2.- For the purpose of this Treaty, the following offenses shall not be considered to be offenses included in paragraph 1:

a) The murder or other wilful crime against the life or physical integrity of a Head of State or Head of Government or of his family, including attempts to commit such an offense.

b) An offense which the Contracting Parties may have the obligation to prosecute by reason of a multilateral international agreement.

3.- Extradition shall not be granted when the offense for which extradition is requested is a purely military offense.

### ARTICLE 6

#### Non bis in idem

Extradition shall not be granted when the person sought has been prosecuted or has been tried and convicted or acquitted by the requested Party for the offense for which extradition is requested.

### ARTICLE 7

#### Lapse of Time

Extradition shall not be granted when the prosecution or the en-

7

orcement of the penalty for the offense for which extradition has been sought has become barred by lapse of time according to the laws of the requesting or requested Party.

## ARTICLE 8

### Capital Punishment

When the offense for which extradition is requested is punishable by death under the laws of the requesting Party and the laws of the requested Party do not permit such punishment for that offense, extradition may be refused unless the requesting Party furnishes such assurances as the requested Party considers sufficient that the death penalty shall not be imposed, or, if imposed, shall not be executed.

## ARTICLE 9

### Extradition of Nationals

1.- Neither Contracting Party shall be bound to deliver up its own nationals, but the executive authority of the requested Party shall, if not prevented by the laws of that Party, have the power to deliver them up if, in its discretion, it be deemed proper to do so.

2.- If extradition is not granted pursuant to paragraph 1 of this Article, the requested Party shall submit the case to its competent authorities for the purpose of prosecution, provided that Party has jurisdiction over the offense.

**TIAS 9656.**

65-773 O - 80 - 2 : QL 3

S

### ARTICLE 10

Extradition Procedures and Required Documents

1.- The request for extradition shall be made through the diplomatic channel.

2.- The request for extradition shall contain the description of the offense for which extradition is requested and shall be accompanied by:

    a) A statement of the facts of the case;

    b) The text of the legal provisions describing the essential elements of the offense;

    c) The text of the legal provisions describing the punishment for the offense;

    d) The text of the legal provisions relating to the time limit on the prosecution or the execution of the punishment of the offense;

    e) The facts and personal information of the person sought which will permit his identification and, where possible, information concerning his location.

3.- In addition, when the request for extradition relates to a person who has not yet been convicted, it shall be accompanied by:

    a) A certified copy of the warrant of arrest issued by a judge or other judicial officer of the requesting Party;

9

  b)  Evidence which, in accordance with the laws of the re-
quested Party, would justify the apprehension and commit
ment for trial of the person sought if the offense had
been committed there.

  4.- When the request for extradition relates to a convicted person,
it shall be accompanied by a certified copy of the judgment of conviction
imposed by a court of the requesting Party.

  If the person was found guilty but not sentenced, the extradition
request shall be accompanied by a certification to that effect and a cer
tified copy of the warrant of arrest.

  If such person has already been sentenced, the request for extra
dition shall be accompanied by a certification of the sentence imposed
and a statement indicating which part of the sentence has not been car-
ried out.

  5.- All the documents that must be presented by the requesting
Party in accordance with the provisions of this Treaty shall be accom-
panied by a translation in the language of the requested Party.

  6.- The documents which, according to this Article, shall accom
pany the request for extradition, shall be received in evidence when:

  a)  In the case of a request emanating from the United States,
they are authenticated by the official seal of the Depart-
ment of State and legalized by the manner prescribed by
the Mexican law;

TIAS 9656

10

b) In the case of a request emanating from the United Mexican States, they are certified by the principle diplomatic or consular officer of the United States in Mexico.

## ARTICLE 11

### Provisional Arrest

1.- In the case of urgency, either Contracting Party may request, through the diplomatic channel, the provisional arrest of an accused or convicted person. The application shall contain a description of the offense for which the extradition is requested, a description of the person sought and his whereabouts, an undertaking to formalize the request for extradition, and a declaration of the existence of a warrant of arrest issued by a competent judicial authority or a judgment of conviction issued against the person sought.

2.- On receipt of such a request, the requested Party shall take the necessary steps to secure the arrest of the person claimed.

3.- Provisional arrest shall be terminated if, within a period of 60 days after the apprehension of the person claimed, the executive authority of the reque.ed Party has not received the formal request for extradition and the documents mentioned in Article 10.

4.- The fact that the provisional arrest is terminated pursuant to paragraph 3 shall not prejudice the extradition of the person sought if the request for extradition and the necessary documents mentioned in Article 10 are delivered at a later date.

11

## ARTICLE 12

### Additional Evidence

If the Executive authority of the requested Party considers that the evidence furnished in support of the request for extradition is not sufficient in order to fulfill the requirements of this Treaty, that Party shall request the presentation of the necessary additional evidence.

## ARTICLE 13

### Procedure

1.- The request for extradition shall be processed in accordance with the legislation of the requested Party.

2.- The requested Party shall make all arrangements necessary for internal procedures arising out of the request for extradition.

3.- The competent legal authorities of the requested Party shall be authorized to employ all legal means within their power to obtain from the judicial authorities the decisions necessary for the resolution of the request for extradition.

## ARTICLE 14

### Decision  and  Surrender

1.- The requested Party shall promptly communicate to the requesting Party its decision on the request for extradition.

2.- In the case of complete or partial rejection of a request for extradition, the requested Party shall give the reasons on which it was based.

12

3.- If the extradition is granted, the surrender of the person sought shall take place within such time as may be prescribed by the laws of the requested Party. The competent authorities of the Contracting Parties shall agree on the date and place of the surrender of the person sought.

4.- If the competent authority has issued the warrant or order for the extradition of the person sought and he is not removed from the territory of the requested Party within the prescribed period, he shall be set at liberty and the requested Party may subsequently refuse to extradite him for the same offense.

### ARTICLE 15

#### Delayed Surrender

The requested Party, after granting the extradition, may defer the surrender of the person sought when that person is being proceeded against or is serving a sentence in the territory of the requested Party for a different offense, until the conclusion of the proceeding or the full execution of the punishment that has been imposed.

### ARTICLE 16

#### Requests for extradition made by Third States

The requested Party, in the case of receiving requests from the other Contracting Party and from one or more third States for the extradition of the same person, be it for the same offense or for different offenses, shall decide to which requesting State it shall grant the ex

13

tradition of that person.

## ARTICLE 17

### Rule of Speciality

1.- A person extradited under the present Treaty shall not be detained, tried or punished in the territory of the requesting Party for an offense other than that for which extradition has been granted nor be extradited by that Party to a third State unless:

> a) He has left the territory of the requesting Party after his extradition and has voluntarily returned to it;
>
> b) He has not left the territory of the requesting Party within 60 days after being free to do so; or
>
> c) The requested Party has given its consent to his detention, trial, punishment or extradition to a third State for an offense other than that for which the extradition was granted.

These stipulations shall not apply to offenses committed after the extradition.

2.- If, in the course of the procedure, the classification of the offense is changed for which the person requested was extradited, he shall be tried and sentenced on the condition that the offense, in its new legal form:

> a) Is based on the same group of facts established in the request for extradition and in the documents presented in its support; and

14

b) is punishable with the same maximum sentence as the crime for which he was extradited or with a lesser sentence.

## ARTICLE 18

### Summary Extradition

If the person sought informs the competent authorities of the requested Party that he agrees to be extradited, that Party may grant his extradition without further proceedings, and shall take all measures permitted under its laws to expedite the extradition. In such cases Article 17 shall not be applicable.

## ARTICLE 19

### Surrender of Property

1.- To the extent permitted under the law of the requested Party and subject to the rights of third parties, which shall be duly respected, all articles, instruments, objects of value or documents relating to the offense, whether or not used for its execution, or which in any other manner may be material evidence for the prosecution, shall be surrendered upon the granting of the extradition even when extradition cannot be effected due to the death, disappearance, or escape of the accused.

2.- The requested Party may condition the surrender of articles upon a satisfactory assurance from the requesting Party that the articles will be returned to the requested Party as soon as possible.

**TIAS 9656**

15

## ARTICLE 20

### Transit

1.- The right to transport through the territory of one of the Contracting Parties a person who is not a national of that Contracting Party surrendered to the other Contracting Party by a third State shall be granted on presentation made through the diplomatic channel of a certified copy of the decision on extradition, provided that reasons of public order are not opposed to the transit.

2.- The authorities of the transit State shall be in charge of the custody of the extradited person while that person is in its territory.

3.- The Party to which the person has been extradited shall re-imburse the State through whose territory such person is transported for any expenses incurred by the latter in connection with such transporta-tion.

## ARTICLE 21

### Expenses

The requested Party shall bear the expenses of the arrangements referred to in Article 13, with the exception that the expenses incurred for the translation of documents and, if applicable, for the transporta-tion of the person ordered extradited shall be paid by the requesting Par ty.

## ARTICLE 22

### Scope of Application

1.- This Treaty shall apply to offenses specified in Article 2 com

16

mitted before and after this Treaty enters into force.

2.- Requests for extradition that are under process on the date of the entry into force of this Treaty, shall be resolved in accordance with the provisions of the Treaty of 22 February, 1899,[1] and the Additional Conventions on Extradition of 25 June 1902,[2] 23 December 1925,[3] and 16 August 1939.[4]

### ARTICLE 23

#### Ratification, Entry into Force, Denunciation

1.- This Treaty shall be subject to ratification; the exchange of instruments of ratification shall take place in Washington as soon as possible.

2.- This Treaty shall enter into force on the date of exchange of the instruments of ratification.

3.- On entry into force of this Treaty, the Treaty of Extradition of 22 February 1899 and the Additional Conventions on Extradition of 25 June 1902, 23 December 1925 and 16 August 1939 between the United States of America and the United Mexican States, shall cease to have effect without prejudice to the provisions of Article 22.

4.- Either Contracting Party may terminate this Treaty by giving notice to the other Party. The termination shall take effect six months after the receipt of such notice.

---

[1] TS 242 ; 31 Stat. 1818.
[2] TS 421 ; 9 Bevans 918.
[3] TS 741 ; 44 Stat. 2409.
[4] TS 967 : 55 Stat. 1133.

TIAS 9656

17

Done in two originals, in the English and Spanish languages, both equally authentic, at Mexico City this fourth day of May, one thousand nine hundred seventy-eight.

[1]

For the Government of the
United States of America

[2]

For the Government of the
United Mexican States

---

[1] **Cyrus Vance.**
[2] **S. Roel.**

**TIAS 9656**

18

## APPENDIX

1. Murder or manslaughter; abortion.

2. Malicious wounding or injury.

3. Abandonment of minors or other dependents when there is danger of injury or death.

4. Kidnapping; child stealing; abduction; false imprisonment.

5. Rape; statutory rape; indecent assault; corruption of minors, including unlawful sexual acts with or upon children under the age of consent.

6. Procuration; promoting or facilitating prostitution.

7. Robbery; burglary; larceny.

8. Fraud.

9. Embezzlement.

10. An offense against the laws relating to counterfeiting and forgery.

11. Extortion.

12. Receiving or transporting any money, valuable securities, or other property knowing the same to have been unlawfully obtained.

13. Arson; malicious injury to property.

14. Offenses against the laws relating to the traffic in, possession, production, manufacture, importation or exportation of dangerous drugs and chemicals, including narcotic drugs, cannabis, psychotropic drugs, opium, cocaine, or their derivatives.

15. Offenses against the laws relating to the control of poisonous chemicals or substances injurious to health.

**TIAS 9656**

19

16. Piracy.

17. Offenses against the safety of means of transportation includ
ing any act that would endanger a person in a means of
transportation.

18. An offense relating to unlawful seizure or exercise of control
of trains, aircraft, vessels, or other means of transportation.

19. Offenses against the laws relating to prohibited weapons, and
the control of firearms, ammunition, explosives, incendiary
devices or nuclear materials.

20. An offense against the laws relating to international trade and
transfers of funds or valuable metals.

21. An offense against the laws relating to the importation, expor
tation, or international transit of goods, articles, or merchan
dise, including historical or archeological items.

22. Violations of the customs laws.

23. Offenses against the laws relating to the control of companies,
banking institutions, or other corporations.

24. Offenses against the laws relating to the sale of securities, in
cluding stocks, bonds and instruments of credit.

25. Offenses against the laws relating to bankruptcy or rehabilita-
tion of a corporation.

26. Offenses against the laws relating to prohibition of monopoly
or unfair transactions.

27. Offenses against the laws relating to protection of industrial
property or copyright.

28. Offenses against the laws relating to abuse of official authority.

29. Bribery, including soliciting, offering and accepting bribes.

30. Perjury; false statments to any governmental authority. Sub ornation of perjury or false statements.

31. Offenses against the laws relating to obstruction of justice, including harboring criminals and suppressing evidence.

OF ... STATE

2005 MAR 18 P 3: 40                    **01738**

Washington, D.C., a 16 de marzo de 2005

Señora Secretaria:

En nombre de mi Gobierno, tengo a honra referirme al Tratado de Extradición suscrito entre los Estados Unidos Mexicanos y los Estados Unidos de América, así como a la solicitud de detención provisional con fines de extradición internacional número 09437 del 8 de noviembre de 2004, respecto a **MARIA DEL ROSARIO MORENO VAZQUEZ** a quien las autoridades reclaman por su probable responsabilidad en la comisión del delito de **TRAFICO DE MENORES**, ilícito del cual resultó orden de aprehensión en contra de la reclamada, según la causa penal número 72/2004, dictada por el Juez Séptimo de Distrito en el Estado de México, con residencia en Naucalpan de Juárez.

Sobre el particular, en nombre de mi Gobierno, me dirijo a usted para **FORMALIZAR** ante el Gobierno de Vuestra Excelencia, con base en el Artículo 2, y en particular, con fundamento en el Artículo 10 del citado Tratado, la solicitud de extradición de la señora **MARIA DEL ROSARIO MORENO VAZQUEZ.**

La Unidad Especializada en Investigación de Tráfico de Menores, Indocumentados y Organos de la Procuraduría General de la República, tiene conocimiento que **MARIA DEL ROSARIO MORENO VAZQUEZ y los menores** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ se encuentran localizados en la Ciudad de Salem, Alabama ▮▮▮▮▮▮▮▮▮▮▮ Se teme que la reclamada se traslade a otro sitio y no se le pueda localizar.

(ORDEN DE APREHENSION...)

**A la Excelentísima Señora**
**Condoleezza Rice**
**Secretaria de Estado**
**Washington, D.C.**

**ORDEN DE APREHENSION**

El 27 de septiembre de 2004, el Juez Séptimo de Distrito en el Estado de México, con residencia en Naucalpan de Juárez, libró orden de aprehensión en contra de **MARIA DEL ROSARIO MORENO VAZQUEZ,** dentro de la causa penal 72/2004, por su probable responsabilidad en la comisión del delito de tráfico de menores, ilícito previsto y sancionado en el artículo 366 Quáter, fracción II, párrafo segundo, en concordancia con el artículo 366 Ter, fracción III, ambos del Código Penal Federal, preceptos legales que a continuación se transcriben:

> **Art. 366 Ter.-** Comete el delito de tráfico de menores, quien traslade a un menor de dieciséis años de edad o lo entregue a un tercero, de manera ilícita, fuera del territorio nacional, con el propósito de obtener un beneficio económico indebido por el traslado o la entrega del menor.
>
> **fracción III.-** La persona o personas que reciban al menor.
>
> A quienes cometan el delito a que se refiere el presente artículo se les impondrá una pena de tres a diez años de prisión y de cuatrocientos a mil días multa.
>
> **Art. 366 Quáter.-** Las penas a que se refiere el artículo anterior se reducirán en una mitad cuando:
>
> **fracción II.-** La persona que reciba al menor tenga el propósito de incorporarlo a su núcleo familiar.
>
> **párrafo segundo.-** Se impondrán las penas que establece este artículo al padre o madre de un menor de 16 (dieciseis) años que de manera ilícita o sin el consentimiento de quien o de quienes ejercen la patria potestad o la custodia del menor, sin el propósito de obtener un lucro indebido, lo trasladen fuera del territorio nacional con el fin de cambiar su residencia habitual o impedir a la madre o padre, según sea el caso, convivir con el menor o visitarlo.



La conducta que se le atribuye a la reclamada, por la que se libró orden de aprehensión en su contra, se encuentra prevista por el artículo 2 numeral 3 del Tratado de Extradición entre los Estados Unidos Mexicanos y los Estados Unidos de América, independientemente de que tanto en la legislación estadounidense como en la mexicana, la conducta en cuestión es punible con pena privativa de libertad cuyo máximo no es menor de un año.

Los elementos constitutivos del delito que motivaron al Juez Séptimo de Distrito en el Estado de México, con residencia en Naucalpan de Juárez, a librar la orden de aprehensión en contra de **MARIA DEL ROSARIO MORENO VAZQUEZ**, tienen como base los siguientes:

### H E C H O S

**MARIA DEL ROSARIO MORENO VAZQUEZ** estuvo casada con José Fernando Castillo Tapia, con quien procreó dentro del matrimonio al menor Luis Fernando Castillo Moreno y posteriormente, ya divorciados a la menor María de Fátima Castillo Moreno, los cuales cuentan actualmente con las edades de 15 (quince) y 10 (diez) años, respectivamente.

**MARIA DEL ROSARIO MORENO VAZQUEZ** y José Fernando Castillo Tapia, convinieron judicialmente en que ambos ejercerían la patria potestad y la custodia la tendría la madre de los menores **MARIA DEL ROSARIO MORENO VAZQUEZ**, teniendo José Fernando Castillo Tapia el derecho de convivir y visitar a los menores.

No obstante lo anterior, dicho convenio fue incumplido por **MARIA DEL ROSARIO MORENO VAZQUEZ**, toda vez que el 28 de febrero de 2004, al acudir José Fernando Castillo Tapia, a visitar a su menores hijos en el domicilio ███████████ ████████████████████████████ Naucalpan, Estado de México, código postal 53120; lugar en donde vivían con su madre y no encontrarlos, le preguntó a su exsuegra María Elena Vázquez Saucedo por ellos, quien le manifestó que no se encontraban, que se fueron con su mamá, sin decirle a donde, entregándole únicamente una carta de su hija **MARIA DEL ROSARIO MORENO VAZQUEZ**, en la cual le decía que había sustraído a sus menores hijos de ese domicilio para salir de la ciudad, sin mencionar el destino.



Consecuentemente, José Fernando Castillo Tapia comenzó a investigar con compañeros de la escuela de sus hijos sobre el paradero de estos, logrando saber y establecer que salieron del país, hacia los Estados Unidos de América, sin su autorización

ni consentimiento, con pasaportes para cuyo trámite falsificaron su firma y huellas digitales. Es preciso señalar que las huellas dactilares que aparecen en el formato OP-7, que contiene el permiso que otorga el padre o tutor de los menores ▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ corresponden a Artemio Barrera Hernández y no a José Fernando Castillo Tapia.

De investigaciones se conoció y acreditó que **MARIA DEL ROSARIO MORENO VAZQUEZ** y los menores ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ rribaron a la ciudad de Atlanta, Georgia, el 27 de febrero de 2004, en el vuelo 636 de la Línea Aérea Aeroméxico.

De conformidad con lo dispuesto por los artículos 3 y 10 del Tratado de Extradición entre los Estados Unidos Mexicanos y los Estados Unidos de América, se ofrecen y acompañan las siguientes:

### PRUEBAS

1. Oficio No. SIEDO/2216/04 del 19 de julio de 2004, suscrito por el Agente del Ministerio Público de la Federación, Lic. Martín Marín Colín, mediante el cual ejercita acción penal en contra de **MARIA DEL ROSARIO MORENO VAZQUEZ.**

2. Denuncia por comparecencia de Fernando Castillo Tapia, del 22 de marzo de 2004, ante el Agente del Ministerio Público de la Federación, Lic. Martín Marín Colín.

3. Acuerdo de inicio de Averiguación Previa del 22 de marzo de 2004, suscrito por el Agente del Ministerio Público de la Federación, Lic. Martín Marín Colín.

4. Demanda incidental de cambio de custodia de los menores ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ promovida por José Fernando Castillo Tapia en contra de **MARIA DEL ROSARIO MORENO VAZQUEZ,** ante el Juez Décimo de lo Familiar en el Distrito Federal, dentro del expediente 785/91.

5. Escrito sin fecha ni nomenclatura de referencia, suscrito por Rosario dirigido a Fernando.

6. Convenio sobre patria potestad y custodia del menor de edad Luis Fernando Castillo Moreno, que celebraron José Fernando Castillo Tapia y **MARIA DEL ROSARIO MORENO VAZQUEZ,** el 1º de octubre de 1991.

7. Escrito del 16 de marzo de 2004, suscrito por la Profra. Ana Cecilia Esquivel Hernández, Directora del Colegio La Salle Bulevares.

8. Sentencia Definitiva del 29 de enero de 1992, dictada por el Juez Décimo de lo Familiar en el Distrito Federal, dentro del expediente 785/91.

9. Acta de nacimiento de █████████████████████

10. Acta de nacimiento de █████████████████████

11. Dos fotografías de █████████████████

12. Fotografía de ████████████████████████

13. Tres fotografías de ██████████████████

14. Fotografía de **MARIA DEL ROSARIO MORENO VAZQUEZ.**

15. Credencial con fotografía expedida por la Universidad Nacional Autónoma de México a favor de José Fernando Castillo Tapia.

16. Oficio No. UEITMIO/162/04 del 29 de marzo de 2004, suscrito por el Agente del Ministerio Público de la Federación, Lic. Martín Marín Colín, mediante el cual ordena a María Elena Vázquez Saucedo comparecer a declarar.

17. Oficio No. UEITMIO/163/04 del 29 de marzo de 2004, suscrito por el Agente del Ministerio Público de la Federación, Lic. Martín Marín Colín, mediante el cual solicita información al Secretario de Relaciones Exteriores.

18. Oficio No. UEITMIO/164/04 del 29 de marzo de 2004, suscrito por el Agente del Ministerio Público de la Federación, Lic. Martín Marín Colín, mediante el cual solicita información al Director de Asuntos Policiales Internacionales e Interpol.

19. Oficio No. UEITMIO/165/04 del 29 de marzo de 2004, suscrito por el Agente del Ministerio Público de la Federación, Lic. Martín Marín Colín, mediante el cual solicita información al Director Jurídico de Aerovías de México.

20. Declaración de la testigo María Elena Vázquez Saucedo el 7 de abril de 2004, ante el Agente del Ministerio Público de la Federación, Lic. Martín Marin Colín.

21. Credencial con fotografía expedida por el Instituto Nacional de la Senectud a favor de María Elena Vázquez Saucedo.

22. Constancia de recepción de documento del 14 de abril de 2004, suscrita por la Agente del Ministerio Público de la Federación, Lic. Leticia Galván Ortega.

23. Oficio No. DGAPII/3818/04/0550/04-AAH del 12 de abril de 2004, suscrito por el Agente del Ministerio Público de la Federación, Lic. Mariano Martínez García, mediante el cual remite información al Lic. Martín Marín Colín.

24. Constancia de recepción de documento del 20 de abril de 2004, suscrita por la

Agente del Ministerio Público de la Federación, Lic. Leticia Galván Ortega.

25. Formato de solicitud de pasaporte ordinario mexicano de la Secretaría de Relaciones Exteriores, con los datos de **MARIA DEL ROSARIO MORENO VAZQUEZ.**

26. Pasaporte mexicano expedido por la Secretaría de Relaciones Exteriores a favor de **MARIA DEL ROSARIO MORENO VAZQUEZ.**

27. Formato de solicitud de pasaporte ordinario mexicano (OP-5) de la Secretaría de Relaciones Exteriores, con los datos de █████████████

28. Formato de permiso que otorgan los padres o personas que ejercen la patria potestad o tutela, para la expedición de pasaporte (OP-7).

29. Pasaporte mexicano expedido por la Secretaría de Relaciones Exteriores a favor de José Fernando Castillo Tapia.

30. Formato de solicitud de pasaporte ordinario mexicano (OP-5) de la Secretaría de Relaciones Exteriores, con los datos de █████████████

31. Formato de permiso que otorgan los padres o personas que ejercen la patria potestad o tutela, para la expedición de pasaporte (OP-7).

32. Pasaporte mexicano expedido por la Secretaría de Relaciones Exteriores a favor de █████████████

33. Comparecencia de José Fernando Castillo Tapia, del 23 de abril de 2004, ante la Agente del Ministerio Público de la Federación, Lic. Leticia Galván Ortega.

34. Constancia de obtención de información vía internet.

35. Constancia de recepción de documento del 23 de abril de 2004, suscrita por el Agente del Ministerio Público de la Federación, Lic. Martín Marín Colín.

36. Escrito en hoja membretada de Business Lawyer Corporation dirigido a la Lic. Leticia Galván Ortega, Fiscal Especial de Tráfico de Menores, del 23 de abril de 2004, suscrito por Fernando Castillo Tapia.

37. Acuerdo de diligencias del 23 de abril de 2004, suscrito por la Agente del Ministerio Público de la Federación, Lic. Leticia Galván Ortega.

38. Escrito del 22 de abril de 2004 señalado con la nomenclatura AH-0458/04, suscrito por el Lic. Antonio Jáuregui Quintana, Gerente de Asuntos Contenciosos y Flota de Aerovías de México S.A. de C.V. (AEROMEXICO), dirigido a la Unidad Especializada en Investigación de Tráfico de Menores, Indocumentados y Órganos

de la Procuraduría General de la República, mediante el cual remite copia de los cupones números 139 3200281157 0, 139 3200281158 1 y 139 3200281159 2, expedidos a favor de MORENO / MARÍA, Castillo / ██████████████ ██████ utilizados en la ruta México-Atlanta, vuelo 636 del día 27 de febrero de 2004.

39. Citatorio del 27 de mayo de 2004, suscrito por el Agente del Ministerio Público de la Federación, Lic. Martín Marín Colín, mediante el cual ordena a Fernando Castillo presentarse con identificación oficial a que se le practiquen muestras de escritura y se le tomen sus huellas dactilares.

40. Constancia de práctica de pruebas periciales en grafoscopía, fotografía forense e identificación, del 2 de junio de 2004.

41. Fotografías tomadas por el perito Gonzalo Mendiola González, al pasaporte mexicano de José Fernando Castillo Tapia; al formato de solicitud de pasaporte ordinario mexicano (OP-5) de la Secretaría de Relaciones Exteriores, con los datos de ████████████████; al formato de permiso que otorgan los padres o personas que ejercen la patria potestad o tutela, para la expedición de pasaporte (OP-7) de ████████████████ al formato de solicitud de pasaporte ordinario mexicano (OP-5) de la Secretaría de Relaciones Exteriores, con los datos de ████████████████, y al formato de permiso que otorgan los padres o personas que ejercen la patria potestad o tutela, para la expedición de pasaporte (OP-7) de ████████████████.

42. Constancia de recepción de documento del 14 de junio de 2004, suscrita por el Agente del Ministerio Público de la Federación, Lic. Martín Marín Colín.

43. Dictamen en materia de identificación (dactiloscopía), del 10 de junio de 2004, emitido por los peritos Praxedis Irma García Guerrero y Rosa Flores Vázquez.

44. Reproducción fotográfica anverso y reverso de la forma OP-7 a nombre de ██████ ████████████

45. Reproducción fotográfica anverso y reverso de la forma OP-7 a nombre de ██████ ████████████



46. Reproducción fotográfica de la ficha decadactilar a nombre de Barrera Hernández Artemio.

47. Huellas dactilares y media filiación de José Fernando Castillo Tapia.

**48.** Amplificación de huellas dactilares de Barrera Hernández Artemio con señalización de puntos característicos.

**49.** Amplificación de impresión dactilar de las formas OP-7, a nombre de  con señalización de puntos característicos.

**50.** Constancia de recepción de documento del 17 de junio de 2004, suscrita por el Agente del Ministerio Público de la Federación, Lic. Martín Marín Colín.

**51.** Dictamen en materia de grafoscopía del 15 de junio de 2004, emitido por el perito Aldo Crisanto Molina.

**52.** Acuerdo de consignación del 19 de julio de 2004, emitido por el Agente del Ministerio Público de la Federación, Lic. Martín Marín Colín, mediante el cual ejercita acción penal en contra de **MARIA DEL ROSARIO MORENO VAZQUEZ,** por el delito de **TRAFICO DE MENORES.**

**53.** Resolución del 3 de agosto de 2004 emitida por el Juez Tercero de Distrito de Procesos Penales Federales en el Distrito Federal, mediante la cual se declara incompetente por razón de territorio para resolver sobre la procedencia de la orden de aprehensión solicitada por el Agente del Ministerio Público de la Federación en contra de **MARIA DEL ROSARIO MORENO VAZQUEZ,** por el delito de **TRAFICO DE MENORES.**

**54.** Oficio número 7136 del 9 de agosto de 2004, suscrito por el Juez Tercero de Distrito de Procesos Penales Federales en el Distrito Federal, mediante el cual remite al Juez de Distrito en turno en el Estado de México, con residencia en Naucalpan de Juárez, original y duplicado de la causa penal 108/2004-III, en virtud de la declinatoria de competencia por razón de territorio.

**55.** Resolución del 26 de agosto de 2004 emitida por el Juez Séptimo de Distrito en el Estado de México, mediante la cual acepta la competencia por declinatoria que le confiere el Juez Tercero de Distrito de Procesos Penales Federales en el Distrito Federal, por los hechos consignados por el Ministerio Público de la Federación, en contra de **MARIA DEL ROSARIO MORENO VAZQUEZ, por su probable responsabilidad en la comisión del delito de TRAFICO DE MENORES.**

**56.** Orden de aprehensión librada el 27 de septiembre de 2004, por el Juez Séptimo de Distrito en el Estado de México, en contra de **MARIA DEL ROSARIO MORENO**



**VAZQUEZ,** por su probable responsabilidad en la comisión del delito de **TRAFICO DE MENORES.**

57. Acuerdo del 19 de enero de 2005, emitido por el Secretario del Juzgado Séptimo de Distrito en el Estado de México, mediante el cual concluye que el ejercicio de la acción penal que se ejercita en contra de **MARIA DEL ROSARIO MORENO VAZQUEZ,** por su probable responsabilidad en la comisión del delito de **TRÁFICO DE MENORES,** prescribe el 27 de abril de 2011.

58. Textos de las disposiciones legales del Código Penal Federal, relativas al delito de **TRAFICO DE MENORES,** en las que se establece el tipo penal, las penas aplicables y la prescripción del ejercicio de la acción penal.

Los elementos de prueba antes relacionados, así como las disposiciones legales y constancias procesales aludidas, se acompañan al presente escrito con su correspondiente traducción al idioma inglés, en cumplimiento a lo establecido en los numerales 5 y 6 inciso b) del artículo 10 del Tratado de Extradición entre los Estados Unidos Mexicanos y los Estados Unidos de América.

**MEDIA FILIACION**

De conformidad con lo establecido en el artículo 10 numeral 2 inciso e) del Tratado de Extradición entre los Estados Unidos Mexicanos y los Estados Unidos de América, que fundamenta la presente solicitud, a continuación se proporcionan los datos que se han logrado obtener de la media filiación de la reclamada:

| | |
|---|---|
| Nombre | **MARIA DEL ROSARIO MORENO VAZQUEZ** |
| Nombre del padre | **Enrique Moreno Rubiales** |
| Nombre de la madre | **María Elena Vázquez Saucedo** |
| Lugar de nacimiento | **México, Distrito Federal** |
| Fecha de nacimiento | ███████ 1961 |
| Edad | **43 años** |
| Tez | **Blanca** |
| Cabello | **Castaño obscuro** |
| Ojos | **Café claro** |



Con fundamento en el artículo 19 del Tratado de Extradición entre los Estados Unidos Mexicanos y los Estados Unidos de América, el gobierno de México reitera su

solicitud de aseguramiento y entrega de los artículos, instrumentos, objetos de valor o documentos relacionados con el delito, aún cuando no hayan sido utilizados para su ejecución o que de cualquier manera puedan servir de prueba en el proceso instruido en su contra, que se encuentren en posesión de la reclamada **MARIA DEL ROSARIO MORENO VAZQUEZ** al momento de su detención o sean detectados posteriormente.

Por lo anterior, en un volumen debidamente legalizado, acompañados de su traducción al inglés, me permito adjuntar los documentos  que indican el delito que se imputa al reclamado, los elementos que constituyen aquél, lugar, tiempo y circunstancias de ejecución, así como los datos que arrojan los procedimientos penales por las autoridades mexicanas para comprobar el cuerpo del delito y hacer probable la responsabilidad de **MARIA DEL ROSARIO MORENO VAZQUEZ**, incluyendo la resolución que ordena su aprehensión, mismos que presento como verídicos que son ante Vuestra Excelencia.

Por lo arriba señalado Señora Secretaria, al encontrarse la petición que hago dentro de los supuestos descritos por el Tratado de Extradición vigente entre nuestros dos países, al tiempo que, en mi opinión, se satisfacen tanto los procedimientos internos del Estado mexicano como los requisitos del Tratado invocado para dar curso a esta solicitud de **EXTRADICION**, ruego a Vuestra Excelencia su amable intervención para obtener de las autoridades estadounidenses competentes, incluso de las judiciales, la extradición de los Estados Unidos de América a México de la señora **MARIA DEL ROSARIO MORENO VAZQUEZ**.

Al agradecer a Vuestra Excelencia anticipadamente su valiosa cooperación en la extradición solicitada, hago propicia la ocasión para renovarle las seguridades de mi más alta y distinguida consideración.





Carlos de Icaza
Embajador

(Form No. 36 – Foreign Service)

# Certificate to be Attached to Documentary Evidence Accompanying Requisitions in the United States for Extradition

## AMERICAN FOREIGN SERVICE

Mexico, D.F., Mexico , June 14th , 2005.

I, Robyn M. Bishop, Minister Counselor for Consular Affairs of the United States of America at Mexico, D.F., Mexico hereby certify that the annexed papers, being supporting documentation proposed to be used upon an application for the extradition from the United States of **Maria del Rosario Moreno Vazquez,** charged with the crime of **Child Trafficking** alleged to have been committed in the United Mexican States, are properly and legally authenticated so as to entitled them to be received in evidence for similar purposes by the tribunals of the United Mexican States, as required by the Act of Congress of August 3, 1882.

In witness whereof I hereunto sign my name and cause my seal of office to be affixed this 14th day of June, 2005.

Robyn M. Bishop

Minister Counselor for Consular Affairs of the United States of America.

| UNITED MEXICAN STATES | ) | |
|---|---|---|
| FEDERAL DISTRICT | ) | |
| CITY OF MEXICO | ) | SS: |
| EMBASSY OF THE UNITED STATES | ) | |
| OF AMERICA | ) | |

Before me, _____LOURDES M. LAMELA_____, Consul of
_____VICE CONSUL_____
the United States of America at Mexico, D. F., Mexico, duly commissioned and qualified,
personally appeared _Ubriana Yunun Herrera Carrola_
who, being duly sworn deposes and says as follows:

1. My name is _Ubriana Yunun Herrera Carrola_.
   and I reside at _Mexico City_

2. I have been familiar with the English and _Spanish_
   languages for the past ___15___ years, I made the annexed translation from
   ____Spanish____ to English. The said translation is to the best of my
   knowledge and belief a true and exact translation of the original document.

And further deponent saith not.

Subscribed and sworn to before me this _____ day of ___JUN 1 4 2005___ 2____.

_____
Consul of the United States
of America

LOURDES M. LAMELA
VICE CONSUL

UNITED MEXICAN STATES )
FEDERAL DISTRICT )
CITY OF MEXICO ) **ss:**
EMBASSY OF THE UNITED )
STATES OF AMERICA )

I, _____ LOURDES M. LAMELA _____ Consul of the United States of
                    VICE CONSUL
America, duly commissioned and qualified, certify that the signature and official seal of:

## MYRNA GRANADOS HERNANDEZ
(Name of Foreign Official)

an official empowered to act in the capacity designated in the annexed document, to
which faith and credit are due, are true and correct.

For the contents of the annexed document I assume no responsibility.

_____
(Signature of Consular Officer)

LOURDES M. LAMELA
VICE CONSUL
_____
(Type Name of Consular Officer)

**JUN 1 4** 2005
_____
(Date)

PROCURIA GENERAL
DE LA
REPUBLICA

## CERTIFIED COPIES

## FILE 1432/2003

## JUDGMENT. NON LITIGIOUS JUDICIAL PROCEEDING, AUTHORIZATION FOR LEAVING THE COUNTRY

## PLAINTIFF. MARIA DEL ROSARIO MORENO VAZQUEZ



URADURIA GENERAL
DE LA
REPUBLICA

**FINAL JUDGMENT. TLALNEPANTLA, MEXICO ON JANUARY 30, 2004.**

HAVING REVIEWED the records for pronouncing a decision in the file number **1432/2003** relating to the NON LITIGIOUS JUDICIAL PROCEDURE ABOUT **THE JUDICIAL AUTHORIZATION FOR LEAVING THE COUNTRY** filed by **MARIA DEL ROSARIO MORENO VAZQUEZ**; and

## FINDINGS

**1.** Through document submitted on November 21, 2003 appeared before this Court **MARIA DEL ROSARIO MORENO VAZQUEZ** on her own right, and on behalf of her minor children **LUIS FERNANDO CASTILLO MORENO** and **MARIA DE FATIMA CASTILLO MORENO**, requesting in the NON LITIGIOUS PROCEDURE the Judicial Authorization so that her children leave the country temporarily.

**2.** Through decision dated November 24, 2003, the proceedings were carried out ordering to inform the assigned Public Prosecutor so that he stated whatever he may deem convenient according to his interest and it was fixed as well a date for the offered testimonial evidence *Information* which took place on December 11, 2003 and since there wasn't any opposition by the Public Prosecutor, it was ordered to submit the records to the undersigned so that she pronounced a decision according to the law.

## WHEREAS

**I.** With certified copies of the civil status certificates that are on pages seven and eight, having full weight of evidence pursuant to Article 1.359 of the effective Code of Civil Procedure, it is proven the existing link between the petitioner **MARIA DEL ROSARIO MORENO VAZQUEZ** and her children  and that up to this date they are under age.

**II.** However, in the initial document the petitioner asserted under oath to state the truth that on May 11, 1985 he married **JOSE FERNANDO CASTILLO TAPIA** before the State Registrar of Vital Statistics number 20 of the Federal District, but said marriage was annulled through decision dated January 29, 1992 pronounced in the voluntary divorce proceeding under file number 785/91 by the Tenth Family Judge of the Federal District, decision that was registered on September 03 of the year in progress. From said marriage they had two children

. In the decision pronounced in the voluntary divorce proceeding filed by the petitioner and **JOSE FERNANDO CASTILLO TAPIA** on January 29, 1992, which was declared final and conclusive on March 11, 1992 by the Tenth Family Judge of the Federal District under file number 785/91 it was annulled the marriage and in the second ruling it was approved the agreement exhibited in each and every part, in which she and her former husband agreed that she would have the custody of the minors as it is proven with the certified copy of the divorce certificate that is attached hereto. Under oath to state

the truth she stated to be living with her children ███████████████

██████████ in the Municipality of Tlalnepantla de Baz, Estado de Mexico, she also stated that due to the fact that she and her children's father got divorced she totally ignored **JOSE FERNANDO CASTILLO TAPIA's** whereabouts, since he hasn't looked for the minors for going out with them or just knowing how they are. She also stated that from December 1995 approximately she didn't know anything about the minors' father's domicile, assertion that can be absolutely proven by **JORGE ALBERTO PENICHE MONJE** who lives at ██████████████████

██████████████████████, Naucalpan de Juarez, Estado de Mexico, **FERNANDO AGUILAR ARREDONDO** who lives ███████████

████████████████████████ Municipality of Villa Nicolas Romero, Estado de Mexico and **GRISSEL GARCIA YBARRA** who lives at ████████████████████████

██████ Municipality of Atizapan de Zaragoza, Estado de Mexico and to whom she promised to turn in on the day and hour fixed by the Authorities so that said testimony takes place. So, it was the case that the petitioner wanted to travel to the United States of America with her minor children so she went to the Ministry of Foreign Affairs to apply for her minor children's passports and she was told that it wasn't enough her consent for obtaining the minors' passports and they could leave the country, since it is required the father's consent or the Judge's authorization; she said under oath to state to truth that the reason why she wanted to travel to the United States of America with her minor children was for going on vacation as a reward for their grades and since she couldn't obtained the father's consent she requested the authorization for taking her children to ORLANDO FLORIDA and

ATLANTA GEORGIA in the United States of America during the months of December and January.

In order to prove her statements the petitioner offered as evidentiary elements the documents consisting of the certified copies of her minor children's birth certificates as well as her marriage certificate, documents that have full weight of evidence under Article 1.359 of the effective Code of Civil Procedure, but that only prove the assertions made on them. The petitioner also offered **JORGE ALBERTO PENICHE MONJE, FERNANDA AGUILAR ARREDONDO** and **GRISSEL GARCIA IBARRA**'s testimonies but only the last mentioned person appeared, so her assertions in regards to the fact that she ignored the minors' father's whereabouts and that they were going to the place she mentioned are not corroborated with any evidentiary elements; combined with the fact that said witness has no value because she doesn't meet the singular witness requirements, and with the fact that due to minors' age it is assumed that they go to school and it wouldn't be advisable to their interests that they went on vacation in January since it is school time in most of the schools in our country and the petitioner didn't exhibit any conviction elements that proved that she had the authorization of the minors' schools.

Therefore, it is unlawful the Judicial Authorization so that the minors

leave the country.

So, based on the above which is duly presented and grounded under Articles 1.14 of the effective Civil Code, 1.42 (VIII), 1.93, 1.94, 3.1, 3.2 and 3.3 of the effective Code of Civil Procedure, it is so

**DECIDED**

**FIRST.** The proceedings of the NON LITIGIOUS PROCEDURE about the Judicial Authorization for leaving the country are unlawful, which were filed by **MARIA DEL ROSARIO MORENO VAZQUEZ**, in which it wasn't proven the assertions made by the petitioner, therefore;

**SECOND.** The minors ███████████████████████████████ ████████████████████████ are not authorized to leave the country for the reasons already mentioned.

**NOTIFY IT IN PERSON.**

SO IT WAS DECIDED AND SIGNED BY **GUADALUPE ADRIANA CRUZ LARA**, FIRST FAMILY JUDGE OF THE JUDICIAL DISTRICT OF TLALNEPANTLA, ESTADO DE MEXICO, WHO ACTS LEGALLY WITH COURT CLERK WHO AUTHORIZES AND ATTESTS.

[SIGNED]                    [SIGNED]

**THE JUDGE**              **THE COURT CLERK**

FORMA CG-1A

JURIA GENERAL
DE LA
REPUBLICA

NOTICE. In Tlalnepantla, Mexico being the nine hours on February 03, 2004 I, the undersigned (illegible) First Family Trial Court of the Judicial District of Tlalnepantla, Mexico NOTIFY: the judgment (illegible) to the Parties through the list (illegible) 5267 on this same date based on Article (illegible) of the effective Code of Civil Procedure in the Estado de Mexico. I ATTEST.

This notice becomes effective for the parties.
I ATTEST.

PROCESS SERVER
[SIGNED]

MADURIA GENERA
DE LA
REPUBLICA

CERTIFICATION. MARIA TERESA GARCIA GOMEZ, SECOND COURT CLERK OF THE FIRST FAMILY COURT OF TLALNEPANTLA, ESTADO DE MEXICO

### CERTIFIES

THAT THESE PHOTOCOPIES CONSISTING OF FOUR PAGES OF TEXT ARE TRUE AND CORRECT COPIES TALLYING IN EACH AND EVERY PART WITH THE RECORDS OF THE FILE NUMBER **1432/2003**, RELATING TO THE JUDGMENT, **NON LITIGIOUS JUDICIAL PROCEEDING, AUTHORIZATION FOR LEAVING THE COUNTRY FILED BY MARIA DEL ROSARIO MORENO VAZQUEZ**, IN COMPLIANCE WITH THE RECORD DATED **APRIL 22, 2005. THESE COPIES ARE ISSUED ON MAY 11, 2005**. I ATTEST.

COURT CLERK
[SIGNED]
LIC. MARIA TERESA GARCIA GOMEZ

[SEAL: JUDICIARY
ESTADO DE MEXICO
FIRST FAMILY TRIAL COURT
TLALNEPANTLA
SECOND COURT CLERK'S OFFICE]

----In Mexico City, Federal District on June (03), two thousand five (2005)

----I, Miguel Nava Alvarado, attorney-at-law, General Director of Extraditions and Legal Assistance and Federal Public Prosecutor in the service of the Mexican Attorney General's Office, in compliance with Articles 2 and 4 (VIII) (d) of the Regulations of the Organic Law of the Mexican Attorney General's Office in the performance of the powers set forth in Article 35 (I) related to article 12 (X) of the Regulations of the Organic Law of the Mexican Attorney General's Office, legally acting along with attesting witnesses who at the end sign and attest,

### CERTIFY

----That these photocopies consisting of 6 (six) pages of text are true and correct copies tallying in each end every part with the final judgment pronounced on January 30, 2004 by the First Family Judge in Tlalnepantla, Estado de Mexico, within the file number 1432/2003 relating to the non litigious judicial proceeding, authorization for leaving the country filed by Maria del Rosario Moreno Vazquez, documentation that is in the international extradition file brought with this General Division against **MARIA DEL ROSARIO MORENO VAZQUEZ**. These documents were taken before me and compared. I attest this for the proper legal effects.

### WE ATTEST
(AN ILLEGIBLE SIGNATURE)

ATTESTING WITNESS                          ATTESTING WITNESS
(signed)                                   (signed)
Lic. Ana del Carmen Felix Medina           Lic. Gerardo Ruiz Terroba

[AT THE BOTTOM OF THE DOCUMENT A SEAL APPEARS WHICH READS: MEXICAN ATTORNEY GENERAL'S OFFICE; GENERAL DIVISION OF EXTRADITIONS AND LEGAL ASSISTANCE; UNITED MEXICAN STATES; THE MEXICAN COAT OF ARMS.]

[MINISTRY OF THE INTERIOR
GENERAL DIVISION OF
THE INTERIOR.
UNITED MEXICAN STATES
MEXICAN COAT OF ARMS]

BY DECISION OF THE SECRETARY OF THE INTERIOR, **MARIA DEL ROCIO GARFIAS AGUILAR**, HEAD OF THE LEGALIZATION PROCESS DEPARTMENT OF THE CONTROL AND FORMALIZATION DEPUTY DIVISION OF THE POLITICAL COORDINATION DIVISION WITH THE BRANCHES OF THE UNION. **CERTIFIES:** THAT MIGUEL NAVA ALVARADO, WAS GENERAL DIRECTOR OF EXTRADITIONS AND LEGAL ASSISTANCE OF THE LEGAL AND INTERNATIONAL AFFAIRS DEPUTY ATTORNEY GENERAL'S OFFICE OF THE MEXICAN ATTORNEY GENERAL'S OFFICE ON JUNE 03, 2005 AND THAT THE SIGNATURE APPEARING ON THE PRESENT DOCUMENT IS HIS OWN.

MEXICO, FEDERAL DISTRICT, ON JUNE 08, 2005.

REGISTRY No. **8337**
TAXES PAID 0.00
TAX EXEMPT                                            Sealed and signed

THIS MINISTRY DOES NOT ASSUME ANY LIABILITY
AS FOR THE CONTENTS OF THE DOCUMENT
BEING LEGALIZED.


[SEAL:
MINISTRY OF FOREIGN AFFAIRS
CONSULAR SERVICE
AUTHENTICATIONS
UNITED MEXICAN STATES
MEXICAN COAT OF ARMS]

F. 8 (Consular)

**356183**

**THE MINISTRY OF FOREIGN AFFAIRS CERTIFIES**: that MARIA DEL ROCIO GARFIAS AGUILAR WAS HEAD OF THE LEGALIZATION PROCESS DEPARTMENT OF THE CONTROL AND FORMALIZATION DEPUTY DIVISION OF THE POLITICAL COORDINATION DIVISION WITH THE BRANCHES OF THE UNION OF THE MINISTRY OF THE INTERIOR ON JUNE 08, 2005, the preceding signature is her own.

Tlatelolco, Federal District, on June 10, 2005.

By resolution of the Minister
THE DEPUTY
(signed and sealed)
**MYRNA GRANADOS HERNANDEZ**

THIS MINISTRY DOES NOT ASSUME ANY LIABILITY
AS FOR THE CONTENTS OF THE DOCUMENT
BEING LEGALIZED.

## COPIAS CERTIFICADAS



## EXPEDIENTE.- 1432/2003

PROCURADURIA GENERAL
DE LA REPUBLICA
DIRECCION GENERAL DE
EXTRADICIONES Y
ASISTENCIA JURIDICA

## JUICIO.- PROCEDIMIENTO JUDICIAL NO CONTENCIOSO, AUTORIZACIÓN PARA SALIR DEL PAÍS

## ACTOR.- MARÍA DEL ROSARIO MORENO VAZQUEZ

SENTENCIA DEFINITIVA.- TLALNEPANTLA, MÉXICO A TREINTA DE ENERO DEL AÑO DOS MIL CUATRO. - - - - - - - - - -

- - - V I S T O S, los autos para dictar sentencia en el expediente número 1432/2003, relativo al PROCEDIMIENTO JUDICIAL NO CONTENCIOSO SOBRE AUTORIZACIÓN JUDICIAL PARA SALIR DEL PAÍS, promovido por MARIA DEL ROSARIO MORENO VAZQUEZ, y;- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

- - - - - - - - - - - - R E S U L T A N D O. - - - - - - - - - - - - -

- - - 1.- Que por escrito presentado el día veintiuno de noviembre del año dos mil tres, compareció ante este Juzgado la C. MARIA DEL ROSARIO MORENO VAZQUEZ por su propio derecho, y en representación de sus menores hijos de nombres ▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, promoviendo en el JUICIO NO CONTENCIOSO, y solicitando Autorización Judicial para que sus menores hijos salgan del País temporalmente. - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

- - - 2.- Por auto de fecha veinticuatro de noviembre del dos mil tres, se admitió a trámite la presentes Diligencias, ordenándose dar vista al Agente del Ministerio Público adscrito para que manifestará lo que a su derecho conviniere, y señalándose fecha para la Información Testimonial ofrecida la que se llevo a cabo el día once de diciembre del año dos mil tres; y en virtud de que no existió oposición por

parte del Ministerio Público, se ordenó pasar los autos a la vista de la suscrita para dictar la resolución que en derecho proceda. - - - - - - -

- - - - - - - - - - | - - - - C O N S I D E R A N D O : - - - - - - - - - - - - - -

- - - I.- Con las copias certificadas de las actas de estado civil que obran a fojas siete y ocho con valor probatorio pleno en términos del artículo 1.359 del Código de procedimientos Civiles en vigor, esta probado el entroncamiento que existe entre la promovente **MARIA DEL ROSARIO MORENO VAZQUEZ**, con sus hijos ████ ████ y de que estos a la fecha cuentan con la minoría de edad.

- - II.- Ahora bien, del escrito inicial la promovente manifiesta bajo protesta de decir verdad que : En fecha once de mayo de mil novecientos ochenta y cinco, contrajo matrimonio civil con el señor **JOSE FERNANDO CASTILLO TAPIA**, ante el C. Oficial numero veinte del Registro Civil del Distrito Federal, mismo que fuera disuelto mediante sentencia de fecha veintinueve de enero de mil novecientos noventa y dos que fue dictada en el proceso de Divorcio voluntario bajo el expediente numero 785/91, por el C. Juez Décimo de lo Familiar del Distrito Federal, sentencia misma que fue registrada en fecha tres de septiembre del año en curso, de dicha unión matrimonial procrearon dos hijos de nombres ████████

respectivamente cada uno de ellos, mediante sentencia dictada en el juicio de Divorcio Voluntario promovido por la actora y el señor **JOSE FERNANDO CASTILLO TAPIA**, en fecha veintinueve de enero de mil novecientos noventa y dos, misma que causara ejecutoria en fecha once de marzo de mil novecientos noventa y dos, dictada por el C. Juez Décimo de lo Familiar de Distrito Federal, bajo el numero de expediente 785/91, queda disuelto el vinculo matrimonial asimismo resulta ser que en el resolutivo segundo de la sentencia de referencia quedo aprobado el convenio exhibido en todas y cada una de sus partes y en el que convinieron su ex cónyuge y ella que la guarda y custodia de sus menores hijos quedaba a su favor, tal y como se acredita con la copia certificada de acta de divorcio que se acompaña al presente escrito, bajo protesta de decir verdad manifiesta que el domicilio actual donde vive con sus menores hijos es el ▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮ municipio de Tlalnepantla de Baz Estado de México, manifestando que a partir de que el padre de sus menores hijos y la actora tuvieron a bien disolver el vinculo matrimonial que los unía desconoce de manera total y absoluta el paradero del señor **JOSE FERNANDO CASTILLO TAPIA**, ya que tampoco ha vuelto a buscar a sus menores hijos para convivir con ellos o saber como se encuentran, por lo que apartir del mes de diciembre de mil novecientos noventa y cinco aproximadamente la actora no tiene conocimiento de la residencia del referido padre de los menores hecho que les consta de manera fehaciente

MONJE quien tiene su domicilio en ▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Naucalpan de Juárez Estado de México, **FERNANDO AGUILAR ARREDONDO,** quien tiene su domicilio en ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Municipio de Villa Nicolás Romero Estado de México, y a la C. **GRISSEL GARCIA YBARRA,** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Municipio de Atizapan de Zaragoza Estado de México, y a quien se compromete a presentar el día y hora que señale para que tenga verificativo el desahogo de la información testimonial que se propone, es el caso que la actora desea viajar a les Estados Unidos de Norte América con sus menores hijos razón por la cual ha acudido a la Secretaria de Relaciones Exteriores para tramitar pasaporte de sus menores hijos y le han manifestado que no es suficiente el consentimiento de la actora para que los menores obtengan su pasaporte y puedan salir del país ya que se requiere del conocimiento del padre o la autorización del Juez, el motivo por el cual la actora tiene que viajar a los Estados Unidos de Norte América con sus menores hijos y bajo protesta de decir verdad es con el propósito de llevar de vacaciones a sus menores hijos como premio a sus buenas calificaciones y excelente aprovechamiento escolar y ante la imposibilidad de obtener autorización del padre de los menores es que solicita se autorice la salida del país de sus menores hijos a las ciudades de ORLANDO FLORIDA y ATLANTA GEORGIA en los Estados Unidos de Norte América durante los meses de Diciembre y Enero próximo. - - - - - - - - - - - - - - - - -

- - - Para acreditar sus manifestaciones la promoverte ofreció como medios de convicción los documentos consistentes en las copias certificadas de las actas de nacimiento de sus menores hijo, así como la de su matrimonio con el padre de dichos menores, mismos que tiene pleno valor probatorio en términos de lo que señala el artículo 1.359 del Código de Procedimientos Civiles en vigor, pero que solo acredita lo que en las misma se consigna. La actora también ofreció la testimonial a cargo de los señores: **JORGE ALBERTO PENICHE MONJE, FERNANDA AGUILAR ARREDONDO y GRISSEL GARCÍA YBARRA**, de los cuales solo presentó a la última de las mencionadas, por lo que su dicho en cuanto a no saber el paradero del progenitor de los menores y que éstos irán al lugar que menciona por el tiempo que ella indica, no se corrobora con ningún medio de convicción, aunado a que dicha testigo no tiene valor alguno en virtud de no reunir los requisitos de testigo singular. Aunado a lo anterior y dado a la edad de los menores se presume que los mismo asisten a la escuela en forma normal, por lo que no sería conveniente a los intereses de los mismos que en el mes de enero fueran a pasear, dado que es período de clases en la mayoría de los planteles educativos del país y la actora no aportó elemento alguno de convicción que acreditara que tiene el permiso correspondiente en las instituciones educativas a las que regularmente asisten. - - - - - - - - -


- - - Por lo tanto, resulta improcedente la Autorización Judicial a efecto de que los menores ████████████████████████████ y ████████████████████ salga del País. - - - - - -

- - - Por todo lo anteriormente evidenciado y con fundamento en lo que disponen los artículos 1.14 del Código Civil en vigor, 1.42 fracción VIII. 1.93, 1.94, 3.1, 3.2 y 3.3 del Código de Procedimientos Civiles vigente, es de resolverse y se - - - - - - - - - - - - - - - - - - - - - - - -

- - - - - - - - - - - - - R E S U E L V E - - - - - - - - - - - - - - - - -

- - - **PRIMERO.-** Han sido improcedentes las Diligencias de JUICIO NO CONTENCIOSO sobre Autorización Judicial para Salir del País, promovidas por **MARIA DEL ROSARIO MORENO VAZQUEZ**, en las que no se acreditaron los extremos mencionados por la actora, en consecuencia; - - - - - - - - - - - - - - - - - - - - - -

- - - **SEGUNDO.-** No se autoriza a los menores

salgan del país, para los motivos solicitados. - - - - - - - - - - - - -

- - - **NOTIFÍQUESE PERSONALMENTE.** - - - - - - - - - - - - - - - -

- - - ASÍ LO RESOLVIÓ Y FIRMA LA CIUDADANA **LICENCIADA GUADALUPE ADRIANA CRUZ LARA,** JUEZ PRIMERO DE LO FAMILIAR DEL DISTRITO JUDICIAL DE TLALNEPANTLA ESTADO DE MÉXICO QUE ACTUA EN FORMA LEGAL CON SECRETARIO DE ACUERDOS, QUIEN AUTORIZA Y DA FE. - - - - - - - - - - - - -

- - - - - - - - - - - - - - - - - DOY FE. - - - - - - - - - - - - - - -

C. JUEZ



RAZON DE NOTIFICACIÓN.- En _____ Tlalnepantla, México, siendo las _____ horas, del día _____ del mes de _____ del año dos mil _____, el suscrito Notificador del Juzgado Primero Familiar de Primera Instancia, del Distrito Judicial de Tlalnepantla, México, NOTIFIQUE _____, de fecha _____ a _____ por medio de lista y boletín judicial número _____ de esta misma fecha, de conformidad con lo establecido por el Artículo 195 del Código de Procedimientos Civiles vigente en el Estado de México. ------------------ DOY FE.-----------

**C. NOTIFICADOR**

RAZON DE NOTIFICACIÓN. En Tlalnepantla, México, siendo las *nueve* horas, del día *tres* del mes de *febrero* del año dos mil *cuatro* el suscrito Notificador del Juzgado Primero Familiar de Primera Instancia, del Distrito Judicial de Tlalnepantla, México NOTIFIQUE *la sentencia* de fecha que antecede a *las partes* por medio de Lista y Boletín Judicial número *5267* de esta misma fecha, de conformidad con lo establecido por el artículo 1.182 del Código de Procedimientos Civiles vigente en el Estado de México.------------------------------------------- DOY FE----

SURTIENDO LA PRESENTE NOTIFICACION EFECTOS DE NOTIFICACION PERSONAL PARA *LAS PARTES*     NOTIFICADOR
DOY FE

...IFICACION.- LICENCIADA MARÍA TERESA GARCÍA ...MEZ, SEGUNDO SECRETARIO DE ACUERDOS DEL JUZGADO PRIMERO DE LO FAMILIAR DE TLALNEPANTLA, ESTADO DE MÉXICO.-----------------------------

----------------C E R T I F I C A-----------------

- - - QUE LAS PRESENTES COPIAS FOTOSTÁTICAS CONCUERDAN FIELMENTE CON LAS ACTUACIONES, QUE OBRAN EN EL EXPEDIENTE NÚMERO **1432/2003**, RELATIVO AL JUICIO **PROCEDIMIENTO JUDICIAL NO CONTENCIOSO, AUTORIZACIÓN PARA SALIR DEL PAÍS, PROMOVIDO POR MARÍA DEL ROSARIO MORENO VAZQUEZ**, MISMAS QUE SE CERTIFICA CONSTANTES DE _Cuatro_ FOJAS UTILES, EN CUMPLIMIENTO AL AUTO DE FECHA **VEINTIDÓS DE ABRIL DEL AÑO DOS MIL CINCO**. SE EXPIDEN A LOS **ONCE DÍAS DEL MES DE MAYO DEL AÑO DOS MIL CINCO**. - - - - DOY FE.-- - ---

SECRETARIO DE ACUERDOS.
LIC. MARÍA TERESA GARCÍA GÓMEZ



JUZGADO PRIMERO FAMILIAR
PRIMERA INSTANCIA
TLALNEPANTLA
SEGUNDA SECRETARIA

FORMA C G - 1 A



PROCURADURIA GENERAL
DE LA
REPUBLICA

- - - - En la Ciudad de México, Distrito Federal, a los tres (3) días del mes de junio de dos mil cinco (2005), el que suscribe, licenciado en derecho Miguel Nava Alvarado, Director General de Extradiciones y Asistencia Jurídica de la Procuraduría General de la República y Agente del Ministerio Público de la Federación, de conformidad con los artículos 2 y 4 fracción VIII, inciso d) del Reglamento de la Ley Orgánica de la Procuraduría General de la República, en ejercicio de las facultades previstas en el numeral 35 fracción I en relación con el artículo 12 fracción X del propio Reglamento de la Ley Orgánica de la Procuraduría General de la República, actuando de manera legal y en compañía de testigos de asistencia que al final firman y dan fe. - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - C E R T I F I C A: - - - - - - - - - - - - - - - - - - - - - - - - - Que las presentes copias fotostáticas constantes de seis (6) fojas útiles son reproducción fiel y concuerdan en todos sus términos con la sentencia definitiva dictada el treinta (30) de enero de dos mil cuatro (2004), por el Juez Primero de lo Familiar de Tlalnepantla, Estado de México, dentro del expediente número 1432/2003, relativo al juicio procedimiento judicial no contencioso, autorización para salir del país, promovido por María del Rosario Moreno Vázquez, documentación que obra en el expediente de extradición internacional radicado en esta área en contra de **MARÍA DEL ROSARIO MORENO VÁZQUEZ**; misma que se tuvo a la vista y se hizo la compulsa correspondiente, lo que se hace constar para todos los efectos legales a que haya lugar. - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - **DAMOS FE** - - - - - - - - - - - - - - - - - - - - - - - - - -

Testigo de Asistencia

Lic. Ana del Carmen Félix Medina

Testigo de Asistencia

Lic. Gerardo Ruiz Terroba

8337

PROCURADURIA GENERAL
DE LA REPUBLICA
DIRECCION GENERAL DE
EXTRADICIONES Y
ASISTENCIA JURIDICA





**SECRETARÍA DE GOBERNACIÓN**

UNIDAD DE GOBIERNO

SECRETARIA DE GOBERNACIÓN

DAD DE GOBIERNO

POR ACUERDO DEL C. SECRETARIO DE GOBERNACIÓN, LA **C. LIC. MARÍA DEL ROCÍO GARFIAS AGUILAR**, JEFE DEL DEPARTAMENTO DE PROCESOS DE LEGALIZACIÓN DE LA SUBDIRECCIÓN DE FORMALIZACIÓN Y CONTROL DE LA DIRECCIÓN DE COORDINACIÓN POLÍTICA CON LOS PODERES DE LA UNIÓN CERTIFICA: QUE EL C. LIC. MIGUEL NAVA ALVARADO, ERA DIRECTOR GENERAL DE EXTRADICIONES Y ASISTENCIA JURÍDICA Y AGENTE DEL MINISTERIO PÚBLICO DE LA FEDERACIÓN DE LA SUBPROCURADURÍA JURÍDICA Y ASUNTOS INTERNACIONALES DE LA PROCURADURÍA GENERAL DE LA REPÚBLICA, EL DIA 03 DE JUNIO DE 2005, Y SUYA LA FIRMA QUE APARECE EN EL PRESENTE DOCUMENTO.

MÉXICO, D.F. A 08 DE JUNIO DE 2005.

REGISTRO No. 8337
DERECHOS PAGADOS $ 0.00
S/PAGO DE DERECHOS:

ESTA SECRETARÍA NO SE HACE
RESPONSABLE DEL CONTENIDO
DEL DOCUMENTO.

*LGA/GOT



**F.8**

**356183**

## LA SECRETARIA DE RELACIONES EXTERIORES CERTIFICA:

que.... *LA C. LIC. MARIA DEL ROCIO GARFIAS AGUILAR, ERA JEFE DEL* ............

*DEPARTAMENTO DE PROCESOS DE LEGALIZACION DE LA SUBDIRECCION*
...................................................
*DE FORMALIZACION Y CONTROL DE LA DIRECCION DE COORDINACION*
...................................................
*POLITICA CON LOS PODERES DE LA UNION DE LA SECRETARIA DE*
...................................................
*GOBERNACION EL DIA   08   JUNIO   2005*
y que es suya la firma que antecede.

Tlatelolco, D.F..........10.de.............**JUNIO**.....................de 2005

P.O. DEL C. SECRETARIO
El Delegado de la
Secretaría de Relaciones Exteriores



Myrna Granados Hernández

**ESTA SECRETARIA NO ASUME
RESPONSABILIDAD ALGUNA
POR EL CONTENIDO DEL
DOCUMENTO QUE SE LEGALIZA**

EXENTO DE DERECHO

(Form No. 36 – Foreign Service)

## Certificate to be Attached to Documentary Evidence Accompanying Requisitions in the United States for Extradition

---

### AMERICAN FOREIGN SERVICE

Mexico, D.F., Mexico, March 1st., 2005
(Place and date)

I, Robyn M. Bishop, Minister Counselor for Consular Affairs of

the United States of America at Mexico, D.F., Mexico

hereby certify that the annexed papers, being supporting documentation

proposed to be used upon an application for the extradition from the United States

of Maria del Rosario Moreno Vazquez , charged with

the crime of Child Trafficking

alleged to have been committed in the United Mexican States , are

properly and legally authenticated so as to entitle them to be received in evidence

for similar purposes by the tribunals of the United Mexican States

, as required by the Act of Congress of August 3, 1882.

In witness whereof I hereunto sign my name and cause my seal of office

to be affixed this 1st day of March, 2005.
(Month and year)

Robyn M. Bishop
Minister Counselor for Consular Affairs of the United States of America.



UNITED MEXICAN STATES )
FEDERAL DISTRICT )
CITY OF MEXICO ) SS:
EMBASSY OF THE UNITED STATES )
OF AMERICA )

*Elodie Santamaria*
Vice Consul

Before me, _____, Consul of
the United States of America at Mexico, D. F., Mexico, duly commissioned and qualified,
personally appeared ___ *Isaac   López   Vázquez* ___
who, being duly sworn deposes and says as follows:

1.  My name is ___ *Isaac   López   Vázquez* ___
    and I reside at ___ *Mexico  city* ___

2.  I have been familiar with the English and ___ *Spanish* ___
    languages for the past ___ *18* ___ years, I made the annexed translation from
    ___ *Spanish* ___ to English. The said translation is to the best of my
    knowledge and belief a true and exact translation of the original document.

And further deponent saith not.

Subscribed and sworn to before me this _____ day of ___ **MAR - 1 2005** ___ 2____.

_____
Consul of the United States
of America

*Elodie Santamaria*
Vice Consul



| UNITED MEXICAN STATES | ) | |
|---|---|---|
| FEDERAL DISTRICT | ) | |
| CITY OF MEXICO | ) | SS: |
| EMBASSY OF THE UNITED STATES | ) | |
| OF AMERICA | ) | |

*Elodie Santamaría*
**Vice Consul**

Before me, _____, Consul of
the United States of America at Mexico, D. F., Mexico, duly commissioned and qualified,
personally appeared *Maria Elena Luis Dorantes*
who, being duly sworn deposes and says as follows:

1. My name is *Maria Elena Luis Dorantes*
   and I reside at *Mexico - City, Mexico*

2. I have been familiar with the English and *Spanish*
   languages for the past *25* years. I made the annexed translation from
   *Spanish* to English. The said translation is to the best of my
   knowledge and belief a true and exact translation of the original document.

And further deponent saith not.

*M Luis*

Subscribed and sworn to before me this _____ day of **MAR - 1** 2005 2___.

*SSSantamaria*
Consul of the United States
of America

*Elodie Santam.*
**Vice Consu**

UNITED MEXICAN STATES   )
FEDERAL DISTRICT       )
CITY OF MEXICO          )    ss:
EMBASSY OF THE UNITED  )
STATES OF AMERICA     )

*Elodie Santamaría*
**Vice Consul**

I, _____ Consul of the United States of
America, duly commissioned and qualified, certify that the signature and official seal of:

**MYRNA GRANADOS HERNANDEZ**
(Name of Foreign Official)

an official empowered to act in the capacity designated in the annexed document, to
which faith and credit are due, are true and correct.

For the contents of the annexed document I assume no responsibility.

_____
(Signature of Consular Officer)

*Elodie Santamaría*
**Vice Consul**

_____
(Type Name of Consular Officer)

MAR - 1 2005
_____
(Date)

# EXHIBIT 1

*In the top left corner, a partially-illegible stamp with the words: Third Court ...for Federal Criminal Processing in the Federal District – 2004 JUL 19 P. 1:33   8642.*

*On the final page, besides the signature, an illegible stamp with the Great Seal of Mexico.*

**OFFICE OF THE ASSISTANT ATTORNEY GENERAL FOR SPECIALIZED
INVESTIGATION IN ORGANIZED CRIME**

> **UNIT SPECIALIZING IN THE INVESTIGATION
> OF CHILD TRAFFICKING, UNDOCUMENTED
> PERSONS AND AGENCIES.
> OFFICIAL COMMUNICATION:SIEDO/2216/04
> P.I. SIEDO/UETIMIO/0113/2004.**
>
> **Re: CONSIGNMENT OF PRELIMINARY
> INVESTIGATION WITHOUT PRISONER.**
>
> MEICO, FEDERAL DISTRICT, JULY 19, 2004

**C. DISTRICT JUDGE ON DUTY IN
FEDERAL CRIMINAL PROCESSING MATTERS
IN THE FEDERAL DISTRICT.
P R E S E N T.**

In compliance with the resolution on Consignment of the Preliminary Investigation hereinabove indicated, criminal action is hereby exercised against **MARIA DEL ROSARIO MORENO VAZQUEZ**, as presumed guilty of commissioning tha following offense by her conduct in connection with **CHILD TRAFFICKING**, an offense provided for in article 366 quarter second paragraph (hypothesis of action, transfer of child under 16 outside of national territory), and sanctioned in article 366 quarter (hypothesis of sanction), in relation with article 366 ter section III of the Federal Criminal Code: 7 , first paragraph, (hypothesis of action) section II (continual or permanent offense); 8 (hypothesis of action); 9 first paragraph (hypothesis of fraudulent action taken by one who knowingly wishes to effect the act described by law), and 13 section II (those knowingly taken), of the Federal Criminal Code, committed to the injury of the children ███████████████ ████████████ and JOSE FERNANDO CASTILLO TAPIA.

Asking that you kindly in due course issue a **Warrant for Arrest** against **MARIA DEL ROSARIO MORENO VAZQUEZ**, also according when pertinent the respective legal intervention to the Agent for the Public Ministry of the Federation attached to the court, taking a preliminary statement in the terms of Law when applicable and, based on the evidence supplied by this Federal Investigating Agency, ordering her formal imprisonment in due course in the terms requested.

Based on the foregoing, a Preliminary Investigation consisting of 176 one hundred and seventy six pages in original and duplicate is attached hereto, together with a consignment folder in original and duplicate consisting of 35 pages.

There being nothing further at present, I thank you for your attention to this matter.

**YOURS TRULY**
**EFFECTIVE SUFFRAGE, NO EELECTION**
**THE AGENT FOR THE PUBLIC MINISTRY**
**OF THE FEDERATION.**

**(illegible signature)**

**ATTORNEY MARTIN MARIN COLIN**

**EXHIBIT 2**

### DENOUNCEMENT BY APPEARANCE OF FERNANDO CASTILLO TAPIA

In the city of Mexico, Federal District, it being 11:00 eleven hours on the 22 twenty second day of March 2004 two thousand and four, Citizen JOSE FERNANDO CASTILLO TAPIA appeared before the undersigned Attorney MARTIN MARIN COLIN, Agent of the Federal Public Ministry attached to the Unit Specializing in Child Trafficking, Undocumented Persons and Agencies, who acts legally with attending witnesses who sign and attest below, and identifies himself by means of credential number 92082 issued by the university, showing that he works as a Professor at the Universidad Nacional Autónoma de Mexico (National Autonomous University of Mexico). After attesting to having seen said document, taking a certified copy of same and attaching it to file as provided by article 208 of the Federal Criminal Procedures Code., it was returned to the party appearing, there being no legal impediment thereto. The party appearing was then informed of the contents of article 127 Bis of the Federal Criminal Procedures Code, providing for him to be duly assisted by a lawyer appointed for such purpose, a right which he reserves, and the witness was then SWORN in the terms of articles 118 and 119 of the Federal Criminal Procedures Code to tell the truth in the present proceedings in which he is to intervene and warned of the penalties incurred by those who commit perjury before any authority other than judicial in the exercise of their duties as laid down in article 247, section I, of the Federal Criminal Code. He then declared that his name is as hereinabove written, that he is 45 years of age, civil status single, occupation professor, scholastic level uncompleted post-graduate, religion Catholic, with domicile at number 1 Naranjos street, Jardines de San Mateo district in Naucalpan de Juarez, State of Mexico, and, in connection with the facts, make the following:————————————————————
————————————————STATEMENT————————————————
———— That he appears voluntarily to declare as follows: I procreated with Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ my minor children ████████████████████ of 14 and 9 years of age, respectively, who lived with their mother after I divorced her under the final judgment issued by the Tenth Judge for Family Matters in the Federal District, presenting a certified photocopy of the respective hearing with respect to the living conditions of the mother of my children, and the fact is that on February 28 this year, at approximately 17:00 hours, I presented myself as was my custom to collect my children at the domicile where both Mrs. MORENO VAZQUEZ and my children lived, ████████████████████ Naucalpan, State of Mexico, ████████ and received from Mrs. MARIA ELENA VAZQUEZ SAUCEDO, mother of ROSARIO, a letter written by Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ informing me that she had taken my children from that domicile to leave the city, without mentioning their destination. In view of the foregoing, I suspected that she had moved to another country, possibly the United States of America, since Mrs. MORENO VAZQUEZ had commented to me in the month of October 2003 that she had married a North American individual whom she had met through the Internet, and asked my permission to take my children out of the country. I refused, telling her it was better that they first establish themselves as a couple and that afterwards we would agree on the permission and reciprocal visits, a situation she refused to accept, saying that she would think about it at that time, October 2003. In view of the foregoing I appeared before the Agent for the Public Ministry of Common Jurisdiction in the city of Naucalpan, State of Mexico, on February 29 this year, opening File NJ/II/816/04-02, to whom I declared what I have just stated, and also informed said authority what I now repeat, that the undersigned had neither authorized nor consented to my minor children ████████████



leaving the country, nor did I in any way authorize nor agree to their obtaining a passport from the Ministry of Foreign Affairs. I then, on March 01 this year, went to the schools where my children studied, the Colegio La Salle in the State of Mexico, where from talking with their schoolmates I found out that Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ and my minor children had left the country by air on February 27, 2004 two thousand and four, utilizing the services of the company Aeromexico, flight 636, destination Atlanta, Georgia, since my children had commented that their final destination was the city of Salem, Alabama,█████████████████████ █████████ belonging to or registered in the name of Mr. RONALD COONLEY, who is the person who Mrs. ROSARIO MORENO VAZQUEZ married. In this respect and from the information available on said person from the Internet they may have as domiciles those listed below: ███████████████████, Smiths, AL and ████████████████████Phenix City AL,██████████████, Columbus GA█████and Berrien Springs, Michigan, together with that located at█████████████Albany, NY████all in the United States of America, and that from talks I have had with my son's companions, he has contacted them through the internet and has told them that they may possibly travel outside the United States of America, without my knowing their destination nor when this trip is to take place. By reason of the foregoing I also appeared before the Tenth Court for Family Matters in the Federal District, before which I asked to be granted the custody of my minor children███████████████████████████████████████████, in the terms of the application I attach to this document, and also wish to notify that authority and declare that, in view of my doubts as to whether my children had left the country, I went to the information window of the Naucalpan Delegation of the Ministry of Foreign Affairs in the State of Mexico to find out whether any passport had been issued in their favor, and a person at that office took pity on me when I explained my problem, and told me verbally that said documents had been issued in favor of █████████████████ ████████████████████on February 27, 2004, that that office possessed legal documentation supporting my permission, and I therefore ask you to verify the foregoing since the undersigned gave no permission, either verbally or in writing nor by means of any document, and for this reason I repudiate as of now any signature or authorization contained in the files of that office. By reason of the foregoing I hereby present ordinary copies of the complaint filed before the Tenth Family Court consisting of 6 six pages, an ordinary photocopy of the denouncement of facts which I filed in the State of Mexico consisting of two pages, the page of the letter which I mentioned at the beginning of this document addressed to the undersigned bearing the name of ROSARIO, consisting of a single sheet, an ordinary photocopy of the accord which we, the undersigned and Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ, filed with respect to the voluntary divorce and referring to the custody of my minor son████████████████████████ consisting of two pages, an ordinary photocopy of a letter dated March 16, 2004, issued by an operator of Colegios La Salle, signed by the Professor ANA CECILIA ESQUIVEL HERNANDEZ, in which she mentions my minor daughter███████████████ ██████████ AN ORDINARY PHOTOCOPY OF THE DIVORCE SENTENCE DATED January 29, 1992 one thousand nine hundred and ninety two, in favor of Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ and the undersigned, issued by the Tenth Family Court for the Federal District. I also present original Birth Certificate number 4521638, in favor of my minor son ████████████████████████, issued by the Central Judge for the Civil Register in the Federal District, and original Birth Certificate number A2929095 dated March 12, 2003 two thousand and three in favor of my minor daughter██████ ████████████, issued by C. official number 02 of the Civil Register, ATTORNEY MARGARITA MARISCAL DE OLVERA of the Government of the State of Mexico. I also present three colored photocopies of my minor son █████████ █████████████████, two colored photographs of███████████████and three color

laser photographs of my minor daughter ▓▓▓▓▓▓▓▓ At this time I therefore file my formal complaint for the offense of Child Trafficking against Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ and against who or whomsoever may be responsible, to the injury of my children and myself, that being all I have to declare and, after reading my statement, I ratify same and sign in the margin in due legal verification.————————————
————————————————We attest————————————————

**(ILLEGIBLE SIGNATURE)**
**C. JOSE FERNANDO CASTILLO TAPIA**


Attending Witness                      Attending Witness
(illegible signature)                  (illegible signature)
C. HUGO GARCIA REYES              ATT. LETICIA GALVAN ORTEGA

**EXHIBIT 3**

*In the top left corner, a partially-illegible stamp containing the Great Seal of Mexico.*

**OFFICE OF THE ASSISTANT ATTORNEY GENERAL
SPECIALIZING IN ORGANIZED CRIME.**

**P.I.PGR/SIEDO/UEITMIO//013/2004**

**AGREEMENT ON FILING.**

———— In the City of Mexico, Federal District, it being 13:15 thirteen hours and fifteen minutee .on the 22 twenty second day of March 2004 two thousand and four.————————
———— Having seen the foregoing statement by means of which Mr. JOSE FERNANDO CASTILLO TAPIA declares as follows: That he appears voluntarily to declare as follows: I procreated with Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ my minor children named ███████████████████ bother having the surnames ███████████████████ respectively, who lived with their mother after I divorced her under the final judgment issued by the Tenth Judge for Family Matters in the Federal District, presenting a certified photocopy of the respective hearing with respect to the living conditions of the mother of my children, and the fact is that on February 28 this year, at approximately 17:00 hours, I presented myself as was my custom to collect my children at the domicile where both Mrs. MORENO VAZQUEZ and my children lived, located ███████████████Lomas Verdes district, Naucalpan, State of Mexico, C.P. 53120, and received from Mrs. MARIA ELENA VAZQUEZ SAUCEDO, written by Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ informing me that she had taken my children from that domicile to leave the city, without mentioning their destination. In view of the foregoing, I suspected that she had moved to another country, possibly the United States of America, since Mrs. MORENO VAZQUEZ had commented to me in the month of October 2003 that she had married a North America individual whom she had met through the Internet, and asked my permission to take my children out of the country. I refused, telling her it was better that they first establish themselves as a couple and that afterwards with pleasure we would agree on the permission and reciprocal visits, a situation she refused to accept, saying that she would think about it at that time, October 2003. In view of the foregoing I appeared before the Agent for the Public Ministry of Common Jurisdiction in the city of Naucalpan, State of Mexico, on February 29 this year, opening File NJ/II/816/04-02, to whom I declared what I have just stated, and also informed said authority what I now repeat, that the undersigned had neither authorized nor consented to my minor children ███████████████████ leaving the country, nor did I in any way authorize nor agree to their obtaining a passport from the Ministry of Foreign Affairs. I then, on March 01 this year, went to the schools where my children studied, the Colegio La Salle in the State of Mexico, where from talking with their schoolmates I found out that Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ and my minor children had left the country by air on February 27, 2004 two thousand and four, utilizing the services of the company Aeromexico, flight 636, destination Atlanta, Georgia, since my children had commented that their final destination was the city of Salem, Alabama, ███████████████████ ███████████████belonging to or registered in the name of Mr. RONALD COONLEY, who is the person who Mrs. ROSARIO MORENO VAZQUEZ married. In this respect and from the information available on said person from the Internet they may have as domiciles those listed below: █████████████████Smiths, AL and █████████████Phenix

City AL, 36870, 1055 Winston Rd., Columbus GA 31903, and Berrien Springs, Michigan, together with that located at 9 Wilkins Ave., Albany, NY 12205, all in the United States of America, and that from talks I have had with my son's companions, he has contacted them through the Internet and has told them that they may possibly travel outside the United States of America, without my knowing their destination nor when this trip is to take place. By reason of the foregoing I also appeared before the Tenth Court for Family Matters in the Federal District, before which I asked to be granted the custody of my minor children ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ the terms of the application I attach to this document, and also wish to notify that authority and declare that, in view of my doubts as to whether my children had left the country, I went to the information window of the Naucalpan Delegation of the Ministry of Foreign Affairs in the State of Mexico to find out whether any passport had been issued in their favor, and a person at that office took pity on me when I explained my problem to her, and told me verbally that said documents had been issued in favor of ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ on February 27, 2004, that that office possessed legal documentation supporting my permission, and I therefore ask you to verify the foregoing since the undersigned gave no permission, either verbally or in writing nor by means of any document, and for this reason I repudiate as of now any signature or authorization contained in the files of that office. By reason of the foregoing I hereby present ordinary copies of the complaint filed before the Tenth Family Court consisting of 6 six pages, an ordinary photocopy of the denouncement of facts which I filed in the State of Mexico consisting of two pages, the page of the letter which I mentioned at the beginning of this document addressed to the undersigned bearing the name of ROSARIO, consisting of a single sheet, an ordinary photocopy of the accord which we, the undersigned and Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ, filed with respect to the voluntary divorce and referring to the custody of my minor son ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ consisting of two pages, an ordinary photocopy of a letter dated March 16, 2004, issued by an operator of Colegios La Salle, signed by the Professor ANA CECILIA ESQUIVEL HERNANDEZ, in which she mentions my minor daughter ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮, AN ORDINARY PHOTOCOPY OF THE DIVORCE SENTENCE DATED January 29, 1992 one thousand nine hundred and ninety two, in favor of Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ and the undersigned, issued by the Tenth Family Court for the Federal District. I also present original Birth Certificate number 4521638, in favor of my minor son ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, issued by the Central Judge for the Civil Register in the Federal District, and original Birth Certificate number A2929095 dated March 12, 2003 two thousand and three in favor of my minor daughter ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ issued by C. official number 02 of the Civil Register, ATTORNEY MARGARITA MARISCAL DE OLVERA of the Government of the State of Mexico. I also present three colored photocopies of my minor son ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ two colored photographs of ▮▮▮▮▮▮▮▮▮▮▮▮ and three color laser photographs of my minor daughter ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ at this time I therefore file my formal complaint for the offense of Child Trafficking against Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ and against who or whomsoever may be responsible, to the injury of my children and myself...."; therefore by reason of the foregoing grounds exist to file the present investigation for the office of Child Trafficking, since it can be seen from the statement of the plaintiff that his minor children are to be found abroad. He also presents document accrediting the *patria potestas* of the minor children ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮such as the birth certificates of both, issued by a competent authority, together with other documents verifying his statement, which are attested to separately. Therefore, based on the foregoing, an official summons must be addressed to the mother of Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ, named MARIA ELENA VAZQUEZ SAUCEDO, who has her domicile at

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Naucalpan, State of Mexico, since this lady delivered a letter to the plaintiff from the person presumed guilty telling him that she intended to leave that domicile. Moreover, since she lived there, she may have information as to where the person presumed guilty is presently located together with the children. It is also necessary to address an official communication to the Ministry of Foreign Affairs for the purpose of advising whether its subordinate offices have issued a passport in the name of the children and person presumed guilty already mentioned and, if in the affirmative, to remit a certified copy of the documents presented to obtain these documents, since the plaintiff declares that at no time did he sign any document for the authorization. In order to be able to locate the children and those presumed guilty, an official communication should be addressed to the National Central Office of the International Police, INTERPOL, in order for instructions to be issued to whomsoever may be responsible and to verify whether the children and person presumed guilty are to the be found at the domiciles provided by the plaintiff in the United States of America, for which purpose colored photographs of same must be attached. In the same way an official communication should be addressed to the Aviation Company Aeromexico in order for the latter to report whether the children and their mother utilized a flight on this airline with destination in the United States of America on the date mentioned by the plaintiff. ——
—— Since it can be seen from the nature of the events previously described that the procedural requirement contained in article 366 quarter second section last paragraph of the Federal Criminal Code, the complaint by the plaintiff, exists in this case, the present preliminary investigation is now filed for the offense of Child Trafficking against Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ and against who or whomsoever may be responsible, to the injury of the children ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and of JOSE FERNANDO CASTILLO TAPIA, as provided for and sanctioned in article 366 quater of the Federal Criminal Code, the foregoing being based on the provisions of articles 14, 16, 21 and 102, Constitutional Part "A", 50 section I of the Organic Law of the Judicial Power of the Federation; 1, 2, 3, 4, 113 section II last paragraph, 118, 125, 180, 208, 209 and others relevant and applicable of the Federal Criminal Procedures Code, and articles 1, 2, 4, 13, 20, 22 of the Organic law of the Office of the Attorney General of the Republic and 1, 2, 6, 16, 27, 28 Section V of the regulations thereto, establishing the attributes and faculties of the Special Unit for the Investigation of Child Trafficking, Undocumented Persons and Agencies, in connection with the article. Therefore, as shown by the documents sent to the undersigned, these are ordinary copies of notes and, for the purpose of being able to act, more information must be obtained in order to continue with compilation and be in a position of being able to resolve as applicable. It should be and is therefore:——

———————— R E S O L V E D ————
———— T O F I L E.- The present Preliminary Investigation as Direct, due to the facts against which a complaint is filed, possibly representative of the offense of Child Trafficking.——

———— T O R E G I S T E R S A M E.- In the Book of Government carried in this Special Unit, under the consecutive number corresponding thereto, and to take the following action:——

———— FIRST.- To address a summons to Mrs. MARIA ELENA VAZQUEZ SAUCEDO for the purposes of the matters mentioned in the body of the present matter.——

———— SECOND.- To address an official communication to the Ministry of Foreign Affairs, based on the matters mentioned in the body of the present resolution.——

———— THIRD.- To address an official communication to the office of INTERPOL, based on the reasoning contained in the present resolution.——

———— FOURTH.- Address an official communication to the airline Aeromexico, based on the matters mentioned in the body of the present matter.——

———— FIFTH.- To carry out all and every one of the procedures necessary for due compliance with the present resolution.————— ——————— ——————— ———————

——————— ——————————T O B E C O M P L I E D W I T H.——————— ———————

———— IT WAS THUS RESOLVED AND SIGNED BY C. ATTORNEY MARTIN MARIN COLIN, AGENT OF THE PUBLIC MINISTRY FOR THE FEDERATYION ATTACHED TO THE OFFICE OF THE ASSISTANT ATTORNEY GENERAL SPECIALIZING IN THE INVESTIGATION OF ORGANIZED CRIME, WHO ACTS LEGALLY WITH ATTENDING WITNESSESD WHO SIGN BELOW AND ATTEST.——————— ——————— ———————

——————— ———————————W E A T T E S T.——————— ———————

ATTENDING WITNESS                    ATTENDING WITNESS

(illegible signature)                    (illegible signature)
ATTORNEY LETICIA GALVAN ORTEGA        C. HUGO CARGIA REYES

**EXHIBIT 4**

*In the top right section of the page, illegible hand-written annotations.*

<div align="center">

**JOSE FERNANDO CASTILLO TAPIA**

**vs.**

**MARIA DEL ROSARIO MORENO VAZQUEZ**

FAMILY DISPUTE

FILE: 785/91

</div>

**C. TENTH JUDGE FOR FAMILY MATTERS**
**IN THE FEDERAL DISTRICT**
**P R E S E N T.**

    **JOSE FERNANDO CASTILLO TAPIA**, filing in my own right, possessing the legal status accredited in the file indicated above, and with domicile to hear and receive all kinds of notifications at PACIFICO 177-A-001 COLONIA LOS REYES COYOACAN MEXICO, FEDERAL DISTRICT, C.P. 04330, and authorizing the attorneys **JORGE IVAN GUTIERREZ GUERRERO** and **JUDITH OLMEDO AZAR** to receive and hear all kinds of notifications, even those of a personal nature, and to act in my name, appear before you with all due respect to declare:

    That taking as grounds the provisions of the Sixteenth caption, Sole Chapter of the Disputes of a Family Nature of the Civil Procedures Code, I appear to claim the following from Mrs. **MARIA DEL ROSARIO MORENO VAZQUEZ**, with domicile at ███████████████████████████████, NAUCALPAN DE JUAREZ, STATE OF MEXICO:

  **A)** **CHANGE OF PERSONAL CUSTODY FOR THE GUARDIANSHIP AND CUSTODY OF THE CHILD** ██████████████████████ granted by reason of the second resolutory point of the Final Judgment under which the bonds of marriage were dissolved, where Your Honor provided that "the agreement reached by the applicants on the eighteenth of October one thousand nine hundred and ninety one, contained on pages 3 and 4 of the files, is hereby approved." The second clause of said agreement reads "the child ██████████████████ will remain in the custody of his mother ████████████████ ██████████both during the proceedings and after the judgment returned in the present Voluntary Divorce action becomes final."

  **B)** **FULL CUSTODY OF THE CHILD** █████████████████ currently exercised by C. MARIA DEL ROSARIO MORENO VAZQUEZ, since after the final judgment was dictated in the year 1992, CASTILLO TAPIA JOSE FERNANDO and MARIA DEL ROSARIO MORENO VAZQUEZ procreated a child called █████████████████████ ███████████ born on October 10, 1994, who has at all times possessed the benefit of institutional medical coverage, private schooling, diversion and entertainment which I have also given to my son ████████████ ███████████████████making the guaranties established in said agreement effective every day by the customary channel of facts and rights bestowed on my minor children. Taking into consideration that MARIA DEL ROSARIO MORENO VAZQUEZ has the custody of the children, and that both she and the undersigned hold the *Patria Potestas.*

C)    Payment of the expenses and costs originated by the present action.

I take as grounds for the foregoing the following considerations of fact and law:

That compliance with the System for Family Unity is to provide for family bonds to the closely retained, as provided by the C. Magistrate in his already-referred to judgment, which C. MARIA DEL ROSARIO MORENO VAZQUEZ currently IGNORES by FRAUDULENTLY flouting same, not allowing me to see my minor children on the dates indicated, and also by changing residence without notifying me in writing as to where my children are living or where I can collect them, for which reason, taking as grounds the provisions of articles 412, 413, 414, 415, 380 and others relevant of the Civil Code for the Federal District in connection with 940, 941, 942, 943, 944, 945, 946, 947, 948, 949 and others relevant of the current Civil Procedures Code for the Federal District.

### FACTS

1.-    On January 29, 1992, this Tenth Court returned a formal judgment in the case of file number 785/91, in connection with the voluntary divorce action filed by **CASTILLO TAPIA JOSE FERNANDO AND MARIA DEL ROSARIO MORENO VAZQUEZ**, in which the First Clause resolved that "the bonds of marriage existing between **CASTILLO TAPIA JOSE FERNANDO AND MARIA DEL ROSARIO MORENO VAZQUEZ** be dissolved.".

2.-    In the second resolution of the formal judgment, Your Honor provided "the agreement dated the eighteenth of October one thousand nine hundred and ninety one, shown by the applicants and contained on pages 3 and 4 of the files, is hereby approved in all and every one of its parts, thus giving the power of formal judgment and forming part of this resolution."

3.-    The following is established in the second clause of said agreement: "...the child ⬛⬛⬛⬛⬛⬛⬛⬛⬛ will remain in the custody of his mother MARIA DEL ROSARIO MORENO VAZQUEZ both during the action and after the judgment returned in the present voluntary divorce proceedings has been declared final". It should be emphasized that the *patria potestad* is exercised by both of us.

4.-    In the year 1992, CASTILLO TAPIA JOSE FERNANDO and MARIA DEL ROSARIO MORENO VAZQUEZ, after our separation, procreated a child named ⬛⬛⬛⬛⬛⬛⬛⬛⬛ born on October 10, 1994, who I recognized as my daughter and who has had at all times the benefits of institutional medical coverage, private schooling, diversions and entertainment which I have also given my son ⬛⬛⬛⬛⬛⬛⬛⬛⬛ making the guaranties established in the agreement already mentioned effective every day through the customary channel of facts and rights bestowed on my minor children.

5.-    C MARIA DEL ROSARIO MORENO VAZQUEZ establishing her domicile, once separated, with my minor children at ⬛⬛⬛⬛⬛⬛⬛⬛⬛ State of Mexico, Postal Code ⬛⬛⬛ at which domicile the mother of the person mentioned resides and where I used to visit my minor children.

6.-    The fact being that on February 28 this year, at **18:10** hours, I visited the domicile at ███████████████████████████████████████████Naucalpan de Juarez, State of Mexico, Postal Code 53129, where a document was delivered to me by Mrs. Maria Elena Vazquez Saucedo, the mother of Maria del Rosario Moreno Vazquez, under cover of which Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ declared "...I had to look for other legal means to leave the city. Due to my mother's delicate state of health and knowing you, I have decided not to leave you my address or my telephone. Therefore, neither she nor any of my friends have any way of knowing where we are." In view of the foregoing I tried to obtain information as to the whereabouts of my minor children, and was therefore informed that Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ had gone to live in the United States with my minor children."

7.-    Due to the foregoing, on February 29 this year I visited the Agent of the Public Ministry in the city of Naucalpan, State of Mexico, to denounce the facts listed in the preceding paragraph, therefore **filing action number NJ/II/816/04-02**, declaring to said authority my **well-founded suspicions that Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ had taken my minor children named** ████████████████████ ████████████████████████████ **to the United States of America. I also declare that the understand never gave either his authorization or consent for these** to leave the country, and therefore I do not know documents they used to facilitate my minor children's departure from the country. I therefore now ask that Your Honor request from the Ministry of Foreign Affairs, through you and in official channels, that the Ministry of Foreign Affairs report as soon as possible whether a passport was issued in favor of Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ and the minor children ███ ████████████████████████████████████and, if so, to provide a copy of the documents presented for such purpose and also who authorized the permission for the children to leave the country, since the undersigned as of now repudiates any authorization or documentation filed with this intention.

8.-    From investigations made by the undersigned, I found out from staff members at the school where my children studied, that MARIA DEL ROSARIO MORENO VAZQUEZ left the country with my minor children on February 27, 2004, by air, utilizing the services of the company Aeromexico on flight 636 with destination ATLANTA, GEORGIA, and I therefore as of now request that Your Honor ask said company to report if the departure of Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ and of the children ████████████████████████████████████████, is recorded on its flight logs on that date, in order to verify my statement that the children left the country on that date.

9.-    I wish to inform Your Honor, to expand on the foregoing, that I presented myself at the Ministry of Foreign Affairs to find out whether a passport had been issued in favor of my minor children ███████████████████████████████████ ████████████████████████ and was verbally informed by a person at that office, when I told him the problem and asked about issue of the passports, that said passports had been issued on February 17, 2004, and I told him that the undersigned had not nor has given any authorization for my children to leave the country and whether there was a court order, and he told me that there was a signature as father where said permission was granted, which is not true. And therefore as of now I ask Your Honor to gather the information in connection with the issue of said document, and to obtain certified copies of the documents presented if said document was issued.

10.- In view of the foregoing it can be seen that Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ is thus defaulting on compliance with the EXECUTION OF JUDGMENT in connection with the SYSTEM OF FAMILY VISITS by the undersigned with my minor children. The undersigned therefore asks for a change in Custody as regards ███████████████████████████ both under legal age.

11.- It must be emphasized that the undersigned fears for the safety of my minor children since I do not know their lifestyle nor with whom they are living since Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ does not work in said place, moreover she never commented to me that she wished to leave the country nor much less that she planned to take my minor children, placing the physical, psychological and emotional well being of my minor children completely at risk since the latter need to be in constant contact with the undersigned and considering, also, that I have the duty and right to be in constant contact with my minor children for the purpose of their development, moreover they should have the affection, care and protection of their father, and that Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ, the defendant, should NOT hinder this paternal and filial relationship with my minor children ███████████████ since she has demonstrated her caprices by refusing to comply with a court order and to ignore same.

12.- The person able to receive this complaint and notify same to MARIA DEL ROSARIO MORENO VAZQUEZ is her mother, Mrs. **MARIA ELENA VAZQUEZ SAUCEDO,** who dwells at the place where my minor children resided, that is ███████████████Naucalpan de Juarez, State of Mexico, Postal Code 53129, and who assuredly knows where she is to be found, or is in contact with Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ.

13.- Let me not forget to mention that the undersigned has not given any authorization in writing as being in agreement with the children changing their residence, and much less for them to leave the country, resulting in not allowing me to see them and be in physical contact with them, thus violating a Court Order by refusing to comply with same.

14.- In view of the facts already mentioned, I wish to advise you that when possible and in writing on the third day of March this year, I filed with the competent authority a request for application of the Hague Convention on the Civil Aspects of the International Kidnapping of Minors, the purpose of which is to repatriate children who are unlawfully removed from their country of origin.

## RIGHTS

Articles 25, 412, 413, 414, 415, 380 and others pertinent of the Civil Code for the Federal District are applicable, in relation with 940, 941, 942, 943, 944, 945, 946, 947, 948, 949 and others pertinent of the current Civil Procedures Code for the Federal District.

## PROOFS



I offer as proofs on my behalf, taking as grounds the provisions of article 278, 279, 281, 283, 284, 284Bis, 285, 286, 288, 289, 291, 292, 293, 295, 296, 297 and others applicable of the Civil Procedures Code for the Federal District:

1.- **PUBLIC DOCUMENT.-** An ordinary copy of the Final Judgment in file 785/91, in connection with the voluntary divorce proceedings and the Agreement filed by the parties on October 18 eighteen two thousand nine hundred and ninety one, forming part of this final judgment, as a certified copy is contained in the file hereinabove cited, proof related with points one, two and three.————————————————————

2.- **PUBLIC DOCUMENT.-** Certified copies of the birth certificates of ███████ ███████████████████████████████████████████, together with a doctor{s certificate and school vouchers, proof related with point four.

3.- **PUBLIC DOCUMENT.-** a report from the Ministry of Foreign Affairs, asking for information as to whether that institution recently issued a passport in favor of the children ████████████████████████████████████████████████████ ███████so, MARIA DEL ROSARIO MORENO VAZQUEZ and if this affirmative to provide certified copies of the documents presented to effect said document. This proof is related to point number seven, to evidence the means utilized to process official documents and remove the children from the country without my consent or judicial authorization and, in due course, to notify said institution for these to be cancelled since they were processed using illicit means to obtain same.

4.- **PUBLIC DOCUMENT.-** Consisting of an ordinary copy of the denouncement I filed in the city of Naucalpan, State of Mexico, before the Agent of the Public Ministry, due to the facts narrated and opening act number NJ/illegible/816/04-02, the original of which I now present for checking and which I ask be returned to me for presentation of the original, when Your Honor so requires, by means of which I bring to the attention of the responsible authority my well-founded suspicions that Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ took my minor children█████████████████████████ ████████████████ to the United States of America, facts related with point number seven to evidence that I made a denouncement due to the abduction of the children.

5.- **PUBLIC DOCUMENT.-** Consisting of a copy of the complaint which I filed before the competent authority, asking for application of the Hague Convention on the Civil Aspects of the International Kidnapping of Children, requesting a change in the custody of ████████████████████nd the FULL CUSTODY of ████████████ █████████████████for the purpose of repatriating my minor children who were taken to another country without the corresponding authorization, a proof related with all the facts.

6.- **PRIVATE DOCUMENT.-** Copy of the document delivered to me the day I found that my children had been taken by Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ, the original of which I now present for checking purposes and which I will show once again when Your Honor so requests, asking that the original be returned since this convenes my interests, document related with point number six.

7.- **PRIVATE DOCUMENT.-** Report issued by the company Aeromexico, with residence in the city of Mexico, required by Your Honor in order for a search to be made in its files to verify whether antecedents exist dated February 27 this year, whether Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ and the minor children ██████████ ██████████████████████████, traveled on flight 638, if answered in the affirmative to provide the documents shown to board said flight and the

destination of same, proof related with point number eight, to evidence my statement that they left the country.

**8.- PRODUCTION OF EVIDENCE BY JUDICIAL EXAMINATION OF EXHIBITS.-** To be carried out by Personnel of this Court in connection with which I ask for a date for the implementation in order to prove that my minor children are no longer to be found at the domicile located in ███████████████ Naucalpan de Juarez, ███████████, which is where the mother of the defendent lives and where I used to visit my minor children, proof related to point number five and six, together with the place and where the document was delivered to me, advising me that the person constantly mentioned took my minor children.

**9.- TESTIMONY.-** Given by **MARIA DEL ROSARIO MORENO VAZQUEZ** herself, to prove (1) the fact that the System of Family Contact in favor of the undersigned with the children has not been complied with to date since the month of February this year, together with the motive for the children's change of residence and with what authorization my minor children were taken from the country, if the undersigned gave no permission either tacit or in writing, and whether she possesses any court order to take them out of the country without notifying me thus defaulting on my right to live in physical contact with my children. The person who can be summoned at the domicile is her mother **MARIA ELENA VAZQUEZ SAUCEDO**, domicile located in ████████████████ ████████████ Naucalpan de Juarez, ████████████ who is assuredly in communication with the former or knows were she can be found, proof related with items ten, twelve and thirteen.

**10.-** The presumption in all its aspects both legal and human in everything which favors me in the present case, which I related to all and every one of the facts narrated in the body of my complaint.

In view of the foregoing, I ask:

That **YOUR HONOR** kindly

**FIRST.-** Be good enough to resolve on my application in time and form.

**SECOND.-** That all and every one of my proofs be received, and that a date be set for the judicial inspection requested.

**THIRD,-** That the court request reports from the Ministry of Foreign Affairs an Aeromexico as to the issue of passports, and whether the children and Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ traveled by the line Aeromexico with destination Atlanta, Georgia, on February 27 this year.

**FOURTH.-** That I be granted provisional custody and, once the present action is resolved, the FULL CUSTODY of the children ████████████████████ ████████████████████████ to request the repatriation of same under the Haya Convention. And in order that they live with me without prejudice to their mother visiting them once an agreement has been reached for the new system of family contact, since they also need the affection of their mother.

**FIFTH.-** Once information becomes available as to the issue of passports in favor of the children and that the illicit means for processing same are proven, that Your Honor so informs the Ministry of Foreign Affairs in order that they cancelled as they were unlawfully obtained.

**SIXTH.-** To resolve in accordance with this request since it agrees with law in obtaining full justice, that is, to appraise all and each one of said mentioned statements, together with those which can be inferred there from.

<div align="center">

**YOURS TRULY**

**(illegible signature)**

**JOSE FERNANDO CASTILLO TAPIA**

</div>

**EXHIBIT 5**

Fernando:

You cannot deny that I tried to do things correctly, but your attitude, as usual, was closed. For this reason I had to look for other legal means for leaving the city.

Due to my mother's delicate state of health and knowing you, I have decided not to leave you either my address or my telephone. Therefore, neither she nor any of my friends have any way of knowing where we are. However, I will be in contact with her to assure myself that she is well.

I will also be in contact with you during the next few days. I hope that you think things over well, and that we can talk in a civilized manner to be able to agree on the children's visits to you. Therefore, you know the electronic address of Gigio, you can contact them in that way, and will ensue that Gigio replies to you.    Do not worry about their safety, they are going to be perfectly well and will lack for nothing.

Rosario.

**EXHIBIT 6**

*(letterhead of Attorney Ana Victoria Ordoñez S.)*

AGREEMENT PRESENTED BY JOSE FERNANDO CASTILLO TAPIA AND MAIA DEL ROSARIOMORENO VAZQUEZ TO THE CONSIDERATION OF THE FAMILY JUDGE IN THE VOLUNTARY DIVORCE PROCEEDINGS FILED.

## CLAUSES
=======

FIRST.- The *patria potestad* of our minor son █████████████████ will be exercised at all times by his parents, the undersigned Jose Fernando Castillo Tapia and Maria del Rosario Moreno Vazquez, and will only be lost in the form and terms established by Law for such purpose.

SECOND.- The child ███████████████ will remain under the custody of his mother, Mrs. Maria del Rosario Moreno Vazquez, both during the proceedings and after the judgment dictated in the present voluntary divorce proceedings has been returned.

THIRD:- Mr. Jose Fernando Castillo Tapia undertakes to provide Mrs. Maria del Rosario Moreno Vazquez as alimony for herself and her minor son, the sum of $2,500,000.00(TWO MILION FIVE HUNDRED THOUSAND PESOS, MEXICAN CURRENCY) monthly, to be effective both during the proceedings and once the judgment has been returned, which amount will be increased in the terms of Article 311 of the Civil Code.

FOURTH.- Both during and after the proceedings, the house which will serve as a dwelling for Mrs. Maria del Rosario Moreno Vazquez and her minor son remaining in her custody, will be located ███████████████████████ in this city.- Any change in domicile verified by the divorcing wife hereinafter will be notified by her in writing to Mr. Jose Fernando Castillo Tapia in order for the latter to be opportunely aware of same.

FIFTH.- Mr. Jose Fernando Castillo Tapia can visit his son █████████████████ every day of the week at the domicile indicated above, can pass by for him to take him to school but without interfering with the child's hours of sleep, studies or food. Mr. Jose Fernando Castillo Tapia can pass for his son the child █████████████████ on Saturdays and return him on Sunday every fifteen days.

SIXTH:- Mr. Jose Fernando Castillo Tapia can go on vacation taking his minor son with him fifteen days during the Summer vacation period each year, and for half of the Winter vacation period. For her part, Mrs. Maria del Rosario Moreno Vazquez undertakes to provide all kinds of facilities for the outings of the child mentioned in this clause to take effect.

SEVENTH.- The marriage was contracted under the system of Separate Property, therefore there is no need to formalize any agreement whatsoever on a dissolution of partnership.

Mexico, Federal District, October 18, 1991.

(illegible signature)                          (illegible signature)
JOSE FERNANDO CASTILLO TAPIA          MARIA DEL ROSARIO MORENO VAZQUEZ

**EXHIBIT 7**

*(letterhead of OPERADORA DE COLEGIOS LA SALLE, S.C.)*

*In the lower part of the page, to the right and left of the signature respectively, two stamps, the first partially illegible and containing the Great Seal of Mexico, and the second containing an emblem and reading: Government of the State of Mexico, Secretary of Education, Culture and Wellbeing, Directorate-General for Basic Education ...Private Primary School of Colegios La Salle S.C., Bulevares, RDT 15PPRO264M, morning shift.*

*Naucalan de Juarez, March 16, 2004.*

**TO WHOM IT MAY CONCERN:**

   *The undersigned, Professor Ana Cecilia Esquivel Hernandez, Director of the Colegio La Salle Bulevares code 15PPR0264M, hereby certifies that the student* ▬▬▬ *was entered at this College during the school year 2002-2003 in 2nd grade and in 200-2004 in 3rd grade until February 26, 2004, the official records showing Mr. Jose Fernando Castillo Tapia as her father.*

   *The present document is issued on the fifteenth day of the month of March two thousand and four, for all corresponding purposes.*

**YOURS FAITHFULLY**

*(illegible signature)*
**Prof. Ana Cecilia Esquivel Hernandez**
**DIRECTOR**

**EXHIBIT 8**

*In the top left corner, the Great Seal of Mexico with the words 'High Court of Justice for the Federal District - Mexico, followed by Tenth Family Court - Secretariat A, file no. 785/91.*

*In the left margin, illegible stamps and, in mid/page, the single word: Judgment.*

*A hand-written entry appears in the lower right corner of page 031 reading "copies having the stamp of divorce."*

Mexico, Federal District, on the twenty ninth of January one thousand nine hundred and ninety two.————————————————————————————————————————

———— HAVING SEEN for formal resolution the documents of file number 785/91 regarding the Voluntary Divorce proceedings filed by CASTILLO TAPIA JOSE FERNANDO and MARIA DEL ROSARIO MORENO VAZQUEZ, and:————————————

**WHEREAS**

———— I.- JOSE FERNANDO CASTILLO TAPIA and MARIA DEL ROSARIO MORENO VAZQUEZ, in the terms of their initial petition presented on the twenty fourth of October one thousand nine hundred and ninety one, filed V OLUNTARY DIVORCE proceedings, showing the agreement to which article 273 of the Civil Code refers which establishes the form in which the divorcing party will cover alimony for his minor son and to his divorcing spouse in the terms of the Third clause; said alimony having been guaranteed by bonding policy number 1408232 issued by Credito Afianzador, S.A., Compania Mexicana de Garantias, dated the twenty fifth of November one thousand nine hundred and ninety one, contained on page 21 of the file.————————————————————————

———— II.- The two meetings for reconciliation required by law having been held, no reconciliation whatsoever could be reached between the divorcing parties; therefore they were admitted by the action of the Agent of the Public Ministry attached to the Court, who stated that he offered no opposition to the application or to approval of the respective Agreement, and the petitioners were therefore summoned to hear Judgment.————————

———— III.- The marriage of the petitioners and the birth of their minor son procreated during same, named LUIS FERNANDO CASTILLO MORENO, were duly verified by presentation of the respective  marriage and birth certificates, which provide full evidence in accordance with the provisions of articles 39 and 50 of the Civil Code, 327 section IV and 403 of the Civil Procedures Code.————————————————————

———— IV..- The grounds invoked by the petitioners consisting of dissolution of the bonds of marriage by MUTUAL CONSENT, established in article 267 section XVII of the Civil Code, were duly discharged, and therefore the Divorce requested should be granted.————

———— It view thereof and duly founded, it should be and is hereby;————————————

————————————————RESOLVED:————————————————

———— FIRST.- The bonds of marriage existing between JOSE FERNANDO CASTILLO TAPIA and MARIA DEL ROSARIO MORENO VAZQUEZ, formalized in the City of Mexico, Federal District, on the eleventh of May one thousand nine hundred and eighty five under the Separation of assets system, and recorded in Court 20. Page 1489, Year of Registration 1985, are hereby duly dissolved.————————————————————

---------- SECOND.- The agreement presented by the applicants dated the eighteenth of October one thousand nine hundred and ninety one and contained on pages 3 and 4 of the files, was approved in all and each one of its parts, giving it the validity of a formal judgment and forming part of this resolution.------------------------------------------------

---------- THIRD.-  Both divorcing parties recover full capacity to contract another marriage, but cannot do so until the term of one year has elapsed, after which the present resolution will become final.------------------------------------------------------------------------

---------- FOURTH.- The provisions of article 582 of the Civil Procedures Code must be promptly complied with. ------------------------------------------------------------------------

--------- FIFTH.-  KNOW ALL MEN BY THESE PRESENTS.------------------------------------

---------- It was thus formally judged, resolved and signed by the Tenth Family Judge for the Federal District, acting in conjunction with the C. Secretary for Resolutions who authorizes and attests.  I ATTEST.------------------------------------------------------------------

**EXHIBIT 9**

033

## CIVIL REGISTRY

## BIRTH CERTIFICATE

MARU562508

On the upper left corner a circular seal engraved with the Coat-of-Arms of Mexico which reads: MEXICAN UNITED STATES.

On the upper right corner: THE COAT OF ARMS OF MEXICO - CITY.

| | | | | | | CRIP | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | 09 | 018 | 07 | 89 | 01433 | 8 |

| Entry | Delegation | Judge | Certificate | Year | Class | Year of record | | |
|---|---|---|---|---|---|---|---|---|
| 9 | 06 | OC | 01433 | 1989 | NA | ███ Day | ███ Month | 1989 Year |

| | |
|---|---|
| **REGISTERED** | Name: <br> Birth date: ████████ 1989    Hour: 12.39 HOURS <br> Birthplace: ████ MEXICO, CITY <br> A living boy was presented <br> there appeared:    Both Parents |
| **PARENTS** | Name of Father:    JOSE FERNANDO CASTILLO TAPIA <br> Age:    30 YEARS <br> Nationality:    MEXICAN <br> Occupation:    FEDERAL EMPLOYEE <br> Name of Mother:    MARIA DEL ROSARIO MORENO VAZQUEZ <br> Age:    27 YEARS <br> Nationality:    MEXICAN <br> Occupation:    HOUSE CHORES <br> Domicile: ████████ <br> MEXICO, CITY |
| **PATERNAL GRANDPARENTS** | Name of Grandfather:    FERNANDO CASTILLO FERNANDEZ <br> Nationality:    MEXICAN <br> Name of Grandmother:    ESTELA TAPIA CORDERO <br> Nationality:    MEXICAN <br> Domicile: ████ MEXICO, CITY |
| **MATERNAL GRANDPARENTS** | Name of Grandfather:    ENRIQUE MORENO RUBIALES <br> Nationality:    MEXICAN <br> Name of Grandmother:    MARIA ELENA VAZQUEZ SAUCEDO <br> Nationality:    MEXICAN <br> Domicile: ████ NAUCALPAN, MEXICO |

| | | |
|---|---|---|
| **WITNESSES** | Name:<br>Nationality:<br>Domicile:<br><br>Age: | **JOSE ALFREDO AGUILAR FLORES**<br>**MEXICAN** ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ **MEXICO, CITY**<br><br>**23YEARS** |
| | Name:<br>Nationality:<br>Domicile:<br><br>Age: | **RODOLFO FLORES DIAZ**<br>**MEXICAN** ▮▮▮▮▮▮▮▮▮▮▮▮▮<br>▮▮▮▮▮▮▮▮▮▮▮ **MEXICO, CITY**<br><br>**30YEARS** |

> Fingerprint of
> the presented
> child.

This document was read, acknowledged and signed by those who know how to write, and provided with a fingerprint by those who do not now how to write. Attested to.-
LIC. RAFAEL DOMINGUEZ MORFIN. ILLEGIBLE FOUR RUBRICS

IN THE NAME OF THE UNITED MEXICAN STATES AND AS A JUDGE OF THE CIVIL REGISTRY IN
THE FEDERAL DISTRICT, I CERTIFY HEREBY THIS IS A TRUE COPY OF ITS ORIGINAL, WHICH I
ISSUE IN MEXICO CITY, ON THE 4a DAY OF MARCH OF 2004.
THE CENTRAL JUDGE OF THE CIVIL REGISTRY IN THE FEDERAL DISTRICT
(SIGNED)
LIC. ERNESTO PRIETO ORTEGA



*On the left margin a stamp with the Coat-of-Arms of Mexico which reads: Mexican United States - Federal
Executive Power - Department of the Federal District - 11th Court of the Civil Registry - Mexico City.*

**4521638**

**EXHIBIT 10**

*A circular seal with the Coat-of-Arms of Mexico which reads:* MEXICAN UNITED STATES

UNITED MEXICAN STATES
FREE AND SOVEREIGN STATE OF MEXICO
CIVIL REGISTRY

**BIRTH CERTIFICATE**

CA-0298323

No. FOLIO A 2929095



| | CURP |
|---|---|
| | 150570294021956 |

| COURT NO. 02 | BOOK NO. 11 | CERTIFICATE NO. 02196 | PLACE SATELITE | REGISTRATION DATE | | |
|---|---|---|---|---|---|---|
| | | | | DAY | MONTH | YEAR |
| MUNICIPALITY NAUCALPAN DE JUAREZ | | ENTITY STATE OF MEXICO | | ■ | ■ | 94 |

**REGISTERED**

Name: ██████
Birth date: ██████                                        Sex: FEMENINE
Birthplace: ██████                    Hour: 04.37 HOURS
A living girl was presented                        ██████, MEXICO CITY
there appeared: **Both Parents**

**PARENTS**

| Name of Father: | **JOSE FERNANDO CASTILLO TAPIA** |
|---|---|
| Nationality: | **MEXICAN** |
| Age: | **36 YEARS** |
| Domicile: | ██████ **NAUCALPAN** |
| Name of Mother: | **MARIA DEL ROSARIO MORENO VAZQUEZ** |
| Nationality: | **MEXICAN** |
| Age: | **33 YEARS** |
| Domicile: | ██████ **NAUCALPAN** |

**PATERNAL GRANDPARENTS**

| Name of Grandfather: | **FERNANDO CASTILLO** |
|---|---|
| Nationality: | **MEXICAN** |
| Name of Grandmother: | **ESTELA TAPIA** |
| Nationality: | **MEXICAN** |
| Domicile: | ██████ **COYOACAN** |

**MATERNAL GRANDPARENTS**

| Name of Grandfather: | **ENRIQUE MORENO** |
|---|---|
| Nationality: | **MEXICAN** |
| Name of Grandmother: | **MARIA ELENA VAZQUEZ** |
| Nationality: | **MEXICAN** |
| Domicile: | ██████ **NAUCALPAN** |



| | | |
|---|---|---|
| **WITNESSES** | Name:<br>Nationality:<br>Age:<br>Domicile: | **MARIA ISABEL GOMEZ DE LA MADRID**<br>**MEXICAN**<br>**28 YEARS**<br>██████████████████ **CRUZ DEL**<br>**MONTE** |
| | Name:<br>Nationality:<br>Age:<br>Domicile: | **NORA VALENZUELA SUMANO**<br>**MEXICAN**<br>**25 YEARS**<br>██████████████ **LOMAS VERDES** |

FOUR SIGNATURES

| |
|---|
| Fingerprint of<br>the presented<br>child. |

This document was read, acknowledged and signed by those who know how to write and provided with a fingerprint by those who do not now how to write. Attested to.-

### THE CIVIL REGISTRY CLERK No. 02
#### (a signature)
#### MARGARITA MARISCAL DE OLVERA Esq.

(A rubber stamp with the coat-of-arms of Naucalpan with the wording Office of the Mayor. 2nd Civil Registry Office. Ciudad Satèlite, Naucalpan de Juárez.

*This document bears following notes: National Vaccination Certification Folio 0570202083*

LIC. DELIA LUNA ACOSTA, 2nd CLERK OF THE CIVIL REGISTRY CERTIFIES HEREBY BASED ON ARTICLES 3.1 AND 3.7 OF THE CIVIL CODE THAT THIS IS A TRUE COPY OF ITS ORIGINAL FILED IN BIRTHS BOOK No. 11, RECORD 02195 DATED 13.12.94 UNDER THE CUSTODY OF THIS OFFICE. ATTESTED TO. NAUCALPAN DE JUAREZ, MEXICO STATE. MARCH 12th 2004. DELIA LUNA ACOSTA ESQ. CLERK 02 OF THE CIVIL REGISTRY

(SIGNED)

(A rubber stamp with the coat-of-arms of Naucalpan with the wording Office of the Mayor. 2nd Civil Registry Office. Ciudad Satèlite, Naucalpan de Juárez. State of Mexico.

**EXHIBIT 11**

Photo Redacted

Photo Redacted

**EXHIBIT 12**

Photo Redacted

**EXHIBIT 13**

Photo Redacted

Photo Redacted

Photo Redacted

Photo Redacted

**EXHIBIT 14**

Photo Redacted

**EXHIBIT 15**

*In the left margin, a partially illegible stamp containing the Great Seal of Mexico*

THE PHOTOCOPY OF A CREDENTIAL, AS FOLLOWS:

---

(emblem)  UNIVERSIDAD NACIONAL AUTONOMA DE MEXICO

JOSE FERNANDO CASTILLO TAPIA

(PHOTOGRAPH OF A MAN)

| R.F.C. | No. of worker | date of issue |
|--------|---------------|---------------|
| Catf501028 | (illegible) | (illegible) |

Professor

Escuela Nacional de Estudios
Profesionales (illegible)

(illegible signature)          (illegible signature)
Authorized                        Worker

---

OFFICE OF THE ATTORNEY GENERAL FOR THE REPUBLIC S.I.E.D.U UNIT SPECIALIZING IN THE INVESTIGATION OF CHILD TRAFFICKING, UNDOCUMENTED PERSONS AND AGENCIES.

In the city of MEXICO, Federal District, on the  22  of  March   2004, The undersigned Attorney Leticia Galvan Ortega Agent of the Public Ministry for the Federation, hereby CERTIFIES THAT THE PRESENT COPIES CONSISTING OF   One   written page is a faithful and exact reproduction of its original, which I had before me.  WE ATTEST

(illegible signature) Leticia Galvan Ortega
Agent of the  Public Ministry for the Federation.

Attesting witness                                      Attesting witness

(illegible signature)                                   (illegible signature)
Alvarado Flores Eduardo                          Hugo Garcia Reyes

**EXHIBIT 16**

*In the left margin, an illegible stamp. In the lower left margin, a partially-illegible stamp containing the Great Seal of Mexico and reading: Office of the Attorney General for the Republic. In the mid lower margin, a  stamp reading: RECEIVED P.G.R  APRIL 2 2004  S.I.E.D.O TECHNICAL COORDINATION.*

UNIT SPECIALIZING IN THE INVESTIGATION
OF CHILD TRAFFICKING,  UNDOCUMENTED
PERSONS AND AGENCIES.

P.I.     PGR/SIEDO/UEITMIO/013/2004
OFFICIAL COMM. :UEITMIO/162/04

Re: MATTER INDICATED

MEICO, FEDERAL DISTRICT, MARCH 24, , 2004

**C. MARIA DEL ROSARIO VAZQUEZ SAUCEDO
RETORNO SAN JORGE NUMBER 15 FRACCIONAMIENTO LOMAS VERDES,
NAUCALPAN, STATE OF MÉXICO, C.P. 53120.
P R E S E N T .**

Taking as grounds the provisions of articles 14, 16, 21 and 102, Part "A" and 124 of the Political Constitution of the United Mexican States; 4 of the Organic Law for the Attorney General's Office for the Republic; 1,2,125,73, 74, 76, 127 Bis, 242, 243 of the Federal Criminal Procedures Code and 1,2,27 section V, 28 section V of the Regulations to said Law, I ask you to present yourself at this Unit as a Witness, in order to appear and declare in connection with the facts related to the present document,  on 07 April 2004 two thousand and four next, at 11.00 eleven hours, at the offices occupied by this Unit located at Paseo de la Reforma number 23, third floor, Colonie la Tabacalera, Cuauhtémoc delegation. In this city.

Thanking you for your attention in this matter and with cordial regards

**Yours truly
"EFFECTIVE SUFFRAGE. NO REELECTION"
C. AGENT OF THE PUBLIC MINISTRY FOR THE FEDERATION**

**(ILLEGIBLE SIGNATURE)**

**ATTORNEY MARTIN MARIN COLIN.**

CC: Ing.Miguel Angel Colorado Gonzalez, SIEDO technical director, to appoint elements and deliver the summons to the address. PRESENT.

**EXHIBIT 17**

*In the left margin, an illegible stamp. In the lower left margin, a partially-illegible stamp containing the Great Seal of Mexico and reading: Office of the Attorney General for the Republic*

UNIT SPECIALIZING IN THE INVESTIGATION
OF CHILD TRAFFICKING, UNDOCUMENTED
PERSONS AND AGENCIES.
P.I. PGR/SIEDO/UEITMIO/013/2004
OFFICIAL COMM. :UEITMIO/163/04

Re: MATTER INDICATED

MEXICO, FEDERAL DISTRICT, MARCH 29, 2004

C. DR. LUIS ERNESTO DERBEZ
MINISTER FOR FOREIGN AFFAIRS
P R E S E N T

Taking as grounds the provisions of articles 14, 16, 21 and 102, Part "A" and 124 of the Political Constitution of the United Mexican States; 4 of the Organic Law for the Attorney General's Office for the Republic; 1,2,125,73, 74, 76, 127 Bis, 242, 243 of the Federal Criminal Procedures Code and 1,2,27 section V, 28 section V of the Regulations to said Law, I ask you to kindly instruct whomsoever it may concern to advise this office whether, during the course of this year, passport issue took place , apparently at the Ministry's offices in Naucalpan, State of Mexico, in favor of the minor children ▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮ respectively, and in favor of MARIA DEL ROSARIO MORENO VAZQUEZ, mother of the children,. If affirmative forward certified photocopies of said document together with a certified photocopy of the documents and application presented to process said documents; asking that the information requested be sent to this Unit's offices located at Paseo de la Reforma number 23, third floor, Colonia la Tabacalera, Cuauhtemoc delegation in this city

Thanking you for your attention in this matter and with cordial regards

Yours truly
"EFFECTIVE SUFFRAGE. NO REELECTION"
C. AGENT OF THE PUBLIC MINISTRY FOR THE FEDERATION

(ILLEGIBLE SIGNATURE)

ATTORNEY MARTIN MARIN COLIN.

CC: Ing.Miguel Angel Colorado Gonzalez, SIEDO technical director, to appoint elements and deliver the summons to the address. PRESENT.

**EXHIBIT 18**

*In the lower right corner, stamp reading: Office of the Attorney General for the Republic – Federal Investigation Agency (emblem) RECEIVED 12.20 April 02 2005 Clerk-s office.*

**UNIT SPECIALIZING IN THE INVESTIGATION
OF CHILD TRAFFICKING, UNDOCUMENTED
PERSONS AND AGENCIES.
P.I. PGR/SIEDO/UEITMIO/013/2004
OFFICIAL COMM. :UEITMIO/164/04**

**Re: MATTER INDICATED**

**MEXICO, FEDERAL DISTRICT, MARCH 29, 2004**

**C. DIRECTOR
OF INTERNATIONAL POLICE MATTERS
AND INTERPOL
P R E S E N T**

Taking as grounds the provisions of articles 14, 16, 21 and 102, Part "A" and 124 of the Political Constitution of the United Mexican States; 4 of the Organic Law for the Attorney General's Office for the Republic; 1,2,,125,73, 74, 76, 127 Bis, 242, 243 of the Federal Criminal Procedures Code and 1,2,27 section V, 28 section V of the Regulations to said Law, I ask you to kindly issue instructions to the person concerned in order that he contact his counterpart or police authority in the United States of America, in order to verify whether the children ███████████████████████████████████████████ and their mother MARIA DEL ROSARIO MORENO VAZQUEZ, are to be found in that country, being seemingly located at the following domiciles: █████ ████████████smiths, AL and █████████████████ Phenix City AL,█████ ████████Columbus GA████ and Berrien Springs, Michigan, together with that located at█████████ Albany, NY███████████████████ which belong or are registered in the name of Mr. RONALD COONEY, to whom it appears Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ is married.

On another aspect and for more complete information, I attach hereto colored photographs of the children and person presumed guilty, for better location.. Not omitting to ask that the information requested be forwarded to this Unit's offices located at Paseo de la Reforma number 23, third floor, Colonia la Tabacalera, Cuauhtemoc delegation in this city

Thanking you for your attention in this matter and with cordial regards

**Yours truly
"EFFECTIVE SUFFRAGE. NO REELECTION"**

**C. AGENT OF THE PUBLIC MINISTRY FOR THE FEDERATION**

**(ILLEGIBLE SIGNATURE)
ATTORNEY MARTIN MARIN COLIN.**

CC: Ing.Miguel Angel Colorado Gonzalez, SIEDO technical director, to appoint elements and deliver the summons to the address. PRESENT.

**EXHIBIT 19**

*In the top left corner, the Great Seal of Mexico. In the left margin, an illegible stamp containing this same seal, and in the mid-lower margin a stamp reading: LEGAL DEPT / MATTERS IN CONTENTION - AEROMEXICO 22 APRIL 2004 Received at 10:54 (MEXAH)*

UNIT SPECIALIZING IN THE INVESTIGATION
OF CHILD TRAFFICKING, UNDOCUMENTED
PERSONS AND AGENCIES.
P.I. PGR/SIEDO/UEITMIO/013/2004
OFFICIAL COMM. :UEITMIO/164/04

Re: MATTER INDICATED

MEXICO, FEDERAL DISTRICT, MARCH 29, 2004

C. LEGAL DIRECTOR OF AEROVIAS DE MEXICO S.A. DE C.V.
P R E S E N T

Taking as grounds the provisions of articles 14, 16, 21 and 102, Part "A" and 124 of the Political Constitution of the United Mexican States; 4 of the Organic Law for the Attorney General's Office for the Republic; 1,2,125,73, 74, 76, 127 Bis, 242, 243 of the Federal Criminal Procedures Code and 1,2,27 section V, 28 section V of the Regulations to said Law, I ask you to kindly issue instructions to the person concerned in order that he inform this social representation of the Federation whether on February 27, 2004, the children

███████████████████████████████████████████ respectively, together with their mother MARIA DEL ROSARIO MORENO VAZQUEZ, boarded flight 636 with destination Atlanta, Georgia, United States of America: Not omitting to  ask that the information requested be forwarded to this Unit's offices located at Paseo de la Reforma number 23, third floor, Colonia la Tabacalera, Cuauhtemoc delegation in this city

Thanking you for your attention in this matter and with cordial regards

Yours truly
"EFFECTIVE SUFFRAGE. NO REELECTION"
C. AGENT OF THE PUBLIC MINISTRY FOR THE FEDERATION

(ILLEGIBLE SIGNATURE)
ATTORNEY MARTIN MARIN COLIN.



CC: Ing.Miguel Angel Colorado Gonzalez, SIEDO technical director, to appoint elements and deliver the summons to the address. PRESENT.

**EXHIBIT 20**

*In the top left corner, the Great Seal of Mexico.*

**P.I. SIEDO/UEITMIO/013/2004**

### STATEMENT BY THE WITNESS MA. ELENA VAZQUEZ SAUCEDO

———— In the City of Mexico, Federal District, it being 11:15 eleven hours with fifteen minutes on the 07 seventh day of April 2004 two thousand and four, the C. MA. ELENA VAZQUEZ SAUCEDO appeared before the undersigned Attorney MARTIN MARIN COLIN, Agent of the Public Ministry of the Federation attached to the Unit Specializing in the Investigation of Child Trafficking, Undocumented Persons and Agencies, acting legally with assisting witnesses who sign and attest below, and identified herself in accordance with article 208 of the Federal Criminal Procedures Code with Insen credential number 2874204-B, bearing a photograph with her physical characteristics and issued by the Instituto Nacional de La Senectud, which is recorded and returned to the holder in the absence of any legal impediment thereto, a duly-certified copy being placed on file.

The person appearing is then told of the contents of article 127 Bis of the Federal Criminal Procedures Code with respect to her right to be duly assisted by a lawyer, for which purpose she hereby appoints ATTORNEY EDUARDO RUIZ DE CHAVEZ CERVANTES, attorney at law, who identifies himself by means of professional credential number 1858166 issued by the Directorate-General of Professions with a photograph, which is recorded and returned to its holder, who is SWORN to tell the truth, not being advised of the penalties as he is expert in the matter. Regarding his personal data, he declares that his name is as hereinabove written, that he is 36 years of age, civil status single, religion Catholic, level of schooling Licentiate at Law, occupation litigator, with domicile at La Quemada 427, Colonia Narvarvarts (sic), C.P. 03020 in this city, telephone 55321356; the witness is then SWORN in the terms of articles 247 section I of the Federal Criminal Code and 247 of the Federal Criminal Procedures Code, to tell the truth in the present proceedings in which she is to intervene, being warned of the penalties incurred by those who commit perjury before an authority other than judicial in the exercise of duty, and as regards her personal data declares that her name is as hereinabove written, that she is 71 years of age, civil status married, level of schooling Doctor in Pharmacology, occupation insurance agent, religion Catholic, a native of Tlaxcala, Tlaxcala, with domicile at San Jorge 15, Atleña II, Lomas Verdes, Naucalpan, State of Mexico, C.P., 53120, telephone 53430732, and, in accordance with articles 242, 247 and 248 of the Federal Criminal Procedures Code, hereby declares as follows:————————————————

————————————————DEPOSITION————————————————

———— That I appear voluntarily before this Social Representation of the Federation by reason of the summons served on me and, after being informed of the reason for my appearance, declare that I am the mother of MARIA DEL ROSARIO MORENO VAZQUEZ, who was married to Mr. JOSE FERNADO CASTILLO TAPIA, with whom she procreated two children ██████████ They are currently divorced. And I declare that effectively on February 28, 2004, at approximately 17:00 or 18:00 hours, Mr. FERNANDO CASTILLO TAPIA came to my domicile, since it appears that on that day he was going to see his children ██████ since he visited them approximately every 15 days. On arrival he asked me for his children and I told him they were not there, at which time I delivered a letter to him in a sealed envelope from my daughter's place of work, it appeared to bear the logotype of the company where my daughter worked, therefore I did not know nor do I know the contents of said letter. Said letter was delivered to me by my daughter MARIA DEL ROSARIO on February 26, 2004,   and she did not tell me where

she was going and it was understood that she was taking her children.   She handed the letter to me and told me to deliver the letter to FERNANDO, without saying anything further, and the fact is that on March (sic) 27, 2004, it being approximately 07:00 hours, she left taking her children with her, reiterating that at no time did she tell me where she was going, and saying when I asked her where she was going, she replied reluctantly saying "that is my business" .  She left and has not returned, after that time I have had communication on two or three occasions, in the month of March this year she telephoned only to ask how I was, I asked her how the children were and she said "well", I asked her where she was but she did not tell me at what place, the telephone calls being in the same terms.  I also want to declare that my daughter was and is extremely reserved, that is I know of almost no friends or friendships, nor was she used to taking friends or persons to my house. Likewise, due to her being reserved, I do not know if she had a  sweetheart or boy friend, and I therefore have no idea where she could be since communication with my daughter was nil.  I also wish to state that on one of the occasions she called my cellular telephone, not recalling the number at this time but if necessary I will let you have it, and on that occasion I tried to retain the communication in order to know where she was, but as usual, my daughter quickly cut the communication.  I do not know whether my daughter had a passport, nor if my grandchildren had passports.  I have a son named WILLIAM R. MORENO VAZQUEZ in Cabo San Lucas, but he is not in contact with my daughter. I call my son nearly every day by telephone  and have asked him if he knows anything about my daughter, and he told me that he does not know anything,  nor has she contacted him.  On another aspect at this moment the undersigned places before her the colored photographs of  the  children,
███████████,  and of her daughter MARIA DEL ROSARIO MORENO VAZQUEZ, which are attached to the present file, which she full recognizes without fear of error as her daughter and grandchildren, who left my domicile on the 27 of  February this year.  That being all I have to declare and, after reading my statement, I ratify same and sign in the margin in legal verification, in the presence of my attorney, who also signs the present document.——

——————————————————————WE ATTEST——————————————————————

**THE DEPONENT**

**C. MA. ELENA VAZQUEZ SAUCEDO**

(illegible signature)
**THE ATTORNEY APPOINTED**

(illegible signature)
**ATTORNEY EDUARDO RUIZ DE CHAVEZ CERVANTES**

| | |
|---|---|
| **Attesting Witness** | **Attesting Witness** |
| (illegible signature) | (illegible signature) |
| **C. HUGO GARCIA REYES** | **ATTORNEY LETICIA GALVAN ORTEGA** |

**EXHIBIT 21**

*In the left margin, an illegible stamp.*

PHOTOCOPY OF THE IDENTIFYING SIDE OF A CREDENTIAL, AS FOLLOWS:

---

INSEN Instituto Nacional de la Senectud

(stamp of affiliation)

File No.  2874204-B      (photograph of a person of the female sex)
NAME:
MA. ELENA VAZQUEZ SAUCEDO

Date of birth   AUGUST 19, 1933.

<div align="center">

(ILLEGIBLE SIGNATURE)
DIRECTOR GENERAL

</div>

---

OFFICE OF THE ATTORNEY GENERAL FOR THE REPUBLIC S.I.E.D.U UNIT SPECIALIZING IN THE INVESTIGATION OF CHILD TRAFFICKING, UNDOCUMENTED PERSONS AND AGENCIES.

In the city of MEXICO, Federal District, on the  7  of  April   2004, The undersigned Attorney Martin Marin Colin Agent of the Public Ministry for the Federation, hereby CERTIFIES THAT THE PRESENT COPIES CONSISTING OF  1  one  written page is a faithful and exact reproduction of its original, which I had before me.  WE ATTEST

<div align="center">

(illegible signature) Leticia Galvan Ortega      .
Agent of the  Public Ministry for the Federation.

</div>

Attesting witness                           Attesting witness

(illegible signature)                        (illegible signature)
Hugo Garcia Reyes

**EXHIBIT 22**

*In the top left corner, the Great Seal of Mexico, followed by Office of the Attorney General for the Republic. In the lower left margin, an illegible stamp.*

### OFFICE OF THE ASSISTANT ATTORNEY GENERAL FOR
### SPECIALIZED INVESTIGATION IN ORGANIZED CRIME

**PGR/SIEDO/UEITMIO/013/04**

### RECEIPT OF DOCUMENT

———— In Mexico, Federal District, on the 14 fourteenth of April 2004, two thousand and four.————

———— ACCEPT as received: I. Yellow envelope addressed to Attorney Martin Martin Colin, Agent for the Public Ministry of the Federation attached to the Unit Specializing in Child Trafficking, Undocumented Persons and Agencies, and as sender Attorney Mariano Maitines Garcia, Agent for the Public Ministry of the Federation attached to the Directorate-General of International Police Matters INTERPOL, under cover of which the following was forwarded: II.- Official communication number DGAPII/3818/04/0550/04-AAH, dated the 12th of the present month and year, document reading ..."...allow me to mention your official communication number UEITMO/164/04, through which I request the collaboration of the Directorate-General for the purpose of verifying if the children████, together with their mother MARIA DEL ROSARIO MORENO VAZQUEZ, reside in the United States of America. In this respect allow me to bring to your attention that this Administrative Unit possesses an administrative file in connection with the location of the minor children CASTILLO Moreno, which was opened on March 02 this year, due to the petition presented at this office by C. FERNANDO CASTILLO TAPIA, father of the children, who declared that he presumed his children had been transferred to the United States of America by their mother Maria del Rosario Moreno Vazquez. In view of the foregoing, this Office opened the corresponding investigation, managing to detect that the children and their mother landed in the city of Atlanta, Georgia, United States of America on February 27, 2004, on flight 636 of the airline Aeromexico, for which reason INTERPOL-Washington was contacted for the purpose of requesting their collaboration in locating Mrs. MARIA DEL ROSARIO MORENO and her minor children████ On March 26 last, INTERPOL-Washington informed this Administrative Unit that the Alabama State Police sent an investigating agent to interview Mrs. MARIA DEL ROSARIO MORENO, who verified having the custody of her minor children, and likewise stated that the father of the children had called to threaten her, and she had therefore decided to change domicile and telephone number, for which reason the United States authorities state that for the safety and well-being of the family they are not authorized to reveal their whereabouts. Therefore, based on the provisions of article 208 and 209 of the Federal; Criminal Procedures Code, it is attested to having seen this document and that it be attached to the files for all corresponding legal purposes.————

———— THE FOREGOING WAS RESOLVED AND SIGNED BY THE C. ATTORNEY LETICIA GALVAMN ORTEGA, AGENT FOR THE PUBLCI MINISTRY OF THE FEDERATION ATTACHED TO THE UNIT SPEVIALIZING IN THE INVESTIGATION OF

CHILD TRAFFICKING, UNDOCUMENTED PERSONS AND AGENCIES, ACTING LAWFULLY WITH ATTENDING WITNESSES WHO SIGN AND ATTEST BELOW.————————
————————————————————————————WE ATTEST————————————————————————

(ILLEGIBLE SIGNATURE)

| Attending Witness | Attending Witness |
|---|---|
| (ILLEGIBLE SIGNATURE) | (ILLEGIBLE SIGNATURE) |
| ATTORNEY MARTIN MARIN COLIN | C. HUGO GARCIA REYES |

**EXHIBIT 23**

*In the top left corner, the Great Seal of Mexico, followed by Office of the Attorney General for the Republic. In the left and lower center margins, illegible stamps.*

**FEDERAL INVESTIGATION AGENCY**
**DIRECTORATE-GENERAL FOR INTERNATIONAL**
**POLICE MATTERS AND INTERPOL**

Official communication DGAPII/3818/04/0550/04-AAH

Mexico, Federal District, April 12, 2004

**Attorney Martin Marin Colin**
**Agent for the Public Ministry of the Federation**
**Unit Specializing in the investigation of Child**
**Trafficking, Undocumented Persons and Agencies**
**P r e s e n t.**

Allow me to refer to your official communication number UEITMIO/164/04, under cover of which you requested the collaboration of this Directorate-General for the purpose of verifying whether the minor children ███████████████████████████ ██████████████ together with their mother *Maria del Rosario Moreno Vazquez*, reside in the United States of America.

In this respect, allow me to advise you that this Administrative Unit possesses an administrative file in connection with the location of the minor children ██████████ which was opened on March 2 this year, by reason of the petition filed in this Office by C. *Fernando Castillo Tapia*, the children's father, who declared that he presumed his children has been transferred to the United States of America by their mother *Maria del Rosario Moreno Vazquez*.

In view of the foregoing, this Office commenced the corresponding investigations and managed to find that the children and their mother landed in the City of Atlanta, Georgia, United States of America on February 27, 2004, via flight 636 of the airline Aeromexico, for which reason contact was made with Interpol-Washington for the purpose of requesting their collaboration in locating Mrs. *Maria del Rosario Moreno* and her minor children ███████████████████████████

On March 26 last, Interpol-Washington informed this Administrative Unit that the Alabama State Police sent an investigating agent to interview Mrs. *Maria del Rosario Moreno*, who verified having the custody of her minor children, and likewise stated that the father of the children had called to threaten her, and she had therefore decided to change domicile and telephone number, for which reason the United States authorities state that for the safety and well-being of the family they are not authorized to reveal their whereabout.

The foregoing is based on the provisions of articles 21 and 102, part "A", of the Political Constitution of the United Mexican States, article 4, section IV, of the Organic Law of the Office of the Attorney General for the Republic and 84 of its Regulations; as well as in Resolution A/009/92 issued by the Attorney General for the Republic.

I take advantage of this opportunity to send you cordial greetings.



**Yours Truly**
**Effective Suffrage. No Reelection.**
**The C. Agent for the Public Ministry of the Federation Attached**

**(Illegible signature)**
**Attorney Martin Marin Colin**

**EXHIBIT 24**

*In the top left corner, the Great Seal of Mexico, followed by Office of the Attorney General for the Republic. In the mid left margin, an illegible stamp.*

## OFFICE OF THE ASSISTANT ATTORNEY GENERAL FOR
## SPECIALIZED INVESTIGATION IN ORGANIZED CRIME

### PGR/SIEDO/UEITMIO/013/04

### RECEIPT OF DOCUMENT

———— In Mexico, Federal District, on the 20 twentieth of April 2004, two thousand and four.

———— ACCEPT.- as received: I.- Control of correspondence sheet of the Directorate General of Material Human Resources, dated the 20th of this month and year, addressed to Attorney Martin Marin Colin, Agent for the Public Ministry of the Federation attached to the Unit Specializing in Child Trafficking, Undocumented Persons and Agencies, under cover of which an envelope from the Ministry of Foreign Affairs was forwarded. II.- Yellow envelope addressed to Attorney Martin Marin Colin, Agent for the Public Ministry of the Federation and, as sender, Attorney Humberto A. Lugo Guerrero, Delegations Standardization Director, which contains the following. III.- Official communication number DGD-A DNO1648, RESERVED, DATED April 14 of the current year, addressed to Attorney Martin Marin Colin, Agent for the Public Ministry of the Federation attached to the Unit Specializing in Child Trafficking, Undocumented Persons and Agencies, Office of the Attorney General for the Republic, , document signed by Attorney Humberto Lugo Guerrero, Standardization Director, document which reads> "...Further to your official communication number UEITMIO/163/04 dated March 29, received at this Directorate General on the 5th of the same month and year, I forward a certified copy of the documents on which issue of a passport in the name of the following persons was based: ▮▮▮▮ MARIA DEL ROSARIO MORENO VAZQUEZ a) Certified copy of the application for a Mexican passport in favor of MARIA DEL ROSARIO MORENO VAZQUEZ, with black and white photograph; illegible copy of passport, number 6706408  b) Certified copy of the application for a n ordinary Mexican passport in favor of ▮▮▮▮▮▮ ▮▮▮▮▮ with black and white photograph together with finger prints, document reading PERMISSION GRANTED BY THE PARENTS OR PERSONS EXERCISING PATRIA POSTESTAS OR GUARDIANSHIP, FOR ISSUE OF THE PASSPORT, where the details of father or guardian read: as father an x, where to carry out the process identification is given by the document of passport number 03340032358, reading issued by the Ministry of Foreign Affairs Date 06, 11 and 2003, and a paraph, together with the prints of the left and right index fingers, together with the same details for the mother or guardian, who identified herself with passport number 0335006604, issued by the Ministry of Foreign Affairs, showing the date of day 22, month 09 and year 2003, a paraph, and prints of the left and right index fingers, a copy of the Birth Certificate, reference number EDL 129405 issued in favor of ▮▮▮▮▮▮▮▮ with registration date 03 three of the ninth month in the year 1989 one thousand nine hundred and eighty nine, copy of the passport in favor of CASTILLO TAPIA JOPSE FERNANDO, date of issuer 26 twenty sixth of November ion the year 2003 two thousand and three, expiry date 6 six of November 2013, passport number 033440032358, copy of passport in favor of MARIA DEL ROSARIO MORENO VAZQUEZ, date of issue 22 twenty second of September 2003 two thousand and three and expiry date twenty second 22 of September 2004 two

thousand and four,  c) Certified copy of the application for an ordinary Mexican passport in favor of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, with black and white photograph and her finger prints, , document reading PERMISSION GRANTED BY THE PARENTS OR PERSONS EXERCISING PATRIA POSTESTAS OR GUARDIANSHIP, FOR ISSUE OF THE PASSPORT, where the details of father or guardian read: as father an x, where to carry out the process identification is given by the document of passport number 03340032358, reading issued by the Ministry of Foreign Affairs Date 06, 11 and 2003, and a paraph, together with the prints of the left and right index fingers, together with the same details for the mother or guardian, who identified herself with passport number 0335006604, issued by the Ministry of Foreign Affairs, showing the date of day 22, month 09 and year 2003, a paraph, and prints of the left and right index fingers, a copy of the Birth Certificate, with folio A2929095, issued in favor of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

one thousand nine hundred and ninety four, copy of passport in favor of ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮DATE OF ISSUE 17 SEVENTEENTH OF December in the year 1997 one thousand nine hundred and ninety seven expiring on the 17 seventeenth of December 2002 two thousand and two, with passport number 9738005311;  copy of the passport in favor of CASTILLO TAPIA JOSE FERNANDO, with passport number 03340032358, in force, and copy of the passport of MARIA DEL ROSARIO MORENO VAZQUEZ, date of issue 22 twenty second of September 2003 two thousand and three, expiry date 22 twenty second of September 2004 two thousand and four, therefore based on the provisions of articles 208 and 209 of the Federal Criminal Procedures Code, it is attested to having seen these and ordered they be attached to the files for all corresponding legal purposes.———

——— HAVING SEEN.  The present status of the investigations in question and as show by the files, passports exist issued in favor of the minor children ▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮y the Ministry of Foreign Affairs, and that these were processed by the parents of the children since it can be seen that signature, finger print and copy of passport in favor of the accuser Mr. JOSE FERNANDO CASTILLO TAPIA exist, the accuser should appear as soon as possible to clarify or explain whether he signed said document, or how Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ was able to obtain same, therefore based on the provisions of articles 73, it should be and is.———

————————————RESOLVED————————

——— FIRST..- An official communication should be issued summoning JOSE FERNANDO CASTILLO TAPIA, as accuser, to appear before this Social Representation of the Federation to explain whether he was aware that passports had been issued for his minor children and whether he authorized said issue, and how a passport in his favor was presented since he declared in his denouncement that he had not granted permission to transfer them from one country to another.———

——— SECOND.- those arising from the foregoing.———

——— IT WAS THUS RESOLVED AND SIGNED BY THE ATTORNEY LETICIA GALVAN ORTEGA, AGENT FOR THE PUBLIC MINISTRY OF THE FEDERATION ATTACHED TO THE UNIT SPECIALIZING IN THE INVESTIGATION OF CHILD TRAFFICKING, UNDOCUMENTED PERSONS AND AGENCIES, ACTING LEGALLY WITH ASSISTING WITNESSES WHO SIGN AND ATTEST BELOW.———

————————————WE ATTEST————————

(illegible signature)

| Attending Witness | Attending Witness |
| --- | --- |
| (ILLEGIBLE SIGNATURE) | (ILLEGIBLE SIGNATURE) |
| ATTORNEY MARTIN MARIN COLIN | C. HUGO GARCIA REYES |

**EXHIBIT 25**

*In the left margin, a stamp containing the Great Seal of Mexico and reading: Ministry of Foreign Affairs - MEXICO*

**SRE**

**Ministry of Foreign Affairs**     **APPLICATION FOR ORDINARY MEXICAN PASSPORT**

First    Exchange X    Period of effect 1 year X  6 years  10 years
(illegible text)

Personal Data of the Applicant

1.  (illegible)

9 7 3 6 00  5 3 1 0 8   M O V R G  0 9 2 7 M D F R Z 5 0 0

2. Paternal surname          4. Maternal surname
   **MORENO**              **VAZQUEZ**

5. (illegible)          6.   (illegible)
**MARIA DEL ROSARIO**    27  09  1 9 6 1    m. F.X

MÉXICO, D.F.    D.F.

(illegible format)



11. domicile              (illegible)

**NAUCALPAN**           **STATE OF MÉXICO**

5344-1238           5255-5346

name: MORENO    RUBIALES    ENRIQUE    MEXICAN

VAZQUEZ    SAUCEDO    MARIA ELENA    MEXICAN

(illegible format)

MARIA ELENA VAZQUEZ SAUCEDO

TLALNEPANTLA DE BAZ, STATE OF MEXICO,   SEPTEMBER 19

(illegible signature)    (illegible photograph)

SIX FINGER PRINTS.

**EXHIBIT 26**

*THIS PAGE CONTAINS THE REPRODUCTION OF TWO PAGES FROM A PASSPORT, THE FIRST OF WHICH IS COMPLETELY ILLEGIBLE. FROM THE SECOND ONE CAN READ:*

**UNITED MEXICAN STATES**
(illegible)

**MORENO**

VAZQUEZ

(photograph of a person of the feminine sex)

MARIA DEL ROSAIO

MEXICAN

MEXICO, FEDERAL DISTRICT

17 DECEMBER  97

NAUCALPAN, MEX.

**EXHIBIT 27**

*In the left margin, a stamp containing the Great Seal of Mexico and reading: Ministry of Foreign Affairs – MEXICO*

**SRE**
MINISTRY OF FOREIGN AFFAIRS

### APPLICATION FOR ORDINARY
### MEXICAN PASSPORT (OP-5)

First   Exchange X   Effect: 1 year   5 years X   10 years      Application No. 6290

Before completing the present passport application, read its contents carefully.

Complete the data requested or coss the corresponding square in each case, respecting the space given, above all those for signature.

Note: The present application should be completed in black ink and block letters

Place and date: Naucalpan, State of Mexico, February 16, 2004

1. No. of previous passport (if exchanged)   1. CURP
        9 7 3 8 0 0 5 3 1 1 0



3. Paternal surname                          4. Maternal surname

5. Name(s)                        6. Date of birth              7. Sex
                                                        Masculine  Feminine

8. Born in
a)    Federative entity                b) Municipality
      MEXICO                             FEDERAL DISTRICT

Identification presented     PASSPORT

Domicile              inside #      Colony and postal code
(illegible)                        LOMAS VERDES
                                    State or country
                                    MÉXICO

                                        FIELDS OF CONTROL
                                        (illegible entries)

(illegible(        Work

In case of accident or death notify:
MARIA DEL ROSARIO MORENO VAZQUEZ
With domicile at

I declare under protest of stating the truth and knowing the penalties incurred by those committing perjury in the terms of applicable criminal; provisions, that I am Mexican, that the information given in this application is true and that the documents presented are authentic and legal.

Signature in accordance with the data contained
In the passport on receiving same          Signature of the applicant

                                                    (photograph
                                                    of a boy)

FINGER PRINTS

Left index finger   left index finger   left index finger   right index finger   right index finger
right index finger

This format can be freely reproduced

**EXHIBIT 28**

OP-7

### PERMISSION GRANTED BY THE PARENTS OR PERSONS EXERCISING PATRIA POTESTAS OR GUARDIANSHIP, FOR PASSPORT ISSUE

COMMENTS _____

_____

PLACE AND DATE _____

WE THE UNDERSIGNED, PARENTS AND/OR GUARDIANS OF THE MINOR CHILD_____ HEREBY DECLARE, FOR THE EFFECTS OF ARTICLE 14 OF THE PASSPORT REGULATIONS AND 15 OF THE REGULATIONS TO THE GENERAL POPULATION LAW PRESENTLY IN FORCE, THE CONSENT IN ORDER FOR OUR MINOR SON/DAUGHTER TO LEAVE THE TERRITORY OF THE MEXICAN REPUBLIC, AND THEREFORE ASK THAT AN ORDINARY PASSPORT BE ISSUED UNDER THE NAME APPEARING IN FORM OP-5 OF THE PRESENT APPLICATION, WITH A PERIOD OF EFFECT OF_____ IT BEING UNDERSTOOD THAT SAID DOCUMENT WILL ONLY BE ISSUED FOR A MAXIMUM OF 12 MONTHS FOR CHILDREBN OF THREE YEARS OF AGE.

_____ AND _____
(FATHER OR GUARDIAN)              (MOTHER OR GUARDIAN)

| DETAILS OF THE FATHE R OR GUARDIAN | DETAILS OF THE MOTHER OR GUARDIAN |
|---|---|
| As father   X          as guardian | as mother X          as guardian |
| For the present process I identify myself with | For the present process I identify myself with |
| The following document **PASSPORT** | the following document **PASSPORT** |
| No.   03_40032358 | No.   03350056604 |
| Issued by the \|Ministry of Foreign Affairs | Issued by the Ministry for Foreign Affairs |
| Dated     06    11    2003<br>Day   month   year | Dated     22    09    2003<br>day   month   year |
|  | (illegible signature) |
| FINGERPRINTS<br><br>LEFT INDEX FINGER    RIGHT INDEX FINGER<br><br>(FINGERPRINT)        (FINGERPRINT) | FINGERPRINTS<br><br>LEFT INDEX FINGER    RIGHT INDEX FINGER<br><br>(FINGERPRINT)        (FINGERPRINT) |



**EXHIBIT 29**

*THIS PAGE CONTAINS THE REPRODUCTION OF TWO PAGES FROM A PASSPORT, THE FIRST OF WHICH IS ILLEGIBLE APART FROM THE NUMBER: F 5561951.*
*FROM THE SECOND ONE CAN READ:*

**PASSPORT**          **UNITED MEXICAN STATES**

**Type P**          Code of issuing country **MEX**          Passport No.03340032358

                    Surnames
                    **CASTILLO TAPIA**

(photograph of a
person of the          Names
masculine sex          **JOSE FERNANDO**

                    Nationality                    Comments
                    **MEXICAN**

                    Date of birth                    CURP
                    ▇▇▇1958                    CATF581026HDFSPR09

                    Sex          Place of birth
                    **M.**          MEXICO, FEDERAL DISTRICT

                    Date of issue          Authority
                    06 11 2003          (illegible signature)

                    Expiry date
                    06 11 2013          **CUAUHTEMOC**

**SIGNATURE OF HOLDER**
(illegible signature)

P < MEXCASTILLO < TAPIA < <JOSE <FERNANDO<<<<<<<<<<<<<<<<<<<<<<<<<
3400323333588MEX5810262M1311060<<<<<<<<<<<<<<<<<<<<<<<<<<<<<<<<06

**EXHIBIT 30**

*In the left margin, a stamp containing the Great Seal of Mexico and reading: Ministry of Foreign Affairs - MEXICO*

**SRE**
**MINISTRY OF FOREIGN AFFAIRS**
### APPLICATION FOR ORDINARY
### MEXICAN PASSPORT (OP-5)

First   Exchange X   Effect: 1 year    5 years X    10 years      Application No. 6290

Before completing the present passport application, read its contents carefully.

Complete the data requested or cross the corresponding square in each case, respecting the space given, above all those for signature.

Note: The present application should be completed in black ink and block letters

Place and date: Naucalpan, State of Mexico, February 16, 2004

1. No. of previous passport (if exchanged)              1. CURP
         9 7 3 8 0 0 5 3 1 1 1                       150570294021956

3. Paternal surname                          4. Maternal surname
   CASTILLO                                     MORENO

5. name(s)                          6. Date of birth              7. Sex
                                                          Masculine  Feminine x

8. Born in
a)  Federative entity                b) Municipality
       MEXICO                            FEDERAL DISTRICT

Identification presented
PASSPORT

Domicile                    inside #        Colony and postal code
(illegible)                              ₹ LOMAS VERDES
                                           State or country
                                           MÉXICO

                                                  FIELDS OF CONTROL
                                                   (illegible entries)

(illegible(        Work

In case of accident or death notify:
MARIA DEL ROSARIO MORENO VAZQUEZ
With domicile at

I declare under protest of stating the truth and knowing the penalties incurred by those committing perjury in the terms of applicable criminal; provisions, that I am Mexican, that the information given in this application is true and that the documents presented are authentic and legal..

Signature in accordance with the data contained
in the passport on receiving same                Signature of the applicant
                                                 (photograph Maria de Fatime Castillo
                                                   Moreno   of a girl)

FINGER PRINTS

Left index finger   left index finger   left index finger    right index finger   right index finger
right index finger

This format can be freely reproduced

**EXHIBIT 31**

OP-7

**PERMISSION GRANTED BY THE PARENTS OR PERSONS EXERCISING
PATRIA POTESTAS OR GUARDIANSHIP, FOR PASSPORT ISSUE**

COMMENTS_____

PLACE AND DATE _____

WE THE UNDERSIGNED, PARENTS AND/OR GUARDIANS OF THE MINOR
CHILD_____ HEREBY DECLARE, FOR THE EFFECTS OF
ARTICLE 14 OF THE PASSPORT REGULATIONS AND 15 OF THE REGULATIONS TO
THE GENERAL POPULATION LAW PRESENTLY IN FORCE, THE CONSENT IN
ORDER FOR OUR MINOR SON/DAUGHTER TO LEAVE THE TERRITORY OF THE
MEXICAN REPUBLIC, AND THEREFORE ASK THAT AN ORDINARY PASSPORT BE
ISSUED UNDER THE NAME APPEARING IN FORM OP-5 OF THE PRESENT
APPLICATION, WITH A PERIOD OF EFFECT OF_____ IT BEING UNDERSTOOD
THAT SAID DOCUMENT WILL ONLY BE ISSUED FOR A MAXIMUM OF 12 MONTHS
FOR CHILDREBN OF THREE YEARS OF AGE.

_____ AND _____
        (FATHER OR GUARDIAN)                    (MOTHER OR GUARDIAN)

| DETAILS OF THE FATHER OR GUARDIAN | DETAILS OF THE MOTHER OR GUARDIAN |
|---|---|
| As father  X          as guardian | as mother  X          as guardian |
| For the present process I identify myself with | For the present process I identify myself with |
| The following document PASSPORT | the following document PASSPORT |
| No.  0340032358 | No.  03350056604 |
| Issued by the |Ministry of Foreign Affairs | Issued by the Ministry for Foreign Affairs |
| Dated      08    11    2003<br>            Day   month   year | Dated      22    09    2003<br>            day   month   year |
| FINGERPRINTS | FINGERPRINTS |
| LEFT INDEX FINGER   RIGHT INDEX FINGER | LEFT INDEX FINGER   RIGHT INDEX FINGER |
| (FINGERPRINT)       (FINGERPRINT) | (FINGERPRINT)       (FINGERPRINT) |

**EXHIBIT 32**

*In the left margin, a stamp containing the Great Seal of Mexico and reading: Ministry of Foreign Affairs - Mexico.*

TWO PAGES FROM A PASSPORT, THE FIRST READING:
Should the bearer of this passport require the assistance or protection of the Mexican Government, it is recommended they go to the nearest diplomatic or consular office. For their protection write below the name of a person who can be notified in case of emergency.

NAME   MARIA DEL ROSARIO MORENO
ADDRESS:
FEDERATIVE ENTITY   State of Mexico

DOMICILE OF BEARER
Address
Federative Entity:  State of Mexico

(thumb print)
Signature of Bearer
This passport is valid for all countries.

SECOND PAGE:

PASSPORT                    UNITED MEXICAN STATES

Type  P            Code of issuing country MEX        Passport No.97380053111

Surnames

(photograph of a      NAMES
small girl)

Nationality                            Comments
MEXICAN

Date of birth
994

Sex         Place of birth
F           MEXICO, FEDERAL DISTRICT

Date of issue             Expiry date
17 DECEMBER 1997          17 DECEMBER 2002

Authority
NAUCALPAN, MEX.                      4

P < MEXCASTILLO                          <<<<<<<<<<<<<<<<<<<
3800531114MEX9410109F0212171 <<<<<<<<<<<<<<<<<<<<<<<<<<<<<8

**EXHIBIT 33**

*In the top left corner, the Great Seal of Mexico, followed by the words: Office of the Attorney General for the Republic.*
*In the left margin, an illegible stamp containing the Great Seal of Mexico.*

### OFFICE OF THE ASSISTANT ATTORNEY GENERAL SPECIALIZING IN ORGANIZED CRIME

### APPEARANCE OF: JOSE FERNANDO CASTILLO TAPIA

———— In the City of Mexico, Federal District, it being 10:00 ten hours on the 23 twenty third day of April 2004 two thousand and four, C. JOSE FERNANDO CASTILLO TAPIA appeared voluntarily before the undersigned Attorney LETICIA GALVAN ORTEGA, Agent of the Public Ministry of the Federation attached to the Unit Specializing in the Investigation of Child Trafficking, Undocumented Persons and Agencies, acting legally with assisting witnesses who sign and attest below, and identified himself with Voter's Credential number 289202647907 issued by the Federal Electors' Institute , containing a colour image with the name JOSE FERNANDO CASTILLO, with domicile at C. Sutza, Colonia Mexico 68 53260, Naucalpan, Mexico, containing an imagine coinciding with the physiognomic traits of the person appearing, document which is recorded and returned to the holder at his request, in the absence of any legal impediment thereto, ordering that a certified copy be placed on file the person appearing is then advised of the penalties applicable by Law to the persons who commit perjury before an authority other than judicial in the exercise of duty in the terms of articles 247 of the Federal Criminal Code and 247 of the Federal Criminal Procedures Code; and is also advised of his right under article 127 bis of the last legal ordinance invoked, in the sense that he is to take part and, with regard to his right, declares that he reserves the right to appoint a lawyer since this convenes his interests, therefore in the present act and speaking, he declares: ————
————That his name is as hereinabove written, that he is 45 years of age, civil status single, occupation professor, level of education incomplete post-graduate, religion Catholic, with domicile at Naranjos street number 1, fraccionamiento Jardines de San Mateo in Naucalpan, State of Mexico, and in connection with the facts hereby declares as follows:————————————————————————————————
—————————————STATEMENT:—————————
———— That in connection with the summons of April 21 this year, issued by this Social Representation of the Federation, in which I am asked to advise this authority whether I was aware that passports had been issued to my minor children and issue, therefore the deponent declares that as he mentioned during is appearance on the 22 twenty second of March this year before Attorney Martin Merin Colin, Agent for the Public Ministry, I gave no authorization to be issued in favor of the children, therefore at this moment the documentation remitted by the Ministry of Foreign Affairs is placed before him, giving the name and signature of the person requesting issue of the passports in favor of the children ▮▮▮▮▮▮▮▮▮▮▮▮▮o, together with a copy of the passport containing the name of JOSE FERNANDO CASTILLO TAPIA, who supposedly authorized the issue of said document, therefore the dent, after checking the documents on file, states that he does a not know who signed on his behalf, nor does he know who the fingerprint appearing on both applications for the children belongs and, therefore, that he was not physically present to present the application or sign or authorize the issue of the passports for his minor children, clarifying that he only recognizes that the copy of the passport in favor of the child MARIA FATIMA CASTILLO MORENO, date of issue 17 seventeenth of December in the year 1997, one thousand nine hundred and ninety seven, was processed together with Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ at that time, and he there for signed in his handwriting. In the same way he states that the handwriting contained in the applications is that of Mrs. MAIA DEL ROSARIO MORENO VAZQUEZ, mentioning that he remembers that some days before his children were taken by their mother, he stated that his passport was kept in the bedroom of his private residence and that he found it in a different place but did not think it important, but that his son named ▮▮▮▮▮▮▮▮▮▮▮ad copies f the keys to his house, and he therefore thinks that his son or daughter or the children's have taken is passport and returned it to its place, since they had access to the house of the deponent and since the latter, for reasons of work, is not at home during the day, he did not know when it could have been taken but that he did not know that it had been utilized to process the issue of passports in favor of the children. In the same way he mentions that as regards the statement contained in the INTERPOL document dated April 12 this year, he only accepts this in part since effectively I presented myself to ask for help, since i

imagined that my children had been taken out of the country by Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ, as I also indicated before the Public Ministry for the State of Mexico on the day I discovered that my children were no longer living at the house in Plaza de San Jorge 15, Alteña Two in Lomas Verdes, considering that some months MARIA DEL ROSARIO MORENO told him that she had married a person called RONALD COONLEY, of American nationality, and that she was taking of taking her children to live in the United States, and he had therefore told her that he was not in agreement in her taking the children and that he would not give them permission to go at that time, since Mrs. MARIA ROSARIO MORENO had told hi that she had met Mr. COONLEY through the Internet, and that he knows that this is her second marriage after his which she enters into with people she meets through the Internet, and that he did not comment on the matter again with Mrs. ROSARIO MORENO until he learned from his son's schoolmates that ██████ was going to live in the city of Salem, Alabama, and he remembered the conversation he had had with Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ, and he therefore thinks that she took them abroad, forging his signature. Therefore at this time, taking as grounds the provisions of Constitutional article 8 and 270 of the Federal Procedures Code, I ask you most attentively to issue at my expense a certified copy of the appearance of Mrs. MARIA ELENA VAZQUEZ SAUCEDO on the 07 of April this year, together with a cop from Interpool dated April 12 this year, since the deponent impugned civil proceedings against Maria del Rosario Moreno Vazquez by reason of the subtractions of my minor children, since said documents are useful for the family dispute action big heard before the Tenth Family Court in the Federal District. He therefore authorizes the Attorney Jorge Ivan Gutierrez Guerrero to collect them in his name for presentation in said action. That that is all he wishes to declare, therefore in reply to questions put to in by this Social Representation of the Federation, he declares that he wishes to reply to same, therefore to the FIRST.- That the speaker state whether he has his passport which he wes previously asked to show under the summons, and whether he can show same, Reply yes, and he leaves a laser copy of same. SECOND.- That the speaker state whether he knows where his minor children ██████████████████████, are physically to be found, Reply that he does not know the place, he only believes that they are at the domicilies he mentioned in his statement dated March 22 this year, delivering copies of the Internet information to be attached to the file, that on one occasion he sent a letter via the company DHL which was returned to him because the domicile was not correct. THIRD.- For the speaker to say whether he has maintained contact by any mans of communication with his minor children. Reply That he has sent messages to his son's mail which is ██████████████ and ██████████████ sce tey were taken but to date he has not replied, with regard to his daughter he has not been able to enter into communication with her, FOURTH.- For the speaker to say whether he has been in communication with Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ and, if so, since when. Reply I have neither seen nor been in contact with her and to date I know nothing of her, nor has she contacted me, nor I since I do not know where to look for her, since even though I obtained some addresses from the Internet of her supposed husband I do not know the correct address. FIFTH.- For the speaker to say whether Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ possess a court order on the full custody of her many-times mentioned minor children. Reply That there is only one court order from the year 1991, which has not to date been modified, where the Tenth Judge for Family Matters with residence in the Federal District resolved to grant joint custody of ██████████████████████ but the *patria potestad* is exercised by both parents. With regard to my daughter ██████, nothing has been declared since at that time she had not yet been born, therefore both of us exercise custody and the *patria potestad* , documents already held on file and which I presented. SIXTH.- For the speaker to declare whether he is willing for writing and fingerprint tests to be made to verify his statement. Reply: Yes, since he neither signed nor affixed his finger print. That is all he wishes to declare. ————

Therefore, after reading his statement, he ratified its contents in all and every one of their parts since they contain the truth of the events, a statement rendered without physical, moral nor psychological coertion, those intervening therein signing in due legal verification.————

WE ATTEST:

**THE PERSON APPEARING**
(illegible signature)
**JOSE FERNANDO CASTILLO TAPIA**

**Attending Witness**
(illegible signature)
**ATTORNEY MARTIN MARIN COLIN**

**Attending Witness**
(illegible signature)
**C. HUGO GARCIA REYES**

**EXHIBIT 34**

**US SEARCH**
A FIRST ADVANTAGE COMPANY

| Consumer Services | Business Services |

**The Worldwide Leader in Public**
SECURE AND CONFIDENTIAL BACKG
AND CRIMINAL RECORDS SERV

Home
All Products
People Search
Background Search
Court Records
Searches About Me

**Begin your Search - Enter the last known information on the person you are s**

| First Name | Middle Initial | Last Name(req) | Se |
| ronald | | coonley | |
| City | State | Approx. Age (req) | |
| salem | Alabama | | |

**Select the person you are searching for:**

*GUARANTEE: NO

**Search Results - 1 Records Found**                                    View

Option 1 - Click on the name to get the current or historical address. (From $9.95

| # | Name | City | Sta |
| 1 | RONALD F COONLEY | SALEM | Al |

**Need Help?**
Having trouble selecting the right record? Let a US SEARCH specialist run your sear

Let a US SEARCH expert run my search

Need Reunion Stories!

Get Special Discounts.
Enter Your E-mail:
[ ] Go

Need Expert Assistance?
**1-800-US-SEARCH**
(1-800-877-3272)
Additional charges may apply

**More Searches For:**

"Ronald Coonley"
-Criminal Records

-Property Ownership

-Basic Background

-More...

© US SEARCH.com In
2001-2004 All Rights Re

JOE LA RE
REINVEST
DELINEUE
RADA
ROX INVESTY- ION
DE MARO
JOE Y OSCA

Home | Contact Us | FAQs | Privacy | Security | About Us | Success Stories

http://preview.ussearch.com/preview/preview.jsp?isnew=true&fc=Ecapturenewoff&TID...    23/04/2004

**Email Search Results**

Your Search: ronald coonley (Revise Search) or try Advanced)

Showing 1 - 2 of 2                    First | Previous | Next | Last

| Name | Location | Email |
|------|----------|-------|
| **Ronald Coonley**<br>More Info at US Search | Salem, AL<br>Add to Address Book | |
| **Ronald F Coonley**<br>More Info at US Search | Salem<br>Add to Address Book | |

Showing 1 - 2 of 2                    First | Previous | Next | Last

Public Records Search





http://email.people.yahoo.com/py/psSearch.py?srch=bas&D=1&FirstName=ronald+&La...    23/04/2004

# YAHOO! Correo

Imprimir - Cerrar ventana

**Fecha:** Fri, 19 Mar 2004 08:14:47 -0800 (PST)
**De:** results@ussearch.com
**A:** SIRGIGIO@YAHOO.COM
**Asunto:** Search Results for RONALD COONLEY

Using the search criteria you provided, we searched our network of public record databases to obtain your results. We are pleased to provide you with the initial results of your search. We will be sending you additional search results within 1 hour for rush orders, 24 hours for non-rush orders.

If you have any questions regarding your search results, click here or call us Toll Free at (877) 327-2450. Our Search Experts and Customer Service Agents are standing by to assist you.

Please click here to review our Permissible Use and Disclaimer Notice

## Expert Assisted Background

Search ID number:

Full Reported name:     RONALD F COONLEY

Reported Alias(es):

The following is a history of reported addresses for *RONALD F COONLEY*. In most cases the current address is the first or second reported address, however occasionally it may appear elsewhere in the list. When attempting to contact the individual, all addresses should be tried.

### Reported Address: 1 of 8

| | |
|---|---|
| STREET ADDRESS | |
| CITY | SALEM |
| STATE | AL |
| ZIP | |
| COUNTY | LEE |

**PHONE NUMBERS FOR THIS ADDRESS**
No Records

**PROPERTY OWNERSHIP**                                    What is this?
No Records Found

**INDIVIDUALS REPORTED AT THIS ADDRESS**
No Records

**POSSIBLE NEIGHBORS**
No Records Found

### Reported Address: 2 of 8

STREET ADDRESS
CITY                    SALEM
STATE                   AL
ZIP
COUNTY                  LEE

PHONE NUMBERS FOR THIS ADDRESS
No Records Found

PROPERTY OWNERSHIP                              What is this?
No Records Found

INDIVIDUALS REPORTED AT THIS ADDRESS

JOHN R. COONLEY



| ADDRESS | CITY | STATE | ZIP |
|---------|------|-------|-----|
| | SMITHS | AL | |
| | SMITHS STATION | AL | |
| | PHENIX CITY | AL | |
| | SALEM | AL | |
| | SMITHS STATION | AL | |
| | SMITHS | AL | |
| | PHENIX CITY | AL | |
| | SMITHS | AL | |
| | SMITHS STATIO | AL | |
| | SMITHS STATIO | AL | |
| | PHENIX CITY | AL | |
| | SALEM | AL | |
| | SMITHS | AL | |
| | SMITHS STA | AL | |

ROSE M. COONLEY

| ADDRESS | CITY | STATE | ZIP |
|---------|------|-------|-----|
| | AUBURN | AL | |
| | PHENIX CITY | AL | |
| | SALEM | AL | |
| | SALEM | AL | |
| | COLUMBUS | GA | |
| | PHENIX CITY | AL | |
| | PHENIX CITY | AL | |
| | AUBURN | AL | |
| | PHENIX CITY | AL | |
| | SALEM | AL | |
| | SALEM | AL | |
| | COLUMBUS | GA | |
| | PHENIX CITY | AL | |
| | PHENIX CITY | AL | |

RONALD P. COONLEY

| ADDRESS | CITY | STATE | ZIP |
|---------|------|-------|-----|
| | SALEM | AL | |
| | SALEM | AL | |
| | PHENIX CITY | AL | |



| | ALBANY | NY |
| | FAIRBANKS | AK |
| | FAIRBANKS | AK |
| | COLUMBUS | GA |
| | FT WAINWRIGHT | AK |

### ANETTE MOISTNER

| ADDRESS | CITY | STATE | ZIP |
| --- | --- | --- | --- |
| | SALEM | AL | |
| | SALEM | AL | |
| | DANIA | FL | |
| | DANIA | FL | |
| | HOLLYWOOD | FL | |
| | VIDALIA | GA | |
| | VIDALIA | GA | |

### JENNIFER COONLEY

| ADDRESS | CITY | STATE | ZIP |
| --- | --- | --- | --- |
| | SALEM | AL | |

### THERESA M. COONLEY

| ADDRESS | CITY | STATE | ZIP |
| --- | --- | --- | --- |
| | PHENIX CITY | AL | |
| | SALEM | AL | |
| | PHENIX CITY | AL | |
| | SALEM | AL | |

### MARTHA A. MOISTNER

| ADDRESS | CITY | STATE | ZIP |
| --- | --- | --- | --- |
| | SALEM | AL | |
| | SALEM | AL | |
| | VIDALIA | GA | |
| | VIDALIA | GA | |
| | SALEM | AL | |
| | SALEM | AL | |

**POSSIBLE NEIGHBORS**
No Records Found

Reported Address 3 of 8

| STREET ADDRESS | |
| --- | --- |
| CITY | PHENIX CITY |
| STATE | AL |
| ZIP | |
| COUNTY | RUSSELL |

**PHONE NUMBERS FOR THIS ADDRESS**
No Records Found

**PROPERTY OWNERSHIP**
No Records Found

What is this?



INDIVIDUALS REPORTED AT THIS ADDRESS

## LORI S. JACKSON

| ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| | PHENIX CITY | AL | |
| | PHENIX CITY | AL | |
| | BIRMINGHAM | AL | |
| | BIRMINGHAM | AL | |
| | PHENIX CITY | AL | |
| | PHENIX CITY | AL | |
| | BIRMINGHAM | AL | |
| | BIRMINGHAM | AL | |

## DEBORA L. BOWERS

| ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| | COLUMBUS | GA | |
| | PHENIX CITY | AL | |
| | PHENIX CITY | AL | |
| | PHENIX CITY | AL | |
| | COLUMBUS | GA | |
| | COLUMBUS | GA | |
| | PHENIX CITY | AL | |
| | PHENIX CITY | AL | |
| | PHENIX CITY | AL | |
| | COLUMBUS | GA | |

## TONYA D. TAYLOR

| ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| | PHENIX CITY | AL | |
| | CARTERSVILL | GA | |
| | COLUMBUS | GA | |
| | FORT BENNI | GA | |
| | CARTERSVILL | GA | |
| | COLUMBUS | GA | |
| | COLUMBUS | GA | |

## MICHAEL A. BOWERS

| ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| | COLUMBUS | GA | |
| | PHENIX CITY | AL | |
| | PHENIX CITY | AL | |
| | COLUMBUS | GA | |
| | COLUMBUS | GA | |
| | PHENIX CITY | AL | |
| | PHENIX CITY | AL | |
| | COLUMBUS | GA | |

## MICHAEL L. JACKSON

| ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| | PHENIX CITY | AL | |
| | PHENIX CITY | AL | |
| | BIRMINGHAM | AL | |
| | BIRMINGHAM | AL | |





**RONALD F. COONLEY**

| ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| | SALEM | AL | |
| | SALEM | AL | |
| | PHENIX CITY | AL | |
| | ALBANY | NY | |
| | FAIRBANKS | AK | |
| | FAIRBANKS | AK | |
| | COLUMBUS | GA | |
| | FT WAINWRIGHT | AK | |

**POSSIBLE NEIGHBORS**
No Records Found

Reported Address: 4 of 8

| STREET ADDRESS | | |
|---|---|---|
| CITY | ALBANY | |
| STATE | NY | |
| ZIP | | |
| COUNTY | ALBANY | |

**PHONE NUMBERS FOR THIS ADDRESS**
No Records Found

**PROPERTY OWNERSHIP**                                                What is this?

PRIMARY OWNER
OWNER ADDRESS
TELEPHONE
APN
Assessed Value

**INDIVIDUALS REPORTED AT THIS ADDRESS**

**MARK J. AMODEO**

| ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| | ALBANY | NY | |
| | ALBANY | NY | |
| | SCHENECTADY | NY | |
| | ALBANY | NY | |
| | ALBANY | NY | |
| | SCHENECTADY | NY | |

**ANGELA M AMODEO**

| ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| | LOUDONVILLE | NY | |
| | LOUDONVILLE | NY | |
| | ALBANY | NY | |
| | ALBANY | NY | |
| | ALBANY | NY | |
| | SCHENECTADY | NY | |
| | ALBANY | NY | |

44 FAIRFIELD AV.                          ALBANY              NY        

**SHELLEY RIVERS**
ADDRESS                                   CITY                STATE     ZIP
                                          CLIFTON PARK        NY
                                          ALBANY              NY
                                          LATHAM              NY
                                          SCHENECTADY         NY

POSSIBLE NEIGHBORS
No Records Found

Reported Address: 5 of 8

STREET ADDRESS          542 CRAIG
CITY                    FAIRBANKS
STATE                   AK
ZIP                     99701
COUNTY                  FAIRBANKS NORTH STAR

PHONE NUMBERS FOR THIS ADDRESS
No Records Found

PROPERTY OWNERSHIP                                            What is this?
No Records Found

INDIVIDUALS REPORTED AT THIS ADDRESS
DAVID J. WHARTON
ADDRESS                 CITY                STATE     ZIP
                        FAIRBANKS           AK

DANIEL S. GILBERT
ADDRESS                 CITY                STATE     ZIP
                        FAIRBANKS           AK
                        FAIRBANKS           AK
                        FAIRBANKS           AK
                        FAIRBANKS           AK
                        FAIRBANKS           AK
                        FAIRBANKS           AK

DOREN G. GILBERT
ADDRESS                 CITY                STATE     ZIP
                        FAIRBANKS           AK
                        FAIRBANKS           AK
                        FAIRBANKS           AK
                        FAIRBANKS           AK
                        FAIRBANKS           AK
                        FAIRBANKS           AK
                        NORTH POLE          AK

**POSSIBLE NEIGHBORS**
No Records Found



### Reported Address: 6 of 8

| | |
|---|---|
| STREET ADDRESS | |
| CITY | FAIRBANKS |
| STATE | AK |
| ZIP | |
| COUNTY | FAIRBANKS NORTH STAR |

**PHONE NUMBERS FOR THIS ADDRESS**
No Records Found

**PROPERTY OWNERSHIP**                                    What is this?
No Records Found

**INDIVIDUALS REPORTED AT THIS ADDRESS**
No Records Found

**POSSIBLE NEIGHBORS**
No Records Found

### Reported Address: 7 of 8

| | |
|---|---|
| STREET ADDRESS | |
| CITY | COLUMBUS |
| STATE | GA |
| ZIP | |
| COUNTY | MUSCOGEE |

**PHONE NUMBERS FOR THIS ADDRESS**
No Records Found

**PROPERTY OWNERSHIP**                                    What is this?
No Records Found

**INDIVIDUALS REPORTED AT THIS ADDRESS**

**RICHARD L.**

| ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| | COLUMBUS | GA | |
| | COLUMBUS | GA | |
| | COLUMBUS | GA | |
| | COLUMBUS | GA | |
| | COLUMBUS | GA | |

**JANE DUNCAN**

| ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| | COLUMBUS | GA | |

**KELVIN JONES**



**POSSIBLE NEIGHBORS**
No Records Found

Reported Address: 8 of 8

| | |
|---|---|
| STREET ADDRESS | |
| CITY | FT WAINWRIGHT |
| STATE | AK |
| ZIP | |
| COUNTY | FAIRBANKS NORTH STAR |

**PHONE NUMBERS FOR THIS ADDRESS**
No Records Found

**PROPERTY OWNERSHIP**
No Records Found

What is this?

**INDIVIDUALS REPORTED AT THIS ADDRESS**



DAVID P. ABARE

| ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| | OLD TO | FL | |
| | OLD TO | FL | |
| | FAIRB | AK | |
| | FORT WAINWRIGHT | AK | |
| | FAIRB | AK | |

BRIAN N. ALLEN-&CO, E

| ADDRESS PAN LL WARE | CITY | STATE | ZIP |
|---|---|---|---|
| | DETRO | MI | |
| | BINGH ARMS | MI | |
| | DETRO | MI | |
| | SOUTH | MI | |
| | FORT WAINWRIGHT | AK | |

KEITH L. ALLEN

| ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| | SAINT PE SBURG | FL | |
| | SAINT PE SBURG | FL | |
| | SAINT PE SBURG | FL | |
| | FORT WAINWRIGHT | AK | |

NANCY F. ALLMON

| ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| | MIAMI BEAC | FL | |
| | CLARKSVILL | TE | |
| | CLARKSVILLE | TN | |
| | FORT WAINWRIGHT | AK | |
| | PHILADELPHIA | TN | |
| | FORT WAINWRIGHT | AK | |

ANNE M. ALESHIRE

| ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| | | | |





**SALLY A. AASLAND**
ADDRESS

**CHARLES L. BARNES**
ADDRESS

**GREGORY L. ALLMON**
ADDRESS

**CHARLES O. ALLSBURG**
ADDRESS

**MARYLENE C. AGUILAR**

| CITY | STATE | ZIP |
|------|-------|-----|
| FT WAINWRIGHT | AK | |
| FORT WAINWRIGHT | AK | |
| FORT WAINWRIGHT | AK | |
| FAIRBANKS | AK | |
| FORT WAINWRIGHT | AK | |
| FORT WAINWRIGHT | AK | |
| FAIRBANKS | AK | |

| CITY | STATE | ZIP |
|------|-------|-----|
| REDFORD | MI | |
| WESTLAND | MI | |
| ANN ARBOR | MI | |
| FAIRBANKS | AK | |
| FT WAINWRIGHT | AK | |
| BOYNE CITY | MI | |
| FAIRBANKS | AK | |

| CITY | STATE | ZIP |
|------|-------|-----|
| NEW LONDON | CT | |
| ARLINGTON | GA | |
| APO | AE | |
| GAINESVILLE | GA | |
| FORT DIX | NJ | |
| FORT DIX | NJ | |
| ALBANY | GA | |
| FAIRBANKS | AK | |
| FORT WAINWRIGHT | AK | |
| FORT DIX | NJ | |
| ARLINGTON | GA | |

| CITY | STATE | ZIP |
|------|-------|-----|
| CLARKSVILLE | TN | |
| CLARKSVILLE | TN | |
| FORT WAINWRIGHT | AK | |
| MADISONVILLE | TN | |
| PHILADELPHIA | TN | |
| FORT WAINWRIGHT | AK | |
| PHILADELPHIA | TN | |

| CITY | STATE | ZIP |
|------|-------|-----|
| FT WAINWRIGHT | AK | |
| FORT WAINWRIGHT | AK | |
| FAIRBANKS | AK | |
| FORT WAINWRIGHT | AK | |
| FORT WAINWRIGHT | AK | |
| FORT WAINWRIGHT | AK | |
| FAIRBANKS | AK | |



| ADDRESS | CITY | STATE | ZIP |
|---------|------|-------|-----|
| | FAIRBANKS | AK | |
| | FORT WAINWRIGHT | AK | |
| | CHICAGO | IL | |
| | FAIRBANKS | AK | |

**POSSIBLE NEIGHBORS**
No Records Found

**POSSIBLE RELATIVES**

| NAME | ADDRESS | CITY | STATE | ZIP |
|------|---------|------|-------|-----|
| | | SMITHS | AL | |
| | | AUBURN | AL | |
| | | SALEM | AL | |
| | | SALEM | AL | |
| | | PHENIX CITY | AL | |
| | | COLUMBUS | GA | |

Supplemental Information

**NATIONAL DEATH INDEX**
No Records Found

**DRUG ENFORCEMENT AGENCY**
No Records Found

**FAA AIRMEN**
No Records Found

**FAA AIRCRAFT**
No Records Found

**COAST GUARD DOCUMENTED VESSELS**
No Records Found

**MARRIAGE INDEX (CA, TX, NV only)**          What is this?
No Records Found

**DIVORCE INDEX (TX, NV only)**               What is this?
No Records Found

**BANKRUPTCY, TAX LIENS, AND SMALL CLAIMS CIVIL JUDGMENTS INDEX**     What is this?
No Records Found

D.I.D: 4522455

Thanks again for making US SEARCH your trusted information partner! Sincerely,
US SEARCH

http://e1.f121.mail.yahoo.com/ym/ShowLetter?box=Inbox&MsgId=8276_1439078_5510...  23/04/2004

**EXHIBIT 35**

*In the top left corner, the Great Seal of Mexico, followed by the words: Office of the Attorney General for the Republic.*

*In the left margin, an illegible stamp containing the Great Seal of Mexico.*

### OFFICE OF THE ASSISTANT ATTORNEY GENERAL SPECIALIZING IN ORGANIZED CRIME

**P.I.PGR/SIEDO/UEITMIO/013/2004**

### RECEIPT OF DOCUMENT

―――― In the city of Mexico, Federal District, on the 23 twenty third of April 2004 two thousand and four.――――

―――― ACCEPT.- As received a document dated the 23 of the present month and year, addressed to the Attorney Leticia Galvan Ortega, Special Inspector for Child Trafficking attached to this Asistant Attorney-General's office, which is signed by Attorney Fernando Castillo Tapia, document reading "....Citizen Social Representative, Honorable Special Inspector, the Denouncer Att. FERNANDO CASTILLO TAPIA comes before you with all due respect and, in full accordance with law, declares: That by means of the present document I appear to ask that I be informed of the current legal position of this Investigation, since this information is required to file said information with the Tenth Family Court in the Federal District as Supervening Proofs in the Incident of Change of Custody within the main file number 785/91. In view of the foregoing, I respectfully ask YOU, HONORABLE AND JUST AGENT OF THE PUBLIC MINISTRY, taking as grounds the provisions of articles 1, 8, 35 section V of the Political Constitution of the United Mexican States, in concordance with the legal attributes conferred by the Organic Law of the Office of the Attorney General of the Republic, based on the legal principle of Don José Maria Morelos y Pavón which states....That every well founded complaint, will have a Tribunal to listen to, succour and protect same from unjust action....: FIRST.- To accept this document as presented, agreeing in conformity with what is asked ...", documents which it is attested to having seen and, based on the provisions of articles 208 and 209 of the Federal Civil Procedures Code, it is ordered be attached to their investigation for all corresponding legal purposes.――――

――――**TO BE COMPLIED WITH.**――――

―――― THE FOREGOING WAS RESOLVED AND SIGNED BY THE C. ATTORNEY MARTIN MARIN COLIN, AGENT FOR THE PUBLIC MINISTRY OF THE FEDERATION ATTACHED TO THE UNIT SPECIALIZING IN THE INVESTOGATION OF CHILD TRAFFICKING, UNDOCUMENTED PERSONS AND AGENCIES OF THIS ASSISTANT ATTORNEY GENERAL'S OFFICE, ACTING LEGALLY WITH ATTENDING WITNESSES WHO SIGN AND ATTEST BELOW. ――――

――――**W E A T T E S T.**――――



| Attending Witness | Attending Witness |
|---|---|
| (illegible signature) | (illegible signature) |
| C. EDUARDO ALVARADO TORRES | C. HUGO GARCIA REYES |

**EXHIBIT 36**

*In the top left corner, an emblem.  In the lower right corner, a stamp of receipt reading: P.G.R. ... APR. 23 2004 ...Office of the Assistant Attorney General of Investigation Specializing in Organized Crime. Clerk's Office, bearing the hand-written annotation "No attachment." Paraph.*

*(Letterhead of Business Lawyer Corporation)*

> **FILE. P.I. PGR/SIEDO/013/2004**
> **Investigation of Child Trafficking**
> **Attached to the S.I.E.D.O.of the P.G.R.**

**Distinguished Attorney**
**LETICIA GALVAN ORTEGA**
**H. SPECIAL INVESTOGATOR FOR CHILD**
**TRAFFICKING ATTACHED TO THE S.I.E.D.O**
**OF THE ATTORFNEY GENERAL´S OFFICE**
**FOR THE REPUBLIC**
**P R E S E N T**

Citizen Social Representative, Honourable Special Investigator, the denouncer **ATTORNEY FERNANDO CASTILLO TAPIA** appears before you with all due respect, and in the most correct form of law declares:

"That by means of the present document I appear to ask that I be informed of the current legal position of this Investigation, since this information is required to file said information with the Tenth Family Court in the Federal District as Supervening Proofs in the Incident of Change of Custody within the main file number 785/91".

Therefore, I respectfully ask that you, **HONOURABLE AND JUST AGENT OF THE PUBLIC MINISTRY**, taking as grounds the provisions of articles 1, 8, 35 section V of the Political Constitution of the United Mexican States, in concordance with the legal attributes conferred by the Organic Law of the Office of the Attorney General of the Republic, based on the legal principle of Don José María Morelos y Pavón which states....That every well founded complaint, will have a Tribunal to listen to, succour and protect same from unjust action....:, kindly:

**FIRST.-** Accept the present document as presented, resolving as requested what is asked.

**"FOR THE HONOUR OF JUSTICE AND TRUTH"**
**I ASK WHAT IS JUST**

**(Illegible signature)**
**ATTORNEY FERNANDO CASTILLO TAPIA**
**MEXICO, FEDERAL DISTRICT, APRIL 23, 2004**

**EXHIBIT 37**

53

*In the top left corner, the Great Seal of Mexico.*
*In the left margin, an illegible stamp containing the Great Seal of Mexico.*

## OFFICE OF THE ASSISTANT ATTORNEY GENERAL SPECIALIZING IN ORGANIZED CRIME

**PGR/SIEDO/UEITMIO/PI013/2004**

### *RESOLUTION ON PROCEEDINGS*

———— Mexico, Federal District, on the 23 twenty third of April 2004 two thousand and four.
———— **H A V I N G   S E E N.**- The current status of the present proceedings and taking into consideration the petition filed by the C. Fernando Castillo Tapia on this date, basing his right on Constitutional article 8 of the Federal Civil Procedures Code for him to be provided with a certified copy of the appearance of Mrs. MARIA ELENA VAZQUEZ SAUCEDO on April 07 this year, together with a copy of the official communication of Interpool dated April 12 this year, since the denouncer has impugned civil proceedings against Maria del Rosario Moreno Vázquez due to the removal of my minor children, since these documents are useful for the Family Controversy action currently being heard before the Tenth Family Court in the Federal District, authorizing the Attorney Jorge Iván Gutiérrez Guerrero to collect same in his name for presentation to said court, together with another written petition of this same date signed by the same FERNANDO CASTILLO TAPIA, asking to be informed of the current status of the present investigation , since this information is needed for presentation to the Tenth Family Court in the Federal District as Supervening Proofs in the Incident of Change of Custody within the main file number 785/91. It is therefore resolved to provide a certified copy solely and exclusively of the documents mentioned , adjusting this petition to the provisions of article 270 and 277 of the Federal Civil Procedures Code. It is therefore resolved that a certified copy be provided solely and exclusively of the documents mentioned for the purpose of presenting same to the Judge for Family Matters against MARIA DEL ROSARIO MORENO VAZQUEZ. The petitioner should also be informed as regards the legal situation of the investigation that, as he is aware, this is presently being integrated, and that he appeared to advise him that he had information on the issue of the passports to his min or children, whereby they had supposedly been issued with passports which, according to the records, had been authorized by the father , which matter was brought to his attention, when he declared that he does not know the signature nor the thumb print, therefore this is being incorporated to said investigation to resolve at the opportune moment of the process. ———

———— In view of the foregoing and based on the provisions of articles 8, 35 section V of the Political Constitution of the United Mexican States, 270 and 277 of the Federal Criminal Procedures Code, is should be and is now ————————————————
————————————————R E S O L V E D————————————————
———— **FIRST.**- The copies requested in his appearance and also under cover of a document dated April 23 this year should be issued, and C. FERNANDO CASTILLO TAPIA and/or ATTORNEY JORGE IVAN GUTIERREZ GUERRERO should also be notified as to the contents of the present resolution, recording who receives the certified copies since the petitioner mentions to whom the copies he requested should be delivered.
———— **SECOND.**- The necessary action should be taken to comply with this resolution.———
————————————————TO BE COMPLIED WITH————————————————

54

The foregoing was resolved and signed by Attorney LETICIA GALVAN ORTEGA, Agent for the Public Ministry of the Federation attached to the Unit Specializing in Investigation of Child Trafficking, Undocumented Persons and Agencies, who acts legally with attending witnesses who sign and attest below. ————————————————————————
————————————————————WE ATTEST————————————————————
(illegible signature)


| Attending Witness | Attending Witness |
|---|---|
| (illegible signature) | (illegible signature) |
| HUGO GARCIA REYES | ATTORNEY MARTIN MARIN COLIN |


Record of placing notification in the Courtrooms of the Building located at Reforma No. 23, ground floor.


Following and on the same date, the personnel on duty of the Public Ministry hereby **PLACE ON RECORD** that compliance was given to the preceding resolution, giving notification by courtroom placement on the notice board located next to the elevators of the building located at Reforma number 23, ground floor. **DULY RECORDED.**————————

| Attending Witness | Attending Witness |
|---|---|
| (illegible signature) | (illegible signature) |
| HUGO GARCIA REYES | ATTORNEY MARTIN MARIN COLIN |

**EXHIBIT 38**

*In the lower right corner, a stamp of receipt reading 028  P.G.R. APRIL 26 2004 – Office of the Assistant Attorney General for Investigation Specializing in Organized Crime, clerk´s office.*

(LETTERHEAD OF AEROMEXICO)

Mexico, Federal District, April 22, 2004
AH-0458/04

OFFICE OF THE ATTORNEY GENEREAL FOR THE REPUBLIC
UNIT SPECIALIZING IN THE INVESTIGATION OF CHILD
TRAFFICKING, UNDOCUMENTED PERSONS AND AGENCIES
OFFICIAL COMMUNICATION NO. UEITMIO/164/04
PREL.INV.- PGR/SIEDO/UEITMIO/013/2004

ATT:  ATTORNEY MARTIN MARIN COLIN
      C. AGENT FOR THE PUBLIC MINISTRY OF THE FEDERATION

Further to your request dated March 29, 2004, received at this Legal Department on April 22 the same year, requesting information as to whether the children ███████████ ███████████████████████ and C. MARIA DEL ROSARIO MORENO VAZQUEZ boarded flight 636 destination Atlkanta on February 27, 2004, please be advised as follows:

Please find attached an ordinary copy of coupons numbers 139 3200281157 0 / 139 3200281158 1 and 139 3200281159 2, issued in favor of MORENO / MARIA, CASTILLO LUIS and CASTILLO /MARIA DE FATIMA, utilized on the MEXICO-ATLANTA route, flight 636, on February 27, 2004.

There being nothing further, I remain at your orders.

Yours truly

(illegible signature)
ATTORNEY ANTONIO JAUREGUI QUINTANA
MANAGER, LITIGATION AND FLEET

*PHOTOPCIES OF THREE FLIGHT COUPONS ENDORSED FOR*

*FLIGHTS MEXICO CITY/ATLANTA/MEXICO CITY, AS FOLLOWS:*

FLIGHT AM-636    MEXICO CITY/ATLANTA
DEPARTURE 0800 FEBRUARY 27, 2004
(ALL THREE TICKETS FOR THIS FLIGHT ARE USED)

FLIGHT AM-601    ATLANTA/MEXICO CITY
DEPARTURE 0850 MARCH 18, 2004

1)      FLIGHT COUPON No. 139 3200281157 0
        IN THE NAME OF MORENO/MARIA

2)      FLIGHT COUPON No.   139 3200281158 1
        IN THE NAME OF █████████

3)      FLIGHT COUPON No.   139 3200281159 2
        IN THE NAME OF ███████████

**EXHIBIT 39**

*In the left margin, an illegible stamp containing the Great Seal of Mexico.*

### OFFICE OF THE ASSISTANT ATTORNEY GENERAL SPECIALIZING IN ORGANIZED CRIME

**UNIT SPECIALIZING IN INVESTIGATION OF CHILD TRAFFICKING, UNDOCUMENTED PERSONS AND AGENCIES.**

**FILE: .PGR/SIEDO/UEITMIO/013/2004**

**RE: SUMMONS**

Mexico, Federal District, May 27, 2004

**ATTORNEY FERNANDO CASTILLO**
**P r e s e n t**

In compliance with the resolution returned within the investigation hereinabove mentioned,. And based on the provisions of articles 21 and 102, part "A" of the Political Constitution of the United Mexican States; 1, 2 section I, 73, 74, 75, 76, 117, 118, 119, 125 of the Federal Criminal Procedures Code; Sections I and IV of the Organic Law of the office of the Attorney General for the Republic, I hereby advise you that you should present yourself on 02 June 2004 two thousand and four at 10.30 ten thirty hours, with official identification containing a photograph, as denouncer, in order that should no legal inconvenience whatsoever exist, you agree to having handwriting and fingerprint samples taken in order to return a judgment on the samples to be taken from you, with the documents you deny you signed and on which placed your fingerprint.

**YOURS TRULY**
**EFFECTIVE SUFFRAGE. NO REELECTION**
**THE C. AGENT FOR THE PUBLIC MINISTRY**
**OF THE FEDERATION**

**(illegible signature)**

**ATTORNEY MARTIN MARIN COLIN**

**EXHIBIT 40**

*In the top left corner, the Great Seal of Mexico.*
*In the left margin, an illegible stamp containing the Great Seal of Mexico.*

### OFFICE OF THE ASSISTANT ATTORNEY GENERAL SPECIALIZING IN ORGANIZED CRIME

**P.I. PGR/SIEDO/UEITMIO/PI013/2004**

### ATTESTATION

——— In Naucalpan, State of Mexico, on the 02 second of June 2004 two thousand and four, it being 14.15 fourteen hours with fifteen minutes on the above date, the undersigned Attorney MARTIN MARIN COLIN, Agent for the Public Ministry of the Federation attached to the Unit Specializing in Child Trafficking, Undocumented Persons and Agencies of this Assistant Attorney General's office,  acting in accordance with law with attending witnesses who sign below and attest, hereby places on record that on this date and at this time  the undersigned and expert services personnel on GRAPHOSCOPICS, FORENSIC PHOTOGRAPHY AND IDENTIFICATION presented ourselves at the offices occupied by the Delegation of the Ministry for Foreign Affairs located in Naucalpan, State of Mexico, with domicile at Méxicas number 83, Interior 1094, Colonia Santa Cruz Acatlán in this Municipality.  Therefore, further to official communication **DGD-A DN02274** dated May 28 this year, signed by Attorney HUMBERTO LUGO GUERRERO, Director for Standardization of the Directorate General for Delegations dependent on said Ministry, where experts of this organization are authorized to make review of documents, for which purpose the present day was indicated at 14:00 hours fourteen hours. Therefore in view of the foregoing we asked to speak with the Attorney ANA LUISA LEAL FELIX, Assistant Delegate, who met with the undersigned who told her the reason for the visit and showed her the official communication of authorization mentioned above. Therefore in view of same she permitted access to her office4s and provided an APPLICATION FOR ORDINARY MEXICAN PASSPORT (OP-5), numbers 6290 and 6289, containing on the reverse PERMISSION GRANTED BY THE PARENTS OR PERSONS EXERCISING PATRIA POTESTAS OR GUARDIANSHIP FOR PASSPORT ISSUE in the names of ████████ ████████████████████and ███████████████ The experts hereinabove indicated the proceeded to review same in their respective fields , therefore once review of the documents had been c completed, the present proceedings were draw to a close, which is hereby placed on record for all corresponding legal purposes.———————————————————————————————————————

—————————————————RECORDED———————————————
(illegible signature)                              (illegible signature)
**ATTORNEY ANA LUISA LEAL FELIX**
**ASSISTANT DELEGATE OF THE FOREIGN AFFAIRS MINISTRY**
**IN NAUCALPAN,  STATE OF MEXICO**

**PERSONNEL APPEARING:**
**PRAXEDIS IRMA GARCIA**, Technical Expert in **IDENTIFICATION**
**ROSA FLORES VAZQUEZ**, Technical Expert in **IDENTIFICATION**
**LUIS ALDO CRISANTO MOLINA**, Technical Expert in **GRAPHOSCOPICS**
**GONZALO MENDIOLA GLZ.**, Technical Expert in **FORENSIC PHOTOGRAPHY**

**Attending Witness**                          **Attending Witness**
(illegible signature)                              (illegible signature)
**C. FRANCISCO JAVIER TOVAR MARTINEZ**     **C. HUGO GARCIA REYES**

**EXHIBIT 41**

**PRELIMINARY INVESTIGATION**
*PGR/SIEDO/UEITMIO/013/2004*

**FOLIO**
**27024**

**PLACE OF THE EVENTS:**
*SUB-DEELGATION OF THE MINISTRY OF FOREIGN*
*AFFAIRS FOR ARBOLEDAS*
*IN THE MUNICIPALITY OF NAUCALPAN STATE OF*
*MEXICO*

**EXPERT:**
**GONZALO MENDIOLA GONZALEZ**

**DATE OF THE INTERVENTION**
**02 JUNE 2004**

*In the left margin, an illegible stamp*

---

**OFFICE OF THE ATTORNEY GENERAL FOR THE REPUBLIC**
**PLANNING, DEVELOPMENT AND INSTITUTIONAL INNOVATION OFFICE**
**DIRECTORATE-GENERAL FOR THE COORDINATION OF EXPERT SERVICES**
**FORENSIC PHOTOGRAPHY DEPARTMENT**

---

| MATTER: PHOTOGRAPHIC FIXING OF DOCUMENTS AND PRINTS | PRELIMINARY INVESTIGATION PGR/SIEDO/UEITMIO/013/2004 | CONTROL OFFICE FOLIO: 27024 |
|---|---|---|
| PLACE OF THE EVENTS: SUB-DELEGATION OF THE MINISTRY OF FOREIGN AFFAIRS IN ARBOLEDAS, NAUCALPAN, STATE OF MEXICO | DATE OF THE INTERVENTION: 02 JUNE, 2004 | EXPERT: GONZALO MENDIOLA GONZALEZ |

PHOTOGRAPHS OF A PASSPORT

1) SHOWING THE COVER OF THE PASSPORT, CONTAINING THE GREAT SEAL OF MEXICO AND THE SINGLE WORD: "PASSPORT"

2) SHOWING THE PERSONAL INFORMATION PAGE OF THE PASSPORT, CONTAINING TWO PHOTOGTAPHS OF A PERSON OF THE MALE SEX. ALL TEXT ON THIS PAGE IS ILLEGIBLE EXCEPT FOR THE TWO BOTTOM LINES:
P<MEXCASTILLO < TAPIA << JOSE < FERNANDO<<<<<<<<<<<<<<<<<<<
3400323588MEX581062M1311060<<<<<<<<<<<<<<<<<<<<<<<<<<<<08



*BOTH PAGES SHOW AN EXCERPT FROM A PAGE READING: OFFICE OF THE ATTORNEY GENERAL FOR THE REPUBLIC DIRECTORATE GENERAL FOR THE COORDINATION OF EXPERT SERVICES*

**PGR/SIEDO/UEITMIO/013/2004**
**02/JUNE/04  G.M.G.**

*In the left margin, an illegible stamp*

---

**OFFICE OF THE ATTORNEY GENERAL FOR THE REPUBLIC**
**PLANNING, DEVELOPMENT AND INSTITUTIONAL INNOVATION OFFICE**
**DIRECTORATE-GENERAL FOR THE COORDINATION OF EXPERT SERVICES**
**FORENSIC PHOTOGRAPHY DEPARTMENT**

---

| MATTER:<br>PHOTOGRAPHIC FIXING<br>OF DOCUMENTS AND PRINTS | PRELIMINARY INVESTIGATION<br><br>PGR/SIEDO/UEITMIO/013/2004 | CONTROL OFFICE FOLIO<br><br>27024 |
|---|---|---|
| PLACE OF THE EVENTS:<br>SUB-DELEGATION OF THE<br>MINISTRY OF FOREIGN AFFAIRS<br>IN ARBOLEDAS, NAUCALPAN,<br>STATE OF MEXICO | DATE OF THE INTERVENTION:<br><br>02 JUNE, 2004 | EXPERT:<br><br>GONZALO MENDIOLA<br>GONZALEZ |

PHOTOGRAPHS OF A PASSPORT

1) SHOWING THE PERSONAL INFORMATION PAGE OF THE PASSPORT,
CONTAINING TWO PHOTOGTAPHS OF A PERSON OF THE MALE SEX.
AND READING:

PASSPORT          UNITED MEXICAN STATES
 TYPE P
SURNAMES
CASTILLO TAPIA
NAMES
JOSE FERNANDO
NATIONALITY
MEXICAN
DATE OF BIRTH                              CURP
███████1958                               CATF581026HDFSPR09
SEX              PLACE OF BIRTH
 M              MEXICO, FEDERAL DISTRICT
DATE OF ISSUE                             (illegible signature)
06 11 2003
DATE OF EXPIRY
06 11 2013
Signature of Bearer
(illegible signature)
P<MEXCASTILLO < TAPIA << JOSE < FERNANDO<<<<<<<<<<<<<<<<<<<<<<
3400323588MEX581062M1311060<<<<<<<<<<<<<<<<<<<<<<<<<<<<<<<<<8

2) PHOTOGRAPH OF TWO ILLEGIBLE PAGES CONTAINING TWO
PHOTOGRAPHS OF A PERSON OF THE MASCULINE SEX, EACH PAGE
BEARING ON THE BOTTOM LINE (6) SIX FINGERPRINTS

*In the left margin, an illegible stamp*

**OFFICE OF THE ATTORNEY GENERAL FOR THE REPUBLIC**
**PLANNING, DEVELOPMENT AND INSTITUTIONAL INNOVATION OFFICE**
**DIRECTORATE-GENERAL FOR THE COORDINATION OF EXPERT SERVICES**
**FORENSIC PHOTOGRAPHY DEPARTMENT**

| | | |
|---|---|---|
| **MATTER:** PHOTOGRAPHIC FIXING OF DOCUMENTS AND PRINTS | **PRELIMINARY INVESTIGATION** PGR/SIEDO/UEITMIO/013/2004 | **CONTROL OFFICE FOLIO:** 27024 |
| **PLACE OF THE EVENTS:** SUB-DELEGATION OF THE MINISTRY OF FOREIGN AFFAIRS IN ARBOLEDAS, NAUCALPAN, STATE OF MEXICO | **DATE OF THE INTERVENTION:** 02 JUNE, 2004 | **EXPERT:** GONZALO MENDIOLA GONZALEZ |

TWO PAGES FROM A PASSPORT, AS FOLLOWS:

1) SRE APPLICATION FOR IRDINARY MEXICAN PASSPORT (OP-5)
The text of this page is largely illegible, aside from:
CURP 150570294021956
Paternal surname: MORENO
Maternal surname: VAZQUEZ
Federal District
Passport
San Jorge ...Lomas Verdes [redacted]
Naucalpan Mexico
Maria ....Moreno Vazquez
Lomas Verdes [redacted]
In the right margin, the photograph of a person of the feminine sex
In the bottom row, (6) six fingerprints

2) permission granted by the parents or guardians exercising patria potestas or guardianship for the issue of passport
place and date_____________

The undersigned parents or guardians of the minor ____ declare for the purpose of article14 of the Passport Regulations and 215 of the General Population Law currently in force our consent for our son/daughter to leave the territory of the Mexican Republic, and therefore ask that an ordinary passport be issued under the name appearing on form OP-5 of the present application and a period of effect of _______, it being understood that passports for children under three years of age will only be issued for one year..
Details of the father or guardian (illegible) showing two fingerprints at the foot
Details of the mother or guardian
Document passport
No. (illegible)
(illegible)
date 22 09 2003 (illegible signature)
Two fingerprints-



*In the left margin, an illegible stamp*

> OFFICE OF THE ATTORNEY GENERAL FOR THE REPUBLIC
> PLANNING, DEVELOPMENT AND INSTITUTIONAL INNOVATION OFFICE
> DIRECTORATE-GENERAL FOR THE COORDINATION OF EXPERT SERVICES
> FORENSIC PHOTOGRAPHY DEPARTMENT

| MATTER PHOTOGRAPHIC FIXING OF DOCUMENTS AND PRINTS | PRELIMINARY INVESTIGATION PGR/SIEDO/UEITMIO/013/2004 | CONTROL OFFICE FOLIO 27024 |
|---|---|---|
| PLACE OF THE EVENTS: SUB-DELEGATION OF THE MINISTRY OF FOREIGN AFFAIRS IN ARBOLEDAS, NAUCALPAN, STATE OF MEXICO | DATE OF THE INTERVENTION: 02 JUNE, 2004 | EXPERT: GONZALO MENDIOLA GONZALEZ |

Two passport pages, as follows:

1    (First   Exchange X   Effect: 1 year   5 years X   10 years     Application No. 6290

Before completing the present passport application, read its contents carefully.

Complete the data requested or cross the corresponding square in each case, respecting the space given, above all those for signature.

Note: The present application should be completed in black ink and block letters

Place and date: Naucalpan, State of Mexico, February 16, 2004

1. No. of previous passport (if exchanged)       2. CURP
         9 7 3 8 0 0 5 3 1 1 1                150570294021956

3. Paternal surname                      4. Maternal surname

5. Name(s)                        6. Date of birth        7. Sex
                                       Masculine   Feminine x

8. Born in
a)  Federative entity                b)  Municipality
    MEXICO                               FEDERAL DISTRICT

Identification presented
PASSPORT



Domicile                    inside #        Colony and postal code
(illegible)     15                         LOMAS VERDES
                                            State or country
                                            MÉXICO

                                            FIELDS OF CONTROL
                                            (illegible entries)

(illegible)          Work 

In case of accident or death notify:
MARIA DEL ROSARIO MORENO VAZQUEZ
With domicile at  Lomas Verdes,

64

2)    (FATHER OR GUARDIAN)

DETAILS OF THE FATHER
OR GUARDIAN

As father   X           as guardian

For the present process I identify myself with

The following document
PASSPORT
No.   03_40032358

Issued by the |Ministry of Foreign Affairs

| Dated | 06 | 11 | 2003 |
|-------|-----|-------|------|
|       | Day | month | year |

FINGERPRINTS

LEFT INDEX FINGER   RIGHT INDEX FINGER

| (FINGERPRINT) | (FINGERPRINT) |
|---------------|---------------|

AN EXCERPT FROM A PAGE READING: OFFICE OF THE ATTORNEY GENERAL FOR THE REPUBLIC DIRECTORATE GENERAL FOR THE COORDINATION OF EXPERT SERVICES

PGR/SIEDO/UEITMIO/013/2004
02/JUNE/04  G.M.G.

*In the left margin, an illegible stamp*

---

### OFFICE OF THE ATTORNEY GENERAL FOR THE REPUBLIC
### PLANNING, DEVELOPMENT AND INSTITUTIONAL INNOVATION OFFICE
### DIRECTORATE-GENERAL FOR THE COORDINATION OF EXPERT SERVICES
### FORENSIC PHOTOGRAPHY DEPARTMENT

---

| MATTER<br>PHOTOGRAPHIC FIXING<br>OF DOCUMENTS AND PRINTS | PRELIMINARY INVESTIGATION<br><br>PGR/SIEDO/UEITMIO/013/2004 | CONTROL OFFICE FOLIO<br><br>27024 |
|---|---|---|
| PLACE OF THE EVENTS:<br>SUB-DELEGATION OF THE<br>MINISTRY OF FOREIGN<br>AFFAIRS IN ARBOLEDAS,<br>NAUCALPAN, STATE OF<br>MEXICO | DATE OF THE INTERVENTION:<br><br>02 JUNE, 2004 | EXPERT:<br><br>GONZALO MENDIOLA<br>GONZALEZ |



SHOWING TWO PAGES FROM A PASSPORT, EACH

CONTAINING THE REPRODUCTION OF ONE FINGERPRINT-

*In the left margin, an illegible stamp*

---

*OFFICE OF THE ATTORNEY GENERAL FOR THE REPUBLIC*
*PLANNING, DEVELOPMENT AND INSTITUTIONAL INNOVATION OFFICE*
*DIRECTORATE-GENERAL FOR THE COORDINATION OF EXPERT SERVICES*
*FORENSIC PHOTOGRAPHY DEPARTMENT*

---

| MATTER PHOTOGRAPHIC FIXING OF DOCUMENTS AND PRINTS | PRELIMINARY INVESTIGATION PGR/SIEDO/UEITMIO/013/2004 | CONTROL OFFICE FOLIO 27024 |
|---|---|---|
| PLACE OF THE EVENTS: SUB-DELEGATION OF THE MINISTRY OF FOREIGN AFFAIRS IN ARBOLEDAS, NAUCALPAN, STATE OF MEXICO | DATE OF THE INTERVENTION: 02 JUNE, 2004 | EXPERT: GONZALO MENDIOLA GONZALEZ |

Two pages from a passport:

    1)     DETAILS OF FATHER OR GUARDIAN

AS FATHER  X

To implement the present process I identify myself with the following
Document          PASSPORT

No.  03340032358

Issued by: MINISTRY FOR FOREIGN AFFAIRS

Dated:  0 6  11  2 0 0 3
        Day  month  year

    2)
  ILLEGIBLE,  READING:  left index finger    right index finger and containing a
paragraph.

*In the left margin, an illegible stamp*

OFFICE OF THE ATTORNEY GENERAL FOR THE REPUBLIC
PLANNING, DEVELOPMENT AND INSTITUTIONAL INNOVATION OFFICE
DIRECTORATE-GENERAL FOR THE COORDINATION OF EXPERT SERVICES
FORENSIC PHOTOGRAPHY DEPARTMENT

| MATTER PHOTOGRAPHIC FIXING OF DOCUMENTS AND PRINTS | PRELIMINARY INVESTIGATION PGR/SIEDO/UEITMIO/013/2004 | CONTROL OFFICE FOLIO 27024 |
|---|---|---|
| PLACE OF THE EVENTS: SUB-DELEGATION OF THE MINISTRY OF FOREIGN AFFAIRS IN ARBOLEDAS, NAUCALPAN, STATE OF MEXICO | DATE OF THE INTERVENTION: 02 JUNE, 2004 | EXPERT: GONZALO MENDIOLA GONZALEZ |

Two pages from a passport, as follows

1) SRE
MINISTRY OF FOREIGN AFFAIRS

APPLICATION FOR ORDINARY
MEXICAN PASSPORT (OP-5)

First   Exchange X   Effect: 1 year   5 years X   10 years       Application No. 6290

Before completing the present passport application, read its contents carefully.

Complete the data requested or cross the corresponding square in each case, respecting the space given, above all those for signature.

Note: The present application should be completed in black ink and block letters

Place and date: Naucalpan, State of Mexico, February 16, 2004
1. No. of previous passport (if exchanged)        2. CURP
                                                                        9 7 3 8 0 0 5 3 1 1 0

3. Paternal surname                                        4. Maternal surname
████████████                                                  MORENO

5. name(s)                              6. Date of birth          7. Sex
████████████████                 ████████████       Masculine   Feminine

8. Born in
a)   Federative entity                        b)  Municipality
MEXICO                                             FEDERAL DISTRICT

Identification presented
PASSPORT

Domicile                inside #        Colony and postal c ode
                                        LOMAS VERDES ███████
                                        State or country
                                        MÉXICO

                                                    FIELDS OF CONTROL
                                                        (illegible entries)

(illegible)        Work

In case of accident or death notify:
MARIA DEL ROSARIO MORENO VAZQUEZ
With domicile at ███████, Lomas Verdes,

I declare under protest of stating the truth and knowing the penalties incurred by those
committing perjury in the terms of applicable criminal; provisions, that I am Mexican, that
the information given in this application is true and that the documents presented are
authentic and legal..

Signature in accordance with the data contained

In the passport on receiving same          Signature of the applicant
                                           (photograph

**FINGER PRINTS**

| left index finger | left index finger | left index finger | right index finger | right index finger | right index finger |
|---|---|---|---|---|---|
| | | | | | |

This format can be freely reproduced

2)

| OP-7 |
|---|
| **PERMISSION GRANTED BY THE PARENTS OR PERSONS EXERCISING PATRIA POTESTAS OR GUARDIANSHIP, FOR PASSPORT ISSUE** |
| COMMENTS_____ |
| _____ |

PLACE AND DATE _____

WE THE UNDERSIGNED, PARENTS AND/OR GUARDIANS OF THE MINOR
CHILD_____ HEREBY DECLARE, FOR THE EFFECTS OF

ARTICLE 14 OF THE PASSPORT REGULATIONS AND 15 OF THE REGULATIONS TO THE GENERAL POPULATION LAW PRESENTLY IN FORCE, THE CONSENT IN ORDER FOR OUR MINOR SON/DAUGHTER TO LEAVE THE TERRITORY OF THE MEXICAN REPUBLIC, AND THEREFORE ASK THAT AN ORDINARY PASSPORT BE ISSUED UNDER THE NAME APPEARING IN FORM OP-5 OF THE PRESENT APPLICATION, WITH A PERIOD OF EFFECT OF_____ IT BEING UNDERSTOOD THAT SAID DOCUMENT WILL ONLY BE ISSUED FOR A MAXIMUM OF 12 MONTHS FOR CHILDREBN OF THREE YEARS OF AGE.

_____ AND _____

(FATHER OR GUARDIAN)                    (MOTHER OR GUARDIAN)

| DETAILS OF THE FATHER OR GUARDIAN | DETAILS OF THE MOTHER OR GUARDIAN |
|---|---|
| As father  X          as guardian | as mother  X          as guardian |
| For the present process I identify myself with | For the present process I identify myself with |
| The following document   PASSPORT | the following document  PASSPORT |
| No.   03_40032358 | No.  03350056804 |
| Issued by the [Ministry of Foreign Affairs | Issued by the Ministry for Foreign Affairs |
| Dated        06      11      2003<br>            Day    month    year | Dated        22      09      2003<br>            day    month    year |
|  | (illegible signature) |
| FINGERPRINTS | FINGERPRINTS |
| LEFT INDEX FINGER     RIGHT INDEX FINGER | LEFT INDEX FINGER     RIGHT INDEX FINGER |
| (FINGERPRINT)          (FINGERPRINT) | (FINGERPRINT)          (FINGERPRINT) |

*In the left margin, an illegible stamp*

---

**OFFICE OF THE ATTORNEY GENERAL FOR THE REPUBLIC**
**PLANNING, DEVELOPMENT AND INSTITUTIONAL INNOVATION OFFICE**
**DIRECTORATE-GENERAL FOR THE COORDINATION OF EXPERT SERVICES**
**FORENSIC PHOTOGRAPHY DEPARTMENT**

---

| **MATTER** PHOTOGRAPHIC FIXING OF DOCUMENTS AND PRINTS | **PRELIMINARY INVESTIGATION** PGR/SIEDO/UEITMIO/013/2004 | **CONTROL OFFICE FOLIO** 27024 |
|---|---|---|
| **PLACE OF THE EVENTS:** SUB-DELEGATION OF THE MINISTRY OF FOREIGN AFFAIRS IN ARBOLEDAS, NAUCALPAN, STATE OF MEXICO | **DATE OF THE INTERVENTION:** 02 JUNE, 2004 | **EXPERT:** GONZALO MENDIOLA GONZALEZ |

TWO PAGES FROM A PASSPORT, AS FOLLOWS:

1) SRE
MINISTRY OF FOREIGN AFFAIRS

APPLICATION FOR ORDINARY
MEXICAN PASSPORT (OP-5)

First   Exchange X   Effect: 1 year   5 years X   10 years   Application No. 6290

Before completing the present passport application, read its contents carefully.

Complete the data requested or cross the corresponding square in each case, respecting the space given, above all those for signature.
Note: The present application should be completed in black ink and block letters

Place and data: Naucalpan, State of Mexico, February 16, 2004

1. No. of previous passport (if exchanged)        2. CURP
   9 7 3 8 0 0 5 3 1 1 0

3. Paternal surname                         4. Maternal surname

5. name(s)              6. Date of birth        7. Sex
                                            Masculine  Feminine

8. Born in
a) Federative entity                b) Municipality
MEXICO                              FEDERAL DISTRICT

Identification presented
PASSPORT

Domicile                     inside #        Colony and postal c ode
(illegible) ████                            LOMAS VERDES ████
                                             State or country
                                             MÉXICO

                                                   FIELDS OF CONTROL
                                                   (illegible entries)

(illegible)          Work ████

In case of accident or death notify:
MARIA DEL ROSARIO MORENO VAZQUEZ
████████████Lomas Verdes,████████████

I declare under protest of stating the truth and knowing the penalties incurred by those committing perjury in the terms of applicable criminal; provisions, that I am Mexican, that the information given in this application is true and that the documents presented are authentic and legal..

Signature in accordance with the data contained

In the passport on receiving same          Signature of the applicant



FINGER PRINTS

| Left index finger | left index finger | left index finger | right index finger | right index finger | right index finger |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

This format can be freely reproduced

2)      DETAILS OF THE FATHER
             OR GUARDIAN

As father   X              as guardian
For the present process I identify myself with
The following document     PASSPORT
No.   03_40032358
Issued by the |Ministry of Foreign Affairs
Dated        06      11      2003
             Day     month   year
FINGERPRINTS

| LEFT INDEX FINGER | RIGHT INDEX FINGER |
|---|---|
| (FINGERPRINT) | (FINGERPRINT) |



AN EXCERPT FROM A PAGE READING: OFFICE OF THE ATTORNEY GENERAL FOR THE REPUBLIC DIRECTORATE GENERAL FOR THE COORDINATION  OF EXPERT SERVICES

PGR/SIEDO/UEITMIO/013/2004
02/JUNE/04  G.M.G.

*In the left margin, an illegible stamp*

---

**OFFICE OF THE ATTORNEY GENERAL FOR THE REPUBLIC**
**PLANNING, DEVELOPMENT AND INSTITUTIONAL INNOVATION OFFICE**
**DIRECTORATE-GENERAL FOR THE COORDINATION OF EXPERT SERVICES**
**FORENSIC PHOTOGRAPHY DEPARTMENT**

---

| MATTER<br>PHOTOGRAPHIC FIXING<br>OF DOCUMENTS AND PRINTS | PRELIMINARY INVESTIGATION<br><br>PGR/SIEDO/UEITMIO/013/2004 | CONTROL OFFICE FOLIO<br><br>27024 |
|---|---|---|
| PLACE OF THE EVENTS:<br>SUB-DELEGATION OF THE<br>MINISTRY OF FOREIGN<br>AFFAIRS IN ARBOLEDAS,<br>NAUCALPAN, STATE OF<br>MEXICO | DATE OF THE INTERVENTION:<br><br>02 JUNE, 2004 | EXPERT:<br><br>GONZALO MENDIOLA<br>GONZALEZ |



SHOWING TWO PAGES FROM A PASSPORT, EACH
CONTAINING THE REPRODUCTION OF ONE FINGERPRINT-

*In the left margin, an illegible stamp*

---

**OFFICE OF THE ATTORNEY GENERAL FOR THE REPUBLIC**
**PLANNING, DEVELOPMENT AND INSTITUTIONAL INNOVATION OFFICE**
**DIRECTORATE-GENERAL FOR THE COORDINATION OF EXPERT SERVICES**
**FORENSIC PHOTOGRAPHY DEPARTMENT**

---

| MATTER<br>PHOTOGRAPHIC FIXING<br>OF DOCUMENTS AND PRINTS | PRELIMINARY INVESTIGATION<br><br>PGR/SIEDO/UEITMIO/013/2004 | CONTROL OFFICE FOLIO<br><br>27024 |
| --- | --- | --- |
| PLACE OF THE EVENTS:<br>SUB-DELEGATION OF THE<br>MINISTRY OF FOREIGN AFFAIRS<br>IN ARBOLEDAS, NAUCALPAN,<br>STATE OF MEXICO | DATE OF THE INTERVENTION:<br><br>02 JUNE, 2004 | EXPERT:<br><br>GONZALO MENDIOLA<br>GONZALEZ |

Two pages from a passport:

2)    DETAILS OF FATHER OR GUARDIAN

AS FATHER  X

To implement the present process I identify myself with the following
Document            PASSPORT

No.   03340032358

Issued by: MINISTRY FOR FOREIGN AFFAIRS

Dated:   0 6    11    2 0 0 3
         Day   month   year

2)
ILLEGIBLE,  READING:   right index finger and containing a paragraph.

**EXHIBIT 42**

*In the top left corner, the Great Seal of Mexico.*

*In the left margin, an illegible stamp containing the Great Seal of Mexico*

### OFFICE OF THE ASSISTANT ATTORNEY GENERAL SPECIALIZING IN ORGANIZED CRIME

**P.I. PGR/SIEDO/UEITMIO/PI013/20004**

### RECEIPT OF DOCUMENT

———— In the city of Mexico, Federal District, on the 14 fourteenth of June 2004 two thousand and four.———————————————————————————————

———— A C C E P T as received official communication folio number 27022 dated the 02 of the present month and year, from the Coordination Office for Planning, Development and Institutional Innovation, Directorate-General for the Coordination of Expert Services, Sub-Directorate-General of Laboratories, Identification Section, office of the Attorney General for the Republic, addressed to Attorney Martin Marin Colin, Agent for the Public Ministry of the Federation, attached to the Unit Specializing in the Investigation of Child Trafficking, Undocumented Persons and Agencies of this office, signed by Dr. Luis Miguel Rosas Barcenas, Director of Judicial Identification, in the absence of the Assistant Director General, Laboratories, notifying the appointment of an expert, which document reads:"...In response to your official communication number UEITMIO/920/04, please be advised that CC. PRADEDIS IRMA GARCIA GUERRERO and ROSA FLORES VAZQUEZ have been named as experts for DACTYLOSCOPIC IDENTIFICATION matters...". An official communication is also attached under the same number and with the same origin dated June 10 this year, under cover of which an opinion on Dactyloscopic Identification is forwarded and reading "...Replying to your official communication number UEITMIO/920/04, I attach an Opinion issued on Dactyloscopic Identification , taken from P.I. PGR/SIEDO/UEITMIO/013/04 and prepared by exert personnel of the Institution..." A third official communication is also attached having the same number, origin and date of issue, under cover of which an opinion is returned on Identification (dactyloscopy), reading "...The undersigned official experts in the matter of Identification (dactyloscopy) appointed by the Director General for the Coordination of Expert Services to intervene in the Preliminary Investigation noted above, hereby send you the following:  OPINION. 1.- PROBLEM SUBMITTED.-. In connection with your official communication UEITMIO/92/04 requesting experts, which literally reads ...."In order for samples of handwriting and finger prints to be taken from the plaintiff in the present case and, once this has been done, to go with the undersigned to the Offices of the Ministry for Foreign Affairs  for the purpose of verifying the existence of original documents, take photographs of same ..mainly of the handwriting and fingerprints, in order to be able to return an opinion on handwriting and advise us whether the handwriting and signature appearing in said documents have the same graphic origin of the person previously mentioned, and also if the fingerprints shown on the documents belong to the person who took same; equally, if they do to belong to said person, verify in the AFIS system whether any antecedents exist." 2.-  STUDY OF DOCUMENT.- A) fingerprints taken on June 2 of the present year, consisting of a finger card containing twenty fingerprints; ten in sequence and ten in sequence and ten supporting, two letter size pages with the stamp of the Institution each containing ten fingerprints, ten main and ten in sequence with the words right hand left hand;  all these taken from C. Castillo Tapia José Fernando, 45 years of age and date of birth



26/Oct/1958, taken in the presence of the Agent for the Public Ministry of the Federation, Attorney Martin Marin Colin. B) Form 0P7 for the permission granted by parents or persons exercising patria potestas or guardianship for the issue of passports, showing in mid page two spaces, one corresponding to the father or guardian and the other to the mother or guardian. The space corresponding to the father/guardian contains data such as passport number 03340032358, date of issue 6/NOV/2003, together with a signature and two fingerprints reading left index finger and right index finger, and on the adverse of document data such as application number 6289 and passport number 97380053111, CURP 150570294021956 in the name of ███████████████████nature, photograph of same; together with six fingerprints, three reading left index finger and three reading right index finger. C) Form 0P7 for the permission granted by parents or persons exercising patria potestas or guardianship for the issue of passports, showing in mid page two spaces, one corresponding to the father or guardian and the other to the mother or guardian. The space corresponding to the father/guardian contains data such as passport number 03340032358, date of issue 6/NOV/2003, together with a signature and two fingerprints reading left index finger and right index finger, and on the adverse of document data such as application number 6290 and passport number 91380053110 in the name of ███████████████details of domicile, telephone number, signature, photograph of same; together with six fingerprints, three reading left index finger and three reading right index finger. 3.- METHOD OF STUDY.- The present opinion is based on the Identifying System of Mr. Juan Vucetich Kovacevich, the purpose of which is to determine without doubt the identity of persons, living or dead, through a careful study of fingerprints and, by extent, of palms and the soles of feet, taking as a reference the basic mounts and characteristic points, elements essential to establish an identity. Procedure: I.- On 02 June this year we went to the Unit Specializing in the Investigation of Child Trafficking, Undocumented Persons and Agencies, located at Avenida Reforma number 23, third floor, Colonia Tabacalera, Cuauhtemoc Delegation, with the Agent for the Public Ministry of the Federation, Attorney Martin Marin Colin, to collect the decadactilar card of the plaintiff C. Castillo Tapia José Fernando, who identified himself with Mexican passport number 03340032358. We subsequently transferred ourselves to the premises occupied by the Ministry of Foreign Affairs located at ████████ ██████████████████████Naucalpan, State of Mexico, where the Sub Delegate Attorney Ana Luisa Leal Felix provided us with the original documents indicated in the matter under study, insert B), of which general photographic reproductions were taken together with the dactylogical prints corresponding to the father or guardian in order to carry out an dactyloscopic analysis. Subsequently these were classified and a careful comparative study made by means of a magnifying glass solely of the right ring finger of the decadactilar card of C. Castillo Tapia José Fernando, as well as of the prints placed on the OP7 forms of the children████████████████████ ████████ since they corresponding to the same basic type, and to make a comparative analysis by means of sub-type number and location of characteristic points, finding as follows: 4.- RESULTS.- 1) On making the study corresponding to the decadactilar card in the name of C. Castillo Tapia José Fernando, presenting the following dactyliscopic formula I:3343-I-2222 on the right hand, thumb, index, middle and little fingers belong to the third basic type presilla externa, the second hand corresponds to the second basic type presilla interna. The morphology of the right ring finger corresponds to the fourth basic type VERTICE, SUB-TYPE CONCENTRIC, and therefore only this was checked since it corresponded with the same basic type shown in the OP7 forms. II.- On studying the dactylograms stamped on forms OP7 corresponding to the father or guardian, reading left index finger, this corresponds to the fourth basic type VERTICE, SUB RIGHT INCLINING SPIRAL. The dactylograms reading right index figure correspond to the fourth basis type . On comparing the dactylogram of the right anular of the decadactilar card in

the name of C. Castillo Tapia José Fernando against the dactylograms inserted in the forms OP7, these do not correspond to the subtype, nor therefore to the characteristic points. The photographs of the fingerprints on forms PO7 were passed to the AFIS for making an eliminating comparison against the data base of said system, giving positive results with the following data: BARRERA HERNANDE ARTEMIO, offence falsification of official documents. P.I. 9545/D/94. Authority Agent for the Public Ministry of the Federation in charge of Office IX-D, 39 years if age, date of birth ███████ 1955, with domicile at ████████████████████████████████████████ Federal District, whose decadactilar card forms part of the files of this institution. A comparative study was therefore made, taking as a base for the comparison all the middle right and left fingers based on the fundamental type, sub-type and location of characteristic points. Photographs were taken of the decadactilar card together with photographic enlargements of same, in order to effect a comparison with the fingerprints stamps on the OP7 formats of the children ██████████████████ ████████████████████ for which results are shown. (square) Middle left dactylogram of the decadactilar card in the name of Barrera Hernandez Artemio. Type: Basic. Vertica. Sub-type Espiral destrogiro. Characteristic points, Cut: 1,2,3,4,6, 7, 8, 9, 11,12. Bifurcacion: 5,10. Fingerprint located on forms OP7 ) wit the wording indicated. Basic type: Vertica. Sub-type: right/inclining spiral. Characteristic points, Cut: 1,2,3,4,6, 7, 8, 9, 11,12. Bifurcacion: 5,10. Middle right Dactylogram of the decadactilar card in the name of Barerra Hernandez Artemio. Basic type, Vertice, sub-type left-inclining spiral. Characteristic points, Cut: 1,2,3,4,6,7,10,11,12. Bifurcacion: 5,8, Islote: 9. Fingerprint located on the forms OP7 reading right index finger. Type: Basic. Verticilio, sub-type Espiral sinestrogiro. Characteristic points, Cut: 1,2,3,4,8,7,10,11,12. Bifurcacion: 5.8, Islote: 9. Fingerprint located on the forms OP7 reading right index finger. Taking the technical dactyloscopic study as a base, the following conclusions were reached. 5.- CONCLUSIONS. FIRST: The dactylograms printed on the decadactile card in the name of C. Castillo Tapia José Fernando DO NOT CORRESPOND to the fingerprints stamped on the OP7 forms, with the right and left index fingers of the children ████████████ ███████████████████████████████ SECOND.- The dactylograms stamped on the OP7 forms reading right and left index fingers of the children ████████ ████████████████████████████████, DO CORRESPOND to the fingerprints of the right and left middle fingers on the decadactilar card in the name of Barrera Hernandez Artemio..." the photographic reproduction sheets are attached to illustrate the opinion, together with the original of the decadactilar card and the two pages described in the material under study. Documents which it is attested to having on view and, based on articles 206 and 209 of the Federal Criminal Procedures Code, are ordered attached to the investigation for all corresponding legal purposes.————————————————————

————————KNOW ALL MEN BY THESE PRESENTS————————

THE FOREGOING WAS RESOLVED AND SIGNED BY THE ATTORNEY MARTIN MARIN COLIN, AGENT FOR THE PUBLIC MINISTRY OF THE FEDERATION ATTACHED TO THE UNIT SPECIALIZING IN THE INVESTIGATION OF CHILD TRAFFICKING, UNDOCUMENTED PERSONS AND AGENCIES OF THIS OFFICE, ACTING LEGALLY WITH ATTENDING WITNESSES WHO SIGN AND ATTEST BELOW.

————————————————WE ATTEST.————————

(illegible signature)

Attending Witness
(illegible signature)
C. Eduardo Alvarado Torres

Attending Witness
(illegible signature)
C. Hugo Garcia Reyes

**EXHIBIT 43**

*In the top left corner, the Great Seal of Mexico, followed by "office of the Attorney General for the Republic".*

*In the left margin and in the right lower corner of the final page, illegible stamps and signatures.*

COORDINATING OFFICE FOR PLANNING, DEVELOPMENT
AND INSTITUTIONAL INNOVATION,
DIRECTORATE-GENERAL FOR THE COORDINATION OF
EXPERT SERVICES
SUB-DIRECTORATE GENERAL OF LABORATORIES
IDENTIFICATION SECTION
P.I. PGR/SIEDO/UEITMIO/013/2004
FOLIO NO. 27022

RE: AN OPINION IS RETURNED ON THE MATTER OF
IDENTIFICATION (DACTYLOSCOPICS)

Mexico, Federal District, June 10, 2004

Attorney
MARTÍN MARIN COLIN
AGENT FOR THE PUBLIC MINISTRY
OF THE FEDERATION
UNIT SPECIALIZING IN THE INVESTIGATION
OF CHILD TRAFFICKING, UNDOCUMENTED
PERSONS AND AGENCIES.
P r e s e n t.

The undersigned official experts in the matter of identification (dactyloscopics) appointed by the Directorate-General for the Coordination of Expert Services to intervene on the Preliminary Investigation hereinabove mentioned, allow themselves to return the following

## O P I N I O N

### 1.- PROBLEM SUBMITTED.
Further to your official communication UEITMIO/920/04 requesting exerts, which literally reads.........".."In order for samples of handwriting and finger prints to be taken from the plaintiff in the present case and, once this has been done, to go with the undersigned to the Offices of the Ministry for Foreign Affairs for the purpose of verifying the existence of original documents, take photographs of same ..mainly of the handwriting and fingerprints, in order to be able to return an opinion on handwriting and advise us whether the handwriting and signature appearing in said documents have the same graphic origin of the person previously mentioned, and also if the fingerprints shown on the documents belong to the person who took same; equally, if they do to belong to said person, verify in the AFIS system whether any antecedents exists."

### 2.- STUDY OF DOCUMENT.-
A) fingerprints taken on June 2 of the present year, consisting of a decadactilar card containing twenty fingerprints; ten in sequence and ten supporting, two letter size pages with the stamp of the institution each containing ten fingerprints, ten main and ten in sequence with the words right hand left hand; all these taken from C.

Castillo Tapia José Fernando, 45 years of age and date of birth 26/Oct/1958, taken in the presence of the Agent for the Public Ministry of the Federation, Attorney Martin Marin Colin.

B) Form 0P7 for the permission granted by parents or persons exercising patria potestas or guardianship for the issue of passports, showing in mid page two spaces, one corresponding to the father or guardian and the other to the mother or guardian. The spece corresponding to the father/guardian contains data such as passport number 03340032358, date of issue 6/NOV/2003, together with a signature and two fingerprints reading left index finger and right index finger, and on the adverse of document data such as application number 6289 and passport number 97380053111, CURP 150570294021958 in the name of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮signeture, photograph of same; together with six fingerprints, three reading left index finger and three reading right index finger.

C) Form OP7 for the permission granted by parents or persons exercising patria potestas or guardianship for the issue of passports, showing in mid page two spaces, one corresponding to the father or guardian and the other to the mother or guardian. The spece corresponding to the father/guardian contains data such as passport number 03340032358, date of issue 6/NOV/2003, together with a signature and two fingerprints reading left index finger and right index finger, and on the adverse of document data such as application number 6290 and passport number 91380053110 in the name of ▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ details of domicile, telephone number, signature, photograph of same; together with six fingerprints, three reading left index finger and three reading right index finger.

**3.- METHOD OF STUDY.-**

The present opinion is based on the Identifying System of Mr. Juan Vucetich Kovacevich, the purpose of which is to determine without doubt the identity of persons, living or dead, through a careful study of fingerprints end, by extent, of palms and the soles of feet, taking as a reference the basic mounts and characteristic points, elements essential to establish an identity.

Procedure:

I.- On 02 June this year we went to the Unit Specializing in the Investigation of Child Trafficking, Undocumented Persons and Agencies, located at Avenida Reforma number 23. third floor, Colonia Tabacalera, Cuauhtemoc delegation, with the Agent for the Public Ministry of the Federation, Attorney Martin Marin Colin, to collect the decadactilar card of the plaintiff C. Castillo Tapia José Fernando, who identified himself with Mexican passport number 03340032358. We subsequently transferred ourselves to the premises occupied by the Ministry of Foreign Affairs located at Mexicas ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮State of Mexico, where the Sub Delegate Attorney Ana Luisa Leal Felix provided us with the original documents indicated in the matter under study, insert B), of which general photographic reproductions were taken together with the dactylogical prints corresponding to the father or guardian in order to carry out an dactyloscopic analysis

Subsequently these were classified and a careful comparative study made by means of a magnifying glass solely of the right ring finger of the decadactiler card of C. Castillo Tapia José Fernando, as well as of the prints placed on the OP7 forms of the children ▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, since they corresponding to

the same basic type, and to make a comparative analysis by means of sub-type number and location of characteristic points, finding as follows:

**4.- RESULTS.-**

1) On making the study corresponding to the decadactilar card in the name of C. Castillo Tapia José Fernando, presenting the following dactyliscopic formula E:3343-I-2222 on the right hand, thumb, index, middle and little fingers belong to the third basic type presilla externa, the second hand corresponds to the second basic type presilla interna. The morphology of the right ring finger corresponds to the fourth basic type VERTICE, SUB-TYPE CONCENTRIC, and therefore only this was checked since it corresponded with the same basic type shown in the OP7 forms.

II.- On studying the dactylograms stamped on forms OP7 corresponding to the father or guardian, reading left index finger, this corresponds to the fourth basic type VERTICE, SUB-TYPE. RIGHT-INCLINING SPIRAL.

The dactylograms reading right index figure correspond to the fourth basis type.

On comparing the dactylogram of the right anular of the decadactilar card in the name of C. Castillo Tapia José Fernando against the dactylograms inserted in the forms OP7, these do not correspond to the subtype, nor therefore to the characteristic points.

The photographs of the fingerprints on forms PO7 were passed to the AFIS for making an eliminating comparison against the data base of said system, giving positive results with the following data.

BARRERA HERNANDEZ Artemio, offense falsification of official documents. P.I. 9545/D/94. Authority Agent for the Public Ministry of the Federation in charge of Office IX-D, 39 years if age, date of birth 20 October 1955, with domicile at th street of Cantera No. 1, Santa Cruz Xochintepec, Xochimilco Federal District, whose decadactilar card forms part of the files of this institution. A comparative study was therefore made, taking as a base for the comparison all the middle right and left fingers based on the fundamental type, sub-type and location of characteristic points. Photographs were taken of the decadactilar card together with photographic enlargements of same, in order to effect a comparison with the fingerprints stampe on the OP7 formats of the childr████████████████████████████████████████████b, for which results are shown.

| | Basic Type | Sub-type | Characteristic points |
|---|---|---|---|
| Left half of dactylogram of decadactilar card in the name of Barrera Hernandez Artemio. | Basic Type Verticilo | Sub-type Spiral curving to the right | Cut:1,2,3,4,6,7,8,9,11,12 Bifurcation: 5, 10 |
| Fingerprint on the OP7 forms reading left index finger. | Basic Type Verticilo | Sub-type Spiral curving to the right | Characteristic points Cut:1,2,3,4,6,7,8,9,11,12 Bifurcation: 5, 10 |
| Right half of dactylogram of decadactilar card in the name of Barrera Hernandez Artemio. | Basic Type Verticilo | Sub-type Spiral curving to the left | Characteristic points Cut:1,2,3,4,6,7,10, 11,12 Island: 5, 8 |
| Fingerprint on the OP7 forms reading right index finger. | Basic Type Verticilo | Sub-type Spiral curving to the left | Characteristic points Cut:1,2,3,4,6,7,10, 11,12 Island: 5, 8 |

Based on the technical dactyloscopic study, the following

# CONCLUSIONS

are reached:

**FIRST:** The dactylograms printed on the decadactile card in the name of C. Castillo Tapia José Fernando **DO NOT CORRESPOND** to the fingerprints stamped on the OP7 forms, with the right and left index fingers of the children Maria de Fetima and Luis Fernando, both surnamed Castillo Moreno.

**SECOND.-** The dactylograms stamped on the OP7 forms reading right and left index fingers of the children███████████████████████████████████████████ ██████. **DO CORRESPOND** to the fingerprints of the right and left middle fingers on the decadactilar card in the name of Barrera Hernandez Artemio.

You are hereby advised of the foregoing for all corresponding legal purposes.

**EXHIBIT.-** The photographic reproduction sheets attached to illustrate the opinion, together with the original of the decadactilar card and the two pages described in the material under study.

**NOTE:** The AFIS system will issue the corresponding opinion.

<div align="center">

**YOURS TRULY**
**THE EXPERTS IN IDENTIFICATION**
**(DACTYLOSCOPICS)**

</div>

**Checked: (Illegible signature)**

<div align="center">

**(Illegible signature)**                     **(Illegible signature)**
**C. PRAXEDIS IRMA GARCIA GUERRERO**        **C. ROSA FLORES VAZQUEZ**

</div>

**EXHIBIT 44**

*In the top left corner, the Great Seal of Mexico, followed by: Office of the Attorney General for the Republic. In the left margin, illegible signatures and stamps.*

COORDINATING OFFICE FOR PLANNING, DEELOPMENT AND INSTITUTIONAL INNOVATION DIRECTORATE-GENERAL FOR THE COORDINATION OF EXPERT SERVICES

LABORATORY DIVISION                    P.I. PGR/SIEDO/UEITMIO/013/2004

TRANSLATOR'S NOTE: Contains two illegible pages representing photocopies of the passport application fo█████████████████████

Photographic reproduction of the an verse and reverse of form OP7 in the name of█████
█████████████

**EXHIBIT 45**

*In the top left corner, the Great Seal of Mexico, followed by: Office of the Attorney General for the Republic. In the left margin, illegible signatures and stamps.*

## COORDINATING OFFICE FOR PLANNING, DEELOPMENT AND INSTITUTIONAL INNOVATION DIRECTORATE-GENERAL FOR THE COORDINATION OF EXPERT SERVICES

**LABORATORY DIVISION**                    **P.I. PGR/SIEDO/UEITMIO/013/2004**



TRANSLATOR'S NOTE: Contains two illegible pages representing photocopies of the passport application for ███████████████

Photographic reproduction of the an verse and reverse of form OP7 in the name of ██████
█████████

**EXHIBIT 46**

*In the top left corner, the Great Seal of Mexico, followed by: Office of the Attorney General for the Republic. In the left margin, illegible signatures and stamps.*

COORDINATING OFFICE FOR PLANNING, DEELOPMENT AND INSTITUTIONAL INNOVATION DIRECTORATE-GENERAL FOR THE COORDINATION OF EXPERT SERVICES

LABORATORY DIVISION                    P.I. PGR/SIEDO/UEITMIO/013/2004

TRANSLATOR'S NOTE: Contains two illegible pages representing photocopies of the decadactilar card in he name of Barrera Hernandez Artemio.

Photographic reproduction decadactile card in the name of Barrera Hernandez Artemio

Rev.1                    Ref:: IT-A-01                    FO-IA-05

**EXHIBIT 47**

TRANSLATOR'S NOTE:

This is a hand-written sheet reading: June 02, 200?   CASTILLO TAPIA JO (illegible)

RIGHT HAND

(STAMP OF THE PGR – Coordinating Office for Expert Services)

CASTILLO TAPIA, JOSE FERNANDO

REG/PGR

F  M  ALIAS        (illegible signature)

SIGNATURE

DATE                    PHOTO NO.

| (print) | (print) | (print) | (print) | (print) |
|---------|---------|---------|---------|---------|
| THUMB | INDEX | MIDDLE | RING | LITTLE FINGER |
| (print) | (print) | (print) | (print) | (print) |
| LEFT SIMULTANEOUS IMPRESSION | | RIGHT SIMULTAEOUS IMPRESSION | | |
| 9 FINGER PRINTS | | | | |

## FILIATION

| | |
|---|---|
| WEIGHT: | 104 KGS |
| HEIGHT: | 1.78 MTS |
| BUILD: | ROBUST |
| HAIR COLOR : | DARK BROWN |
| SKIN COLOR: | LIGHT BROWN |
| CHIN: | SQUARE |
| HAIR TYPE: | ROLLING |
| EYES: | DARK BROWN |
| NOSE: | STRAIGHT |
| EYE BROWS: | SEMI-THICK |
| MOUTH: | AVERAGE |
| FOREHEAD: | BROAD |

### PERSONAL DATA

DOMICILE: ███████████████████████

CITY: NAUCALPAN STATE:  STATE OF MEXICO COUNTRY  MEXICO

### BIOGRAPHICAL DATA

AGE: 45 YEARS ████████58

CIVIL STATUS: (ILLEGIBLE)

SPOUSE: PAX RUJILLO GLORIA MILANO

NATIONALITY: MEXICAN

BORN IN: MEXICO, FEDERAL DISTRICT

SON OF: FERNANDO ALFONSO CASTILLO  (ILLEGIBLE)
AND ESTELA TAPIA CORDERO

PROF.TRADE: TEACHER MEXICO-USA

WORKS AT: UNAM

PROFILE: F.N. MIXED
DISTINGUISHING MARKS: SCAR APPROX.4 CM UNDER
RIGHT EAR: L-SHAPED SURGICAL SCAR OF APPROX. 7
CM ON LEFT KNEE;  SURGICAL SCAR ON ABDOMEN OF
APPROX. 25 CM.

SPECIAL DATA: MEXICAN PASSPORT # 03340032358 IN THE NAME OF
JOSE FERNANDO CASTILLO TAPIA

(SPACE FOR PHOTOGRAPHS – FACING – PROFILE)

OFFENSE

CONSIGNED



*In the top left corner, the Great Seal of Mexico, followed by: Office of the Attorney General for the Republic.*

*TRANSLATOR'S NOTE:    THIS IS A HAND-WRITTEN SHEET CONTAINING TEN FINGERPRINTS AND READING AS FOLLOWS:*

JUNE 2, 2004

CASTILLO TAPIA, JOSE FERNANDO

RIGHT HAND

(5 FINGERPRINTS)

LEFT HAND

(5 FINGERPRINTS)

*In the top left corner, the Great Seal of Mexico, followed by: Office of the Attorney General for the Republic.*

*TRANSLATOR'S NOTE:  THIS IS ANOTHER HAND-WRITTEN SHEET CONTAINING TEN FINGERPRINTS AND READING AS FOLLOWS:*



JUNE 2, 2004

CASTILLO TAPIA,  JOSE FERNANDO

RIGHT HAND

(5 FINGERPRINTS)

LEFT HAND

(5 FINGERPRINTS)

**EXHIBIT 48**

*In the top left corner, the Great Seal of Mexico, followed by: Office of the Attorney General for the Republic. In the left margin, illegible signatures and stamps.*

COORDINATING OFFICE FOR PLANNING, DEVELOPMENT AND INSTITUTIONAL INNOVATION DIRECTORATE-GENERAL FOR THE COORDINATION OF EXPERT SERVICES

LABORATORY DIVISION                    P.I. PGR/SIEDO/UEITMIO/013/2004

TRANSLATOR'S NOTE: Contains an enlarged photocopy of a fingerprint with the single word:   MIDDLE

Enlergemet of left middle of decadactilar card in the name of Barrera Hernandez Artemio, showing the following characteristic points: Cut:  1,2,3,4,6,7,8,9,11,12. Bifurcation 5,10

Rev.1                         Ref:: IT-A-01                        FO-IA-05

**EXHIBIT 49**

*In the top left corner, the Great Seal of Mexico, followed by: Office of the Attorney General for the Republic. In the left margin, illegible signatures and stamps.*

### COORDINATING OFFICE FOR PLANNING, DEVELOPMENT AND INSTITUTIONAL INNOVATION DIRECTORATE-GENERAL FOR THE COORDINATION OF EXPERT SERVICES

**LABORATORY DIVISION**                     **P.I. PGR/SIEDO/UEITMIO/013/2004**

TRANSLATOR'S NOTE: Contains an enlarged photocopy of a fingerprint..

Enlargement of dactilar impression reading: left index finger from forms OP7 in the names ████████████████████ showing the following characteristic points: Cut: 1,2,3,4,6,7,8,9,11,12.    Bifurcation 5,10

Rev.1                          Ref:: IT-A-01                          FO-IA-05

*In the top left corner, the Great Seal of Mexico, followed by: Office of the Attorney General for the Republic. In the left margin, illegible signatures and stamps.*

## COORDINATING OFFICE FOR PLANNING, DEVELOPMENT AND INSTITUTIONAL INNOVATION DIRECTORATE-GENERAL FOR THE COORDINATION OF EXPERT SERVICES

**LABORATORY DIVISION**                                  **P.I. PGR/SIEDO/UEITMIO/013/2004**

TRANSLATOR'S NOTE: Contains an enlarged photocopy of a fingerprint with the single word: MIDDLE

Enlargement of right middle of decadactilar card in the name of Barrera Hernandez Artemio, showing the following characteristic points Cut:    1,2,3,4,6,7,10,  11,12. Bifurcation 5,8    Island: 9

**Rev.1**                            **Ref:: IT-A-01**                            **FO-IA-05**

*In the top left corner, the Great Seal of Mexico, followed by: Office of the Attorney General for the Republic. In the left margin, illegible signatures and stamps.*

COORDINATING OFFICE FOR PLANNING, DEVELOPMENT AND INSTITUTIONAL INNOVATION DIRECTORATE-GENERAL FOR THE COORDINATION OF EXPERT SERVICES

LABORATORY DIVISION                    P.I. PGR/SIEDO/UEITMIO/013/2004

TRANSLATOR'S NOTE: Contains an enlarged photocopy of a fingerprint.

Enlargement of dactilar impression reading: right index finger from forms OP7 in the names████████████████████████████████████, showing the following characteristic points. Cut: 1,2,3,4,6,7,10,11,12.  Bifurcation: 5,8, Island 9

Rev.1                    Ref:: IT-A-01                    FO-IA-05

**EXHIBIT 50**

97/98/99

*In the top left corner, the Great Seal of Mexico. In the left margin, an illegible stamp containing the Great Seal of Mexico.*

### OFFICE OF THE ASSISTANT ATTORNEY GENERAL SPECIALIZING

### IN ORGANIZED CRIME

**P.I. PGR/SIEDO/UEITMIO/PI013/20004**

### RECEIPT OF DOCUMENT

————In the city of Mexico, Federal District, on the 17 seventeenth of June 2004 two thousand and four.————————————————————————————
———— A C C E P T as received official communication folio number 27023 dated the 15 of the present month and year, from the Coordination Office for Planning, Development and Institutional Innovation, Directorate General for the Coordination of Expert Services, Sub-Directorate General for Documentary Specialties, Queried Documents Department, Office of the Attorney General for the Republic, addressed to Attorney Martin Marin Colin, Agent for the Public Ministry of the Federation attached to the Unit Specializing in the Investigation of Child Trafficking, Undocumented Persons and Agencies of this division, signed by C., Aldo Chisanto Molina, the expert, which document reads "...The undersigned expert in Handwriting and Document Examination appointed to intervene in connection with your official communication hereinabove indicated, appears before you with all due respect to declare as follows: My intervention was requested for the purpose of attending your request addressed to the DIRECTOR GENERAL FOR THE COORDINATION OF EXPERT SERVICES, which wherein relevant reads: let experts be appointed in the subjects of photography, hand writing and identification, in order for them to present themselves at the offices occupied by this Unit, located at Paseo de la Reforma number 23, third floor, Colonia Tabacalera, Cuauhtemoc Delegation in this City at 10:30 hours of the 02 day of June this year, in order to take samples of handwriting and finger prints from the plaintiff in this case. Likewise, once the foregoing has been done, for them to transfer themselves together with the undersigned to the Offices of the Ministry for Foreign Affairs, for the purpose of verifying the existence of original documents and taking photographs of same, principally of the handwriting and fingerprints, in order that what is shown in these documents has the same graphic origin of the person previously mentioned. After reading your petition to carry out the proceedings entrusted and observe the documents under study, I understand that the problem to be resolved is the following: PROBLEM SUBMITTED. To determine whether C. JOSE FERNANDO CASTILLO TAPIA is or is not responsible for the signatures and writing to be found in the documents described below: DESCRIPTION OF THE QUERIED DOCUMENTS. The present intervention queries the signatures and writing contained in the following documentation represented as those of C. JOSE FERNANDO CASTILLO TAPIA: 1.- Application for Ordinary Mexican Passport (OP-5) in the name of CASTILLO MORENO MARIA DE FATIMA, application number 6289, place and date Naucalpan, State of Mexico, February 16, 2004, containing the details of the Ministry for Foreign Affairs (SRE) in the upper left margin, and on the reverse side the form OP-7 PERMISSION GRANTED BY PARENTS OR PERSONS EXERCISING THE PATRIA POTESTAS OR GUARDIANSHIP, FOR PASSPORT ISSUE: on the reverse. 2.- Application for Ordinary Mexican Passport (OP-5) in the name of ████████████████████ application number 6290, place

and date Naucalpan, State of Mexico, February 16. 2004, containing the details of the Ministry for Foreign Affairs (SER) in the upper left margin, and on the reverse side the form OP-7 PERMISSION GRANTED BY PARENTS OR PERSONS EXERCISING THE PATRIA POTESTAS OR GUARDIANSHIP, FOR PASSPORT ISSUE: on the reverse. Original documents which I had before me for their due study and comparison and photographic impressions, at the Ministry for Foreign Affairs delegation in Naucalpan, State of Mexico. DESCRIPTION OF THE DOCUMENT ON WHICH THE COMPARISON IS BASED. As a basic element for the comparison I was provided with a sample of the handwriting and signature of C. JOSE FERNANDO CASTILLO TAPIA, consisting of two pages dated 02 June 2004, which was prepared in the presence of the undersigned and of which the original was provided for due study and comparison. METHOD OF STUDY. 1.- ANALYTICAL.- I.- A CAREFUL AND DETAILED STUDY OF THE SIGNATURES FOR COMPARISON. II.- A CAREFUL AND DETAILED ANALYSIS OF THE SIGNATURES IN QUESTION.. III.- A CAREFUL AND DETAILED ANALYSIS OF THE HANDWRITING QUERIED. IV.- A CAREFUL AND DETAILED ANALYSIS OF THE HANDWRITING BASIS OF THE COMPARISON. 2.- COMPARATIVE.- I.- COMPARISON AND EVALUATION OF THE RESULTS OBTAINED. 3.- DEDUCTIVE. I.- CONCLUSION. 4.- ILLUSTRATIVE. I.- GRAPHIC EXHIBIT. STUDY.- I first proceeded to analyze the signatures basis of the comparison, in order to know and appraise their general characteristics and their graphic details, obtaining the following: (squares) GENERAL CHARACTERISTICS AND SIGNATURES BASIS OF THE COMPARISON. STRUCTURAL SKILL.: GOOD. WRITING SPEED: FAST, LINE TENSION: FIRM. LINE PRESSURE: MIXED. SLOPE: SLIGHTLY TO THE LEFT. CHARACTERISTICS AND SIGNATURES BASIS OF THE COMPARISON: 1.- INITIAL STROKE OF THE SIGNATURE.- IN BUTTON FORM. 2.- PLACING OF COMMENCEMENT OF THE SIGNATURE: FROM ABOVE DOWNWARDS. 3.- SWIRL IN THE LOWER LINE.- PRESENT. 4.- DISCHARGE OF INK IN THE UPPER LINE: PRESENT. 5.- CONNECTIONS: LENGTHS AND CURVES. 6.- FINAL STRETCH: LONG AND CURVING 7.- FINAL STROKE. TENDING TO DISAPPEAR. With respect to the signatures and handwriting in question, I proceeded to carry out a study similar to the foregoing, the characteristics of which are detailed below: (squares) GENERAL CHARACTERISTICS OF THE SIGNATURES IN QUESTION, WRITING SKILL: FAIR, WRITING SPEED: AVERAGE, LINE TENSION: LOOSE, LINE PRESSURE: SUPPORTED SLOPE: PRONOUNCED TO THE LEFT, CHARACTERISTICS, SIGNATURES QUERIED: 1.- INITIAL STROKE OF THE SIGNATURE: HOOKED OR ROUNDED 2.- PLACEMENT OF COMMENCEMENT OF THE SIGNATURE: FROM BELOW UPWARDS 3.- SWIRLK IN THE LOWER LINE: 4. DISCHARGE OF INK IN THE UPPER LINE. NONE 5.- CONNECTIONS: SHORT AND ANGULAR 6.- FINAL STRETCH: SHORT AND STRAIGHT. 7.- FINAL STROKE: BRUSQUE. After completing the foregoing, I compared the characteristics obtained from the signatures basis of the comparison and the signatures queries with the following results: SIGNATURES BASIS OF THE COMPARISON, GENERAL CHARACTERISTICS, SIGNATURES QUERIED. GOOD. WRITING SKILL: FAIR, FAST WRITING SPEED: AVERAGE , FIRM LINE TENSION: LOOSE, MIXED LINE PRESSURE: SUPPORTED SLIGHTLY TOWARDS THE LEFT , SLOPE: PRONOUNCED TOWARDS THE LEFT, SIGNATURES BASIS OF THE COMPARISON: CHARACTERISTICS, SIGNATURES QUERIED: IN BUTTON FORM, 1.- INITIAL STROKE OF THE SIGNATURE, HOOKED OR ROUND, FROM ABOVE DOWNWARDS, 2.- PLACING OF COMMENCEMENT OF THE SIGNATURE: FROM BELOW UPWARDS 3.- SWIRL IN THE LOWER LINE: YES, NO 4. DISCHARGE OF INK IN THE UPPER LINE: NONE, LONG AND CURVED. 5.- CONNECTIONS: SHORT AND ANGULAR, LONG AND CURVING 6.-FINAL STRETCH: SHORT AND STRAIGHT, TENDING TO DISAPPEAR. 7.- FINAL STROKE: BRUSQUE. With respect to the handwriting queried, I made a careful and detailed study which is

described below: CHARACTERISTICS. HANDWRITING QUERIED. 1.-M, MADE IN FOUR GRAPHIC MOMENTS 2.-C, BEGINNING PASTED, 3.-a. STROKE IN THE UPPER PART 4.-f EFFECTED IN THREE GRAPHIC MOMENTS, 5.-T, EFFECTED IN TWO GRAPHIC MOMENTS, 6.-o, BODY SLIGHTLY OPEN, 7.-i, TILDE IN POINT FORM. I likewise identified the characteristics making up the handwriting basis of the comparison, which are as follows: CHARACTERISTICS, HANDING BASIS OF THE COMPARISON. 1.-M, EFFECTED IN A SINGLE GRAPHIC MOMENT, 2.-c, COMMENCEMENT AND STRAIGHT, 3.-A, STRAIGHT IN THE MAIN STRETCH, EFFECTED IN THREE GRAPHIC MOVEMENTS, 4.-F, EFFECTED IN TWO GRAPHIC MOMENTS, EFFECTED IN TWO GRAPHIC MOMENTS.- 5.-T. EFFECTED IN A SINGLE GRAPHIC MOMENT, BODY SLIGHTLY OPEN, 6.-o, LEFT PASTED, TILDE IN POINT FORM, 7.-i, TILDE IN COMMA FORM. It can be seen from the study that the signatures and handwriting contain points of disagreement between the signatures and handwriting basis of the comparison, which help me to reach a categorical conclusion in this respect. In view of the foregoing, which is the technical handwriting result combined with my know-how and experience in the subject, I formulated the following: CONCLUSIONS. FIRST. THE SIGNATURES SHOWN AS BELONGING TO C. JOSE FERNANDO CASTILLO TAPIA ON THE DOCUMENTS DESCRIBED AS QUERIED IN THE PRESENT OPINION DO NOT CORRESPOND TO HIM, WITH RESPECT TO THE SIGNATURES PROVIDED AS BASIS FOR THE COMPARISON. SECOND.- THE HANDWRITING CONTAINED IN THE DOCUMENTS DESCRIBED AS QUERIED IN THE PRESENT OPINION, DO NOT CORRESPOND TO C. JOSE FERNANDO CASTILLO TAPIA, WITH RESPECT TO THE HANDWRITING PROVIDED AS A BASIS FOR THE COMPARISON..." likewise, attached are photographic images in color, a Sample of the Handwriting of C. José Fernando Castillo Tapia, consisting of two sheets and the official communication with the same folio number as that in which an expert was appointed. Documents which we attest to having seen and which, taking as grounds articles 208 and 209 of the Federal Criminal Procedures Code, are ordered attached to the investigation for all corresponding legal matters.

————————————KNOW ALL MEN BY THESE PRESENTS————————



————THE FOREGOING WAS RESOLVED AND SIGNED BY THE ATTORNEY MARTIN MARIN COLIN, AGENT FOR THE PUBLIC MINISTRY OF THE FEDERATION ATTACHED TO THE UNIT SPECIALIZING IN THE INVESTIGATION OF CHILD TRAFFICKING, UNDOCUMENTED PERSONS AND AGENCIES OF THIS ASSISTANT ATTORNEY GENERAL'S OFFICE, ACTING LEGALLY WITH ATTENDING WITNESSES WHO SIGN BELOW AND ATTEST.————————————————————

————————————WE ATTEST————————————

(illegible signature)

ATTENDING WITNESS                    ATTENDING WITNESS

(illegible signature)                (illegible signature)
C. Eduardo Alvarado Flores           C. Hugo Garcia Reyes

*In the top left corner, the Great Seal of Mexico, followed by "office of the Attorney General for the Republic".*

*In the left margin and in the right lower corner of the final page, illegible stamps and signatures.*

COORDINATING OFFICE FOR PLANNING, DEVELOPMENT
AND INSTITUTIONAL INNOVATION,
DIRECTORATE-GENERAL FOR THE COORDINATION OF
EXPERT SERVICES
SUB-DIRECTORATE GENERAL OF LABORATORIES
IDENTIFICATION SECTION
P.I. PGR/SIEDO/UEITMIO/013/2004
FOLIO NO. 27022

RE: AN OPINION IS RETURNED ON THE MATTER OF
IDENTIFICATION (DACTYLOSCOPICS)

Mexico, Federal District, June 10, 2004

Attorney
MARTÍN MARIN COLIN
AGENT FOR THE PUBLIC MINISTRY
OF THE FEDERATION
UNIT SPECIALIZING IN THE INVESTIGATION
OF CHILD TRAFFICKING, UNDOCUMENTED
PERSONS AND AGENCIES.
P r e s e n t.

The undersigned official expert in the matter of graphoscopics and document identification appointed to connection with the official communication hereinabove mentioned, hereby respectfully appears before to state as follows:

My intervention was required for the purpose of attending your petition addressed to the DIRECTOR GENERAL FOR THE COORDINATION OF EXPERT SERVICES which, wherein pertinent, reads:

"…. let experts be appointed in the subjects of photography, hand writing and identification, in order for them to present themselves at the offices occupied by this Unit, located at Paseo de la Reforma number 23, third floor, Colonia Tabacalera, Cuauhtemoc Delegation in this City at 10:30 hours of the 02 day of June this year, in order to take samples of handwriting and finger prints from the plaintiff in this case. Likewise, once the foregoing has been done, for them to transfer themselves together with the undersigned to the Offices of the Ministry for Foreign Affairs, for the purpose of verifying the existence of original documents and taking photographs of same, principally of the handwriting and fingerprints, in order that what is shown in these documents has the same graphic origin of the person previously mentioned."

After reading your petition to carry out the proceedings entrusted and observe the documents under study, I understand that the problem to be resolved is the following:

PROBLEM SUBMITTED.

**EXHIBIT 51**

To determine whether C. JOSE FERNANDO CASTILLO TAPIA is or is not responsible for the signatures and writing to be found in the documents described below:

## DESCRIPTION OF THE QUERIED DOCUMENTS.

The present intervention queries the signatures and writing contained in the following documentation represented as those of C. JOSE FERNANDO CASTILLO TAPIA:

1.- Application for Ordinary Mexican Passport (OP-5) in the name of ▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ application number 6289, place and date Naucalpan, State of Mexico, February 16, 2004, containing the details of the Ministry for Foreign Affairs (SRE) in the upper left margin, and on the reverse side the form OP-7 PERMISSION GRANTED BY PARENTS OR PERSONS EXERCISING THE PATRIA POTESTAS OR GUARDIANSHIP, FOR PASSPORT ISSUE: on the reverse.

2.- Application for Ordinary Mexican Passport (OP-5) in the name of ▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇ application number 6290, place and date Naucalpan, State of Mexico, February 16, 2004, containing the details of the Ministry for Foreign Affairs (SER) in the upper left margin, and on the reverse side the form OP-7 PERMISSION GRANTED BY PARENTS OR PERSONS EXERCISING THE PATRIA POTESTAS OR GUARDIANSHIP, FOR PASSPORT ISSUE: on the reverse.

Original documents which I had before me for their due study and comparison and photographic impressions, at the Ministry for Foreign Affairs delegation in Naucalpan, State of Mexico.

## DESCRIPTION OF THE DOCUMENT ON WHICH THE COMPARISON IS BASED.

As a basic element for the comparison I was provided with a sample of the handwriting and signature of C. JOSE FERNANDO CASTILLO TAPIA, consisting of two pages dated 02 June 2004, which was prepared in the presence of the undersigned and of which the original was provided for due study and comparison.

## METHOD OF STUDY.

### 1.- ANALYTICAL.-

I.- A CAREFUL AND DETAILED STUDY OF THE SIGNATURES FOR COMPARISON.

II.- A CAREFUL AND DETAILED ANALYSIS OF THE SIGNATURES IN QUESTION..

III.- A CAREFUL AND DETAILED ANALYSIS OF THE HANDWRITING QUERIED.

IV.- A CAREFUL AND DETAILED ANALYSIS OF THE HANDWRITING BASIS OF THE COMPARISON.

### 2.- COMPARATIVE.-

#### I.- COMPARISON AND EVALUATION OF THE RESULTS OBTAINED.

### 3.- DEDUCTIVE.

#### I.- CONCLUSION.

### 4.- ILLUSTRATIVE.

#### I.- GRAPHIC EXHIBIT.

### STUDY.

I first proceeded to analyze the signatures basis of the comparison, in order to know and appraise their general characteristics and their graphic details, obtaining the following

| GENERAL CHARACTERISTICS | SIGNATURES BASIS OF COMPARISON |
|---|---|
| WRITING SKILLS | GOOD |
| WRITING SPEED | FAST |
| LINE TENSION | FIRM |
| LINE PRSSURE | MIXED |
| SLOPE | SLIGHTLY TO THE LEFT |

| CHARACTERISTICS | SIGNATURES BASIS OF COMPARISON |
|---|---|
| 1. INITIAL SIGNATURE STROKE | IN BUTTON FORM |
| 2. PLACEMENT OF BEGINNING OF SIGNATURE | COMES FROM ABOVE DOWNWARDS |
| 3. LOOP IN THE LOWER LINE | PRESENT |
| 4.DISCHARGE OF INK IN THE UPPERLINE | PRESENT |
| 5. CONNECTIONS | ARCS AND CURVES |
| 6. FINAL STROKE | LONG AND CURVED |
| 7. FINAL FEATURE | FADING AWAY |

With respect to the signatures and handwriting queried, I proceeded to make a study similar to the foregoing, characteristics given below:

| GENERAL CHARECTERISTICS | SIGNATURES QUERIED |
|---|---|
| WRITING SKILLS | FAIR |
| WRITING SPEED | AVERAGE |
| LINE TENSION | SLACK |
| LINES PRESSURE | SUPPORTED |
| SLOPE | PRONOUNCED TOWARDS THE LEFT |

| CHARACTERISTICS | SIGNATURES QUERIED |
|---|---|
| 1. INITIAL STROKE  OF SIGNATURE | HOOKED OR ROUNDED |
| 2. PLACEMENT OF BEGINNING OF SIGNATURE | FROM LOWER INSIDE UPWARDS |
| 3. LOOP IN THE LOWER LINE | NONE |
| 4.INK DISCHARGE IN THE UPPER LINE | NONE |
| 5.CONNECTIONS | SHORT AND ANGULAR |
| 6. FINAL STRETCH | SHORT AND STRAIGHT |
| 7. FINAL FEATURE | BRUSQUE |

Once the foregoing had been done, I compared the characteristics of the signatures on which the comparison was based and the signatures queried, with the following results:

| SIGNATURES BASIS FOR COMPARISON | GENERAL CHARACTERISTICS | SIGNATURES QUERIED |
|---|---|---|
| GOOD | WRITING SKILLS | FAIR |
| FAST | WRITING SPEED | AVERAGE |
| FIRM | LINE TENSION | SLACK |
| MIXED | LINE PRESSURE | SUPPORTED |
| SLIGHTLY LEFTWARDS | SLOPE | PRONOUNCED TOWARDS THE LEFT |

| SIGNATURES BASIS FOR COMPARISON | CHARACTERISTICS | SIGNATURES QUERIED |
|---|---|---|
| BUTTON FORM | 1. INITIAL STROKE OF SIGNATURE | HOOKED OR ROUNDED |
| UPPER PART DOWNWARDS | 2. PLACEMENT | FROM THE LOWER PART UPWARDS |
| PRESENT | 3.-LOOP IN THE LOWER LINE | NONE |
| PRESENT | 4. DISCHARGE OF INK ON UPPER LINE | NONE |
| LONG AND CURVED | 5. FINAL STRETCH | SHORT AND ANGULAR |
| LONG AND CURVED | 6.FINAL FEATURE | SHORT AND STRAIGHT |
| FADING | | BRUSQUE |

With respect to the handwriting queried, I made a careful and detailed study, which is described below:



| CHARACTERISTICS | HANDWRITING QUERIED |
|---|---|
| 1.-M | EFFECTED IN FOUR GRAPHIC MOMENTS |
| 2.-C | BEGINNING PASTED |
| 3.-a | FEATURE ON TOP PART |
| 4.-F | EFFECTED IN THREE GRAPHIC MOMENTS |
| 5.-t | EFFECTED IN TWO GRAPHIC MOMENTS |

| 6.-o | THE BODY SLIGHT OPEN |
|------|----------------------|
| 7.-l | TILDE IN DOT FORM |

I also identified the characteristics forming the handwriting basis of the comparison, which are as follows:

| CHARACTERISTICS | HANDWRITING BASIS OF COMPARISON |
|-----------------|----------------------------------|
| 1.-M | EFFECTED IN A SINGLE GRAPHIC MOMENT |
| 2.-C | COMMENCES IN HARPOON |
| 3.-a | WITH TRACE ON PRINCIPAL LINE |
| 4.-F | EFFECTED IN TWO GRAPHIC MOMENTS |
| 5.-t | EFFECTED IN A SINGE GRAPHIC MOMENT |
| 6.-o | PASTED ON LEFT SIDE |
| 7.-l | TILDE IN FORM OF COMMA |

Together with the foregoing, I compared the characteristics obtained from he handwriting questioned and the basis for comparison, with the following results:

| HANDWRITING QUERIED | CHARACTERISICS | HANDWRITING BASIS OF COMPARISON |
|---------------------|----------------|----------------------------------|
| EFFECTED IN FOUR GRAPHIC MOMENTS | 1.-M | EFFECTED IN A SINGLE GRAPHIC MOMENT |
| BEGINNING PASTED | 2.-C | COMMENCES IN HARPOON |
| TRACE IN UPPER PART | 3.-a | WITH TRACE ON PRINCIPAL LINE |
| EFFECTED IN THREE GRAPHIC MOMENTS | 4.-F | EFFECTED IN TWO GRAPHIC MOMENTS |
| EFFECTED IN TWO GRAPHIC MOMENTS | 5.-t | EFFECTED IN A SINGE GRAPHIC MOMENT |
| BODY SLIGHT OPEN | 6.-o | PASTED ON LEFT SIDE |
| TILDE IN DOT FORM | 7.-l | TILDE IN FORM OF COMMA |

It can be seen from the study that the signatures and handwriting queried contain points of disagreement between the signatures and handwriting basis of the comparison, which helps me to prepare some categorical conclusions on this respect.

In view of the foregoing, which is the graphoscopic technical result, together with my know-how and experience on the subject, I put forward the following:

SECOND.- THE HANDWRITING PURPORTING TO BE THAT OF C. JOSE FERNANDO CASTILLO TAPIA, IN THE DOCUMENTS DESCRIBED AS QUERIED IN THE PRESENT OPINION DO NOT CORRESPOND TO HIM, WITH RESPECT TO THE HANDWRITING SUPPLIED AS BASIS FOR THE COMPARISON.

NOTE:   A sample of the handwriting of C. JOSE FERNANDO CASTILLO TAPIA is attached, consisting of two pages.

YOURS TRULY
THE EXPERT

(illegible signature)
L. ALDO CRISANTO MOLINA

| ATTORNEY GENERAL FOR THE REPUBLIC | DIRECTORATE GENERAL FOR THE COORDINATION OF EXPERT SERVICES DEPARTMENT FOR QUERIED DOCUMENTS (SAMPLE OF WRITING) | No. of P.I. O. of File. PSG/SIEDO/USITMO/01304 | |
|---|---|---|---|
| | | No. Of office SIEDO | No. of folio 2703 |
| | | Name and signature of expert Aldo Crisanto (illegible signature) | Page No. ½ |

SECTION 2.

| PLACE AND DATE: Mexico, D.F., June 2, 2004 | | |
|---|---|---|
| Identification document  Passport 03340032358 | | AGE:  45 |
| FULL NAME    CASTILLO TAPIA JOSE FERNANDO | | |
| OCCUPATION | HIGHEST GRADE OF STUDIES | ORGAN USED TO WRITE |
| Professor | Masters | Right hand |

The present handwriting sample is provided voluntarily in the Unit Specializing in the Investigation of Child Trafficking, to serve as a basis of comparison, and for all the corresponding legal purposes:

(four illegible signatures)

the name ██████████████████████ REPEATED TEN TIMES.

| ATTORNEY GENERAL FOR THE REPUBLIC | DIRECTORATE GENERAL FOR THE COORDINATION OF EXPERT SERVICES DEPARTMENT FOR QUERIED DOCUMENTS (SAMPLE OF WRITING) | No. of P.I. O. of File. PSG/SIEDO/USITMO/01304 | |
|---|---|---|---|
| | | No. Of office SIEDO | No. of folio 2703 |
| | | Name and signature of expert Aldo Crisanto (Illegible signature) | Page No. 2/2 |

SECTION 2.

| PLACE AND DATE: Mexico, D.F., June 2, 2004 | | |
|---|---|---|
| Identification document | | AGE: |
| FULL NAME    CASTILLO TAPIA JOSE FERNANDO | | |
| OCCUPATION | HIGHEST GRADE OF STUDIES | ORGAN USED TO WRITE |
| | | |

(samples of handwriting ad signatures)

(SAMPLES OF HANDWRITING)

(SAMPLES OF HANDWRITING)



(SAMPLES OF HANDWRITING)

(SIGNATURES QUERIED)

**EXHIBIT 52**

*In the top left corner, the Great Seal of Mexico, followed by: Office of the Attorney General for the Republic.*

*In mid-page, the Great Seal of Mexico with an illegible legend.*

### RESOLUTION ON CONSIGNMENT

———— In the City of Mexico, Federal District, on the 19 nineteenth of July 2004 two thousand and tour, the undersigned Attorney MARTIN MARIN COLIN, Agent for the Public Ministry of the Federation attached to the Unit Specializing in Child Trafficking, Undocumented Persons and Agencies, Department for Investigation Specializing in Organized Crime of the office of the Attorney General for the Republic who, taking as grounds article 16 of the Federal Criminal Code, acting in accordance with law with attending witnesses who sign below and attest:————————————————————
——————————————————— RESOLVED: ————————————————
———— H A V I N G  S E E N the records comprising the investigation hereinabove mentioned and as the facts required under article 16 of the Constitution have been met, it is in order to exercise criminal action WITHOUT A PRISONER against:———————————

### 1.- MARIA DEL ROSARIO MORENO VAZQUEZ

———— As presumed guilty of commissioning the offence detailed below, due to her conduct in connection with the unjust purpose of:————————————————————

———— C H I L D  T R A F F I C K I N G, a crime provided for in article 366 quater second paragraph (hypothesis of penalty) in concordance with article 366 ter section III of the Federal Criminal Code in relation with 7, first paragraph (hypothesis of action) section II (continuous or permanent offense); 8 (hypothesis of fraudulent action); 9, first paragraph (hypothesis of acting fraudulently even when aware of the illegality of the action, as described by law), and 13 section II (those automatically implemented) of the Federal Criminal Code.————————————————————————————————————

———— Committed to the injury of the minors ███████████████ ███████████████ and JOSE FERNANDO CASTILLO TAPIA. ——————————

——————————————————— COMPETENCE ————————————————

———— It is necessary to establish that, based on the reform of December twenty third one thousand nine hundred and ninety three to article 10 of the Federal Criminal Procedures Code, a form of competence by means of territory was established which permits the Social Representation of the Federation to elect, "ad libitum", the Jurisdictional Agency for hearing a process even when this is not that of the place where the delinquent acts occurred, therefore in the judgment of this accusing entity, the special jurisdiction provided for in article 10, third paragraph of the Federal Criminal Procedures Code now applies, that is, that the Judge for Federal Criminal Actions in the Federal District on duty is competent to hear the facts to which preliminary investigation PGR/SIEDO/UEITMIO/013/2004 refers, that is, a District Judge from a place other than that where the events considered delinquent occurred. Here, the following jurisprudential criterion should be applied:

Ninth Period

Instance: First Chamber

Source: Judicial Weekly of the Federation and its Gazette

Tomo: X, September 1999
Thesis: 1a./J.41/99
Page: 17

TERRITORIAL COMPETENCE BY EXCEPTION (ARTICLE 10, THIRD PARAGRAPH, OF THE FEDERAL CRIMINAL PROCEDURES CODE). THE DECLARATION OF COMPLIANCE WITH THE REQUIREMENTS OF OTHERS WHICH PREVENT GUARANTEEING THE DEVELOPMENT OF THE PROCESS MUST BE SPECIFIED AND PLACE IN EVIDENCE. The territorial competence of exception to which the third paragraph to article 10 of the Federal Criminal Procedures Code refers operates, always providing that the following requirements are met: a) Reasons of security of the prisons; b) Characteristics of the deed imputed; c) Personal circumstances of the deed imputed; and d) Others which prevent guaranteeing the development of the process. These demands can be enforced and accredited by the Federal Public Ministry on conclusion of the preliminary investigation by consigning before the Judge, or before the judicial authority once criminal proceedings commence, officially or at the request of a party, but in both cases all the requirements to which said article refers must be objectively met, since a simple statement that an exception to the rule applies as compared with "others which prevent guaranteeing the development of the process", since it is presumed the economic influence of the accused and the amount of damages could interfere in the normal march of the process, is not sufficient for the exception to apply, and the judicial authority of the place where the delinquent actions occurred should continue to hear the case. The foregoing applies since autonomy, objectivity, independence ad impartiality are the characteristics by which the Federal agencies are governed for the distribution of justice, as provided by article 100 of the General Constitution of the Republic, and these principles govern all the agencies comprising Federal Judicial Power. Moreover, according to the Organic law of the Judicial Power of the Federation, the amount involved is not an element to be taken into account, as in other legislations, to determine the competence of the Federal tribunals, in such a way that is in no way shown that these circumstances influence the intention of the judge to fully comply with the administration of justice consigned in Constitutional article 17.

Competence 20/98. Arising between the Third District Judge for Criminal Matters of the Federal District and the Second District Judge in the State of Nuevo León, March 18, 1998. Five votes. Speaker: Juan N. Silva Meza. Secretary: María del Socorro Olivares Dobarganes.

Competence 234/98. Arising between the Fifth District Judge in the State of Oaxaca and the Second District Judge for Federal Criminal Matters in the State of Mexico. October 21, 1998. Unanimity of four votes. Absent: Juan N. Silva Meza. Speaker: José de Jesús Guidiño Pelayo. Secretary: Ismael Mancera Patiño.

Competence 185/98. Arising between the Second District Jude in the State of Morelos and the Second District Judge for Federal Criminal Matters in the State of Mexico. November 11, 1998. Unanimity of four votes. Absent: José de Jesús Guidiño Pelayo Speaker: Juan N. Silva Meza. Secretary: Alejandro Villagómez Gordillo.

Competence 476/98. Arising between the Sixth District Judge in the State of Tamaulipas and the Ninth District Judge for Criminal Maters in the Federal District. January 13, 1999. Five votes. Speaker: Juventino V. Castro y Castro. Secretary: Maria Elena Leguizamo Ferrer.

Competence 32/99. Arising between the Fifth District Judge in the State of Oaxaca and the Third District Judge for Federal Criminal Procedures in the State of Mexico. April 14, 1999. Five Votes. Speaker: Juan N. Silva Meza Secretary: Germán Martínez Hernández. Thesis of Jurisprudence 41/99. Approved by the First Chamber of this High Court in session on the eighteenth of August one thousand nine hundred and ninety nine by

unanimity of four votes of the Ministers: President Humberto Román Palacios, Juventino V. Castro y Cstro, José de Jesús Gudiño Pelayo and Jan N. Silva Meza . The Minister Olga Sánchez Cordero de Garcia Villegas was absent.

See: Judicial Weekly of the Federation and Gazette, Ninth Period, Tome VII, March 1998, thesis 1a. XII/98, page 249, sub-heading "FEDERAL COMPETENCE BY EXCEPTION. THE AGENT FOR THE FEDERAL PUBLIC MINISTR IS OBLIGED TO SATISFY THE REQUIREMENTS ESTABLISHED IN THE THIRD PARAGRAPH OF ARTICLE 10 OF THE FEDERAL CRIMINAL PROCEDURES CODE."

### FINDINGS OF FACT:

1.- On March 22 twenty second, 2004 two thousand and four, the filing took place of investigation number PGR/SIEDO/UETMIO/013/2004, arising from the complaint presented by the injured party JOSE FERNANDO CASTILLO TAPIA, for the offence of Child trafficking, committed to his injury and that of his minor children ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ under cover of which he presented sundry documentation verifying that he is the father of the children and that they left the country illegally, filing an accusation against ROSARIO MORENO VAZQUEZ for the transfer of his minor children abroad without the authorization of the plaintiff.

2.- On the 29 twenty ninth of March 2004 two thousand and four, official communications were addressed to the Directorate-General for International Police Matters and INTERPOL, for the purpose of verifying whether in effect the children were in the United States of North America, to the Legal Director of Aerovias de Mexico, Ministry of Foreign Affairs, for the purpose of verifying if tickets were issued in favour of the persons related with the present document and verify whether passports were issued to said persons, together with a summons to Mrs. MARIA ELENA VAZQUEZ SAUCEDO, mother of the presumed culprit, together with the statement of the mother of said accused in connection with the facts.

3.- On the 07 seventh of April 2004 two thousand and four, Mrs. MARIA ELENA VAZQUEZ SAUCEDO, mother of the presumed culprit, appeared and among other things declared that n February 26, 2004, her daughter MARIA DEL ROSARIO gave her a letter to be delivered to the plaintiff, and that on that date she took the children without telling her where she was going, not knowing where they are presently to be found.

4.- On the 14 of April 2004 two thousand and four, an official communication was received from INTERPOL, indicating that MARIA DEL ROSARIO MORENO and her minor children ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ flew to the city of Atlanta, Georgia, United States of North America, on February 27, 2004 two thousand and four in flight 636 of the airline Aeromexico, and also the United States authorities reported that she was in the State of Alabama but, according to the presumed culprit, stated that she feared for her security and said authorities did not wish to reveal here whereabouts.

5.- Appearance of Mr. JOSE FERNANDO CASTILO TAPIA dated the 23 twenty third of April 2004, in which he declared that at no time did he give his permission for the children to leave the country, nor did he apply for a document to process a passport in favor of his children, and therefore documents were placed before him in which apparently the signature of the plaintiff authorized the issue of passports in favor of the minors, emphatically denying that it was his signature and asking for experts to examine the documents.

6.- On the 29 twenty ninth of April 2004 two thousand and four, an official communication was received from Aerovias de Mexico, indicating that flight coupons were attached in favor of MORENO/MARIA (⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛⬛) utilized on the Mexico-Atlanta route flight 636 on February 27, 2004.

7.- On June 02 2004, two thousand and four, Mr. JOSE FERNANDO CASTILLO TAPIA presented himself , and the experts obtained from him samples of handwriting and fingerprints. In the same way the personnel of this Unit went to the sub-delegation of the Ministry of Foreign Affairs in Naucalpan, State of Mexico, in order for experts in photography, identification and graphoscopics to intervene for the purpose of returning an opinion on the documents where the plaintiff stated he had neither signed nor affixed his fingerprints.

8.- On the 24 of July 2004 two thousand and four, an opinion was received in the matter of identification, where experts of this institution indicated that after reviewing the documents, **it was established that the finger print shown is not that of the plaintiff JOSE FERNANDO CASTILLO TAPIA, and that appearing after consulting the AFIS system of the Directorate General for the Coordination of Expert Services, shows that it belongs to an individual named ARTEMIO BARRERA HERNANDEZ.**

9.- On the 17 of June 2004 two thousand and four, an opinion was received on the matter of Graphscopics, indicating in the conclusions that the handwriting and signature had not been executed by JOSE FERNANDO CASTILLO TAPIA.

10.- In view of the foregoing, recourse is made to the Jurisdictional Entity exercised criminal action for the offence to which reference is made, against the person mentioned, this since in the judgment of this authority in charge of the investigation the requirements provided in article 16 of the fundamental law of this Nation have been met, and asking that the corresponding warrant for arrest be issued against the person consigned.

## CONCLUSIONS OF LAW:

FIRST.- That it corresponds to the Public Ministry of the Federation attached to this Unit Specializing in the Investigation of Child Trafficking, Undocumented Persons and Agencies, to exercise criminal action in the terms of articles 16, 21 and 102, part "A", of the Political Constitution of the United Mexican States; 1 section 1, 2, 6, 134, 136 sections I, II, IV and V, 195 of the Federal Criminal Procedures Code; 3, 4 section I, part B), inserts a), 11 section I inserts a), b) and c) of the Organic Law for the office of the Attorney General for the Republic; 27 and 28, section V of the Regulations thereof, and 50 section I insert a) of the Organic Law of the Judicial Power of the Federation, since these are Federal offences.

SECOND:- That article 16 of the political Constitution of the United Mexican States demands that, in order to issue a warrant for arrest, the following requirements be met: a) That a denouncement or accusation exists of a fact indicated by Law as a felony, b) That the offence is penalized at least by imprisonment; and b) That information exists accrediting the *corpus delicti* and indicate the presumed guilt of the accused, since from the elements of conviction contained on file it can be clearly seen that said requirements are duly justified, this agency in charge of criminal action asks that the warrant for arrest herein requested be issued.

THIRD:- In order to sustain the punitive action intended by this action, taking as grounds article 206 of the Federal Criminal Code, the following official proofs among others are contained within the investigation hereinabove indicated:

————————————————ELEMENTS OF PROOF————————————————

—— 1.- Statement of March 22 2004 two thousand and four, in which Mr. LUIS
FERNANDO MORENO TAPIA files a complaint and, among other things, declares as
follows: That he appears voluntarily to declare as follows: I procreated with Mrs. MARIA
DEL ROSARIO MORENO VAZQUEZ my minor children name█████████████████████

███ respectively, who lived with their mother after I divorced her under the final judgment
issued by the Tenth Judge for Family Matters in the Federal District, presenting a certified
photocopy of the respective hearing with respect to the living conditions of the mother of
my children, and the fact is that on February 28 this year, at approximately 17:00 hours, I
presented myself as was my custom to collect my children at the domicile where both Mrs.
MORENO VAZQUEZ and my children lived, located at number 15, retorno San Jorge,
Lomas Verdes district, Naucalpan, State of Mexico, C.P. 53120, and received from Mrs.
MARIA ELENA VAZQUEZ SAUCEDO, mother of ROSARIO, a letter written by Mrs.
MARIA DEL ROSARIO MORENO VAZQUEZ informing me that she had taken my children
from that domicile to leave the city, without mentioning their destination. In view of the
foregoing, I suspected that she had moved to another country, possibly the United States
of America, since Mrs. MORENO VAZQUEZ had commented to me in the month of
October 2003 that she had married a North American individual whom she had met
through the Internet, and asked my permission to take my children out of the country. I
refused, telling her it was better that they first establish themselves as a couple and that
afterwards with pleasure we would agree on the permission and reciprocal visits, a
situation she refused to accept, saying that she would think about it at that time, October
2003. In view of the foregoing I appeared before the Agent for the Public Ministry of
Common Jurisdiction in the city of Naucalpan, State of Mexico, on February 29 this year,
opening File NJ/II/816/04-02, to whom I declared what I have just stated, and also
informed said authority what I now repeat, that the undersigned had neither authorized nor
consented to my minor children ████████████████████████████████████████
████████████████████████leaving the country, nor did I in any way authorize nor
agree to their obtaining a passport from the Ministry of Foreign Affairs. I then, on March
01 this year, went to the schools where my children studied, the Colegio La Salle in the
State of Mexico, where from talking with their schoolmates I found out that Mrs. MARIA
DEL ROSARIO MORENO VAZQUEZ and my minor children had left the country by air on
February 27, 2004 two thousand and four, utilizing the services of the company
Aeromexico, flight 636, destination Atlanta, Georgia, since my children had commented
that their final destination was the city of Salem, Alabama, at the address 97 Lee Road
number 434, belonging to or registered in the name of Mr. RONALD COONLEY, who is
the person who Mrs. ROSARIO MORENO VAZQUEZ married. In this respect and from the
information available on said person from the Internet they may have as domiciles those
listed below: █████████████████Smiths, AL and█████████████ Phenix
City AL,████████████████., Columbus GA███████ and Berrien Springs, Michigan,
together with that located at ████████████ Albany, NY██████ all in the United States of
America, and that from talks I have had with my son's companions, he has contacted
them through the internet, his account being███████████████████████████
██████████████████████████████and has told them that they may possibly travel outside the
United States of America, without my knowing their destination nor when this trip is to take
place. By reason of the foregoing I also appeared before the Tenth Court for Family
Matters in the Federal District, before which I asked to be granted the custody of my minor
children█████████████████████████████████████████████████████ in
the terms of the application I attach to this document, and also wish to notify that authority
and declare that, in view of my doubts as to whether my children had left the country, I

went to the information window of the Naucalpan Delegation of the Ministry of Foreign Affairs in the State of Mexico to find out whether any passport had been issued in their favor, and a person at that office took pity on me when I explained my problem, and told me verbally that said documents had been issued in favor of ████████████ ██████████████████████ In February 27, 2004, that that office possessed legal documentation supporting my permission, and I therefore ask you to verify the foregoing since the undersigned gave no permission, either verbally or in writing nor by means of any document, and for this reason I repudiate as of now any signature or authorization contained in the files of that office. By reason of the foregoing I hereby present ordinary copies of the complaint filed before the Tenth Family Court consisting of 6 six pages, an ordinary photocopy of the denouncement of facts which I filed in the State of Mexico consisting of two pages, the page of the letter which I mentioned at the beginning of this document addressed to the undersigned bearing the name of ROSARIO, consisting of a single sheet, an ordinary photocopy of the accord which we, the undersigned and Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ, filed with respect to the voluntary divorce and referring to the custody of my minor son████████████████████████████ consisting of two pages, an ordinary photocopy of a letter dated March 16, 2004, issued by an operator of Colegios La Salle, signed by the Professor ANA CECILIA ESQUIVEL HERNANDEZ, in which she mentions my minor daughter█████████████████████ ████████ AN ORDINARY PHOTOCOPY OF THE DIVORCE SENTENCE DATED January 29, 1992 one thousand nine hundred and ninety two, in favor of Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ and the undersigned, issued by the Tenth Family Court for the Federal District. I also present original Birth Certificate number████████in favor of my minor son ████████████ ██████████████ issued by the Central Judge for the Civil Register in the Federal District, and original Birth Certificate number████████ dated March 12, 2003 two thousand and three in favor of my minor daughter██████████ ██████████████████, issued by C. official number 02 of the Civil Register, ATTORNEY MARGARITA MARISCAL DE OLVERA of the Government of the State of Mexico. I also present three colored photocopies of my minor son███████████████ ██████████████ two colored photographs of MARIA DEL ROSARIO and three color laser photographs of my minor daughter██████████████████ At this time I therefore file my formal complaint for the offense of Child Trafficking against Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ and against who or whomsoever may be responsible.

———— 2.- By the Resolution commencing the present investigation dated March 22, 2004, filed due to the accusation presented by the injured party JOSE FERNANDO CASTILLO TAPIA for the offense of child trafficking, committed to his injury and to the injury of his minor children███████████████████████████████████████████████which reads as follows: "....That he appears voluntarily to declare as follows: I procreated with Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ my minor children named█████████ ██████████████████████████ respectively, who lived with their mother after I divorced her under the final judgment issued by the Tenth Judge for Family Matters in the Federal District, presenting a certified photocopy of the respective hearing with respect to the living conditions of the mother of my children, and the fact is that on February 28 this year, at approximately 17:00 hours, I presented myself as was my custom to collect my children at the domicile where both Mrs. MORENO VAZQUEZ and my children lived, located at ████████████████████████████████ Naucalpan, State of Mexico████████ ████ and received from Mrs. MARIA ELENA VAZQUEZ SAUCEDO, mother of ROSARIO, a letter written by Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ informing me that she had taken my children from that domicile to leave the city, without mentioning their destination. In view of the foregoing, I suspected that she had moved to another country, possibly the United States of America, since Mrs. MORENO VAZQUEZ had

commented to me in the month of October 2003 that she had married a North American individual whom she had met through the Internet, and asked my permission to take my children out of the country. I refused, telling her it was better that they first establish themselves as a couple and that afterwards with pleasure we would agree on the permission and reciprocal visits, a situation she refused to accept, saying that she would think about it at that time, October 2003. In view of the foregoing I appeared before the Agent for the Public Ministry of Common Jurisdiction in the city of Naucalpan, State of Mexico, on February 29 this year, opening File NJ/II/816/04-02, to whom I declared what I have just stated, and also informed said authority what I now repeat, that the undersigned had neither authorized nor consented to my minor children ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ leaving the country, nor did I in any way authorize nor agree to their obtaining a passport from the Ministry of Foreign Affairs. I then, on March 01 this year, went to the schools where my children studied, the Colegio La Salle in the State of Mexico, where from talking with their schoolmates I found out that Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ and my minor children had left the country by air on February 27, 2004 two thousand and four, utilizing the services of the company Aeromexico, flight 636, destination Atlanta, Georgia, since my children had commented that their final destination was the city of Salem, Alabama, at the address 97 Lee Road number 434, belonging to or registered in the name of Mr. RONALD COONLEY, who is the person who Mrs. ROSARIO MORENO VAZQUEZ married. In this respect and from the information available on said person from the Internet they may have as domiciles those listed below: ▮▮▮▮▮▮▮▮▮▮▮▮ Smiths, AL and ▮▮▮▮▮▮▮▮▮▮ Phenix City AL, ▮▮▮▮▮▮ Columbus GA ▮▮▮▮ and Berrien Springs, Michigan, together with that located at ▮▮▮▮▮, Albany, NY ▮▮▮ all in the United States of America, and that from talks I have had with my son's companions, he has contacted them through the internet and has told them that they may possibly travel outside the United States of America, without my knowing their destination nor when this trip is to take place. By reason of the foregoing I also appeared before the Tenth Court for Family Matters in the Federal District, before which I asked to be granted the custody of my minor children ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ in the terms of the application I attach to this document, and also wish to notify that authority and declare that, in view of my doubts as to whether my children had left the country, I went to the information window of the Naucalpan Delegation of the Ministry of Foreign Affairs in the State of Mexico to find out whether any passport had been issued in their favor, and a person at that office took pity on me when I explained my problem, and told me verbally that said documents had been issued in favor of ▮▮▮▮▮▮▮▮▮▮▮▮ on February 27, 2004, that that office possessed legal documentation supporting my permission, and I therefore ask you to verify the foregoing since the undersigned gave no permission, either verbally or in writing nor by means of any document, and for this reason I repudiate as of now any signature or authorization contained in the files of that office. By reason of the foregoing I hereby present ordinary copies of the complaint filed before the Tenth Family Court consisting of 6 six pages, an ordinary photocopy of the denouncement of facts which I filed in the State of Mexico consisting of two pages, the page of the letter which I mentioned at the beginning of this document addressed to the undersigned bearing the name of ROSARIO, consisting of a single sheet, an ordinary photocopy of the accord which we, the undersigned and Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ, filed with respect to the voluntary divorce and referring to the custody of my minor son ▮▮▮▮▮▮▮▮▮▮▮▮▮ consisting of two pages, an ordinary photocopy of a letter dated March 16, 2004, issued by an operator of Colegios La Salle, signed by the Professor ANA CECILIA ESQUIVEL HERNANDEZ, in which she mentions my minor daughter ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ AN ORDINARY PHOTOCOPY OF THE DIVORCE SENTENCE DATED

January 29, 1992 one thousand nine hundred and ninety two, in favor of Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ and the undersigned, issued by the Tenth Family Court for the Federal District. I also present original Birth Certificate number 4521638, in favor of my minor son ███████████████████████████, issued by the Central Judge for the Civil Register in the Federal District, and original Birth Certificate number A2929095 dated March 12, 2003 two thousand and three in favor of my minor daughter ███████████████████████████ issued by C. official number 02 of the Civil Register, ATTORNEY MARGARITA MARISCAL DE OLVERA of the Government of the State of Mexico. I also present three colored photocopies of my minor son ███████████████████████ two colored photographs of MARIA DEL ROSARIO and three color laser photographs of my minor daughter MARIA DE FATIMA. At this time I therefore file my formal complaint for the offense of Child Trafficking against Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ and against who or whomsoever may be responsible, to the injury of my children and myself..." , therefore by reason of the foregoing a well-founded reason exists to file the present investigation for the offense of Child Trafficking, since from the statement of the plaintiff it can be seen that his minor children are located abroad. He equally presents the documents by means of which he accredits the patria potestas of the children ███████████████████████ such as birth certificates of both, issued by a competent authority, as well as other documents accrediting his statement, which are attested to separately; therefore, based on the foregoing, a summons should be served on the mama of Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ, named MARIA ELENA VAZQUEZ SAUCEDO, who has her domicile ███████████████████████ Naucalpan, State of Mexico, since said lady delivered a letter to the injured party from the presumed culprit in which she told him that she planned to leave said domicile; moreover, since she lived there, she might have information as to where the presumed culprit is to be found at the present time with the children.. An official communication should also be addressed to the Ministry of Foreign Affairs in order for the latter to report whether passports have been issued in the name of the children and presumed culprit mentioned at the delegations under its orders, and, if so, that a certified photocopy of the documents presented to obtain these documents be forwarded, since the injured party declares that at no time has he signed any document whatsoever for said authorization; in order to be able to locate the children and persons presumed guilty, an official communication must be addressed to the National Central office of the International Police INTERPOL, in order for instructions to be given to whomsoever corresponds and to verify whether in the documents provided by the plaintiff on the United States of America, the children and the presumed culprit be located , for which purpose colored photographs of same should be attached. An official communication should also be addressed to the airline company AEROMEXICO for them to report whether on the date mentioned the children and their mother utilized a flight of said airline with destination in the United States of America.

———— 3.- By the attestation to documents and photographs of the children ██████████████████████████████████ dated March 22 2004.  1.- ordinary photographs of the complaint filed before the Tenth Family Judge consisting of 6 six pages.- 2.- ordinary photocopy of the denouncement of facts presented in the State of Mexico consisting of two written pages.- 3.- Page of the letter mentioned at the beginning of this complaint addressed to the plaintiff with the name ROSARIO, consisting of one page; 4.- ordinary copy of the agreement presented by the plaintiff and Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ, with respect to the voluntary divorce and with reference to custody in connection with their minor son ███████████████████ consisting of two pages, 5.- ordinary photocopy of letter dated March 16, 2004, issued by the operator of Colegios La Salle, signed by Prof. ANA CECILIA ESQUIVEL HERNANDEZ, in which she mentioned that my his minor daughter ██████████████████████



██████████ 6.- ordinary photocopy of the divorce sentence of January 29, 1992 one thousand nine hundred and ninety two, in favor of Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ and the plaintiff, issued by the Tenth Family Court in the Federal District.- 7.- He also presents an original Birth Certificate number ██████ in favor of his minor son ██████████████, issued by the Central Judge for the Civil Register in the Federal District, 8.- original Birth Certificate number ██████ dated March 12, 2003 two thousand and three, in favor of his minor daughter ██████ ████████████, issued by Clerk number 02 for the Civil Register ATTORNEY MARGARITA MARISCAL DE OLVERA, of the Government for the State of Mexico, 9.- Three colored laser photographs of LUIS FERNANDO CASTILLO MORENO, 10.- Two colored photographs of MARIA DEL ROSARIO. 11.- Three colored photographs ██████████████

———— 4.- By the official communications dated the 22 twenty second of March 2004 two thousand and four, addressed to the Directorate General for International Police Matters and INTERPOL, for the purpose of verifying whether the children were to be found in the United States of North America, to the Legal Director of Aerovias de Mexico, Ministry for Foreign Affairs, and a summons for the mother of the presumed culprit, in order to verify whether tickets were issued in favor of the persons connected with the present, and to verify whether passports were issued for said persons, moreover that in which the mama of the presumed culprit declares in connection with the facts. ————————

———— 5.- By the deposition of Mrs. MARIA ELENA VAZQUEZ SAUCEDO dated the 07 seventh of April 2004 two thousand and four, when among other things she declared as follows: That I appear voluntarily before this Social Representation of the Federation by reason of the summons served on me and, after being informed of the reason for my appearance, declare that I am the mother of MARIA DEL ROSARIO MORENO VAZQUEZ, who was married to Mr. JOSE FERNADO CASTILLO TAPIA, with whom she procreated two children named ██████████████ respectively. They are currently divorced. And I declare that effectively on February 26, 2004, at approximately 1700 or 1800 hours, Mr. FERNANDO CASTILLO TAPIA came to my domicile, since it appears that on that day he was going to see his children ██████████████ since he visited them approximately every 15 days. On arrival he asked me for his children and I told him they were not there, at which time I delivered a letter to him in e sealed envelope from my daughter's place of work, It appeared to bear the logotype of the company where my daughter worked, therefore I did not know nor do I know the contents of said letter. Said letter was delivered to me by my daughter MARIA DEL ROSARIO on February 26, 2004, and she did not tell me where she was going and it was understood that she was taking her children. She handed the letter to me and told me to deliver the letter to FERNANDO, without saying anything further, and the fact is that on March 27, 2004, it being approximately 07:00 hours, she left taking her children with her, reiterating that at no time did she tell me where she was going, and saying when I asked her where she was going, she replied reluctantly saying "that is my business". She left and has not returned, after that time I have had communication on two or three occasions, in the month of March this year she telephoned only to ask how I was, I asked her how the children were and she said "well", I asked her where she was but she did not tell me at what place, the telephone calls being in the same terms. I also want to declare that my daughter was and is extremely reserved, that is I know of almost no friends or friendships, nor was she used to taking friends or persons to my house. Likewise, due to her being reserved, I do not know if she had a sweetheart or boy friend, and I therefore have no idea where she could be since communication with my daughter

was nil. I also wish to state that on one of the occasions she called my cellular telephone, not recalling the number at this time but if necessary I will let you have it, and on that occasion I tried to retain the communication in order to know where she was, but as usual, my daughter quickly cut the communication. I do not know whether my daughter had a passport, nor if my grandchildren had passports. I have a son named WILLIAM R. MORENO VAZQUEZ in Cabo San Lucas, but he is not in contact with my daughter. I call my son nearly every day by telephone and have asked him if he knows anything about my daughter, and he told me that he does not know anything, nor has she contacted him. On another aspect at this moment the undersigned places before her the colored photographs of the children ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬, and of her daughter MARIA DEL ROSARIO MORENO VAZQUEZ, which are attached to the present file, which she full recognizes without fear of error as her daughter and grandchildren, who left my domicile on the 27 of February this year.

———— 6.- By the evidence of the official communication dated 14 April 2004 two thousand and four received from INTERPOL, which indicated among other things the following : Allow me to refer to your official communication under cover of which you requested the collaboration of this Directorate-General for the purpose of verifying whether the minor children ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ together with their mother *Maria del Rosario Moreno Vazquez*, reside in the United States of America. In this respect, allow me to advise you that this Administrative Unit possesses an administrative file in connection with the location of the minor children *Castillo Moreno*, which was opened on March 2 this year, by reason of the petition filed in this Office by C. *Fernando Castillo Tapia*, the children's father, who declared that he presumed his children has been transferred to the United States of America by their mother *Maria del Rosario Moreno Vazquez*.In view of the foregoing, this Office commenced the corresponding investigations and managed to find that the children and their mother landed in the City of Atlanta, Georgia, United States of America on February 27, 2004, via flight 636 of the airline Aeromexico, for which reason contact was made with Interpol-Washington for the purpose of requesting their collaboration in locating Mrs. *Maria del Rosario Moreno* and her minor children ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ On March 26 last, Interpol-Washington informed this Administrative Unit that the Alabama State Police sent an investigating agent to interview Mrs. *MARIA DEL ROSARIO MORENO*, who verified having the custody of her minor children, and likewise stated that the father of the children had called to threaten her, and she had therefore decided to change domicile and telephone number, for which reason the United States authorities state that for the safety and well-being of the family they are not authorized to reveal their whereabouts

———— 7.- By the official communication dated April 20, 2004 two thousand and four, issued by the Department of Standardization of the Ministry for Foreign Affairs, remitting ordinary photocopies of the passport applications format OP7 in the name of the children ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

apparently bearing the signature and fingerprint of the plaintiff JOSE FERNANDO CASTILLO TAPIA, together with the passport of the plaintiff.

———— 8.- By the appearance of JOSE FERNANDO CASTILLO TAPIA on the 23 twenty third of April 2004 two thousand and four, in which among things he declares as follows: That in connection with the summons of April 21 this year, issued by this Social Representation of the Federation, in which I am asked to advise this authority whether I was aware that passports had been issued to my minor children and issue, therefore the

deponent declares that as he mentioned during is appearance on the 22 twenty second of March this year before Attorney Martin Marin Colin, Agent for the Public Ministry, I gave no authorization to be issued in favor of the children, therefore at this moment the documentation remitted by the Ministry of Foreign Affairs is placed before him, giving the name and signature of the person requesting issue of the passports in favor of the children

█████████ together with a copy of the passport containing the name of JOSE FERNANDO CASTILLO TAPIA, who supposedly authorized the issue of said document, therefore the dent, after checking the documents on file, states that he does not know who signed on his behalf, nor does he know who the fingerprint appearing on both applications for the children belongs and, therefore, that he was not physically present to present the application or sign or authorize the issue of the passports for his minor children, clarifying that he only recognizes that the copy of the passport in favor of the child ████████████ ████████████ date of issue 17 seventeenth of December in the year 1997, one thousand nine hundred and ninety seven, was processed together with Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ at that time, and he therefore signed in his handwriting. In the same way he states that the handwriting contained in the applications is that of Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ, mentioning that he remembers that some days before his children were taken by their mother, he stated that his passport was kept in the bedroom of his private residence and that he found it in a different place but did not think it important, but that his son named ████████████ had copies f the keys to his house, and he therefore thinks that his son or daughter or the children's have taken is passport and returned it to its place, since they had access to the house of the deponent and since the latter, for reasons of work, is not at home during the day, he did not know when it could have been taken but that he did not know that it had been utilized to process the issue of passports in favor of the children. In the same way he mentions that as regards the statement contained in the INTERPOL document dated April 12 this year, he only accepts this in part since effectively I presented myself to ask for help, since I imagined that my children had been taken out of the country by Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ, as I also indicated before the Public Ministry for the State of Mexico on the day I discovered that my children were no longer living at the house in Plaza de San Jorge 15, Alteña Two in Lomas Verdes, considering that some months MARIA DEL ROSARIO MORENO told him that she had married a person called RONALD COONLEY, of American nationality, and that she was thinking of taking her children to live in the United States, and he had therefore told her that he was not in agreement in her taking the children and that he would not give them permission to go at that time, since Mrs. MARIA DEL ROSARIO MORENO had told hi that she had met Mr. COONLEY through the Internet, and that he knows that this is her second marriage after his which she enters into with people she meets through the Internet, and that he did not comment on the matter again with Mrs. ROSARIO MORENO until he learned from his son's schoolmates that Luis Fernando Castillo Moreno was going to live in the city of Salem, Alabama, and he remembered the conversation he had had with Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ, and he therefore thinks that she took them abroad, forging his signature. Therefore at this time, taking as grounds the provisions of Constitutional article 8 and 270 of the Federal Procedures Code, I ask you most attentively to issue at my expense a certified copy of the appearance of Mrs. MARIA ELENA VAZQUEZ SAUCEDO on the 07 of April this year, together with a copy from Interpool dated April 12 this year, since the deponent impugned civil proceedings against Maria del Rosario Moreno Vazquez by reason of the subtraction of my minor children, since said documents are useful for the family dispute action being heard before the Tenth Family Court in the Federal District. He therefore authorizes the Attorney Jorge Iven Gutierrez Guerrero to collect them in his name for presentation in said action. That is all he wishes to declare, therefore in reply to





questions put to him by this Social Representation of the Federation, he declares that he wishes to reply to same, therefore to the FIRST.- That the speaker state whether he has his passport which he was previously asked to show under the summons, and whether he can show same, Reply yes, and he leaves a laser copy of same, SECOND.- That the speaker state whether he knows where his minor children ████████████████████ ███████████████ are physically to be found, Reply that he does not know the place, he only believes that they are at the domiciles he mentioned in his statement dated March 22 this year, delivering copies of the Internet information to be attached to the file, that on one occasion he sent a letter via the company DHL which was returned to him because the domicile was not correct. THIRD.-For the speaker to say whether he has maintained contact by any mans of communication with his minor children. Reply.- That he has sent messages to his son's mail which is ████████████████████ ███████████ since they were taken but to date he has not replied, with regard to his daughter he has not been able to enter into communication with her, FOURTH.- For the speaker to say whether he has been in communication with Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ and, if so, since when. Reply I have neither seen nor been in contact with her and to date I know nothing of her, nor has she contacted me, nor I since I do not know where to look for her, since even though I obtained some addresses from the Internet of her supposed husband I do not know the correct address. FIFTH.- For the speaker to say whether Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ possess a court order on the full custody of her many-times mentioned minor children. Reply That there is only one court order from the year 1991, which has not to date been modified, where the Tenth Judge for Family Matters with residence in the Federal District resolved to grant joint custody of ████████████████████, but the *patria potestas* is exercised by both parents. With regard to my daughter ████████████████████ing has been declared since at that time she had not yet been born, therefore both of us exercise custody and the *patria potestas* , documents already held on file and which I presented. SIXTH.- For the speaker to declare whether he is willing for writing and fingerprint tests to be made to verify his statement. Reply: Yes, since he neither signed nor affixed his finger print.

———— 8.- On the 29 twenty ninth of April 2004 two thousand and four, an official communication was received from Aerovias de Mexico, indicating that flight coupons were attached in favor of MORENO/MARIA ████████████████████ utilized on the Mexico-Atlanta route flight 836 on February 27, 2004

———— 9.- On June 02 2004, two thousand and four, Mr. JOSE FERNANDO CASTILLO TAPIA presented himself , and the experts obtained from him samples of handwriting and fingerprints. In the same way the personnel of this Unit went to the sub-delegation of the Ministry of Foreign Affairs in Naucalpan, State of Mexico, in order for experts in photography, identification and graphoscopics to intervene for the purpose of returning an opinion on the documents where the plaintiff stated he had neither signed nor affixed his fingerprints.

10.- By the opinion on graphoscopic identification dated June 10, 2004 two thousand and four, signed by the experts PRAXEDIS IRMA GARCIA GUERRERO and ROSA FLORES VAZQUEZ attached to the Directorate General for the Coordination of Expert Services, by means of which the analyze the photographs taken of forms OP7 of the passport application for the children ████████████████████ ████████████████████, in which they turn the photographs taken of the OP7 pages to the AFIS system, obtaining positive results, giving the name of ARTEMIO BARRERA HERNANDEZ, with antecedents for the felony of falsification of official documents PI

9545/D/94, and they therefore conclude: **FIRST:** The dactylograms printed on the decadactile card in the name of C. Castillo Tapia José Fernando **DO NOT CORRESPOND** to the fingerprints stamped on the OP7 forms, with the right and left index fingers of the children ████████████████████████████████████████ **SECOND.-** The dactylograms stamped on the OP7 forms reading right and left index fingers of the children ████████████████████████████████████ **DO CORRESPOND** to the fingerprints of the right and left middle fingers on the decadactilar card in the name of Barrera Hernandez Artemio.

———— 11.- By the attestation to photographs dated 03 June 2004, which were remitted under cover of folio number 27024, signed by Q.F.B. SARA MONICA MEDINA ALEGRIA, assistant Director General for Laboratories, which were taken of the passport of Mr. JOSE FERNANDO CASTILLO TAPIA, of forms OP-7 passport application in the name of the children ████████████████████████████████████, together with the fingerprints of the plaintiff and data thereon.

———— 12.- By the attestation to the opinion dated 17 seventeenth of June 2004 two thousand and four, under official communication folio number 27023 dated the 15 of the present month and year issued by the Coordination Office for Planning, Development and Institutional Innovation, Directorate General for the Coordination of Expert Services, Documentary Specialties Division, Queried Documents Department, Office of the Attorney General for the Republic, addressed to Attorney Martin Marin Colin, Agent for the Public Ministry of the Federation attached to the Unit Specializing in the Investigation of Child Trafficking, Undocumented Persons and Agencies of this Sub-Attorney's office and signed by C.L. Aldo Chisanto Molina, Expert, which document reads:   The undersigned official expert in the matter of graphoscopics and document identification appointed to connection with the official communication hereinabove mentioned,   hereby respectfully appears before to state as follows: My intervention was required for the purpose of attending your petition addressed to the DIRECTOR GENERAL FOR THE COORDINATION OF EXPERT SERVICES which, wherein pertinent, reads:  let experts be appointed in the subjects of photography, hand writing and identification, in order for them to present themselves at the offices occupied by this Unit, located at Paseo de la Reforma number 23, third floor, Colonia Tabacalera, Cuauhtemoc Delegation in this City at 10:30 hours of the 02 day of June this year, in order to take samples of handwriting and finger prints from the plaintiff in this case. Likewise, once the foregoing has been done, for them to transfer themselves together with the undersigned to the Offices of the Ministry for Foreign Affairs, for the purpose of verifying the existence of original documents and taking photographs of same, principally of the handwriting and fingerprints, in order that what is shown in these documents has the same graphic origin of the person previously mentioned. After reading your petition to carry out the proceedings entrusted and observe the documents under study, I understand that the problem to be resolved is the following: PROBLEM SUBMITTED. To determine whether C. JOSE FERNANDO CASTILLO TAPIA is or is not responsible for the signatures and writing to be found in the documents described below: DESCRIPTION OF THE QUERIED DOCUMENTS. The present intervention queries the signatures and writing contained in the following documentation represented as those of C. JOSE FERNANDO CASTILLO TAPIA: 1.- Application for Ordinary Mexican Passport (OP-5) in the name of ████████████████████, application number 6289, . place and date Naucalpan, State of Mexico, February 16, 2004, containing the details of the Ministry for Foreign Affairs (SRE) in the upper left margin, and on the reverse side the form OP-7 PERMISSION GRANTED BY PARENTS OR PERSONS EXERCISING THE PATRIA POTESTAS OR GUARDIANSHIP, FOR PASSPORT ISSUE: on the reverse. 2.- Application for Ordinary Mexican Passport (OP-5) in the name of ████████████████

█████████████ application number 6290, place and date Naucalpan, State of Mexico, February 16, 2004, containing the details of the Ministry for Foreign Affairs (SER) in the upper left margin, and on the reverse side the form OP-7 PERMISSION GRANTED BY PARENTS OR PERSONS EXERCISING THE PATRIA POTESTAS OR GUARDIANSHIP, FOR PASSPORT ISSUE: on the reverse. Original documents which I had before me for their due study and comparison and photographic impressions, at the Ministry for Foreign Affairs delegation in Naucalpan, State of Mexico. DESCRIPTION OF THE DOCUMENT ON WHICH THE COMPARISON IS BASED. As a basic element for the comparison I was provided with a sample of the handwriting and signature of C. JOSE FERNANDO CASTILLO TAPIA, consisting of two pages dated 02 June 2004, which was prepared in the presence of the undersigned and of which the original was provided for due study and comparison. METHOD OF STUDY. 1.- ANALYTICAL.- I.- A CAREFUL AND DETAILED STUDY OF THE SIGNATURES FOR COMPARISON. II.- A CAREFUL AND DETAILED ANALYSIS OF THE SIGNATURES IN QUESTION.. III.- A CAREFUL AND DETAILED ANALYSIS OF THE HANDWRITING QUERIED. IV.- A CAREFUL AND DETAILED ANALYSIS OF THE HANDWRITING BASIS OF THE COMPARISON. 2.- COMPARATIVE.- I.- COMPARISON AND EVALUATION OF THE RESULTS OBTAINED. 3.- DEDUCTIVE. I.- CONCLUSION. 4.- ILLUSTRATIVE. I.- GRAPHIC EXHIBIT. STUDY. I first proceeded to analyze the signatures basis of the comparison, in order to know and appraise their general characteristics and their graphic details, obtaining the following (squares) GENERAL CHARACTERISTICS and SIGNATURES BASIS OF COMPARISON; WRITING SKILLS; GOOD; WRITING SPEED; FAST; LINE TENSION; FIRM; LINE PRESSURE; MIXED; SLOPE; SLIGHTLY TO THE LEFT. CHARACTERISTICS AND SIGNATURES BASIS OF COMPARISON1 . INITIAL SIGNATURE STROKE; IN BUTTON FORM; 2. PLACEMENT OF BEGINNING OF SIGNATURE ; RUNS FROM ABOVE DOWNWARDS; 3. LOOP IN THE LOWER LINE; PRESENT; 4.DISCHARGE OF INK IN THE UPPERLINE; PRESENT; 5. CONNECTIONS; ARCS AND CURVES; 6. FINAL STROKE; LONG AND CURVED; 7. FINAL FEATURE; FADING. ... With respect to the signatures and handwriting queried, I proceeded to carry out a study similar to the foregoing, characteristics which are detailed below: (squares) CHARACTERISTICS OF A GENERAL NATURE; SIGNATURES QUERIED: WRITING SKILLS; FAIR; WRITING SPEED; AVERAGE; LINE TENSION; SLACK; LINES PRESSURE; SUPPORTED; SLOPE; PRONOUNCED TOWARDS THE LEFT. CHARACTERISTICS; SIGNATURES QUERIED; 1. INITIAL STROKE OF SIGNATURE; HOOKED OR ROUNDED; 2. PLACEMENT OF BEGINNING OF SIGNATURE; FROM LOWER INSIDE UPWARDS; 3. LOOP IN THE LOWER LINE; NONE; 4.INK DISCHARGE IN THE UPPER LINE; NONE; 5.CONNECTIONS; SHORT AND ANGULAR; 6. FINAL STRETCH; SHORT AND STRAIGHT; 7. FINAL FEATURE; BRUSQUE.

Once the foregoing had been done, I compared the characteristics of the signatures on which the comparison was based and the signatures queried, with the following results: SIGNATURES BASIS FOR COMPARISON; GENERAL CHARACTERISTICS; SIGNATURES QUERIED; BUTTON FORM; 1. INITIAL STROKE OF SIGNATURE; HOOKED OR ROUNDED; DOWNWARDS; 2. PLACEMENT OF COMMENCEMENT OF THE SIGNATURE, FROM THE LOWER PART UPWARDS, PRESENT: 3.-LOOP IN THE LOWER LINE; NONE; PRESENT; 4. DISCHARGE OF INK ON UPPER LINE; NONE; LONG AND CURVED; 5. FINAL STRETCH; SHORT AND ANGULAR; LONG AND CURVED; 6.FINAL FEATURE; SHORT AND STRAIGHT; FADING; BRUSQUE.

With respect to the handwriting queried, I made a careful and detailed study, which is described below:

121

CHARACTERISTICS; HANDWRITING QUERIED; 1.-M; EFFECTED IN FOUR GRAPHIC MOMENTS; 2.-C; BEGINNING PASTED; 3.-a; FEATURE ON TOP PART; 4.-F; EFFECTED IN THREE GRAPHIC MOMENTS; 5.-t; EFFECTED IN TWO GRAPHIC MOMENTS; 6.-o; THE BODY SLIGHT OPEN; 7.-I; TILDE IN DOT FORM. I also identified the characteristics of the handwriting on which the comparison was based, which are the following: CHARACTERISTICS; HANDWRITING BASIS OF COMPARISON; 1.-M; EFFECTED IN A SINGLE GRAPHIC MOMENT; 2.-C; COMMENCES IN HARPOON; 3.-a; TRACING ON PRINCIPAL LINE; 4.-F; EFFECTED IN TWO GRAPHIC MOMENTS; 5.-t; EFFECTED IN A SINGE GRAPHIC MOMENT; 6.-o; PASTED ON LEFT SIDE; 7.-I; TILDE IN FORM OF COMMA.    Joined to the foregoing, I checked the characteristics obtained from the handwriting queried and the basis of comparison, with the following results: HANDWRITING QUERIED; CHARACTERISICS; HANDWRITING BASIS OF COMPARISON; EFFECTED IN FOUR GRAPHIC MOMENTS; 1.-M; EFFECTED IN A SINGLE GRAPHIC MOMENT; BEGINNING PASTED; 2.-C; COMMENCES IN HARPOON; TRACE IN UPPER PART; 3.-a; WITH TRACE ON PRINCIPAL LINE; EFFECTED IN THREE GRAPHIC MOMENTS; 4.-F; EFFECTED IN TWO GRAPHIC MOMENTS. EFFECTED IN TWO GRAPHIC MOMENTS; 5.-t; EFFECTED IN A SINGLE GRAPHIC MOMENT, BODY SLIGHTLY OPEN. 6.- O, PASTED ON LEFT SIDE, TILDE IN DOT FORM. 7.- 1. TILDE IN COMMA FORM.   It can be seen from the study that the signatures and handwriting queried contain points of disagreement between the signatures and handwriting basis of the comparison, which helps me to prepare some categorical conclusions on this respect. In view of the foregoing, which is the graphoscopic technical result, together with my knowhow and experience on the subject, I put forward the following: CONCLUSIONS. FIRST.- THE SIGNATURES PURPORTING TO BE THOSE OF C. JOSE FERNANDO CASTILLO TAPIA IN THE DOCUMENTS DESCRIBED AS QUERIED IN THE PRESENT OPINION DO NOT CORRESPOND TO HIM, WITH RESPECT TO THE SIGNATURES SUPPLIED AS BASIS FOR THE COMPARISON.

SECOND.- THE HANDWRITING PURPORTING TO BE THAT OF C. JOSE FERNANDO CASTILLO TAPIA IN THE DOCUMENTS DESCRIBED AS QUERIED IN THE PRESENT OPINION DO NOT CORRESPOND TO HIM, WITH RESPECT TO THE HANDWRITING SUPPLIED AS BASIS FOR THE COMPARISON..."colored photographs are attached, together with a sample of the handwriting of C. JOSE FERNANDO CASTILLO TAPIA is attached, consisting of two pages.

———— 13.- By the records and attestation to document dated the 15 fifteenth of July 2004 two thousand and four of the certified copy of the agreement and approval of agreement signed by the plaintiff JOSE FERNANDO CASTILLO TAPIA and MARIA DEL ROSARIO MORENO VAZUQEZ, with respect to the custody and shared patria potestas of the child█████████████████████certified by the Tenth Family Court in the Federal District on 15 July 2004 two thousand and four.

———— Elements of proof containing pubic documents, testimonials, inspections and expert opinions which, evaluated in accordance with articles 279, 280, 284, 285, 286, 287, 288 and 289 of the Federal Criminal Procedures Code, accredit the offences in question, in  agreement with articles 168 and 180 of the Federal Criminal Procedures Code, the group of objective o external , normative and subjective elements of these offenses being satisfied.

———— In view of all the foregoing, it should be stated that the proofs of performance and clues existing, taken as a whole, are sufficient to establish the unknown truth which, according to the nature of the events, arises between that and the known truth, in such a way that this group of clues possesses probatory value as valid to determine the

presumed guilt of the accused as maintained in the jurisdictional thesis which textually reads:

———— "CIRCUMSTANTIAL EVIDENCE.- Circumstantial evidence results from taking the items of evidence appearing in the process as a whole. These should not be considered individually but each of the elements of proof represents a clue, and indicator, and from their logical and natural and fully legal harmony, a resulting truth must be established which leads to the truth searched for, directly and without room for doubt."

Direct action for relief ("amparo") 177/74, Gilberto Gutierrez Aragón, June 20, 1974.- Unanimity of 4 votes. Speaker: Abel Huitron, together with;

———— CIRCUMSTANTIAL EVIDENCE, OPERATION OF IN CRIMINAL LAW.- In criminal law, circumstantial evidence touches the world of reality and is therefore an established fact serving as a means of proof, not to prove but to presume the existence of another unknown fact, that is, events exist which cannot be directly proven through regular means of evidence such as confession, testimony or inspection, but only by syllogistic reasoning based on isolated facts which are related in the mind to reach a conclusion."

Jurisprudential thesis number 1/J.23/97, issued by the First Chamber of the Supreme Court of the Nation and published in tome V, June 1997, of the Judicial Weekly of the Federation, ninth period, page 223.————

——————————REQUIREMENT FOR ACTION TO BE TAKEN——————

———— FOURTH.- As is well stipulated in Constitutional article 16, in order for a warrant of arrest to be issued by the judicial authorities an accusation or complaint must exist on a fact which the Law indicates as an Offense; and in connection with article 366 quarter of the Federal Criminal Code, last paragraph, states that the offense of Child Trafficking is prosecuted at the request of the injured party, that is, by the accusation filed in this case by Mr. FERNANDO CASTILLO TAPIA; the foregoing being accredited with the original birth certificates of the children ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ in which he is shown as father of the children, together with the identification by photograph in which he accredits being the person appearing in the birth certificates. In the same way, he presents a photocopy of the divorce agreement in which they agree that patria potestas of the child ▇▇▇▇▇▇▇▇▇▇▇▇ is to be exercised by both, that is, the plaintiff ▇▇▇▇▇ FERNANDO CATILLO TAPIA and MARIA DEL ROSARO MORENO VAZQUEZ.

———— FIFTH.- Under the documents attached in which the *corpus delicti* of CHILD TRAFFICKING is accredited, based on a breakdown of the elements of the offenses herein consigned, and based on the typical, contrary to law and guilty elements which, for better order, are divided into offenses committed as shown below:

### UNJUST PURPOSE OF CHILD TRAFFICKING

The offense of CHILD TRAFFICKING attributed to MARIA DEL ROSARIO MORENO VAZQUEZ, is mentioned in article 366 quarter section second paragraph (hypothesis of action illicitly transfer of the child outside of national territory by the mother) and penalized under article 366 quarter (hypothesis of penalty() in connection with 366 ter sections III of the Federal Criminal Code; the elements forming same are referred to as listed below:

a) Father or mother (specific status of the active subject)
b) Child under 16 years (specific status of the passive subject)

c) Unlawfully or without the consent of the person lawfully exercising patria potestas or custody of the child (circumstance of consent or legitimate authorization)

d) Without the purpose of obtaining an unlawful profit

e) **Transfer outside national territory for the purpose of changing the child's habitual residence (action)**

f) **Or prevents the mother or father from living with or being able to visit the child.**

"Article 366 quarter section II second paragraph.- Father or mother of a child under 16 sixteen years who unlawfully or without the consent of whomsoever exercises patria potestas or the custody of the child, without the purpose of obtaining an illegal profit, transfers same outside of national territory for the purpose of changing his/her habitual residence or preventing the mother or the father, as applicable, living with or visiting the child.

The foregoing transcription establishes that the elements comprising the *corpus delicti* of Child Trafficking in the terms of article 168 of the Federal Criminal Procedures Code are:

a) Father or mother (specific status of the active subject)

b) Child under 16 years (specific status of the passive subject)

c) Unlawfully or without the consent of the person lawfully exercising patria potestas or custody of the child (circumstance of consent or legitimate authorization)

d) Without the purpose of obtaining an unlawful profit

e) Transfer outside national territory for the purpose of changing the child-s habitual residence (action)

f) Or prevents the mother or father from living with or being able to visit the child.



Now, in order to break down all and each one of the elements of the *corpus delicti*, which have already been described and in order to describe each one, in the first the father or mother is specifically mentioned, deducing in this case the blood link of whoever engendered the child; B) in the present case this is the specific status of the passive subject on whom the behavior of the active subject falls and who in the present case is under 16 years of age, not only that he/she be under 16 years; c) in this element of the *corpus delicti*, it is understood that there is unlawful action by the person directly exercising the patria potestas, guardianship or custody, that is, that without the consent of same, d) it can be determined here that taking him/her out of the country does not involve obtaining a sum of money or specie by taking the child out of national territory, but take he/she due to the bonds of family or affection, for which reason no monetary interest should exist; e) the present element shows that by taking same out of national territory, that is outside of the states making up the Federation, aircraft and vessels flying the Mexican flag, embassies and consulates, verifying by same that he/she is in foreign territory and, as the foregoing changes his/her habitual residence, that is for the purpose of establishing his/her domicile in another country, therefore live and go to school in another nation; f) in this element, obviously the fact of being outside national territory the parents, or whomsoever exercises patria potestas, guardianship or custody, is unable to see the child and much less liver with him/her. It should be emphasized that the fraudulent conduct of the mother of the children occurs from the moment in which she wrote the letter which she delivered to her mother for delivery to JOSE FERNANDO CASTILLO TAPIA, in which she states her desire to take the children, and that her mother and the plaintiff did not know her destination in order for them not to disturb her; the foregoing is confirmed and connected with the statement by the grandmother of the children, MARIA ELENA VAZQUEZ SAUCEDO, in which she accepts that her daughter MARIA DEL ROSARIO handed a letter

to her for delivery to the plaintiff, without telling her where she was taking her grandchildren nor advising her where they could be found; now, as regards the fact that the present case, the mother of the children MARIA ROSARIO MORENO VAZQUEZ unlawfully took the children ████████████████████████████████████████ ████████████ut of national territory, since the fraudulent conduct was from the time when with a very high degree of probability, she obtained a person to affix the fingerprints and signatures on the applications for the children's passports, making them pass for those of the plaintiff, which was unlawful since the consent of the father, who also possesses patria potestas, did not exist, therefore once the passports were issued; in this context of separating or taking the children from their habitat, and therefore making it impossible for the children to be returned to their habitual domicile, understanding by domicile the fixed place they live and where their father was accustomed to visit them.

## TYPICAL ELEMENTS

### A) NORMATIVE ELEMENTS

With regard to the NORMATIVE ELEMENTS which must be evaluated in the offense of CHILD TRAFFICKING, this is firstly the concept of: a child under sixteen years, that is a person under eighteen years of age; without the authorization of those exercising patria potestas or resolution by a competent authority;  that is, to have the permission or authorization of the father or mother or of whomsoever exercises patria potestas in order to be able to leave the country or change domicile, temporarily or permanently, since without this element,. If the persons mentioned had provided this authorization, the normative element would not exist;  b) patria potestas corresponds to the groups of rights and obligations established by law with respect to parents, governing the attentions, government and care of their children;  including the management of their assets, as from conception until they are of legal age or emancipated;  now, this gives rise to the normative-descriptive element consisting of a resolution by a competent authority, and refers to that authority possessing faculties to resolve on the residence or guardianship of children under age, such as, for example, the Judges for Family Matters, and in the present case no such resolution by a judicial family authority exists where the mother of the children was authorized to leave the country or change residence, c) not allowing the father or the mother to have habitual access to the child or visit same, representing a condition in order for the behavior described to be typical, given the requirement of the precept that, in addition to then agent engaging in the act or actions, subsequently thereto not giving permission  or not permitting the parents of the child to visit to have habitual access to the children, that in the present ase the one who cannot visit them is the father.

### B) OBJECTIVE OR EXTERNAL ELEMENTS

### BEHAVIOR



Typical BEHAVIOR is apparent and committed by the father or mother or whomsoever exercises the patria potestas or custody, by transferring the children outside of national territory and this occurred as from the moment the mother of the children unlawfully processed the issue of passports in favor of the children and thus leave the country, changing their residence and avoiding their father  having access to them, much less visit them, as occurs in the present case since the children were transferred to the United States of North America,  without stating to what place they were going or what their domicile would be, since by said fraudulent conduct access by the father to the children

was averted, still less did he know the domicile where he could visit them. In fact the conduct in the present case was nothing but a display of bodily movement tending to alter the outside world, a fact, but knowing beforehand that it is a voluntary act. All this as we already indicated , is shown in article 366 quater of the Federal Criminal Code, as in the present case it is shown that the accused MARIA DEL ROSARIO MORENO VAZQUEZ committed the offense of child trafficking, since in principle the fraudulent conduct of the mother of the children occurs as from the moment she wrote the letter which she handed to her mother for delivery to███████ FERNANDO CASTILLO TAPIA, in which she states her desire to take the children, and that her mother and the plaintiff did not know to what place they were going in order for them not to disturb her. The foregoing is confirmed by the statement of the grandmother of the children, MARIA ELENA VAZQUEZ SAUCEDO, in which she accepts that her daughter MARIA DEL ROSARIO handed her a letter for delivery to the plaintiff without telling her where she was taking her grandchildren, nor of telling her where they could be found, and she therefore unlawfully transferred the children ██████████████████████████████████to the United States of North America, as accredited by the report of the airline Aerovias de Mexico S.A., by the airline tickets issued by said company, and the report of INTERPOL, which indicates that the children and the presumed culprit are in the territory of the United States of North America, that is, in foreign territory, being taken unlawfully since it is proven by means of the proofs which are logically and legally connected, it is proven that she processed passports in favor of the children and altered the passport applications affixing the fingerprint and signature of the plaintiff, JOSE FERNANDO CASTILLO TAPIA, to the form, making it believed that he had affixed same in his writing, and therefore obtained the authorization for same; the foregoing being accredited by the opinions on the subjects of Graphoscopics and Identification which mention that the fingerprints, handwriting and signature do not correspond to Mr. JOSE FERNANDO CASTILLO TAPIA; showing that at all times the presumed culprit MARIA DEL ROSARIO MORENO VAZQUEZ avoided the plaintiff knowing that she was going to take the children out of the country, likewise that of avoiding the place to which she was going and where she is presently to be found, knowing that the plaintiff and she possessed joint patria potestas of the children, and she should therefore have asked for his authorization to be able to take them out of the country, but on knowing that he would not give said authorization, without caring for the illegal means, she looked for another person, in the present case ARTEMIO BARRERA HERNANDEZ, a person who engages in effecting this kind of forgeries, since on forwarding the fingerprints appearing on the OP-7 forms to the AFIS system, positive results appeared with antecedents that he had already forged official documents, said person being the one who affixed his fingerprint and, to a very probable degree, the signature, pretending that he was the plaintiff███████FERNANDO CASTILLO TAPIA, and thus be able to obtain the passports of the children, which in fact he did, utilizing this means of commission; he also managed to extract the passport of the plaintiff from his domicile, which the latter being aware, and to present same to the sub-delegation, as verified by the official communication remitted by the Ministry of Foreign Affairs, showing that the original passport of the plaintiff was presented, and that he himself states that at no time did he lend said document, being another means of commission; it is equally confirmed that the coupons sent by Aerovias de Mexico S.A. de C.V., indicating that both the children and Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ traveled to the United States of America on February 27, 2003, without notifying the father of the children; and it is also accredited that the children and the presumed culprit are in the United States of North America by means of the official communication sent by the INTERPOL, which reports that these persons arrived at the city of Atlanta, Georgia: it is shown that, equally fraudulently, that on March 26 this year the police for the State of Alabama , on sending an agent to see whether they were

located in that territory, indicated that they interviewed MARIA DEL ROSARIO MORENO, therefore tacitly verifying that the United States authorities know the whereabouts of these persons, and that the presumed culprit has by all means achieved up to now the change in habitual residence of her children, and therefore that the father is unable to visit them since the mother also exercises patria potestas, without any court order existing up to now that this has been lost by one of the parents; likewise, since he cannot see them, neither does he have access to the children, thus causing moral damage both to the children as to the plaintiff, resulting in the disintegration of the family,; since the mother of the children knew the legal consequences of her action, from which it can be deduced that she wished to escape the action of justice. It should also be mentioned that, as regards the behavior of forging documents by ARTEMIO BARRERA HERNANDEZ, a third copy is provided in order for the corresponding preliminary investigation to be filed against ARTEMIO BARRERA HERNANDEZ and whomsoever may be responsible in connection with these illegal acts; it should be emphasized that the minority of 16 years is verified by the original birth certificates attached hereto.

Therefore, the formalities contained in preliminary investigation number PGR/SIEDO/UEITMIO/013/2004 provide elements of proof which lead us to presume basically that we are in the presence of outside fraudulent conduct typified in article 366 quater of the Federal Criminal Code.

The foregoing makes manifest that the presumed culprit MARIA DEL ROSARIO MORENO VAZQUEZ at no times wished to make the place she was taking her minor children known, in order to avoid formal access to the children by the father and, therefore, the visit of same.

### FINDINGS:

That it is not only the effect caused by the action of the active subject of the offense, but the modifying transcendence which interests the law, due to violating a legal precept protected by *ius puniendi*, AS IN THE PRESENT CASE. The previous actions of rthe active subject, coming within the environment of the criminal type previously described, in fact the offense of CHILD TRAFFICKING, is an offense having material and permanent effects, and occurred at the moment the children were transferred outside of national territory, and changed the domicile where they habitually reside, are retained or prevented from returning to same without the authorization of those exercising patria potestas, that is, from the moment the child leaves his/her domicile under the typical conditions indicated, the consummation of same extending for the period during which he/she is retained in the power of the active subject.

### PROTECTED LEGAL RIGHT

In the present case this is the integrity of the Family and the physical liberty of persons.

### ACTIVE AND PASSIVE SUBJECT

These are the father or mother or whomsoever exercises patria potestas or custody of the child, in the case of the active subject the entity voluntarily engaging in certain typical conduct in the present case is the mother MARIA DEL ROSARIO MORENO VAZQUEZ, since only a man or woman acting rationally is capable of transgressing the rights laid down by law. The passive subject is the holder of the legal right violated, affected by the

typical, illegal and punishable conduct, in the present case the children under 16 years of age and their father, LUIS (sic) FERNANDO CASTILLO TAPIA.

## MEANS FOR IMPLEMENTING THE CONDUCT

In the offense of CHILD TRAFFICKING,   no means whatsoever is given for defining the conduct, however the fact of effecting the transfer of the children outside the country necessary requires transport, whether autobus, aircraft, train or car, or any other land or water motor vehicle which serves as a means for transporting the children and taking them out of the country, and in the present case this was done by means of an aircraft corresponding to the airline Aeromexico, as can be seen by the file, linked with the issue of passports, which were licitly obtained by means of false documentation, as occurs when fingerprints and handwriting are utilized, thus falsifying the original signature, which can be verified by the expert documentation prepared on identification and graphoscopics contained on the same file;  therefore although it is true that the passport is official, it should be cancelled due to the form in which it was obtained in order to avoid the continuance of the offense, combined with which information is available on the issue of airline tickets in the name of the children, thus completing the typical conduct, which is shown and verified by the means already mentioned on the fraudulent means employed by the presumed culprit on removing the children from the country.

## MATERIAL OBJECT OF THE OFFENSE

In the unlawful action in question, the material object is directly that affected by the external conduct of the active subject, in the present case the passive subject, the children ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

## LINKING OF GROUNDS

On manifesting the conduct of the active subject producing the typical result, which is consummation, this arises from the typical result in any of its forms;  and in the present case this was when the active subject, Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ, effected the transfer of the children to the territory of the United States of America,  due to which they changed residence and are outside the country and being prolonged by Time, since the children continue to be with the presumed culprit.

## A) SUBJECTIVE ELEMENTS

This, in the present case, is the FRAUD (direct fraud) since the active subject, being aware of the elements of a criminal type, desired and accepted the carrying out of the action which the law indicates as an offense, since she knew that she should not take the children to the United States of America without the authorization of their father, therefore we are in the presence of the two elements of direct fraud, that is the exhibitive and the intellectual, which is duly verified by all and each one of the elements of proof shown in the corresponding section and which are not repeated for obvious reasons.



-------- When a it is found that conduct interesting criminal law  combined typical elements in their triple aspect of objective, subjective and normative and, naturally, in their aspect of specific subjective elements of fraud, as applicable, it is said that this is a typical act, and it is therefore necessary to consider another of the elements of the offense, which is illegality, coming within the presumed guilt.  Therefore, one has full official certainty of the non-existence of some legal aspect exempting the accused from responsibility for the

offenses attributed to each one of same, since after making an exhaustive examination of the elements of proof contained in the investigation, it can be seen that the behavior described in the preceding section is not covered by any rule whatsoever of a permissive nature, in accordance with the provisions of articles 15 Section III (consent of owner of the material object), IV (legitimate defense), V (state of need) and VI (compliance of a duty or exercise of a right) of the Federal Criminal Code. It should be mentioned that neither are we in the presence of one of the suppositions of article 16 of said Ordinance, which establishes excess in the cases of legitimate defense, state of need, compliance with a duty and exercise of a right. In consequence, it must be concluded that we are in the presence of a criminal offense, that is, of typical and illegal conduct, since a contradiction exists between the carrying out of the conduct forbidden by rule and the legal ordinance as a whole.

In this context, it is not shown either that the formal elements of guilt are not accredited in the investigation, or that these have been disbarred by innocence, and we therefore proceed to examine the:

<center>GUILT</center>

### A.- THE IMPUTABILITY OF THE ACTIVE SUBJECT

Covering both the psychological capacity of understanding and wishing for the unjust nature of the action (acting knowingly and willingly), is shown by the absence of any element of conviction which allows us to infer that the accused, at the moment of committing the facts under study, was suffering from any permanent or transitory mental affliction or that her mental development was retarded, in such a way that it is not considered that she was hindered from understanding the illicit nature of her conduct or of behaving in accordance with said understanding, that is, we are not in the presence of any of the suppositions of innocence normatively described in article 15, section VII, of the Federal Criminal Code. It should be mentioned that neither are we in the presence of the supposition of diminished responsibility governed by article 15, section VII, second paragraph, in connection with article 69 bis of said Judicial Ordinance.

### B.- COGNOSCIBILITY OR CONCIOUSNESS OF THE ILLEGALITY OF THE CONDUCT

It cannot be seen from the files that the active subject was not, at the moment of the moment of engaging in the typical illegal conduct, conscious of the illegality of the act; since the overall evidence fails to show that the typical and illegal action was committed under the effect of an error, overpowering or otherwise, with respect to the legality of the conduct, either because the subject was unaware of the existence of a law or the scope of same, or because she believed her conduct was justified, a hypothesis provided for in number 15, section VIII of the Federal Criminal Code.

### C.- REQUIRABILITY OF OTHER CONDUCT



It has been evidenced in the present case that a conduct other than that followed was requirable from the active subject, that is, that she not transfer the children outside the country, since she knew that the children's father held the patria potestae and had not granted permission to leave. Therefore, we before us the grounds of disbarment of the offense provided for in article 15, section IX of the Federal Criminal Code.

Equally, and since all the details of Constitutional article 16 have been met, it is not necessary to summon the presumed culprit to advise her of the charge against her, due to the manner in which the facts present themselves and due to the nature of the offense itself, the presumed culprit MARIA DE ROSARIO MOENO VAZQUEZ being outside national territory:  kindly support the foregoing in the thesis of jurisprudence which indicates as follows:

Fifth Period
Instance: First Chamber
Source: Judicial Weekly of the Federation
Tome: C
Page: 1933

WARRANT FOR ARREST, IT IS NOT NECESSARY TO HEAR THE DEFENSE OF THE ACCUSED IN ORDER TO DICTATE SAME;  Constitutional article 16 does not require that, in order for the judicial authorities to issue a warrant for arrest against a person , the defense of the accused should be heard, but only requires that a denunciation, accusation or complaint exists against same for a specific act punishable by law by corporal punishment, and that this denouncement is supported by the sworn statement of a reliable person or by other information making the guilt of the accused probable, therefore the circumstance that the accused has not been called to declare prior to the warrant for arrest in question should not be taken into account.

Criminal action for relief ("amparo") in review 4632/48. Venecia Segovia Jose P. May 2, 1949. Unanimity of four votes. Absent: Fernando de la Fuente. The publication does not mention the name of the speaker.

See:  Judicial Weekly of the Federation.  Fifth Period. Tome CIV, page 1137, thesis indicated "WARRANT FOR ARREST".

In view of all the foregoing, it should be declared that the elements of proof previously analyzed, evaluated in accordance with the terms of Law, lead this Social Representation of the Federation to consider that sufficient elements are available in kind to exercise criminal action  against the Presumed Culprit for commissioning the offense; for whom it is asked that the corresponding warrant for arrest be issued and, once implemented, that her preparatory statement be taken and in due course that a ruling of formal imprisonment be returned against her for the offense attributed thereto, a judgment based on Constitutional article 16, 134 first paragraph, 126 sections I and II, and 195 of the Federal Criminal Procedures Code, on the understanding  with respect to punishment that the numbers referring to each of the offenses specified will govern. ——————————————
———— In view of the foregoing and supported, moreover, by articles 16, 21 and 102, part "A", of the Political Constitution of the United Mexican States; 50 section I of the Organic Law on the Judicial Power of the Federation; 1 and 2 of the Federal Criminal Code; 1 section 1, 2, 6, 10 paragraph three, 113, 134, 136 sections I, II, 142, 168, 180 first paragraph, 193, 194, 195 of the Federal Criminal Procedures Code and 1, 2, 4 section 1, part B, of the Organic Law on the Office of the Attorney General for the Republic; and 7, 27, 28 section V of the Regulations thereto, it should be and is hereby
————————————————R E S O L V E D————————————————
———— FIRST.- The Public Ministry of the Federation hereby exercises criminal action WITHOUT PRISONER, for the offense of:——————————————————————
————A)-  CHILD TRAFFICKING, attributed to MARIA DEL ROSARIO MORENO VAZQUEZ, an offense provided for in article (in article) 366 quater (hypothesis of penalty)

in concordance with article 366 ter section III of the Federal Criminal Code in relation with 7, first paragraph (hypothesis of action) section II (continuous or permanent offense); 8 (hypothesis of fraudulent action); 9, first paragraph (hypothesis of acting fraudulently even when aware of the illegality of the action, as described by law), and 13 section II (those automatically implemented) of the Federal Criminal Code.————————————————————

———— SECOND.- The original file and duplicate are consigned to the C. District Judge on duty for Federal Criminal Action in the Federal District, for filing the corresponding criminal proceedings against MARIA DEL ROSARIO MORENO VAZQUEZ, asking that the corresponding warrant for arrest is issued against her, due to meeting the requirements laid down in the second paragraph of article 16 of the Political Constitution of the United Mexican States. ————————————

———— THIRD.- It is asked that the Agent for the Public Ministry of the Federation attached to the court be accorded the intervention corresponding thereto by Law, and for a duly certified copy of the resolution issued be forward to this consigning authority.————————

———— FOURTH.- With regard to the offense of forgery and use of document against ARTEMIO BARRERA HERNANDEZ and against who or whom may be responsible, together with other criminal acts deriving there from, since these offenses do not come within the competence of this Specialized Unit, a file should be opened and a duly certified photocopy remitted to the competent Delegation of this Attorney General's office for processing and legal consummation, obtaining the corresponding receipt.————————

———— FIFTH.- An official communication should be addressed to the Coordination of Indictments office of this Unit, for information purposes on resolution of the present matter.

———— SIXTH.- An official communication of an Urgent nature should be addressed to the Ministry of Foreign Affairs in order that, as soon as possible and for the reasons already expressed, the passports issued in the names of the children███████████████ ███████████████████████ as requested on February 16, 2004, application numbers 6289 and 6290, in Naucalpan, State of Mexico, be cancelled. ————————

———— SEVENTH..- that the present action be closed as matter concluded, addressing the corresponding official communications to the respective areas in order for annotations to be made in the books of government. ———————————————

———— EIGHTH.- that the same be filed once the corresponding acknowledgements have been received.————————————————————

———————————————KNOW ALL MEN BY THESE PRESENTS—————————————
The foregoing was resolved and signed by the Attorney MARTIN MARIN COLIN, Agent for the Public Ministry of the Federation attached to the Unit Specializing in Child Trafficking, Undocumented Persons and Agencies, who acts legally with the Attending witnesses with whom he signs below and attests.———————————————————————

————————————————WE ATTEST—————————————————

(illegible signature)

| Attending Witness | Attending Witness |
| (illegible signature) | (illegible signature) |
| ATTORNEY LETICIA GALVAN ORTEGA | C. HUGO GARCIA REYES |

**EXHIBIT 53**

*In the top left corner, a stamp containing the Great Seal of Mexico.*

*In the left margin, illegible stamps.*

WARRANT  FOR ARREST  C.P. 108/04/III

**Mexico, Federal District, on the third of August two thousand and four.**

HAVING SEEN the files of criminal action number 108/04-III to resolve on the justification of the warrant for arrest requested by the Agent for the Public Ministry of the Federation of the Unit Specializing in the Investigation of Child Trafficking, Undocumented Persons and Agencies of the Attorney General's office of the Republic against MARIA DEL ROSARIO MOENO VAZQUEZ as considered presumed guilty in commissioning the offense of CHILD TRAFFICKING, provided for and punished under article 366 quater (hypothesis of penalty) in concordance with article 366 ter section III of the Federal Criminal Code in relation with 7, first paragraph (hypothesis of action) section II (continuous or permanent offense); 8 (hypothesis of fraudulent action); 9, first paragraph (hypothesis of acting fraudulently even when aware of the illegality of the action, as described by law), and 13 section II (those automatically implemented) of the Federal Criminal Code, committed to the injury of the children ███████████████████ ███████████████and JOSE FERNANDO, CASTILLO TAPIA (sic).

FIRST.- Under official communication number SIEDO/2216/04 of the nineteenth of July two thousand and four, received that same day at the clerk's office of the District Courts for Federal Criminal Processes in the Federal District, located at Reclusorio Norte, the Agent of the Public Ministry of the Federation consigned the preliminary investigation number SIEDO/UEITMIO/023/2004, in which criminal action was taken against MARIA DEL ROSARIO MORENO VAZQUEZ as presumed guilty of commissioning the offense indicated at the beginning of the present document, asking that the corresponding warrant for arrest be issued against her.

SECOND.- once the investigation mentioned had been located, it was accorded legal processing and a notification of commencement given to the hierarchical superior, legal intervention to the attached Agent for the Public Ministry of the Federation, and it was ordered that account again be given to the warrant requested by the consigning Agent for the Public Ministry of the Federation.

THIRD.- The following are outstanding for their importance of the documents existing in the present criminal action:

1- Statement by the plaintiff JOSE FERNANDO CASTILLO TAPIA before the Agent for the Public Ministry of the Federation on the twenty second of March two thousand and four, in which he declared that with Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ he procreated his minor children named ███████████████ ██████████████████████████████████████████████████████████████

respectively, who lived with their mother after he had divorced her, according to the formal judgment returned by the Tenth Judge for Family Matters in the Federal District; but that on February 28 this year, at approximately 17:00 hours, I presented myself as was my custom to collect my children at the domicile where both Mrs. MORENO VAZQUEZ and my children lived, located at number 15, retorno San Jorge, Lomas Verdes district, Naucalpan, State of Mexico, C.P. 53120, and received from Mrs. MARIA ELENA VAZQUEZ SAUCEDO, mother of ROSARIO, a letter written by Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ informing me that she had taken my children from that

domicile to leave the city, without mentioning their destination. In view of the foregoing, I suspected that she had moved to another country, possibly the United States of America, since Mrs. MORENO VAZQUEZ had commented to me in the month of October 2003 that she had married a North American individual whom she had met through the Internet, and asked my permission to take my children out of the country. I refused, telling her it was better that they first establish themselves as a couple and that afterwards with pleasure we would agree on the permission and reciprocal visits, a situation she refused to accept, saying that she would think about it at that time, October 2003. In view of the foregoing I appeared before the Agent for the Public Ministry of Common Jurisdiction in the city of Naucalpan, State of Mexico, on February 29 this year, opening File NJ/II/816/04-02, to whom I declared what I have just stated, and also informed said authority what I now repeat, that the undersigned had neither authorized nor consented to my minor children ██████████████████████████████████████████████████████████leaving the country, nor did I in any way authorize nor agree to their obtaining a passport from the Ministry of Foreign Affairs. I then, on March 01 this year, went to the schools where my children studied, the Colegio La Salle in the State of Mexico, where from talking with their schoolmates I found out that Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ and my minor children had left the country by air on February 27, 2004 two thousand and four, utilizing the services of the company Aeromexico, flight 636, destination Atlanta, Georgia, since my children had commented that their final destination was the city of Salem, Alabama, at the address██████████████belonging to or registered in the name of Mr. RONALD COONLEY, who is the person who Mrs. ROSARIO MORENO VAZQUEZ married. In this respect and from the information available on said person from the Internet they may have as domiciles those listed below: ██████████████████Smiths, AL and████████████████, Phenix City AL██████████████████Columbus GA ████████ and Berrien Springs, Michigan, together with that located at██████ NY██████, all in the United States of America, and that from talks I have had with my son's companions, he has contacted them through the Internet and has told them that they may possibly travel outside the United States of America, without my knowing their destination nor when this trip is to take place. By reason of the foregoing I also appeared before the Tenth Court for Family Matters in the Federal District, before which I asked to be granted the custody of my minor children██████████████████████████ ████████████████████████, in the terms of the application I attach to this document, and also wish to notify that authority and declare that, in view of my doubts as to whether my children had left the country, I went to the Information window of the Naucalpan Delegation of the Ministry of Foreign Affairs in the State of Mexico to find out whether any passport had been issued in their favor, and a person at that office took pity on me when I explained my problem, and told me verbally that said documents had been issued in favor of█████████████████████████████on February 27, 2004, that that office possessed legal documentation supporting my permission, and I therefore ask you to verify the foregoing since the undersigned gave no permission, either verbally or in writing nor by means of any document, and for this reason I repudiate as of now any signature or authorization contained in the files of that office. By reason of the foregoing I hereby present ordinary copies of the complaint filed before the Tenth Family Court consisting of 6 six pages, an ordinary photocopy of the denouncement of facts which I filed in the State of Mexico consisting of two pages, the page of the letter which I mentioned at the beginning of this document addressed to the undersigned bearing the name of ROSARIO, consisting of a single sheet, an ordinary photocopy of the accord which we, the undersigned and Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ, filed with respect to the voluntary divorce and referring to the custody of my minor son ██████████████ ████████████████, consisting of two pages, an ordinary photocopy of a letter dated March 16, 2004, issued by an operator of Colegios La Sale, signed by the Professor ANA

CECILIA ESQUIVEL HERNANDEZ, in which she mentions my minor daughter , AN ORDINARY PHOTOCOPY OF THE DIVORCE SENTENCE DATED January 29, 1992 one thousand nine hundred and ninety two, in favor of Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ and the undersigned, issued by the Tenth Family Court for the Federal District. I also present original Birth Certificate number 4521638, in favor of my minor son ▮, issued by the Central Judge for the Civil Register in the Federal District, and original Birth Certificate number A2929095 dated March 12, 2003 two thousand and three in favor of my minor daughter ▮, issued by C. official number 02 of the Civil Register, ATTORNEY MARGARITA MARISCAL DE OLVERA of the Government of the State of Mexico. I also present three colored photocopies of my minor son ▮ two colored photographs of MARIA DEL ROSARIO and three color laser photographs of my minor daughter ▮ (pages 4 to 7 and ...to 10)

2.- Diligence of inspection effected by th Agent for the Public Ministry of the Federation on the twenty second of March two thousand and four, where he attested to having before him the following:

a)- ordinary copies of the complaint filed with the Tenth Judge for Family Matters, wherein JOSE FERNANDO CASTILLO TAPIA CLAIMED FROM Mrs. MRIA DEL ROSARIO MORENO VAZQUEZ a change in custody of the person for the guardianship and custody of the child ▮, and full custody of the child ▮, consisting of six pages.

b).- ordinary copy of the denouncement of facts presented by JOSE FERNANDO TAPIA in the state of Mexico, before the Agent for the Public Ministry in Naucalpan, State of Mexico, consisting of two pages.

c) Page of the letter addressed to "Fernando", signed by "Rosario".

d) ordinary photocopy of the agreement reached between JOSE FERNANDO CASTILLO TAPIA and MARIA DEL ROSARIO MORENO VAZQUEZ, PRESENTED TO THE CONSIDERATION OF THE Family Judge in the Voluntary Divorce action, with reference to the custody in connection with their minor son ▮ consisting of two pages.

e) ordinary copy of the letter dated the sixteenth of March two thousand and four, issued by the Director of the Colegio La Salle, signed by Ana Cecilia Esquivel Hernandez, in which she mentions that ▮ was entered at that school during the 2003-2003 (sic) course in the second grade and in 2003 and 2004 in the third grade, until the twenty sixth day of February two thousand and four, JOSE FERNANDO CASTILLO TAPIA being shown in the official records as her father.

f) ordinary copy of the divorce sentence of the twenty-ninth of January one thousand nine hundred and ninety two, in favor of Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ and the plaintiff, issued by the Tenth Court for Family Matters in the Federal District.

g) Original birth certificate number ▮, issued by the Central Judge for the Civil Register in the Federal District.

h) Original birth certificate number A2929095 dated the twelfth of March two thousand and three, in favor of MARIA DE FATIMA CASTILLO MORENO, issued by official number zero two of the Civil Register, the attorney Margarita Mariscal De Olvera, of the Government for the State of Mexico.

i).- Three color laser photographs of LUIS FERNANDO CASTILLO MORENO.

j).- Two color photographs of MARIA DEL ROSARIO.

k).- Three color laser photographs of MARIA DE FATIMA.

3.- Statement of **MARIA ELENA VAZQUEZ SAUCEDO** on the seventh of April two thousand and four, who declared before the Agent for the Public Ministry of the Federation that I am the mother of **MARIA DEL ROSARIO MORENO VAZQUEZ**, who was married to Mr. JOSE FERNADO CASTILLO TAPIA, with whom she procreated two children named ███████████████. They are currently divorced. And I declare that effectively on February 28, 2004, at approximately 1700 or 1800 hours, Mr. FERNANDO CASTILLO TAPIA came to my domicile, since it appears that on that day he was going to see his children █████████ since he visited them approximately every 15 days. On arrival he asked me for his children and I told him they were not there, at which time I delivered a letter to him in a sealed envelope from my daughter's place of work, it appeared to bear the logotype of the company where my daughter worked, therefore I did not know nor do I know the contents of said letter. Said letter was delivered to me by my daughter MARIA DEL ROSARIO on February 26, 2004, and she did not tell me where she was going and it was understood that she was taking her children. She handed the letter to me and told me to deliver the letter to FERNANDO, without saying anything further, and the fact is that on March (sic) 27, 2004, it being approximately 07:00 hours, she left taking her children with her, reiterating that at no time did she tell me where she was going, and saying when I asked her where she was going, she replied reluctantly saying "that is my business" . She left and has not returned, after that time I have had communication on two or three occasions, in the month of March this year she telephoned only to ask how I was, I asked her how the children were and she said "well", I asked her where she was but she did not tell me at what place, since communication with my daughter was nil. I do not know whether my daughter had a passport, nor if my grandchildren had passports (pages 44 to 47)

4,- Official communication number DGAPII/-3818/04/0550/04-AAH dated the fourteenth of April two thousand and four, signed by the Agent for the Public Ministry of the Federation attached of the Directorate General for International Police Matters INTERPOL, a dependency of the office of the Attorney General for the Republic, in which he indicates among other things the following: *In this respect, allow me to advise you that this Administrative Unit possesses an administrative file in connection with the location of the minor children Castillo Moreno, which was opened on March 2 this year, by reason of the petition filed in this Office by C. FERNANDO CASTILLO TAPIA, the children's father, who declared that he presumed his children has been transferred to the United States of America by their mother MARIA DEL ROSARIO MORENO VAZQUEZ.  In view of the foregoing, this Office commenced the corresponding investigations and managed to find that the children and their mother landed in the City of Atlanta, Georgia, United States of America on February 27, 2004, via flight 636 of the airline Aeromexico, for which reason contact was made with Interpol-Washington for the purpose of requesting their*

*collaboration in locating Mrs. MARIA DEL ROSARIO MORENO and her minor children* ▓▓▓▓▓▓▓▓▓▓ *On March 26 last, Interpol-Washington informed this Administrative Unit that the Alabama State Police sent an investigating agent to interview Mrs. MARIA DEL ROSARIO MORENO, who verified having the custody of her minor children, and likewise stated that the father of the children had called to threaten her, end she had therefore decided to change domicile and telephone number, for which reason the United States authorities state that for the safety and well-being of the family they are not authorized to reveal their whereabouts  (page 50).*

**5.-**  In an unnumbered official communication dated the fourteenth of April two thousand and four, the Director for Standardization of the Ministry for Foreign Affairs remitted certified copies of the following documents:.

a)       A certified copy of the ordinary Mexican passport application in the name of MORENO VAZQUEZ MARIA DEL ROSARIO, containing an illegible photograph (page 57).

b)       A certified copy of illegible passport number 6706408, in the name of MARIA DEL ROSARIO MORENO VAZQUEZ (page 58).

c)       Two applications for ordinary Mexican passports (OP-7), numbers 6290 and 6289, in the names of the children ▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ In the square entitled SIGNATURE OF THE COMPLAINANT (sic) the name of ▓▓▓ FERNANDO CASTILLO MORENO is given, in the square reading: SIGNATURE IN ACCORDANCE WITH THE DATA CONTAINED IN THE PASSPORT ON RECEIVING SAME, an illegible signature dated the sixteenth of October two thousand and four, indicating as location Naucalpan, State of Mexico. On the following page, giving the details of father or guardian, the square marked "as father" is marked with an "X"; for processing he identified himself with passport 033400323568, issued by the Ministry for Foreign Affairs on the sixth of November two thousand and three, having an illegible signature together with the fingerprints of the left and right index fingers and, in the details of the mother or guardian, an "X" appears in the square indicated as Mother, identifying herself for processing with passport number 03350056604, issued by the Ministry for Foreign Affairs on the twenty second of September two thousand and three, bearing an illegible signature and the fingerprints of the left and right index fingers (pages 60, 61, 65 and 66).

d).- A certified copy of birth certificate number 01433, in the name of ▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓(PAGE 62)

e)  A certified copy of passport number 03340032356 in the name of CASTILLO TAPIA JOSE FERNANDO, issued by the Ministry for Foreign Affairs (page 63).

f)  A certified copy of passport number 03350056604 in the name of MORENO VAZQUEZ MARIA DEL ROSARIO (page 64).

g)  A certified copy of birth certificate number A2929095 in the name of ▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓page 67)

h)  A certified copy of passport number 97380053111in the name of ▓▓▓▓▓▓

██████████████████ issued on the seventeenth of December one thousand nine hundred and ninety seven and with expiry date the seventeenth of December two thousand and two, in Naucalpan, Mexico (68)

6.- Official statement by **FERNANDO CASTILLO TAPIA** on the twenty third of April two thousand and four, in which he declared that as indicated in his appearance on the twenty second of March this year,   I gave no authorization for passports to be issued in favor of the children, therefore at this moment the documentation remitted by the Ministry of Foreign Affairs is placed before him, giving the name and signature of the person requesting issue of the passports in favor of the children████████████████████ ██████████████████ both having the surnames CASTILLO MORENO, together with a copy of the passport containing the name of JOSE FERNANDO CASTILLO TAPIA, who supposedly authorized the issue of said document, therefore the defendant, after checking the documents on file, states that he does not know who signed on his behalf, nor does he know who the fingerprint appearing on both applications for the children belongs and, therefore, that he was not physically present to present the application or sign or authorize the issue of the passports for his minor children, clarifying that he only recognizes that the copy of the passport in favor of the child████████████████████ date of issue 17 seventeenth of December in the year 1997, one thousand nine hundred and ninety seven, was processed together with Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ at that time, and he therefore signed in his handwriting. In the same way he states that the handwriting contained in the applications is that of Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ, mentioning that he remembers that some days before his children were taken by their mother, he stated that his passport was kept in the bedroom of his private residence and that he found it in a different place but did not think it important, but that his son named████████████████████ had copies of the keys to his house, and he therefore thinks that his son or daughter or the children's mother could have taken is passport and returned it to its place, since they had access to the house of the deponent and since the latter, for reasons of work, is not at home during the day, he did not know when it could have been taken but that he did not know that it had been utilized to process the issue of passports in favor of the children. In the same way he mentions that as regards the statement contained in the INTERPOL document dated April 12 this year, he only accepts this in part since effectively I presented myself to ask for help, since I imagined that my children had been taken out of the country by Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ, as I also indicated before the Public Ministry for the State of Mexico on the day I discovered that my children were no longer living at the house ████████████████████ considering that some months ago MARIA DEL ROSARIO MORENO told him that she had married a person called RONALD COONLEY, of American nationality, and that she was thinking of taking her children to live in the United States, and he had therefore told her that he was not in agreement in her taking the children and that he would not give them permission to go at that time, since Mrs. MARIA ROSARIO MORENO had told hi that she had met Mr. COONLEY through the Internet, and that he knows that this is her second marriage after his which she enters into with people she meets through the Internet, and that he did not comment on the matter again with Mrs. ROSARIO MORENO until he learned from his son's schoolmates that Luis Fernando Castillo Moreno was going to live in the city of Salem, Alabama, and he remembered the conversation he had had with Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ, and he therefore thinks that she took them abroad, forging his signature;   he does not the place where his minor children████████████████████ are physically to be found. He only believes that they could be at the domicilies he referred to in his statement of the twenty second of March this year, delivering copies of the Internet information to be

added to the file; yes he has remained in contact with his minor children by Internet, sending messages to his son's mail address which is ███████████████ ██████████████ since they were taken, but to date he has not replied; with regard to his daughter, he has not been able to have communication with her; that since before the twenty eighth of February this year to date, he has not seen nor has he had contact and knows nothing of Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ, since she has not contacted him, since he does not know where to look for her, since even though he obtained some addresses by Internet of her supposed husband, he does not know whether that is the correct address; Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ has a court order from the year one thousand nine hundred and ninety one, which to date has not been amended, wherein the Tenth Judge for Family Matters with residence in the Federal District resolved to grant joint custody of ████████████████████ but the patria potestas is exercised by both parents. As regards his daughter ██████████ ████████nothing has been declared, since at that time she had not yet been born, therefore the custody and the patria potestas is exercised by both, documents held on file and which he himself presented; that he was willing to undergo caligraphic and dactilar tests to verify his statement, since he neither signed nor affixed his fingerprints (pages 73 to 75).

7.- Official communication without number dated the twenty second of April two thousand and four, received at the Clerk's office of the Assistant Attorney General for Investigation Specializing in Organized Crime on the twenty sixth of this same month and year, signed by the attorney Antonio Jauregui Quintana, Manager for Lawsuits and Fleet of Aerovias de Mexico, under which ordinary copies of flight coupons were attached in favor of MORENOP/MARIA██████████████████████████ utilized on the Mexico-Atlanta route flight six hundred and thirty six on the twenty seventh day of February two thousand and four (pages 100 and 101).

8.- Opinion on graphoscopic identification dated the tenth of June two thousand and four, signed by the experts Praxedis Irma Garcia Guerrero and Rosa Flores Vazquez, attached to the Directorate-General for the Coordination of Expert Services, a dependency of the Attorney General's office of the Republic, in which they obtained as results: 1) On making the study corresponding to the decadactilar card in the name of C. Castillo Tapia José Fernando, presenting the following dactiliscopic formula I:3343-I-2222 on the right hand, thumb, index, middle and little fingers belong to the third basic type presilla externa, the second hand corresponds to the second basic type presilla interna. The morphology of the right ring finger corresponds to the fourth basic type VERTICE, SUB-TYPE CONCENTRIC, and therefore only this was checked since it corresponded with the same basic type shown in the OP7 forms.

II.- On studying the dactylograms stamped on forms OP7 corresponding to the father or guardian, reading left index finger, this corresponds to the fourth basic type VERTICE, SUB-TYPE LEFT INCLINING SPIRAL.

The dactylograms reading right index figure correspond to the fourth basis type.

On comparing the dactylogram of the right anular of the decadactilar card in the name of C. Castillo Tapia José Fernando against the dactylograms inserted in the forms OP7, these do not correspond to the subtype, nor therefore to the characteristic points.



The photographs of the fingerprints on forms PO7 were passed to the AFIS for making an eliminating comparison against the data base of said system, giving positive results with the following data.

BARRERA HERNANDEZ ARTEMIO, offence falsification of official documents. P.I. 9545/D/94. Authority Agent for the Public Ministry of the Federation in charge of Office IX-D, 39 years if age, date of birth 20 October 1955, with domicile at the street of Cantera No. 1, Santa Cruz Xochintepec, Xochimilco Federal District, whose decadactilar card forms part of the files of this institution. A comparative study was therefore made, taking as a base for the comparison all the middle right and left fingers based on the fundamental type, sub-type and location of characteristic points. Photographs were taken of the decadactilar card together with photographic enlargements of same, in order to effect a comparison with the fingerprints stamps on the OP7 formats of the children Maria de Fatima and Luis Fernando, both surnamed Castillo Moreno. from all of this it was concluded: FIRST: The dactylograms printed on the decadactile card in the name of C. Castillo Tapia José Fernando DO NOT CORRESPOND to the fingerprints stamped on the OP7 forms, with the right and left index fingers of the children ▮▮▮▮▮▮▮▮▮▮ SECOND.- The dactylograms stamped on the OP7 forms reading right and left index fingers of the children ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ DO CORRESPOND to the fingerprints of the right and left middle fingers on the decadactilar card in the name of Barrera Hernandez Artemio (pages 137 to 148).

9.- An opinion on graphoscopics, dated the fifteenth of June two thousand and four, signed by the expert L. Aldo Chisanto Molina, attached to the Directorate General for the Coordination of Expert Services, a dependency of the Attorney General's office for the Republic, in which he concluded: FIRST. THE SIGNATURES SHOWN AS BELONGING TO C. JOSE FERNANDO CASTILLO TAPIA ON THE DOCUMENTS DESCRIBED AS QUERIED IN THE PRESENT OPINION DO NOT CORRESPOND TO HIM, WITH RESPECT TO THE SIGNATURES PROVIDED AS BASIS FOR THE COMPARISON. SECOND.- THE HANDWRITING CONTAINED IN THE DOCUMENTS DESCRIBED AS QUERIED IN THE PRESENT OPINION, DO NOT CORRESPOND TO C. JOSE FERNANDO CASTILLO TAPIA, WITH RESPECT TO THE HANDWRITING PROVIDED AS A BASIS FOR THE COMPARISON..." attaching photographic images in color, a Sample of the Handwriting of C. José Fernando Castillo Tapia, consisting of two pages (pages 151 to 165).

## CONCLUSIONS OF LAW:

FIRST.- From examining the documents forming the preliminary investigation consigned, it can be appreciated that this Third District Court for Federal Criminal Processes is legally incompetent by reason of territory, to hear the present proceedings, since the facts forming the subject matter of the offense in question took place on the twenty-eighth of February two thousand and four in Naucalpan de Juarez, State of Mexico, since it can be seen from the statements made by the plaintiff JOSE FERNANDO CASTILLO TAPIA, that on that date he went to the domicile located ▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Naucalpan de Juarez, State of Mexico, domicile inhabited by the children ▮▮▮▮▮▮ at which place the mother of MARIA DEL ROSARIO MORENO VAZQUEZ delivered a letter to him in which the latter told him that she had taken her children from this place to leave the city, and he therefore supposed that she went to the United States of North America, since he was aware that the accused

contracted marriage with a person from that country; subsequently he leaned that it was at the sub delegation of the Ministry for Foreign Affairs located at Naucalpan de Juarez, State of Mexico, where the arrangements were made to obtain the corresponding passports; therefore in accordance with resolution 23/2001 of the Council of the Federal Judicature with respect to the determination and territorial limits of the circuits into which the territory of the Mexican Republic is divided and to the number, the territorial jurisdiction and specialization by subject matter of the Collegiate and Unitary Circuit Courts and of the District Courts, therefore the present matter should be heard by the District Court on duty in the State of Mexico with residence at Naucalpan de Juarez, since this city comes within its territorial limits;  therefore, taking as grounds article 6 of the Federal Civil Procedures Code, the files  should be remitted to the District Judge on duty with residence in Naucalpan de Juarez, State of Mexico,  since this is the legally competent authority, through the Public Ministry attached, in order that it be a Judge of that locality who resolves as applicable on the petition by the consigning social representative, in the terms of article 16 of the General Constitution of the Republic.

Without this being an obstacle to the above determination, the fact that the investigating agency in the consignment has established that since the reform of the twenty third of December one thousand nine hundred and ninety three, to article 10 of the Federal Criminal Procedures Code, the competence was established by reason of territory which permits the Social Representative of the Federation to select "ad libitum" the jurisdictional agency which should hear a process, even when this is not that of the place where the delinquent acts occurred, therefore in his judgment the competence by exception provided in article ten, third paragraph of the Federal Criminal Procedures Code is updated; that is, that  federal Criminal Processes Judge in the Federal District on duty is competent to hear the present facts, even when this differs from the place where the facts considered delinquent took place, invoking the Thesis which reads:

"TERRITORIAL COMPETENCE OF EXCEPTION (ARTICLE 10, THIRD PARAGRAPH OF THE FEDERAL CRIMINAL PROCEDURES CODE). THE DECLARATION THAT THE REQUIREMENT OF COMPLIANCE "WITH OTHERS WHICH PREVENT GUARANTEEING THE DEVELOPMENT OF THE PROCESS..." MUST BE SPECIFIED AND EVIDENCED..."

however, the argument is unfounded, since said authority does not specify nor show for what reasons of security the accused should be confined in an imprisonment center in this City of Mexico, Federal District, in the event she is apprehended, since this is a woman whose personal characteristics are not those requiring confinement in a maximum security institution, or who represents a serious problem for a suitable development of the process; nor is it accredited much less, even by indication, that some penitentiary in the city of Naucalpan de Juarez does not possess the necessary security for her custody.

In consequence, since the hypothesis to which article 10, third paragraph of the Federal Criminal Procedures Code refers has not been accredited in kind , and as Constitutional article 16 establishes that the warrant for arrest must be issued by a competent authority, in the present case the authority legally empowered for such purpose is a District Judge on duty, with residence in Naucalpan de Juarez, State of Mexico, in the terms established under the preceding paragraphs.

The foregoing is supported by the thesis of Jurisprudence 1a./J. 2/2000, upheld by the First Chamber of the Supreme Court of Justice for the Nation, published in the Judicial

Weekly of the Federation and Gazette, Ninth Period, Tome XI, February 2000, appearing on page 15 under the following heading and text:

'COMETENCE, TERRITORIAL DE EXCEPTION, CONTAINED IN ARTICLE 10, THIRD PARAGRAPH, OF THE FEDERAL CRIMINAL PROCEDURES CODE, SHOULD BE BASICALLY REASONED AND ACCREDITED.    Even though the third paragraph mentioned provides that: "A District Judge other than that at the place the offense was commissioned will also be competent to hear an issue, if by reason of security at the prisons, depending on the nature of the act imputed, the person circumstances of the accused and others which prevent a guaranty of a suitable development of the process, the fact that the Federal Public Ministry considers it necessary to carry exercise of the criminal action before another Judge", should not be understood in the sense that this suffices and is sufficient to place the competence by exception herein established, since we are dealing with a hypothesis of competence by exception _the motives and logical reasoning accrediting the assumptions called for by said number should be explained, providing evidence to support their statements, since an updating of the competence by exception in question cannot derive from an indiscriminate, arbitrary or merely subjective potestes by the consignor, which would be neither logical nor juridical._   To the contrary, the exercise of this potestes should be implemented in strict compliance with established legal norms, together with the parameters of logic and retionality , for the purpose of concluding in reasonable, logical end congruent form the need to accord competence to e District Court other than that where the offense was commissioned.   Therefore, the sole pretension of the Public Ministry to exercise criminal action before a District Court other than that of the place where the offense was committed, without sufficiently and suitably reasoning said petition, does not suffice to supply the supposition of competence by exception established in the third paragraph to article 10 of the Federal Criminal Procedures Code."

Together with thesis XII/98, published in the Judicial Weekly of the Federation and Gazette, Ninth Period, Tome VII, March 1998, visible on page 249 with the epigraph:

"TERRITORIAL COMPETENCE BY EXCEPTION. THE AGENT FOR THE PUBLIC MINISTRY IS OBLIGED TO SATISFY THE REQUIREMENTS ESTABLISHED IN THE THIRD PARAGRAPH TO ARTICLE 10 OF THE FEDERAL CRIMINAL PROCEDURES CODE.-   If the third paragraph to article 10 of the Federal Criminal Procedures Code specifies certain requirements for territorial competence by exception to take effect before a specific Judge, and the agent of the Federal Public Ministry consigns the investigation to someone other than where the delinquent actions took place, he is obliged to satisfy these requirements.   If this is not done, the judicial authority before whom the consignment was made should be considered incompetent, and refuse to continue hearing the criminal case in question and, in consequence, remit the files of the action to to the Judge of the place where the acts were committed, since if the contrary is accepted, he subjective appreciation of the social representative will suffice to determine the place where the criminal proceedings ere to be established, violating the rules of competence established in the foregoing legal ordinance."

Equally, Jurisprudence 1a/J.28/99, appearing on page 267, Criminal Matters, of the Judicial Weekly of the Federation end Gazette IX, May 1999, First Chamber, Ninth Period, entitled and reading:

"WARRANT FOR ARREST, MUST COME FROM A COMPETENT JUDICIAL AUTHORITY.  Constitutional article 16, second paragraph, establishes among

*requirements with respect to a warrant for arrest, that it must be issued by a judicial authority; in turn, the first paragraph of said Constitutional precept guarantees individual freedom by requiring that any act involving same must original from a competent authority, that is, one legally empowered to issue the act in question. Therefore, is the warrant for arrest is an act affecting the individual, since its purpose is to provisionally restrict their personal or ambulatory liberty, the judge issuing same must also be legally competent to hear any criminal process which may arise from the offense or offenses for which it is issued, naturally in accordance with the criteria for establishing competence, that is, by territory, subject matter, amount or connection."*

With its being necessary to hear the opinion of the Agent for the Public Ministry attached, as indicated in article 443 of the Federal Criminal Procedures Code, since this was done at the moment of consignment before this District Court.

The foregoing is supported by the contents of thesis number 50, published on page 28 of the Appendix to the Judicial Weekly of the Federation 1917-1985 under the heading:

*"DULY SUPPORTED COMPETENCE BY DECLINATORY, OMISSION OF THE OPINION OF THE PUBLIC MINISTRY. Should the judge before whom the Public Ministry made the consignment state an incident of incompetence by declinatory without the Agent for the Public Ministry declaring as convenes his representation, this omission is irrelevant, because the holder of the persecutory action expresses his judicial opinion by the consignment, which leads one to conclude that the declinatory proposed is duly supported in this respect."* Together with the other appearing on page 129 of said appendix, under the heading: *"COMPETENCE BY DECLINATORY WITHOUT CONSULTING THE PUBLIC MINISTRY Even when, by claiming incompetence by declinatory in favor of another, the opinion of the Public Ministry is not consulted in the terms of article 443 of the Federal Criminal Procedures Code, said omission lacks judicial relevance for the action since the Public Ministry already gave its opinion by consigning the preliminary investigation by exercising criminal action against the accused, and the proposed i9ncompetence by declinatory should be considered duly supported".*

SECOND.- Once the competence declined by this jurisdictional agency has been accepted and after making the respective annotations in the book of government carried in this Court for such purpose, the papers should be formally filed as a matter fully and formally concluded.

THIRD.- Taking as grounds the second point of General Resolution 87/2003 returned in full session by the Council of the Federal Judicature, together with circular 1/2004, item B, number 1, of the Executive Secretariat for the Judicial Career, Appointment and Creation of New Agencies of the Federal Judicature, this resolution is contained in the Comprehensive System for Follow-up on Files and the respective record should be attached to the files.

In view of the foregoing and also supported by articles 104, section 1, of the General Constitution of the Republic; 6 of the Federal Criminal Procedures Code and 50, section 1, insert a) of the Organic Law on the Judicial Power of the Federation, it should be and is hereby resolved:

FIRST.- this Third District Court for Federal Criminal Processes in the Federal District, DECLARES ITSELF LEGALLY INCOMPETENT BY REASON OF TERRITORY to hear the facts dealing with CHILD TRAFFICKING, provided for and penalized in article

366 I, second paragraph (hypothesis of action, transfer of minor under sixteen years of age outside of national territory) and penalized in article 366 quater (hypothesis of penalty) in concordance with article 366 ter section III of the Federal Criminal Code in relation with 7, first paragraph (hypothesis of action) section II (continuous or permanent offense); 8 (hypothesis of fraudulent action); 9, first paragraph (hypothesis of acting fraudulently even when aware of the illegality of the action, as described by law), and 13 section II (those automatically implemented) of the Federal Criminal Code, for which the investigating agency exercised criminal action against MARIA DEL ROSARIO MORENO VAZQUEZ as considered presumed guilty of commissioning same.

SECOND.- The original file and a duplicate should be remitted to the District Judge on Duty in the State of Mexico with residence in Naucalpan de Juarez, through the Agent for the Public Ministry attached to this jurisdictional agency, for all applicable legal purposes.

THIRD.- Once the competence declined by this jurisdictional agency has been accepted and annotations made in the book of government carried by this Court for such purpose, said papers are to be formally filed as a matter fully and formally concluded.

FOURTH.- Taking as grounds the second point of General Resolution 87/2003 returned in full session by the Council of the Federal Judicature, together with circular 1/2004, item B, number 1 of the Executive Secretariat for the Judicial Career, Appointment and Creation of New Agencies of the Federal Judicature, this resolution should be captured in the Comprehensive System for Follow-up on Files, and the respective records attached to file.

To be notified solely and exclusively to the attached Agent for the Public Ministry.

The foregoing was resolved and signed by Attorney ARTURO CESAR MORALES RAMIREZ, Third District Judge for Federal Criminal Processes in the Federal District, who acts before the Secretary Attorney Alma Aracell Rosas Gutierrez, who authorizes and attests.
(illegible signatures)



In 4-August-04 10:00
This Court notified the C. Agent for the Public Ministry who stated: that he heard same and signed.- I attest.
(illegible signatures)

**EXHIBIT 54**

*In the top left corner, the Great Seal of Mexico followed by the words: Judicial ...of the Federation.*

*In the lower left corner, next to the signature, the Great Seal of Mexico and the words: Third District Court for Federal Criminal Processes in the Federal District.*

**CRIMINAL SECTION – FILE 108/2004/IH   OF.7136**

**TO THE C. JUDGE ON DUTY IN THE STATE OF MEXICO, WITH RESIDENCE IN NAUCALPAN DE JUAREZ. P/C OF THE ATTACHED AGENT FOR THE FEDERAL PUBLIC MINISTRY.**
**P R E S E N T.**

In compliance with the order contained in the resolution of August three, two thousand and four, returned in the criminal action under the foregoing number and filed against MARIA DEL ROSARIO MORENO VAZQUEZ as presumed guilty of commissioning the offense of CHILD TRAFFICKING, provided for and penalized in article 366 I, second paragraph (hypothesis of action, transfer of minor under sixteen years of age outside of national territory) and penalized in article 366 quarter (hypothesis of penalty) in concordance with article 366 ter section III of the Federal Criminal Code in relation with 7, first paragraph (hypothesis of action) section II (continuous or permanent offense); 8 (hypothesis of fraudulent action); 9, first paragraph (hypothesis of acting fraudulently even when aware of the illegality of the action, as described by law), and 13 section II (those automatically implemented) of the Federal Criminal Code, committed to the injury of the minors ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ I hereby forward to you the original and a copy of said case, consisting of –233- and –234- written pages, respectively, since this Court declared itself legally incompetent for this hearing, asking your kind return of the corresponding receipts and advice to this jurisdictional agency of your resolution with respect to the competence declined in your favor.

Please rest assured of my highest and most distinguished consideration

**YOURS TRULY**
**Mexico, Federal District, August 9, 2004**
**THE THIRD DISTRICT JUDGE FOR FEDERAL CRIMINAL PROCESSES IN THE FEDERAL DISTRICT.**

**(illegible signature)**

**Attorney ARTURO CESAR MORALES RAMÍREZ**

**EXHIBIT 55**

*In the top left corner, the Great Seal of Mexico, followed by "...of the Federation.*
*In the left margin, illegible stamps. In mid-page, the single word: PROCEEDINGS*

## NAUCALPAN DE JUAREZ, STATE OF MEXICO, ON THE TWENTY SIXTH OF AUGUST IN THE YEAR TWO THOUSAND AND FOUR.

Having seen the files of criminal case number 108/2004, to resolve on the incompetence declined by the Third District Court for Federal Criminal Processes in the Federal District for the facts consigned by the Agent of the Public Ministry of the Federation of the Unit Specializing in the Investigation of Child Trafficking, Undocumented Persons and Agencies of the Assistant Attorney General-s office for Investigation Specializing in Organized Crime, a dependency of the office of the Attorney General for the Republic against Maria del Rosario Moreno Vazquez, for her probable guilt in commissioning the offense of CHILD TRAFFICKING provided for and penalized in article 366 quater, second paragraph., and penalized in article 366 quarter, in concordance with article 366 ter, section III, of the Federal Criminal Code.

### FINDINGS OF FACT:

a).- Under official communication 2094//2004/SPP-B, received at the Clerk's office on the sixteenth of August two thousand and four and remitted to this court by reason of shift by the responsible Agent for the Public Ministry of the Federation of the Sub-Delegation for Criminal Proceedings "B" in Naucalpan, State of Mexico, attaching the original and duplicate of criminal action 108/2004-III, from the index of the Thir District Court for Federal Criminal Matters in the Federal District.

b).- Under an interlocutory decree dated the third of August in the year two thousand and two, the Third District Judge for Federal Criminal Processes in the Federal District declined competence in favor of the Judge in the State of Mexico exercising territorial jurisdiction in the Judicial District of Naucalpan, State of Mexico and, once transferred to this court, the resolution indicated for this purpose by article 433 of the Federal Criminal Procedures Code was duly dictated.

c).- Within the facts consigned by the Agent for the Public Ministry of the Federation who compiled preliminary investigation SIEITDO/UEITMIO//013/2004, due to their primordial importance the following records are outstanding:

1.- The Statement by the plaintiff JOSE FERNANDO CASTILLO TAPIA BEFORE THE agent for the Public Ministry of the Federation, on the twenty second of March two thousand and four, in which he declared: that with Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ he procreated his minor children named ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ age, respectively, who lived with their mother after I divorced her under the final judgment issued by the Tenth Judge for Family Matters in the Federal District, presenting a certified photocopy of the respective hearing with respect to the living conditions of the mother of my children, and the fact is that on February 28 this year, at approximately 17:00 hours, I presented myself as was my custom to collect my children at the domicile where both Mrs. MORENO VAZQUEZ and my children lived, located at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮, State of Mexico, ▮▮▮▮▮▮▮▮ and received from Mrs. MARIA ELENA VAZQUEZ SAUCEDO, mother of ROSARIO, a letter written by Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ informing me that she had taken my children

from that domicile to leave the city, without mentioning their destination. In view of the foregoing, I suspected that she had moved to another country, possibly the United States of America, since Mrs. MORENO VAZQUEZ had commented to me in the month of October 2003 that she had married a North American individual whom she had met through the Internet, and asked my permission to take my children out of the country. I refused, telling her it was better that they first establish themselves as a couple and that afterwards with pleasure we would agree on the permission and reciprocal visits, a situation she refused to accept, saying that she would think about it at that time, October 2003.   In view of the foregoing I appeared before the Agent for the Public Ministry of Common Jurisdiction in the city of Naucalpan, State of Mexico, on February 29 this year, opening File NJ/II/816/04-02, to whom I declared what I have just stated, and also informed said authority what I now repeat, that the undersigned had neither authorized nor consented to my minor children ███████ leaving the country, nor did I in any way authorize nor agree to their obtaining a passport from the Ministry of Foreign Affairs. I then, on March 01 this year, went to the schools where my children studied, the Colegio La Salle in the State of Mexico, where from talking with their schoolmates I found out that Mrs. MARIA DEL ROSARIO VAZQUEZ and my minor children had left the country by air on February 27, 2004 two thousand and four, utilizing the services of the company Aeromexico, flight 636, destination Atlanta, Georgia, since my children had commented that their final destination was the city of Salem, Alabama, at the address ███████████, belonging to or registered in the name of Mr. RONALD COONLEY, who is the person who Mrs. ROSARIO MORENO VAZQUEZ married. In this respect and from the information available on said person from the Internet they may have as domiciles those listed below: ██████████ Smiths, AL and ███████████ Phenix City AL, ████ Columbus GA ███████ and Berrien Springs, Michigan, together with that located a ██████████ Albany, NY ████, all in the United States of America, and that from talks I have had with my son's companions, he has contacted them through the internet and has told them that they may possibly travel outside the United States of America, without my knowing their destination nor when this trip is to take place.  By reason of the foregoing I also appeared before the Tenth Court for Family Matters in the Federal District, before which I asked to be granted the custody of my minor children ████ ████████████████, in the terms of the application I attach to this document, and also wish to notify that authority and declare that, in view of my doubts as to whether my children had left the country, I went to the information window of the Naucalpan Delegation of the Ministry of Foreign Affairs in the State of Mexico to find out whether any passport had been issued in their favor, and a person at that office took pity on me when I explained my problem, and told me verbally that said documents had been issued in favor of ██████████████ ███████████ on February 27, 2004, that that office possessed legal documentation supporting my permission, and I therefore ask you to verify the foregoing since the undersigned gave no permission, either verbally or in writing nor by means of any document, and for this reason I repudiate as of now any signature or authorization contained in the files of that office.  By reason of the foregoing I hereby present ████████ copies of the complaint filed before the Tenth Family Court consisting of 6 six pages, an ordinary photocopy of the denouncement of facts which I filed in the State of Mexico consisting of two pages, the page of the letter which I mentioned at the beginning of this document addressed to the undersigned bearing the name of ROSARIO, consisting of a single sheet, an ordinary photocopy of the accord which we, the undersigned and Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ, filed with respect to the voluntary divorce; and referring to the custody of my minor son ████████████████ consisting of two pages, an ordinary photocopy of a letter dated March 16, 2004, issued by

an operator of Colegios La Salle, signed by the Professor ANA CECILIA ESQUIVEL HERNANDEZ, in which she mentions my minor daughter ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮, AN ORDINARY PHOTOCOPY OF THE DIVORCE SENTENCE DATED January 29, 1992 one thousand nine hundred and ninety two, in favor of Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ and the undersigned, issued by the Tenth Family Court for the Federal District. I also present original Birth Certificate number ▮▮▮▮▮▮▮ in favor of my minor son ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, issued by the Central Judge for the Civil Register in the Federal District, and original Birth Certificate number ▮▮▮▮▮▮ dated March 12, 2003 two thousand and three in favor of my minor daughter ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ issued by C. official number 02 of the Civil Register, ATTORNEY MARGARITA MARISCAL DE OLVERA of the Government of the State of Mexico. I also present three colored photocopies of my minor son ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮ two colored photographs of MARIA DEL ROSARIO and three color laser photographs of my minor daughter ▮▮▮▮▮▮▮▮▮▮ (pages 4 to 7 and from 10).

2.- By the diligence of inspection practiced by the Agent for the Public Ministry of the Federation on the twenty second of March two thousand and four, where he attested to having before him:  a).- Ordinary copies of the complaint filed before the Tenth Judge for Family Matters, in which FERNANDO CASTILLO TAPIA claimed from Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ a change in custody of a person for the guardianship and custody of the child ▮▮▮▮▮▮▮▮▮▮▮ and full custody of the child ▮▮▮ ▮▮▮▮▮▮▮▮▮, consisting of six pages.-  b.- An ordinary copy of the denouncement of facts filed by JOSE FERNANDO TAPIA in the State of Mexico, before the Agent for the Public Ministry in Naucalpan, State of Mexico, consisting of two pages;  c).- sheet of the letter addressed to "Fernando", signed by "Rosario".   d).- Ordinary photocopy of the agreement made between JOSE FERNANDO CASTILLO TAPIA and MARIA DEL ROSARIO MORENO VAZQUEZ, presented to the consideration of the Judge for Family Matters in the Voluntary Divorce proceedings, referring to custody in connection with his minor son ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ consisting of two pages.- e).- Ordinary photocopy of the letter dated the sixteenth of March two thousand and four, issued by the Director of the Colegio La Salle, signed by Ana Cecilia Esquivel Hernandez, in which she mentions that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ was entered in that (sic) Colegio during the 2000-2003 course in the second grade and in 2003 and 204, in third grade, until the twenty seventh day of February two thousand and four, the official records giving her father as JOSE FERNANDO CASTILLO TAPIA.- f).- Copy of the divorce decree dated the twenty ninth of January one thousand nine hundred and ninety Two, in favor of Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ and the plaintiff, issued by the Tenth Court for Family Matters in the Federal District),- Original birth certificate number ▮▮▮▮▮▮▮ in favor of ▮▮▮▮▮▮▮▮, issued by the Central Judge for the Civil Register in the Federal District.  h).- Original birth certificate number ▮▮▮▮▮▮ dated the twelfth of March two thousand and three, issued in favor of ▮▮▮▮▮▮▮▮▮▮▮▮▮ issued by Clerk number two of the Civil Register, the attorney Margarita Mariscal De Olvera, of the Government for the State of Mexico;  i) Three laser color photographs of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ j).- Two laser color photographs of ▮▮▮▮▮▮▮▮▮▮▮; k) three laser color photographs of ▮▮▮▮▮▮

3.- statement by MARIA ELENA VAZQUEZ SAUCEDO on the seventh of April two thousand and four who declared, before the Agent for the Public Ministry of the Federation, that I am the mother of MARIA DEL ROSARIO MORENO VAZQUEZ, who was married to Mr. JOSE FERNADO CASTILLO TAPIA, with whom she procreated two children named ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

respectively. They are currently divorced. And I declare that effectively on February 28, 2004, at approximately 1700 or 1800 hours, Mr. FERNANDO CASTILLO TAPIA came to my domicile, since it appears that on that day he was going to see his children ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ since he visited them approximately every 15 days. On arrival he asked me for his children and I told him they were not there, at which time I delivered a letter to him in a sealed envelope from my daughter's place of work, it appeared to bear the logotype of the company where my daughter worked, therefore I did not know nor do I know the contents of said letter. Said letter was delivered to me by my daughter MARIA DEL ROSARIO on February 26, 2004,   and she did not tell me where she was going and it was understood that she was taking her children.  She handed the letter to me and told me to deliver the letter to FERNANDO, without saying anything further, and the fact is that on March (sic) 27, 2004, it being approximately 07:00 hours, she left taking her children with her, reiterating that at no time did she tell me where she was going, and saying when I asked her where she was going, she replied reluctantly saying "that is my business" .  She left and has not returned, after that time I have had communication on two or three occasions, in the month of March this year she telephoned only to ask how I was, I asked her how the children were and she said "well", but she did not tell me where they were, and I therefore have no idea where they may be found, since communication with my daughter was nil.  I do not know whether my daughter had a passport, nor if my grandchildren had passports (pages 44 to 47).

4.- **Official communication DGAPII/3818/04/0550/04-AAH**, dated the fourteenth of April two thousand and four, signed by the Agent for the Public Ministry of the Federation attached to the Directorate General for International Police Matters INTERPOL, a dependency of the office of the Attorney General for the Republic, in which he indicated among other things as follows: "In this respect, allow me to advise you that this Administrative Unit possesses an administrative file in connection with the location of the minor children *Castillo Moreno*, which was opened on March 2 this year, by reason of the petition filed in this Office by C. *Fernando Castillo Tapia*, the children's father, who declared that he presumed his children has been transferred to the United States of America by their mother *Maria del Rosario Moreno Vazquez*. In view of the foregoing, this Office commenced the corresponding investigations and managed to find that the children and their mother landed in the City of Atlanta, Georgia, United States of America on February 27, 2004, via flight 636 of the airline Aeromexico, for which reason contact was made with Interpol-Washington for the purpose of requesting their collaboration in locating Mrs. *Maria del Rosario Moreno* and her minor children▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  On March 26 last, Interpol-Washington informed this Administrative Unit that the Alabama State Police sent an investigating agent to interview Mrs. *MARIA DEL ROSARIO MORENO*, who verified having the custody of her minor children, and likewise stated that the father of the children had called to threaten her, and she had therefore decided to change domicile and telephone number, for which reason the United States authorities state that for the safety and well-being of the family they are not authorized to reveal their whereabouts" (page 50).

5.- Under an unnumbered official communication dated the fourteenth of April this year, the Director for Normativity of the Ministry for Foreign Affairs forwarded a certified copy of the following documents:  a) A certified copy of ordinary Mexican passport application in the name of MORENO VAZQUEZ MARIA DEL ROSARIO, containing an illegible photograph (page 57); b).- A certified copy of illegible passport number 6706408, in the name of  MARIA DEL ROSARIO MORENO VAZQUEZ (page 58). c).- Two applications for ordinary Mexican passports (OP-7), numbers 6290 and 6289, in the names of the children,▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



████████). In the square entitled SIGNATURE OF THE COMPLAINANT (sic) the name of ████████████████████ is given, in the square reading: signature in accordance with the data contained in the passport on receipt of same, an illegible signature dated the sixteenth of October two thousand and four, indicating as location Naucalpan, State of Mexico. On the following page, giving the details of father or guardian, the square marked "as father" is marked with an "X"; for processing he identified himself with passport 033400323568, issued by the Ministry for Foreign Affairs on the sixth of November two thousand and three, having an illegible signature together with the fingerprints of the left and right index fingers and, in the details of the mother or guardian, an "X" appears in the square indicated as Mother, identifying herself for processing with passport number 03350056604, issued by the Ministry for Foreign Affairs on the twenty second of September two thousand and three, bearing an illegible signature and the fingerprints of the left and right index fingers (pages 60, 61, 65 and 66). d).- A certified copy of birth certificate number 01433, in the name of █████████████ ████████ (PAGE 62). e).- A certified copy of passport number 03340032358 in the name of CASTILLO TAPIA JOSE FERNANDO, issued by the Ministry for Foreign Affairs (page 63, f) A certified copy of passport number 03350056604 in the name of MORENO VAZQUEZ MARIA DEL ROSARIO (page 64), g).- A certified copy of birth certificate ████████████ in the name of ██████████████ (page 67), h).- A certified copy of passport number ██████████1 in the name of ██████████ █████████), issued on the seventeenth of December one thousand nine hundred and ninety seven and with expiry date the seventeenth of December two thousand and two, in Naucalpan, Mexico (68).

6.- **Official statement made by JOSE FERNANDO CASTILLO TAPIA** on the twenty-third of April two thousand and four, in which he declared that that as indicated in his appearance on the twenty second of March this year,    I gave no authorization for passports to be issued in favor of the children, therefore at this moment the documentation remitted by the Ministry of Foreign Affairs is placed before him, giving the name and signature of the person requesting issue of the passports in favour of the children ████ ████ together with a copy of the passport containing the name of **JOSE FERNANDO CASTILLO TAPIA**, who supposedly authorized the issue of said document, therefore the defendant, after checking the documents on file, states that he does not know who signed on his behalf, nor does he know who the fingerprint appearing on both applications for the children belongs and, therefore, that he was not physically present to present the application or sign or authorize the issue of the passports for his minor children, clarifying that he only recognizes that the copy of the passport in favour of the child █████████ █████O, date of issue 17 seventeenth of December in the year 1997, one thousand nine hundred and ninety seven, was processed together with Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ at that time, and he therefore signed in his handwriting. In the same way he states that the handwriting contained in the applications is that of Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ, mentioning that he remembers that some days before his children were taken by their mother, he stated that his passport was kept in the bedroom of his private residence and that he found it in a different place but did not think it important, but that his son named████████████████ had copies of the keys to his house, and he therefore thinks that his son or daughter or the children's mother could have taken is passport and returned it to its place, since they had access to the house of the deponent and since the latter, for reasons of work, is not at home during the day, he did not know when it could have been taken but that he did not know that it had been utilized to process the issue of passports in favor of the children. In the same way he mentions that as regards the statement contained in the INTERPOL document dated April

12 this year, he only accepts this in part since effectively I presented myself to ask for help, since I imagined that my children had been taken out of the country by Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ, as I also indicated before the Public Ministry for the State of Mexico on the day I discovered that my children were no longer living at the house ████████████████████████ h Lomas Verdes, considering that some months ago MARIA DEL ROSARIO MORENO told him that she had married a person called RONALD COONLEY, of American nationality, and that she was thinking of taking her children to live in the United States, and he had therefore told her that he was not in agreement in her taking the children and that he would not give them permission to go at that time, since Mrs. MARIA ROSARIO MORENO had told hi that she had met Mr. COONLEY through the Internet, and that he knows that this is her second marriage after his which she enters into with people she meets through the Internet, and that he did not comment on the matter again with Mrs. ROSARIO MORENO until he learned from his son's schoolmates that Luis Fernando Castillo Moreno was going to live in the city of Salem, Alabama, and he remembered the conversation he had had with Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ, and he therefore thinks that she took them abroad, forging his signature;   he does not the place where his minor childrer ██████████ ████████████████████████ are physically to be found.  He only believes that they could be at the domicilies he referred to in his statement of the twenty second of March this year, delivering copies of the Internet information to be added to the file; yes he has remained in contact with his minor children by Internet, sending   messages   to   his   son's   mail   address ████████████████████ ████████████████████████ n, since they were taken, but to date he has not replied;   with regard to his daughter, he has not been able to have communication with her; that since before the twenty eighth of February this year to date, he has not seen nor has he had contact and knows nothing of Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ, since she has not contacted him, since he does not know where to look for her, since even though he obtained some addresses by Internet of her supposed husband, he does not know whether that is the correct address;  Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ has a court order from the year one thousand nine hundred and ninety one, which to date has not been amended, wherein the Tenth Judge for Family Matters with residence in the Federal District resolved to grant joint custody of ████████████████ ███████████, but the patria potestas is exercised by both parents. As regards his daughter████████ nothing has been declared, since at that time she had not yet been born, therefore the custody and the patria potestas is exercised by both, documents held on file and which he himself presented; that he was willing to undergo caligraphic and  dactilar tests to verify his statement, since he neither signed nor affixed his fingerprints (pages 73 to 75).

7.- Unnumbered official communication dated the twenty second of April two thousand and four, received at the Clerk's office of the Assistant Attorney General for Investigation Specializing in Organized Crime on the twenty sixth of this same month and year, signed by the attorney Antonio Jauregui Quintana, Manager for Lawsuits and Fleet of Aerovías de Mexico, under which ordinary copies of flight coupons were attached in favor of MORENOP/MARIA████████████, utilized on the Mexico-Atlanta route flight six hundred and thirty six on the twenty seventh day of February two thousand and four (pages 100 and 101).

8.- Opinion on the matter of  graphoscopic identification dated the tenth of June two thousand and four, signed by the experts Praxedis Irma Garcia Guerrero and

Rosa Flores Vazquez, attached to the Directorate-General for the Coordination of Expert Services, a dependency of the Attorney General's office of the Republic, in which they concluded: FIRST: The dactylograms printed on the decadactile card in the name of C. Castillo Tapia José Fernando DO NOT CORRESPOND to the fingerprints stamped on the OP7 forms, with the right and left index fingers of the children Maria de Fatima and Luis Fernando, both surnamed Castillo Moreno. SECOND.- The dactylograms stamped on the OP7 forms reading right and left index fingers of the childre█████████████████ ████████████████████ DO CORRESPOND to the fingerprints of the right and left middle fingers on the decadactilar card in the name of Barrera Hernandez Artemio (pages 137 to 148).

9.- An opinion on graphoscopics, dated the fifteenth of June two thousand and four, signed by the expert L. Aldo Chisanto Molina, attached to the Directorate General for the Coordination of Expert Services, a dependency of the Attorney General's office for the Republic, in which he concluded:   FIRST. THE SIGNATURES SHOWN AS BELONGING TO C. JOSE FERNANDO CASTILLO TAPIA ON THE DOCUMENTS DESCRIBED AS QUERIED IN THE PRESENT OPINION DO NOT CORRESPOND TO HIM, WITH RESPECT TO THE SIGNATURES PROVIDED AS BASIS FOR THE COMPARISON. SECOND.- THE HANDWRITING CONTAINED IN THE DOCUMENTS DESCRIBED AS QUERIED IN THE PRESENT OPINION, DO NOT CORRESPOND TO C. JOSE FERNANDO CASTILLO TAPIA, WITH RESPECT TO THE HANDWRITING PROVIDED AS A BASIS FOR THE COMPARISON..." attaching  photographic images in color, a Sample of the Handwriting of C. José Fernando Castillo Tapia, consisting of two pages (pages 151 to 165).

### CONCLUSIONS OF LAW:

FIRST.- In order to determine whether this District Court is or is not competent to hear the matter for which competence was declined, it is convenient to indicate the following:

The potestas for the administration of justice is what is called jurisdiction and what establishes the limits within which the Judge is able to exercise that faculty called competence, which can be by reason of jurisdiction, territory, subject matter, degree, amount, shift, etc.

Thus, to analyze whether a District Court is competent to hear a specific matter, one must begin by examining whether this comes within the competence of Federal or local courts, then the competence by reason of territory is determined, also taking into account the subject matter, the degree, and so on successively in accordance with the existing legislations and resolutions in each case.

Then, in the case in question, article 94 fifth and sixth paragraphs of the Political Constitution of the United Mexican States provide:

*"Article 94...*

*. . . the competence of the Supreme Court, its working in Full Session and Chambers, the competence of the Circuit courts, of the District Courts and of the Electoral Tribunal, together with the responsibilities incurred by the public servants of the Judicial Power of the Federation, will be governed by the provisions of law, in accordance with the bases established by this Constitution...*



*The Council of the Federal Judicature will determine the number, division by circuit, territorial competence and, as applicable, the specialization by subject matter, of the Collegiate Courts, Unit Circuit Courts and of the District Courts."*

Provisions 48 and 50 section I, insert a) of the Organic Law of the Judicial Power of the Federation mentions:

*"ARTICLE 48.- District judges having no special jurisdiction will hear all the matters to which the articles of the present Chapter refer."*

*"ARTICLE 50.- Federal criminal judges will hear:*

*I.- The offenses of a Federal nature."*

*The offenses of a Federal nature are:*

*a) Those provided for in the Federal laws and in international treaties. In the case of the Federal Criminal Code, the offenses to which inserts b) to f) if this section will be of this nature ...."*

The applicable provisions of the Federal Criminal Code indicate:

*Article 1.- This Code will be applied throughout the Republic for offenses of a Federal nature.*

The Federal Criminal Procedures Code indicates in this respect:

*ARTICLE 6.- The court for hearing an offense is that of the place where it was committed, except as provided under article 10, second and third paragraphs.*

It is important to mention GENERAL RESOLUTION 23/2001, adopted at a Full Session of the Council of the Federal Judicature, with respect to determining the number and territorial boundaries of the circuits into which the Mexican Republic is divided and the number, the territorial jurisdiction and the specialization by subject matter of the Collegiate and Unitary Circuit Courts and the District Courts.

Resolution 23/2001 provides, in connection with the matter in question:

**FIRST.-** The territory of the Republic is divided into twenty-seven circuits, the territorial circumscription of which is as follows:

II.-      SECOND CIRCUIT: State of Mexico.

FOURTH.- The territorial jurisdiction of the district courts is as follows:
I.- FIRST CIRCUIT ...
II.- SECOND CIRCUIT ...

The district courts on the Matter of Federal Criminal Processes in the State of Mexico and the district courts on the matters of direct relief ("amparo") and of Federal Civil Processes in the State of Mexico, with residence in Toluca, will exercise territorial jurisdiction in the judicial district consisting of the municipalities of: Acambay, Almoloya de Alquisiras, Almoloya de Juarez, Almoloya del Rio, Ampansico, Amatepec, Atizapan, Atlacomulco, Calimaya, Capulhuac, Coatepec Harinas, Chapultepec, Donato Guerra, El

Oro, Ixtapan del Oro, Ixtlahuaca, Jalatlaco, Jiquipilco, Jocotitlan, Joquicingo, Lerma, Malinalco, Metepec, Mexicaltzingo, Morelos, Ocoyoacac, Ocuilan, Otzoloapan, Otzolotepec, Rayon, San Antonio la Isla, San Felipe del Progreso, San Mateo Atenco, San Simon de Guerrero, Santo Tomas, Sultepec, Tejupilco, Temascalcingo, Temascaltepec, Temoaya, Tenancingo, Tenango del Valle, Texcaltitlan, Texcalilyacac, Tianguistenco, Tlataya Toluca, Tonantico, Valle de Bravo, Villa de Allende, Vila Guererro, Villa Victoria, Xonacatlan, Zacazonapen, Zacualpan, Zinacantepec and Zumpahuacan.

The district courts in the State of Mexico, with residence in Naucalpan de Juarez, will exercise territorial jurisdiction in the Federal district consisting of the municipalities of: Aculco, Apaxco, Atizapan de Zaragoza, Coacalco de Berriozabal, Coyotepec, Cuautitlan, Cuautitlan Izcalli, Chapa de Mota, Ecatepec, Huehuetoca, Hueypoxtla, Huixquilucan, Isidro Fabela, Jaltenco, Jilotepec, Jilotzingo, Melchor Ocampo, *Naucalpan de Juarez*, Nextlapan, Nicias Romero, Polotitlan, Soyanquilpan de Juarez, Teoloyucan, Tepotzotlan, Tequixquiac, Timilpan, Tlanepantla de Baz, Tultepec, Tultitlan, Villa del Carbon and Zumpango.

The district courts for the State of Mexico with residence in Ciudad Nezahyalcoyotl, will exercise territorial jurisdiction in the judicial district consisting of the following municipalities:: Acolman, Amecameca, Atenco, Atlautla, Axapusco, Ayapango, Cocotitlan, Chalco, Chiautla, Chicoloapan, Chiconcuac, Chimalhuacan, Ecatzingo, Ixtapaluca, Juctitepec, La Paz, Nezahualcoyotl, Noapitepec, Otumba, Ozumba, Papalotla, San Martin de los Piramides, Tecamac, Temamatla, Temascalapa, Tenango del Aire, Teotihuacan, Tepetlaoxtoc, Tepetlxpa, Texcoco, Tezoyuca, Tlalmanalco and Valle de Chalco Solidaridad.

Article 366 quater, second paragraph, of the Federal Criminal Code indicates:

*"Article 366-quater, second paragraph.- The penalties to which this artice refers will be imposed on the father or mother of a child under sixteen years of age who, illicitly or without the consent of who or whomsoever exercise patria potestas or the custody of the child, without intending to obtain an unlawful profit, transfer same outside of national territory for the purpose of changing his/her habitual residence or preventing the mother or the father, as applicable, from having access to the child or visiting same."*

Article 366 ter., f the Federal Criminal Code, provides:

*"Article 366-ter.- The crime of Child Trafficking is committed by whomsoever transfers a child under sixteen years of age or delivers him/her to third party illicitly, outside of national territory, for the purpose of obtaining an unlawful economic benefit from the transfer or delivery of the child."*

SECOND.- Now, it can be seen from the records forming the criminal case that this First District Court in the State of Mexico, with residence in Naucalpan de Juarez, Mexico, *IS LEGALLY COMPETENT TO HEAR THE PRESENT FACTS,* by reason of an updating of the assumptions of competence by reason of jurisdiction, territory, subject matter and degree, based on the following considerations:

The first of the assumptions, which corresponds to the *"fuero",* should be understood as synonymous with jurisdiction, this consisting of Federal, local or war jurisdiction, is verified on file, since the offense for which the consigning authority exercises criminal action is provided for under a Federal law, as shown by article 50,

section I, insert "a", of the Organic Law for the Judicial Power of the Federation, that is, the Federal Criminal Code in its article 366-ter, section III and 366-quater, second paragraph.

The second requirement which is translated as *territoriality*, is also accredited in favor of this court, in accordance with article 6 of the Federal Criminal Procedures Code, which declares that the court of the place where an offense occurred is competent to hear the case; likewise, the General Resolution of the Federal Judicature 223/2001 indicated that events occurring, among other places, within the Municipality of **Naucalpan de Juarez, State of Mexico**, should be heard by that district court and, in the present case, it can be seen from the files that the events took place precisely in the foregoing Municipality, in the sub-delegation of the Ministry for Foreign Affairs with office at Naucalpan de Juarez, State of Mexico, where the proceedings took place to take the children ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and that by reason of shift corresponded to this court, from which it can be seen that the acts of which MARIA DEL ROSARIO MORENO VAZQUEZ is presumed guilty, where it seems she made the arrangements to take her two minor children out of the country, is a place coming within the jurisdictional limits where this agency exercises competence.

With regard to the third of the assumptions to which competence refers, corresponding to *subject matter*, where we must understand the legal nature of the conflict forming the subject matter of the action, this is also satisfied for hearing by this court by reference made to the judicial agency on compliance with Constitutional article 21 by the consigning Agent of the Public Ministry of the Federation, on considering that the elements of the *corpus delicti* and the presumed guilt have been met, thus giving rise to the stages of the criminal process in accordance with article 4 of the Federal Criminal Procedures Code.

Lastly, the requirement consisting of *"the degree"*, which as legally accepted signifies each one of the possible instances of a lawsuit, therefore in the present case this hypothesis is updated, since we must consider that under article 50, section I, insert a) of the Organic Law of the Judicial Power of the Federation, this district court is competent because the offense of **CHILD TRAFFICKING**, provided for and penalized in article 366 quater, second paragraph, in concordance with article 366 ter, section III, of the Federal Criminal Code, is resolved by a District Judge hearing in the first instance, since the case provides for corporal punishment consisting of from three to ten years' imprisonment and from four hundred to one thousand days' fine, thus giving rise to the circumstances that it must be a District Judge who hears the matter in question, to determine whether or not the petition of the Agent for the Public Ministry of the Federation for a WARRANT OF ARREST to be issued against MARIA DEL ROSARIO MORENO VAZQUEZ for the offense in question, is in order.

In this context, this court **ACCEPTS THE COMPETENCE STATED BY THE THIRD DISTRICT JUDGE FOR FEDERAL CRIMINAL MATTERS IN THE FEDERAL DISTRICT,** recorded under criminal case 72/2004 of the index of this Court, notifying the Agent for the Federal Public Ministry, together with the declining authority, for their information and all corresponding legal purposes.

With regard to the **WARRANT FOR ARREST** requested by the Public Ministry of the Federation, taking as grounds the second paragraph to article 142 of the Federal Criminal Procedures Code, a new term is accorded for resolving the corresponding resolution as applicable within a period of ten days, taking into account the fact that the

offense for which the social representation of the Federation exercises criminal action against **MARIA DEL ROSARIO MORENO VAZQUEZ**, is not contemplated within those expressly listed due to their serious nature by article 194 of the Federal Criminal Procedures Code.

In view of the foregoing and taking as grounds articles 48 and 50, section I, insert a) of the Organic Law of the Judicial Power of the Federation; 1 of the Federal Criminal Code, 6 of the Federal Criminal Procedures Code, General Resolutions Number 23/2000 accorded at a Full Session of the Council for the Federal Judicature, with respect to determining the number and territorial limits of the circuits into which the Territory of the Mexican Republic of Collegiate and Unitary Circuit Courts, and the District Courts, is divided in whereas II and articles 366 quater, second paragraph and article 366 ter., section III, of the Federal Criminal Code, it is hereby

### RESOLVED:

**FIRST.-** The competence by demurrer stated by the Third District Judge for Federal Criminal Processes of the Federal District, with respect to the facts consigned by the agent for the Public Ministry of the Federation for the Unit Specializing in the Investigation of Child Trafficking, Undocumented Persons and Agencies of the Assistant Attorney General's office for Investigation Specializing in Organized Crime, a dependency of the office of the Attorney General for the Republic, against MARIA DEL ROSARIO MORENO VAZQUEZ as presumed guilty of commissioning the offense of CHILD TRAFFICKING, provided for and penalized in article 366 quater, second paragraph (hypothesis of sanction) in concordance with article 366 ter, section III, of the Federal Criminal Code.

**SECOND.-** This court is declared legally competent to continue hearing and resolving on the facts hereinabove specified.

**THIRD.-** The agent for the Public Ministry attached to this court should be notified, of the present resolution for his information and all resulting legal purposes, together with the declining authority, forwarding certified copies of this interlocutory decree.

**THE AGENT FOR THE PUBLIC MINISTRY ATTACHED TO THIS COURT SHOULD BE NOTIFIED PERSONALLY.**



The foregoing was resolved and signed by the Attorney **Willy Earl Vega Ramirez, Seventh District Judge in the State of Mexico,** with residence in Naucalpan de Juarez, Mexico, before the secretary Attorney Armando Castaneda Diaz who authorizes and attests. I attest.

(illegible signatures)



IT BEING 11.05 A.M. ON THE **27 AUG 2004**, THE **C.** AGENT FOR THE PUBLIC
MINISTRY ATTACHED TO THE COURT WAS NOTIFIED OF THE FOREGOING
RESOLUTION AND STATED THAT HE HEARD SAME AND SIGNED. I ATTEST.

**THE JUDICIAL ACTUARY**
**(illegible signature)**
**ATTORNEY CARLOS JAIME LOPEZ ROJAS**

**EXHIBIT 56**



PRO...

CRIMINAL SECTION                                                    C.P. 72/2004

**ARREST WARRANT**

**NAUCALPAN DE JUAREZ, ESTADO DE MEXICO, ON SEPTEMBER 27, 2004.**

Having reviewed the records of the criminal case number 72/2004, in order to decide according to law about the arrest warrant requested by the Federal Public Prosecutor of the Specialized Investigation Unit for Child, Illegal Aliens and Organs Trafficking of the Deputy Attorney General's Specialized Investigation Office against Organized Crime of the Office of the Mexican Attorney General for **MARIA DEL ROSARIO MORENO VAZQUEZ** because of his probable responsibility in the commission of the crime of **CHILD TRAFFICKING** set forth under and penalized by Article 366 quarter, second paragraph, in compliance with article 366 ter, (III) of the Federal Criminal Code; and

**FINDINGS:**

**FIRST.** By means of the official letter number 2094/2004/SPP-B, received in the Common Filing's Office, dated August 16, 2004, the Federal Public Prosecutor in charge of the Deputy Delegate's office of Criminal Procedure "B" in Naucalpan, Estado de Mexico, enclosing the original and duplicate of the criminal case 108/2004-III, of the governmental docket of the Third District Court in Federal Criminal Processes in the Federal District, which declared that such Court is not competent to know about the crime indicated in the introduction of this decision because of venue reason and brought against **MARIA DEL ROSARIO MORENO VAZQUEZ.**

**SECOND.** Because of venue reason, this criminal case was turned over to this Seventh District Court in the Estado de Mexico, in which the Federal Public Prosecutor's Office exercised criminal action against **MARIA DEL ROSARIO MORENO VAZQUEZ** and requested that an arrest warrant be issued for her. Through provisional decision issued by this Court on August 26, of this year, the legal competence (jurisdiction) was accepted because of motion for improper venue made by the Third District Court in Federal Criminal Processes in the Federal District and based on article 142 of the Federal Code of Criminal Procedure; it is proceeded to decide about the arrest warrant requested.

**THIRD.** The evidentiary data that complete the criminal case and gathered by the Federal Public Prosecutor to exercise criminal action are the following:

**1.** Statement of the complainant **JOSE FERNANDO MORENO TAPIA** before the Federal Public Prosecutor dated March 22, 2004, who said: "the complainant and MARIA DEL ROSARIO MORENO VAZQUEZ had two



whether that office had issued passports to their names; a person told him that on February 27, 2004, the said passports were issued to the names of _____ that the legal documentation that supported their permit was in that address; so he asked them to check the documents because he never gave a verbal or written permit or document; the complainant said he did not recognize the signature or authorization on the files of that Office. The complainant showed an uncertified copy of the complaint filed before the 10th Family Court Judge consisting of six pages of text, an uncertified copy of the complaint filed in Estado de Mexico, consisting of two pages of text, the letter addressed to him with the name of ROSARIO consisting of one page, uncertified copy of the uncontested divorce filed by MARIA DEL ROSARIO MORENO VAZQUEZ and him, regarding the custody of his minor son _____ consisting of two pages, uncertified copy of the letter dated March 16, 2004, signed by the Colegio La Salle's operator ANA CECILIA ESQUIVEL HERNANDEZ in which she says that his minor daughter _____; uncertified copy of the divorce decree dated January 29, 1992, in favor of MARIA DE ROSARIO MORENO VAZQUEZ and the complainant, pronounced by the 10th Family Court Judge in the Federal District, original birth certificate number 4521638 to the name of his minor son _____ MORENO, issued by the Central Registrar of Vital Statistics in the Federal District and the original birth certificate number A2929095 dated March 12, 2003, to the name of his daughter _____ issued by the Registrar number 02 of Vital Statistics, MARGARITA MARISCAL DE OLVERA, from the Government of Estado de Mexico, three color laser photographs of his minor son _____ two color photographs of MARIA DEL ROSARIO and three color laser photograph of his minor daughter _____, (from page 4 to 7 and 10).

2. Inspection proceeding carried out by the Federal Public Prosecutor, on March 22, 2004, where the public prosecutor attested to have at sight: (a) uncertified copies of the complaint filed before the 10th Family Court Judge where FERNANDO CASTILLO TAPIA requested MARIA DEL ROSARIO MORENO VAZQUEZ the custody of his minor son _____ and the total custody of the minor _____ consisting of six pages of text, (b) uncertified copy of the complaint of facts filed by JOSE FERNANDO TAPIA in Estado de Mexico before the Public Prosecutor in Naucalpan, Estado de Mexico, consisting of two pages of text; (c) Letter addressed to "Fernando" signed by "Rosario" (d) uncertified copy of the agreement between JOSE FERNANDO CASTILLO TAPIA and MARIA DEL ROSARIO MORENO VAZQUEZ filed at the Family Judge's discretion in the voluntary separation trial, regarding his minor son _____ custody, consisting of two pages (e) uncertified copy of the letter

PROCURADURIA
DE LA
REPUB. **CRIMINAL SECTION**                                    C.P. 72/2004

dated March 16, 2004 issued by the Colegio La Salle's Principal, signed by Ana Cecilia Esquivel Hernandez, in which it is said that ▓▓▓▓▓▓ was enrolled in that (sic) College during the 2003-2003 year in the second grade, and in 2003 and 2004 in the third grade until February 26, 2004, appearing in the official records as her father JOSE FERNANDO CASTILLO TAPIA; (f) uncertified copy of the divorce decree dated January 29, 1992 in favor of MARIA DEL ROSARIO MORENO VAZQUEZ and the complainant pronounced by the 10th Family Court in the Federal District; (g) Original birth certificate number 4521638 to the name of ▓▓▓▓▓▓ issued by the Central State Registrar of Vital Statistics in the Federal District; (h) Original birth certificate number A2929095 dated March 12, 2003 to the name of his daughter ▓▓▓▓▓▓ issued by the Officer number 02 of the Civil Registrar, Margarita Mariscal de Olvera, of the Government of Estado de Mexico; (i) Three color laser photographs of ▓▓▓▓▓▓ (j) Two color laser photographs of ▓▓▓▓▓▓ (k) Three color laser photographs of ▓▓▓▓▓▓

3. Statement of **MARIA ELENA VAZQUEZ SAUCEDO** dated April 7, 2004, before the Federal Public Prosecutor who stated to be **MARIA DEL ROSARIO MORENO VAZQUEZ's** mother; her daughter was married to JOSE FERNANDO CASTILLO TAPIA and they had two children named ▓▓▓▓▓▓ nowadays they are divorced. She said that indeed, on February 26, 2004 at about 17:00 or 18:00 hrs, FERNANDO CASTILLO TAPIA arrived to her house, since apparently on that date he was going to see his children ▓▓▓▓▓▓ because he visited them every fifteen days, when he got there he asked her about his sons and she told him that they weren't there, and she gave him e letter which was in a closed envelope from the deponent's daughter's job, apparently it had the logo of the company where she worked, but she didn't see the contents of it. Her daughter MARIA DEL ROSARIO gave it to her on February 26, 2004 without saying to her where she was going to go and it was understood that she was going to take her sons with her, she told her that she had to give said letter to FERNANDO on March 27, 2004. At about 07:00 hrs, her daughter left taking her children with her; the deponent repeated that her daughter never mentioned where she was going and when the deponent asked her where she was going, she answered her unwillingly "it's none of your business" and she left and she didn't come back. After that day she had talked to her daughter twice or three times in March of the year in progress only to ask her how she and the children were and she told her that they were fine but she didn't tell her where they were, so she has no idea where they could be, and since she has no communication with her daughter, she



PROCURADURIA ...
DE LA
REPUBLI **CRIMINAL SECTION** · C.P. 72/2004

doesn't know whether her daughter and grandchildren had passports; (from page 44 to 47 and 10).

4. Official letter number DGAPII/3818/04/0550/04-AAH dated April 14, 2004 signed by the Federal Public Prosecutor in the service of the International Police Affairs General Division INTERPOL, within the Mexican Attorney General's Office, in which it is stated among other things: "*On the matter at issue I inform you that this Administrative Unit has the administrative file related to the location of the minors Castillo Moreno which was initiated on March 2 of the year in progress pursuant to the request filed in this Office by FERNANDO CASTILLO TAPIA who is the minors' father and said to have the supposition that his children had been taken to the United States by their mother MARIA DEL ROSARIO MORENO VAZQUEZ. So, this Office initiated the pertinent investigations and we found out that the minors and their mother arrived to Atlanta, Georgia, United States of America on February 27, 2004 in flight number 636 of Aeromexico; after knowing that we contacted Interpol-Washington, in order to request its assistance for locating MARIA DEL ROSARIO MORENO and her minor children* ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *last March 26 Interpol-Washington informed this Administrative Unit that the Alabama State Police sent an Investigating Agent for interviewing MARIA DEL ROSARIO MORENO who proved to have the minors' custody, and she also said that the minors' father has called her to threaten her, so she decided to change her address and phone number, and the American authorities say that due to the family's security and safety they can't tell us their whereabouts*" (page 50).

5. By means of the official letter without number dated April 14, 2004, the Director of the Set of Internal Rules and Regulations of the Ministry of Foreign Affairs submitted a certified copy of the following documents: (a) Certified copy of the ordinary Mexican passport application to the name of MORENO VAZQUEZ MARIA DEL ROSARIO in which there appears an illegible photograph (page 57); (b) Certified copy of the illegible passport number 6706408 to the name of MARIA DEL ROSARIO MORENO VAZQUEZ (page 58); (c) Two ordinary Mexican passport applications (OP-5) numbers 6290 and 6289 to the name of the minors ▓▓▓▓▓▓▓▓, in the box that says SIGNATURE OF THE COMPLAINANT appears the name ▓▓▓▓▓▓▓▓ and in the box that reads sign it approving the data contained in the passport when you receive it, there is an illegible signature dated October 16, 2004 pointing out as the place Naucalpan, Estado de Mexico, in the following page, in which there appears the Father or Tutor's data there is an "x", the box that says "as father" for carrying out the procedure he identified himself with the passport 033400323568 issued by the Ministry of Foreign Affairs on November 6, 2003, appearing an illegible signature, as well as the fingerprints



CRIMINAL SECTION                                    C.P. 72/2004

of the right and left index fingers and in the mother or Tutor's data appears in the box of the mother an "x" and for carrying out the procedure she identified himself with the passport number 03350056604 issued by the Ministry of Foreign Affairs on September 22, 2003, there is an illegible signature and the fingerprint of the right and left index fingers (pages 60, 61, 65 and 66); (d) Certified copy of the birth certificate number 01433 to the name of ██████████████████ (page 62); (e) Certified copy of the passport number 03340032358 to the name of CASTILLO TAPIA ██████ FERNANDO issued by the Ministry of Foreign Affairs (page 63); (f) Certified copy of the passport number 03350056604 to the name of MORENO VAZQUEZ MARIA DEL ROSARIO (page 64); (g) Certified copy of the birth certificate number A2929095 to the name of █████████████ ██████ (page 67); (h) Certified copy of the passport number 97380053111 to the name of MARIA DE FATIMA CASTILLO MORENO issued on December 17, 1997 and it expires on December 17, 2004 in Naucalpan, Mexico; (page 66).

6. **Ministerial statement** of FERNANDO CASTILLO TAPIA dated April 23, 2004 in which he stated that just as he had already stated on his appearance dated March 22 of the same year he never gave his authorization for the issuance of passports to the name of the minors; when he was shown the documentation submitted by the Ministry of Foreign Affairs, in which it appears the name and the signature of the person requesting the issuance of the passports to the name of the minors █████████████████████, as well as a copy of the passport in which it is written the name of JOSE FERNANDO CASTILLO TAPIA who supposedly authorized the issuance of the aforementioned document, upon checking the documents that are on the file, he said that he ignored who signed in his name, he didn't recognize whose signature and fingerprints are those which appear in both minor's applications, and as a result he wasn't physically present for filing the application or signing or authorizing the issuance of his minor children's passports; the deponent further said that he just recognized that he and his wife MARIA DEL ROSARIO MORENO VAZQUEZ filed the application to obtain their daughter ██████████████████████ passport, issued on December 17, 1997, but he doesn't recognize any other authorization signed by his own hand. He also states that the handwriting that appears in the applications is MARIA DEL ROSARIO MORENO VAZQUEZ's, and he says that he remembered that s few days before his children were taken away by their mother, he left his passport in the bedroom at his home address and he found it in a different place but he didn't make so much of that matter because his son ██████████████████ has a copy of the house keys, so he thinks that maybe his son or his daughter or their mother could have taken the passport and then put it back there, since they could get into his house and since due to his activities he is not at home during the day, but he did not noticed when they



PROCURADURÍA ...
DE LA
REPÚBLICA **CRIMINAL SECTION**                                    C.P. 72/2004

could have taken it out; the deponent did not know that his passport could have been used for applying for the minors' passports. Likewise, in connection with the INTERPOL's document dated April 12 of the year in progress he just accepts partially what it says, since he in fact appeared there to ask for help, because he had the feeling that MARIA DEL ROSARIO MORENO VAZQUEZ had taken his sons out of the country, as he said before the Public Prosecutor in Estado de Mexico on the date he knew that his sons were not living anymore at Plaza de San Jorge 15, Ateña 2, Lomas Verdes. It should be taken into account that a few months ago, MARIA DEL ROSARIO MORENO VAZQUEZ had told him that she got married to an American citizen named RONALD COONLEY and that she wanted to take the children to the United States and he told her that he didn't agree and that he wouldn't give his authorization, because MARIA ROSARIO MORENO had told him that he had met Mr. COONLEY through the internet, and that it was his second marriage with persons he met on the internet but he never talked about that with ROSARIO MORENO, until he knew by his son's classmates that Luis Fernando Castillo Moreno was going to live in Salem, Alabama, and he remembered the talk he had with MARIA DEL ROSARIO MORENO VAZQUEZ so he thinks that she took them out of the country, falsifying his signature, and he gave to that Authority a laser copy of the passport. He ignores the place where his minor children ██████████ ███████████████████ are; he just thinks that they could be in the addresses he mentioned in his statement dated March 22 of the year in progress, and he provided a copy of the internet information so that it is added to the file. He had kept in contact with his children on the internet; he had sent e-mails to his son's e-mail that is ████████████████ ██████████████████ since they were taken away, but up to this date his son hasn't answer it. In regard to his daughter he hasn't talked to her. Before February 28 of the year in progress up to this date he hasn't seen her or talked to her and he doesn't know anything about MARIA DEL ROSARIO MORENO VAZQUEZ, since she hasn't phoned him, and he doesn't know where he can look for her. Even though he found on the internet some addresses for MARIA DEL ROSARIO MORENO VAZQUEZ' husband; he ignores whether said addresses are valid; MARIA DEL ROSARIO MORENO VAZQUEZ has a judicial decision dated 1991 which up to this date has not been modified. In that decision, the 10th Family Court Judge sitting in the Federal District decided to grant ████████████████████ shared custody but the patria potestas is exercised by both parents, in regards to his daughter ████████████ nothing has been decided yet, since on those dates she wasn't born, so her custody and *patria potestas* is exercised by both parents; these documents are already on the file that he himself showed; and he also stated that he was prepared to be practiced the handwriting and fingerprint test in order to prove



PROCURADURÍA GENERAL
DE LA
REPÚBLICA

**CRIMINAL SECTION**                                    C.P. 72/2004

his statement, since he didn't sign or digitalize his fingerprint; (from page 73 to 75).

**7.** Official letter without number dated April 22, 2004, received in the filing office of the Deputy Attorney General's Specialized Investigation Office against Organized Crime on the 26ᵗʰ day of the month and year in progress and signed by Antonio Jauregui Quintana, Manager of Litigious Affairs and Airways Fleet of Mexico, through which it were attached the copies of the travel vouchers to the names of MORENO MARIA CASTILLO LUIS AND CASTILLO MARIA FATIMA used in the route Mexico-Atlanta flight 636 on February 27, 2004; (from page 100 to 101).

**8.** Expert's opinion on Identification, graphology, dated June 10, 2004, signed by the Experts Praxedis Irma Garcia and Rosa Flores Vazquez in the service of the Expert Services General Division, dependent on the Mexican Attorney General's Office in which they concluded: FIRST. The fingerprints printed in the ten-fingerprint record to the name of CASTILLO TAPIA JOSE FERNANDO, DO NOT CORRESPOND with the fingerprints that are in form OP-7 with the legend right and left index fingers of the minors ▮▮▮▮▮▮ SECOND. The fingerprints in the form OP-7 with the legend right and left index fingers of the minors ▮▮▮▮▮ CORRESPOND to the fingerprints of the right and left medium fingers of the ten-fingerprint record to the name of Barrera Hernandez Artemio; (from page 137 to 148).

### WHEREAS.

**FIRST. JURISDICTION.** This Seventh District Court in the Estado de Mexico, has jurisdiction to know over this case because of the matter and territory, since such events are ruled by a Federal Law and such events took place within the territory where this Court has jurisdiction, pursuant to articles 104 (I) of the Federal Constitution, article 6 of the Federal Criminal Code, article 48 and 50 (I) (a) and (m) of the Organic Law of the Federal Judicial Branch and Fourth Section, second item, second paragraph, of the General Agreement number 23/2001, of the Plenary of the Federal Council, dated April 16, 2001, related to the determination and number of circuits in which the Mexican territory is divided; to the territorial jurisdiction and specialization by matter of the Collegiate and Unitary Circuit Courts and District Courts.

**SECOND. LEGAL GROUND.** Article 16 of the Political Constitution of the United Mexican States, establishes:

"**Article 16.** An arrest warrant can only be issued by a Judicial Authority, and only if there is a previous complaint or grievance of a determined fact that the Law defines as a crime, punished at least by



PROCURADURIA ...
... ...
REPUB... CRIMINAL SECTION                                    C.P. 72/2004

imprisonment and there exist sufficient information that prove the elements that make up the definition of the crime and the probable responsibility of the defendant."

On the other hand, article 195 of the Federal Code of Criminal Procedure establishes:

"Article 195. When all the requirements set forth in Article 16 of the Political Constitution of the United Mexican States are met, the Court shall issue the arrest, re-arrest warrant or subpoena, as the case may be, for the defendant at the request of the Public Prosecutor.
The corresponding decision shall contain a brief list of the facts that cause it, their legal grounds and the provisional definition of the crime(s) and, it shall be immediately sent to the Public Prosecutor so that he orders its execution to the police."

From the above transcription, it is concluded that the requirements set forth in Article 16 of the Federal Constitution for issuing the arrest warrant requested by the Federal Public Prosecutor, are the following:
A) The existence of a complaint or grievance.
B) Concerning a specific fact that the Law defines as a crime, punished at least by imprisonment penalty.
C) There are sufficient information recorded in the preliminary investigation that prove the elements that make up the definition of the crime; and,
D) The informtion must prove the probable responsibility of the defendant.

THIRD. Once the above is done, the corresponding study is carried out in order to meet the basic requirements to issue an arrest warrant as it is requested by the Federal Public Prosecutor and as it is required by article 16 of the Constitution, as well as article 195 of the Federal Code of Criminal Procedure.
The first requirement required by Article 16 of the Political Constitution of the United Mexican States, indicated in letter A), consisting in the existence of a complaint or grievance, is proven mainly with the federal ministerial statement of the complainant JOSE FERNANDO MORENO TAPIA before the Federal Public Prosecutor dated March 22, 2004, who said: "the complainant and MARIA DEL ROSARIO MORÉNO VAZQUEZ had two children, ███████ ██████████ respectively. The children lived with their mother after the complainant's divorce, according to the final divorce decree pronounced by the 10th Family



PROCURADURIA
DE LA
PERSONA

**CRIMINAL SECTION**

C.P. 72/2004

Court Judge in the Federal District. But on February 28, 2004, at about 17:00 hrs, the complainant went to pick the children up at Mrs. MORENO VAZQUEZ's residence, ████████████████████████████████████████████ Naucalpan, Estado de Mexico, Codigo Postal 53120. The complainant was given a letter by Maria Elena Vazquez Saucedo who is Maria del Rosario Moreno Vazquez' mother. The letter said that she took the children out of the city, but she did not mention where. The complainant thought she took them out of the country, possibly to the United States of America, because Mrs. MORENO VAZQUEZ told the complainant that in October, 2003 she married a United States Citizen that she met through the Internet. She asked him to let her take the children out of the country, but the complainant refused. The complainant told her that it was better to wait for her and that man to become more stable as a couple and then they would agree the permission and the reciprocal visits, but she did not accept it. Thus, on February 29, 2004, the complainant appeared before the Public Prosecutor in Local Matters in Naucalpan, Estado de Mexico, and it was initiated the record NJ/ll/816/04-04, in which it was recorded the above; the complainant said before that authority that he did not give authorization or consent, so that his children ████████████████ ████████████████████████████████████████████████ould leave this country, and he neither gave her approval to obtain the passport from the Ministry of Foreign Affairs. Also, on March 1, 2004, he went to his children's school, Colegio La Salle, in Estado de Mexico, where he talked with his children's classmates, and he found out that MARIA DEL ROSARIO VAZQUEZ and her children took a flight out of the country on February 27, 2004, through Aeromexico's flight 636 to Atlanta Georgia. The children told the classmates that they were traveling to the city of Salem, Alabama, 97 Lee Road 434, registered under the name of RONALD COONELY, ROSARIO MORENO VAZQUEZ's husband. His addresses are █████████████████Smiths, AL, and█████████ Phenix City AL, 36870,█████████████████olumbus GA,████, as well as Barrien Springs Michigan, and another residence located at██████████ Albano NY,██████ all in the United States of America. Also, based on a conversation with his son's classmates, who said that they talked with him through the internet and he told them that he was going out of the United States of America, but they did not know where or when. Then, the complainant appeared before 10th Family Court Judge in the Federal District, and requested him to be given custody of his children LUIS FERNANDO CASTILLO MORENO AND FAMITA CASTILLO MORENO. In order to confirm whether his sons had left the Country, the complainant went to the information window of the Ministry of Foreign Affairs in Delegacion Naucalpan, Estado de Mexico, in order to know whether that office had issued passports to their names; a person told him that on February 27, 2004, the said passports were issued to the names of █████████████████████████████████████████████████that the legal



PROCURADURIA ...
... ...
REP.IA;  **CRIMINAL SECTION**                              **C.P. 72/2004**

documentation that supported their permit was in that address; so he asked them to check the documents because he never gave a verbal or written permit or document; the complainant said he did not recognize the signature or authorization on the files of that Office. The complainant showed an uncertified copy of the complaint filed before the 10th Family Court Judge consisting of six pages of text, an uncertified copy of the complaint filed in Estado de Mexico, consisting of two pages of text, the letter addressed to him with the name of ROSARIO consisting of one page, uncertified copy of the uncontested divorce filed by MARIA DEL ROSARIO MORENO VAZQUEZ and him, regarding the custody of his minor so███████████████████████████consisting of two pages, uncertified copy of the letter dated March 16, 2004, signed by the Colegio La Salle's operator ANA CECILIA ESQUIVEL HERNANDEZ in which she says that his minor daughter███████████████████████████████
(sic); uncertified copy of the divorce decree dated January 29, 1992, in favor of MARIA DE ROSARIO MORENO VAZQUEZ and the complainant, pronounced by the 10th Family Court Judge in the Federal District, original birth certificate number 4521638 to the name of his minor son████████████████████████ MORENO, issued by the Central Registrar of Vital Statistics in the Federal District and the original birth certificate number  A2929095 dated March 12, 2003, to the name of his daughter███████████████████████████████
issued by the Registrar number 02 of Vital Statistics, MARGARITA MARISCAL DE OLVERA, from the Government of Estado de Mexico, three color laser photographs of his minor son ██████████████████████████████two color photographs of MARIA DEL ROSARIO and three color laser photograph of his minor daughter████████████████████
The second requirement set forth in Article 16 of the Political Constitution of the United Mexican States, indicated in letter B), consisting in the fact that the events being complained, are defined by the law as a crime and they are punished at least with an imprisonment penalty, so in this case it falls within the scope of the law, since Article 366 ter (III) in relation to Article 366 quater, of the Federal Criminal Code, sets forth a three to ten year-imprisonment penalty to the minor under the age of sixteen's mother or father that unlawfully transfers said minor without the person having the minor's custody or patria potestas outside the Mexican Territory without the intention of obtaining an unlawful gain in order to change his/her residence or impede the mother or the father to cohabit with or visit the minor.
In regards to the third requirement set forth in Article 16 of the Constitution for issuing an arrest warrant indicated in letter (C), consisting of the fact that the data recorded in the preliminary investigation, prove the corpus delicti in question, in this case, it can be gathered from the indictment that the Federal Public Prosecutor of the Specialized Investigation Unit for Child, Illegal Aliens and Organ Trafficking of the Deputy Attorney General's



PROCURADURIA ·: ·· ·
CE LA
REPÚBLI CRIMINAL SECTION                                    C.P. 72/2004

Specialized Investigation Office against Organized Crime of the Mexican Attorney General's Office, exercised criminal action against **MARIA DEL ROSARIO MORENO VAZQUEZ** because of her alleged responsibility in the commission of the crime of **CHILD TRAFFICKING** which is set forth under and penalized by Article 366 quater, second paragraph, in accordance with Article 366 ter (III) of the Federal Criminal Code which are reproduced hereinafter:

*Art. 366 quater, (II) second paragraph. The penalties set forth in this article shall be imposed upon the minor under the age of sixteen's mother or father that unlawfully transfers said minor without the person having the minor's custody or patria potestas outside the Mexican Territory without the intention of obtaining an unlawful gain in order to change his/her residence or impede the mother or the father to cohabit with or visit the minor.*

*Art. 366 ter, (III). The person or persons who receive the child."*
*"An imprisonment penalty from three to ten years and a fine from four hundred to one thousand days of minimum daily wage shall be imposed upon whoever commits the crime refers to in this article."*

It can be gathered from these Articles that the physical components constituting the corpus delicti of the crime of **CHILD TRAFFICKING** are:
   **(a) That the offender is the minor under the age of sixteen's father or mother;**
   **(b) That the said minor is transferred unlawfully or without the consent of the person having the minor's custody or patria potestas, outside the Mexican Territory;**
   **(c) Without the intention of obtaining an unlawful gain;**
   **(d) And that the said transfer is for changing his residence or impeding the mother or the father to cohabit with or visit the minor.**

Besides the abovementioned components, it is required that with the said conduct, the legal right protected by the law is endangered, that in this case is the family integrity and the persons' physical freedom; being that, in this specific case, the participation of the defendant is set forth in Article 13 (II) of the Criminal Code in question, since she perpetrated by herself the criminal conduct being analyzed, that is, the perpetrator of the crime and she committed the said crime intentionally, since the perpetrator, knowing the unlawfulness of the act she was going to carry out, she committed it and due to fact that it is a crime of a physical and permanent result, and it is perpetrated at the moment in which the minors are taken outside the Mexican Territory and change their domicile where they used to live without the authorization of the person having the patris potestas.



PROCURADURIA
...
OFFICIAL CRIMINAL SECTION                                                C.P. 72/2004

The physical component of the crime, in this case, is directly the victim upon who falls on the conduct perpetrated by the defendant and that in this case the victims are those minors under the age of 16 ████████████
████████████████████████████████████████████
████ Once the physical components of the corpus delicti in question are established, it is proceeded to carry out the pertinent study for verifying whether the components set forth in Article 168 of the Federal Code of Criminal Procedure are proven:

Article 168 of the Federal Code of Criminal Procedure establishes:

*"Article 168. The Public Prosecutor shall prove the corpus delicti and the probable responsibility of the defendant, as a ground for exercising criminal action; and the judicial authority shall verify if both requirements are met in the court records.*

*Corpus delicti is the series of physical or external components constituting the perpetration of the conduct that the Law defines as a crime, as well as regulatory, in case the crime description requires it.*

*Probable responsibility of the defendant shall be proven when from existent evidentiary elements; involvement in the crime is deducted, as well as the negligence or intentional conduct, and when there is no proven any legality cause favoring the accused or any cause that excludes the defendant's responsibility.*

*Corpus delicti in question and the probable responsibility shall be proven by means of any evidentiary element admitted according to law"*.

The evidentiary elements that are kept in the court records of this criminal case, weighed pursuant to Articles 284, 285, 286 and from 288 to 290 of the Federal Code of Criminal Procedure are enough to prove the physical components of the *corpus delicti* of **CHILD TRAFFICKING** which is set forth under and penalized by Article 366 quater, second paragraph, and penalized by Article 366 quater related to Article 366 ter, (III) of the Federal Criminal Code as follows:

The physical components indicated in letter (a) Consisting in the fact that the offender is the minor under the age of sixteen's father or mother; (b) Consisting in the fact that the said minor is transferred unlawfully or without the consent of the person having the minor's custody or patria potestas outside the Mexican Territory; (d) Consisting in the fact that the said transfer is for changing his residence or impeding the mother or the father to cohabit with or visit the minor are mainly proven with the statement of the complainant JOSE FERNANDO MORENO TAPIA made before the Federal Public Prosecutor dated March 22, 2004, who said: "the complainant and MARIA DEL ROSARIO MORENO VAZQUEZ had two children. ████████████████████████████████████



CRIMINAL SECTION                                    C.P. 72/2004

███████████, respectively. The children lived with their mother after the complainant's divorce, according to the final divorce decree pronounced by the 10th Family Court Judge in the Federal District. But on February 28, 2004, at about 17:00 hrs, the complainant went to pick the children up at Mrs. MORENO VAZQUEZ's residence, located at retorno ████████████████████ █████████ Naucalpan, Estado de Mexico, ███████████████████. The complainant was given a letter by Maria Elena Vazquez Saucedo who is Maria del Rosario Moreno Vazquez' mother. The letter said that she took the children out of the city, but she did not mention where. The complainant thought she took them out of the country, possibly to the United States of America, because Mrs. MORENO VAZQUEZ told the complainant that in October, 2003 she married a United States Citizen that she met through the Internet. She asked him to let her take the children out of the country, but the complainant refused. The complainant told her that it was better to wait for her and that man to become more stable as a couple and then they would agree the permission and the reciprocal visits, but she did not accept it. Thus, on February 29, 2004, the complainant appeared before the Public Prosecutor in Local Matters in Naucalpan, Estado de Mexico, and it was initiated the record NJ/II/816/04-04, in which it was recorded the above; the complainant said before that authority that he did not give authorization or consent, so that his children ████████████ ███████████████████ could leave this country, and he neither gave her approval to obtain the passport from the Ministry of Foreign Affairs. Also, on March 1, 2004, he went to his children's school, Colegio La Salle, in Estado de Mexico, where he talked with his children's classmates, and he found out that MARIA DEL ROSARIO VAZQUEZ and her children took a flight out of the country on February 27, 2004, through Aeromexico's flight 636 to Atlanta Georgia. The children told the classmates that they were traveling to the city of Salem, Alabama ███████████████████ registered under the name of RONALD COONELY, ROSARIO MORENO VAZQUEZ's husband. His addresses are █████████████████ Smiths, AL, and █████████ Phenix City AL ██████████████ Columbus GA. 31903, as well as Barrien Springs Michigan, and another residence located at ████████████ Albano NY ███████ all in the United States of America. Also, based on a conversation with his son's classmates, who said that they talked with him through the internet and he told them that he was going out of the United States of America, but they did not know where or when. Then, the complainant appeared before 10th Family Court Judge in the Federal District, and requested him to be given custody of his children ███████████████████████ ████████████████████ in order to confirm whether his sons had left the Country, the complainant went to the information window of the Ministry of Foreign Affairs in Delegacion Naucalpan, Estado de Mexico, in order to know whether that office had issued passports to their names; a person told him that



PROCURADURÍA...
CE...
REGION    **CRIMINAL SECTION**                      C.P. 72/2004

on February 27, 2004, the said passports were issued to the names of
████████████████████████ that the legal
documentation that supported their permit was in that address; so he asked
them to check the documents because he never gave a verbal or written permit
or document; the complainant said he did not recognize the signature or
authorization on the files of that Office. The complainant showed an uncertified
copy of the complaint filed before the 10th Family Court Judge consisting of six
pages of text, an uncertified copy of the complaint filed in Estado de Mexico,
consisting of two pages of text, the letter addressed to him with the name of
ROSARIO consisting of one page, uncertified copy of the uncontested divorce
filed by MARIA DEL ROSARIO MORENO VAZQUEZ and him, regarding the
custody of his minor son████████████████████ consisting of
two pages, uncertified copy of the letter dated March 10, 2004, signed by the
Colegio La Salle's operator ANA CECILIA ESQUIVEL HERNANDEZ in which
she says that his minor daughter███████████████████
█████, uncertified copy of the divorce decree dated January 29, 1992, in favor of
MARIA DE ROSARIO MORENO VAZQUEZ and the complainant, pronounced
by the 10th Family Court Judge in the Federal District, original birth certificate
number 4521638 to the name of his minor son██████████████
██████████ issued by the Central Registrar of Vital Statistics in the Federal
District and the original birth certificate number A2929095 dated March 12,
2003, to the name of his daughter██████████████████████
issued by the Registrar number 02 of Vital Statistics, MARGARITA MARISCAL
DE OLVERA, from the Government of Estado de Mexico, three color laser
photographs of his minor son████████████████████████two
color photographs of MARIA DEL ROSARIO and three color laser photograph
of his minor daughter ████████████████████

With **FERNANDO CASTILLO TAPIA's** ministerial statement dated
April 23, 2004, in which he stated that just as he had already stated on his
appearance dated March 22 of the same year he never gave his authorization
for the issuance of passports to the name of the minors; when he was shown
the documentation submitted by the Ministry of Foreign Affairs, in which it
appears the name and the signature of the person requesting the issuance of
the passports to the name of the minors ███████████████████
███████████ as well as a copy of the passport in which it is written the
name of JOSE FERNANDO CASTILLO TAPIA who supposedly authorized the
issuance of the aforementioned document, upon checking the documents that
are on the file, he said that he ignored who signed in his name, he didn't
recognize whose signature and fingerprints are those which appear in both
minor's applications, and as a result he wasn't physically present for filing the
application or signing or authorizing the issuance of his minor children's
passports; the deponent further said that he just recognized that he and his wife



PROCURADURIA GENERAL
DE LA
REPUBLICA CRIMINAL SECTION                                            C.P. 72/2004

MARIA DEL ROSARIO MORENO VAZQUEZ filed the application to obtain their daughter ██████████████████ passport, issued on December 17, 1997, but he doesn't recognize any other authorization signed by his own hand. He also states that the handwriting that appears in the applications is MARIA DEL ROSARIO MORENO VAZQUEZ's, and he says that he remembered that a few days before his children were taken away by their mother, he left his passport in the bedroom at his home address and he found it in a different place but he didn't make so much of that matter because his son ██████████████████ has a copy of the house keys, so he thinks that maybe his son or his daughter or their mother could have taken the passport and then put it back there, since they could get into his house and since due to his activities he is not at home during the day, but he did not noticed when they could have taken it out; the deponent did not know that his passport could have been used for applying for the minors' passports. Likewise, in connection with the INTERPOL's document dated April 12 of the year in progress he just accepts partially what it says, since he in fact appeared there to ask for help, because he had the feeling that MARIA DEL ROSARIO MORENO VAZQUEZ had taken his sons out of the country, as he said before the Public Prosecutor in Estado de Mexico on the date he knew that his sons were not living anymore at Plaza de San Jorge 15, Ateña 2, Lomas Verdes. It should be taken into account that a few months ago, MARIA DEL ROSARIO MORENO VAZQUEZ had told him that she got married to an American citizen named RONALD COONLEY and that she wanted to take the children to the United States and he told her that he didn't agree and that he wouldn't give his authorization, because MARIA ROSARIO MORENO had told him that he had met Mr. COONLEY through the internet, and that it was his second marriage with persons he met on the internet but he never talked about that with ROSARIO MORENO, until he knew by his son's classmates that ██████████████████ was going to live in Salem, Alabama, and he remembered the talk he had with ██████████████████ so he thinks that she took them out of the country, falsifying his signature, and he gave to that Authority a laser copy of the passport. He ignores the place where his minor children ██████████████████ are; he just thinks that they could be in the addresses he mentioned in his statement dated March 22 of the year in progress, and he provided a copy of the internet information so that it is added to the file. He had kept in contact with his children on the internet: he had sent e-mails to his son's e-mail that is ██████████████████ ██████████████████ since they were taken away, but up to this date his son hasn't answer it. In regard to his daughter he hasn't talked to her. Before February 26 of the year in progress up to this date he hasn't seen her or talked to her and he doesn't know anything about MARIA DEL ROSARIO MORENO



CRIMINAL SECTION                                    C.P. 72/2004

VAZQUEZ, since she hasn't phoned him, and he doesn't know where he can look for her. Even though he found on the internet some addresses for MARIA DEL ROSARIO MORENO VAZQUEZ' husband; he ignores whether said addresses are valid; MARIA DEL ROSARIO MORENO VAZQUEZ has a judicial decision dated 1991 which up to this date has not been modified. In that decision, the 10ᵗʰ Family Court Judge sitting in the Federal District decided to grant ███████████████████ shared custody but the patria potestas is exercised by both parents, in regards to his daughter ███████████████ nothing has been decided yet, since on those dates she wasn't born, so her custody and *patria potestas* is exercised by both parents; these documents are already on the file that he himself showed; and he also stated that he was prepared to be practiced the handwriting and fingerprint test in order to prove his statement, since he didn't sign or digitalize his fingerprint.

MARIA ELENA VAZQUEZ SAUCEDO's statement dated April 7, 2004, before the Federal Public Prosecutor who stated to be MARIA DEL ROSARIO MORENO VAZQUEZ's mother; her daughter was married to JOSE FERNANDO CASTILLO TAPIA and they had two children named ███████████████████████████████████ nowadays they are divorced. She said that indeed, on February 28, 2004 at about 17:00 or 18:00 hrs, FERNANDO CASTILLO TAPIA arrived to her house, since apparently on that date he was going to see his children ████████████ ██████████████ because he visited them every fifteen days, when he got there he asked her about his sons and she told him that they weren't there, and she gave him a letter which was in a closed envelope from the deponent's daughter's job, apparently it had the logo of the company where she worked, but she didn't see the contents of it. Her daughter MARIA DEL ROSARIO gave it to her on February 26, 2004 without saying to her where she was going to go and it was understood that she was going to take her sons with her, she told her that she had to give said letter to FERNANDO on March 27, 2004. At about 07:00 hrs, her daughter left taking her children with her; the deponent repeated that her daughter never mentioned where she was going and when the deponent asked her where she was going, she answered her unwillingly "it's none of your business" and she left and she didn't come back. After that day she had talked to her daughter twice or three times in March of the year in progress only to ask her how she and the children were and she told her that they were fine but she didn't tell her where they were, so she has no idea where they could be, and since she has no communication with her daughter, she doesn't know whether her daughter and grandchildren had passports.

These testimonies have legal weight pursuant to article 285, since they comply with the requirements under article 289 of the Federal Code of Criminal Procedure, since they were made by persons that due to their age, capacity and education have the criteria needed for judging the act, because of their probity,



independence of their position, and their personal records, impartiality, also the conduct can be known through the senses, combined with the fact that the witnesses knew it by themselves and not by inducements or other persons' references, being clear and precise without hesitations or reluctances about the substance of the conduct, as well as for their essential circumstances, and they weren't forced by the fear or driven by deception, mistake or bribery.

The above can be supported with the criteria held by the Collegiate Circuit Courts and the separate court precedent I.8th.C.26K which is on page 591, volume IX, Judicial Weekly Gazette, Ninth Epoch which is reproduced hereinafter:

**TESTIMONIAL EVIDENCE, ITS WEIGHT. Although the weight of the testimonial evidence is left to the Judge's discretion, it mustn't violate the fundamental rules about the evidence, since it can't be admitted that just by the circumstance that the witnesses were uniform in their statements about an specific event, their statements have to be given weight of evidence, since the evidence weighted as a total, as it is the fact that the witnesses coincide both on the essentials and the incidental of the conduct; they know by themselves the events about which they are making their statements and not by inducement or other persons' references; that they express for which media they realized about the events even though they would have been discredited by the Adverse Party; they should justify the verisimilitude of their presence in the crime scene; they should give the basis for their witness' statements and it should coincide with the story of the events under investigation".**

The above is strengthened with the inspection proceeding carried out by the Federal Public Prosecutor, on March 22, 2004, where the public prosecutor attested to have at sight: (a) uncertified copies of the complaint filed before the 10th Family Court Judge where ▓▓▓▓▓▓▓▓▓▓ requested MARIA DEL ROSARIO MORENO VAZQUEZ the custody of his ▓▓▓▓▓▓▓▓▓▓ and the total custody of the minor ▓▓▓▓▓▓▓▓▓ consisting of six pages of text, (b) uncertified copy of the complaint of facts filed by JOSE FERNANDO TAPIA in Estado de Mexico before the Public Prosecutor in Naucalpan, Estado de Mexico, consisting of two pages of text; (c) Letter addressed to "Fernando" signed by "Rosario" (d) uncertified copy of the agreement between JOSE FERNANDO CASTILLO TAPIA and MARIA DEL ROSARIO MORENO VAZQUEZ filed at the Family Judge's discretion in the voluntary separation trial, regarding his minor son ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ custody, consisting of two pages (e) uncertified copy of the letter dated March 16, 2004 issued by the Colegio La Salle's Principal, signed by Ana Cecilia Esquivel Hernandez, in which it is said that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓



PROCURADURÍA...
DE...
PERS...     CRIMINAL SECTION                                    C.P. 72/2004

was enrolled in that (sic) College during the 2003-2003 year in the second grade, and in 2003 and 2004 in the third grade until February 26, 2004, appearing in the official records as her father JOSE FERNANDO CASTILLO TAPIA; (f) uncertified copy of the divorce decree dated January 29, 1992 in favor of MARIA DEL ROSARIO MORENO VAZQUEZ and the complainant pronounced by the 10th Family Court in the Federal District; (g) Original birth certificate number 4521638 to the name of ███████████ , issued by the Central State Registrar of Vital Statistics in the Federal District; (h) Original birth certificate number A2929095 dated March 12, 2003 to the name of his daughter MARIA DE FATIMA CASTILLO MORENO issued by the Officer number 02 of the Civil Registrar, Margarita Mariscal de Olvera, of the Government of Estado de Mexico; (i) Three color laser photographs of ███████████ (j) Two color laser photographs of ███████████ ; (k) Three color laser photographs of ███████████

With the official letter number DGAPI/3818/04/0550/04-AAH dated April 14, 2004 signed by the Federal Public Prosecutor in the service of the International Police Affairs General Division INTERPOL, within the Mexican Attorney General's Office, in which it is stated among other things: *"On the matter at issue I inform you that this Administrative Unit has the administrative file related to the location of the minors Castillo Moreno which was initiated on March 2 of the year in progress pursuant to the request filed in this Office by FERNANDO CASTILLO TAPIA who is the minors' father who said to have the supposition that his children had been taken to the United States by their mother MARIA DEL ROSARIO MORENO VAZQUEZ. So, this Office initiated the pertinent investigations and we found out that the minors and their mother arrived to Atlanta, Georgia, United States of America on February 27, 2004 in flight number 636 of Aeromexico; after knowing that we contacted Interpol-Washington, in order to request its assistance for locating MARIA DEL ROSARIO MORENO and her minor children* ███████████ , *last March 26 Interpol-Washington informed this Administrative Unit that the Alabama State Police sent an Investigating Agent for interviewing MARIA DEL ROSARIO MORENO who proved to have the minors' custody, and she also said that the minors' father has called her to threaten her, so she decided to change her address and phone number, and the American authorities say that due to the family's security and safety they can't tell us their whereabouts."*

With the official letter without number dated April 14, 2004, the Director of the Set of Internal Rules and Regulations of the Ministry of Foreign Affairs submitted a certified copy of the following documents: (a) Certified copy of the ordinary Mexican passport application to the name of MORENO VAZQUEZ MARIA DEL ROSARIO in which there appears an illegible photograph (page 57); (b) Certified copy of the illegible passport number

**CRIMINAL SECTION**                                    C.P. 72/2004

6706408 to the name of ██████████████████████ (page 58); (c) Two ordinary Mexican passport applications (OP-5) numbers 6290 and 6289 to the name of the minor ██████████████████ and ██████████████ in the box that says: SIGNATURE OF THE COMPLAINANT appears the name ██████████████ and in the box that reads sign it approving the data contained in the passport when you receive it, there is an illegible signature dated October 16, 2004 pointing out as the place Naucalpan, Estado de Mexico, in the following page, in which there appears the Father or Tutor's data there is an "x", the box that says "as father" for carrying out the procedure he identified himself with the passport 033400323568 issued by the Ministry of Foreign Affairs on November 6, 2003, appearing an illegible signature, as well as the fingerprints of the right and left index fingers and in the mother or Tutor's data appears in the box of the mother an "x" and for carrying out the procedure she identified himself with the passport number 03350056604 issued by the Ministry of Foreign Affairs on September 22, 2003, there is an illegible signature and the fingerprint of the right and left index fingers (pages 60, 61, 65 and 66); (d) Certified copy of the birth certificate number 01433 to the name of ██████████████ (page 62); (e) Certified copy of the passport number 033400323558 to the name of CASTILLO TAPIA JOPE (sic) FERNANDO issued by the Ministry of Foreign Affairs (page 63); (f) Certified copy of the passport number 03350056604 to the name of MORENO VAZQUEZ MARIA DEL ROSARIO (page 64); (g) Certified copy of the birth certificate number A2929095 to the name of ██████████████ page 67); (h) Certified copy of the passport number 97380053111 to the name of ██████████████████ issued on December 17, 1997 and it expires on December 17, 2004 in Naucalpan, Mexico.

With the official letter without number dated April 22, 2004 received in the filing office of the Deputy Attorney General's Specialized Investigation Office against Organized Crime on the 26th day of the month and year in progress and signed by Antonio Jauregui Quintana, Manager of Litigious Affairs and Airways Fleet of Mexico, through which it were attached the copies of the travel vouchers to the names of ██████████████████ used in the route Mexico-Atlanta flight 636 on February 27, 2004.

The previous evidentiary elements have full weight of evidence under Article 284 of the Federal Code of Criminal Procedure since they met the requirements set forth by the law.



CRIMINAL SECTION                                      C.P. 72/2004

So, it can be applied the court precedent by the Second Collegiate Court of the Fifth Circuit, as published in the Judicial Weekly Gazette, Eighth Epoch, Volume XI, February 1993, page 280, which is reproduced hereinafter:

"PUBLIC PROSECUTOR'S OFFICE, CONSTITUTIONAL POWERS OF THE, IN CRIMINAL INVESTIGATION PROCEEDINGS, ON-SITE INSPECTION. The argument of an accused to the effect that the on-site inspection and ministerial attestation performed by the Office of the Federal Public Prosecutor lack weight of evidence because they originated in the investigation period and were not confirmed or carried out in the period of the judicial examination of the issues of fact, is untenable. In this regard, it must be mentioned that the Organic Act of the Office of the Attorney General for the Republic, Article 3, section I, regulates the powers that the Constitution grants in this regarde, to the Federal Public Prosecutor to gather means to prove the responsibility of offenders. Using means to look for evidence is a power of origin and eminently exclusive of the Public Prosecutor, because otherwise, he would be unable to attend to the courts to exercise criminal action; consequently, said institution is allowed to practice all classes of legal proceedings to prove the *corpus delicti* of a crime and the responsibility of the accused. Within said authority is the evidence of inspection, which can be the most convincing in order to satisfy reasons so as to arrive at the certainty of the existence of the object or fact that shall be valued, which can fall to persons, things or places, and it is the officers of the Office of the Public Prosecutor whom perform it in legal proceedings prior to the exercise of the criminal action, to which acts the adjective law grants full weight of evidence. Therefore, it is not required "that it is confirmed or carried out during the period of judicial examination of the issues of fact."

The previous evidentiary elements are strengthened with the expert's opinion on identification, graphology, dated June 10, 2004 signed by the Experts Praxedis Irma Garcia and Rosa Flores Vazquez in the service of the Expert Services General Division, dependent on the Mexican Attorney General's Office in which they concluded: FIRST. The fingerprints printed in the ten-fingerprint record to the name of CASTILLO TAPIA JOSE FERNANDO, DO NOT CORRESPOND with the fingerprints that are in forms OP-7 with the legend right and left index finger of the minors ███████████████ ████████████████████████ SECOND. Second. The fingerprints in the form OP-7 with the legend right and left index fingers of the minor ████████████████████████████ CORRESPOND to the



CRIMINAL SECTION                                              C.P. 72/2004

fingerprints of the right and left medium fingers of the ten-fingerprint record to the name of Barrera Hernandez Artemio.

The previous evidence has full weight of evidence under Article 288 of the Federal Code of Criminal Procedure, since it met the requirements set forth by the law.

So, in that aspect, it coincides with the court precedent of the Second Collegiate Court of the Sixth Circuit that is on page 488, volume IX for April, Eighth Epoch, Judicial Weekly Gazette, which is reproduced hereinafter:

"**EXPERTS. PROBATIVE VALUE OF THEIR OPINION. Within the wide discretion that the law and court precedent recognize for the judicial authority in order to assess expert opinions, the judge can deny them probative efficacy or grant them the value of full proof, choosing among those issued legally, or accepting or discarding the only one or several that have been rendered, depending on the legal suitability he determines with respect to some or others of them, stating the legal grounds and rationale.**

The third physical component indicated in <u>letter (c)</u>, related to the fact that the conduct is committed without the intention of obtaining an unlawful gain, it is proven by exclusion since there is no information on records that proves that the defendant **MARIA DEL ROSARIO MORENO VAZQUEZ** had the purpose of obtaining an unlawful gain by taking her minor sons ██████████

██ respectively, out of the country.

Also, with regard to the last requirement under article 16 of the Constitution in order to issue an arrest warrant indicated in the letter (D) related to the fact that the information include in the criminal case must prove the probable responsibility of the defendant, it should be said that the offense of **CHILD TRAFFICKING** set forth under and penalized by article 366 quater, second paragraph, and penalized under article 366 quater, pursuant to article 366 ter (III) of the Federal Criminal Code attributed to **MARIA DEL ROSARIO MORENO VAZQUEZ** is proven.

In fact, **MARIA DEL ROSARIO MORENO VAZQUEZ**' alleged criminal responsibility is mainly proven with the **statement of the complainant JOSE FERNANDO MORENO TAPIA** before the Federal Public Prosecutor dated March 22, 2004, who said: "the complainant and **MARIA DEL ROSARIO MORENO VAZQUEZ** had two children, ████████████████████ ████████████████████████████ respectively. The children lived with their mother after the complainant's divorce, according to the final



CRIMINAL SECTION                                              C.P. 72/2004

divorce decree pronounced by the 10ᵗʰ Family Court Judge in the Federal District. But on February 28, 2004, at about 17:00 hrs, the complainant went to pick the children up at Mrs. MORENO VAZQUEZ's residence, located at retorno San Jorge # 15, Fraccionamiento Lomas Verdes Naucalpan, Estado de Mexico, Codigo Postal 53120. The complainant was given a letter by Maria Elena Vazquez Saucedo who is Maria del Rosario Moreno Vazquez' mother. The letter said that she took the children out of the city, but she did not mention where. The complainant thought she took them out of the country, possibly to the United States of America, because Mrs. MORENO VAZQUEZ told the complainant that in October, 2003 she married a United States Citizen that she met through the Internet. She asked him to let her take the children out of the country, but the complainant refused. The complainant told her that it was better to wait for her and that man to become more stable as a couple and then they would agree the permission and the reciprocal visits, but she did not accept it. Thus, on February 29, 2004, the complainant appeared before the Public Prosecutor in Local Matters in Naucalpan, Estado de Mexico, and it was initiated the record NJ/II/816/04-04, in which it was recorded the above; the complainant said before that authority that he did not give authorization or consent, so that his children ███████████████████████ could leave this country, and he neither gave her approval to obtain the passport from the Ministry of Foreign Affairs. Also, on March 1, 2004, he went to his children's school, Colegio La Salle, in Estado de Mexico, where he talked with his children's classmates, and he found out that MARIA DEL ROSARIO VAZQUEZ and her children took a flight out of the country on February 27, 2004, through Aeromexico's flight 636 to Atlanta Georgia. The children told the classmates that they were traveling to the city of Salem, Alabama, ██████████ registered under the name of RONALD COONELY, ROSARIO MORENO VAZQUEZ's husband. His addresses are ████ ███████ Smiths, AL., and ██████████ Phenix City AL. ███████ Columbus GA. ██ █ well as Barrien Springs Michigan, and another residence located at ██████ Albano NY, ██ all in the United States of America. Also, based on a conversation with his son's classmates, who said that they talked with him through the internet and he told them that he was going out of the United States of America, but they did not know where or when. Then, the complainant appeared before 10ᵗʰ Family Court Judge in the Federal District, and requested him to be given custody of his children ██████████████████████ In order to confirm whether his sons had left the Country, the complainant went to the information window of the Ministry of Foreign Affairs in Delegacion Naucalpan, Estado de Mexico, in order to know whether that office had issued passports to their names; a person told him that on February 27, 2004, the said passports were issued to the names of █████████████



**CRIMINAL SECTION**                                    C.P. 72/2004

████████████████████████ that the legal documentation that supported
their permit was in that address; so he asked them to check the documents
because he never gave a verbal or written permit or document; the complainant
said he did not recognize the signature or authorization on the files of that
Office. The complainant showed an uncertified copy of the complaint filed
before the 10th Family Court Judge consisting of six pages of text, an
uncertified copy of the complaint filed in Estado de Mexico, consisting of two
pages of text, the letter addressed to him with the name of ROSARIO consisting
of one page, uncertified copy of the uncontested divorce filed by MARIA DEL
ROSARIO MORENO VAZQUEZ and him, regarding the custody of his minor
son ████████████████ consisting of two pages,
uncertified copy of the letter dated March 16, 2004, signed by the Colegio La
Salle's operator ANA CECILIA ESQUIVEL HERNANDEZ in which she says that
his minor daughter ████████████████████ uncertified
copy of the divorce decree dated January 29, 1992, in favor of MARIA DE
ROSARIO MORENO VAZQUEZ and the complainant, pronounced by the 10th
Family Court Judge in the Federal District, original birth certificate number
4521638 to the name of his minor son
issued by the Central Registrar of Vital Statistics in the Federal District and the
original birth certificate number A2929095 dated March 12, 2003, to the name
of his daughter ████████████████████ issued by the
Registrar number 02 of Vital Statistics, MARGARITA MARISCAL DE OLVERA,
from the Government of Estado de Mexico, three color laser photographs of his
minor son ████████████████ two color photographs of
MARIA DEL ROSARIO and three color laser photograph of his minor daughter
████████████

There is also **FERNANDO CASTILLO TAPIA's ministerial statement**
dated April 23, 2004 in which he stated that just as he had already stated on his
appearance dated March 22 of the same year he never gave his authorization
for the issuance of passports to the name of the minors; when he was shown
the documentation submitted by the Ministry of Foreign Affairs, in which it
appears the name and the signature of the person requesting the issuance of
the passports to the name of the minor ████████████████
████████████O, as well as a copy of the passport in which it is written the
name of JOSE FERNANDO CASTILLO TAPIA who supposedly authorized the
issuance of the aforementioned document, upon checking the documents that
are on the file, he said that he ignored who signed in his name, he didn't
recognize whose signature and fingerprints are those which appear in both
minor's applications, and as a result he wasn't physically present for filing the
application or signing or authorizing the issuance of his minor children's
passports; the deponent further said that he just recognized that he and his wife



CRIMINAL SECTION                                                    C.P. 72/2004

MARIA DEL ROSARIO MORENO VAZQUEZ filed the application to obtain their daughter ██████████████████████████████ passport, issued on December 17, 1997; but he doesn't recognize any other authorization signed by his own hand. He also states that the handwriting that appears in the applications is MARIA DEL ROSARIO MORENO VAZQUEZ's, and he says that he remembered that a few days before his children were taken away by their mother, he left his passport in the bedroom at his home address and he found it in a different place but he didn't make so much of that matter because his son ██████████████████████ has a copy of the house keys, so he thinks that maybe his son or his daughter or their mother could have taken the passport and then put it back there, since they could get into his house and since due to his activities he is not at home during the day, but he did not noticed when they could have taken it out; the deponent did not know that his passport could have been used for applying for the minors' passports. Likewise, in connection with the INTERPOL's document dated April 12 of the year in progress he just accepts partially what it says, since he in fact appeared there to ask for help, because he had the feeling that MARIA DEL ROSARIO MORENO VAZQUEZ had taken his sons out of the country, as he said before the Public Prosecutor in Estado de Mexico on the date he knew that his sons were not living anymore at ██████████████████████ Lomas Verdes. It should be taken into account that a few months ago, MARIA DEL ROSARIO MORENO VAZQUEZ had told him that she got married to an American citizen named RONALD COONLEY and that she wanted to take the children to the United States and he told her that he didn't agree and that he wouldn't give his authorization, because MARIA ROSARIO MORENO had told him that he had met Mr. COONLEY through the internet, and that it was his second marriage with persons he met on the internet but he never talked about that with ROSARIO MORENO, until he knew by his son's classmates that Luis Fernando Castillo Moreno was going to live in Salem, Alabama, and he remembered the talk he had with MARIA DEL ROSARIO MORENO VAZQUEZ so he thinks that she took them out of the country, falsifying his signature, and he gave to that Authority a laser copy of the passport. He ignores the place where his minor children ██████████████ are; he just thinks that they could be in the addresses he mentioned in his statement dated March 22 of the year in progress, and he provided a copy of the internet information so that it is added to the file. He had kept in contact with his children on the internet; he had sent e-mails to his son's e-mail that is ████████████████████████████████████ since they were taken away, but up to this date his son hasn't answer it. In regard to his daughter he hasn't talked to her. Before February 28 of the year in progress up to this date he hasn't seen her or talked to her and he doesn't know anything about MARIA DEL ROSARIO MORENO



CRIMINAL SECTION                                    C.P. 72/2004

VAZQUEZ, since she hasn't phoned him, and he doesn't know where he can look for her. Even though he found on the internet some addresses for MARIA DEL ROSARIO MORENO VAZQUEZ' husband; he ignores whether said addresses are valid; MARIA DEL ROSARIO MORENO VAZQUEZ has a judicial decision dated 1991 which up to this date has not been modified. In that decision, the 10ᵗʰ Family Court Judge sitting in the Federal District decided to grant ████████████ shared custody but the patria potestas is exercised by both parents, in regards to his daughter ████████ nothing has been decided yet, since on those dates she wasn't born, so her custody and *patria potestas* is exercised by both parents; these documents are already on the file that he himself showed; and he also stated that he was prepared to be practiced the handwriting and fingerprint test in order to prove his statement, since he didn't sign or digitalize his fingerprint.

   **MARIA ELENA VAZQUEZ SAUCEDO's** statement dated April 7, 2004 before the Federal Public Prosecutor who stated to be **MARIA DEL ROSARIO MORENO VAZQUEZ's** mother; her daughter was married to **JOSE FERNANDO CASTILLO TAPIA** and they had two children named ████████ ███████████████████ nowadays they are divorced. She said that indeed, on February 26, 2004 at about 17:00 or 18:00 hrs, FERNANDO CASTILLO TAPIA arrived to her house, since apparently on that date he was going to see his children ████████ ████████████████ because he visited them every fifteen days, when he got there he asked her about his sons and she told him that they weren't there, and she gave him a letter which was in a closed envelope from the deponent's daughter's job, apparently it had the logo of the company where she worked, but she didn't see the contents of it. Her daughter MARIA DEL ROSARIO gave it to her on February 26, 2004 without saying to her where she was going to go and it was understood that she was going to take her sons with her, she told her that she had to give said letter to FERNANDO on March 27, 2004. At about 07:00 hrs, her daughter left taking her children with her; the deponent repeated that her daughter never mentioned where she was going and when the deponent asked her where she was going, she answered her unwillingly "it's none of your business" and she left and she didn't come back. After that day she had talked to her daughter twice or three times in March of the year in progress only to ask her how she and the children were and she told her that they were fine but she didn't tell her where they were, so she has no idea where they could be, and since she has no communication with her daughter, she doesn't know whether her daughter and grandchildren had passports.

   These testimonies have legal weight pursuant to article 285, since they comply with the requirements under article 289 of the Federal Code of Criminal Procedure.



**CRIMINAL SECTION**                                    C.P. 72/2004

The above is strengthened with the **Inspection proceeding** carried out by the Federal Public Prosecutor, on March 22, 2004, where the public prosecutor attested to have at sight: (a) uncertified copies of the complaint filed before the 10th Family Court Judge where FERNANDO CASTILLO TAPIA requested MARIA DEL ROSARIO MORENO VAZQUEZ the custody of his minor son ▓▓▓▓▓ and the total custody of the minor ▓▓▓▓▓ consisting of six pages of text, (b) uncertified copy of the complaint of facts filed by JOSE FERNANDO TAPIA in Estado de Mexico before the Public Prosecutor in Naucalpan, Estado de Mexico, consisting of two pages of text; (c) Letter addressed to "Fernando" signed by "Rosario" (d) uncertified copy of the agreement between JOSE FERNANDO CASTILLO TAPIA and MARIA DEL ROSARIO MORENO VAZQUEZ filed at the Family Judge's discretion in the voluntary separation trial, regarding his minor son ▓▓▓▓▓'s custody, consisting of two pages (e) uncertified copy of the letter dated March 16, 2004 issued by the Colegio La Salle's Principal, signed by Ana Cecilia Esquivel Hernandez, in which it is said that ▓▓▓▓▓ was enrolled in that (sic) College during the 2003-2003 year in the second grade, and in 2003 and 2004 in the third grade until February 26, 2004, appearing in the official records as her father JOSE FERNANDO CASTILLO TAPIA; (f) uncertified copy of the divorce decree dated January 29, 1992 in favor of MARIA DEL ROSARIO MORENO VAZQUEZ and the complainant pronounced by the 10th Family Court in the Federal District; (g) Original birth certificate number 4521636 to the name of ▓▓▓▓▓ issued by the Central State Registrar of Vital Statistics in the Federal District; (h) Original birth certificate number A2929095 dated March 12, 2003 to the name of his daughter ▓▓▓▓▓ issued by the Officer number 02 of the Civil Registrar, Margarita Mariscal de Olvera, of the Government of Estado de Mexico; (i) Three color laser photographs of ▓▓▓▓▓ (j) Two color laser photographs of ▓▓▓▓▓, (k) Three color laser photographs of ▓▓▓▓▓.

There is also the official letter number DGAPII/3818/04/0550/04-AAH dated April 14, 2004 signed by the Federal Public Prosecutor in the service of the International Police Affairs General Division INTERPOL, within the Mexican Attorney General's Office, in which it is stated among other things: *"On the matter at issue I inform you that this Administrative Unit has the administrative file related to the location of the minors Castillo Moreno which was initiated on March 2 of the year in progress pursuant to the request filed in this Office by FERNANDO CASTILLO TAPIA who is the minors' father who said to have the supposition that his children had been taken to the United States by their*



CRIMINAL SECTION                                              C.P. 72/2004

mother *MARIA DEL ROSARIO MORENO VAZQUEZ*. So, this Office initiated the pertinent investigations and we found out that the minors and their mother arrived to Atlanta, Georgia, United States of America on February 27, 2004 in flight number 636 of Aeromexico; after knowing that we contacted Interpol-Washington, in order to request its assistance for locating MARIA DEL ROSARIO MORENO and her minor children ███████████████ ██████████████████████ last March 26 Interpol-Washington informed this Administrative Unit that the Alabama State Police sent an investigating Agent for interviewing MARIA DEL ROSARIO MORENO who proved to have the minors' custody, and she also said that the minors' father has called her to threaten her, so she decided to change her address and phone number, and the American authorities say that due to the family's security and safety they can't tell us their whereabouts."

There is as well the official letter without number dated April 14, 2004, the Director of the Set of Internal Rules and Regulations of the Ministry of Foreign Affairs submitted a certified copy of the following documents: (a) Certified copy of the ordinary Mexican passport application to the name of MORENO VAZQUEZ MARIA DEL ROSARIO in which there appears an illegible photograph (page 57); (b) Certified copy of the illegible passport number 6706408 to the name of MARIA DEL ROSARIO MORENO VAZQUEZ (page 58); (c) Two ordinary Mexican passport applications (OP-5) numbers 6290 and 6289 to the name of the minors ███████████ ██████████████████████████████████ in the box that says SIGNATURE OF THE COMPLAINANT appears the name ███████ ████████ and in the box that reads sign it approving the data contained in the passport when you receive it, there is an illegible signature dated October 16, 2004 pointing out as the place Naucalpan, Estado de Mexico, in the following page, in which there appears the Father or Tutor's data there is an "x", the box that says "as father" for carrying out the procedure he identified himself with the passport 033400323568 issued by the Ministry of Foreign Affairs on November 6, 2003, appearing an illegible signature, as well as the fingerprints of the right and left index fingers and in the mother or Tutor's data appears in the box of the mother an "x" and for carrying out the procedure she identified himself with the passport number 03350056604 issued by the Ministry of Foreign Affairs on September 22, 2003, there is an illegible signature and the fingerprint of the right and left index fingers (pages 60, 61, 65 and 66); (d) Certified copy of the birth certificate number 01433 to the name of ███████ ████████████████ (page 62); (e) Certified copy of the passport number 033400323568 to the name of CASTILLO TAPIA ███████ FERNANDO issued by the Ministry of Foreign Affairs (page 63); (f) Certified copy of the passport number 03350056604 to the name of MORENO VAZQUEZ MARIA DEL ROSARIO (page 64); (g) Certified copy of the birth



PROCURADURIA GENERAL
DE LA
REPUBLICA
**CRIMINAL SECTION**
C.P. 72/2004

certificate number ██████ to the name of ████████████████
██████ (page 67); (h) Certified copy of the passport number 97380053111 to
the name of ████████████████████████ issued on December 17,
1997 and it expires on December 17, 2004 in Naucalpan, Mexico.

With the official letter without number dated April 22, 2004 received in the
filing office of the Deputy Attorney General's Specialized Investigation Office
against Organized Crime on the 26th day of the month and year in progress and
signed by Antonio Jauregui Quintana, Manager of Litigious Affairs and Airways
Fleet of Mexico, through which it were attached the copies of the travel
vouchers to the names of ████████████████████████████
████████████████ used in the route Mexico-Atlanta flight 636 on February 27,
2004.

The previous evidence have full weight of evidence under Article 284 of
the Federal Code of Criminal Procedure since they met the requirements set
forth by the law.

The previous evidentiary elements are strengthened with the expert's
opinion on identification, graphology, dated June 10, 2004 signed by the
Experts Praxedis Irma Garcia and Rosa Flores Vazquez in the service of the
Expert Services General Division, dependent on the Mexican Attorney
General's Office in which they concluded: FIRST. The fingerprints printed in the
ten-fingerprint record to the name of CASTILLO TAPIA JOSE FERNANDO, DO
NOT CORRESPOND with the fingerprints that are in forms OP-7 with the
legend right and left index fingers of the minors ████████████████████
████████████████████ COND. Second. The fingerprints in the
form OP-7 with the legend right and left index fingers of the minors M████
████████████████████████████████████ to the
fingerprints of the right and left medium fingers of the ten-fingerprint record to
the name of Barrera Hernandez Artemio.

The previous evidence has full weight of evidence under Article 288 of
the Federal Code of Criminal Procedure, since it met the requirements set forth
by the law.

Such is how the existing evidence, pursuant to article 285 of the Code of
Criminal Procedure, constitutes evidence that after it is linked together pursuant
to article 286 of the Code of Criminal Procedure complete, up to this moment,
completes the perfect circumstantial evidence to prove the corpus delicti of
CHILD TRAFFICKING, as well as the alleged criminal responsibility of MARIA
DEL ROSARIO MORENO VAZQUEZ, since it is proved that the perpetrator
and the minors ████████████████████████████████████████

PROCURADURIA GENERAL
DE LA
REPUBLIC **CRIMINAL SECTION**                                          C.P. 72/2004

███████ arrived to Atlanta, Georgia, United States of America, on February 27, 2004, in flight 636 of Aeromexico. The perpetrator processed the passports in the Municipality of Naucalpan de Juarez in the Deputy's Office of the Ministry of Foreign Affairs sitting in Naucalpan de Juarez, Estado de Mexico; therefore risked the legal interest protected by law, such as the physical safety of a family and the physical freedom of people.

Therefore, it is proven that MARIA DEL ROSARIO MORENO VAZQUEZ probably committed the crime of CHILD TRAFFICKING.

In this regard, it applies the court precedent 275 issued by the First Room of the former members of the Supreme Court of Justice on page 200 of the Appendix of the Court Precedent in question, titled and reading as follows:

CIRCUMSTANTIAL EVIDENCE, WEIGHT OF - The circumstantial evidence is based in the incriminating weight of the pieces of evidence and has as starting point, events and circumstances that are proved, and from which it is deduced the relation with the event under investigation; it can be information to complete, an unknown fact to determine, an hypothesis to verify, whether regarding the perpetration of the offense, the identification of the perpetrator and the circumstances of the crime charged."

Therefore, the abovementioned evidentiary elements are sufficient and suitable for complying with the requirements of article 16 of the Coinstitution; i.e., the information included in the preliminary investigation is enough to prove the alleged responsibility of MARIA DEL ROSARIO MORENO VAZQUEZ, the defendant.

FOURTH. Since the evidence included in this criminal case is enough and sufficient to satisfy the requirements under article 16 of the Constitution of the United Mexican States, pursuant to article 168 of the Federal Code of Criminal Procedure, and since it has not been found an exonerating circumstance or any circumstance that voids the criminal action, we proceed thus to issue an arrest warrant for MARIA DEL ROSARIO MORENO VAZQUEZ for her alleged responsibility for committing the crime of CHILD TRAFFIKCING, set forth and punished by article 366 quater, second paragraph, according to article 366 ter (III) of the Federal Criminal Code. The above shall be informed to the Federal Public Prosecutor assigned to this court for that prosecutor to comply with it. The public prosecutor is informed that, pursuant to the records, the defendant's address is <u>retorno San Jorge, numero 15, Fraccionamiento Lomas Verdes Naucalpan, Estado de Mexico, codigo postal 53120;</u> however, pursuant to the records on file, she is out of the country.

FIFTH. SUSPENSION OF RIGHTS. Pursuant to article 38 (V) of the Mexican Political Constitution, which provides that the rights or prerogatives of



PROCURADURIA GENERAL
DE LA
REPUBLICA **CRIMINAL SECTION**                                        C.P. 72/2004

the citizens are suspended since the defendant evaded the law, as of the moment the arrest warrant is pronounced until the criminal action prescribes; therefore, the defendant's constitutional rights are suspended, since it has been issued an arrest warrant for her. This decision shall be informed to the Federal Electoral Institute, pursuant to article 162, third paragraph, of the Federal Code of Electoral Institutions and Procedures, which provides that the judges that pronounce decisions regarding the suspension or loss of constitutional rights or the decree or absence or death of a citizen shall be notified to the Federal Electoral Institute within the ten following days after the decision is pronounced.

So as to support the above, there is the court precedent held by the FIRST COLLEGIATE COURT OF THE FIFTH CIRCUIT on court preceent V1o. J/23, page 38, volume:69, September, 1993, in the Weekly Federal Court Report, Eight Series, which reads:

"SUSPENSION OF RIGHTS UNDER ARTICLE 38 OF THE FEDERAL CONSITUTION. IT REFERS TO THE PREROGATIVES OF THE CITIZEN. A correct construction of article 38 (II) of the Constitution allow us to consider that the suspension of rights as a result of a criminal case for a crime that is punished by imprisonment, refers to the constitutional rights or prerogatives of the citizens provided under article 35 of the Constition, such as: voting in popular elections, being voted in any popular election positions, and being appointed to any other employment or commission having the capacities provided by law, assemble to discuss domestic political issues, and take up arms in the Army or National Guard to defend the country and its institutions; but the imprisonment also suspends some civil rights, such as guardianship, undertutorship, attorney-in-fact, defense attorney, executor, trustee, administrator, arbitrator, agent for an absentee, bankruptcy, suspension of payments, partial incapacity that last the conviction and operate, some times, by operation of law, and any other by judicial decree; the only right that is not suspended is the capacity to appear in a judgment to exercise the rights to which an individual with legal capacity is entitled."

SIXTH. Pursuant to article 468 (I) of the Code of the Federal Code of Criminal Procedure, it is pronounced the suspension of the procedure related to the arrest warrant and orders its provisional filing until the arrest warrant is fulfilled.

Therefore, pursuant to what has been grounded in law and fact, pursuant to article 16 of the Federal Constitution, articles 142 and 195 of the Federal Code of Criminal Procedure, it is:

**DECIDED**

FIRST. It is issued an arrest warrant for **MARIA DEL ROSARIO MORENO VAZQUEZ** for her alleged responsibility for committing the crime of **CHILD TRAFFICKING** set forth under and penalized by article 366 quater,



PROCURADURIA GENERAL
DE LA
REPUBLICA CRIMINAL SECTION                                           C.P. 72/2004

second paragraph, in accordance with article 366 ter (III) of the Federal Criminal Code.

SECOND. Transcribe in four copies the arrest warrant to the Federal Public Prosecutor assigned to this court, for the arrest warrant to be fulfilled; provide the prosecutor with the information on file in order to locate the defendant MARIA DEL ROSARIO MORENO VAZQUEZ, and after her arrest, she shall be committed to the Social Rehabilitation Center "Juan Fernandez Albarran" in Tlalnepantla, Estado de Mexico, under the custody of this Court.

THIRD. The defendant's rights are suspended in the terms mentioned in the third whereas paragraph of this decision.

FOURTH. It is decreed the suspension of this proceeding, pursuant to what it is mentioned in the sixth whereas paragraph of this decision.

NOTIFY ONLY THE FEDERAL PUBLIC PROSECUTOR ASSIGNED TO THIS COURT.

This was decided and signed by Wilfy Earl Vega Ramirez, 7th District Judge in Estado de Mexico, sitting in Naucalpan de Juarez, who acts assisted by the Court Clerk Armando Castañeda Diaz that authorizes and attests to this proceeding. I attest.

THERE APPEAR TWO ILLEGIBLE FLOURISHES.

> Lic. Armando Castañeda Diaz Court Clerk of the 7th District Court in Estado de Mexico, certifies that the foregoing copies are true and correct copies from the criminal case 72/2004, issued on 15 pages to be delivered to
> The federal public prosecutor, in compliance with a decision dated Sept-27-2004. I attest.
>
> [There appears an illegible signature and a Seal with the Mexican Coat of Arms that reads: SEVENTH DISTRICT COURT IN ESTADO DE MEXICO, NAUCALPAN DE JUAREZ]

**EXHIBIT 57**

l

*In the lower right corner, a stamp containing the Great Seal of Mexico and reading: Seventh District Court in the State of Mexico, Naucalpan de Juarez.*

The undersigned Attorney Armando Castaneda Diaz, Secretary of the Seventh District Court in the State of Mexico, hereby CERTIFIES: That in criminal action number 72/2004, opened against Maria del Rosario Moreno Vazquez for the offense of child trafficking, provided for and penalized by article 366 quarter, in connection with article 366 ter, section III, both of the Federal Criminal Code, on the twenty seventh of February two thousand and four a warrant of arrest was issued against the mentioned accused, which remains in force and prescribes on the twenty seventh of April two thousand and eleven.

The foregoing calculation is made taking into account that article 366 ter of the Federal Criminal Code, provides for a term of imprisonment of from three to ten years for whomsoever commits the offense of child trafficking, and article 366 quater of the same legal ordinance provides for penalties to be reduced by half when the active agent is the father or mother of a child under sixteen years of age who, unlawfully or without the consent of who or whomsoever exercises *patria potestad* or the custody of the minor, transfers same outside of national territory not to obtain an unlawful profit, for the purpose of changing the child's usual residence or preventing the father or the mother, as the case may be, from living with or visiting the child; therefore in the present case the term of prescription will be three years three months. However, article 101 of the Federal Criminal Code provides in its second paragraph that the terms for prescription will be doubled when outside national territory, if for this reason it is not possible to complete a preliminary investigation, conclude a process or implement a penalty.

It can be concluded from the foregoing that the term for prescription of the action should be six years and six months which, added to the date of release of the warrant for arrest, give us the date indicated.

Naucalpan de Juarez, State of Mexico, on the nineteenth of January two thousand and five.



The Secretary of the Seventh District
Court in the State.
(illegible signature)
Attorney Armando Castaneda Diaz

FORMA 5 G   16



In Mexico City, Federal District, on February 23 (twenty-three), 2005 (two thousand five), I, Miguel Nava Alvarado, attorney-at-law, General Director of Extraditions and Legal Assistance and Federal Public Prosecutor of the Mexican Attorney General's Office, in compliance with articles 2 and 4 (VIII) (d) of the Regulations of the Organic Law for the Mexican Attorney General's Office, exercising the powers set forth under article 35 (I), related to article 12 (X) of the Regulations of the Organic Law for the Mexican Attorney General's Office, legally acting in the presence of attesting witnesses who sign and attest to this proceeding below,

### CERTIFY

That these photocopies, consisting of 227 (two hundred twenty-seven) pages, are true and correct copies of the international extradition file kept in this Office against **MARIA DEL ROSARIO MORENO VAZQUEZ**. I had these documents before me and I compared and certified them for the pertinent legal effects.

### WE ATTEST
(An illegible signature)

Attesting Witness             Attesting Witness
(Signed)                        (Signed)
Lic. Alejanro Flores Rodriguez      Lic. Gerardo Ruiz Terroba

[There is a seal that reads: MEXICAN ATTORNEY GENERAL'S OFFICE, GENERAL DIVISION OF EXTRADITION AND LEGAL ASSISTANCE (The Mexican Coat of Arms]

FORM . C Q . 1 A



**SEAL:**
**MINISTRY OF THE INTERIOR**
**GENERAL DIVISION OF GOVERNMENT**
**UNITED MEXICAN STATES.**
**(Mexican Coat of Arms.)**

**BY DECISION OF THE INTERIOR MINISTER, MIGUEL ANGEL DE HARO PAYAN**, ASSISTANT DIRECTOR OF THE FORMALIZATION AND CONTROL DEPARTMENT OF THE DIVISION OF POLITICAL COORDINATION WITH THE BRANCHES OF THE UNION, **CERTIFIES: THAT MIGUEL NAVA ALVARADO WAS THE GENERAL DIRECTOR OF EXTRADITIONS AND LEGAL ASSISTANCE, AND FEDERAL PUBLIC PROSECUTOR OF THE DEPUTY ATTORNEY GENERAL'S OFFICE FOR LEGAL AND INTERNATIONAL AFFAIRS OF THE MEXICAN ATTORNEY GENERAL'S OFFICE, ON FEBRUARY 23, 2005, AND THE SIGNATURE APPEARING ON THE FOREGOING DOCUMENT IS HIS OWN.**

MEXICO, FEDERAL DISTRICT, FEBRUARY 24, 2005.

REGISTRY **NO. 2647**
TAXES PAID 0.00
TAX EXEMPT
THIS MINISTRY DOES NOT ASSUME ANY LIABILITY
AS FOR THE CONTENTS OF THIS DOCUMENT.
*LGA/GOT                                           (SIGNED AND SEALED)
SEAL:
MINISTRY OF FOREIGN AFFAIRS
CONSULAR SERVICE
LEGALIZATIONS
UNITED MEXICAN STATES
(The Mexican Coat of Arms)

F. 8
**No. 352191**

**THE MINISTRY OF FOREIGN AFFAIRS CERTIFIES:** *that MIGUEL ANGEL DE HARO PAYAN, WAS ASSISTANT DIRECTOR OF THE FORMALIZATION AND CONTROL DEPARTMENT OF THE DIVISION OF POLITICAL COORDINATION WITH THE BRANCHES OF THE UNION OF THE MINISTRY OF THE INTERIOR ON FEBRUARY 24, 2005*, and that the preceding signature is his own.
Tlatelolco, Federal District, February 25, 2005.
By resolution of the Minister
**THE DEPUTY**
(Signed and sealed)
**Myrna Granaos Hernandez**

The Ministry of Foreign Relations
does not assume any liability
as for the contents of the document
being legalized.

# EXHIBIT 58



# EXECUTIVE BRANCH

# MINISTRY OF THE INTERIOR

**DECREE** through which different provisions of the federal criminal code, the federal code of criminal procedure, and the federal judiciary organic act are amended and added.

In the margin there appears a seal with the Mexican Coat of Arms that reads: United Mexican States, Mexican President's Office.

**ENRESTO ZEDILLO PONCE DE LEON**, President of the United Mexican States, hereby informs the Mexican People—

That the Hon. Federal Congress has pronounced the following

### DECREE

"THE FEDERAL CONGRESS OF THE UNITED MEXICAN STATES ENACTS—

DIFFERENT PROVISIONS OF THE FEDERAL CRIMINAL CODE , THE FEDERAL CODE OF CRIMINAL PROCEDURE, AND THE FEDERAL JUDICIARY ORGANIC ACT THAT ARE AMENDED AND ADDED

[...]

Article 366 ter.— Whoever transports a child under the age of sixteen, or unlawfully hands over the child to a third party out of Mexican territory, for unduly obtaining a profit, commits the offense of child trafficking.

"The offense mentioned in the foregoing paragraph is committed by:

"I. Whoever has the *patria potestas* or custody, even though it has not been decided, whenever they physically transported or handed over the said child or granted consent for doing so;

FORM  C C  , ,

II. Any relatives in ascending or collateral line, or by affinity until fourth degree and also any third party without relationship to the child."

"It shall be understood that the persons referred to in the preceding paragraph are acting unlawfully whenever they know that:

"a). Express consent has not been granted for transporting or handing over the child by any person that has the *patria potestas* or custody of the child, or

"b). The person that has the *patria potestas* or custody of the child shall obtain any profit for the said transporting or handing over,"

"III. The person or persons who receive the child."

"Imprisonment from three to ten years and a fine from four hundred to one thousand days of minimum daily wage shall be imposed on whoever commits the offense described in this section."

"Whoever commits the offense in the section herein having the *patria potestas*, guardianship or custody of the child, shall be deprived of those rights, as the case may be, aside from being imposed the penalties mentioned in the foregoing paragraph.

"Whenever the transporting or handing over of the child is carried out in Mexican territory, the penalties set forth in this article shall be imposed up to two thirds."

**Article 366 Quater.** The penalties set forth in the foregoing article shall be reduced a half, whenever:

I.    The transporting or the handing over of the child is not made for obtaining an undue profit, or

II.   The person to whom the child is handed over intents to make the child part of his/her family unit"

"The penalties mentioned in this article shall be imposed on the father or mother of a child under the age of sixteen that unlawfully or without consent of whoever has the *patria potestas* or custody of the minor, without obtaining an undue profit in exchange, transports the child out of Mexican territory so as to change the habitual residence or prevents the mother or father, as the case may be, from living together with or visiting the child.

FORM  C.G. 1A



In addition, the perpetrator of this offense that has or exercises the *patria postestas*, guardianship or custody rights, as the case may be, shall be deprived of them.

"In the cases set forth in this Article, the offense shall be prosecuted at the victim's request".

[…]



## MINISTRY OF THE INTERIOR

# CRIMINAL CODE

## FOR THE FEDERAL DISTRICT AND FEDERAL TERRITORIES

### IN LOCAL MATTERS AND FOR ALL THE MEXICAN

### REPUBLIC IN FEDERAL MATTERS



**Friday, August 14, 1981**

**OFICIAL GAZETTE**

## TALLERES GRAFICOS DE LA NACION, TOLSA Y ENRICO MARTINEZ
## MEXICO D.F. - 1931

FORMA C G - 1 A



**24**                          CRIMINAL CODE

## CHAPTER V

## Rehabilitation

Article 99—the purpose of rehabilitation is to return the convicted person the civil, political or family rights he lost by virtue of the sentence he was imposed in a process or that he could not exercise because such rights were suspended.

## CHAPTER VI

### Statute of Limitations

Article 100—the statute of limitations expires the criminal action and the sanctions, pursuant to the following articles;

Article 101—the statute of limitations is personal; it only takes the simple passage of the time so established by law.

  The statute of limitations shall come into effect even though the defendant does not plea for it. Judges shall apply it "ex-officio", as soon as they are informed of it, regardless of the status of the proceeding.

Article 102—the terms of the statute of limitations for the criminal action shall be continuous, and shall begin to run as of the day the crime was perpetrated, if it is instantaneous; as of the day the last criminal act was perpetrated, if it is a continuous crime; and as of the day last act of implementation took place, if it is a crime of attempt.

Article 103—the terms of the statute of limitations for sanctions shall be equally continuous and shall start to run the day after the sentenced person absconds, if the penalties deprive him of his liberty; and if they do not, the statute of limitations shall start to run from the date the sentence became final and conclusive.

Article 104—the statute of limitations shall prescribe in one year if the crime is only punished by a fine. If besides a fine, the crime is also punished by imprisonment or an



alternative penalty, it shall be taken into account the statute of limitations for the prison term, and the same shall happen when it is punished by an ancillary penalty.

Article 105—the criminal action shall prescribe in a term equal to the prison term imposed for the crime, but under no circumstances shall it be less than three years.

Article 106—if the crime is only punished by dismissal, suspension, deprivation of rights, or disqualification, the statute of limitation shall be a term of two years.

ARTICLE 107—the criminal action derived from an offense, whether continuous or not, that can only be prosecuted after the victim or the aggrieved party has filed a complaint, shall prescribe in one year, starting from the date on which the victims or aggrieved parties are acknowledged of the crime and the perpetrator, and it shall prescribe in three years in any other circumstance.

ARTICLE 108—In case of merged crimes, the criminal actions of all of them shall prescribe separately for each offense. However, if after the victim files the complaint there is another action already in course at the court, the rules in this code for offenses prosecuted "ex-officio" shall apply.

ARTICLE 109— If, in order to bring a criminal action, it is required a prior final decision from the court of law regarding either a civil or criminal action, the term of the statute of limitations shall not begin to run until a final unappealable judgment has been pronounced.

ARTICLE 110—The statute of limitations for the action shall be interrupted by the proceedings performed to investigate the crime and the perpetrators, even though the proceedings are not practiced on a determined person because the identity of the perpetrator is unknown.
If no more proceedings are practiced, the statue of limitations shall being to run again as of the following day the last proceeding was practiced.

Article 111—The provisions under the last paragraphs do not include the event in which the proceedings are practiced after a fourth of the limitations term has elapsed, in that event the limitations could not be interrupted, but for the defendant's arrest. If it has elapsed a term equal to a third of the limitations term, as of the time the offense was perpetrated or ceased to be perpetrated –in the case of continuous offenses—or as of the last act of implementation was perpetrated –in the case of crimes of attempt–, the limitations term cannot be either interrupted but for the defendant's arrest.

/ORMA C G    i A



ARTICLE 112—If in order to bring a criminal action, it was established by law that a prior statement or decision is to be pronounced, the proceedings practiced before the term so established under the preceding article for the purpose thereof shall interrupt the statute of limitations.

ARTICLE 113—a fine shall prescribe in one year, other punishments hall prescribe in a term equal to their length, plus a fourth, but under no circumstances shall it be more than fifteen years.

ARTICLE 114—If the convicted person has already served a part of the sanction imposed on him, the statute of limitations shall be the term he has not served yet, plus a fourth, but the said term cannot be more than fifteen years.

ARTICLE 115—The statute of limitations for a prison term is only interrupted by the arrest of the convicted person, even though the arrest results from a different crime.

FORM CG-1A



[...]

# EXECUTIVE BRANCH

# MINISTRY OF THE INTERIOR

**Decree** through which different provisions of the Criminal Code for the Federal District in Local Matters and for all the Mexican Republic in Federal Matters are amened, added or repealed.

**MIGUEL DE LA MADRID HURTADO**, Constitutional President of the United Mexican States, hereby informs the Mexican People—

That the Hon. Federal Congress has pronounced the following

### DECREE

"The Federal Congress of the United Mexican States enacts—

DIFFERENT PROVISIONS OF THE CRIMINAL CODE FOR THE FEDERAL DISTRICT IN LOCAL MATTERS AND FOR THE MEXICAN REPUBLIC IN FEDERAL MATTERS THAT ARE AMENDED, ADDED, AND REPEALED.

Article 1—Articles 7, 8, 9, 13, 15, 16, 18, 19, 24, 27, 29, 30, 31, 33, 34, 39, 40, 41, 43, 44, 52, 54, 55, 60, 62, 67, 68, 69, 70, 71, 72, 73, 74, 93, 96, 98, 101, 102 [Illegible] 205, 225, 226, 228, 230, 265, 267, 268, 269, 281, [illegible] 295, 366, 381 bis, 387, 388, and 390 of the Criminal Code for the Federal District in local matters and for the Mexican Republic in federal matters are amended to be as follows—

[...]

Article 101—.....................................................................................................

The terms for the statute of limitations shall double for those who are out of Mexican Territory, if for that reason it is not possible to complete a preliminary investigation, conclude a case, or enforce a sanction.



The statute of limitations shall come into effect even though the defendant does not plea for it. Judges shall apply it "ex-officio", as soon as they are informed of it, regardless of the status of the proceeding.

Article 102—The terms of the statute of limitations for the criminal action shall be continuous, and shall begin to run:

  (I) As of the moment the crime was perpetrated, if it is instantaneous;
  (II) From the day the last act of implementation or omission took place, if it is a crime of attempt;
  (III) From the day the last criminal act was perpetrated, if it is a continuous crime; and
  (IV) From the day the conduct ceased to be criminal, if the crime is a permanent crime.

[...]

FORM  C.G.-1A



# EXECUTIVE BRANCH

# MINISTRY OF THE INTERIOR

**Decree** through which different provisions of the Criminal Code for the Federal District in Local Matters and for all the Mexican Republic in Federal Matters are amended.

In the margin, there appears a seal with the Mexican Coat of Arms that reads: United Mexican States, Mexican President's Office.

**MIGUEL DE LA MADRID HURTADO,** Constitutional President of the United Mexican States, hereby informs the Mexican People—

That the Hon. Federal Congress has pronounced the following

### DECREE

"The Federal Congress of the United Mexican States enacts—

DIFFERENT PROVISIONS OF THE CRIMINAL CODE FOR THE FEDERAL DISTRICT IN LOCAL MATTERS AND FOR THE MEXICAN REPUBLIC IN FEDERAL MATTERS THAT ARE AMENDED.

Article 1—Articles 15 ¶ (I) (III) (IV) (V) (VI), 24 ¶ (8), 40, 56, 102, first paragraph, 103, 104, 105, 106, 107, first paragraph, 108, 109, 110, 112, 113, 114, 115, 116, 117, 118, 208, and 400 ¶ (I) (III) and final paragraph are amended to be as follows—

[...]

ARTICLE 102—The terms of the statute of limitations for the criminal action shall be continuous, and it shall be taken into account the crime and its modalities, and they shall begin to run:

..................................................................................................................



ARTICLE 103—The terms of the statute of limitations for sanctions shall be equally continuous and shall start to run from the moment the sentenced person absconds, if the penalties deprive him of his liberty or restrict it; and if they do not, the statute of limitations shall start to run from the date the sentence became final and conclusive.

ARTICLE 104—The statute of limitations shall prescribe in one year if the offense is punished only by a fine. If besides a fine, the offense is also punished by imprisonment or an alternative penalty, it shall be taken into account the statute of limitations for criminal action to count the prison term, and the same shall happen when it is punished by an ancillary penalty.

ARTICLE 105—The criminal action shall prescribe in a term equal to the arithmetic mean of the prison term provided by law for that offense, but under no circumstances shall it be less than three years.

ARTICLE 106—The criminal action shall prescribe in two years, if the crime is only punished by dismissal, suspension, deprivation of rights, or disqualification, except as otherwise provided by law.

ARTICLE 107—Except as otherwise provided by law, the criminal action derived from an offense that can only be prosecuted after the victim or the aggrieved party has filed a complaint, shall prescribe in one year, starting from the date on which the victims or aggrieved parties are acknowledged of the crime and the perpetrator, and it shall prescribe in three years in any other circumstance.

ARTICLE 108—In case of merged crimes, the statute of limitations for the criminal actions of all of them shall be the moment in which the crime for which it is imposed the greatest penalty prescribes.

ARTICLE 109—If, in order to bring or continue with a criminal action, it is required a prior decision from the court of law, the term of the statute of limitations shall not begin to run until a final unappealable judgment has been pronounced.

ARTICLE 110—The statute of limitations for the action shall be interrupted by the proceedings performed to investigate the offense and the perpetrators, even though the proceedings are not practiced on a determined person because the identity of the perpetrator is unknown.
If no more proceedings are practiced, the statue of limitations shall being to run again as of the following day the last proceeding was practiced.



ARTICLE 112—If in order to bring a criminal action, it was established by law that a prior statement or decision has to be pronounced, the proceedings practiced before the term so established under the preceding article for the purpose thereof shall interrupt the statute of limitations.

ARTICLE 113—Unless otherwise provided by law, a prison term shall prescribe in a term equal to the term established in the sentence plus a fourth, but it shall not be less than three years; a fine shall prescribe in one year; any other sanction shall prescribe in a term equal to their length, plus a fourth, but under no circumstances shall that term be less than two years; any sanction that does not have a term, shall prescribe in two years. The terms shall be computed as of the date the decision becomes final and conclusive.

ARTICLE 114—If the convicted person has already served a part of the sentence imposed on him, the statute of limitations shall be the term he has not served yet, plus a fourth, but it cannot be less than one year.

ARTICLE 115— the statute of limitations for a prison term is only interrupted by the arrest of the convicted person, even though the arrest results from a different offense. If the proceedings are interrupted, the statute of limitations shall start to run again as of the day after the last proceeding was practiced.

The statute of limitations for any other sanction shall be interrupted by any act of the pertinent authority to enforce such sanctions.

[...]



Article 107—...............................................................................................

Once the admissibility requirement is satisfied within the established term, the statute of limitations shall continue to run according to the rules for ex-officio prosecutable offenses.

Article 110—...............................................................................................

The statute of limitation shall be also interrupted by a request for assistance in the investigation related to the offense or the perpetrator, by the proceedings practiced in order to be granted the international extradition, and by the request of the defendant's surrender from the Public Prosecutor in one State to the Public Prosecutor where the defendant has sought refuge, is located, or is arrested for the same or another offense. In the first case, the proceedings of the requesting authority shall be also interrupted and in the second case, the interruption shall continue until the requested authority denies surrender or until the arrested person's legal status that delays his delivery is brought to an end.

The interruption of a criminal action will only extend the terms under articles 105, 106, and 107 of this Code to a half.

Article 111—The provisions under the first two paragraphs and the first case provided for under the third paragraph of the foregoing article shall not apply if the proceedings are practiced after half of the term required for the statute of limitations has elapsed. The term under article 107 for the filing of a complaint filed by the victim or any other equivalent requirement is not included in the rule.

ARTICLE 115—The statute of limitations for a prison term is only interrupted by the arrest of the convicted person, even though the arrest results from a different offense or from the formal surrender request from the Public Prosecutor of one State to the Public Prosecutor located where the defendant is arrested. In that event, the interruption shall continue until the requested authority denies surrender or the defendant's legal status motivating the delay to comply with the request is brought to an end.

The statute of limitations for any other sanction shall be interrupted by any act of the pertinent authority to enforce such sanctions. The statute of limitations for the penalty of the redress of damage or any other pecuniary penalties shall be also interrupted by the motions filed with the relevant tax authority by the defendant or the person for whom

FORM. C 3 - 1 A



such reparation is pronounced; it shall also be interrupted by the proceedings of the tax authority to enforce such penalties, as well as by the commencement of summary proceedings with civil authorities using as title the relevant judgment for the plaintiff.

[…]

[Translator's note: At the request of the prosecutor in charge of this extradition case, only the relevant articles were translated]

FORM  C G - 1 A



# CERTIFICATION

**EDUARDO DE JESUS CASTELLANOS HERNANDEZ**, National Legal System Compilation and Reference General Director of the Ministry of the Interior, pursuant to Articles 9 (XII), and 22 (XII) of the Internal Regulations of this Ministry,

## CERTIFIES,

For the pertinent legal effects, that the foregoing copies, consisting of nine (9) pages, which are sealed and numbered, are true and correct copies of the Federal Official Gazettes that he had before him and that are kept on the files of this General Division.

[An illegible signature]
Mexico City, Federal District, January twenty-five, two thousand five.
[Seal:
MINISTRY OF THE INTERIOR
NATIONAL LEGAL ORDER COMPILATION
AND REFERENCE GENERAL DIVISION]

**SEAL:**
**MINISTRY OF THE INTERIOR**
**GENERAL DIVISION OF GOVERNMENT**
**UNITED MEXICAN STATES.**
**(Mexican Coat of Arms.)**

**BY DECISION OF THE INTERIOR MINISTER, Miguel Angel de Haro Payan**, Assistant Director of the Formalization and Control Department of the Division of Political Coordination with the Branches of the Union, **CERTIFIES:** that **Eduardo de Jesus Castellanos Hernandez**, whose name is signed to the accompanying paper was at the time of signing the same, National Legal System Compilation and Reference General Director of this Ministry, on January 25, 2005 and that signature is his own.

Mexico, Federal District, January 28, 2005.

Registry **No. 1309**
TAXES PAID 0.00
TAX EXEMPT
This Ministry does not assume any liability
as for the contents of this document.
*PVM/R/PVM

(SIGNED AND SEALED)

FORMA C.G. 1 A



**SEAL:**
**MINISTRY OF THE INTERIOR**
**GENERAL DIVISION OF GOVERNMENT**
**UNITED MEXICAN STATES.**
**(Mexican Coat of Arms.)**

**BY    DECISION OF THE INTERIOR MINISTER, Miguel Angel de Haro Payan,**
Assistant Director of the Formalization and Control Department of the Division of
Political Coordination with the Branches of the Union, CERTIFIES: that Eduardo de
Jesus Castellanos Hernandez, whose name is signed to the accompanying paper was
at the time of signing the same, National Legal System Compilation and Reference
General Director of this Ministry, on January 25, 2005 and that signature is his own.

Mexico, Federal District, January 28, 2005.

**Registry No. 1309**
**TAXES PAID 0.00**
**TAX EXEMPT**
This Ministry does not assume any liability
as for the contents of this document.
*PVM/R/PVM

                                        (SIGNED AND SEALED)

**SEAL:**
**MINISTRY OF FOREIGN AFFAIRS**
**CONSULAR SERVICE**
**LEGALIZATIONS**
**UNITED MEXICAN STATES**
**(The Mexican Coat of Arms)**

                                                        F. 8
                                                **No. 352190**

**THE MINISTRY OF FOREIGN AFFAIRS CERTIFIES:** *that MIGUEL ANGEL DE HARO*
*PAYAN, WAS ASSISTANT DIRECTOR OF THE FORMALIZATION AND CONTROL*
*DEPARTMENT OF THE DIVISION OF POLITICAL COORDINATION WITH THE*
*BRANCHES OF THE UNION OF THE MINISTRY OF THE INTERIOR ON JANUARY*
*28, 2005*, and that the preceding signature is his own.
                Tlatelolco, Federal District, February 25, 2005.
                        By resolution of the Minister
                            **THE DEPUTY**
                        (Signed and sealed)
                        **Myrna Granaos Hernandez**

The Ministry of Foreign Relations
does not assume any liability
as for the contents of the document
being legalized.

**PRUEBA 1**

000001

006

FORMA C 6 - 1 A

SUBPROCURADURÍA DE INVESTIGACIÓN ESPECIALIZADA EN
DE PROCESOS DELINCUENCIA ORGANIZADA

UNIDAD  ESPECIALIZADA  PEN 13
INVESTIGACIÓN EN TRÁFICO DE
MENORES, INDOCUMENTADOS Y
ÓRGANOS.
OFICIO NÚMERO:SIEDO/2216/2004.
A.P: SIEDO/UEITMIO/013/2004.

ASUNTO:SE CONSIGNA AVERIGUACION PREVIA
SIN DETENIDO.

MEXICO, D.F., A 19 DE JULIO DE 2004.

C. JUEZ DE DISTRITO EN TURNO EN MATERIA
DE PROCESOS PENALES FEDERALES
EN EL DISTRITO FEDERAL
P R E S E N T E.

En cumplimiento al acuerdo de Consignación de la Averiguación Previa cuyo
número al epígrafe se cita, por este conducto se ejercita acción penal en contra
de MARÍA DEL ROSARIO MORENO VÁZQUEZ, como probable responsable
en la comisión del ilícito que se enumera a continuación, atribuible a la
conducta desplegada por ella en relación al injusto objetivo de TRÁFICO DE
MENORES, delito previsto en el artículo 366 quater segundo párrafo (hipótesis
de acción, traslado del menor de 16 años fuera del territorio nacional), y
sancionado en el artículo 366 quater (hipótesis de sanción), en concordancia
con el artículo 366 ter fracciones III del Código Penal Federal; en relación al 7°
párrafo primero (hipótesis de acto) fracción II (delito continuo o permanente); 8°
(hipótesis de acción dolosa); 9° párrafo primero (hipótesis de obrar
dolosamente el que conociendo los elementos del tipo, quiere la realización del
hecho descrito por la ley, y 13 fracción II (los que lo realicen por sí); del Código
Penal Federal, cometidos en agravio de: los menores ███████████████
██████████ y JOSÉ FERNANDO CASTILLO TAPIA ████████████

Pidiéndole se sirva en su oportunidad Librar Orden de
Aprehensión en contra de MARÍA DEL ROSARIO MORENO VÁZQUEZ, así
como en su momento se le la intervención que en derecho proceda al Agente
del Ministerio Público de la Federación adscrito, tomándole en el momento
procesal oportuno, la declaración preparatoria en términos de Ley, y en base a
las probanzas aportadas por esta Fiscalía Federal, decretar en su
oportunidad su formal prisión en los términos solicitados.

En base a lo anterior se anexa al presente Averiguación Previa en un tomo en
original y duplicado constante de 176 ciento setenta y cinco, así como pliego
de consignación en original y duplicado constante de 35 fojas.

000002

**3**
FORMA C 6 - 1 A

007

Sin más por el momento, agradezco la atención a la presente.

**A T E N T A M E N T E.**
**SUFRAGIO EFECTIVO. NO REELECCIÓN.**
**EL C. AGENTE DEL MINISTERIO**
**PÚBLICO DE LA FEDERACIÓN.**

**LIC. MARTÍN MARÍN COLÍN.**

2

**PRUEBA 2**

008

FORMA C6-1A

09000



PROCURADURIA GENERAL
DE LA
REPUBLICA

**DENUNCIA POR COMPARECENCIA DE FERNANDO CASTILLO TAPIA.**

- - - En la Ciudad de México Distrito Federal, siendo las 11:00 once horas, del día 22 veintidós de marzo de 2004 dos mil cuatro, ante el suscrito Licenciado MARTÍN MARÍN COLÍN, agente del Ministerio Público de la Federación adscrito a la Unidad Especializada en investigación de Tráfico de Menores, Indocumentados y Órganos, quien actúa en forma legal con testigos de asistencia que al final firman y dan fe, comparece el C. JOSÉ FERNANDO CASTILLO TAPIA, quien se identifica con credencial que lo acredita como trabajador de la Universidad Nacional Autónoma de México como Académico con número 92082, expedida por dicha universidad, cual con fundamento en el artículo 208 del Código Federal de Procedimientos Penales, se DA FE de tener a la vista, y se ordena devolver al compareciente por no haber impedimento legal alguno para ello, agregándose copia debidamente certificada del mismo a las presentes actuaciones para constancia legal. A continuación se le hace saber al compareciente el contenido del artículo 127 Bis del Código Federal de Procedimientos Penales en relación a que tiene derecho a estar debidamente asistido por un abogado que para el efecto se nombre por lo que en este momento se reserva ese derecho, se procede a PROTESTAR al testigo en términos de los artículos 118, 119 del Código Federal de Procedimientos Penales del Código Federal de Procedimientos Penales, a fin de que se conduzca con verdad en la presente diligencia en la que va a intervenir, se le advierte de las penas que se hacen acreedores los que declaran con falsedad ante una autoridad distinta de la judicial en ejercicio de sus funciones, de conformidad con lo señalado con el artículo 247 fracción I del Código Penal Federal, quien de generales manifestó llamarse como quedo escrito ser de 45 años de edad, estado civil soltero, ocupación académico, grado escolar Posgrado incompleto, religión católica con domicilio en la calle de naranjos número 1, fracción jardines de San Mateo en Naucalpan, Estado de México, y en relación a los hechos declara lo siguiente: - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - D E C L A R O - - - - - - - - - - - - - - - -
- - - Que comparezco voluntariamente a efecto de manifestar que es el caso que procreé con la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, a mis menores hijos de nombres ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ respectivamente, quienes viven con su madre después que me había divorciado de ella, según la sentencia definitiva expedida por el Juez Décimo de lo Familiar en el Distrito Federal, presentar fotocopia certificada del desahogo de la audiencia respecto de la convivencia de la madre de mis hijos, y es el caso que el día 28 de febrero del presente año, aproximadamente a las 17:00 horas, me dirigí y me





**PROCURADURÍA GENERAL DE LA REPÚBLICA**

presenté como era la costumbre a recoger a mis hijos al domicilio donde moraban, tanto la señora MORENO VÁZQUEZ, como mis menores hijos, ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ Naucalpan, Estado de México, C.P. 53120, y recibí de la señora MARÍA ELENA VÁZQUEZ SAUCEDO, madre de ROSARIO, una carta proveniente de la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, por la cual me informaba que había sustraído a mis hijos de ese domicilio para salir de la ciudad, sin mencionar el destino de ellos, por lo anterior y por tener la sospecha de que se había trasladado a otro país posiblemente a los Estados Unidos de América, ya que la señora MORENO VÁZQUEZ, me había comentado en el mes de octubre de 2003 que se había casado con una persona norteamericana que había conocido por internet, solicitándome permiso para sacar a mis hijos del país, a lo cual me negué indicándole que era mejor, que primero se estabilizara como pareja y luego, con todo gusto convendríamos el permiso y las visitas recíprocas, situación que tampoco ella aceptó y me manifestó que lo pensaría en aquel entonces octubre de 2003, por lo anterior me constituí ante el Agente del Ministerio Público del Fuero Común de la ciudad de Naucalpan, en el Estado de México el día 29 de febrero del presente año, por lo cual se inició el Acta NJ/II/816/04-02, ante el cual manifesté lo que acabo de expresar y también señale ante esta autoridad como hoy lo hago ante esta, que el suscrito no había dado ni autorización ni el consentimiento para que mis menores hijos ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆, salieran del país y tampoco extendí con ningún conducto ni beneplácito para que obtuvieran el pasaporte de la Secretaría de Relaciones Exteriores. A continuación el día 01 uno de marzo del presente año me presenté en las escuelas donde estudiaban mis hijos, colegio La Salle en el Estado de México, donde por platicas con los compañeros de su escuela me enteré, que la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ y mis menores hijos, habían abandonado el país por la vía aérea el día 27 de febrero de 2004 dos mil cuatro utilizando los servicios de la empresa ▆▆ México en el vuelo 636 con destino a Atlanta Georgia ya que mis ▆▆ habían comentado que su destino final era la Ciudad de Salem ▆▆▆▆▆▆▆▆, y que, propiedad o registrado a nombre del señor RONALD COONLEY, que es la persona con la que se había casado la señora ROSARIO MORENO VÁZQUEZ, al respecto y de la información que se encuentra disponible sobre la misma persona a través del internet pueden tener como domicilios, los que a continuación les presento ▆▆▆▆▆▆▆▆▆▆▆ Smiths, AL y ▆▆ Phenix City, AL, ▆▆▆ Columbus GA ▆▆▆▆, así como Berrien Springs Michigan, además del ubicado en ▆▆▆▆▆▆ Albany, NY ▆▆▆▆ todos en los Estados Unidos de América, que por las platicas que he tenido con compañeros de mi hijo, el se ha comunicado con ellos a través del internet y les ha comentado que posiblemente viajarían fuera de los Estados Unidos de






000005

JUSTICIA FEDERAL
DE LA
REPUBLICA

Amérca, sin que yo conozca su destino, ni cuando seria efectuado ese viaje, en razón de lo anterior también me constituí ante el Juzgado Décimo de lo familiar en el Distrito Federal, ante el cual solicité se me conceda la custodia, de mis menores hijos ████████ en los términos de la solicitud que acompaño a la presente, también hago del conocimiento de esta autoridad, asimismo manifiesto que ante mis dudas sobre si mis hijos habían salido del país que presente en la ventanilla de informes de la Delegación Naucalpan en el Estado de México de la Secretaría de Relaciones Exteriores para saber si se había expedido algún pasaporte a favor de ellos, y una persona de esa oficina, al explicarle mi problema se compadeció de mi y me informó de manera verbal, que se habían expedido en fecha 27 de febrero de 2004, dichos documentos a favor de ████████ ████████ y que para ello esa oficina tenía documentación legal que amparaba mi permiso, por lo cual solicito a esta autoridad se verifique lo anterior, toda vez que el suscrito no extendió su permiso de manera verbal ni por escrito, ni a través de cualquier documento y por ese motivo desconozco desde ahora cualquier firma o autorización que obre en los archivos de esa dependencia, en razón a lo anterior presento en este momento fotocopias simples de la demanda presentada ante el Juez Décimo de lo familiar constante de 6 seis fojas, fotocopia simple de la denuncia de hechos que presenté en el Estado de México constante de dos fojas, hoja de la carta que mencioné al iniciar la presente dirigida al suscrito y con el nombre de ROSARIO, constante de una foja, fotocopia simple del convenio que presentamos el suscrito y la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, respecto del divorcio voluntario y referente a la custodia relacionado con mi menor hijo ████████, constante de dos fojas, fotocopia simple de carta de fecha 16 de marzo de 2004 expedida por operadora de Colegios La Salle suscrita por la PROFRA. ANA CECILIA ESQUIVEL HERNÁNDEZ, en el cual menciona que mi menor hija ████████, fotocopia simple de la sentencia de divorcio de fecha 24 de enero de 1992 mil novecientos noventa y dos, a favor de la señora MARÍA DE ROSARIO MORENO VÁZQUEZ y el suscrito expedida por el Juzgado Décimo de lo familiar en el Distrito Federal, asimismo presento Acta de nacimiento en original número 4521638, a favor de mi menor hijo ████████ expedida por el Juez Central del Registro Civil en el Distrito Federal, y Acta de nacimiento en original número A2929095, de fecha 12 de marzo de 2003 dos mil tres a favor de mi menor hija ████████, expedida por la oficial número 02 del Registro Civil LIC. MARGARITA MARISCAL DE OLVERA, del Gobierno del Estado de México, de la misma forma presento tres fotografías láser a color de mi menor hijo ████████ dos fotografías a color de MARÍA DEL ROSARIO y tres fotografías láser a color de mi menor hija





PROCURADURÍA GENERAL
DE LA
REPÚBLICA

▓▓▓▓▓▓▓▓ por lo que en este momento presento mi formal querella por el delito de Tráfico de Menores, en contra de la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, y en contra de quien o quienes resulten responsables, en agravio de mis hijos y mi persona, siendo todo lo que tengo que declarar y previa lectura de mi dicho lo ratifico, y firmo al margen para la debida constancia legal.- - - - - - - - - -
- - - - - - - - - - - - - - - - - - - - - - DAMOS FE.- - - - - - - - - - - - - - - - -

C. JOSÉ FERNANDO CASTILLO TAPIA.

Testigo de Asistencia.                    Testigo de Asistencia.

C. HUGO GARCÍA REYES.              LIC. LETICIA GALVÁN ORTEGA.



**PRUEBA 3**

012



## SUBPROCURADURÍA DE INVESTIGACIÓN
## ESPECIALIZADA EN DELINCUENCIA ORGANIZADA.

A.P.PGR/SIEDO/UEITMIO//013/2004.

IISTIIAGUN A GENERAL
DE LA
REPUBLICA

### ACUERDO DE INICIO.

- - - En la Ciudad de México Distrito Federal, siendo las 13:15 trece horas con quince minutos del día 22 veintidós de marzo de 2004 dos mil cuatro. -
- - - Visto la declaración que antecede por medio del cual el señor JOSÉ FERNANDO CASTILLO TAPIA, manifiesta lo siguiente: Que comparezco voluntariamente a efecto de manifestar que en el caso que procree con la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, a mis menores hijos de nombres ███████████████████████████████ respectivamente, quienes vivían con su madre después que me había divorciado de ella, según la sentencia definitiva expedida por el Juez Décimo de lo Familiar en el Distrito Federal, presentar fotocopia certificada del desahogo de la audiencia respecto de la convivencia de la madre de mis hijos, y es el caso que el día 28 de febrero del presente año, aproximadamente a las 17:00 horas, me presenté como era la costumbre a recoger a mis hijos al domicilio donde moraban, tanto la señora MORENO VÁZQUEZ, como mis menores hijos, ████████████████ Naucalpan, Estado de México, ███████ y recibí de la señora MARÍA ELENA VÁZQUEZ SAUCEDA, una carta proveniente de la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, en la cual indicaba que había sustraído a mis hijos de ese domicilio para salir de la ciudad, sin mencionar el destino de ellos, por lo anterior y por tener la sospecha de que se había trasladado a otro país posiblemente a los Estados Unidos de América, ya que la señora MORENO VÁZQUEZ, me había comentado en el mes de octubre de 2003 que se había casado con una persona norteamericana que había conocido por internet, solicitándome permiso para sacar a mis hijos del país, a lo cual me negué indicándole que era mejor, que primero se estabilizara como pareja y luego, con todo gusto convendríamos el permiso y las visitas recíprocas, situación que tampoco ella remanifestó que lo pensaría en aquel entonces octubre de 2003, por lo anterior me constituí ante el Agente del Ministerio Público del Fuero Común, en la ciudad de Naucalpan, en el Estado de México el día 29 de febrero del presente año, por lo cual se inició el Acta No.01/616/04-02, ante el cual manifesté lo que acabo de expresar y también señale ante esa autoridad como hoy lo hago ante esta, que el suscrito no había dado ni autorización ni el consentimiento por que mis menores hijos ██████ ██████ de apellidos ██████████████████ salieran del país y tampoco extendí con ningún conducto ni ██████████ para que obtuvieran el pasaporte de la Secretaría de Relaciones Exteriores. A continuación día 01 uno de marzo del presente año me presenté en las escuelas donde estudiaban mis hijos, colegios La Salle en el Estado de México, donde en pláticas con los compañeros de su escuela me enteré, que la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ y mis menores hijos, habían abandonado el país por la vía aérea el día 27 de febrero de año 2004 dos mil cuatro utilizando los servicios de la empresa Aeroméxico en el vuelo 636 con destino a Atlanta Georgia ya que mis hijos habían comentado que su destino final era la Ciudad de Salem Alabama, a la Dirección 97 Lee Road número 434,





PROCURADURIA GENERAL
DE LA
REPUBLICA

y que, propiedad o registrado a nombre del señor RONALD COONLEY, que es la persona con la que se habia casado la señora ROSARIO MORENO VÁZQUEZ, al respecto y de la información que se encuentra disponible sobre la misma persona a través del internet pueden tener como domicilios, los que a continuación presento ▮▮▮▮▮▮▮▮▮▮ Smiths, AL, y ▮▮▮▮▮▮▮▮▮▮ Phenix City AL, ▮▮▮▮▮▮ Columbus GA, ▮▮▮▮▮ así como Berrien Springs Michigan, además del ubicado en ▮▮▮▮▮▮ Albalo, NY, ▮▮▮▮▮ todos en los Estados Unidos de América, que por las platicas que he tenido con compañeros de mi hijo, el se ha comunicado con ellos e través del internet y les ha comentado que posiblemente viajarán fuera de los Estados Unidos de América, sin que yo conozca su destino, ni cuando sería efectuado ese viaje, en razón de lo anterior también me constituí ante el Juzgado Décimo de lo familiar en el Distrito Federal, ante el cual solicité se me conceda la custodia de mis menores hijos ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ en los términos de la solicitud que acompaño a la presente, también hago del conocimiento de esta autoridad, asimismo manifiesto que ante mis dudas sobre si mis hijos habían salido del país me presenté en la ventanilla de informes de la Delegación Naucalpan, en el Estado de México de la Secretaría de Relaciones Exteriores, para saber si se habia expedido algún pasaporte a favor de ellos, y una persona de esa oficina, al explicarle mi problema se compadeció de mi y me informó de manera verbal, que se habían expedido en fecha 27 de febrero de 2004, dichos documentos a favor de ▮▮▮▮▮▮▮▮▮▮▮▮▮ y que pera ello esa ▮▮▮▮▮▮▮ tenía documentación legal que amparaba mi permiso, por lo cual solicito a esta autoridad se verifique lo anterior, toda vez que el suscrito no extendió su permiso de manera verbal ni por escrito, ni a través de cualquier documento y por ese motivo desconozco desde ahora cualquier firma o autorización que obre en los archivos de esa dependencia, en razón a lo anterior presento en este momento fotocopias simples de la demanda presentada ante el Juez Décimo de lo familiar constante de 6 seis fojas, fotocopia simple de la denuncia de hechos que presenté en el Estado de México constante de dos fojas, hoja de la carta que mencioné al iniciar la presente dirigida a suscrito y con el nombre de ROSARIO, constante de una foja, fotocopia simple del convenio que presentamos el suscrito y la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, respecto del divorcio voluntario, y referente a la custodia relacionado con mi menor hijo ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, constante de dos fojas, fotocopia simple de carta de fecha 16 de marzo de 2004 expedida por Operadora de Colegios La Salle, suscrita por la PROFRA. ANA CECILIA ESQUIVEL HERNÁNDEZ, en la cual menciona que mi menor hijo ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ fotocopia simple de la sentencia de divorcio de fecha 29 de enero de 1992 mil novecientos noventa y dos, a favor de la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ y el suscrito expedida por el Juzgado Décimo de lo Familiar en el Distrito Federal, asimismo presento Acta de nacimiento en original número 4521638, a favor de mi menor hijo ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ expedida por el Juez Central del Registro Civil en el Distrito Federal, y Acta de nacimiento en original número A2929095, de fecha 17 de marzo de 2003 dos mil tres a favor de mi menor hijo ▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ expedida por la Oficial número 02 del Registro Civil LIC. MARGARITA MARISCAL REVOLVERA, del Gobierno del Estado de México, de la misma forma presento tres fotografía láser a color de mi menor hijo ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ dos fotografías a color

FORMA C.G.-1

7

000009



PROCURADURIA GENERAL
DE LA
REPUBLICA

de MARÍA DEL ROSARIO y tres fotografías láser a color de mi menor hija ██████ por lo que en este momento presento mi formal querella por el delito de Tráfico de Menores, en contra de la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, y en contra de quien o quienes resulten responsables, en agravio de mis hijos y mi persona...."; por lo que en razón a lo anterior existe razón fundada para iniciar la presente indagatoria por el delito de Tráfico de Menor, ya que de la declaración del querellante se desprende de que sus menores se encuentran en territorio extranjero, de igual manera presente los documentos por medio de los cuales acredita la patria potestad de los menores █████████████, tales como las actas de nacimiento de ambos, expedidas por autoridad competente, así como otros documentos que acreditan su dicho, los cuales se dará fe por separado; por lo que en base a lo anterior es necesario girar oficio citatorio a la mamá de la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, de nombre MARÍA ELENA VÁZQUEZ SÁNCHEZ, █████████████████ Naucalpan, Estado de México, toda vez que la mencionada señora entregó carta al ofendido de la probable responsable en donde informa que tenía intenciones de salir de ese domicilio, además que por haber vivido en el mismo, pudiera tener datos de donde se pueda encontrar actualmente la probable responsable con los menores; de igual manera es necesario girar oficio a la Secretaría de Relaciones Exteriores a efecto de que informe si en las delegaciones a su cargo han sido expedidos pasaporte a nombre de los menores y probable responsable mencionada, y en caso afirmativo nos remita fotocopia certificada de los documentos que se presentaron para la obtención de tales documentos, ya que el ofendido manifiesta que en ningún momento a firmado documento alguno para la autorización; a efecto de poder ubicar a los menores y probables responsables, es necesario girar oficio a la oficina Central Nacional de Policía Internacional INTERPOL, a efecto de que gire instrucciones a quien corresponda y se verifique si en los domicilios que proporciona el querellante de los Estados Unidos de América, se encuentran los menores y la probable responsable, para lo cual se deben anexar fotografías a color de los mismos, de la misma forma girar oficio a la compañía de Aviación Aeroméxico a fin de informe si en la fecha que menciona el ofendido los menores y la mamá de ellos utilizaron un vuelo de esa aerolínea con destino a los Estados Unidos de América.- - - - - - - - - - - - - - - - - - - - - - - - - -

- Toda vez que los hechos descritos con anterioridad por su propia naturaleza se desprenden que existe el requisito de procedibilidad previsto en el artículo 366 quáter fracción segunda último párrafo, del Código Penal Federal, que es la querella de parte ofendida, y con ello iniciar la presente averiguación Previa por el delito de Tráfico de Menor en contra de la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, y en contra de quien o quienes resulten responsables, en agravio de los menores ████████████████████████ y de JOSÉ FERNANDO CASTILLO TAPIA, previsto y sancionado en el artículo 366 quáter del Código Penal Federal, lo anterior fundamento en lo dispuesto por los artículos 14, 16, 21 y 102 Apartado "A" Constitucionales, 50 fracción I de la Ley Orgánica del Poder Judicial de la Federación; 1, 2, 3, 4, 113 fracción II último párrafo, 118, 124, 180, 206, 209 y demás relativos y aplicables del Código Federal de Procedimientos Penales, así como los artículo 1, 2, 4, 13, 20, 22 de la Ley Orgánica de la Procuraduría General de la República, así como el 1, 2, 6, 13, 27, 28 fracción V, de su mismo reglamento y que establece las atribuciones y facultades de la Unidad





**PROCURADURIA GENERAL DE LA REPUBLICA**

Especializada en Investigación de Tráfico de Menores, Indocumentados y Órganos, en relación con el artículo, por lo que como se desprende de los documentos enviados a la suscrita se trata de copias simples de notas y con la finalidad de poder actuar es necesario allegarse de mayor información a fin de seguir con la integración y estar en aptitud de poder resolver lo conducente por lo que es de acordarse y se: - - - - - - - - - - -

- - - - - - - - - - - - - - - - - - - - - A C U E R D A - - - - - - - - - - - - - - - -

- - - I N I C I E S E.- La presente Averiguación Previa correspondiente como Directa que es con motivo de lo hechos que se querellaron, posiblemente constitutivos del delito de Tráfico de Menores.- - - - - - - - - - -

- - - R E G I S T R E S E.- En el Libro de Gobierno que se lleva en esta Unidad Especializada, bajo el número consecutivo que le corresponda y practíquese las siguientes diligencias:- - - - - - - - - - - - - - - - - - - - - -

- - - - PRIMERO.- Gírese citatorio a la señora MARÍA ELENA VÁZQUEZ SAUCEDO, para los efectos de lo señalado en el cuerpo del presente asunto.- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

- - - SEGUNDO.- Gírese atento oficio a la Secretaría de Relaciones Exteriores, en base a lo señalado en el cuerpo del presente acuerdo.- - - -

- - - TERCERO.- Gírese oficio a la oficina de INTERPOL, con fundamento en los razonamientos expuestos en el presente acuerdo.- - - - - - - - - - - - -

- - - CUARTO.- Gírese oficio a la aerolínea Aeroméxico, en base a lo señalado en el cuerpo del presente asunto.- - - - - - - - - - - - - - - - - - - - -

- - - QUINTO.- Practíquense todas y cada una de las diligencias necesarias para el debido cumplimiento del presente acuerdo.- - - - - - - - - - - - - - - -

- - - - - - - - - - - - - - - - - - - - C U M P L A S E - - - - - - - - - - - - - - - - - -

ASÍ LO ACORDÓ Y FIRMA EL LICENCIADO MARTÍN MARÍN COLÍN, AGENTE DEL MINISTERIO PÚBLICO DE LA FEDERACIÓN ADSCRITO A LA SUBPROCURADURÍA DE INVESTIGACIÓN ESPECIALIZADA EN DELINCUENCIA ORGANIZADA, QUIEN ACTÚA LEGALMENTE CON TESTIGOS DE ASISTENCIA QUE AL FINAL FIRMAN Y DAN FE. - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

- - - - - - - - - - - - - - - - - D A M O S F E.- - - - - - - - - - - - - - - - - - - -

TESTIGO DE ASISTENCIA                    TESTIGO DE ASISTENCIA

LIC. SILVIA GALVÁN ORTEGA                 C. HUGO GARCÍA REYES.

**PRUEBA 4**

JOSÉ FERNANDO CASTILLO TAPIA

VS.

MARIA DEL ROSARIO MORENO VÁZQUEZ

CONTROVERSIA FAMILIAR·
EXP: 785/91

**C. JUEZ DÉCIMO DE LO FAMILIAR
EN EL DISTRITO FEDERAL
P R E S E N T E**

        JOSÉ FERNANDO CASTILLO TAPIA, promoviendo por mi propio derecho y con la personalidad que tengo acredita en autos en el expediente al rubro citado y con domicilio para oír y recibir todo tipo de notificaciones en PACIFICO 177-A-001 COLONIA LOS REYES COYOACAN MÉXICO, D. F., C.P. 04▓▓, Y autorizando para recibir, oír toda clase de notificaciones aún las de carácter personal y actuar en mi nombre a los Licenciados JORGE IVÁN GUTIÉRREZ GUERRERO y JUDITH OLMEDO AZAR, ante usted con el debido respeto comparezco para exponer:

        Que con fundamento en lo dispuesto por el título Décimo Sexto, capitulo Único de las Controversias del Orden Familiar, del Código de Procedimientos Civiles, vengo a demandar de la señora MARIA DEL ROSARIO MORENO VÁZQUEZ con domicilio en ▓▓▓▓▓▓▓▓, NAUCALPAN DE JUÁREZ, ESTADO DE MEXICO, lo siguiente:

    A) CAMBIO DE CUSTODIA DE PERSONA PARA LA GUARDA Y CUSTODIA DEL MENOR DE ▓▓▓▓▓▓▓▓ que se otorgó en razón del segundo punto resolutivo de la Sentencia Definitiva, por la que se disolvió el vinculo matrimonial, en donde su señoría dispuso "se aprueba en todas y cada una de sus partes el convenio exhibido por los solicitantes de fecha dieciocho de octubre de mil novecientos noventa y uno, que obra en foja 3 y 4 de autos, en relación al convenio citado en su segunda cláusula dice ▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓ quedara bajo la custodia de su madre MARIA DEL ROSARIO MORENO VÁZQUEZ tanto durante el procedimiento como después de que se declare ejecutoriada la sentencia que se dicte en el presente juicio de Divorcio Voluntario"

    B) LA CUSTODIA TOTAL DE LA MENOR ▓▓▓▓▓▓▓ que ejerce actualmente la C. MARIA DEL ROSARIO MORENO VÁZQUEZ, toda vez que después de dictada la sentencia definitiva en el año de 1992, CASTILLO TAPIA, JOSÉ FERNANDO y MARIA DEL ROSARIO MORENO VÁZQUEZ procreamos otra menor llamada ▓▓▓▓▓▓▓▓ necida el 10 de octubre de 19▓▓, quien en todo momento ha tenido los beneficios de cobertura médica institucional, educación privada, diversiones y esparcimiento que he dado también a mi hijo ▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓ haciéndoles efectivas y cotidianas por la vía de hechos y de derecho consuetudinario a mis menores hijos, las garantías establecidas en el convenio ya referido.

( 018

Tomando en consideración que **MARÍA DEL ROSARIO MORENO VÁZQUEZ** detenta la Custodia de los menores y, tanto la antes referida como el suscrito, tenemos la Patria Potestad.

C) El pago de los gastos y costas que el presente juicio origine

Me fundo para hacerlo en los siguientes considerandos de hecho y de derecho:

Esto aunado a que con el cumplimiento al Régimen de Convivencia Familiar, es para que se conserve estrechamente los lazos de familia, como lo previo el C. Magistrado en su ordenamiento ya referido y que actualmente hace la C. MARÍA DEL ROSARIO MORENO VÁZQUEZ, hace caso OMISO al no darle cumplimiento DOLOSAMENTE, al no dejarme convivir con mis menores hijos en las fechas señaladas, así como de cambiar de residencia sin avisarme por escrito el lugar a donde están habitando mis hijos o donde poder recogerlos, motivo por el cual con fundamento en lo dispuestos en los artículos 412, 413, 414, 415, 380 y demás relativos al Código Civil para el Distrito Federal en relación con los 940, 941, 942, 943, 944, 945, 946, 947, 948, 949 y demás relativos del Código de Procedimientos Civiles para el Distrito Federal vigente.

## H E C H O S

1.- Con fecha 29 de enero de 1992, este Décimo Juzgado emitió la sentencia definitiva en los autos del expediente número 785/91 relativos al juicio de divorcio voluntario promovido por ▓▓▓▓▓▓ por el cual resolvió en su Cláusula Primera "disuelto el vínculo matrimonial existente entre CASTILLO TAPIA JOSE FERNANDO Y MARIA DEL ROSARIO MORENO VAZQUEZ.

▓▓▓▓▓ En su segunda resolución de la sentencia definitiva, su señoría dispuso "se aprueba en todas y cada una de sus partes el convenio exhibido por los solicitantes de fecha diecisiete de octubre de mil novecientos noventa y uno, que obra en fojas 3 y 4 de autos, dándole fuerza de sentencia definitiva y formando parte de esta resolución".

▓▓▓▓▓ En su Cláusula segunda de dicho convenio se estableció lo siguiente: ".. El menor ▓▓▓▓▓ quedará bajo la custodia de su madre MARIA DEL ROSARIO MORENO VAZQUEZ tanto durante el procedimiento como después de que se declare ejecutoriada la sentencia que se dicte en el presente juicio de divorcio, esto sin dejar de resaltar que la patria potestad la ejercemos ambos.

4.- En el año de 1992, CASTILLO TAPIA JOSE FERNANDO y MARIA DEL ROSARIO MORENO VAZQUEZ, una vez ya separados procreamos una menor llamada ▓▓▓▓▓ nació el 10 de octubre de 1994, a quien reconocí como mi hija y que en todo momento ha tenido los beneficios de cobertura médica institucional, educación privada, diversiones y esparcimiento que he dado también a mi hijo ▓▓▓▓▓ haciéndolas efectivas y cotidianas por la vía de hechos y de derecho consuetudinario a mis menores hijos, las garantías establecidas en el convenio ya referido.

2

〈C 019

5.- Estableciendo su domicilio ya separados la C MARIA DEL ROSARIO MORENO VAZQUEZ, con mis menores hijos en ████████ aucalpan de Juárez, Estado de México Código Postal 53129, domicilio que es en donde vive la madre de la citada y lugar a donde yo visitaba a mis menores hijos.

6.- Siendo el caso que el día 28 de febrero del año en curso siendo las **18:10** horas, me constituí en el domicilio de ████████ Naucalpan de Juárez, Estado de México ████████ en donde me fue entregado un escrito por la Señora María Elena Vázquez Sadcedo, madre de María del Rosario Moreno Vázquez mediante el cual la señora MARIA DEL ROSARIO MORENO VAZQUEZ decía "...tuve que buscar otras medidas legales para salir de la ciudad. Por el estado delicado de salud de mi mamá y conociéndote, he decidido no dejarle ni mi dirección, ni mi teléfono. Por lo tanto, ni ella ni nadie de mis amistades tiene manera de saber en donde estamos". En razón de lo anterior traté de conseguir información sobre el paradero de mis menores hijos, por lo que se me informó que la señora MARIA DEL ROSARIO MORENO VAZQUEZ, se había ido a vivir a los Estados Unidos con mis menores hijos.

7.- En razón, de lo anterior me constituí en fecha 29 de febrero del año en curso en la ciudad de Naucalpan, Estado de México con el Agente del Ministerio Público para denunciar los hechos citados en el numeral antecedente, por lo que **se inicio el acta** ████ ero NJ/II/816/04-02 declarando ante esa autoridad mis sospechas fundadas que la señora MARIA DEL ROSARIO MORENO VÁZQUEZ, se llevó a mis menores hijos de nombre ████████ ), a los Estados Unidos de América, del mismo modo declare que el suscrito nunca dio su autorización ni el consentimiento para que estos salieran del país, por lo que desconoce de que documentos se allego para facilitar la salida del país a mis menores hijos, por lo que desde este momento solicito a su señoría, solicite por su conducto y vía oficial a la Secretaría de Relaciones Exteriores informe a la brevedad posible si expidió pasaporte a favor de la señora MARIA DEL ROSARIO MORENO VAZQUEZ, y de los menores de ████████ y en caso afirmativo se proporcione copia de los documentos que se exhibieron para dicho tramite, así como quien autoriza el permiso para que los menores salgan del país ya que el suscrito desde este momento desconoce cualquier autorización o documentación que se hubiere presentado para tales efectos.

8.- Por investigaciones hechas por el suscrito me entere por personal de la escuela a donde estudiaban mis hijos, que MARIA DEL ROSARIO MORENO VAZQUEZ con mis menores hijos, salieron del país el 27 de febrero del 2004, por vía aérea, utilizando los servicios de la empresa Aeroméxico, en el vuelo 616 con destino ATLANTA, GEORGIA, por que desde este momento solicito a su señoría, solicite a la empresa citada informe si tiene registrada en sus bitácoras en esa fecha y vuelo salida de la señora MARIA DEL ROSARIO MORENO-VAZQUEZ, y de los menores de nombre ████████ a fin de corroborar mi dicho que los menores abandonaron el país en esa fecha.

020

9.- Expongo a su Señoría, en abundamiento a lo anterior, que me presente en l la Secretaría de Relaciones Exteriores para saber si se había expedido pasaporte a favor de mis ▇▇▇ enores hijos de nombre ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, por lo que una persona de esa oficina me informo verbalmente, cuando le dije el problema y pregunte sobre la expedición del o los pasaportes, que dichos pasaportes se habían expedido en fecha 17 de febrero del año 2004, inquiriéndole que el suscrito no había ni ha otorgado ninguna autorización para que mis hijos salieran del país y que si había algún mandamiento judicial, diciéndome que había una firma como padre en donde se otorgó dicho permiso, lo cual no es cierto y por eso desde este momento solicito a su Señoría que por su conducto se recabe la información relacionada con la expedición de dicho documento así como se proporcionen copias certificadas de los documentos que se exhibieron en caso de haberse realizado dicho documento.

10.- Por lo antes narrado se observa por parte de la señora MARIA DEL ROSARIO MORENO VAZQUEZ que esta incumpliendo con esto la EJECUCION DE SENTENCIA por consecuencia el REGIMEN DE VISITAS FAMILIAR para el suscrito con mis menores hijos. Por lo que el suscrito solicito el cambio de Custodia por lo que se refiere a ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ y la CUSTODIA TOTAL de ▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇ ambos menores de edad.

11.- Es de resaltar que el suscrito teme por la seguridad de mis menores hijos ya que desconozco su forma de vivir o con quien convivan ya que la señora ▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ no tiene trabajo en dicho lugar además que esta jamás me comento que quisiera abandonar el país ni mucho menos que se pensaba llevar a mis menores hijos, poniendo en riesgo total y lamamente la integridad física, psíquica y emocional de mis menores hijos, ya que estos requieren de la convivencia con el suscrito y considerando, también, que tengo el deber y derecho a convivir con mis menores hijos para que tengan un buen desarrollo, además de que deben de contar con el cariño, cuidado y protección de su padre y que la señora MARIA DEL ROSARIO MORENO VAZQUEZ, a demandada NO debe impedir esta relación paterno filial con mis menores hijos Luis Fernando y ▇▇▇▇ de Fátima, ambos de apellido Castillo Moreno, ya que ésta ha demostrado su cinismo al negarse a cumplir un mandamiento judicial así como a desacatarlo.

12.- La persona que puede recibir esta demanda y notificarla a MARIA DEL ROSARIO MORENO VÁZQUEZ es su madre, la señora MARÍA ELENA VÁZQUEZ SAUCEDO, QUE VIVE EN EL LUGAR DONDE HABITABAN mis menores hijos y que es en ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Naucalpan de Juárez, Estado de México ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ y que seguramente saben el lugar a donde se encuentra o ▇▇ ienen comunicación con la señora MARIA DEL ROSARIO MORENO VAZQUEZ.

13.- Me remito manifestar que el suscrito no ha dado ninguna autorización por ese to en estar de acuerdo que cambiara de residencia los menores y mucho menos que abandonaran el país. Dándose con esto no permitirme verlos y convivir con ellos violentando así una Resolución Judicial al no dar cumplimiento a esta.

14.- Debido a los hechos ya citados, hago de su conocimiento que en su oportunidad y por escrito el día tres de marzo del año en curso, presente ante la autoridad competente la solicitud para la aplicación de la Convención de la Haya Sobre los Aspectos

4

Civiles de la Sustracción Internacional de Menores, cuya finalidad es la de repatriar a los menores que son sacados ilegalmente de su país de origen.

## D E R E C H O S

Son aplicables los artículos 25, 412, 413, 414, 415, 380 y demás relativos al Código Civil para el Distrito Federal en relación con los 940, 941, 942, 943, 944, 945, 946, 947, 948, 949 y demás relativos del Código de Procedimientos Civiles para el Distrito Federal vigente.

## P R U E B A S

Ofrezco como pruebas de mi parte, con fundamento en lo dispuesto en el artículo 278, 279, 281, 283, 284, 284Bis, 285, 286, 288, 289, 291, 292, 293, 295, 296, 297, y demás relativas del Código de Procedimientos Civiles para el Distrito Federal.

1.- **DOCUMENTAL PUBLICA.-** Copia simple de la Sentencia Definitiva del expediente 785/91, relativos al juicio de divorcio voluntario, así como del Convenio exhibido por las partes de fecha 18 dieciocho de octubre del año mil novecientos noventa y uno, formando parte de esa resolución de sentencia, toda vez que obra copia certificada en el expediente al rubro citado, prueba que la relaciono con los puntos uno, dos y tres.

2.- **DOCUMENTAL PUBLICA.-** Copias certificadas de las actas de nacimiento de LUIS FERNANDO y MARIA DE FATIMA ambos de apellidos CASTILLO MORENO, así como alta de atención médica y comprobantes de escuela, que son pruebas que relaciono con el punto cuatro.

3.- **DOCUMENTAL PUBLICA.-** El informe de la Secretaría de Relaciones Exteriores, por el que se requiera se informe si en esa institución recientemente se expidió pasaporte a favor de los menores ███████, así como de MARIA DEL ROSARIO MORENO VAZQUEZ y en caso afirmativo se proporcione copias certificadas de los documentos que se exhibieron para realizar dicho documento, esta prueba la relaciono con el punto número siete, para probar los medios que se utilizaron para tramitar documentos oficiales y sacar a los menores del país sin mi consentimiento o autorización judicial y en su momento notificar a dicha institución para que estos sean cancelados por haberse tramitado con medios ilícitos para conseguirlos.

4.- **DOCUMENTAL PUBLICA.-** Consistente en copia simple de la denuncia que presente en la ciudad de Naucalpan, Estado de México, ante el Agente del Ministerio Público con motivo de los hechos narrados y por lo cual se inició el acta número N.° '816/04-02, cuyo original presento en estos momentos para cotejo y que solicito se me devuelva para presentarse, en original, cuando su señoría lo requiera, por la cual hago del conocimiento de la autoridad responsable mis sospechas fundadas de que la señora MARIA DEL ROSARIO MORENO VAZQUEZ, se llevo a mis menores hijos de nombre ███████████████████████████████████████████████████████████ D, a los Estados Unidos de América, hechos que lo relaciono con el punto número siete para probar que realice denuncia con motivo de sustracción de menor

5

5.- **DOCUMENTAL PUBLICA.**- Consistente en copia de la demanda que presente ant. .a autoridad competente la solicitud para la aplicación de la Convención de la Haya Sobre los Aspectos Civiles de la Sustracción Internacional de Menores, por lo que se solicita el cambio de custodia de ▮▮▮▮▮▮▮▮▮ con la finalidad de repatriar a mis menores hijos que fueron trasladados a otro país sin la autorización correspondiente, prueba que le relaciono con todos los hechos.

6.- **DOCUMENTAL PRIVADA.**- Copia del documento que se me entrego el día que se entere que mis hijos se los había llevado la señora MARIA DEL ROSARIO MORENO VAZQUEZ, y que presento en original en estos momentos para su cotejo y que exhibiré una vez más cuando su Señoría lo solicite, solicitando la devolución del original por así convenir a mis intereses, documento que relaciono con el punto número seis.

7.- **DOCUMENTAL PRIVADA.**- El informe de la empresa denominada Aeromexico, con residencia en la ciudad de México, que requiera su Señoría para que se realice una búsqueda en sus archivos y se verifique si hay antecedentes de fecha 27 de febrero del añ. en curso en el Vuelo 636, si viajó la señora MARIA DEL ROSARIO MORENO VAZQUEZ y los menores ▮▮▮▮▮▮▮▮▮ en caso afirmativo se proporcione que documentos exhibieron para abordar ▮▮▮▮ vuelo y el destino que llevaba, prueba que la relaciono con el punto numero ocho, ▮▮ probar mi dicho que estos abandonaron el país.

8.- **LA INSPECCION JUDICIAL.**- A cargo del Personal de este juzgado y que solicito fecha para realizarla con la intención de probar que en el domicilio ubicado en ▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Naucalpan de Juárez, Estado de México ▮▮▮▮▮▮▮▮▮▮▮ domicilio que es en donde vive la madre de la citada y lugar a donde yo visitaba a mis mismos hijos, ya no se encuentran actualmente hecho que lo relaciono con el punto número cargo y seis, así como el lugar y en donde me entrego el documento por el que se me informa que la multicitada se llevaba a mis menores hijos.

9.- **LA TESTIMONIAL.**- A cargo de la misma MARIA DEL ROSARIO MORENO VAZQUEZ, para probar mi dicho que no se cumple con el Régimen de Convivencia a favor del suscrito con los menores desde el mes de febrero del año en curso e la fecha, así como el motivo para cambiar la residencia de los menores y con que autorización traslado fuera del país a mis menores hijos y el suscrito no otorgo ningún permiso por escrito ni tácito, así como si esta cuenta con alguna autorización judicial, para sacarlos del país sin avisarme, ▮▮▮ndo con esto a mi derecho a convivir con los menores, persona a la que se le puede emplazar en el domicilio de su madre de nombre MARIA ELENA VÁZQUEZ SAUCEDO, con domicilio en ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Naucalpan de Jurz, Estado de México ▮▮▮▮▮▮▮▮▮ la cual seguramente tiene comunicación con ésta o sabe donde localizaría, prueba que relaciono con los puntos diez, doce y trece.

10.- La presuncional en su doble aspecto legal y humana en todo lo que me favorezca en la presente causa que relaciono con todos y cada uno de mis hechos narrados en el cuerpo de mi demanda.

6

Por lo antes expuesto solicito:

**A USTED D. JUEZ se sirva**

000017

**PRIMERO.-** Tenga a bien acordar mi escrito, en tiempo y forma.

**SEGUNDO** Sean recepciondas todas y cada una de mis pruebas así como se de fecha para la inspección judicial solicitada.

**TERCERO.-** Se solicite por parte de ese juzgado informes a la Secretaria de Relaciones Exteriores y Aeromexico, sobre la expedición de pasaportes y si los menores y la señora MARIA DEL ROSARIO MORENO VAZQUEZ viajo por la línea de Aeroméxico con destino a Atlanta Georgia en fecha 27 de febrero del año en curso.

**CUARTO.-** Se me otorgue la custodia provisional y una vez que se concluya el presente juicio la CUSTODIA DEFINITIVA de los menores para solicitar la Repatriación de los mismos a través del Tratado de la Haya, Así como para que estos vivan conmigo sin pe  iclo que su madre los visite una vez que se realice un convenio para el nuevo régimen de convivencia familiar, ya que estos también requieren del afecto de la madre.

**QUINTO-** Una vez que se tenga información acerca la expedición de los pasaportes a favor de los menores, y que pruebe los medios ilícitos que se utilizaron para tramitarlos, su señoría se sirva informar a la Secretaria de Relaciones Exteriores para que se cancelen por haberse obtenido indebidamente.

**SEXTO.-** Acordar de conformidad lo solicitado por estar apegado a derecho en una recta procuración de justicia esto es valorar todas y cada una de las manifestaciones referidas que se mencionaron, así como de las que se desprendan de las mismas

**A T E N T A M E N T E**

**JOSE FERNANDO CASTILLO TAPIA.**

7

**PRUEBA 5**

026

Fernando:

No podrás negar que yo intenté hacer las cosas correctamente, pero tu postura fue como de costumbre, cerrada. Por eso tuve que buscar otras medidas legales para salir de la ciudad.

Por el estado delicado de salud de mi mamá, y conociéndote, he decidido no dejarle ni mi dirección, ni mi teléfono. Por lo tanto, ni ella ni nadie de mis amistades tiene manera de saber en donde estamos. Sin embargo, yo voy a comunicarme con ella para cerciorarme que está bien.

También me voy a comunicar contigo en próximos días. Espero que pienses bien las cosas, y podamos hablar civilizadamente para poder acordar las visitas de los niños contigo. Por lo pronto sabes el correo electrónico de Gigio, puedes comunicarte con ellos así, y yo haré que Gigio te conteste. Por su seguridad no te preocupes, van a estar perfectamente y nada les va a faltar.

Rosario

**PRUEBA 6**

CEDULA PROF. 316178
CEDULA DE CMR 0052 48-0805
DONCELES 84-B    TEL. 910-8
MEXICO 1, D. F.

CONVENIO QUE PRESENTAN LOS SEÑORES: JOSE FERNAN
DO CASTILLO TAPIA Y MARIA DEL ROSARIO MORENO --
VAZQUEZ A LA CONSIDERACION DEL C. JUEZ DE LO FA
MILIAR EN EL JUICIO DE DIVORCIO VOLUNTARIO PRO-
MOVIDO.

CLAUSULAS.-

PRIMERA.- La Patria Potestad de nuestro menor hijo
██████████ será ejercitada en todo tiempo por sus pa--
dres los suscritos José Fernando Castillo Tapia y María del Ro-
sario Moreno Vasques y sólo la perderán en la forma y términos-
que fija la Ley a este respecto.

SEGUNDA.- El menor ██████████ quedará bajo -
la custodia de su madre señora María del Rosario Moreno Vásquez
tanto durante el procedimiento como después de que se declare -
ejecutoriada la sentencia que se dicte en el presente juicio de
Divorcio Voluntario.

TERCERA.- El señor José Fernando Castillo Tapia se obliga a pa-
gar a la señora María del Rosario Moreno Vásquez a título de --
alimentos para ella y su menor hijo la suma de $ 2'500,000.00 -
(DOS MILLONES QUINIENTOS MIL PESOS MONEDA NACIONAL)., mensuales
que se harán efectivos tanto durante el procedimiento como ---
una vez declarada ejecutoriada la sentencia, suma que se aumen-
tará en los términos del artículo 311 del Código Civil.

CUARTA.- Tanto durante el procedimiento como después de ejecu-
toriada la sentencia, la casa que servirá de habitación a la se-
ñora María del Rosario Moreno Vásquez y a su menor hijo que que-
da bajo su custodia está ubicada en Zempoala No. 70 Departamen-
to 4, en la Colonia Narvarte de ésta Ciudad.- Cualquier cambio-
de domicilio que verifique la divorciante en lo sucesivo lo par
ticipará por escrito al señor José Fernando Castillo Tapia para
que este pueda tener conocimiento oportuno de ello.

QUINTA.- El señor José Fernando Castillo Tapia podrá visitar a-
su hijo Luis Fernando Castillo Moreno todos los días de la sema
na en el domicilio antes indicado, podrá pasar por el para lle-
varlo e la Escuela pero sin interferir las horas de sueño, estu
dios ó alimentos del menor.- El señor José Fernando Castillo --
Tapia, podrá pasar por su hijo el menor ██████████
██████ los días sábados y regresarlo al domingo de cada quince-
na.

023

000020

2

SEXTA.- El señor José Fernando Castillo Tapia, podrá salir de vacaciones llevando a su menor hijo quince días en el periodo vacacional de verano de cada año y la mitad del periodo vacacional de Invierno.- Por su parte la señora María del Rosario Moreno Vásquez se obliga a dar toda clase de facilidades para que se lleven a afecto las salidas del menor en ésta cláusula estipuladas.

SEPTIMA.- El matrimonio se contrajo bajo el Régimen de Separación de Bienes, por lo que no es objeto de celebrar convenio-alguno sobre disolución de sociedad.

México, D.F. a    de Octubre de 1991.-

JOSE FERNANDO CASTILLO TAPIA.-          MARIA DEL ROSARIO MORENO VAZ-
                                        QUEZ.-

**PRUEBA 7**





# OPERADORA DE COLEGIOS
## LA SALLE, S.C.

C9902

RDÍN DE NIÑOS
ALLE BELLAVISTA
us Alborada No. 4
uz del Monte Naucalpan
Tel. 5393-2836

RDÍN DE NIÑOS
ALLE BOULEVARES
dina del Ken No. 2
ulevares Naucalpan
Tel: 5393-3681

RDÍN DE NIÑOS
LA SALLE
IENDA ARBOLEDAS
urno de Perdiz No. 70
royazgos del Bosque
span Tel: 5379-5888

LEGIO LA SALLE
BELLAVISTA
rua Alborada No. 4
ruz del Monte Naucalpan
Tel     2836

LEGIO LA SALLE
BOULEVARES
PRIMARIA
olina de Jades No. 1
ulevares Naucalpan
Tel. 5572-0635

LEGIO LA SALLE
IENDA ARBOLEDAS
orno de Perdiz No. 70
voyazgos del Bosque,
tapán, Tel. 5379-5633

UNDARIA LA SALLE
BOULEVARES
var Adolfo López Mateos
No. 200
ulevares, Naucalpan
Tel. 5343-5419

UNDARIA LA SALLE
IENDA ARBOLEDAS
no de Perdiz No. 70
ar     Bosque,
tapán     5397-5680

ARATORIA LA SALLE
UNTF     IMOROSA
a de L     oreno No. 70
ulevares, Naucalpan
L 5560-0555 / 03-30

ARATORIA LA SALLE
NTEL ENCOMIENDA
1 de la Encomienda No. 1
ulevares, Naucalpan
L 5560-5093 / 50-94

ARATORIA LA SALLE
ARBOLEDAS
orno de Perdiz No. 70
ayorazgos del Bosque,
tapán Tel. 5379-0747
5379-7428

Naucalpan de Juárez, 16 de marzo de 2004.

**A QUIEN CORRESPONDA:**

La que suscribe, Profra. Ana Cecilia Esquivel Hernández Directora del Colegio La Salle Bulevares clave 15PPR... 34M, certifica que la alumna _____ estuvo inscrita en esta Colegio durante el curso escolar 2002-2003 en 2° grado y en 2003/2004 en 3er. grado hasta el día 26 de febrero de 2004 apareciendo en los registros oficiales como su padre el Sr. José Fernando Castillo Tapia.

La presente se extiende a los quince días del mes de marzo de dos mil cuatro, para los fines convenientes.



**ATENTAMENTE**

Profra. Ana Cecilia Esquivel Hernández
**DIRECTORA**

**OFICINAS GENERALES**
Colina de Jades No. 1 Boulevares Naucalpan Tel. 5572-0188 5393-3619 5393-5834

**PRUEBA 8**

México, Distrito Federal, a veintinueve de enero

de mil novecientos noventa y dos. - - - - - - -

- - - - -V I S T O S, para resolver en DEFINITIVA

los autos del expediente número 785/91, relativos

al juicio de DIVORCIO VOLUNTARIO, promovido por-

CASTILLO TAPIA JOSE FERNANDO Y MARIA DEL ROSARIO-

MORENO VAZQUEZ, y; - - - - - - - - - - - - - - -

- - - - - - -C O N S I D E R A N D O: - - - - - -

- - - -I.- JOSE FERNANDO CASTILLO TAPIA Y MARIA

DEL ROSARIO MORENO VAZQUEZ, en términos de su es-

crito inicial presentado el día veinticuatro de -

octubre de mil novecientos noventa y uno, promo--

vieron juicio de DIVORCIO VOLUNTARIO, exhibiendo-

el convenio al que se refiere el artículo 273 del

Código Civil, en el cual quedó establecida, la for

ma en que el Divorciante cubrirá alimentos a su -

menor hijo, y a la Divorciante en términos de la-

cláusula Tercera; dicha Pensión quedó garantizada,

con la Póliza de Fianza número 1408232 expedida -

por Credito Afianzador, S.A. Compañia Méxicana de

Garantias, de fecha veintiocho de noviembre de --

mil novecientos noventa y uno que obra a folios -

21 de autos. - - - - - - - - - - - - - - - - - - -

- - -II.- Celebradas que fueron las dos jun--

tas de avenencia exigidas por la Ley, no fue posi

ble lograr reconciliación alguna entre ambos di--

vorciantes; por consiguiente se le dió vista con-

lo actuado al C. Agente del Ministerio Público, -

adscrito al Juzgado quien manifestó su no oposi--

Juzgado _____ de

DECIMO
lo Familiar

Secretaria

A
785/91
Exp.

Nicio Núm. _____



2    031    D.F.(T.S. de J Juez-F

C00029

Juzgado ............ de

**DECIMO**
**lo Familiar**

.................... Secretaria

A

Exp. **785/91**

Oficio Num. ........................

- - - -SEGUNDO.- Se aprueba en todas y cada u
de sus partes el convenio exhibido por los soli
tantes de fecha dieciocho de octubre de mil nov
cientos noventa y uno, que obra a fojas 3 y 4 d
autos, dándosele fuerza de Sentencia Definitiva
y formando parte de esta resolución. - - - - -
- - - -TERCERO.- Ambos divorciantes recobran
entera capacidad para contraer nuevo matrimonio
pero no podrán hacerlo sino transcurrido el térm
no de un año, a partir de que cause ejecutoria :
presente resolución. - - - - - - - - - - - -
- - - -CUARTO.- Oportúnamente cúmplase con lo
dispuesto por el artículo 682 del Código de Proc
dimientos Civiles. - - - - - - - - - - - - -
- - - -QUINTO.- NOTIFIQUESE. - - - - - - - - -
- - - ASI DEFINITIVAMENTE, Juzgando, lo re
solvió y firmó la C. Juez Décimo, de lo Familiar
del Distrito Federal, quién actúa en unión del C
Secretario de Acuerdos que autoriza y da fé. DOY
FE. - - - - - - - - - - - - - - - - - - - - -

rivr.

032

27

000023

ción a la solicitud y a la aprobación del Convenio-

respectivo, por lo que se citó a los comparecientes

para oír Sentencia. - - - - - - - - - - - - - -

- - - - - III.- El matrimonio de los promoventes y-

el nacimiento de su menor hijo procreado durante el

mismo de nombre; ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ fue-

ron debidamente acreditados con la exhibición del -

acta de matrimonio y de nacimiento respectiva, las

cuales hacen prueba plena conforme a lo dispuesto-

por los artículos 39 y 50 del Código Civil, 327 ---

fracción IV y 403 del Código de Procedimientos Civi

les.- - - - - - - - - - - - - - - - - - - - - -

- - - -IV.- La causal invocada por los divorcian-

tes consistentes en la disolución del vínculo matri

monial por MUTUO CONSENTIMIENTO, establecida en el-

artículo 267 fracción XVII del Código Civil, fue de

bidamente cumplimentada, por lo que debe decretarse

el Divorcio citado. - - - - - - - - - - - - - -

- - - - POR lo expuesto y fundado es de resolver-

se y - - - - - - - - - - - - - - - - - - - - -

- - - - - - - R E S U E L V E : - - - - - - - -

- - - -PRIMERO.- Se declara disuelto el vínculo -

matrimonial existente entre los señores JOSE FERNAN

DO CASTILLO TAPIA Y MARIA DEL ROSARIO MORENO VAZQUEZ

celebrado en la Ciudad de México, Distrito Federal-

el día once de mayo de mil novecientos ochenta y ---

cinco, bajo el Régimen de Separación de bienes, el-

cual se encuentra inscrito en el Juzgado 20, Foja -

1489, Año de registro 1985. - - - - - - - - - - M.6

Copias que tengan
el sello 6.
divorciado.

**PRUEBA 9**

033

0003

**ACTA DE NACIMIENTO**
MARU562508

GOBIERNO DEL DISTRITO FEDERAL
México, la Ciudad de la Esperanza

| | CURP | | | | | |
|---|---|---|---|---|---|---|
| 09 | 016 | 07 | 89 | 01433 | 8 | |

| ENTIDAD | DELEGACION | JUZGADO | ACTA | AÑO | CLASE | FECHA DE REGISTRO | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | DIA | MES | AÑO |
| 09 | 06 | OC | 01433 | 1989 | NA | 03 | 09 | 89 |

**REGISTRADO**

NOMBRE:
FECHA DE NACIMIENTO ▓▓▓▓ 1989                    HORA 12:39
LUGAR DE NACIMIENTO LOMAS VIRREYES, MIGUEL HIDALGO DISTRITO FEDERAL
FUE PRESENTADO: VIVO [X]  MUERTO [ ]   SEXO: MASCULINO [X]  FEMENINO [ ]
COMPARECIO: EL PADRE [ ]  LA MADRE [ ]  AMBOS [X]  EL PROPIO REGISTRADO [ ]  PERSONA DISTINTA [ ]

**PADRES**

NOMBRE DEL PADRE      JOSE FERNANDO CASTILLO TAPIA
NACIONALIDAD          MEXICANA              OCUPACION EMPL. FEDERAL  EDAD 30 AÑOS
NOMBRE DE LA MADRE    MARIA DEL ROSARIO MORENO VASQUEZ
NACIONALIDAD          MEXICANA              OCUPACION SU HOGAR       EDAD 27 AÑOS
DOMICILIO(S)                                               DISTRITO FEDERAL

**ABUELOS**

ABUELO PATERNO        FERNANDO CASTILLO FERNANDEZ
NACIONALIDAD          MEXICANA
ABUELA PATERNA        ESTELA TAPIA CORDERO
NACIONALIDAD          MEXICANA
DOMICILIO(S)                                               DISTRITO FEDERAL
ABUELO MATERNO        ENRIQUE MORENO RUBIALES
NACIONALIDAD          MEXICANA
ABUELA MATERNA        MARIA ELENA VAZQUEZ SAUCEDO
NACIONALIDAD          MEXICANA
DOMICILIO(S)                                               NAUCALPAN, MEXICO

**TESTIGOS**

NOMBRE               JOSE ALFREDO AGUILAR FLORES
NACIONALIDAD         MEXICANA              EDAD 23 AÑOS
DOMICILIO            DR.GARCIA DIEGO 35-5, DOCTORES, CUAUHTEMOC, DISTRITO FEDERAL
NOMBRE               RODOLFO FLORES DIAZ
NACIONALIDAD         MEXICANA              EDAD 30 AÑOS
DOMICILIO            DR. GARCIA DIEGO 14-14, DOCTORES, CUAUHTEMOC, D.F.

SE DIO POR TERMINADO EL ACTO Y FIRMAN LA PRESENTE, PARA CONSTANCIA, LOS QUE EN
ELLA INTERVINIERON Y SABEN HACERLO Y LOS QUE NO, IMPRIMEN SU HUELLA DIGITAL. SE
CIERRA EL ACTA QUE SE AUTORIZA DOY FE.-
LIC. RAFAEL DOMINGUEZ MORFIN.- CUATRO FIRMAS ILEGIBLES RUBRICAS.-

HUELLA DIGITAL DEL REGISTRADO.-

ES COPIA FIEL DE SU ORIGINAL QUE EXPIDO EN LA
CIUDAD DE MEXICO, A 04 DE MARZO    DE 2004
EL C. JUEZ CENTRAL DEL REGISTRO CIVIL EN EL
DISTRITO FEDERAL.

LIC. ERNESTO PRIETO ORTEGA.-

4521638



**PRUEBA 10**



**PRUEBA 11**

Photo Redacted

Photo Redacted

**PRUEBA 12**

Photo Redacted

**PRUEBA 13**

Photo Redacted

Photo Redacted

Photo Redacted

**PRUEBA 14**

Photo Redacted

**PRUEBA 15**



00003

PROCURADURIA GENERAL DE LA REPUBLICA
S. I. E. D. O. UNIDAD ESPECIALIZADA EN INVESTIGACION DE
TRAFICO DE MENORES, INDOCUMENTADOS Y ORGANOS.

En la Ciudad de *México, D. F.* a *20* de *Marzo* de 2004.
El suscrito Licenciado *Letisio Ocampo Ortega*
Agente del Ministerio Público de la Federación, CERTIFICA que las presentes copias
constan de *Una* fojas útiles son fiel y exacta reproducción de su original, mismo
que se tuvo a la vista DAM S/FE.

CETIO OCAMPO
Agente del Ministerio Público de la Federación

Hugo García Reyes

**PRUEBA 16**



044

UNIDAD ESPECIALIZADA EN INVESTIGACIÓN DE TRÁFICO, DE MENORES, INDOCUMENTADOS Y ÓRGANOS

A.P.: PGR/SIEDO/UEITMIO/013/2004.
OFICIO: UEITMIO/162/04.

ASUNTO: EL QUE SE INDICA.

México, Distrito Federal a 29 de marzo de 2004.

C. MARÍA ELENA VÁZQUEZ SAUCEDO.
RETORNO SAN JORGE NÚMERO 9 FRACCIONAMIENTO LOMAS VERDES, NAUCALPAN, ESTADO DE MÉXICO, C.P. 53120.
P R E S E N T E.

Con fundamento en lo dispuesto por los artículos 14, 16, 21 y 102 Apartado "A" y 124 de la Constitución Política de los Estados Unidos Mexicanos; 4 de la Ley Orgánica de la Procuraduría General de la República; 1, 2, 125, 79, 74, 76, 77, 245, 242, 243, del Código Federal de Procedimientos Penales, y 1 y 28 fracción V del Reglamento de la propia ley, solicito Usted tenga a bien presentarse ante esta Unidad en calidad de Testigo, a efecto de comparecer y declarar en relación a los hechos relacionados con la presente, el próximo día 07 de abril de 2004 dos mil cuatro, a las 11:00 once horas, en las oficinas que ocupen esta Unidad, ubicadas en Avenida Paseo de la Reforma número 23, tercer piso, Colonia la Tabacalera, Delegación Cuauhtémoc, de esta ciudad.

Agradeciendo la atención a la presente, enviándole un cordial saludo.



A T E N T A M E N T E
"SUFRAGIO EFECTIVO, NO REELECCIÓN"

EL C. AGENTE DEL MINISTERIO PÚBLICO DE LA FEDERACIÓN

LIC. MARTÍN MARÍN COLÍN.

PROCURADURÍA GENERAL DE LA REPÚBLICA
SUBPROCURADURÍA DE INVESTIGACIÓN
ESPECIALIZADA EN DELINCUENCIA
ORGANIZADA
UNIDAD ESPECIALIZADA

C.c.p. ING. MIGUEL ÁNGEL COLORADO GONZÁLEZ, COORDINADOR TÉCNICO DE LA SIEDO.
Para que agregue elementos y sea enterado del citatorio al destinatario PRESENTE.



R E C I B I D O
P. G. R.
★ ABR 2 2004 ★
S. I. E. D. O.
COORDINACIÓN TÉCNICA

**PRUEBA 17**







UNIDAD ESPECIALIZADA EN INVESTIGACIÓN DE TRÁFICO, DE MENORES, INDOCUMENTADOS Y ÓRGANOS.
A.P.: PGR/SIEDO/UEITMIO/013/2004.
OFICIO UEITMIO/163/04.

ASUNTO: EL QUE SE INDICA.

México, Distrito Federal a 29 de marzo de 2004.

C. DR. LUIS ERNESTO DERBEZ.
SECRETARIO DE RELACIONES EXTERIORES.
PRESENTE

Con fundamento en lo dispuesto por los artículos 14, 16, 21 y 102 Apartado "A" y 124 de la Constitución Política de los Estados Unidos Mexicanos; 4 de la Ley Orgánica de la Procuraduría General de la República; 1, 2, y 180 del Código Federal de Procedimientos Penales, y 1,2, 27 fracción V, 28 fracción I del Reglamento de la propia ley; solicito a Usted tenga a bien girar instrucciones a quien corresponda a efecto de que se informe a esta autoridad, si en el transcurso de este año se realizaron trámites de expedición de pasaporte, al parecer en la Delegación de esa Institución en Naucalpan, Estado de México, a favor de los menores ███████ respectivamente y a favor de MARÍA DEL ROSARIO MORENO VAZQUEZ, madre de los menores, en caso afirmativo enviar fotocopias certificadas de dicho documento, así como fotocopia certificada de los documentos y solicitud que se presentaron para la tramitación de dichos documentos; no omito manifestarle a Usted que la información solicitada sea enviada a las oficinas que ocupan esta Unidad, ubicadas en Avenida Paseo de la Reforma número 75, tercer piso, Colonia la Tabacalera, Delegación Cuauhtémoc, de esta ciudad.

Agradeciendo la atención a la presente, enviándole un cordial saludo.

ATENTAMENTE
"SUFRAGIO EFECTIVO. NO REELECCIÓN"

EL C. AGENTE DEL MINISTERIO PÚBLICO DE LA FEDERACIÓN

LIC. MARTIN MARÍN COLÍN.

C.c.p. ING. MIGUEL ÁNGEL COLORADO GONZÁLEZ. COORDINADOR TÉCNICO DE LA SIEDO.
Para que designe elementos y sea entregado al destinatario. PRESENTE.

**PRUEBA 18**

046

000035

UNIDAD ESPECIALIZADA EN
INVESTIGACIÓN DE TRÁFICO, DE
MENORES, INDOCUMENTADOS Y
ÓRGANOS.
A.P. PGR/SIEDO/UEITMIO/013/2004.
OFICIO UEITMIO/164/04.

ASUNTO: EL QUE SE INDICA.

México, Distrito Federal a 29 de marzo de 2004.

C. DIRECTOR DE ASUNTOS POLICIALES INTERNACIONALES
E INTERPOL.
PRESENTE

Con fundamento en lo dispuesto por los artículos 14, 16, 21 y 102 Apartado "A" y
124 de la Constitución Política de los Estados Unidos Mexicanos; 4, 20 y 21 de la
Ley Orgánica de la Procuraduría General de la República; 1, 2, y 180 del Código
Federal de Procedimientos Penales; 1, 2, 27 fracción V, 28 fracción V del
Reglamento de la propia ley; solicito a usted tenga a bien girar instrucciones a
quien corresponda a efecto de que se pongan en contacto con su homólogo o
autoridad policial en los Estados Unidos de América, a efecto de verificar si en ese
país se encuentran los menores _____ respectivamente, con fecha de nacimiento
31 agosto de 1989 y 10 de octubre de 1984 respectivamente, y de la madre de
ellos MARÍA DEL ROSARIO MORENO VÁZQUEZ, quien al parecer se encuentra
en los siguientes domicilios: _____ Smiths, AL, y
_____, Phenix City AL, _____ Columbus, GA _____
_____ Springs, Mich., en ese ultimo del ubicado en _____
NY _____ y que, propiedad o registrado
a nombre del señor RONALD COSLETT TEBELMAN al parecer se caso la señora
MARÍA DEL ROSARIO MORENO VÁZQUEZ

Por otro lado a efecto de poder contar con mayores datos anexo a la presente
fotografías a color, de los menores y probable responsable, para la mejor
ubicación; no omito manifestarle a Usted que la información solicitada sea enviada a
las oficinas que ocupan esta Unidad ubicadas en Avenida Paseo de la Reforma
número 23, tercer piso, Colonia la Tabacalera, Delegación Cuauhtémoc, de esta
ciudad.

Agradeciendo la atención a la presente, enviándole un cordial saludo.

ATENTAMENTE
"SUFRAGIO EFECTIVO, NO REELECCIÓN"

EL C. AGENTE DEL MINISTERIO PÚBLICO DE LA FEDERACIÓN

LIC. MARTÍN BELEN COLÍN.

RECIBIDO
ABR 02 2004
OFICIALIA DE PARTES

C.c.p. ING. MIGUEL ÁNGEL COLORADO GONZÁLEZ, COORDINADOR TÉCNICO DE LA SIEDO.
Para que designe elementos y sea entregado oportunamente. PRESENTE.

**PRUEBA 19**





UNIDAD ESPECIALIZADA EN
INVESTIGACIÓN DE TRÁFICO, DE
MENORES, INDOCUMENTADOS Y
ÓRGANOS.
A.P.: PGR/SIEDO/UEITMIO/013/2004.
OFICIO UEITMIO/165/04.

ASUNTO: EL QUE SE INDICA.

México, Distrito Federal a 29 de marzo de 2004.

C. DIRECTOR JURÍDICO DE AEROVÍAS DE MÉXICO S.A DE C.V.
PRESENTE

Con fundamento en lo dispuesto por los artículos 14, 16, 21 y 102 Apartado "A" y
124 de la Constitución Política de los Estados Unidos Mexicanos; 4 de la Ley
Orgánica de la Procuraduría General de la República; 1, 2, y 180 del Código
Federal de Procedimientos Penales; 1,2, 27 fracción V, 28 fracción V del
Reglamento de la propia ley; solicito a Usted tenga a bien girar instrucciones a
quien corresponda a efecto de que informe a esta representación social de la
Federación si el día 27 de febrero de 2004, los menores _____ respectivamente,
con fecha de nacimiento 31 agosto de 1993 y 10 de octubre de 1994
respectivamente, y de la madre de ellos MARÍA DEL ROSARIO MORENO
VÁZQUEZ, abordaron el vuelo 636 con destino a Atlanta, Georgia, Estados Unidos
de América; no omito manifestar a Usted que la información solicitada sea enviada
a las oficinas que ocupan esta Unidad ubicados en Avenida Paseo de la Reforma
número 23, tercer piso, Colonia la Tabacalera, Delegación Cuauhtémoc, de esta
ciudad.

Agradeciendo la atención a la presente, enviándole un cordial saludo.

ATENTAMENTE
"SUFRAGIO EFECTIVO. NO REELECCIÓN"
EL C. AGENTE DEL MINISTERIO PÚBLICO DE LA FEDERACIÓN

LIC. MARTA MARÍN COLÍN.



**PRUEBA 20**



048



A.P. SIEDO/UEITMIO/013/2004.

### DECLARACION DEL TESTIGO MA ELENA VÁZQUEZ SAUCEDO.

C00039

- - - En la Ciudad de México Distrito Federal, siendo 11:15 once horas con quince minutos del día 07 siete de abril de 2004 dos mil cuatro, ante el suscrito Licenciado MARTÍN MARÍN COLÍN, agente del Ministerio Público de la Federación adscrito a la Unidad Especializada en investigación de Tráfico de Menores, Indocumentados y Órganos, quien actúa en forma legal con testigos de asistencia que al final firman y dan fe, comparece el C. MA ELENA VÁZQUEZ SAUCEDO, quien se identifica con la credencial del insen con número 2874204-B con fotografía la cual concuerda con los rasgos físicos del emitente, la cual expedida por el instituto Nacional de la Senectud, cual con fundamento en el artículo 208 del Código Federal de Procedimientos Penales, se DA FE de tener a la vista, y se ordena devolver al exhibente por no haber impedimento legal alguno para ello, agregándose copia debidamente certificada del mismo a las presentes actuaciones para constancia legal. A continuación se le hace saber al compareciente el contenido del artículo 127 Bis del Código Federal de Procedimientos Penales en relación a que tiene derecho a estar debidamente asistido por un abogado que para el efecto se nombre por lo que en este momento nombra al LIC. EDUARDO RUÍZ DE CHÁVEZ CERVANTES, Licenciado en Derecho quien se identifica, con cédula profesional número 1858188 expedida por la Dirección General de Profesiones con fotografía, la cual se da fe y se devuelve, persona a quien se le PROTESTA que se conduzca con la verdad, y no se le advierte de las penas por ser perito en la materia y por sus generales manifestó llamarse como ha quedado escrito ser de 36 años de edad, estado civil soltero, religión católica, grado escolar Licenciatura en Derecho ocupación litigante , con domicilio la quemada 427, Colonia narvarvarte, C.P. 03020, de esta ciudad, teléfono 55321356; acto seguido se procede a PROTESTAR al testigo en términos de los artículos 247 fracción I del Código Penal Federal y 247 del Código Federal de Procedimientos Penales, a fin de que se conduzca con verdad en la presente diligencia en la que va a intervenir y se le advierte de las penas que se hacen acreedores los que declaran con falsedad ante una autoridad distinta de la judicial en ejercicio de sus funciones, quien por generales manifestó llamarse como a quedado escrito ser 71 años de edad, estado civil casada, grado escolar Doctorado en Farmacología, ocupación agente de Seguros,

049

37

C00040

religión católica, originaria de Tlaxcala, Tlaxcala, con domicilio en ▮▮▮▮▮▮ Naucalpna, Estado de México ▮▮▮▮▮▮ y de conformidad con los artículos 242, 247, 248, del Código Federal de Procedimientos Penales, declara lo siguiente: - - - - - - - - - - - - - - - - - - - - - -
- - - - - - - - - - - - - - - - - - D E C L A R O : - - - - - - - - - - - - - - - - - -
- - - Que comparezco voluntariamente ante esta Representación Social de la Federación, en razón del citatorio que me fue girado y después de enterarme el motivo de mi comparecencia, manifiesto que soy madre de MARÍA DEL ROSARIO MORENO VÁZQUEZ, quien estuvo casada con el señor JOSÉ FERNADO CASTILLO TAPIA, con la cual procrearon a dos hijos de nombres ▮▮▮▮ ▮▮▮▮▮▮▮ años de edad respectivamente, actualmente están divorciados, y manifiesto que efectivamente el día 26 de febrero de 2004, siendo aproximadamente las 17:00 o 18:00 horas, llegó a mi domicilio el señor FERNANDO CASTILLO TAPIA y al parecer ese día iba a ver a sus hijos ▮▮▮▮▮▮▮▮▮▮▮▮▮ ya que aproximadamente era cada 15 días cuando los visitaba, al llegar me pregunto por sus hijos, le dije que están, y fue en ese momento que le entregué una carta, que estaba en un sobre cerrado del trabajo de mi hija, al parecer tenía el logotipo de la compañía donde trabajaba mi hija, por lo cual no supe ni se el contenido de dicha carta, dicha carta me la entregó mi hija MARÍA DEL ROSARIO el día 26 de febrero de 2004, sin decirme a donde se iba, y se entendía que se llevaría a sus hijos, me entregó la carta y me dijo que dicha carta se la entregara a FERNANDO, sin decirme nada más, y es el caso que el día 27 de marzo 2004 siendo aproximadamente las 07:00 horas, ella se fue llevándose a sus hijos, reiterando que en ningún momento me dijo a que lugar se iba, señalando que cuando le pregunté a donde se iba, ella me contestó de mala gana diciéndome: "ese es mi asunto", se fue y ya no regresó, después de esa ocasión he tenido comunicación en dos o tres ocasiones, en el mes de marzo del presente año, me llamó únicamente para saber como estaba, le pregunté como estaban los niños, me contestó que bien, le pregunte donde estaba, sin decirme en que lugar se encontraba siendo en los mismos términos las llamadas, asimismo quiero manifestar que mi hija era y es extremadamente reservada, es decir casi no le conozco amigos o amistades, ni acostumbraba a llevar amigos o personas a mi casa, asimismo por lo mismo que era reservada, no se sí tenía novio, o pareja sentimental, por lo cual no tengo idea de donde pueda estar, ya que la comunicación con mi hija era nula, asimismo



quiero manifestar que en una de las ocasiones que me llamó a mi teléfono celular, sin recordar en este momento el número, pero en caso de ser necesario lo proporcionaré, y en esa ocasión traté de mantener la comunicación para saber donde estaba, pero como siempre, mi hija cortó rápido la llamada, de igual manera quiero manifestar que por que no había comunicación, no se si tenía pasaporte mi hija, ni si mis nietos tenían pasaporte, tengo un hijo de nombre WILLIAM R. MORENO VAZQUEZ, en cabo San Lucas pero él no tiene comunicación con mi hija, casi todos los días habló con mi hijo vía telefónica, y le he preguntado si sabe algo de mi hija, y me contestó que no sabe nada, ni tampoco se ha comunicado con el.Por otro lado en este momento el suscrito le pone a la vista las fotografías a color de los menores ████████████, así como de su hija MARIA DEL ROSARIO MORENO VAZQUEZ, las cuales se anexan a la presente indagatoria, las cuales los reconoce plenamente y sin temor a equivocarse, como su hija y nietos, los cuales se fueron el día 27 de febrero del presente mes de mi domicilio; siendo todo lo que tengo que declarar y previa lectura de mi dicho lo ratifico y firmo al margen para la debida constancia legal, en presencia de mi abogado, quien firma conjuntamente la presente. ---------------
-------------------- DAMOS FE. -------------------

LA DECLARANTE

C. MA. ELENA VAZQUEZ SAUCEDO.

EL ABOGADO DESIGNADO.

Lic. EDUARDO RUIZ DE CHAVEZ CERVANTES.

HUGO GARCIA REYES.          LIC. LETICIA GALVAN ORTEGA.

**PRUEBA 21**

051

37



000041

No. EXP. 28742041
NOMBRE
**MA. ELENA VAZQUEZ SAUCEDO**
FECHA DE NACIMIENTO                    1933.

DIRECTOR GENERAL

D   EL DISTRITO
DE L.  O. EN
DE JUAREZ

PROCURADURIA GENERAL DE LA REPUBLICA
S   D MEXICO O. UNIDAD ESPECIALIZADA EN INVESTIGACION DE
T   CO DE MENORES INDOCUMENTADOS Y ORGANOS.
Siendo   México   a   7 de abril   de 2004.
El   Licenciado   Martha María Colín
Ministerio Público de la Federación que CERTIFICA que las presente   c   biss
de   1 una   fojas útiles son fiel y   producc   n de su original, mismo
que se tuvo a la vista DAMOS FE.
GENERAL   B

Agente del Ministerio Público de la Federación

**PRUEBA 22**

053



**SUBPROCURADURIA DE INVESTIGACION
ESPECIALIZADA EN DELINCUENCIA ORGANIZADA**

PGR/SIEDO/UEITMIO/013/04    C00013

PROCURADURIA GENERAL
DE LA
REPUBLICA

### RECEPCIÓN DE DOCUMENTO

- - - En México, Distrito Federal, a 14 catorce de abril del 2004, Dos mil Cuatro.- - - - - - - - - - - - -
- - - T E N G A S E.- Por recibido I.-Sobre de color amarillo dirigido al Licenciado Martín Marín Colín, Agente del Ministerio Público de la Federación, adscrito a la Unidad Especializada en Investigación de Trafico de Menores, Indocumentados y Órganos, y como remitente Licenciado Mariano Meltines García, Agente del Ministerio Público de la Federación adscrito a la Dirección General de Asuntos Policiales Internacionales, Interpool, por el que se envía lo siguiente II.- Oficio número DGAPII/3818/04/0550/04-AAH de fecha 12 del mes y año en curso, documento en el que se lee "... me permito hacer mención a su oficio número UEITMIO/164/04 a través del cual solicita la colaboración de esta Dirección General a efecto de verificar si los menores [        ] así como su madre MARIA DEL ROSARIO MORENO VAZQUEZ, residen en los Estados Unidos de América. Al respecto me permito hacer de su conocimiento que esta Unidad Administrativa cuenta con un expediente administrativo relacionado con la ubicación de los menores de edad Castillo Moreno, mismo que dio inicio el 02 de marzo del año en curso, con motivo de la solicitud que presentara en esta Oficina el C. FERNANDO CASTILLO TAPIA, padre de los niños quien manifiesto tener la presunción que sus hijos habían sido trasladados a los Estados Unidos de América por su Madre María del Rosario Moreno Vázquez en virtud de lo antes descrito, esta Oficina inicio las investigaciones correspondientes, logrando detectar que los menores y su madre arribaron a la ciudad d Atlanta, Georgia, Estados Unidos de América el 27 de febrero del 2004, en el vuelo 636 de la línea aérea Aeroméxico, motivo por el cual se entablo comunicación con INTERPOL-Washington, a fin de solicitar su colaboración para la ubicación de la señora [        ] IV. [        ] El pasado 26 de marzo, INTERPOL-Washington informo a esta Unidad Administrativa que la Policía Estatal de Alabama envió a un agente investigador para entrevistar a la señora MARIA DEL ROSARIO MORENO, quien acredito tener la custodia de sus menores hijos, asimismo, refirió que el padre de los menores ha llamado para amenazarla, por lo que decidió cambiar de domicilio y de numero telefónico, motivo por el cual las autoridades estadounidenses refieren que por seguridad y bienestar de la familia no están autorizados para revelar su paradero, Por lo que con fundamento en lo dispuesto en el articulo 206 y 209 del Código Federal de Procedimientos Penales se de fe de tener e la vista y se ordena sean agregados a la actuaciones para que surtan sus efectos legales a que haya lugar.-
- - -ASÍ LO ACORDÓ Y FIRMA LA C. LICENCIADA LETICIA GALVAN ORTEGA, AGENTE DEL MINISTERIO PUBLICO DE LA FEDERACION, ADSCRITA A LA UNIDAD ESPECIALIZADA EN INVESTIGACION DE TRAFICO DE MENORES, INDOCUMENTADOS Y ORGANOS, QUIEN ACTÚA EN FORMA LEGAL CON TESTIGOS DE ASISTENCIA QUE AL FINAL FIRMAN Y DAN

- - - - - - - - - - - - - - - - - - - - - - - D A M O S   F E - - - - - - - - - - - - - - - -

MARTIN MARIN COLIN                    C. HUGO GARCIA REYES

**PRUEBA 23**



**PROCURADURIA GENERAL DE LA REPUBLICA**

AGENCIA FEDERAL DE INVESTIGACIÓN
DIRECCIÓN GENERAL DE ASUNTOS POLICIALES
INTERNACIONALES E INTERPOL

00004

Oficio número DGAPI/ 3 8 1 8 /04/0550/04-AAH
México, D. F. a 12 de abril de 2004

Lic. Martín Marín Colin
Agente del Ministerio Público de la Federación
Unidad Especializada en Investigación de Tráfico
de Menores, Indocumentados y Órganos
P r e s e n t e

Me permito hacer mención a su oficio número UEITMIO/164/04, a través del cual solicitó la colaboración de esta Dirección General a efecto de verificar si los menores ███████████ ███████████ así como su madre *María del Rosario Moreno Vázquez*, residen en los Estados Unidos de América.

Al respecto; me permito hacer de su conocimiento que esta Unidad Administrativa cuenta con un expediente administrativo relacionado con la ubicación de los menores de edad *Castillo Moreno*, mismo que dio inicio el 2 de marzo del año en curso, con motivo de la solicitud que presentara en esta Oficina el C. *Fernando Castillo Tapia*, padre de los niños, quien manifestó tener la presunción de que sus hijos habían sido trasladados a los Estados Unidos de América por su madre *María del Rosario Moreno Vázquez*.

En virtud de lo antes descrito, esta Oficina inició las investigaciones correspondientes, lográndose detectar que los menores y su madre arribaron a la Ciudad de Atlanta, Georgia, Estados Unidos de América el 27 de febrero de 2004 en el vuelo 636 de la línea aérea Aeroméxico, motivo por el cual se entabló comunicación con Interpol – Washington, a fin de solicitar su colaboración para la ubicación de la ████████████

El pasado, 26 de marzo, Interpol – Washington informó a esta Unidad Administrativa, que la Policía Estatal de Alabama envió a un agente investigador para entrevistar a la señora *María del Rosario Moreno*, quien acreditó tener la custodia de sus menores hijos, asimismo, refirió que el padre de los menores ha llamado para amenazarla, por lo que decidió cambiar de domicilio y de número telefónico, motivo por el cual, las autoridades estadounidenses refieren que por seguridad y bienestar de la familia no están autorizados para revelar su paradero.

Lo anterior, con fundamento en lo dispuesto por los artículos 21 y 102, apartado "A", de la Constitución Política de los Estados Unidos Mexicanos, artículo 4, fracción IV, de la Ley Orgánica de la Procuraduría General de la República y 64 de su Reglamento; así como en el Acuerdo A/009/92 expedido por el C. Procurador General de la República.

Aprovecho la oportunidad para enviarle un cordial saludo.

Sufragio Efectivo. No Reelección.
El C. Agente del Ministerio Público de la Federación Adscrito

Lic. Martín Martínez García.

*V. T.8595*

**PRUEBA 24**



FORMA C G - I A
42



### SUBPROCURADURIA DE INVESTIGACION
### ESPECIALIZADA EN DELINCUENCIA ORGANIZADA

PROCURADURIA GENERAL
DE LA
REPUBLICA

PGR/SIEDO/UEITMIO/013/04    000045

#### RECEPCIÓN DE DOCUMENTO

--- En México, Distrito Federal, a 20 veinte de abril del 2004, Dos mil Cuatro.- - - - - -
--- T É N G A SE.- Por recibido I.- Hoja de control de correspondencia de la Dirección
General de Recurso Humanos Materiales, de fecha 20 del mes y año en curso,
dirigido a al Licenciado Martin Marín Colin, Agente del Ministerio Público de la
Federación, adscrito a la Unidad Especializada en Investigación de Trafico de
Menores, indocumentados y Órganos,, por el que se envía sobre de la secretaria de
relaciones exteriores, II.- Sobre de color amarillo dirigido a al Licenciado Martín Marín
Colin, Agente del Ministerio Público de la Federación, y como remitente el Licenciado
Humberto A. Lugo Guerrero, Director de normatividad de Delegaciones, mismo que
contiene lo siguiente III.- Oficio número DGD-A DNO1648, RESERVADO, con fecha
14 de abril del año en curso, dirigido al Licenciado Martín Marín Colin, Agente del
Ministerio Público de la Federación, Unidad Especializada en Investigación de Trafico
de Menores, Indocumentados y Órganos, Procuraduría General de la República,
documento signado por el Licenciado Humberto Lugo Guerreo, Director de
Normatividad, documento en el que se lee "... Con relación a su oficio número
UEITMIO/163/04 de fecha 29 de marzo, recibiendo en esta Dirección General el día 5
del mismo mes y año, remito copia certificada de los documentos que sustentaron la
expedición de pasaporte a nombre de las personas que se mencionan a continuación:

MARIA DEL ROSARIO MORENO VAZQUEZ, a) - Copia certificada de la solicitud de
pasaporte mexicano, a favor de MARIA DEL ROSARIO MORENO VAZQUEZ, con
imagen en blanco y negro; copia de pasaporte ilegible, numero 6706408 b) Copia
certificada de la solicitud de pasaporte ordinario mexicano, a favor de
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, con imagen en blanco y negro, así como las
huellas digitales del mismo, documento con leyenda PERMISO QUE OTORGAN LOS
PADRES O PERSONAS QUE EJERCEN LA PATRIA POTESTAD O TUTELA, PARA
LA EXPEDICIÓN DEL PASAPORTE, en donde se observa en los datos de padre o
tutor, como padre una marcada una x, en donde para realizar el tramite se identifica
con el documento de pasaporte, con número 03340032358, y en donde dice expedido
por la Secretaría de Relaciones Exteriores, Fecha 06, 11 y 2003, se aprecia una
rubrica, así como las huellas dactilares del indice izquierdo y derecho, así como los
mismo datos por parte de la madre o tutora, quien se identifico con el pasaporte,
número 0335006604, expedido por la Secretaría de Relaciones Exteriores,
apareciendo la fecha del dia 22, mes 09 y año 2003, una rubrica, y dos huellas
dactilares del los dedos indice izquierdo y derecho, copia del Acta de Nacimiento con
número de referencia EDL 129405 expedida a favor de ▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮ con fecha de registro 03 tres del noveno mes del año 1989 mil novecientos
ochenta y nueve, copia de pasaporte a favor de CASTILLO TAPIA JOSE FERNANDO,
con fecha de expedición 26 veintiséis de noviembre del año 2003 dos mil tres y con



fecha de vencimiento 6 seis de noviembre del 2013 dos mil trece, con número de pasaporte 03340032358; copia del pasaporte a favor de MARIA DEL ROSARIO MORENO VAZQUEZ, con fecha de expedición 22 veintidós de septiembre de 2003 dos mil tres, y fecha de vencimiento 22 veintidós de septiembre del 2004 dos mil cuatro, C).Copia certificada de la solicitud de pasaporte ordinario mexicano, a favor de ███████████, con imagen en blanco y negro, así como las huellas digitales de la misma, documento con leyenda PERMISO QUE OTORGAN LOS PADRES O PERSONAS QUE EJERCEN LA PATRIA POTESTAD O TUTELA, PARA LA EXPEDICION DEL PASAPORTE, en donde se observa en los datos de padre o tutor, Como padre una marcado una x en donde para realizar el tramite se identifica con el documento de pasaporte, con número 03340032358, y en donde dice expedido por la Secretaria de Relaciones Exteriores Fecha 06, 11 y 2003, se aprecia una rubrica, así como las huellas dactilares del indice izquierdo y derecho, así como los mismo datos por parte de la madre o tutora, quien se identifico con el pasaporte, número 0335006604, expedido por la Secretaría de Relaciones Exteriores, apareciendo la fecha del día 22, mes 09 y año 2003, una rubrica, y dos huellas dactilares del los dedos indice izquierdo y derecho, copia del Acta de Nacimiento con folio A2929095, expedida a favor de ███████████████████, con fecha de registro ████████████████████, y novecientos noventa y cuatro, copia de pasaporte a favor de ████████████, con fecha de expedición 17 diecisiete de diciembre del año 1997, mil novecientos noventa y siete con fecha de vencimiento 17 diecisiete de diciembre del 2002 dos mil dos, con número de pasaporte 9738005311; copia del pasaporte a favor CASTILLO TAPIA JOSE FERNANDO, con numero de pasaporte 03340032358, vigente y copia del pasaporte de MARIA DEL ROSARIO MORENO VAZQUEZ, con fecha de expedicion 22 veintidós de septiembre de 2003 dos mil tres, y fecha de vencimiento 22 veintidós de septiembre del 2004 dos mil cuatro, por lo que con fundamento en lo dispuesto en el artículo 208 y 209 del Código Federal de Procedimientos Penales se de fe de tener a la vista y se ordena sean agregadas a las actuaciones para que surtan sus efectos legales a que haya lugar.- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
- - - V I S T O.- El estado en que se encuentra la indagatoria en comento y como se desprende de actuaciones existen pasaporte expedidos a favor de los menores ███████████████████████████████, por la Secretaría de Relaciones Exteriores, y que estos fueron tramitados por los padres de los menores, tal y como se observa que existe firma, huella dactilar y copia del pasaporte a favor del denunciante el señor JOSE FERNANDO CASTILLO TAPIA, es necesario que comparezca el denunciante a la brevedad posible para que aclare o explique este firmo dicho documento, o como pudo obtenerlo la señora MARIA DEL ROSARIO MORENO VAZQUEZ, por lo que con fundamento en lo dispuesto en los artículos 73 y 89 lo que es de acordarse y se.- - - - - - - - - - - - - - - - - - - - - - - -
- - - - - - - - - - - - - - - - - - - - - - A C U E R D A - - - - - - - - - - - - - - - - - - - - - -
- -.- PRIMERO.- Girese oficio citatorio a JOSE FERNANDO CASTILLO TAPIA, en calidad de denunciante para que se presente ante esta Representación Social de la Federación a fin de que explique si tenia conocimiento que se hubiera expedidos pasaportes a sus menores hijos y si esta autorizo la expedición, de mismo modo presente pasaporte a favor de este toda vez que este manifiesto, en su denuncia este no había otorgado permiso para trasladarlos del país a otro. - - - - - - - - - - - - - - - -
- - - SEGUNDO.- Las que se desprenden de las anteriores.- - - - - - - - - - - - - - - - -
- - -. ASI LO ACORDO Y FIRMA LA C. LICENCIADA LETICIA GALVAN ORTEGA, AGENTE DEL MINISTERIO PUBLICO DE LA FEDERACION, ADSCRITA A LA



UNIDAD ESPECIALIZADA EN INVESTIGACION DE TRAFICO DE MENORES, INDOCUMENTADOS Y ORGANOS, QUIEN ACTÚA EN FORMA LEGAL CON TESTIGOS DE ASISTENCIA QUE AL FINAL FIRMAN Y DAN FE.- - - - - - - - - -
- - - - - - - - - - - - - - - - - - - D A M O S   F E - - - - - - - - - - - - - - -

PROCURADURIA GENERAL
DE LA
REPUBLICA

000047

T.DE.A

LIC. MARTIN MARIN COLIN

T.DE.A

C. HUGO GARCIA REYES

**PRUEBA 25**

# SRE

**SOLICITUD DE PASAPORTE ORDINARIO MEXICANO**

Secretaría de Relaciones Exteriores

5664

000001

000048

| 9 | 7 | 5 | 8 | 0 | 0 | 5 | 3 | 1 | 0 | 8 | M | O | V | 5 | 1 | | | 7 | 2 | 8 | 3 | 2 | 0 | 0 |

MORENO                              VAZQUEZ

MARIA DEL ROSARIO

México D. F.          D. F.

SAN JORGE 13          ALREDA 3 LOMAS VERDES 5526

NAUCALPAN          EDO. DE MEXICO

5344-1238          5255-95

MORENO          BUENAS   ENRIQUE
VAZQUEZ          SALCEDO   MARIA DEL ROSARIO

MARIA ELENA VAZQUEZ
SAN JORGE 13 ALREDA 3
TLALNEPANTLA DE PAZ EDO. MEX.

INVEST
ELIMINE C
ADA
N DIVISIO CION
MEMOREY

**PRUEBA 26**

54
46.
000002
000049



**PRUEBA 27**

064

000001



## SRE

**SECRETARÍA DE RELACIONES EXTERIORES**

**SOLICITUD DE PASAPORTE ORDINARIO MEXICANO (OP-5)**

000050

Primera Vez ☐  Canje ☒  Vigencia: 1 año ☐  5 años ☐  10 años ☒

OBSERVACIONES

NÚMERO DE SOLICITUD

Antes de llenar la presente solicitud lea detenidamente su contenido.

Anote los datos solicitados o cruce en cada caso el cuadro correspondiente, respetando los espacios delimitados sobre todo los campos destinados a firma

Nota: La presente solicitud deberá ser llenada con letra negra y letra de molde

LUGAR Y FECHA: Naucalpan, Estado de México Febrero 4, 2004

| 1. No. DE PASAPORTE ANTERIOR (EN CASO DE CANJE) | 2. CURP |
|---|---|

| 3. APELLIDO PATERNO | 4. APELLIDO MATERNO |
|---|---|

| 5. NOMBRE(S) | 6. FECHA DE NACIMIENTO 1 9 P 9 | 7. SEXO |
|---|---|---|

**8. NACIDO EN:**
a) Entidad Federativa MÉXICO
b) Municipio DISTRITO FEDERAL

DOCUMENTO QUE PRESENTA PASAPORTE

15   Colonia y Código Postal LOMAS VERDES 53120
Estado o País MÉXICO

2250-2564

11. EN CASO DE ACCIDENTE O FALLECIMIENTO AVISAR A:
MARIA DEL ROSARIO MORENO VAZQUEZ

CON DOMICILIO EN                                              TELEFONO

Manifiesto bajo protesta de decir verdad y conociendo las penas en que incurren quienes faltan a ella en los términos de las disposiciones penales aplicables, que soy mexicano, que los datos asentados en esta solicitud son verídicos y que los documentos presentados son auténticos y legales.

FIRMA DE CONFORMIDAD CON LOS DATOS
CONTENIDOS EN EL PASAPORTE AL RECIBIRLO

FIRMA DEL SOLICITANTE

**13. REPÚBLICA**
HUELLAS DIGITALES

ESTE FORMATO ES DE LIBRE REPRODUCCIÓN

**PRUEBA 28**

USS

000002

## OP-7

### PERMISO QUE OTORGAN LOS PADRES O PERSONAS QUE EJERCEN LA PATRIA POTESTAD O TUTELA, PARA LA EXPEDICIÓN DE PASAPORTE

000051

OBSERVACIONES _____

LUGAR Y FECHA _____

LOS QUE SUSCRIBIMOS PADRES Y/O TUTORES DEL MENOR _____ MANIFESTAMOS, PARA LOS EFECTOS DEL ARTÍCULO 14 DEL REGLAMENTO DE PASAPORTES Y 15 DEL REGLAMENTO DE LA LEY GENERAL DE POBLACIÓN EN VIGOR, EL CONSENTIMIENTO PARA QUE NUESTRO (A) HIJO (A) PUEDA SALIR DEL TERRITORIO DE LA REPÚBLICA MEXICANA POR LO QUE SOLICITAMOS SE LE EXPIDA PASAPORTE ORDINARIO BAJO EL NOMBRE QUE APARECE EN EL FORMATO OP-5 DE LA PRESENTE SOLICITUD Y CON UNA VIGENCIA DE _____ QUEDANDO EN EL ENTENDIDO QUE A MENORES DE TRES AÑOS DE EDAD SÓLO SE LES EXPEDIRÁ DICHO DOCUMENTO POR UN PERIODO MÁXIMO DE 12 MESES.

| (PADRE O TUTOR) | (MADRE O TUTORA) |
|---|---|
| **DATOS DEL PADRE O TUTOR** | **DATOS DE LA MADRE O TUTORA** |
| Como Padre [x]  Como Tutor [ ] | Como Madre [x]  Como Tutora [ ] |
| Para realizar el trámite me identifico con el siguiente documento: Pasaporte | Para realizar el trámite me identifico con el siguiente documento: Pasaporte |
| No. ▇▇▇▇▇▇ | No. ▇▇▇▇▇▇ |
| Expedido (a) por Secretaría de Relaciones Exteriores | Expedido (a) por Secretaría de Relaciones Exteriores |
| Con fecha: 06 / 11 / 2003 | Con fecha: 22 / 09 / 2003 |

**PRUEBA 29**



**PRUEBA 30**

52

# SRE

SECRETARÍA DE RELACIONES EXTERIORES

**SOLICITUD DE PASAPORTE ORDINARIO MEXICANO (OP-5)** 000001

| OBSERVACIONES |
| --- |

**NÚMERO DE SOLICITUD** 6269

000052

Primera Vez ☐  Canje ☒  Vigencia: 1 año ☐  5 años ⊘  10 años ☐

Antes de llenar la presente solicitud de pasaporte lea detenidamente su contenido.

Anota los datos solicitados o cruce en cada caso el cuadro correspondiente, respetando los espacios delimitados sobre todo los campos destinados a firma.

Nota: La presente solicitud deberá ser llenada con tinta negra y letra de molde.

LUGAR Y FECHA: Naucalpan, Estado de México, Febrero 16, 2004

**1. No. DE PASAPORTE ANTERIOR (EN CASO DE CANJE)**    **2. CURP**

**3. APELLIDO PATERNO**
CASTILLO

**4. APELLIDO MATERNO**
MOREJÓN

**5. NOMBRE(S)**
MARÍA DE FÁTIMA

**6. FECHA DE NACIMIENTO** 1994

**7. SEXO** Masculino ☐ Femenino ☒

**8. NACIDO EN:**
a) Entidad Federativa: México    b) Municipio: DISTRITO FEDERAL

**9. IDENTIFICACIÓN QUE PRESENTA** Pasaporte

**10. DOMICILIO**

92555364

Manifiesto bajo protesta de decir verdad y conociendo las penas en que incurren quienes faltan a ella en los términos de las disposiciones penales aplicables, que soy mexicano, que los datos asentados en esta solicitud son verídicos y que los documentos presentados son auténticos y legales.

FIRMA DE CONFORMIDAD CON LOS DATOS CONTENIDOS EN EL PASAPORTE AL RECIBIRLO

FIRMA DEL SOLICITANTE

HUELLAS DIGITALES

ESTE FORMATO ES DE LIBRE REPRODUCCIÓN

**PRUEBA 31**

OP-7

**PERMISO QUE OTORGAN LOS PADRES O PERSONAS QUE EJERCEN LA PATRIA POTESTAD O TUTELA, PARA LA EXPEDICIÓN DE PASAPORTE**

OBSERVACIONES

LUGAR Y FECHA

LOS QUE SUSCRIBIMOS PADRES Y/O TUTORES DEL MENOR _____ MANIFESTAMOS, PARA LOS EFECTOS DEL ARTÍCULO 14 DEL REGLAMENTO DE PASAPORTES Y 215 DEL REGLAMENTO DE LA LEY GENERAL DE POBLACIÓN EN VIGOR, EL CONSENTIMIENTO PARA QUE NUESTRO (A) HIJO (A) PUEDA SALIR DEL TERRITORIO DE LA REPÚBLICA MEXICANA POR LO QUE SOLICITAMOS SE LE EXPIDA PASAPORTE ORDINARIO BAJO EL NOMBRE QUE APARECE EN EL FORMATO OP-5 DE LA PRESENTE SOLICITUD Y CON UNA VIGENCIA DE _____ QUEDANDO EN EL ENTENDIDO QUE A MENORES DE TRES AÑOS DE EDAD SÓLO SE LES EXPEDIRÁ DICHO DOCUMENTO POR UN PERIODO MÁXIMO DE 12 MESES.

**(PADRE O TUTOR)**

DATOS DEL PADRE O TUTOR

Como Padre ☒    Como Tutor ☐

Para realizar el trámite me identifico con el siguiente:

documento  *Pasaporte*

No. ▓▓▓▓▓▓

Expedido (a)  *Secretaria d Relaciones Exteriores*

por

De fecha  | 0 | 6 | 1 | 1 | 2 | 0 | 0 | 3 |
          | día    | mes    | año |

**(MADRE O TUTORA)**

DATOS DE LA MADRE O TUTORA

Como Madre ☒    Como Tutora ☐

Para realizar el trámite me identifico con el siguiente:

documento  *Pasaporte*

No. ▓▓▓▓▓▓

Expedido (a)  *Secretaria d Relaciones Exteriores*

por

De fecha  | 2 | 2 | 0 | 9 | 2 | 0 | 0 | 4 |
          | día    | mes    | año |

**PRUEBA 32**



000004

**PRUEBA 33**

077

FORMA C.G.

56



# SUBPROCURADURIA ESPECIALIZADA EN DELINCUENCIA ORGANIZADA

## COMPARECENCIA DE:
### JOSE FERNANDO CASTILLO TAPIA

099050

PROCURADURIA GENERAL
DE LA
REPUBLICA

- - - En la ciudad de México Distrito Federal, siendo las 10:00 diez horas del día 23 veintitrés de abril del año 2004, dos mil cuatro, ante la suscrita licenciada LETICIA GALVAN ORTEGA, Agente del Ministerio Público de la Federación adscrita a la Unidad Especializada en Investigación de Trafico de Menores y quien actúa en forma legal ante dos testigos de asistencia que al final firman y dan fe, comparece en forma voluntaria el C. JOSE FERNANDO CASTILLO TAPIA, quien se identifica con Credencial de Elector, con número 289202647907 y expedida por El Instituto Federal Electoral Registro Federal en donde se observa una imagen a color con el nombre de JOSE FERNANDO CASTILLO, con domicilio en C. Suiza, Colonia México 68 53260, Neucalpan, México credencial que tiene una imagen que coincide con los rasgos fisonómicos del compareciente, documento que se de fe de tener a la vista y se ordena se agregue copia certificada de la misma y se le devuelve el original al interesado por no existir impedimento legal alguno y por así solicitarlo por lo que se le hace saber el compareciente lea las penas con que la ley castiga a las personas que declaran con falsedad ante autoridad diversa de la judicial en ejercicio de sus funciones de acuerdo a lo establecido por el artículo 247 del Código Penal Federal en concordancia con el 247 del Código Federal de Procedimientos Penales; así mismo, se le hace saber el derecho que la ley le otorga en el artículo 127 bis del último ordenamiento legal invocado, en el sentido de que puede estar asistido en la presente diligencia por abogado, y bien enterado de lo que antecede, se le PROTESTA en términos de ley para conducirse con verdad en la diligencia en que va ha intervenir y en cuanto al derecho que le asiste, manifiesta que se reserva el derecho a nombrar abogado por así convenir a sus intereses, por lo que en este acto y en uso de la voz manifiesta.- - - - - - - - - - - - - - - - - - - - - - - - - - - - -
- - - Llamarse como quedó escrito ser de 45 años de edad, estado civil soltero, ocupación académico, grado escolar Posgrado incompleto, religión católica, con domicilio en la calle de naranjos número 1, fraccionamiento jardines de San Mateo en Naucalpan, Estado de México, teléfono y en relación a los hechos declara lo siguiente: - - - - - - - - - - - - - -
- - - - - - - - - - - - - - - - - D E C L A R A - - - - - - - - - - - - - - - - - - - - - - - - - -
- - - Que el motivo de mi comparecencia es en relación al citatorio de fecha 21 de abril del año del año en curso emitido por esta Representación Social de la Federación por el que se solicita informe a esta autoridad si tiene conocimiento que se hubiera expedido pasaporte a sus menores hijos y si este autorizo la expedición, de los mismos, por lo que manifiesta denunciante que tal y como lo expreso en su comparecencia de fecha 22 veintidós de marzo del año en curso ante el Licenciado Martín Marín Colín, Agente del Ministerio Público Federal, no otorgo ninguna autorización para que se emitiera pasaporte a favor de los menores, por lo que en este momento se le pone a la vista la documentación que remitió la Secretaria de Relaciones Exteriores en donde se aprecia nombra por nombre, rubrica de la persona que solicito la expedición de pasaportes a favor de los menores, así como copia del pasaporte donde se lee el nombre de JOSE FERNANDO CASTILLO TAPIA, quien supuestamente autorizo la expedición, para dicho documento, a por lo que el denunciante una vez que revisa los documentos que consta en el expediente, manifiesta que desconoce quien firma por él, así como también desconoce de quien sea la huella dactilar que aparece en ambas solicitudes de los menores y, en consecuencia, que no estuve físicamente presente para presentar la solicitud o firmar o

autorizar la expedición de los pasaportes de sus menores hijos, aclarando que solo reconoce que la copia del pasaporte a favor de su menor ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓ mil novecientos noventa y siete, lo tramitó junto con la señora MARIA DEL ROSARIO MORENO VAZQUEZ, en esas fechas, por lo que desconoce cualquier otro permiso firmado por su puño y letra, del mismo modo refiere que la letra que se obra en las solicitudes es de la señora MARIA DEL ROSARIO MORENO VAZQUEZ, refiriendo que recuerda que unos días antes que sus hijos fueran sustraídos por la madre, dice que su pasaporte el lo tenía guardado en la recamara de su domicilio particular y que lo encontró en otro lugar diferente pero no le dio importancia, pero que su hijo de nombre ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, tenía copia de las llaves de su casa, por lo que este piensa que su hijo o hija o su misma madre de los niños pudo haber sustraído su pasaporte y volverlo a dejar, ya que tenían acceso a la casa del denunciante y como este por motivos de trabajo no se encuentra en el día, no se dio cuenta cuando pudo, sacarlo pero que este desconocía que se hubiera utilizado para que se tramitara la expedición de pasaportes, a favor de los menores, del mismo modo refiere que en cuanto a lo manifestado en el documento de la INTERPOL de fecha 12 de Abril del año en curso, solo lo acepta en parte, ya que efectivamente me presente a solicitar ayuda, ya que presentí que a mis hijos los había sacado del país la señora MARIA DEL ROSARIO MORENO VAZQUEZ, como también lo señalo ante el Ministerio Público del Estado de México el día que conoció que sus hijos ya no estaban habitando en la casa de ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, considerando que hace unos meses MARIA DEL ROSARIO MORENO LE comentó que se había casado con una persona de nombre RONALD COONLEY, de nacionalidad emergente y que pensaba llevarse a sus hijos a vivir a Estados Unidos, por lo que le dijo que no estaba de acuerdo en que se llevara a los menores y que no les daría permiso para irse en una primera instancia, ya que le había dicho la señora MARIA ROSARIO MORENO que al señor COONLEY lo había conocido por internet, y que sabe que este es el segundo matrimonio, después del suyo, que realiza con gentes que conoce por internet y luego no comentó el tema con la señora ROSARIO MORENO hasta que supo por compañeros de su hijo, que Luis Fernando Castillo Moreno, se iba ir a vivir a la Ciudad de Salem, Alabama, y recordó la platica con habla tenido con la señora MARIA DEL ROSARIO MORENO VAZQUEZ, por lo que piensa que ella se los llevo al extranjero, falsificando su firma por lo que en este momento y con fundamento en lo dispuesto en el artículo 8, Constitucional y 270 del Código Federal de Procedimientos, solicito a Usted de la manera mas atenta se expida a mi costa copia certificada de la comparecencia de la señora MARIA ELENA VAZQUEZ SAUCEDO de fecha 07 de abril del año en curso así como copia del Oficio de Interpool de fecha 12 de abril del año en curso, toda vez que el denunciante impugno juicio civil en Contra de la hija del Rosario Moreno Vázquez con motivo de la sustracción de mis menores hijos, ya que dichos documentos son de utilidad para el juicio de controversia familiar que se lleva cabo en el Juzgado 10 de lo Familiar en el Distrito Federal. Por lo que autoriza al Lic. ▓▓▓ Iván Gutiérrez Guerrero a recogerlas en su nombre para ser exhibidas a dicho Juzgado. Que es todo lo que desea declarar, por lo que a preguntas formuladas que realiza esta Representación Social de la Federación, manifiesta que es su deseo contestarlas, por lo que a la PRIMERA.- Que diga el de la voz si este trae su pasaporte que se le solicito previamente mediante oficio citatorio y si lo puede exhibir Respuesta que si y deja copia Lasser del mismo, SEGUNDA.- Que diga el de la voz si este sabe el lugar a donde se encuentra físicamente sus menores de nombre ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Respuesta Que este no sabe el lugar solo creé que podrían estar en los domicilios que este refirió en su declaración de fecha 22 de marzo del año en curso, entregando las copias de la información de Internet para que se agregue a expediente, que en una ocasión envió un correo por la empresa DHL que le regresaron por no corresponder el domicilio,

58
FORMA CG-1

TERCERA.- Que diga el de la voz si ha mantenido contacto por algún medio de comunicación con sus menores hijos. Respuesta Que le ha enviado mensajes al correo █████ a su hijo que es ███████████████████████████████ desde que se los llevaron pero hasta la fecha no le ha contestado, en cuanto a su hija no ha podido tener comunicación con ella, CUARTO.- Que diga el de la voz si ha tenido comunicación con la señora MARIA DEL ROSARIO MORENO VAZQUEZ y en su caso desde cuando Respuesta Desde antes del 28 de febrero del año en curso no la había visto ni tenido contacto y hasta la fecha no se nada de ella, ni se ha comunicado conmigo ni yo con esta pues no se a donde buscarla, pues aún cuando conseguí unas direcciones por internet de su supuesto esposo no se si sea la dirección correcta.QUINTA.- Que diga el de la voz si la señora MARIA DEL ROSARIO MORENO VAZQUEZ, cuenta con resolución judicial sobre la custodia total de sus menores hijos ya multicitados. Respuesta Que solo hay una resolución judicial del año 1991, la cual hasta la fecha no se ha modificado, en donde el Juez Décimo de lo familiar con residencia en el Distrito Federal resolvió otorgar la custodia compartida, de ████████████████████████ pero la patria potestad la ejercemos ambos padres, en cuanto a mi hijo █████████████ no se había declarado nada toda vez que en esas fechas no había nacido por lo que la custodia y la patrie potestad le ejercemos ambos, documentos que ya obran en el expediente y que este exhibió. SEXTA.- Que diga el de la voz si está dispuesto a que se practique pruebas de caligrafía y dactilar para acreditar su dicho Respuesta Que si ya que este no firmo ni digitalizó su huella. Que es todo lo que desea declarar.------------------------------
--- Por lo que previa lectura de su dicho lo ratifica en todas y cada una de sus partes, su contenido por contener la verdad de los hechos declaración que rinde sin coerción física, ni moral o psicológica firmando en esta los que en ella intervinieron para debida constancia legal.-------------------------------------------------------------------
------------------------ DAMOS FE ----------------------

**EL COMPARECIENTE:**

JOSE FERNANDO CASTILLO TAPIA

T. DE A.                                    T. DE A.

LIC. MARTIN MARIN COLIN                    C. HUGO GARCIA REYES

**PRUEBA 34**



**US SEARCH**
A FIRST ADVANTAGE COMPANY

| Consumer Services | Business Services |

**The Worldwide Leader in Public**
SECURE AND CONFIDENTIAL BACKG
AND CRIMINAL RECORDS SERV

Home
All Products
People Search
Background Search
Court Records
Searches About Me

**Begin your Search - Enter the last known information on the person you are i**

First Name
ronald

Middle Initial

Last Name (req)
coonley

Se
a
c

City
salem

State
Alabama

Approx. Age (req)

000059



**Need
Reuning
Stories**

Get Special Discounts.
Enter Your E-mail:
[ Go ]

**Need Expert Assistance?**
**1-800-US-SEARCH**
(1-800-877-3272)
Additional charges may
apply

**More Searches
For:**

**"Ronald
Coonley"**

-Criminal Records

-Property
Ownership

-Basic Background

-More...

© US SEARCH.com
2001-2004 All Rights Reserved

**Select the person you are searching for:**                    *GUARANTEE: NO

**Search Results - 1 Records Found**                               View

Option 1 - Click on the name to get the current or historical address. (From $9.95

| # | Name | City | Sta |
|---|------|------|-----|
| 1 | RONALD F COONLEY | SALEM | Al |

**Need Help?**
Having trouble selecting the right record? Let a US SEARCH specialist run your sear

[ Let a US SEARCH expert run my search ]

http://preview.ussearch.com/preview/preview.jsp?isnew=true&fc=Ecapturenewoff&TID...    23/04/2004



**Email Search Results**

Your Search: ronald coonley (Revise Search or try Advanced)

Showing 1 - 2 of 2

First | Previous | Next | Last

| Name | Location | Email |
|------|----------|-------|
| **Ronald Coonley**<br>More info at US Search | Salem, AL<br>Add to Address Book | |
| **Ronald F Coonley**<br>More info at US Search | Salem<br>Add to Address Book | |

Showing 1 - 2 of 2

First | Previous | Next | Last

**Public Records Search**

000060

http://email.people.yahoo.com/py/psSearch.py?srch=bas&D=1&FirstName=ronald+&La...    23/04/2004

083



**YAHOO!** Correo

Fecha: Fri, 19 Mar 2004 08:14:47 -0800 (PST)
De: results@ussearch.com
A: SIRGIGIO@YAHOO.COM
Asunto: Search Results for RONALD COONLEY

000061

Using the search criteria you provided, we searched our network of public record databases to obtain your results. We are pleased to provide you with the initial results of your search. We will be sending you additional search results within 1 hour for rush orders, 24 hours for non-rush orders.

If you have any questions regarding your search results, click here or call us Toll Free at (877) 327-2450. Our Search Experts and Customer Service Agents are standing by to assist you.

Please click here to review our Permissible Use and Disclaimer Notice.

---

**Expert Assisted Background**

Search ID number:

Full Reported name:      RONALD F COONLEY

Reported Alias(es):

The following is a history of reported addresses for RONALD F COONLEY. In most cases the current address is the first or second reported address, however occasionally it may appear elsewhere in the list. When attempting to contact the individual, all addresses should be tried.

Reported Address: 1 of 8

STREET ADDRESS
CITY            SALEM
STATE           AL
ZIP
COUNTY

PHONE NUMBERS FOR THIS ADDRESS
No Records

PROPERTY OWNERSHIP                              What is this?
No Records Found

INDIVIDUALS REPORTED AT THIS ADDRESS
No Records

POSSIBLE NEIGHBORS
No Records Found

Reported Address: 2 of 8

http://e1.f121.mail.yahoo.com/ym/ShowLetter?box=Inbox&MsgId=8276 1439078 5510... 23/04/2004



STREET ADDRESS
CITY                    SALEM
STATE                   AL
ZIP
COUNTY                  LEE

PHONE NUMBERS FOR THIS ADDRESS
No Records Found

PROPERTY OWNERSHIP
No Records Found

What is this?

INDIVIDUALS REPORTED AT THIS ADDRESS

<u>JOHN R. COONLEY</u>

| ADDRESS | CITY | STATE | ZIP |
|---------|------|-------|-----|
| | SMITHS | AL | |
| | SMITHS STATION | AL | |
| | PHENIX CITY | AL | |
| | SALEM | AL | |
| | SMITHS STATION | AL | |
| | SMITHS | AL | |
| | PHENIX CITY | AL | |
| | SMITHS | AL | |
| | SMITHS STATION | AL | |
| | SMITHS STATION | AL | |
| | PHENIX CITY | AL | |
| | SALEM | AL | |
| | SMITHS | AL | |
| | SMITHS STA | AL | |

<u>ROSE MU COONLEY EN</u>

| ADDRESS N DE JUAREZ | CITY | STATE | ZIP |
|---------------------|------|-------|-----|
| | AUBURN | AL | |
| | PHENIX CITY | AL | |
| | SALEM | AL | |
| | SALEM | AL | |
| | COLUMBUS | GA | |
| | PHENIX CITY | AL | |
| | PHENIX CITY | AL | |
| | AUBURN | AL | |
| | PHENIX CITY | AL | |
| | SALEM | AL | |
| | SALEM | AL | |
| | COLUMBUS | GA | |
| | PHENIX CITY | AL | |
| | PHENIX CITY | AL | |

<u>RONALD P. COONLEY</u>

| ADDRESS | CITY | STATE | ZIP |
|---------|------|-------|-----|
| | SALEM | AL | |
| | SALEM | AL | |
| | PHENIX CITY | AL | |





000063

| | CITY | STATE | ZIP |
|---|---|---|---|
| | ALBANY | NY | |
| | FAIRBANKS | AK | |
| | FAIRBANKS | AK | |
| | COLUMBUS | GA | |
| | FT WAINWRIGHT | AK | |

**ANETTE MOISTNER**
ADDRESS

| CITY | STATE | ZIP |
|---|---|---|
| SALEM | AL | |
| SALEM | AL | |
| DANIA | FL | |
| DANIA | FL | |
| HOLLYWOOD | FL | |
| VIDALIA | GA | |
| VIDALIA | GA | |

**JENNIFER COONLEY**
ADDRESS

| CITY | STATE | ZIP |
|---|---|---|
| SALEM | AL | |

**THERESA M. COONLEY**
ADDRESS

| CITY | STATE | ZIP |
|---|---|---|
| PHENIX CITY | AL | |
| SALEM | AL | |
| PHENIX CITY | AL | |
| SALEM | AL | |

**MARTHA A. MOISTNER**
ADDRESS

| CITY | STATE | ZIP |
|---|---|---|
| SALEM | AL | |
| SALEM | AL | |
| VIDALIA | GA | |
| VIDALIA | GA | |
| SALEM | AL | |
| SALEM | AL | |

**POSSIBLE NEIGHBORS**
No Records Found

STREET ADDRESS
CITY          PHENIX CITY
STATE         AL
ZIP
COUNTY

**Reported Address 3 of 8**

**PHONE NUMBERS FOR THIS ADDRESS**
No Records Found

**PROPERTY OWNERSHIP**
No Records Found

What is this?

http://e1.f121.mail.yahoo.com/ym/ShowLetter?box=Inbox&MsgId=8276_1439078_5510... 23/04/2004

INDIVIDUALS REPORTED AT THIS ADDRESS

## LORI S. JACKSON



| ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| | PHENIX CITY | AL | |
| | PHENIX CITY | AL | |
| | BIRMINGHAM | AL | |
| | BIRMINGHAM | AL | |
| | PHENIX CITY | AL | |
| | PHENIX CITY | AL | |
| | BIRMINGHAM | AL | |
| | BIRMINGHAM | AL | |

## DEBORA L. BOWERS

| ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| | COLUMBUS | GA | |
| | PHENIX CITY | AL | |
| | PHENIX CITY | AL | |
| | PHENIX CITY | AL | |
| | COLUMBUS | GA | |
| | COLUMBUS | GA | |
| | PHENIX CITY | AL | |
| | PHENIX CITY | AL | |
| | PHENIX CITY | AL | |
| | COLUMBUS | GA | |

## TONYA D. TAYLOR

| ADDRESS | CITY | STATE |
|---|---|---|
| | PHENIX CITY | AL |
| | CARTERSVIL | GA |
| | COLUMBUS | GA |
| | FORT BENNI | GA |
| | CARTERSVIL | GA |
| | COLUMBUS | GA |
| | COLUMBUS | GA |

## MICHAEL A. BOWERS

| | CITY | STATE | ZIP |
|---|---|---|---|
| | COLUMBUS | GA | |
| | PHENIX CITY | AL | |
| | PHENIX CITY | AL | |
| | COLUMBUS | GA | |
| | COLUMBUS | GA | |
| | PHENIX CITY | AL | |
| | PHENIX CITY | AL | |
| | COLUMBUS | GA | |

## MICHALEA JACKSON

| ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| | PHENIX CITY | AL | |
| | PHENIX CITY | AL | |
| | BIRMINGHAM | AL | |
| | BIRMINGHAM | AL | |



Correo Yahoo! - sirgipo@yahoo.com

**SHELLEY RIVERS**
ADDRESS

| | |
|---|---|
| ALBANY | NY |

| CITY | STATE | ZIP |
|---|---|---|
| CLIFTON PARK | NY | |
| ALBANY | NY | |
| LATHAM | NY | |
| SCHENECTADY | NY | |

009066

**POSSIBLE NEIGHBORS**
No Records Found

Reported Address: 5 of 8

STREET ADDRESS
CITY          FAIRBANKS
STATE         AK
ZIP
COUNTY        FAIRBANKS NORTH STAR

**PHONE NUMBERS FOR THIS ADDRESS**
No Records Found

**PROPERTY OWNERSHIP**
No Records Found                                        What is this?

**INDIVIDUALS REPORTED AT THIS ADDRESS**
**DAVID J. WHARTON**
ADDRESS

| | CITY | STATE | ZIP |
|---|---|---|---|
| | FAIRBANKS | AK | |

**DANIEL S. GILBERT**
ADDRESS

| | CITY | STATE | ZIP |
|---|---|---|---|
| | FAIRBANKS | AK | |
| | FAIRBANKS | AK | |
| | FAIRBANKS | AK | |
| | FAIRBANKS | AK | |
| | FAIRBANKS | AK | |
| | FAIRBANKS | AK | |

**DOREN J. GILBERT**
ADDRESS

| | CITY | STATE | ZIP |
|---|---|---|---|
| | FAIRBANKS | AK | |
| | FAIRBANKS | AK | |
| | FAIRBANKS | AK | |
| | FAIRBANKS | AK | |
| | FAIRBANKS | AK | |
| | FAIRBANKS | AK | |
| | NORTH POLE | AK | |

Case 3:06-cv-00761-CSC   Document 6-5   Filed 08/31/2006   Page 88 of 285   Pagina 7 de 11
Correo Yahoo! - sirgglo@yahoo.com
089



**POSSIBLE NEIGHBORS**
No Records Found

### Reported Address: 6 of 8

| | |
|---|---|
| STREET ADDRESS | |
| CITY | FAIRBANKS |
| STATE | AK |
| ZIP | |
| COUNTY | FAIRBANKS NORTH STAR |

**PHONE NUMBERS FOR THIS ADDRESS**
No Records Found

**PROPERTY OWNERSHIP**
No Records Found

**What is this?**

**INDIVIDUALS REPORTED AT THIS ADDRESS**
No Records Found

**POSSIBLE NEIGHBORS**
No Records Found

### Reported Address: 7 of 8

| | |
|---|---|
| STREET ADDRESS | |
| CITY | COLUMBUS |
| STATE | GA |
| ZIP | |
| COUNTY | MUSCOGEE |

**PHONE NUMBERS FOR THIS ADDRESS**
No Records Found

**PROPERTY OWNERSHIP**
No Records Found

**What is this?**

**INDIVIDUALS REPORTED AT THIS ADDRESS**

**RICHARD**

| ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| | COLUMBUS | GA | |
| | COLUMBUS | GA | |
| | COLUMBUS | GA | |
| | COLUMBUS | GA | |
| | COLUMBUS | GA | |

**JANE DUNCAN**

| ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| | COLUMBUS | GA | |

**KELVIN JONES**



Correo Yahoo! - sirgigio@yahoo.com

77

600091



**POSSIBLE NEIGHBORS**
No Records Found

**Reported Address: 8 of 8**

| | |
|---|---|
| STREET ADDRESS | |
| CITY | FT WAINWRIGHT |
| STATE | AK |
| ZIP | |
| COUNTY | FAIRBANKS NORTH STAR |

**PHONE NUMBERS FOR THIS ADDRESS**
No Records Found

**PROPERTY OWNERSHIP**
No Records Found

What is this?

**INDIVIDUALS REPORTED AT THIS ADDRESS**

**DAVID P. ABARE**

| ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| | OLD T | FL | |
| | OLD T | FL | |
| | FAIRB | AK | |
| | FORT WAINWRIGHT | AK | |
| | FAIRB | AK | |

**BRIAN H. ALLEN**

| ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| | DETRO | MI | |
| | BINGH ARMS | MI | |
| | DETRO | MI | |
| | SOUTH | MI | |
| | FORT WAINWRIGHT | AK | |

**KEITH M. ALLEN**

| ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| | SAINT PE SBURG | FL | |
| | SAINT PE SBURG | FL | |
| | SAINT PE SBURG | FL | |
| | FORT WAINWRIGHT | AK | |

**NANCY S. ALLISON**

| ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| | MIAMI BE | FL | |
| | CLARKSVILLE | TN | |
| | CLARKSVILLE | TN | |
| | FORT WAINWRIGHT | AK | |
| | PHILADELPHIA | TN | |
| | FORT WAINWRIGHT | AK | |

**ANNE M. ALESHIRE**

| ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|

Correo Yahoo! - sirgio@yahoo.com

Pagina 10 de 11

75

000071



| | CITY | STATE | ZIP |
|---|---|---|---|
| | FT WAINWRIGHT | AK | |
| | FORT WAINWRIGHT | AK | |
| | FORT WAINWRIGHT | AK | |
| | FAIRBANKS | AK | |
| | FORT WAINWRIGHT | AK | |
| | FORT WAINWRIGHT | AK | |
| | FAIRBANKS | AK | |

**SALLY A. AASLAND**
ADDRESS

| CITY | STATE | ZIP |
|---|---|---|
| REDMOND | MI | |
| WESTLAND | MI | |
| ANN ARBOR | MI | |
| FAIRBANKS | AK | |
| FT WAINWRIGHT | AK | |
| BATTLE CITY | MI | |
| FAIRBANKS | AK | |

**CHARLES L. BARNES**
ADDRESS

| CITY | STATE | ZIP |
|---|---|---|
| NEW LONDON | CT | |
| ARLINGTON | GA | |
| | AE | |
| | GA | |
| FORT LEE | NJ | |
| FORT LEE | NJ | |
| ALBANY | GA | |
| FAIRBANKS | AK | |
| FORT WAINWRIGHT | AK | |
| FORT LEE | NJ | |
| ARLINGTON | GA | |

**GREGORY L. ALLMON**
ADDRESS

| CITY | STATE | ZIP |
|---|---|---|
| CLARKSVILLE | TN | |
| CLARKSVILLE | TN | |
| FORT WAINWRIGHT | AK | |
| MADISONVILLE | TN | |
| PHILADELPHIA | TN | |
| FORT WAINWRIGHT | AK | |
| PHILADELPHIA | TN | |

**CHARLES L. ALESNER**
ADDRESS

| CITY | STATE | ZIP |
|---|---|---|
| FT WAINWRIGHT | AK | |
| FORT WAINWRIGHT | AK | |
| FAIRBANKS | AK | |
| FORT WAINWRIGHT | AK | |
| FORT WAINWRIGHT | AK | |
| FORT WAINWRIGHT | AK | |
| FAIRBANKS | AK | |

**MARYLENE C. AGUILAR**

http://e1.f121.mail.yahoo.com/vm/ShowLetter?box=Inbox&MsgId=8276 1439078 5510...  23/04/2004

093



| ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|
| | FAIRBANKS | AK | |
| | FORT WAINWRIGHT | AK | |
| | CHICAGO | IL | |
| | FAIRBANKS | AK | |

**POSSIBLE NEIGHBORS**
No Records Found

**POSSIBLE RELATIVES**

| NAME | ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|---|
| JOHN R. COONLEY | | SMITHS | AL | |
| ROSE M. COONLEY | | AUBURN | AL | |
| RONALD F. COONLEY | | SALEM | AL | |
| JENNIFER COONLEY | | SALEM | AL | |
| THERESA M. COONLEY | | PHENIX CITY | AL | |
| ROSE COONLEY | | COLUMBUS | GA | |

Supplemental Information

**NATIONAL DEATH INDEX**
No Records Found

**DRUG ENFORCEMENT AGENCY**
No Records Found

**FAA AIRMEN**
No Records Found

**FAA AIRCRAFT**
No Records Found

**COAST GUARD DOCUMENTED VESSELS**
No Records Found

**MARRIAGE INDEX (CA, TX, NV only)**          What is this?
No Records Found

**DIVORCE INDEX (TX, NV only)**               What is this?
No Records Found

**BANKRUPTCY, TAX LIENS, AND SMALL CLAIMS CIVIL JUDGMENTS INDEX**   What is this?
No Records Found

D.I.D: 4522455

Thanks again for making US SEARCH your trusted information partner! Sincerely,
US SEARCH

**PRUEBA 35**

096



# SUBPROCURADURÍA DE INVESTIGACIÓN ESPECIALIZADA EN DELINCUENCIA ORGANIZADA.

A.P PGR/SIEDO/UEITMIO/013/2004

000073

### RECEPCIÓN DE DOCUMENTO.

- - - En la Ciudad de México Distrito Federal a 23 veintitrés de abril de 2004 dos mil cuatro.- - -

- - - TÉNGASE.- Por recibido escrito de fecha de 23 del mes y año en curso, dirigido a la Licenciada Leticia Galván Ortega, Fiscal Especial de Tráfico de Menores, adscrita a esta Subprocuraduría, el cual es signado por el Licenciado Fernando Castillo Tapia, documento en el que se lee "... Ciudadana Representante Social, Honorable Fiscal Especial, con el debido respeto comparezco ante Usted el Denunciante LIC. FERNANDO CASTILLO TAPIA, quien en forma más procedente de derecho manifiesto: Que por medio del presente escrito vengo a solicitar se me informe la situación Jurídica que guarda la presente indagatoria, lo anterior en razón de que se requiere para presentar dicha información al Juzgado Décimo de lo Familiar en el Distrito Federal, como Pruebas Supervenientes en el Incidente de Cambio de Custodia dentro del expediente principal con número 785/91. Por lo expuesto, A USTED HONORABLE Y JUSTICIERO AGENTE DEL MINISTERIO PÚBLICO, con fundamento en lo dispuesto en los artículos 1, 8, 35 fracción V de la Constitución Política de los Estados Unidos Mexicanos, en concordancia con las atribuciones legales que confiere la Ley Orgánica de la Procuraduría General de la República, y sobre la base del principio jurídico de Don José María Morelos y Pavón que cita ...Que todo aquel que se queje con justicia, tenga un Tribunal, que lo escuche, ampare y proteja de las arbitrariedades..., atentamente pido se sirve: PRIMERO.- Tener por presentado el presente escrito acordando de conformidad lo solicitado...", documentos de los cuales se dio fe de tener a la vista y con fundamento en lo previsto en los artículos 208 y 209 del Código Federal de Procedimientos Penales, se ordena sean agregados a su indagatoria para que surta los efectos legales a que haya lugar.- - - - - - - - - - - - -
- - - - - - - - - - - - - - - - - - - - - - - - - C Ú M P L A S E - - - - - - - - - - - - - - - -
- - ASÍ LO ACORDÓ  Y FIRMA EL C. LICENCIADO MARTÍN MARÍN COLÍN, AGENTE DEL MINISTERIO PÚBLICO DE LA FEDERACIÓN, ADSCRITO A LA UNIDAD ESPECIALIZADA EN INVESTIGACIÓN DE TRÁFICO DE MENORES, INDOCUMENTADOS Y ÓRGANOS DE ESTA SUBPROCURADURÍA, QUIEN ACTÚA LEGALMENTE CON TESTIGOS DE ASISTENCIA QUE AL FINAL FIRMAN Y DAN

- - - - - - - - - - - - - - - - - - - - - - D A M O S   FE - - - - - - - - - - - - - - - - - - - - - -

TESTIGO DE ASISTENCIA.                          TESTIGO DE ASISTENCIA.

C. EDUARDO ALVARADO TORRES                      C. HUGO GARCÍA REYES

**PRUEBA 36**

# BUSINESS LAWYER CORPORATION
## Bufete Jurídico
Calle Havre No. 28, Despacho 104, Col. Juárez, Del. Cuauhtémoc México D. F.
ZONA ROSA

81
60

EXP. A.P. PGR/SIEDO / 013 / 2004

Fiscalía de Trafico de Menores adscrita a
la S.I.E.D.O. de P.G.R.

00907

Distinguida Licenciada
LETICIA GALVAN ORTEGA
H. FISCAL ESPECIAL DE TRAFICO DE
MENORES ADSCRITA A LA S.I.E.D.O. DE
LA PROCURADURIA GENERAL DE LA
REPÚBLICA.
PRESENTE.

Ciudadana Representante Social, Honorable Fiscal Especial, con el debido respeto comparezco ante Usted, Denunciante LIC. FERNANDO CASTILLO TAPIA, quien en la forma mas procedente a derecho manifiesto:

"Que por medio del presente escrito vengo a solicitar se me informe la situación Jurídica que guarda la presente Indagatoria, lo anterior en razón de que se requiere para presentar dicha Información al Juzgado Décimo de lo Familiar en el Distrito Federal como Pruebas Supervenientes en el Incidente de Cambio de Custodia dentro del expediente principal con numero 785/91."

Por lo expuesto, A USTED HONORABLE Y JUSTICIERO AGENTE DEL MINISTERIO PUBLICO, con fundamento en lo dispuesto en los articulos 1, 8, 35 fracción V de la Constitución Política de los Estados Unidos Mexicano, en concordancia con las atribuciones legales, que le confiere la Ley Orgánica de la Procuraduría General de la Republica y sobre la base del principio Jurídico de Don José Maria Morelos y Pavón que cita "Que todo aquel que se queje con Justicia, tenga un Tribunal, que lo escuche, ampare y proteja de las arbitrariedades...", atentamente pido se sirva:

PRIMERO.- Tener por presentado el presentado el presente escrito acordando de conformidad lo solicitado.

"POR EL HONOR DE LA JUSTICIA Y LA VERDAD"
PROTESTO LO NECESARIO

LIC. FERNANDO CASTILLO TAPIA
MÉXICO D.F. A 23 DE ABRIL DEL 2004

**PRUEBA 37**



**SUBPROCURADURIA DE INVESTIGACION ESPECIALIZADA
EN DELINCUENCIA ORGANIZADA**

00007

**PGR/SIEDO/UEITMIO/AP013/2004.**

*ACUERDO DE DILIGENCIAS.*

- - - México Distrito Federal a 23 veintitrés de abril del 2004 dos mil cuatro.- - - - - - - - - -
- - - V I S T O.- El estado que guardan las presentes actuaciones y tomando en
consideración la petición formulada por el C. Fernando Castillo Tapia, en esta fecha,
fundamentando su derecho en el artículo 8 Constitucional del Código Federal de
Procedimientos, para que se expidiera copia certificada de la comparecencia de la señora
MARIA ELENA VAZQUEZ SAUCEDO de fecha 07 de abril del año en curso así como
copia del Oficio de Interpool de fecha 22 de abril del año en curso, toda vez que el
denunciante impugno juicio civil en Contra la Maria del Rosario Moreno Vázquez con
motivo de la sustracción de mis menores hijos, ya que dichos documentos son de utilidad
para el juicio de controversia familiar que se lleva a cabo en el Juzgado 10 de lo Familiar
en el Distrito Federa, autorizando al Lic. Jorge Iván Gutiérrez Guerrero a recogerlas en su
nombre para ser exhibidas a dicho Juzgado. así como también obra petición por escrito de
esta misma fecha signada por el mismo FERNANDO CASTILLO TAPIA, solicitando se le
informe la situación Jurídica que guarda la presente indagatoria, lo anterior en razón de
que se requiere para presentar dicha información al Juzgado Décimo de lo Familiar en el
Distrito Federal, como Pruebas Superveniente en el Incidente de Cambio de Custodia
dentro del expediente principal con número 785/91. Por lo que es de valorarse que el
denunciante utilizando su derecho de petición solicitando únicamente copia certificada de
los documentos ya referidos ajustándose tal petición a lo que establece el articulo 270 y
277 del Código Federal de Procedimientos Penales, por lo que se acuerda se
proporcione copia certificada única y exclusivamente de los documentos que refiere y
para efectos de que sean exhibidos al Juez de lo Familiar, tomando en consideración que
en su petición manifiesta el motivo y las circunstancias para lo que son necesarias más
aún si se refiere que dichos documentos serán exhibidos ante un Juez de lo familiar en
contra de MARIA DEL ROSARIO MORENO VAZQUEZ, del mismo dígasele al promovente
que por lo que se refiere a la situación jurídica de la indagatoria este tiene conocimiento
que se encuentra en fase de integración, así como que se la compareció para informarle
que se contaba con información de la expedición de los pasaportes de sus menores hijos,
en donde supuestamente se les había expedido pasaporte, mismo que según constancias
había autorización por el padre situación que se le hizo del conocimiento, manifestando
desconocer la firma y huella dactilar, por lo que solicito peritos en la materia, para verificar
la autenticidad de la firma y huella dactilar, por lo que se esta integrando la misma
indagatoria para determinarla en su momento procesal oportuno.- - - - - - - - - - - - - - - - -
- - Por lo anterior con fundamento en lo establecido por los artículos 8, 35 fracción V de la
Constitución Política de los Estados Unidos Mexicanos, 270 y 277 del Código Federal de
Procedimientos Penales; es procedente acordar se y se- - - - - - - - - - - - - - - - - - - - -
- - - - - - - - - - - - - - - - - - - - A C U E R D A - - - - - - - - - - - - - - - - - - - - - - -
- - PRIMERO.- Expídase las copias que solicito en su comparecencia así como por
escrito de fecha 23 de abril del año en curso, del mismo modo notifíquese, sobre el
contenido del presente acuerdo ya sea al C. FERNANDO CASTILLO TAPIA y/o LIC.
JORGE IVAN GUTIERREZ GUERRERO, por el grado levantándose constancia de quien
recibe las copias certificadas, toda vez que el solicitante refiere a quien se le entregue las
copias que el pidió.- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SEGUNDO. Practíquense las diligencias necesarias para el cumplimiento del presente acuerdo

C Ú M P L A S E

Así lo acordó y firma la Licenciada LETICIA GALVAN ORTEGA, Agente del Ministerio Público de la Federación adscrito a la Unidad Especializada en investigación de Tráfico de Menores, Indocumentados y Órganos, quién actúa en forma legal con testigos de asistencia que al final firman y dan fe

D A M O S   F E

000075

T. DE A.

_____ GARCIA REYES

LIC. MARTIN MARTIN COLIN.

Razón de fijación de notificación en Estrados del Edificio ubicado en reforma numero 23 planta baja.

En seguida y en la misma fecha, el personal actuante del Ministerio Público de la Federación, HACE CONSTAR que se dió cumplimiento al acuerdo que antecede, fijando la notificación por estrados en el pizarron que se encuentra al lado de los lugares del edificio ubicado en reforma numero 23 planta baja. CONSTE---------

T. DE A.

_____ GARCIA REYS

T. DE A

LIC. MARTIN MARTIN COLIN



**PRUEBA 38**

**104**

**63**

# AeroMexico.

<span style="font-size:small">AEROVIAS DE MEXICO, S.A. DE C.V.<br>Av. Paseo de la Reforma No. 445<br>Col. Cuauhtémoc<br>C.P. 06500<br>México, D.F.</span>

México, Distrito Federal a 22 de Abril de 2004
AH-0458/04

000076

PROCURADURIA GENERAL DE LA REPUBLICA
UNIDAD ESPECIALIZADA EN INVESTIGACIÓN DE TRAFICO
DE MENORES, INDOCUMENTADOS Y ORGANOS
OFICIO NUMERO.- UEITMIO/165/04
AV. PREVIA.- PGR/SIEDO/UEITMIO/013/2004

AT'N.: LIC. MARTÍN MARIN COLIN
C. AGENTE DEL MINISTERIO PUBLICO DE LA FEDERACIÓN

En atención a su solicitud de fecha 29 de Marzo de 2004, y recibida en esta Dirección Jurídica el 22 de Abril del mismo año, mediante el cual solicita se le informe si los menores _____ y la C. MARIA DEL ROSARIO MORENO VAZQUEZ, abordaron el avión con destino a Atlanta, el día 27 de febrero de 2004, al respecto me permito comentarle lo siguiente:

Adjunto sírvase encontrar en copia simple los cupones números _____ 3200281157 0 / 139, 3200281158 1 x 139, 3200281159 2 expedidos a favor de MORENO / MARIA, _____ utilizados en la ruta MEXICO-ATLANTA, Vuelo 636 del día 27 de febrero de 2004.

Sin otro particular, quedo a sus órdenes.

Atentamente,

LIC. ANTONIO JAUREGUI QUINTANA
GERENTE DE ASUNTOS CONTENCIOSOS Y
FLOTA

AJQ/gcg*

<span style="font-size:small">R E C I B I D O<br>028<br>Subprocuraduría de Investigación<br>Especializada en Delincuencia<br>Organizada Oficialía de Partes.</span>

00007

**PRUEBA 39**

## SUBPROCURADURIA ESPECIALIZADA EN
## DELINCUENCIA ORGANIZADA

000078

UNIDAD ESPECIALIZADA EN INVESTIGACION DE TRAFICO DE MENORES, INDOCUMENTADOS Y ORGANOS.
EXP: PGR/SIEDO/UEITMIO/013/04

ASUNTO: CITATORIO

México, Distrito Federal a 27 de mayo del 2004.

LIC. FERNANDO CASTILLO.
P R E S E N T E.

En cumplimiento al acuerdo dictado dentro de la indagatoria al rubro citada, y con fundamento en lo previsto en los artículos 21 y 102 apartado "A" de la Constitución Política de los Estados Unidos Mexicanos; 1°, 2° fracción I, 73, 74 75, 76, 117, 118, 119, 125, Código Federal de Procedimientos Penales; y Fracc. I, y IV, de la Ley Orgánica de la Procuraduría General de la República; hago del su conocimiento que deberá presentarse para el 02 de junio de 2004 dos mil cuatro a las 10:30 diez treinta horas, con identificación oficial con fotografía en calidad de denunciante, a efecto de que si no existe inconveniente legal alguno, acceda a que se le tomen muestras de escritura y toma de huellas dactilares, a efecto de realizar dictamen con las muestras que le sean tomadas, con los documentos los cuales desconoce firmó y estampo la huella.

A T E N T A M E N T E
SUFRAGIO EFECTIVO, NO REELECION
EL C. AGENTE DEL MINISTERIO PÚBLICO
DE LA FEDERACIÓN

LIC. MARTÍN MARÍN COLÍN.

**PRUEBA 40**



FORMA C.G. 1A

000079



**PROCURADURIA DE INVESTIGACIÓN ESPECIALIZADA EN DELINCUENCIA 121
ORGANIZADA**

A.P. PGR/SIEDO/UEITMIO/013/2004.

PROCURADURIA GENERAL
DE LA
REPUBLICA

**C O N S T A N C I A**

En Naucalpan, Estado de México a 02 dos de Junio del 2004 dos mil cuatro, siendo las 14:15
catorce horas con quince minutos del día a la fecha, el suscrito Licenciado MARTÍN MARÍN
COLÍN, Agente del Ministerio Público de la Federación adscrito a la Unidad Especializada en
Tráfico de Menores, Indocumentados y Órganos de esta Subprocuraduría, quien actúa en forma
legal con testigos de asistencia que al final firman y dan fe, hace constar que en esta fecha y hora el
suscrito y el personal de servicios periciales en GRAFOSCOPÍA, FOTOGRAFÍA FORENSE, e
IDENTIFICACIÓN, nos constituimos en las Oficinas que ocupa la Delegación de Secretaría de
Relaciones Exteriores, con sede en Naucalpan Estado de México, con domicilio en Mexicas número
63, Interior 104, Colonia Santa Cruz Acatlán en este Municipio, por lo que en atención al oficio con
número de referencia DGD-A DN02274, de fecha 26 de Mayo del año en curso, suscrito por el
Licenciado HUMBERTO LUGO GUERRERO, Director de Normatividad, de la Dirección General
de Delegaciones dependiente de esa Secretaría, en donde autoriza que peritos de esta Institución
realicen revisión de documentos, para lo cual se señaló el presente día a las 14:00 catorce horas, por
lo que en atención a ello se solicitó hablar con la Licenciada ANA LUISA LEAL FELIX,
Subdelegada, entrevistándose con el suscrito, a la cual se le informo el motivo de la visita y se le
mostró el oficio de autorización antes mencionado, por lo que en atención a ello permitió el acceso
a sus oficinas y proporcionó SOLICITUD DE PASAPORTE ORDINARIO MEXICANO (OP-5),
con número 6290 y 6289, a sí como en el reverso EL MISMO QUE OTORGAN LOS PADRES O
PERSONAS QUE EJERCEN LA PATRIA POTESTAD O TUTELA PARA LA EXPEDICIÓN
DE PASAPORTE a nombre de ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ acto seguido los peritos antes señalados procederán a la
revisión de los mismos en sus respectivas materias por lo que una vez que se realizo la revisión de
los documentos se da por concluida la presente diligencia, el que se hace constar para los efectos
legales a que haya lugar.- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - CONSTE - - - - - - - - - - - - - - - - - - - - - - - - -

LIC. ANA LUISA LEAL FELIX
SUBDELEGADA DE S.R.E. EN NAUCALPAN, EDO. DE MEX.

PERSONAL QUE ACTUANTE:

PRAXEDIS IRMA GARCÍA. Perito Técnico en IDENTIFICACIÓN

ROSA FLORES VAZQUEZ. Perito Técnico en IDENTIFICACIÓN.

LUIS ALTO CRISANTO MOLINA, Perito Técnico en GRAFOSCOPÍA.

GONZALO MENDIOLA GONZALEZ, Perito Técnico en FOTOGRAFÍA FORENSE.

Testigo de Asistencia                                    Testigo de Asistencia

C. FRANCISCO JAVIER TOVAR MARTÍNEZ.          C. HUGO GARCÍA REYES

DE

**PRUEBA 41**

000080

# AVERIGUACION PREVIA
## PGR/SIEDO/UEITM O/013/2004

FOLIO
2702

LUGAR DE LOS HECHOS:
*SUBDELEGACION DE LA SECRETARIA DE
RELACIONES EXTERIORES DE ARBOLEDAS
EN EL MUNICIPIO DE NAUCALPAN EDO DE
MEXICO*

PERITO:
*GONZALO MENDIOLA GONZALEZ*



## FECHA DE INTERVENCIÓN
## 02 DE JUNIO DEL 2004

**PROCURADURIA GENERAL DE LA REPUBLICA**
**COORDINACIÓN DE PLANEACIÓN, DESARROLLO E INNOVACIÓN INSTITUCIONAL**
**DIRECCIÓN GENERAL DE COORDINACIÓN DE SERVICIOS PERICIALES**
**DEPARTAMENTO DE FOTOGRAFÍA FORENSE**

| ASUNTO: FIJACIÓN FOTOGRÁFICA DE DOCUMENTOS Y HUELLAS. | AVERIGUACIÓN PREVIA | FOLIO MESA DE CONTROL: |
|---|---|---|
| | PGR/ SIEDO / UEITM1O/013/2004 | 27024 |
| LUGAR DE HECHOS: SUBDELEGACION DE LA SECRETARIA DE RELACIONES EXTERIORES DE ARBOLEDAS EN EL MUNICIPIO DE NAUCALPAN EDO DE MEXICO. | FECHA DE INTERVENCIÓN: 02 DE JUNIO DEL 2004. | PERITO: GONZALO MENDIOLA GONZALEZ |

009081





**PROCURADURIA GENERAL DE LA REPUBLICA**
**COORDINACIÓN DE PLANEACIÓN, DESARROLLO E INNOVACIÓN INSTITUCIONAL**
**DIRECCIÓN GENERAL DE COORDINACIÓN DE SERVICIOS PERICIALES**
**DEPARTAMENTO DE FOTOGRAFÍA FORENSE**

| ASUNTO: FIJACIÓN FOTOGRÁFICA DE DOCUMENTOS Y HUELLAS. | AVERIGUACIÓN PREVIA PGR/ SIEDO/UEITM10/013/2004 | FOLIO MESA DE CONTROL: 27024 |
|---|---|---|
| LUGAR DE HECHOS: SUBDELEGACION DE LA SECRETARIA DE RELACIONES EXTERIORES DE ARBOLEDAS EN EL MUNICIPIO DE NAUCALPAN EDO DE MEXICO. | FECHA DE INTERVENCIÓN: 02 DE JUNIO DEL 2004. | PERITO: GONZALO MENDIOLA GONZALEZ |

000089







### PROCURADURIA GENERAL DE LA REPUBLICA
#### COORDINACIÓN DE PLANEACIÓN, DESARROLLO E INNOVACIÓN INSTITUCIONAL
#### DIRECCIÓN GENERAL DE COORDINACIÓN DE SERVICIOS PERICIALES
#### DEPARTAMENTO DE FOTOGRAFÍA FORENSE

| ASUNTO: FIJACIÓN FOTOGRÁFICA DE DOCUMENTOS Y HUELLAS. | AVERIGUACION PREVIA | FOLIO MESA DE CONTROL: |
|---|---|---|
| | PGR/ SIEDO / UEITMIO/013/2004 | 27024 |
| LUGAR DE HECHOS: SUBDELEGACION DE LA SECRETARIA DE RELACIONES EXTERIORES DE ARBOLEDAS EN EL MUNICIPIO DE NAUCALPAN EDO DE MEXICO. | FECHA DE INTERVENCION: 02 DE JUNIO DEL 2004. | PERITO: GONZALO MENDIOLA GONZALEZ |

123

92

**PROCURADURIA GENERAL DE LA REPUBLICA**
**COORDINACIÓN DE PLANEACIÓN, DESARROLLO E INNOVACIÓN INSTITUCIONAL**
**DIRECCIÓN GENERAL DE COORDINACIÓN DE SERVICIOS PERICIALES**
**DEPARTAMENTO DE FOTOGRAFÍA FORENSE**

| ASUNTO: FIJACIÓN FOTOGRÁFICA DE DOCUMENTOS Y HUELLAS. | AVERIGUACIÓN PREVIA | FOLIO MESA DE CONTROL: |
|---|---|---|
| | PGR/ SIEDO / UEITMIO/013/2004 | 27024 |
| LUGAR DE HECHOS: SUBDELEGACION DE LA SECRETARIA DE RELACIONES EXTERIORES DE ARBOLEDAS EN EL MUNICIPIO DE NAUCALPAN EDO DE MEXICO. | FECHA DE INTERVENCIÓN: 02 DE JUNIO DEL 2004. | PERITO: GONZALO MENDIOLA GONZALEZ |

Distrito Feder
Pasaporte

MEXIC

ROSARIO MORENO VAZQUEZ

URIA GE

000085

### PROCURADURIA GENERAL DE LA REPUBLICA
#### COORDINACIÓN DE PLANEACIÓN, DESARROLLO E INNOVACIÓN INSTITUCIONAL
#### DIRECCIÓN GENERAL DE COORDINACIÓN DE SERVICIOS PERICIALES
#### DEPARTAMENTO DE FOTOGRAFÍA FORENSE

| ASUNTO: FIJACIÓN FOTOGRÁFICA DE DOCUMENTOS Y HUELLAS. | AVERIGUACIÓN PREVIA | FOLIO MESA DE CONTROL: |
|---|---|---|
| | PGR/ SIEDO / UEITMIO/013/2004 | 27024 |
| LUGAR DE HECHOS: SUBDELEGACION DE LA SECRETARIA DE RELACIONES EXTERIORES DE ARBOLEDAS EN EL MUNICIPIO DE NAUCALPAN EDO DE MEXICO. | FECHA DE INTERVENCIÓN: 02 DE JUNIO DEL 2004. | PERITO: GONZALO MENDIOLA GONZALEZ |



**PROCURADURIA GENERAL DE LA REPUBLICA**
**COORDINACIÓN DE PLANEACIÓN, DESARROLLO E INNOVACIÓN INSTITUCIONAL**
**DIRECCIÓN GENERAL DE COORDINACIÓN DE SERVICIOS PERICIALES**
**DEPARTAMENTO DE FOTOGRAFÍA FORENSE**

| ASUNTO:<br>FIJACIÓN FOTOGRÁFICA DE DOCUMENTOS Y HUELLAS. | AVERIGUACION PREVIA | FOLIO MESA DE CONTROL: |
|---|---|---|
| | PGR/ SIEDO / UEITMIO/013/2004 | 27024 |
| LUGAR DE HECHOS:<br>SUBDELEGACION DE LA SECRETARIA DE RELACIONES EXTERIORES DE ARBOLEDAS EN EL MUNICIPIO DE NAUCALPAN EDO DE MEXICO. | FECHA DE INTERVENCIÓN: | PERITO: |
| | 02 DE JUL DEL 2004. | GONZALO MENDIOLA GONZALEZ |



PROCURADURIA GENERAL DE LA REPUBLICA
COORDINACIÓN DE PLANEACIÓN, DESARROLLO E INNOVACIÓN INSTITUCIONAL
DIRECCIÓN GENERAL DE COORDINACIÓN DE SERVICIOS PERICIALES
DEPARTAMENTO DE FOTOGRAFÍA FORENSE

| ASUNTO:<br>FIJACIÓN FOTOGRÁFICA DE DOCUMENTOS<br>Y HUELLAS. | AVERIGUACIÓN PREVIA<br>PGR/ SIEDO //UEITM10/013/2004 | FOLIO MESA DE CONTROL:<br>27024 |
|---|---|---|
| LUGAR DE HECHOS:<br>SUBDELEGACION DE LA SECRETARIA DE<br>RELACIONES EXTERIORES DE ARBOLEDAS<br>EN EL MUNICIPIO DE NAUCALPAN EDO DE<br>MEXICO. | FECHA DE INTERVENCIÓN:<br>02 DE JUNIO DEL 2004. | PERITO:<br>GONZALO MENDIOLA GONZALEZ |



133

069088

**PROCURADURIA GENERAL DE LA REPUBLICA**
**COORDINACIÓN DE PLANEACIÓN, DESARROLLO E INNOVACIÓN INSTITUCIONAL**
**DIRECCIÓN GENERAL DE COORDINACIÓN DE SERVICIOS PERICIALES**
**DEPARTAMENTO DE FOTOGRAFÍA FORENSE**

| ASUNTO: FIJACIÓN FOTOGRÁFICA DE DOCUMENTOS Y HUELLAS. | AVERIGUACION PREVIA PGR/ SIEDO / UEITMIO/013/2004 | FOLIO MESA DE CONTROL: 27024 |
|---|---|---|
| LUGAR DE HECHOS: SUBDELEGACION DE LA SECRETARIA DE RELACIONES EXTERIORES DE ARBOLEDAS EN EL MUNICIPIO DE NAUCALPAN EDO DE MEXICO. | FECHA DE INTERVENCIÓN: 02 DE JUNIO DEL 2004. | PERITO: GONZALO MENDIOLA GONZALEZ |



**PROCURADURIA GENERAL DE LA REPUBLICA**
**COORDINACIÓN DE PLANEACIÓN, DESARROLLO E INNOVACIÓN INSTITUCIONAL**
**DIRECCIÓN GENERAL DE COORDINACIÓN DE SERVICIOS PERICIALES**
**DEPARTAMENTO DE FOTOGRAFÍA FORENSE**

| ASUNTO: | AVERIGUACIÓN PREVIA | FOLIO MESA DE CONTROL: |
|---|---|---|
| FIJACIÓN FOTOGRÁFICA DE DOCUMENTOS Y HUELLAS. | PGR/ SIEDO / UEITM1O/013/2004 | 27024 |
| LUGAR DE HECHOS: SUBDELEGACION DE LA SECRETARIA DE RELACIONES EXTERIORES DE ARBOLEDAS EN EL MUNICIPIO DE NAUCALPAN EDO DE MEXICO. | FECHA DE INTERVENCIÓN: | PERITO: |
| | 02 DE JUNIO DEL 2004. | GONZALO MENDIOLA GONZALEZ |

**PRUEBA 42**

**PROCURADURÍA GENERAL DE LA REPÚBLICA**
**COORDINACIÓN DE PLANEACIÓN, DESARROLLO E INNOVACIÓN INSTITUCIONAL**
**DIRECCIÓN GENERAL DE COORDINACIÓN DE SERVICIOS PERICIALES**
**DEPARTAMENTO DE FOTOGRAFÍA FORENSE**

| ASUNTO: FIJACIÓN FOTOGRÁFICA DE DOCUMENTOS Y HUELLAS. | AVERIGUACIÓN PREVIA | FOLIO MESA DE CONTROL: |
|---|---|---|
| | PGR/ SIEDO / UEITM IO/013/06 | 27024 |
| LUGAR DE HECHOS: SUBDELEGACIÓN DE LA SECRETARIA DE RELACIONES EXTERIORES DE ARBOLEDAS EN EL MUNICIPIO DE NAUCALPAN EDO DE MEXICO. | FECHA DE INTERVENCIÓN: 02 DE JUNIO DEL 20 | PERITO: GONZALO MENDIOLA GONZALEZ |



DATOS DEL PADRE O TUTOR

Como Padre ☒    Como Tutor ☐

Para realizar el trámite me identifico con el siguiente

documento _Pasa...

No. 033400...

Expedido (a) por _Secretaria...

De fecha ☐6 ☐ ☐ ☐6 ☐
día    mes



000091



# SUBPROCURADURÍA DE INVESTIGACIÓN ESPECIALIZADA EN DELINCUENCIA ORGANIZADA.

A.P. PGR/SIEDO/UEITMIO/013/20004

## RECEPCIÓN DE DOCUMENTO.

--- En la Ciudad de México D.F. a 14 catorce de Junio de 2004 dos mil cuatro.------------
--- T É N G A S E.- Por recibido el oficio con número de folio 27022, de fecha 02 del mes y año en curso, procedente de la Coordinación de Planeación, Desarrollo e Innovación Institucional, dirección General de Coordinación de Servicios Periciales, dirección General Ajunta de Laboratorios Sección de Identificación, Procuraduría General de la República, dirigido a el Licenciado Martín Marín Colín, Agente del Ministerio Público de la Federación, adscrito a la Unidad Especializada para la Investigación de Tráfico de Menores, Indocumentados y Órganos de esta Subprocuraduría, signado por el Dr. Luis Miguel Rosas Barcenas, El Director de Identificación Judicial, en ausencia de la Dirección General Adjunta de Laboratorios, por el que se informa designación de perito, documento en el que se lee "...Con relación a su oficio número UEITMIO/920/04, me permito informar a Usted, que han sido designadas peritos en materia de: IDENTIFICACIÓN DACTILOSCOPICA C. PRAXEDIS IRMA GARCÍA GUERRERO y ROSA FLORES VÁZQUEZ...", asimismo, anexa oficio con el mismo número y procedencia de fecha 10 de Junio del año en curso, por medio del cual se remite dictamen en materia de Identificación Dactiloscopica y en el que se lee "...En respuesta a su oficio número UEITMIO/920/04, me permito remitir a Usted, Dictamen emitido en la materia de Identificación Dactiloscopica, deducido de la A.P. PGR/SIEDO/UEITMIO/013/04, elaborado por personal pericial de la Institución...", de igual manera se anexa un tercer oficio con el mismo número, procedencia y fecha del anteriormente mencionado, a través del cual se rinde dictamen en materia de Identificación (dactiloscopia), en el que se lee "...Las que suscriben peritos oficiales en materia de identificación (dactiloscopia), designadas por la Directora General de Coordinación de Servicios Periciales, para intervenir en la Averiguación Previa citada al rubro, me permito rendir a Usted lo siguiente. DICTAMEN. 1.- PROBLEMA PLANTEADO. En relación a su oficio UEITMIO/920/04, donde solicita peritos, que a L letra dice ...... " A fin de que se tomen muestras de escritura y huellas dactilares al querellante de la presente, asimismo una vez realizado lo anterior trasladarse junto con el suscrito a la Oficinas de la Secretaría de Relaciones Exteriores, a fin de verificar la existencia de documentos originales, recabar fotografías de los mismos, principalmente de escritura y huellas dactilares, para con lo anterior realizar dictamen de Microscopio e identificarnos si la escritura y firma que aparecen en los documentos anteriormente citados tienen el mismo origen gráfico de la persona mencionada anteriormente, asimismo realizar comparativo si la huellas que aparecen en los documentos pertenecen a la persona antes citada si en ellos se tomaron las mismas de igual manera de no pertenecer a la señalada persona cotejarlos en el sistema AFIS a efecto de constatar si existe algún antecedente". 2.- MATERIA DE ESTUDIO DE DOCUMENTO. A).- Muestras Dactilares tomadas el día 2 de Junio del año en curso las cuales constan de una ficha decadactilar la cual contiene veinte impresiones dactilares; diez rodadas y diez de apoyo, dos hojas tamaño carta con el sello de la Institución la cual contiene cada una diez impresiones dactilares, diez da eje y diez rodadas en la leyenda mano derecha mano izquierda; todas estas tomadas al C. Castillo Tapia José Fernando de 45 años de edad y fecha de nacimiento ████████ 1958, recabada en presencia del Agente del Ministerio Público de la Federación, Licenciado Martín Marín Colín. B).- Forma OP7 del permiso que otorgan los padres o personas que ejercen la patria potestad o tutela para la expedición de pasaportes que en la parte media presenta dos espacios, una que corresponde al

padre o tutor y otro a la madre o tutora. El espacio que corresponde al padre tutor contiene ████ datos como el número de pasaporte 03340032358, con fecha de expedición 6/NOV/2003 así ██████ firma y dos impresiones dactilares con la leyenda índice izquierdo e índice derecho, y en ███ adverso del mismo documento que contiene datos como el número de solicitud 6289, así como ██ número de pasaporte ███████████

██████ firma, fotografía de la misma; a sí como seis huellas digitales tres con la leyenda ███ índice izquierdo y tres con la leyenda índice derecho. C).- Forma OP7 ██ permiso que otorgan los padres o personas que ejercen la patria potestad o tutela para la ██ expedición de pasaportes que en la parte media presentan dos espacios, una que corresponde al padre o tutor y otra a la madre o tutora. El espacio que corresponde al padre o tutor contiene datos con número de pasaporte 03340032358, con fecha de expedición 6/NOV/2003 así ██ firma y dos impresiones dactilares con la leyenda índice izquierdo e índice derecho, ██ en el anverso del mismo documento que contiene datos como el número de solicitud 6289 así como el número de pasaporte ███████████

███████ datos de domicilio, número telefónico, firma, fotografía de la misma; así como seis huellas digitales, tres con la leyenda índice izquierdo y tres con la leyenda índice derecho. 3.- MÉTODO DE ESTUDIO. El presente dictamen se fundamenta en el sistema Identificativo del Señor Juan Vucetich Kovacevich, que tiene como finalidad determinar de manera indubitable la identidad de las personas vivas o muertas a través del estudio minucioso de las impresiones dactilares y por extensión de palmares y plantares tomando como referencia los tios fundamentales y puntos característicos, elementos esenciales para lograr una identidad. Procedimiento. 1.- Con fecha 02 de Junio del año en curso nos constituimos en la Unidad Especializada en Investigación de Tráfico de Menores indocumentados y Órganos; ubicado e Avenida Reforma número 23, tercer piso, Colonia Tlaxcalera, Delegación Cuauhtemoc, con el Agente del Ministerio Público de la Federación el Licenciado Martín Marín Colín, para recabar la ficha decadactilar del querellante C. Castillo Tapia José Fernando quien se identifico con pasaporte Mexicano número 03340032358, posteriormente nos trasladamos a las instalaciones que ocupa la Secretaría de Relaciones Exteriores ubicad en calle Mexicas número 63, Colonia santa Cruz Acatlán, Naucalpan, Estado de México, donde la Subdelegada la Licenciada Ana Luisa León Felix nos proporciono los documentos originales señalados en el material de estudio, incisos B y C los cuales se le tomo reproducciones fotográficas en forma general así como a los dactilogramas que corresponde al dedo o tios para realizar el análisis dactiloscópico. Posteriormente se clasifico y se realizo un estudio minucioso comparativo por medio de lentes de aumento únicamente al anular derecho de la ficha decadactilar del C. Castillo Tapia José Fernando, así co o de las huellas impresas en los formatos OP7 de los menores, ████████████████ ██████ por corresponder al mismo tipo fundamental yn hace un análisis comparativo por medio de subtipo, número y ubicación de puntos característicos, arrojando los siguientes. 4.- RESULTADOS. I).- Al realizar el estudio correspondiente de la ficha decadactilar a nombre del C. Castillo Tapia José Fernando la cúal presenta siguiente fórmula Dactiloscópica V 5343 I-2222 en la mano derecha, pulgar, indice, medio anular pertenecen al tercer tipo fundamental pira lla externa, en la mano izquierda corresponde al segundo tipo fundamental presilla interna. Por su morfología el anular derecho corresponde al cuarto tipo fundamental VERTICILIO, SUBTIPO CONCENTRICO, por lo que únicamente se cotejo este, por corresponder al mismo tipo fundamental con los dactilogramas estampadas en las formas OP7. II).- Al realizar el estudio de los dactilogramas estampados en los formatos OP7, correspondientes al padre o tutor con la leyenda índice izquierdo corresponde al cuarto tipo fundamental VERTICILIO, SUBTIPO ESPIRAL DESTROGIRO. Los dactilogramas con la leyenda índice derecho corresponden al cuarto tipo fundamental VERTICILIO, SUBTIPO ESPIRAL SINESTROGIRO. Al continuar el dactilograma del anular derecho de la ficha decadactilar a nombre del C. Castillo Tapia José Fernando contra los dactilogramas insertos en las formas OP7, no corresponden al subtipo y por ende en puntos característicos. Las fotografías

000090

de las huellas dactilares de las formas OP7, fueron turnadas al sistema AFIS, para realizar una confronta eliminatoria contra la base de datos de dicho sistema, arrojando resultados positivos con los siguientes datos: BARRERA HERNÁNDEZ ARTEMIO, delito falsificación de documentos oficiales. A.P. 9545/D/94: Autoridad Agente del Ministerio Público de la Federación, Titular de la Mesa IX-D, edad 39 años de edad, fecha de nacimiento ███████ 1955, con domicilio en la Calle de Cantera Nº1, Santa Cruz Xochintepec, Xochimilco, D.F., cuyo registro decadactilar esta integrado al archivo de esta institución, por lo que se procedió a realizar estudio comparativo tomándose como base de cotejo los dedos medios derecho e izquierdo en base al tipo fundamental, subtipo y ubicación de puntos característicos, se realizo tomas fotográficas de la ficha decadactilar así como ampliaciones fotográficas de los mismos, para realizar comparativo con la huellas dactilares estampadas en los formatos OP7 de los menores ███████████████████████, por lo que se ilustran resultados. (recuadro) Dactilograma medio izquierdo de ficha decadactilar a nombre de Barrera Hernández Artemio. Tipo Fundamental Verticilo. Subtipo Espiral destrogiro. Puntos característicos, Cortada: 1,2,3,4,6,7,8,9,11,12. Bifurcación: 5,10. Huella dactilar localizada en las formas OP7 con la leyenda índice izquierdo, Tipo Fundamental Verticilo, Subtipo Espiral destrogiro, Puntos característicos, Cortada: 1,2,3,4,6,7,8,9,11,12. Bifurcación 5,10. Dactilograma medio derecho de ficha decadactilar a nombre de Barrera Hernández Artemio. Tipo Fundamental Verticilo. Subtipo Espiral sinestrogiro. Puntos característicos, Cortada: 1,2,3,4,6,7,10,11,12, Bifurcación: 5,8, Islote: 9. Huella dactilar localizada en las formas OP7 con la leyenda índice derecho. Tipo Fundamental Verticilo, Subtipo Espiral sinestrogiro, Puntos característicos, Cortada: 1,2,3,4,6,7,10,11,12. Bifurcación: 5,8. Islote:9. Con base en el estudio técnico dactiloscópico, se formulan las siguientes. 5.- CONCLUSIONES. PRIMERA: Los dactilogramas impresos en la ficha decadactilar a nombre de C. Castillo Tapia José Fernando NO CORRESPONDEN, con las impresiones dactilares estampadas en las formas OP7, con la leyenda índice derecho e izquierdo de los menores María Fátima y Luis Fernando ambos de apellidos Castillo Moreno. SEGUNDA: Los dactilogramas estampados en las formas Op7, con la leyenda índice derecho e izquierdo de los menores María de Fátima y Luis Fernando ambos de apellidos Castillo Moreno, CORRESPONDEN con las impresiones dactilares de los medios derecho e izquierdo de la ficha decadactilar a nombre de Barrera Hernández Artemio...", asimismo se ████████ láminas de reproducciones fotográficas para ilustrar el dictamen, así como el original de la ficha decadactilar y las dos OP7 descritas en la materia de estudio. Documentos de los cuales previo de tener a la vista y con fundamento en los artículos 208 y 209 del Código Federal de Procedimientos Penales se ordena agregados a su indagatoria para que surta los efectos legales que haya lugar. -------------------------------------------------------
-----------------------------------CÚMPLASE--------------------------------
--- ASÍ LO ACORDÓ Y FIRMA EL C. LICENCIADO MARTÍN MARÍN COLÍN, AGENTE DEL MINISTERIO PÚBLICO DE LA FEDERACIÓN ADSCRITO A LA UNIDAD ESPECIALIZADA EN INVESTIGACIÓN DE TRÁFICO DE MENORES, INDOCUMENTADOS Y ÓRGANOS DE ESTA SUBPROCURADURÍA, QUIEN ACTÚA EN FORMA LEGAL CON TESTIGOS DE ASISTENCIA QUE AL FINAL FIRMA Y DAN FE.----------------------------------------
------------------------------------DAMOS FE.---------------------------------

TESTIGO DE ASISTENCIA.                    TESTIGO DE ASISTENCIA.

C. Eduardo Alvarado Torres.              C. Hugo García Reyes.

**PRUEBA 43**

000094



PROCURADURIA GENERAL
DE LA
REPUBLICA

COORDINACION DE PLANEACION,
DESARROLLO E INNOVACION INSTITUCIONAL.
DIRECCION GENERAL DE COORDINACION
DE SERVICIOS PERICIALES.
DIRECCION GENERAL ADJUNTA DE
LABORATORIOS.
SECCION DE IDENTIFICACION
A.P.PGR/SIEDO/UEITMIO/013/2004.
NO. DE FOLIO: 2702.

ASUNTO: SE RINDE DICTAMEN EN MATERIA DE
IDENTIFICACION (DACTILOSCOPIA).

México, D.F., a 30 de Junio 2004.

Licenciado
MARTIN MARIN COLIN.
AGENTE DEL MINISTERIO PUBLICO
DE LA FEDERACION
UNIDAD ESPECIALIZADA EN INVESTIGACION
DE TRAFICO DE MENORES, INDOCUMENTADOS Y
ORGANOS.
P R E S E N T E.

Las que suscriben peritos oficiales en materia de identificación (dactiloscopia), designadas
por la Dirección General de Coordinación de Servicios Periciales, para intervenir en la
Averiguación Previa citada al rubro, se permiten rendir a Usted el siguiente

D I C T A M E N

1- PROBLEMA PLANTEADO

En relación a su oficio UEITMIO/920/04, donde solicita peritos, que a la letra dice ......." A
fin de que tomen muestras de escritura y huellas dactilares al querellante de la presente,
asimismo una vez realizado lo anterior trasladarse junto con el suscrito a las oficinas de la
Secretaria de Relaciones Exteriores; a fin de verificar la existencia de documentos
originales, recabar fotografias de los mismos, principalmente de escritura y huellas
dactilares, para que con lo anterior realizar dictamen en grafoscopia e indicarnos si la
escritura y firma que aparecen en los documentos mencionados, tienen el mismo origen
gráfico de la persona mencionada anteriormente, asi mismo realizar comparativo si las
huellas que aparecen en los documentos pertenece a la persona quien se le tomaron
las mismas; de igual manera de no pertenecer a la señalada persona verificar en el
sistema AFIS a efecto de constatar si existe algún antecedente".

Rev. 1                          Ref.: T-IA-01                          FO-IA-05

000095



PROCURADURIA GENERAL
DE LA
REPUBLICA

### 2.- MATERIAL DE ESTUDIO O DOCUMENTO

A).Muestras Dactilares tomas el día 2 de Junio del año en curso las cuales constan de una ficha decadactilar la cual contiene veinte impresiones dactilares; diez rodadas y diez de apoyo, dos hojas tamaño carta con el sello de la institución la cual contiene cada una diez impresiones dactilares, diez de eje y diez rodadas con la leyenda mano derecha, mano izquierda; todas estas tomadas al C. Castillo Tapia José Fernando de 45 años de edad y fecha de nacimientos 26/Oct/1958, recavadas en presencia del Agente del Ministerio Público de la Federación Licenciado Martín María Colin.

B) Forma OP7 del permiso que otorgan los padres o personas que ejercen la patria potestad o tutela para la expedición de pasaporte que en la parte media presenta dos espacios, una que corresponde al padre o tutor y otra a la madre o tutora.
El espacio que correspondiente al padre o tutor contiene datos como número de pasaporte 03340032358, con fecha de expedición 6/NOV/2003 así como firma y dos impresiones dactilares con la leyenda índice izquierda e índice derecho, y en el anverso del mismo documento contiene datos como el número de solicitud 6289 así como número de pasaporte 91380053111, CURP 15057020021___ a nombre de ___, datos de domicilio, número telefónico, firma, fotografía de la misma, así como seis huellas digitales; tres con la leyenda índice izquierdo y tres con la leyenda índice derecho.



C) Forma OP7 del permiso que otorgan los padres o personas que ejercen la patria potestad o tutela para la expedición de pasaporte, que en la parte media presenta dos espacios, una que corresponde al padre o tutor y otra a la madre o tutora.
El espacio que correspondiente al padre o tutor contiene datos como número de pasaporte 03340092358, con fecha de expedición 6/NOV/2003 así como firma y dos impresiones dactilares con la leyenda índice izquierdo e índice derecho, y en el anverso del mismo documento contiene datos como el número de solicitud 6290 así como número de pasaporte 91380053110, a nombre de ___ datos de domicilio, número telefónico, firma, fotografía de la misma, así como seis huellas digitales; tres con la leyenda índice izquierdo y tres con la leyenda índice derecho.

### 3.- MÉTODO DE ESTUDIO

El presente dictamen se fundamenta en el sistema Identificativo del Señor Juan Vucetich Kovacevich que tiene como finalidad determinar de manera indubitable la identidad de las personas vivas o muertas a través del estudio minucioso de las impresiones dactilares y

DIRECCION GENERAL DE
COORDINACION DE
SERVICIOS PERICIALES
EXPEDICION GENERAL DE
RADICIONES Y

Rev. INCIA JURIDICA                    Ref.: IT-IA-01                    FO-IA-05

00003t

PROCURADURIA GENERAL
DE LA
REPUBLICA

Por extensión de impresiones palmares y plantares, tomando como referencia los tipos fundamentales y puntos característicos, elementos esenciales para lograr una identidad.

Procedimiento:

I.- Con fecha 02 de Junio del año en curso nos constituimos en la Unidad Especializada en Investigación de Tráfico de Menores, Indocumentados y Organos; ubicado en Avenida Reforma número 23, tercer piso, Colonia Tabacalera, Delegación Cuauhtemoc, con el Agente de Ministerio Publico de la Federación el Licenciado Martín Marín Colín para recabar la ficha decadactilar del querellante C. Castillo Tapia José Fernando quien se identifico con pasaporte Mexicano número 033A0032358 posteriormente nos trasladamos a las instalaciones que ocupa la Secretaría de Relaciones Exteriores Ubicada en la Calle Mexicas número 63, colonia Santa Cruz Acatlán, Naucalpan, Estado de México, donde la Subdelegada la Lic. Ana Luisa Leal Felix nos proporciono los documentos originales señalados en el material de estudio, incisos B,C, a las cuales se les tomo reproducciones fotográficas en forma general así como a los dactilogramas que corresponden al padre o tutor para realizar el análisis dactiloscópico.

Posteriormente se clasifico y se realizo un estudio minucioso y comparativo por medio de lentes de aumento únicamente del anular derecho de la ficha decadactilar del C. Castillo Tapia José Fernando, así como de las huellas impresas en los formatos OP7 de los menores _____ por corresponder al mismo tipo fundamental y así poder hacer un análisis comparativo por medio de símbolo, número y ubicación de puntos característicos, arrojando los siguientes.

4.-RESULTADOS.

I).- Al realizar el estudio correspondiente de la ficha decadactilar a nombre del C. Castillo Tapia José Fernando la cual presenta la siguiente fórmula Dactiloscópica E-3343 I-2222, en la mano derecha, pulgar, índice, medio y meñique pertenecen al tercer tipo fundamental presilla externa, en la mano izquierda corresponde al segundo tipo fundamental presilla interna. Por su morfología el anular derecho corresponde al cuarto tipo fundamental VERTICILO, SUBTIPO CONCENTRICO, por lo que únicamente se cotejo este por corresponder al mismo tipo fundamental con los dactilogramas estampados en las formas OP7.

Rev. 1                         Ref.: IT-IA-
                                      3                                    FO-IA-05

144

000097

**PROCURADURIA GENERAL**
**DE LA**
**REPUBLICA**

II.- Al realizar el estudio de los dactilogramas estampados en los formatos OP7 correspondientes al padre o tutor con la leyenda índice izquierdo corresponde al cuarto tipo fundamental VERTICILO, SUBTIPO ESPIRAL DESTROGIRO.

Los dactilogramas con la leyenda índice derecho corresponden al cuarto tipo fundamental VERTICILO, SUBTIPO ESPIRAL SINESTROGIRO.

- Al confrontar el dactilograma del anular derecho de la ficha decadactilar a nombre del C. Castillo Tapia José Fernando contra los dactilogramas insertos en las formas OP7, no corresponden en subtipo y por ende en puntos característicos.

- Las fotografías de las huellas dactilares de las formas OP7, fueron turnadas al sistema AFIS para, para realizar una confronta eliminatoria contra la base de datos de dicho sistema, arrojando resultados positivos con los siguientes datos:

BARRERA HERNANDEZ Artemio, delito falsificación de documentos oficiales. A.P 9545/D/94, Autoridad Agente del Ministerio Público de la Federación, titular de la Mesa IX –D, edad 32 años de edad, fecha de nacimiento 8 de Octubre de 1955, con domicilio en la Calle de Cantera No. 1 Santa Cruz Xochitepec, Xochimilco, D.F., cuyo registro decadactilar está integrado el archivo de esta Institución, por lo que se procedió a realizar estudio comparativo tomándose como base el cotejo los dedos medios derecho e izquierdo base al tipo fundamental, subtipo y ubicación da puntos característicos, se realizo toma fotográficas de la ficha decadactilar así como amplificaciones fotográficas de los mismos, para realizar comparativo con las huellas dactilares estampadas en los formatos OP7 de los menores María Fátima y Luis Fernando ambos de apellido Castillo Moreno, por lo que se ilustran resultados.



| Dactilograma medio izquierdo de la ficha decadactilar a nombre de Barrera Hernandez Artemio. | Tipo Fundamental Verticilo | Subtipo Espiral destrogiro | Puntos característicos Cortada:1,2,3,4,6,7,8,9,11,12. Bifurcación: 5, 10. |
|---|---|---|---|
| Huella dactilar localizada en las formas OP7 con la leyenda índice izquierdo. | Tipo Fundamental Verticilo | Subtipo Espiral destrogiro | Puntos característicos Cortada:1,2,3,4,6,7,8,9,11,12. Bifurcación: 5, 10. |
| Dactilograma medio derecho de de ficha decadactilar a nombre de Barrera Hernandez Artemio. | Tipo Fundamental Verticilo | Subtipo Espiral sinestrogiro | Puntos característicos Cortada:1,2,3,4,6,7,10,11,12. Bifurcación: 5, 8 Islote: 9. |
| Huella dactilar localizada en las formas OP7 con la leyenda índice derecho. | Tipo Fundamental Verticilo | Subtipo Espiral sinestrogiro | Puntos característicos Cortada:1,2,3,4,6,7,10,11,12. Bifurcación: 5, 8. Islote:9 |

Rev. 1                                    Ref.: IT-IA-01                                    FO-IA-05

145

000036

85



PROCURADURIA GENERAL
DE LA
REPUBLICA

Con base en el estudio técnico dactiloscópico, se formulan las siguientes.

## 5.- C O N C L U S I O N E S

**PRIMERA**: Los dactilogramas impresos en la ficha decadactilar a nombre de C. Castillo Tapie José Fernando **NO CORRESPONDEN**, con las impresiones dactilares estampadas en las formas OP7, con la leyenda índice derecho e izquierdo de los menores María Fátima y Luis Fernando ambos de apellidos Castillo Moreno.

**SEGUNDA**: Los dactilogramas estampados en las formas OP7, con la leyenda índice derecho e izquierdo de los menores María Fátima y Luis Fernando ambos de apellidos Castillo Moreno, **CORRESPODEN**, con las impresiones dactilares de los medios derecho e izquierdo de la ficha decadactilar a nombre de Barrera Hernández Artemio

Lo que hago de su conocimiento para los fines legales que haya lugar.

**ANEXO**: Se anexan con reproducciones fotográficas para ilustrar el dictamen, así como el original de la ficha decadactilar y las dos hojas descritas en el material de estudio.

**NOTA**: El sistema AFIS emitirá dictamen correspondiente.

A T E N T A M E N T E
LAS PERITAS EN IDENTIFICACION
(DACTILOSCOPIA)

REVISO

C. PRAXEDIS IRMA GARCIA GUERRERO                    C. ROSA MA. ... VAZQUEZ
                                                    DE L...
                                                    DIRECCION GE... COORDINA...
                                                    DE SERVICIOS PERICIALE...

Rev. 1                    REF.: IT-IA-0                    FO-IA-05
                                5

**PRUEBA 44**

140    000003

PROCURADURÍA GENERAL
DE LA    COORDINACIÓN DE PLANEACION DESARROLLO E INNOVACION INSTITUCIONAL
REPUBLICA    DIRECCIÓN GENERAL DE COORDINACIÓN DE SERVICIOS PERICIALES
DIRECCION ADJUNTA DE LABORATORIOS    A.P. PGR/SIEDO/UEITMIO/013/2004.



PROCURADURIA GENERAL
DE LA REPUBLICA
DIRECCION GENERAL DE COORDINAC
DE SERVICIOS PERICIALES

Reproducción fotográfica anverso y reverso de la forma OP7 a nombre d

Rev. 1    Ref.: IT-IA-    FO-IA-05

**PRUEBA 45**

147

000100

COORDINACION DE PLANEACION DESARROLLO E INNOVACION INSTITUCIONAL
DIRECCIÓN GENERAL DE COORDINACIÓN DE SERVICIOS PERICIALES
DIRECCION ADJUNTA DE LABORATORIOS     A.P. PGR/SIEDO/UEITMIO/013/2004

PROCURADURÍA GENERAL
DE LA
REPÚBLICA



Reproducción fotográfica anverso y reverso de la forma OP7 a

Rev. 1                    Ref.: IT-IA-01                    FO-IA-05

**PRUEBA 46**

000101

PROCURADURIA GENERAL DE LA REPUBLICA
COORDINACIÓN DE PLANEACION DESARROLLO E INNOVACION INSTITUCIONAL
DIRECCIÓN GENERAL DE COORDINACIÓN DE SERVICIOS PERICIALES
DIRECCION ADJUNTA DE LABORATORIOS    A.P. PGR/SIEDO/UEITMIO/013/2004

PROCURADURIA GENERAL
DE LA REPUBLICA

Reproducción fotográfica de la ficha decadactilar nombre de Barrera Hernandez Artemio.

Rev. 1    DIE    Ref.: IT-11-01    FO-IA-05

**PRUEBA 47**

Junio 2, 2007

Castillo tapia Jo.

Mano derch



N INSTITUCIONAL
ERICIALES
IO 013 2004

000102

RE Castillo tapia, José Fernando

REG.PGR

F □ M □    ALIAS

FIRMA

FECHA

FOTO N°

| PULGAR | INDICE | MEDIO | ANULAR | MENIQUE |
|---|---|---|---|---|
| IMPRESION SIMULTANEA | | | DER. IMPRESION SIMULTANEA | |



# F I L I A C I O N

PESO_____ 104 Kgs
ESTATURA___ 1.78 Mts
COMPLEXION___ Robusta

**DATOS PERSONALES**

DOMICILIO ▓▓▓▓▓▓▓

POBLACION _Nomlpan_
ESTADO _Edo. Mex._ PAIS _Mexico_

**DATOS BIOGRAFICOS**
EDAD _45 años_ ▓▓▓▓▓▓ 1958
ESTADO CIVIL _Soltero_
CONYUGE _Paz Tepalc Gloria Milan_
NACIONALIDAD _Mexicana_
NACIDO EN _Mexico DF_
HIJO DE _Fernando Alfonso Castillo Flores_
Y DE _Estela Teresa Contreras_
PROF. OFICIO _Mecánico Mexico -_
TRABAJA EN _____

| CABELLO COLOR | PIEL COLOR | MENTON |
|---|---|---|
| ( ) negro | ( ) blanca | ( ) punta |
| ( ) castaño claro | (x) mar. clara | ( ) oval |
| (X) castaño obscuro | ( ) mar. obscura | (x) cuadrado |
| ( ) rubia | ( ) negra | ( ) redondo |
| ( ) rojizo | ( ) amarilla | ( ) bilobado |
| ( ) albino | ( ) rojizo | ( ) con fosa |
| ( ) entrecano | | ( ) perfiles |

| CABELLO TIPO | OJOS | NARIZ |
|---|---|---|
| ( ) ondulada | ( ) cafes claros | (x) recta |
| ( ) lashino | (x) cafes obscuras | ( ) concava |
| ( ) lacio | ( ) azules | ( ) convexa |
| ( ) crespa | ( ) verdes | ( ) repulsada |
| ( ) lanoso | ( ) pardas | ( ) sinuosa |

| CEJAS | BOCA | FRENTE |
|---|---|---|
| ( ) pobladas | (x) pequeña | ( ) pequeña |
| ( ) escasas o ralas | ( ) mediana | ( ) mediana |
| (x) semipobladas | ( ) grande | (x) grande |

PERFIL _F. R. ____

SEÑAS PARTICULARES _Cicatriz debajo de la
ceja Dev. UELa GENERAL 4 cm; cicatriz por
cierre ca REPU UONL izq. de aprox 3 cm;
enferma de GERAL cicatriz por cirugía en el
abdomen de TRESST 25 cm_

OATOS ESPECIALES _A JURAT A_

_Pasaporte Mexican a nabre de Castillo x/o Jose Fernando
Nº 033 40032398_

**FRENTE**

**PERFIL**

DELITO_____
CONSIGNADO_____





Junio 2, 2004

Castillo Tapia José Fernando

Mano derecha

Mano izquierda

**PRUEBA 48**



PROCURADURIA GENERAL DE LA REPUBLICA

COORDINACION DE PLANEACION DESARROLLO E INNOVACION INSTITUCIONAL
DIRECCIÓN GENERAL DE COORDINACIÓN DE SERVICIOS PERICIALES
DIRECCION ADJUNTA DE LABORATORIOS    A.P. PGR/SIEDO/UEITMIO/013/2004

Amplificación de medio izquierdo de la ficha decadactilar a nombre de Barrera Hernández Artemio, el cual presenta los siguientes puntos característicos: Cortada: 1,2,3,4,6,7,8,9,11,12. Bifurcación: 5,10.

Rev. 1 05    Ref.: IT-IA-01    FO-IA-05

PROCURADURIA GENERAL
DE LA
REPUBLICA



Amplificación de medio derecho de la ficha decadactilar a nombre de Barrera Hernández Artemio, el cual presenta los siguientes puntos característicos: Cotinúa:1,2,3,4,6,7,10,11,12. Bifurcación:5,8. Islote: 9.

Ref. T-I

FO-IA-05

**PRUEBA 49**

Case 3:06-cv-00187 Document 6-5 Filed 08/31/2006 Page 144 of 285

COORDINACIÓN DE PLANEACIÓN DESARROLLO E INNOVACIÓN INSTITUCIONAL

PROCURADURIA GENERAL DE LA REPUBLICA — DIRECCIÓN GENERAL DE COORDINACIÓN DE SERVICIOS PERICIALES
DIRECCION ADJUNTA DE LABORATORIOS     A.P. PGR/SIEDO/UEITMIO/013/2004

94

000108



Amplificación de la impresión dactilar con la huella índice izquierdo de las formas OP7, nombre de ███████████████████████████████████████ el cual presenta los siguientes puntos característicos: Convergida: 1,2,3,4,6,7,8,9,11,12 Bifurcacion: 5, 10.

Rev. 1                          Ref.: IT-IA-01                          FO-IA-05

EP

DE :

COORDINACION DE PLANEACION DESARROLLO E INNOVACION INSTITUCIONAL
PROCURADURIA GENERAL    DIRECCIÓN GENERAL DE COORDINACIÓN DE SERVICIOS PERICIALES
DE LA
REPUBLICA    DIRECCION ADJUNTA DE LABORATORIOS    A.P. PGR/SIEDO/UEITMIO/013/2004



000109

...ación de las impresiones dactilares con la leyenda Índice derecho de las formas
...mbre de ...ual
...los siguientes puntos caracterí...cos: Cortada:1,2,3,4,6,7,10,11,12. Bifurcación:
...: 9.

Rev. 1                    Ref.: IT...-01...                    FO-IA-05

3

**PRUEBA 50**



## SUBPROCURADURÍA DE INVESTIGACIÓN ESPECIALIZADA EN DELINCUENCIA ORGANIZADA.

000116

A.P. PGR/SIEDO/UEITMIO/013/2004

### RECEPCIÓN DE DOCUMENTO.

--- En la Ciudad de México D.F. a 17 diecisiete de junio de 2004 dos mil cuatro.- - - - - - - - - -
--- T É N G A S E.- Por recibido el oficio con número de folio 27023, de fecha 15 del mes y año en curso, procedente de la Coordinación de Planeación, Desarrollo e Innovación Institucional, Dirección General de Coordinación de Servicios Periciales, Dirección General Ajunta de Especialidades Documentales, Departamento de Documentos Cuestionados, Procuraduría General de la República, dirigido al Licenciado Martín Marín Colín, Agente del Ministerio Público de la Federación, adscrito a la Unidad Especializada para la Investigación de Tráfico de Menores, Indocumentados y Órganos de esta Subprocuraduría, signado por el C. L. Aldo Chisanto Molina, El Perito, documento en el que se lee "...El suscrito perito en materia de Grafoscopio y Documentoscopia, designado para intervenir en relación a su oficio citado al rubro, ante Usted con respeto manifiesto lo siguiente: Fue requerido mi intervención a fin de atender su petición dirigida al DIRECTOR GENERAL DE COORDINACIÓN DE SERVICIOS PERICIALES, la cual en su parte conducente informa: sean designados peritos en materia de fotografía, grafoscopia e identificación, a fin de que se presenten en las oficinas que ocupan esta Unidad, ubicadas en Paseo de la Reforma número 23, tercer piso, Colonia Tabacalera, Delegación Cuauhtemoc de esta Ciudad a las 10:30 horas del día 17 de junio del presente año, a fin de que tomen muestras de escritura y huellas dactilares al querellante de la presente, asimismo una vez realizado lo anterior trasladarse junto con el suscrito a las Oficinas de Secretaría de Relaciones Exteriores, a fin de verificar la existencia de documentos originales, recabar fotografías de los mismos, principalmente de la escritura y huellas dactilares, para que con lo que aparece en los documentos mencionados, tienen el mismo origen grafico de la persona mencionada anteriormente. Una vez leída su petición realizar las diligencias encomendadas y observar los documentos motivo de estudio, infiero que el problema a resolver es el siguiente: PROBLEMA PLANTEADO. Determinar si corresponde o no por su ejecución al C. JOSÉ FERNANDO CASTILLO TAPIA, las firmas y escritura que se encuentran en los documentos descritos a continuación: DESCRIPCIÓN DE LOS DOCUMENTOS CUESTIONADOS. Se cuestiona en la presente intervención, las firmas como del C. JOSÉ FERNANDO CASTILLO TAPIA y escrituras que aparecen asentadas en la siguiente documentación: 1.- Solicitud de Pasaporte Ordinario Mexicano (OP-5), a nombre de CASTILLO MORENO MARÍA DE FÁTIMA, con número de solicitud, 6289, de lugar y fecha de Naucalpan, Estado de México, a 16 de febrero del 2004, el cual presenta las siglas de la Secretaría de Relaciones Exteriores (SER), en el margen superior izquierdo, así también se encuentra en el reverso la firma OP-7PERMISO QUE OTROGAN LOS PADRES O PERSONAS QUE EJERCEN LA PATRIA POTESTAD O TUTELA, PARA LA EXPEDICIÓN DE PASAPORTE, en el reverso de esta. 2.- Solicitud de Pasaporte Ordinario Mexicano (OP-5) a nombre de CASTILLO MORENO LUIS FERNANDO, con número de solicitud 6290, de lugar y fecha de Naucalpan, Estado de México, a 16 de febrero del 2004, el cual presenta las siglas de la Secretaría de Relaciones Exteriores (SER), en el margen superior izquierdo, así también se encuentra en el reverso la forma OP-7 PERMISO QUE OTORGAN LOS PADRES O PERSONAS QUE EJERCEN LA PATRIA POTESTAD O TUTELA, PARA LA EXPEDICIÓN DE PASAPORTE, en el reverso de esta. Documentos que tuve a la vista en original para su debido estudio y cotejo e impresiones fotográficas, en la Delegación de la

Secretaría de relaciones Exteriores de Naucalpan, Estado de México. DESCRIPCIÓN DEL DOCUMENTO BASE SE COTEJO. Como elemento base de cotejo se me proporciono Muestra de escritura y Firmas del C. JOSÉ FERNANDO CASTILLO TAPIA, la cual consta de dos fojas, de fecha 02 de junio del 2004, misma que fue realizada en presencia del suscrito, la cual se tuvo en original para su debido estudio y confronta. MÉTODO DE ESTUDIO. 1.- ANALÍTICO. I.- ANÁLISIS MINUCIOSO Y DETALLADO DE LAS FIRMAS BASE DE COTEJO. II.- ANÁLISIS MINUCIOSO Y DETALLADO DE LAS FIRMAS CUESTIONADAS. III.- ANÁLISIS MINUCIOSO Y DETALLADO DE LA ESCRITURA CUESTIONADA. IV.- ANÁLISIS MINUCIOSO Y DETALLADO DE LA ESCRITURA BASE DE COTEJO. 2.- COMPARATIVO. I.- CONFRONTACIÓN Y VALORACIÓN DE LOS RESULTADOS OBTENIDOS. 3.- DEDUCTIVO. I.- CONCLUSIÓN. 4.- ILUSTRATIVO. I.- ANEXO GRÁFICO. ESTUDIO. Primeramente procedí a analizar las firmas base de cotejo, para así conocer y valorar sus características de orden general y sus particularidades gráficas, obteniendo lo siguiente: (recuadros) CARACTERISTICAS DE ORDEN GENERAL Y FIRMAS BASE DE COTEJO. HABILIDAD ESCRITURAL: BUENA, VELOCIDAD ESCRITURAL: RAPIDA, TENSIÓN DE LÍNEA: FIRME, PRESIÓN DE LÍNEA: MIXTA, INCLINACIÓN: LIGERAMENTE HACIA LA IZQUIERDA. CARACTERISTICAS Y FIRNAS BASE DE COTEJO. 1.- RASGO INICIAL DE LA FIRMA: EN BOTÓN, 2.- COLOCACIÓN DEL INICIO DE LA FIRMA: PROVENIENTE DE LA PARTE SUPERIOR DE ARRIBA HACIA ABAJO, 3.- GAZA EN LA REBASANTE INFERIOR. PRESENTA, 4.- DESCARGA DE LA TINTA EN LA REBASANTE SUPERIOR: PRESENTA, 5.- ENLACES: LARGOS Y CURVOS, 6.- TRAZO FINAL: LARGO Y CURVO, 7.- RASFO FINAL: DESVANECIENTE. Con respecto a las firmas y escritura cuestionada, procedí a realizar un estudio similar al anterior, características que se enuncian a continuación: (recuadros) CARACTERISTICAS DEL ORDEN GENERAL FIRMAS CUESTIONADAS, HABILIDAD ESCRITURAL: REGULAR, VELOCIDAD ESCRITURAL: MEDIA, TENSIÓN DE LÍNEA: FLOJA, PRESIÓN DE LÍNEA: APOYADA, INCLINACIÓN: PRONUNCIADA HACIA LA IZQUIERDA. CARACTERÍSTICAS, FIRMAS CUESTIONADAS, 1.- RASGO INICIAL DE LA FIRMA: EN GANCHO O REDONDO, 2.- LA COLOCACIÓN DEL INICIO DE LA FIRMA: PROVIENE DE LA PARTE INFERIOR DE ABAJO HACIA ARRIBA, 3.- GAZA EN LA REBASANTE INFERIOR: 4.- DESCARGA DE TINTA EN LA REBASANTE SUPERIOR: NO PRESENTA, 5.- ENLACES CORTOS Y ANGULOSOS, 6.- TRAZO FINAL: CORTO Y RECTO, 7.- RASGO FINAL: BRUSCO. Una vez hecho lo anterior, confronte las características obtenidas de las firmas base de cotejo y las firmas cuestionadas resultando lo siguiente: FIRMAS BASE DE COTEJO, CARACTERÍSTICAS DEL ORDEN GENERAL, FIRMAS CUESTIONADAS. BUENA, HABILIDAD ESCRITURAL, REGULAR, RAPIDA, VELOCIDAD ESCRITURAL, MEDIA, FIRME, TENSIÓN DE LINEA, FLOJA, MIXTA, PRESIÓN DE LÍNEA, APOYADA, LIGERAMENTE HACIA LA IZQUIERDA, INCLINACIÓN, PRONUNCIADA HACIA LA IZQUIERDA. FIRMAS BASE DE COTEJO, CARACTERÍSTICAS, FIRMAS CUESTIONADAS. EN BOTON, 1.- RASGO INICIAL DE LA FIRMA, EN GANCHO O REDONDO, PROVIENE DE LA PARTE SUPERIOR DE ARRIBA HACIA ABAJO, 2.- COLOCACIÓN DEL INICIO DE LA FIRMA, PARTE INFERIOR DE ABAJO HACIA ARRIBA PRESENTA, 3.- GAZA EN LA REBASANTE INFERIOR: NO PRESENTA, PRESENTA, 4.- DESCARGA DE TINTA EN LA REBASANTE SUPERIOR, NO PRESENTA, LARGOS Y CURVOS, 5.- ENLACES, CORTOS Y ONGULOSOS, LARGO Y CURVO, 6.- TRAZO FINAL, CORTO Y RECTO, DESVANECIENTE, 7.- RASGO FINAL, BRUSCO. Por lo que respecta a la escritura cuestionada, realice un estudio minucioso y detallado, el cual se describe a continuación: CARACTERÍSTICAS, ESCRITURA CUESTIONADA. 1.- M, REALIZADA EN CUATRO MOMENTOS GRÁFICO, 2.- C, INICIO EMPASTADO, 3.- a, CON RASGO EN SU PARTE SUPERIOR, 4.- F, REALIZADA EN TRES MOVIMIENTOS GRAFICOS, 5.- t, REALIZADA EN DOS MOVIMIENTOS GRÁFICOS, 6.- o,

LIGERAMENTE ABIERTA EN SU CUERPO, 7.- i, TILDE EM FORMA DE PUNTO. Asimismo también identifique las características que conforman a la escritura base de cotejo, las cuales son las siguientes: CARACTERISTICAS, ESCRITURA BASE DE COTEJO. 1.- M, REALIZADA EN UN SOLOMOMENTO GRAFICO, 2.- C, INICIO EN ARPÓN, 3.- a, CON RASGO EN SU TRAZO MAGISTRAL, 4.- F REALIZADA EN DOS MOMENTOS GRÁFICOS, 5.- t, REALIZADA EN UN SOLO MOMENTO GRÁFICO, 6.- o, EMPASTADA EN SU PARTE IZQUIERDA, 7.- i, TILDE EN FORMA DE COMA. Aunado a lo anterior, confronte las características obtenidas de la escritura cuestionada y la base de cotejo resultando lo siguiente: ESCRITURA CUESTIONADA, CARACTERÍSTICAS, ESCRITURA A BASE DE COTEJO. REALIZADA EN CUATRO MOMENTOS GRÁFICOS, 1.- M, REALIZADA EN UN SLO MOMENTO GRÁFICO, INICIO EMPASTADO, 2.- C, INICIO EN ARPÓN, CON RASGO EN SU PARTE SUPERIOR, 3.- a, CON RASGO EN SU TRAZO MAGISTRAL, REALIZADA EN TRES MOMENTOS GRÁFICOS, 4.- F, REALIZADA EN DOS MOMENTOS GRÁFICOS, REALIZADA EN DOS MOMENTOS GRÁFICOS, 5.-t, REALIZADA EN UN SOLO MOMENTO GRÁFICO, LIGERAMENTE ABIERTA EN SU CUEERPO, 6.- o, EMPASTADA EN SU PARTE IZQUIERDA.- o, TILDE EN FORMA PUNTO, 7.- i, TILDE EN FORMA DE COMA. Del estudio se desprende que las firmas y escrituras cuestionadas contienen puntos de discordancia entre las firmas y escritura base de cotejo, lo cual me auxiliara para elaborar unas conclusiones categóricas al respecto. Por lo anterior que es el resultado técnico Grafoscópico aunado a mis conocimientos y experiencia en la materia, formulo las siguientes: CONCLUSIONES. PRIMERA.- NO CORRESPONDEN POR SU EJECUCIÓN AL C. JOSÉ FERNANDO CASTILLO TAPIA, LAS FIRMAS QUE SE ENCUENTRAN COMO DE ESTE, EN LOS DOCUMENTOS DESCRITOS COMO CUESTIONADOS EN EL PRESENTE DICTAMEN, CON RESPECTO A LAS FIRMAS PROPORCIONADAS CONO BASE DE COTEJO. SEGUNDA.- NO CORRESPONDEN POR SU EJECUCIÓN AL C. JOSÉ FERNANDO CASTILLO TAPIA, LA ESCRITURA QUE SE ENCUENTRA EN LOS DOCUMENTOS DESCRITOS COMO CUESTIONADOS EN EL PRESENTE DICTAMEN, CON RESPECTO A LA ESCRITURA PROPORCIONADA COMO BASE DE COTEJO..." asimismo se anexan imágenes fotográficas a color, la Muestra de Escritura del c. José Fernando Castillo Tapia, constante de dos fojas y el oficio con el mismo número de folio en el que se designa perito. Documentos de los cuales se da fe de tener a la vista y con fundamento en los artículos 208 y 209 del Código Federal de Procedimientos Penales se ordena sean agregados a su indagatoria para que surta los efectos legales a que haya lugar. - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
- - - - - - - - - - - - - - - - - - - - - C O M P L A S E - - - - - - - - - - - - - - - - - - - - -
- - - ASÍ LO ACORDÓ Y FIRMA EL LICENCIADO MARTÍN MARÍN COLÍN, AGENTE DEL MINISTERIO PÚBLICO DE LA FEDERACIÓN ADSCRITO A LA UNIDAD ESPECIALIZADA EN INVESTIGACIÓN DE TRÁFICO DE MENORES, INDOCUMENTADOS Y ÓRGANOS DE ESTA SUBPROCURADURÍA, QUIEN ACTUA EN FORMA LEGAL CON TESTIGOS DE ASISTENCIA QUE AL FINAL FIRMA Y DAN FE.- - - -
- - - - - - - - - - - - - - - - - - - - D A M O S F E - - - - - - - - - - - - - - - - - - - - - - -

TESTIGO DE ASISTENCIA.                    TESTIGO DE ASISTENCIA.

C. Eduardo Alvarado Torres.                C. Hugo García Reyes.

**PRUEBA 51**

000113



COORDINACIÓN     DE     PLANEACIÓN
DESARROLLO     E     INNOVACIÓN
INSTITUCIONAL
DIRECCIÓN GENERAL DE COORDINACIÓN
DE SERVICIOS PERICIALES
DIRECCIÓN GENERAL ADJUNTA DE
ESPECIALIDADES DOCUMENTALES
DEPTO: DOCUMENTOS CUESTIONADOS
FOLIO: 27023
A.P.: PGR/SIEDO/UEITMIO/013/2004

**PROCURADURIA GENERAL DE LA REPUBLICA**

## ASUNTO: SE EMITE DICTAMEN DE GRAFOSCOPÍA

México, Distrito Federal a 15 de junio del 2004.

**LIC. MARTÍN MARÍN COLIN**
**AGENTE DEL MINISTERIO PÚBLICO**
**DE LA FEDERACION.**
**ADSCRITO A LA UNIDAD ESPECIALIZADA**
**EN INVESTIGACIÓN DE TRAFICO DE**
**MENORES, INDOCUMENTADOS Y ORGANOS**
**P R E S E N T E**

El suscrito perito en materia de Grafoscopía y Documentoscopía, designado para intervenir en relación a su oficio citado al rubro, ante Usted con respeto manifiesto lo siguiente:

Fue requerida mi intervención a fin de atender su petición dirigida al DIRECTOR GENERAL DE COORDINACIÓN DE SERVICIOS PERICIALES, la cual en su parte conducente informa:

"...sean designados peritos en las materias de fotografía, grafoscopía e identificación, a fin de que se presenten en las oficinas que ocupan esta unidad, ubicadas en avenida paseo de la reforma numero 23, tercer piso, colonia tabacalera, Delegación Cuauhtémoc de esta ciudad, a las 10:30 horas del día 02 de julio del presente año, a fin de que tomen muestras de escritura y huellas dactilares al querellante de la presente, asimismo una vez realizado el anterior trasladarse junto con el suscrito a oficinas de la Secretaria de Relaciones Exteriores, a fin de verificar la existencia de documentos originales, recabar fotografías de los mismos, principalmente de la escritura y huellas dactilares, para que con lo aparece en los documentos mencionados, tienen el mismo origen gráfico de la persona mencionada anteriormente,..."

NERSA
Revl. DIE
ESY
NUE

IT-DC-01                                         FO-DC-08



PROCURADURIA GENERAL
DE LA
REPUBLICA

000114

Una vez leída su petición, realizar las diligencias encomendadas y observar los documentos motivo de estudio, infiero que el problema a resolver es el siguiente:

## PROBLEMA PLANTEADO.

Determinar si corresponde o no por su ejecución al C. JOSÉ FERNANDO CASTILLO TAPIA, las firmas y escritura que se encuentran en los documentos descritos a continuación:

## DESCRIPCIÓN DE LOS DOCUMENTOS CUESTIONADOS

Se cuestiona en la presente intervención, las firmas que como del C. JOSÉ FERNANDO CASTILLO TAPIA y escrituras que aparecen asentadas en la siguiente documentación:

1.- Solicitud de Pasaporte Ordinario Mexicano (OP-5), a nombre de ███████████████ con numero de solicitud 6288, de lugar y fecha Naucalpan, Estado de México, el cual presenta las siglas de la Secretaría de Relaciones Exteriores (SRE), en el margen superior izquierdo, así también se encuentra en el reverso la forma OP-7 PERMISO QUE OTORGAN LOS PADRES O PERSONAS QUE EJERCEN LA PATRIA POTESTAD O TUTELA, PARA LA EXPEDICIÓN DE PASAPORTE, en el reverso de esta.

2.- Solicitud de Pasaporte Ordinario Mexicano (OP-5), a nombre de ███████████████ con numero de solicitud 6290, de lugar y fecha Naucalpan, Estado de México, el cual presenta las siglas de la Secretaría de Relaciones Exteriores (SRE), en el margen superior izquierdo, así también se encuentra en el reverso la forma OP-7 PERMISO QUE OTORGAN LOS PADRES O PERSONAS QUE EJERCEN LA PATRIA POTESTAD O TUTELA, PARA LA EXPEDICIÓN DE PASAPORTE, en el reverso de esta.

Documentos que tuve a la vista en original para su debido estudio y cotejo e impresiones fotográficas, en la Delegación de la Secretaría de Relaciones Exteriores de Naucalpan, Estado de México.

PROCURADURIA GENERAL.
REPUBLICA
GENERAL DE
FUNES Y
JURIDICA

IT-DC-01

FO-DC-08



3

PROCURADURÍA GENERAL
DE LA
REPÚBLICA



000115

## DESCRIPCIÓN DEL DOCUMENTO BASE DE COTEJO

Como elementos base de cotejo se me proporcionó Muestra de escritura y Firmas del C. JOSÉ FERNANDO CASTILLO TAPIA, la cual consta de dos fojas, de fecha 2 de junio del 2004, misma que fue realizada en presencia del suscrito, la cual se tuvo en original para su debido estudio y confronta.

### MÉTODO DE ESTUDIO

#### 1.- ANALÍTICO

I.- ANÁLISIS MINUCIOSO Y DETALLADO DE LAS FIRMAS BASE DE COTEJO.

II.- ANÁLISIS MINUCIOSO Y DETALLADO DE LAS FIRMAS CUESTIONADAS.

III.- ANÁLISIS MINUCIOSO Y DETALLADO DE LA ESCRITURA CUESTIONADA.

IV.- ANÁLISIS MINUCIOSO Y DETALLADO DE LA ESCRITURA BASE DE COTEJO.

#### 2.- COMPARATIVO

I.- CONFRONTACIÓN Y VALORACIÓN DE LOS RESULTADOS OBTENIDOS

#### 3.-DEDUCTIVO

I.- CONCLUSIÓN.

#### 4.- ILUSTRATIVO

ANEXO GRÁFICO

FO-DC-01

FO-DC-09



PROCURADURÍA GENERAL
DE LA
REPÚBLICA

000116

## ESTUDIO.

Primeramente procedí a analizar las firmas base de cotejo, para así conocer y valorar sus características de orden general y sus particularidades gráficas, obteniendo lo siguiente:

| CARACTERÍSTICAS DE ORDEN GENERAL | FIRMAS BASE DE COTEJO |
|---|---|
| HABILIDAD ESCRITURAL | BUENA |
| VELOCIDAD ESCRITURAL | RÁPIDA |
| TENSIÓN DE LÍNEA | FIRME |
| PRESIÓN DE LÍNEA | MIXTA |
| INCLINACIÓN | LIGERAMENTE HACIA LA IZQUIERDA |

| CARACTERÍSTICAS | FIRMA BASE DE COTEJO |
|---|---|
| 1.- RASGO INICIAL DE LA FIRMA | EN BOTÓN |
| 2.- COLOCACIÓN DEL INICIO DE LA FIRMA | PROVIENE DE LA PARTE SUPERIOR DE ARRIBA HACIA ABAJO |
| 3.- GAZA EN LA REBASANTE INFERIOR | PRESENTA |
| 4.- DESCARGA DE TINTA EN LA REBASANTE SUPERIOR | PRESENTA |
| 5.- ENLACES | LARGOS Y CURVOS |
| 6.- TRAZO FINAL | LARGO Y CURVO |
| 7.- RASGO FINAL | DESVANECIENTE |

Con respecto a las firmas y escritura cuestionadas procedí a realizar un estudio similar al anterior, características que se enuncian a continuación:

| CARACTERÍSTICAS DE ORDEN GENERAL | FIRMAS CUESTIONADAS |
|---|---|
| HABILIDAD ESCRITURAL | REGULAR |
| VELOCIDAD ESCRITURAL | MEDIA |
| TENSIÓN DE LÍNEA | FLOJA |
| PRESIÓN DE LÍNEA | APOYADA |

Rev8    IT-DC-01    FO-DC-08





PROCURADURIA GENERAL
DE LA
REPUBLICA

000117

| INCLINACION | PRONUNCIADA HACIA LA IZQUIERDA |
|---|---|

| CARACTERÍSTICAS | FIRMAS CUESTIONADAS |
|---|---|
| 1.- RASGO INICIAL DE LA FIRMA | EN GANCHO O REDONDO |
| 2.- COLOCACIÓN DEL INICIO DE LA FIRMA | PROVIENE DE LA PARTE INFERIOR DE ABAJO HACIA ARRIBA |
| 3.- GAZA EN LA REBASANTE INFERIOR | NO PRESENTA |
| 4.- DESCARGA DE TINTA EN LA REBASANTE SUPERIOR | NO PRESENTA |
| 5.- ENLACES | CORTOS Y ANGULOSOS |
| 6.- TRAZO FINAL | CORTO Y RECTO |
| 7.- RASGO FINAL | BRUSCO |

Una vez hecho lo anterior, confronte las características obtenidas de las firmas base de cotejo y las firmas cuestionadas resultando lo siguiente:

| FIRMAS BASE DE COTEJO | CARACTERÍSTICAS DE ORDEN GENERAL | FIRMAS CUESTIONADAS |
|---|---|---|
| BUENA | HABILIDAD ESCRITURAL | REGULAR |
| RÁPIDA | VELOCIDAD ESCRITURAL | MEDIA |
| FIRME | TENSIÓN DE LÍNEA | FLOJA |
| MIXTA | PRESIÓN DE LÍNEA | APOYADA |
| LIGERAMENTE HACIA LA IZQUIERDA | INCLINACIÓN | PRONUNCIADA HACIA LA IZQUIERDA |

| FIRMAS BASE DE COTEJO | CARACTERÍSTICAS | FIRMAS CUESTIONADAS |
|---|---|---|
| EN BOTÓN DE TRONES Y | 1.- RASGO INICIAL DE LA FIRMA | EN GANCHO O REDONDO |
| PROVIENE DE LA | 2.- COLOCACIÓN | PROVIENE DE LA |

Rev:0    DT-DC-01    FO-DC-09



6

1ó2



PROCURADURIA GENERAL
DE LA
REPUBLICA

C00118.

| PARTE SUPERIOR DE ARRIBA HACIA ABAJO | DEL INICIO DE LA FIRMA | PARTE INFERIOR DE ABAJO HACIA ARRIBA |
|---|---|---|
| PRESENTA | 3.- GAZA EN LA REBASANTE INFERIOR | NO PRESENTA |
| PRESENTA | 4.- DESCARGA DE TINTA EN LA REBASANTE SUPERIOR | NO PRESENTA |
| LARGOS Y CURVOS | 5.- ENLACES | CORTOS Y ANGULOSOS |
| LARGO Y CURVO | 6.- TRAZO FINAL | CORTO Y RECTO |
| DESVANECIENTE | 7.- RASGO FINAL | BRUSCO |

Por lo que respecta a la escritura cuestionada realice un estudio minucioso y detallado el cual le describe a continuación:

| CARACTERÍSTICAS | ESCRITURA CUESTIONADA |
|---|---|
| 1.- M | REALIZADA EN CUATRO MOMENTOS GRÁFICOS |
| | INICIO EMPASTADO CON RASGO EN SU PARTE SUPERIOR |
| F | REALIZADA EN TRES MOMENTOS GRÁFICOS |
| 5.- t | REALIZADA EN DOS MOMENTOS GRÁFICOS |
| 6.- o | LIGERAMENTE ABIERTA EN SU CUERPO |
| 7.- I | TILDE EN FORMA DE PUNTO. |

Así mismo también identifique las características que conforman a la escritura base de cotejo, las cuales son las siguientes:

| CARACTERÍSTICAS | ESCRITURA BASE DE COTEJO |
|---|---|
| 1.- M | REALIZADA EN UN SOLO MOMENTO GRAFICO |



7          163

PROCURADURIA GENERAL
DE LA
REPUBLICA

000119

| 2.- C | INICIO EN ARPÓN |
|-------|-----------------|
| 3.- a | CON RASGO EN SU TRAZO MAGISTRAL |
| 4.- F | REALIZADA EN DOS MOMENTOS GRÁFICOS |
| 5.- t | REALIZADA EN UN SOLO MOMENTO GRAFICO |
| 6.- o | EMPASTADA EN SU PARTE IZQUIERDA. |
| 7.- l | TILDE EN FORMA DE COMA |

Aunado a lo anterior, confronte las características obtenidas de la escritura cuestionada y la base de cotejo resultando lo siguiente:

| ESCRITURA CUESTIONADA | CARACTERÍSTICAS | ESCRITURA BASE DE COTEJO |
|-----------------------|-----------------|--------------------------|
| REALIZADA EN CUATRO MOMENTOS GRÁFICOS | 1.- M | REALIZADA EN UN SOLO MOMENTO GRAFICO |
| INICIO EMPASTADO | 2.- C | INICIO EN ARPÓN |
| CON RASGO EN SU PARTE SUPERIOR | 3.- a | CON RASGO EN SU TRAZO MAGISTRAL |
| REALIZADA EN TRES MOMENTOS GRÁFICOS | 4.- F | REALIZADA EN DOS MOMENTOS GRÁFICOS |
| REALIZADA EN DOS MOMENTOS GRÁFICOS | 5.- t | REALIZADA EN UN SOLO MOMENTO GRAFICO |
| LIGERAMENTE ABIERTA EN SU CUERPO | 6.- o | EMPASTADA EN SU PARTE IZQUIERDA |
| TILDE EN FORMA DE PUNTO. | 7.- l | TILDE EN FORMA DE COMA |

PUBLIC. Del estudio se desprende que las firmas y escrituras cuestionadas contienen puntos de discordancia entre las firmas y escrituras base de cotejo, lo cual me auxiliara para elaborar unas conclusiones categóricas al respecto.

Rev:0                          m/DC-01                          FO-DC-09



164

Por lo anterior que es el resultado técnico Grafoscópico aunado a mis conocimientos y experiencia en la materia, formulo las siguientes:

000120

## CONCLUSIONES

**PRIMERA.- NO CORRESPONDEN POR SU EJECUCIÓN AL C. JOSÉ FERNADO CASTILLO TAPIA, LAS FIRMAS QUE SE ENCUENTRAN COMO DE ESTE EN LOS DOCUMENTOS DESCRITOS COMO CUESTIONADOS EN EL PRESENTE DICTAMEN, CON RESPECTO A LAS FIRMAS PROPORCIONADAS COMO BASE DE COTEJO:**

**SEGUNDA.- NO CORRESPONDE POR SU EJECUCIÓN AL C. JOSÉ FERNANDO CASTILLO TAPIA, LA ESCRITURA QUE SE ENCUENTRA, EN LOS DOCUMENTOS DESCRITOS COMO CUESTIONADOS EN EL PRESENTE DICTAMEN, CON RESPECTO A LA ESCRITURA PROPORCIONADA COMO BASE DE COTEJO.**

NOTA.- Se Anexa Muestra de Escritura del C. JOSE FERNANDO CASTILLO TAPIA, constante de dos fojas.

ATENTAMENTE
EL PERITO

L. ALDO SANTO MOLINA

IT-DC-01

FO-DC-09

| | DIRECCIÓN GENERAL DE COORDINACIÓN DE SERVICIOS PERICIALES DEPARTAMENTO DE DOCUMENTOS CUESTIONADOS (MUESTRA DE ESCRITURA) | N° DE A. P. O DE EXP. PSE/3500/05 IT 410/05/2004 | |
|---|---|---|---|
| | | N° DE MESA 1000. | N° DE FOLIO 21023 |
| | | NOMBRE Y FIRMA DEL PERITO Ara Coliant Cr. | N° DE HOJA 1/2. |

**SECCIÓN 2.**

| LUGAR Y FECHA | Mexico, D.F. a 2 de junio del 2004 |
|---|---|
| DOCUMENTO DE IDENTIFICACIÓN | Pasaporte 03340052358 | EDAD 45 |
| NOMBRE COMPLETO | Castillo Lopez Jose Fernando |

| OCUPACIÓN Académico | GRADO MÁXIMO DE ESTUDIOS Maestría | ÓRGANO QUE UTILIZA PARA ESCRIBIR Mano derecha |

**SECCIÓN 3.**



la presente muestra de escritura la realizo de
manera voluntaria en la Unidad Especia
lizada en Investigación en trafico de menores,
Indocumentados y organos, con el fin de que
sirva como elemento base de cotejo, asimis-
mo, con los fines legales a que haya lugar.

DIRECCIÓN GENERAL DE
COORDINACIÓN DE
SERVICIOS PERICIALES
DEPARTAMENTO DE
DOCUMENTOS
CUESTIONADOS
(MUESTRA DE ESCRITURA)

N° DE A. D
O DE EXP. 7/2/1000 del THIO/013/2004
N° DE MESA 0.000
N° DE FOLIO 24083.
NOMBRE Y FIRMA DEL PERITO Rugo Cesreto Of.
N° DE HOJA 2/2.

SECCIÓN 2.

| LUGAR Y FECHA | México, D.F, a 2 de junio del 2004 | |
| DOCUMENTO DE IDENTIFICACIÓN | | EDAD |
| NOMBRE COMPLETO | Castillo tapia huberludo | |
| OCUPACIÓN | GRADO MÁXIMO DE ESTUDIOS | ÓRGANO QUE UTILIZA PARA ESCRIBIR |

SECCIÓN 3.

Enero, febrero, marzo, abril, mayo, junio, julio, agosto, septiembre, octubre, noviembre, diciembre.

1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30.

Alejandro, Beto, Carlos, David, Ernesto, Fabricio, Gerardo, Hilda, Inhay, Juan, Kala, Luis, Mauricio, Norma, Octavio, Patricio, Quique, Raúl, Silvia, Teresa, Úrsula, Víctor, Wilfrido, Xóchitl, Yolanda, Zafra

Case 3:06-cv-00761-CSC    Document 9-5    Filed 04/16/2008    Page 1 of 2



ESCRITURA... 163

... FOLIO ... 170

00012

onar la presente solicitud de pasaporte

... solicitados o cruce en cada caso el cuadro correspondiente, re...

...resente solicitud debará ser llenada con tinta negra y letra de im...

...A:                                          Estado    de    México

...E PASAPORTE ANTERIOR (EN CASO DE CANJE)        2. CU...

...O PATERNO

... LLO

... S)

...DO EN:

... Federativa                    b) Municipio

... XICO                          Distrito    F...

... PRESENTA           Pasaporte

...a presente solicitud de pasaporte les determ...

...s solicitados o cruce en cada caso el cuadro correspondiente, respetand...

...resente solicitud debará ser llenada con tinta negra y letra de m...

...ECHA:

...E PASAPORTE ANTERIOR (EN CASO DE CANJE)        2. CUR...

... PATERNO                                     4. APE...

...VE...                                        ...FEC

... ER...
...CIÓN QUE PRESENTA           PASAPORTE

b) Municipio        Distrito    FEDER...

IT-DC-01                    FO-DC-18

Case 3:06-cv-00761-CSC    Document 6-5    Filed 08/01/2006    Page 462 of 285





**PRUEBA 52**



**FORMA C Q. 1 A**

**190**

**114**



## ACUERDO DE CONSIGNACIÓN

**000127**

PROCURADURIA GENERAL
DE LA
REPÚBLICA

- En la ciudad de México, Distrito Federal, a 19 diecinueve de julio de 2004 dos mil cuatro, el suscrito licenciado MARTÍN MARÍN COLÍN, Agente del Ministerio Público de la Federación, adscrito a la Unidad Especializada en Tráfico de Menores, Indocumentados y Órganos de la Subprocuraduría de Investigación Especializada en Delincuencia Organizada, de la Procuraduría General de la República, quien con fundamento en el artículo 16 del enjuiciamiento penal federal, actúa en forma legal con testigos de asistencia que al final firman y dan fe: - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - A C U E R D O: - - - - - - - - - - - - - - - - - - - - - -

- - - V I S T A S las constancias que integran la indagatoria citada al rubro y en virtud de encontrarse reunidos los extremos del artículo 16 Constitucional, es procedente ejercer acción penal SIN DETENIDO en contra de: - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### 1.- MARIA DEL ROSARIO MORENO VAZQUEZ

- - Como probable responsable en la comisión del ilícito que se enumera a continuación, atribuible a la conducta desplegada por ella en relación al injusto objetivo de: - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

- - TRÁFICO DE MENORES, delito previsto en el artículo 366 quater segundo párrafo (hipótesis de acción, traslado del menor de 16 años fuera del territorio nacional), y sancionado en el artículo 366 quater (hipótesis de sanción), en concordancia con el artículo 366 ter fracciones III del Código Penal Federal; en relación a 7° párrafo primero (hipótesis de acto) fracción II (delito continuo o permanente); 8° (hipótesis de acción dolosa); 9° párrafo primero (hipótesis de obrar dolosamente el que conociendo los elementos del tipo quiere la realización del hecho descrito por la ley, y 13 fracción II (los que lo realicen por sí); del Código Penal Federal.- - - - - - - - - - - - - - - -

- - - Cometidos en agravio de: los menores LUIS FERNADO, MARÍA FÁTIMA CASTILLO MORENO y JOSÉ FERNANDO CASTILLO TAPIA. - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - COMPETENCIA - - - - - - - - - - - - - - - - - - - - - -

- - - Es menester establecer que a partir de la reforma del veintitrés de diciembre de mil novecientos noventa y tres, en el artículo 10 del Código Federal de Procedimientos Penales, se estableció una forma de competencia por razón del territorio que permite a la Representación Social

de la Federación "ad limitum", elija el Órgano Jurisdiccional que deba de conocer de un proceso aún y cuando no sea el del lugar donde ocurrieron los hechos delictivos, por lo que a juicio de este órgano de acusación, se materializa la competencia por excepción prevista en el párrafo tercero del artículo 10 del Código Federal de Procedimientos Penales, es decir, que resulta competente para conocer de los hechos a que se refiere la averiguación previa PGR/SIEDO/UEITMIO/013/2004, el C. Juez de Distrito de Procesos Penales Federales en el Distrito Federal en Turno, es decir, un Juez de Distrito distinto al del lugar en donde se ejecutaron los hechos que se estiman delictuosos. En este rubro, debe aplicarse el siguiente criterio jurisprudencial:

Novena Epoca
Instancia: Primera Sala
Fuente: Semanario Judicial de la Federación y su Gaceta
Tomo: X, Septiembre de 1999
Tesis: 1a./J. 41/99
Página: 17

COMPETENCIA TERRITORIAL DE EXCEPCIÓN (ARTÍCULO 10, PÁRRAFO TERCERO, DEL CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES). LA MANIFESTACIÓN DE QUE SE CUMPLE CON EL REQUISITO DE OTRAS QUE IMPIDAN GARANTIZAR EL DESARROLLO DEL PROCESO", DEBE PRECISARSE Y DEMOSTRARSE. La competencia territorial de excepción a que alude el párrafo tercero, del artículo 10 del Código Federal de Procedimientos Penales, opera siempre y cuando se actualicen los siguientes requisitos: a) Razones de seguridad de las prisiones; b) Características del hecho imputado; c) Circunstancias personales del hecho imputado; y d) Otras que impidan garantizar el desarrollo del proceso. Tales exigencias las puede hacer valer y acreditar el Ministerio Público Federal al concluir la averiguación previa a consignar ante el Juez, o bien la autoridad judicial una vez iniciado el proceso penal, de oficio o a petición de parte; pero en ambos casos deberán satisfacerse objetivamente todas las exigencias a que alude dicho numeral, pues las simples afirmaciones de que se surte la excepción a la regla, en cuanto a "otras que impidan garantizar el desarrollo del proceso", porque se presume que pueda interferir en la marcha regular del proceso la influencia económica del procesado y la cuantía del asunto, no es suficiente para que opere la excepción, y debe seguir conociendo del asunto la autoridad judicial del lugar en el que se cometieron los hechos delictivos. Lo anterior es así, en virtud de que la autonomía, objetividad, independencia e imparcialidad son las características sobre las que se rigen los órganos federales para impartir justicia, de conformidad con lo que establece el artículo 100 de la Constitución General de la República, y estos principios

FORMA C6 4A
116

192

ligada a todos los órganos integrantes del Poder Judicial Federal. Además que conforme a la Ley Orgánica del Poder Judicial de la Federación la cuantía del negocio no es un elemento que se tome en cuenta, como en otras legislaciones, para determinar la competencia de los tribunales federales, de tal suerte que en forma alguna está demostrado que estas circunstancias influyan en el ánimo del juzgador para cumplir cabalmente con la administración de justicia que consagra el artículo 17 constitucional.

000J

Competencia 20/98. Suscitada entre el Juez Tercero de Distrito en Materia Penal del Distrito Federal y el Juez Segundo de Distrito en el Estado de Nuevo León. 18 de marzo de 1998. Cinco votos. Ponente: Juan N. Silva Meza. Secretaria: María del Socorro Olivares Dobarganes.

Competencia 234/98. Suscitada entre el Juez Quinto de Distrito en el Estado de Oaxaca y el Juez Segundo de Distrito en Materia de Procesos Penales Federales en el Estado de México. 21 de octubre de 1998. Unanimidad de cuatro votos. Ausente: Juan N. Silva Meza. Ponente: José de Jesús Gudiño Pelayo. Secretario: Ismael Mancera Patiño.

Competencia 185/98. Suscitada entre el Juez Segundo de Distrito en el Estado de Morelos y el Juez Segundo de Distrito en Materia de Procesos Penales Federales en el Estado de México. 11 de noviembre de 1998. Unanimidad de cuatro votos. Ausente: José de Jesús Gudiño Pelayo. Ponente: Juan N. Silva Meza. Secretario: Alejandro Villagómez Gordillo.

Competencia 476/98. Suscitada entre el Juez Sexto de Distrito en el Estado de Tamaulipas y el Juez Noveno de Distrito en Materia Penal en el Distrito Federal. 13 de enero de 1999. Cinco votos. Ponente: Juventino V. Castro y Castro. Secretaria: María Elena Leguízamo Ferrer.

Competencia 32/99. Suscitada entre el Juez Quinto de Distrito en el Estado de Oaxaca y el Juez Tercero de Distrito en Materia de Procesos Penales Federales en el Estado de México. 14 de abril de 1999. Cinco votos. Ponente: Juan N. Silva Meza. Secretario: Germán Martínez Hernández.

Tesis de jurisprudencia 41/99. Aprobada por la Primera Sala de este Alto Tribunal, en sesión de dieciocho de agosto de mil novecientos noventa y nueve, por unanimidad de cuatro votos de los señores Ministros: presidente Humberto Román Palacios, Juventino V. Castro y Castro, José de Jesús Gudiño Pelayo y Juan N. Silva Meza. Ausente la Ministra Olga Sánchez Cordero de García Villegas.

Véase: Semanario Judicial de la Federación y su Gaceta, Novena Época, Tomo VII, marzo de 1998, tesis 1a. XII/98, página 249, de rubro: "COMPETENCIA TERRITORIAL POR EXCEPCIÓN. EL AGENTE DEL MINISTERIO PÚBLICO FEDERAL ESTÁ OBLIGADO A SATISFACER LOS REQUISITOS ESTABLECIDOS EN EL TERCER PÁRRAFO DEL ARTÍCULO 10 DEL CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES."

IUS JURIDICA

# RESULTANDO.

1.- En fecha 22 veintidós de marzo de 2004 dos mil cuatro, se inicia la indagatoria número PGR/SIEDO/UETM10/013/2004, derivado del querella presentada por el ofendido JOSÉ FERNANDO CASTILLO TAPIA, por el delito de Tráfico de menores, cometido en su agravio y de sus menores hijos ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ por medio de la cual presenta diversa documentación donde acredita que es el padre de los menores, y que salieron ilegalmente del país, presentando querella en contra de ROSARIO MORENO VAZQUEZ, por el traslado de sus menores hijos a territorio extranjero sin autorización del denunciante.

2.- Con fecha 29 veintinueve de marzo de 2004 dos mil cuatro, se giraron oficios a la Dirección General de Asuntos Policiales Internacionales e INTERPOL, a efecto de verificar si los menores se encontraban en los Estados Unidos de Norteamérica, al Director Jurídico de Aerovías de México, Secretaría de Relaciones Exteriores, a efecto de verificar si se expidieron boletos a favor de las personas relacionadas con la presente y verificar si se expidió pasaporte a dichas personas, así como citatorio para la señora MARÍA ELENA VÁZQUEZ SAUCEDO madre de la probable responsable, y, asimismo el de declarar a la mamá de la probable en relación a los hechos.

3.- Con fecha 07 siete de abril de 2004 dos mil cuatro comparece la señora MARÍA ELENA VÁZQUEZ SAUCEDO, madre de la probable responsable, quien entre otras cosas manifiesta que el 26 de febrero de 2004 su hija MARÍA DEL ROSARIO le entregó una carta para dársela al querellante, y que esa fecha se llevó a los menores sin decirle a que lugar iba, y sin saber el lugar en donde se encuentran actualmente.

4.- Con fecha 14 de abril de 2004 dos mil cuatro se recibe oficio procedente de INTERPOL en donde señalan que MARÍA DEL ROSARIO MORENO y sus menores hijos ▬▬▬▬▬▬▬▬▬▬▬▬▬, arribaron a la ciudad de Atlanta, Georgia, estados Unidos de Norteamérica el 27 de febrero de 2004 dos mil cuatro en el vuelo 636 de la línea aérea Aeroméxico, asimismo reportaron autoridades estadounidenses que la misma se encuentra en el Estado de Alabama, pero por dicho de la probable responsable, manifiesta que teme por su seguridad, las mismas autoridades no quisieron revelar el paradero.

5.- Comparecencia del señor JOSÉ FERNANDO CASTILO TAPIA de fecha 23 veintitrés de abril de 2004, en el cual manifiesta que en ningún momento

otorgó permiso para que los menores abandonaran el país, ni solicitó documento para la tramitación de pasaporte a favor de sus hijos, por lo que se le pone a la vista documentos, donde aparentemente es firma del querellante autorizando la expedición de pasaportes a favor de los menores, negando categóricamente ser su firma y solicita se realice peritaje en los documentos.

6.- Con fecha 29 veintinueve de abril de 2004 dos mil cuatro, se recibe oficio procedente de aerovías de México, en donde señala que se anexan cupones de viaje a favor de MORENO/ ~~████~~ utilizados en la ruta México- Atlanta vuelo 636 del día 27 de febrero de 2004.

7.- Con fecha 02 de junio de 2004 dos mil cuatro, se presenta el señor JOSÉ FERNANDO CASTILLO TAPIA, a quien los peritos le toman muestras de escritura y huellas dactilares, de la misma forma el personal de esta Unidad se traslada a la subdelegación de la Secretaría de Relaciones Exteriores, con sede en Naucalpan, Estado de México a fin de que peritos en las materia de fotografía, identificación y grafoscopía intervinieran a fin de realizar dictamen en los documentos que el querellante señala no haber firmado ni estampado su huella.

8.- Con fecha 24 de junio de 2004 dos mil cuatro, se recibe dictamen en la materia de identificación, en donde peritos de esta institución señalan que una vez revisados los documentos **se establece que la huella dactilar que aparece no corresponde al querellante JOSÉ FERNANDO CASTILLO TAPIA, y la que aparece una vez consultado en el sistema AFIS, de la Dirección General de Coordinación de Servicios Periciales, aparece que corresponde a un sujeto del nombre ARTEMIO BARRERRA HERNÁNDEZ.**

9.- con fecha 17 de junio de 2004 dos mil cuatro se recibe dictamen en la materia de Grafoscopía, señalando en las conclusiones que la escritura y firma no corresponden a la ejecución de JOSÉ FERNANDO CASTILLO TAPIA.

10.- Por lo anterior, es que se recurre al Órgano Jurisdiccional ejerciendo acción penal por el delito a los que se hace alusión, y en contra de la persona que se enlista, esto a raíz de que a juicio de esta autoridad titular de la acción investigadora se reúnen los requisitos que estipula el artículo 16 de la ley fundamental de esta Nación, solicitando se gire orden de aprehensión correspondiente en contra de la consignada.

000132

## C O N S I D E R A N D O

PRIMERO.- Que al Ministerio Público de la Federación adscrito a esta Unidad Especializada en Investigación de Tráfico de Menores, Indocumentados y Órganos, le compete el ejercicio de la acción penal en términos de los artículos 16, 21 y 102 apartado "A", de la Constitución Política de los Estados Unidos Mexicanos; 1° fracción I, 2°, 6°, 134, 136 fracciones I, II, IV y V, 195 del Código Federal de Procedimientos Penales; 3, 4° fracción I, apartado B)/ incisos a), 11 fracción I incisos a), b) y c), de la Ley Orgánica de la Procuraduría General de la República; 27 y 28 fracción V de su Reglamento, y 50 fracción I inciso a) de la Ley Orgánica del Poder Judicial de la Federación, por tratarse de delitos Federales. - - - - - -
- - - SEGUNDO.- Que el artículo 16 de la Constitución Política de los Estados Unidos Mexicanos, exige que, para librar una orden de aprehensión se satisfagan los siguientes requisitos: a) Que exista denuncia o querella de un hecho que la ley señale como delito, b) Que el delito esté sancionado, cuando menos con pena privativa de libertad; y b) Que existan datos que acrediten el cuerpo del delito y hagan la probable responsabilidad del indiciado, toda vez que de los elementos de convicción que obran en la indagatoria se desprende fehacientemente, que dichos requisitos se encuentran debidamente justificados, este órgano titular de la acción penal, solicita comedidamente se libre la orden de aprehensión que aquí se solicita. - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
- - - TERCERO.- Para el efecto de sustentar la acción punitiva que en este acto se pretende, con fundamento en el artículo 206 del enjuiciamiento penal federal, obran entre otras las siguientes probanzas ministeriales dentro de la indagatoria al rubro erigida: - - - - - - - - - - - - - - - - - - - - - -
- - - - - - - - - - - ELEMENTOS DE PRUEBA - - - - - - - - - - - - - -
- - -1.- Declaración de fecha 22 de marzo de 2004 dos mil cuatro, en la que presenta querella el señor LUIS FERNANDO MORENO TAPIA, y que entre otras cosas manifiesta lo siguiente: Que comparezco voluntariamente a efecto de manifestar que es el caso que procreo con la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, ██ de menores hijos de nombres ██

██████████████████████████████████████ quienes vivían con su madre después que me halla divorciado de ella, según la sentencia definitiva expedida por el Juez Décimo de lo Familiar en el Distrito Federal, presento fotocopia certificada del desahogo de la audiencia respecto de la convivencia de la madre de mis hijos, y es el caso que el día 28 de febrero del presente año, aproximadamente a las 17:00 horas, me dirigí  y me presenté como era la costumbre a recoger a mis hijos al domicilio donde moraban junto la señora MORENO VÁZQUEZ, como mis menores hijos, ubicado en ████████████████████████████████████
Naucalpan Estado de México ████████████, y recibí de la señora MARIA

**196**

ELENA VÁZQUEZ SAUCEDO, una carta proveniente de la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, en la cual indicaba que había sustraído a mis hijos de ese domicilio para salir de la ciudad, sin mencionar el destino de ellos, por lo anterior y por tener la sospecha de que se había trasladado a otro país posiblemente a los Estados Unidos de América, ya que la señora MORENO VÁZQUEZ, me había comentado en el mes de octubre de 2003 que se había casado con una persona norteamericana que había conocido por Internet, solicitándome permiso para sacar a mis hijos del país, a lo cual me negué indicándole que era mejor, que primero se estabilizara como pareja y luego, con todo gusto convendríamos el permiso y las visitas recíprocas, situación que tampoco ella remanifestó que lo pensaría en aquel entonces octubre de 2003, por lo anterior me constituí ante el Agente del Ministerio Público del Fuero Común, en la ciudad de Naucalpan, en el Estado de México el día 29 de febrero del presente año, por lo cual se inició el Acta No.VII/816/04-02, ante el cual manifesté lo que acabo de expresar y también señalé ante esa autoridad como hoy lo hago ante esta, que el suscrito no había dado ni autorización ni el consentimiento para que mis menores hijos ███████████ salieran del país y tampoco extendí con ningún conducto ni beneplácito para que obtuvieran el pasaporte de la Secretaría de Relaciones Exteriores. A continuación el día 01 uno de marzo del presente año, me presenté en las escuelas donde estudiaban mis hijos, colegios La Salle en el Estado de México, donde por platicas con los compañeros de su escuela me enteré, que la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ y mis menores hijos, habían abandonado el país por la vía aérea el día 27 de febrero de año 2004 dos mil cuatro utilizando los servicios de la empresa Aeroméxico en el vuelo 636 con destino a Atlanta Georgia comentándoles mis hijos que su destino final era la Ciudad de Salem Alabama, a la Dirección ████████████████, y que, propiedad o registrado a nombre del señor RONALD COONLEY, que es la persona con la que se había casado la señora ROSARIO MORENO VÁZQUEZ, al respecto y de la información que se encuentra disponible sobre la misma persona a través del internet, misma información que se entrego en este momento para que se agregue al expediente, pueden tener como domicilios, los que a continuación presento ███████████████████ Smith AL, y ██████████████ Phenix City AL, ██████████████████ Columbus GA ██████████ así como Berrien Springs Michigan, además el ubicado en ██████████████ Albano, NY, ██████ todos en los Estados Unidos de América, que por las platicas que he tenido con compañeros de mi hijo, el se ha comunicado con ellos a través del internet, siendo su cuenta ████████████████

████████████████████ y les ha comentado que posiblemente viajarían

fuera de los Estados Unidos de América, sin que yo conozca su destino, ni cuando sería efectuado ese viaje, en razón de lo anterior también me constituí ante el Juzgado Décimo de lo familiar en el Distrito Federal, ante el cual solicité se me conceda la custodia, de mis menores hijos ████████████████ en los términos de la solicitud que acompaño a la presente; asimismo manifiesto que ante mis dudas sobre si mis hijos habían salido del país me presente en la ventanilla de informes de la Delegación Naucalpan, en el Estado de México de la Secretaría de Relaciones Exteriores, para saber si se había expedido algún pasaporte a favor de ellos, y una persona de esa oficina, al explicarle mi problema se compadeció de mi y me informó de manera verbal, que se habían expedido en fecha 27 de febrero de 2004, dichos documentos a favor de ██████████████ y que para ello esa oficina tenía documentación legal que amparaba mi permiso, por lo cual solicito a esta autoridad se verifique lo anterior, toda vez que el suscrito no extendió su permiso de manera verbal ni por escrito, ni a través de cualquier documento y por ese motivo desconozco desde ahora cualquier firma o autorización que obre en los archivos de esa dependencia, en razón a lo anterior presento en este momento fotocopias simples de la demanda presentada ante el Juez Décimo de lo familiar constante de 6 seis fojas, fotocopia simple de la denuncia de hechos que presente en el Estado de México constante de dos fojas, hoja de la carta que mencioné al iniciar la presente dirigida al suscrito y con el nombre de ROSARIO, constante de una foja, fotocopia simple del convenio que presentamos el suscrito y la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, respecto del divorcio voluntario, y referente a la custodia relacionado con mi menor hijo ███████████ constante de dos fojas, fotocopia simple de carta de fecha 18 de marzo de 2004 expedida por directora de Colegios La Salle, suscrita por la PROFRA. ANA CECILIA ESQUIVEL HERNÁNDEZ, en el cual menciona que es por hija ████████████████████ fotocopia simple de la sentencia de divorcio de fecha 29 de enero de 1992 mil novecientos noventa y dos, a favor de la señora MARÍA DE ROSARIO MORENO VÁZQUEZ y el suscrito expedida por el Juzgado Décimo de lo Familiar en el Distrito Federal, asimismo presento Acta de nacimiento en original número ██████ a favor de mi menor hijo ██████████████████████████████, expedida por el Juez Central del Registro Civil en el Distrito Federal, y Acta de nacimiento en original número ████████████ dos mil tres a favor de mi menor hija ██████ ████████████ expedida por la C. oficial número 02 del Registro Civil LIC. MARGARITA MARISCAL DE OLVERA, del Gobierno del Estado de México, de la misma forma presento tres fotografía láser a color de mi menor hijo ██████████████████████ dos fotografías a

198

color de ███████████████ y tres fotografías láser a color de mi menor ███████████████ por lo que en este momento presento mi formal querella por el delito de Tráfico de Menores, en contra de la señora ███ ███████████████ en contra de quien o quienes resulten responsables.

- 2.- Con el Acuerdo de inicio de la presente indagatoria de fecha 22 de marzo de 2004, iniciada con motivo de la querella presentada por el ofendido ███████████████ por el delito de tráfico de menores, cometido en su agravio y en agravio de sus menores hijos ███████████████, el cual señala lo siguiente: "...la declaración que antecede por medio del cual el señor ███ ███████████████ manifiesta lo siguiente: Que comparezco voluntariamente a efecto de manifestar que es el caso que procede con la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, a mis menores hijos de nombres ███████████████

quienes ████ con su madre después, que me había divorciado de ella, según ████████cia definitiva expedida por el Juez Décimo de lo Familiar en el Distrito ██ Federal, presentar fotocopia certificada del desahogo de la audiencia respecto de la convivencia de la madre de mis hijos, y es el caso que, el día 28 de febrero del presente año, aproximadamente a las 17:00 horas, me presente como era la costumbre a recoger a mis hijos al domicilio donde moraban, tanto la señora MORENO VÁZQUEZ, como mis menores hijos, ubicado █████ Naucalpan, Estado de México, ████████ y recibí de la señora MARÍA ELENA VÁZQUEZ SAUCEDO una carta proveniente de la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ en la cual indicaba que había sustraído a mis hijos de ese domicilio para salir de la ciudad, sin mencionar el destino de ellos, por lo anterior y por tener la sospecha de que se había trasladado a otro país posiblemente a los Estados Unidos de América, ya que ████████ la MORENO VÁZQUEZ, me había comentado en el mes de octubre de 2003 que se había casado con una persona norteamericana que había conocido por internet, solicitándole permiso para sacar a mis hijos del país a lo cual me negué indicándole que era mejor, que primero se estabilizara como pareja y luego, con todo gusto convendríamos el permiso y las visitas recíprocas, situación que tampoco ella manifestó que lo pensaría en aquel entonces octubre de 2003, por lo anterior me constituí ante el agente del Ministerio Público del Fuero Común, en la ciudad de Naucalpan en el Estado de México el día 28 de febrero del presente año, por lo cual se inició el Acta NJ/II/816/04-02, ante el cual manifesté lo que acabo de expresar y también señale ante esa autoridad como hoy lo hago ante esta, que el suscrito no había dado ni autorización ni el consentimiento para que mis menores hijos

199

000136

salieran del país y tampoco extendí con ▮▮▮ ningún conducto ni beneplácito para que obtuvieran el pasaporte de la Secretaría de Relaciones Exteriores. A continuación el día 01 uno de marzo del presente año, me presenté en las escuelas donde estudiaban mis hijos, colegios La Salle en el Estado de México, donde por platicas con los compañeros de su escuela me enteré, que la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ y mis menores hijos, habían abandonado el país por la vía aérea el día 27 de febrero de año 2004 dos mil cuatro utilizando los servicios de la empresa Aeroméxico en el vuelo 636 con destino a Atlanta Georgia ya que mis hijos habían comentado que su destino final era la Ciudad de Salem Alabama ▮▮▮

propiedad o registrado a nombre del señor RONALD COONLEY, que es la persona con la que se había casado la señora ROSARIO MORENO VÁZQUEZ, al respecto y de la información que se encuentra disponible sobre la misma persona a través del internet pueden tener como domicilios, los que a continuación presento ▮▮▮▮▮▮▮▮▮▮▮ Smiths, AL, ▮ ▮▮▮▮ Phoenix City AL, ▮▮▮▮▮▮ Columbus GA ▮▮▮, asi como Berrien Springs Michigan, además del ubicado en ▮ ▮▮▮▮ Albano, NY ▮▮▮▮ todos en los Estados Unidos de América, que por las platicas que he tenido con compañeros de mi hijo, el se ha comunicado con ellos a través del internet y les ha comentado que posiblemente viajaran fuera de los Estados Unidos de América, sin que yo conozca su destino, ni cuando sería efectuado ese viaje, en razón de lo anterior también me constituí ante el Juzgado Décimo de lo familiar en el Distrito Federal, ante el cual solicité se me conceda la custodia, de mis menores hijos ▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮, en los términos de la solicitud que acompaño a la presente, también hago del conocimiento de esta autoridad, asimismo manifiesto que ante mis dudas sobre si mis hijos habían salido del país me presenté a la ventanilla de informes de la Delegación Naucalpan, en el Estado de México de la Secretaría de Relaciones Exteriores, para saber si se había expedido algún pasaporte a favor de ellos, y una persona de esa oficina, al explicarle mi problema se compadeció de mi y me informó de manera verbal, que se habían expedido en fecha 27 de febrero de 2004, dichos documentos a favor de ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ y que para ello esa oficina tenía documentación legal que amparaba mi permiso, por lo cual solicité a esta autoridad se verifique lo anterior, toda vez que el suscrito no extendió su permiso de manera verbal ni por escrito, ni a través de cualquier documento y por ese motivo desconozco desde ahora cualquier firma o autorización que obre en los archivos de esa dependencia, en razón a lo anterior presento en este momento fotocopias simples de la demanda presentada ante el Juez Décimo de lo familiar constante de 6 seis fojas, fotocopia simple de la

200

000137

124

denuncia de hechos que presenté en el Estado de México constante de dos fojas, hoja de la carta que mencioné al iniciar la presente dirigida al suscrito con el nombre de ROSARIO, constante de una foja, fotocopia simple del convenio que presentamos el suscrito y la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, respecto del divorcio voluntario, y referente a la custodia relacionado con ▉ mi menor hijo ▉▉▉▉▉▉▉▉▉▉▉ constante de dos fojas, fotocopia simple de carta de fecha 16 de marzo de 2004 expedida por operadora de Colegios La Salle, suscrita por la PROFRA. ANA CECILIA ESQUIVEL HERNÁNDEZ, en el cual menciona que mi menor hija ▉▉▉▉▉▉▉▉▉▉▉▉, fotocopia simple de la sentencia de divorcio de fecha 29 de enero de 1992 mil novecientos noventa y dos, a favor de la señora MARÍA DE ROSARIO MORENO VÁZQUEZ y el suscrito expedida por el Juzgado Décimo de lo Familiar en el Distrito Federal, asimismo presento Acta de ▉▉▉▉▉▉▉ a favor de mi menor hijo ▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉ expedida por el Juez Central del Registro Civil en el Distrito Federal, y Acta de nacimiento en original número ▉▉▉▉ de fecha 12 de marzo del 2003 dos mil tres a favor de mi menor hija ▉▉▉▉▉▉▉▉▉▉▉ expedida por la C. oficial número 02 del Registro Civil LIC. MARGARITA MARISCAL DE OLVERA, del Gobierno del Estado de México, de la misma forma presento tres fotografía láser a color de mi menor hijo ▉▉▉▉▉▉▉▉▉▉▉ dos fotografías a color de MARÍA DEL ROSARIO y tres fotografías láser a color de mi menor hija ▉▉▉▉▉▉▉▉▉, por lo que en este momento presento mi formal querella por el delito de Tráfico de menores, en contra de la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, y en contra de quien o quienes resulten responsables, en agravio de mis hijos y mi persona...'; por lo que en razón de lo anterior existe razón fundada para iniciar la presente indagatoria por el delito de Tráfico de Menor, ya que de a declaración del querellante se desprende de que sus menores se encuentran en territorio extranjero, de igual manera presente los documentos por medio de los cuales acredita la patria potestad de los menores ▉▉▉▉▉▉▉ tales como las actas de nacimiento de ambos, expedidas por autoridad competente, así como otros documentos que acreditan su dicho, los cuales se dará fe por separado; por lo que en base a lo anterior es necesario girar oficio citatorio a la mamá de la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, de nombre MARÍA ELENA VÁZQUEZ SAUCEDO, quien tiene su domicilio ▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉ Naucalpan, Estado de México, toda vez que la mencionada señora entregó carta a la ofendido de la probable responsable en donde informa que tenía intenciones de salir de ese domicilio además que por haber vivido en el mismo, pudiera tener datos de donde se pueda encontrar actualmente la

probable responsable con los menores; de igual manera es necesario girar oficio a la Secretaría de Relaciones Exteriores a efecto de que informe si en las delegaciones a su cargo han sido expedidos pasaporte a nombre de los menores y probable responsable mencionada, y en caso afirmativo que remita fotocopia certificada de los documentos que se presentaron para la obtención de tales documentos, ya que el ofendido manifiesta que en ningún momento a firmado documento alguno para la autorización; a efecto de poder ubicar a los menores y probables responsables, es necesario girar oficio a la oficina Central Nacional de Policía Internacional INTERPOL, a efecto de que gire instrucciones a quién corresponda y se verifique si en los domicilios que proporciona el querellante de los Estados Unidos de América, se encuentran los menores y la probable responsable, para lo cual se deben anexar fotografías a color de los mismos, de la misma forma girar oficio a la compañía de Aviación Aeroméxico a fin de que informe si en la fecha que menciona el ofendido los menores y la madre de ellos utilizaron el viaje de esa aerolínea con destino a los Estados Unidos de América - ■■3.-Con la fe de documentos y fotografías de los menores ■■■■■■ ■■■■■ fecha 22 veintidós de marzo de 2004 1.- fotocopias simple de la demanda presentada ante el Juez Décimo de lo familiar constante de 3 seis fojas, 2.- fotocopia simple de la denuncia de hechos que presentó en el Estado de México constante de dos fojas, 3.-hoja de la carta que menciona al iniciar la presente querella dirigida al querellante con el nombre de ROSARIO, constante de una foja, 4.-fotocopia simple del convenio que presentó el querellante y la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, respecto del divorcio voluntario, y referente a la custodia relacionado con su menor hijo ■■■■■■■■■■■■■■■■, constante de dos fojas, 5.-fotocopia simple de carta de fecha 16 de marzo de 2004 expedida por operadora de Colegios La Salle, suscrita por la PROFRA. ANA CECILIA ESQUIVEL HERNÁNDEZ en el cual menciona que mi su menor hija MARÍA DE ■■■■■■■■■■■■■■■■ 6.-fotocopia simple de la sentencia de divorcio de fecha 29 de enero de 1992 mil novecientos noventa y dos, a favor de la señora MARÍA DE ROSARIO MORENO VÁZQUEZ y el querellante expedida por el Juzgado Décimo de lo Familiar en el Distrito Federal, 7.-asimismo presenta Acta de nacimiento en original número 4521638, a favor de su menor hijo LUIS FERNANDO CASTILLO MORENO, expedida por el Juez Central del Registro Civil en el Distrito Federal, 8.- Acta de nacimiento en original número ■■■■■■■■■■■■■■■■ ■■■■■■ dos mil tres a favor de su menor hija ■■■■■■■■■■■■■■■ ■■■■■■■■, expedida por la C. oficial número 02 del Registro Civil LIC. MARGARITA MARISCAL DE OLVERA, del Gobierno del Estado de México, 9.- tres fotografía láser a color de ■■■■■■■■■■■■■■■■■■■■■ 10.-dos fotografías a color de MARÍA DEL ROSARIO, 11.- tres fotografías

000139

...er a color de ███████

- - - 4.- Con los oficios de fecha 22 veintidós de marzo de 2004 dos mil cuatro, girados a la Dirección General de Asuntos Policiales Internacionales e INTERPOL, a efecto de verificar si los menores se encontraban en los Estados Unidos de Norteamérica, al Director Jurídico de Aerovías de México, Secretaría de Relaciones Exteriores, y citatorio para la madre de la probable responsable, a efecto de verificar si se expidieron boletos a favor de las personas relacionadas con la presente, y verificar si se expidió pasaporte a dichas personas, asimismo el de declarar a la mamá de la probable en relación a los hechos.

- - - 5.- Con la declaración de la señora MARÍA ELENA VÁZQUEZ SAUCEDO de fecha 07 siete de abril de 2004, dos mil cuatro, que entre otras cosas manifiesta lo siguiente: Que comparezco voluntariamente ante esta Representación Social de la Federación, en razón del citatorio que me fue girado y después de enterarme el motivo de mi comparecencia, manifiesto que soy madre de MARÍA DEL ROSARIO MORENO VÁZQUEZ, quien estuve casada con el señor JOSÉ FERNADO CASTILLO TAPIA, con la cual procrearon a dos hijos, ████████

actualmente están divorciados, ████████ que efectivamente el día 26 de febrero de 2004, siendo aproximadamente las 17:00 o 18:00 horas, llegó a mi domicilio el señor FERNANDO CASTILLO TAPIA, ya que al parecer ese día iba a ver a sus hijos FERNANDO y MARÍA DE FÁTIMA, ya que aproximadamente era cada 15 días, cuando los visitaba, al llegar me preguntó por sus hijos, le dije no están, y fue en ese momento que le entregué una carta, que estaba en un sobre cerrado del trabajo de mi hija, al parecer tenía el logotipo de la compañía donde trabajaba mi hija, por lo cual no supe ni se el contenido de dicha carta, dicha carta me la entregó mi hija MARÍA DEL ROSARIO el día 26 de febrero de 2004, sin decirme a donde se iba, y no entendía que se llevaría a sus hijos, me entregó la carta y me dijo que dicha carta se la entregara a FERNANDO, sin decirme nada más, y es el caso que el día 27 de marzo 2004, siendo aproximadamente las 07:00 horas, ella se fue llevándose a sus hijos, reiterando que en ningún momento me dijo a que lugar se iba, señalando que cuando le pregunté a donde se iba, ella me contestó de mala gana diciéndome "ese es mi asunto", se fue y ya no regresó, después de esa ocasión he tenido comunicación en dos o tres ocasiones, en el mes de marzo del presente año, me llamó únicamente para saber como estaba, le pregunté como estaban los niños, me contestó que bien, le pregunte donde estaba, sin decirme en que lugar se encontraba, siendo en los mismos términos las llamadas, asimismo quiero manifestar que mi hija era y es extremadamente reservada, es decir casi no

000140

le conozco amigos o amistades, ni acostumbraba a llevar a amigos o personas a mi casa, asimismo por lo mismo que era reservada, no se si tenía novio, o pareja sentimental, por lo cual no tengo idea de donde pueda estar, ya que la comunicación con mi hija era nula, asimismo quiero manifestar que en una de las ocasiones que me llamó a mi teléfono celular, sin recordar en este momento el número, pero en caso de ser necesario lo proporcionaré, y en esa ocasión traté de mantener la comunicación para saber donde estaba, pero como siempre, mi hija cortó rápido la llamada, de igual manera quiero manifestar que porque no había comunicación, no se si tenía pasaporte mi hija, ni si mis nietos tenían pasaporte, tengo un hijo de nombre WILLIAM R. MORENO VAZQUEZ en cabo San Lucas   pero él no tiene comunicación con mi hija, casi todos lo días habló con mi hijo vía telefónica, y le he preguntado si sabe algo de mi hija, y me contestó que no sabe nada, ni tampoco se ha comunicado con el. Por otro lado en este momento el suscrito le pone a la vista las fotografías a color de los menores ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓ así como de su hija MARIA DEL ROSARIO MORENO VAZQUEZ, las cuales se adexan a la presente indagatoria, las cuales los reconoce plenamente y sin temor a equivocarse, como su hija y nietos, los cuales se fueron el día 27 de febrero del presente mes de mi domicilio.

- - -.6.- Con la fe del oficio de fecha 16 de abril de 2004 dos mil cuatro procedente de INTERPOL el cual señala entre otras cosas lo siguiente: Al respecto me permito hacer de su conocimiento que esta Unidad administrativa cuenta con un expediente administrativo relacionado con la ubicación de los menores de edad Castro Moreno mismo que dio inicio el dos de marzo del año en curso, con motivo de la solicitud que presentara en esta oficina el C. FERNANDO CASTILLO TAPIA, padre de los niños quien manifestó tener la presunción de que sus hijos habían sido trasladados a los Estados Unidos de América por su madre MARÍA DEL ROSARIO MORENO VÁZQUEZ. En virtud de lo antes descrito esta oficina inició las investigaciones correspondientes, lográndose detectar que los menores y su madre arribaron a la ciudad de Atlanta, Georgia, Estados Unidos de América el 27 de febrero de 2004 dos mil cuatro, en el vuelo 636 de la línea aérea aeroméxico, motivo por el cual se entabló comunicación con interpol - Washington, a fin de solicitar su colaboración para la ubicación de la señora MARÍA DEL ROSARIO MORENO, y sus menores hijos ▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓ El pasado 26 de marzo la Interpol – Washington informó a esta Unidad Administrativa, que la policía Estatal de Alabama envió un Agente Investigador para entrevistar a la señora MARÍA DEL ROSARIO MORENO, quien acreditó tener la custodia de sus menores hijos, asimismo refirió que el padre de los menores ha llamado para amenazarla, por lo que decidió cambiar de domicilio y de

número telefónico, motivo por el cual las autoridades estadounidenses refieren que por seguridad y bienestar de la familia no están autorizadas para revelar su paradero.

- - 7.-Con el oficio de fecha 20 de abril de 2004 dos mil cuatro procedente de la Dirección de Normatividad, de la Secretaría de Relaciones Exteriores, donde remiten fotocopias simples de la solicitudes de pasaporte formato O-P7 a nombre de los menores ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮ en donde aparece aparentemente la firma y huella del querellante JOSE FERNANDO CASTILLO TAPIA, así como el pasaporte del querellante.

- - -8.- Con la comparecencia de JOSE FERNANDO CASTILLO TAPIA de fecha 23 veintitrés de abril del año 2004 dos mil cuatro, en la que entre otras cosas manifiesta lo siguiente: Que el motivo de mi comparecencia es en relación al citatorio de fecha 21 de abril del año en curso emitido por esta Representación Social de la Federación por el que se solicita informe a esta autoridad si se tenía conocimiento que se hubiera expedido pasaporte a sus menores hijos y si este autorizo la expedición, de los mismos, por lo que manifiesto el denunciante que tal y como lo expreso en su comparecencia de fecha 22 veintidós de marzo del año en curso ante el Licenciado Martín Marín Colín, Agente del Ministerio Público Federal, no otorgo ninguna autorización para que se emitiera pasaporte a favor de los menores, por lo que en este momento se le pone a la vista la documentación que remitió la Secretaría de Relaciones Exteriores en donde se aprecia que obra nombre, rubrica de la persona que solicito la expedición de pasaportes a favor de los menores ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ así como copia del pasporte donde se lee el nombre de JO▮▮ ▮▮▮▮NDO CASTILLO TAPIA, quien supuestamente autorizo la ex▮▮▮▮▮ para dicho documento por lo que el denunciante una vez que re▮▮▮ los documentos que constan en el expediente, manifiesta que de▮▮▮▮▮ quien firmara por él, así como también desconoce de quien sea la huella dactilar que aparece en ambas solicitudes de los menores y, en consecuencia, que no estuve físicamente presente para presentar la solicitud o firmar o autorizar la expedición de los pasaportes de sus menores hijos, aclarando que solo reconoce que la copia del pasaporte a favor de su menor ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ con fecha de expedición 17 diecisiete ▮▮ ▮▮▮▮▮▮▮▮ del año 1997, mil novecientos noventa y siete, lo tramito junto con la señora MARIA DEL ROSARIO MORENO VAZQUEZ, en esas fechas , por lo que desconoce cualquier otro permiso firmado por su puño y letra, del mismo modo refiere que la letra que se obra en las solicitudes es de la señora MARIA DEL ROSARIO MORENO VAZQUEZ, refiriendo que recuerda que unos días antes que sus hijos fueran sustraídos por la madre, dice que su pasaporte el lo tenía guardado en la recamara de su domicilio particular y que lo encontró en otro lugar diferente pero no le dio

importancia, pero que su hijo de nombre ████ tenía copia de las llaves de su casa, por lo que este piensa que su hijo o hija o su misma madre de los niños pudo haber sustraído su pasaporte y volverlo a dejar, ya que tenían acceso a la casa del denunciante y como este por motivos de trabajo no se encuentra en el día, no se dio cuenta cuando pudo sacarlo pero que este desconocía que se hubiera utilizado para que se tramitara la expedición de pasaportes, a favor de los menores, del mismo modo refiere que en cuanto a lo manifestado en el documento de la INTERPOL de fecha 12 de abril del año en curso, solo lo acepta en parte, ya que efectivamente me presenté a solicitar ayuda, ya que presentí que a mis hijos los había sacado del país la señora MARÍA DEL ROSARIO MORENO VAZQUEZ, como también lo señalo ante el Ministerio Publico del Estado de México el día que conoció que sus hijos ya no estaban habitando en la casa ████

considerando que hace unos meses MARIA DEL ROSARIO MORENO LE comento que se había casado con una persona de nombre RONALD COONLEY de nacionalidad americana y que pensaba llevarse a sus hijos a vivir a Estados Unidos, por lo que le dijo que no estaba de acuerdo en que se llevara a los menores y que no le daría permiso para irse en una primera instancia, ya que le había dicho la señora MARIA ROSARIO MORENO que al señor COONLEY lo había conocido por Internet, y que sabe que éste es el segundo matrimonio, después del suyo, que realiza con gentes que conoció por Internet, ya luego no comento el tema con la señora ROSARIO MORENO hasta que supo por compañeros de su hijo, que Luis Fernando Castillo Moreno, se iba ir a vivir a la Ciudad de Salem, Alabama, y recordó la platica que había tenido con la señora MARIA DEL ROSARIO MORENO VAZQUEZ, por lo que piensa que ella se los llevo al extranjero, falsificando su firma por lo que en este momento y con fundamento en lo dispuesto en el artículo 8 Constitucional y 270 del Código Federal de Procedimientos, solicito a Usted de la manera mas atenta se expida a mi costa copia certificada de la comparecencia de la señora MARIA ELENA VAZQUEZ SAUCEDO de fecha 07 de abril del año en curso así como copia del Oficio de Interpol de fecha 12 de abril del año en curso, toda vez que el denunciante impugno juicio civil en contra la Maria del Rosario Moreno Vázquez con motivo de la sustracción de mis menores hijos, ya que dichos documentos son de utilidad para el juicio de controversia familiar que se lleva a cabo en el Juzgado 10 de lo Familiar en el Distrito Federal. Por lo que autoriza al Lic. Jorge Iván Gutiérrez Guerrero a recogerlas en su nombre para ser exhibidas a dicho juzgado. Que es todo lo que desea declarar, por lo que a preguntas formuladas que realiza esta Representación Social de la Federación, manifiesta que es su deseo contestarlas por lo que a la PRIMERA.- Que diga el de la voz si este trae su pasaporte que se le solicito previamente mediante oficio citatorio y si lo

20 000142 / 3

puede exhibir Respuesta Que si y deja copia Lasser del mismo, SEGUNDA.- Que diga el de la voz si este sabe el lugar a donde se encuentra fisicamente, sus menores de nombre

Respuesta Que este no sabe el lugar solo creé que podrían estar en los domicilios que este refirió en su declaración de fecha 22 de marzo del año en curso, entregando las copias de la información de Internet para que se agregue al expediente, que en una ocasión envió un correo por la empresa DHL que le regresaron por no corresponder el domicilio, TERCERA.- Que diga el de la voz si ha mantenido contacto por algún medio de comunicación con sus menores hijos, Respuesta Que le ha enviado mensajes al correo de su hijo que es

desde que se los llevaron pero hasta la fecha no le ha contestado, en cuanto a su hija no ha podido tener comunicación con ella, CUARTO.- Que diga el de la voz si ha tenido comunicación con la señora MARIA DEL ROSARIO MORENO VAZQUEZ y en su caso desde cuando.- Respuesta Desde antes del 28 de febrero del año en curso no ha había visto ni tenido contacto y hasta la fecha no se nada de ella, ni se ha comunicado conmigo ni yo con esta pues no se a donde buscarla, pues aún cuando conseguí unas direcciones por Internet de su supuesto esposo no se si sea la dirección correcta. QUINTA.- Que diga el de la voz si la señora MARIA DEL ROSARIO MORENO VAZQUEZ, cuenta con resolución judicial sobre la custodia total de sus menores hijos ya multicitados. Respuesta Que solo hay una resolución judicial del año 1991, la cual hasta la fecha no se ha modificado, en donde el Juez Décimo de lo familiar con residencia en el Distrito Federal resolvió otorgar la custodia compartida, de                      pero la patria potestad la ejercemos ambos padres, en cuanto a mi                      no se había declarado nada toda vez que en esas fechas no había nacido por lo que la custodia y la patria potestad la ejercemos ambos, documentos que ya obran en el expediente y que esté exhibo. SEXTA.- Que diga el de la voz si esta dispuesto a que se practique pruebas de caligrafía y dactilar para acreditar su dicho Respuesta Que si que este no firmo ni digitalizo su huella

- - -8.ECon la recepción de oficio de fecha 29 de abril de 2004 dos mil cuatro, procedente de aerovias de México, en donde señala que se anexan cupones de viaje a favor de MORENO/                      , utilizados en la ruta México Atlanta vuelo 636 del día 27 de febrero de 2004.

- - -9.- Con las constancias de fecha 02 de junio de 2004 dos mil cuatro, donde se presenta el señor JOSÉ FERNANDO CASTILLO TAPIA, a quien los peritos le toman muestras de escritura y huellas dactilares, de la misma forma el personal de esta Unidad se traslada a la subdelegación de la

Secretaría de Relaciones Exteriores, con sede en Naucalpan, Estado de México a fin de que peritos en las materia de fotografía, identificación y grafoscopía intervinieran a fin de realizar dictamen en los documentos, que el querellante señala no haber firmado ni estampado su huella.

- - - 10.- Con el dictamen en materia de identificación-grafoscopía de fecha 10 de junio de 2004 dos mil cuatro suscrito por las peritos PRAXEDIS IRMA GARCÍA GUERRERO y ROSA FLORES VÁZQUEZ, adscritos a la dirección general de coordinación de Servicios Periciales, por medio del cual analizan las huellas tomadas al querellante FERNANDO CASTILLO TAPIA, y las huellas que aparecen en el formato OP-7 de solicitud de pasaporte a los menores ████████████████████████████████████████ en el cual tuman las fotografías tomadas a las formas OP-7, al sistema AFIS, arrojado resultados positivos, en el cual aparece el nombre de ARTEMIO BARRERA HERNÁNDEZ, con antecedentes por el delito de falsificación de documentos oficiales AP 9545/D/94 por lo que concluyen: PRIMERA.- los dactilogramas impresos en la ficha decadactilar a nombre de CASTILLO TAPIA JOSÉ FERNANDO, NO CORRESPONDEN, con las impresiones dactilares estampadas en las formas OP-7, con la leyenda índice derecho e izquierdo de los menores ██████████████. ████ SEGUNDA.- Los dactilogramas estampados en la forma OP-7, con la leyenda índice derecho e izquierdo de los menores ████████████████████ ████████████, CORRESPONDEN, con las impresiones dactilares de los medios derecho e izquierdo de la ficha decadactilar a nombre de BARRERA HERNÁNDEZ ARTEMIO.

- - - 11.- Con la fe de fotografías de fecha 03 de junio de 2004, las cuales fueron remitidas mediante folio número 27024, suscrito por la Q.F.B SARA MÓNICA MEDINA ALEGRÍA, Directora General Adjunta de Laboratorios, y que fueron tomadas al pasaporte del señor JOSÉ FERNANDO CASTILLO TAPIA, a las formas OP-7 de solicitud de pasaporte a nombre de los menores ████████████████████████████████████ así como de las huellas del querellante y datos del mismo.

- - - 12.- Con la fe del dictamen de fecha 17 diecisiete de junio de 2004 dos mil cuatro, mediante oficio con número de folio 27023, de fecha 15 del mes y año en curso, procedente de la Coordinación de Planeación, Desarrollo e Innovación institucional, Dirección General de Coordinación de Servicios Periciales, Dirección General Adjunta de Especialidades Documentales, Departamento de Documentos Cuestionados, Procuraduría General de la República, dirigido a el Licenciado Martín Marín Colín, Agente del Ministerio Público de la Federación, adscrito a la Unidad Especializada para la Investigación de Tráfico de Menores, Indocumentados y Órganos de esta Subprocuraduría, signado por el C. L. Aldo Chisanto Molina, Perito, documento en el que se lee "...El suscrito perito en materia de Grafoscopio

2.5

Documentoscopía, designado para intervenir en relación a su oficio citado al rubro, ante. Usted con respeto manifiesto lo siguiente: Fue requerida mi intervención a fin de atender su petición dirigida al DIRECTOR GENERAL DE COORDINACIÓN DE SERVICIOS PERICIALES, la cual en su parte conducente informa: sean designados peritos en materias de fotografía, grafoscopía e identificación, a fin de que se presenten en las oficinas que ocupan esta Unidad, ubicadas en Paseo de la Reforma número 23, tercer piso, Colonia Tabacalera, Delegación Cuauhtémoc de esta Ciudad a las 10:30 horas del día 02 de junio del presente año , a fin de que tomen muestras de escritura y huellas dáctilares a la querellante de la presente, asimismo una vez realizado lo anterior trasladarse junto con el sucrito a las Oficinas de Secretaría de Relaciones Exteriores, a fin de verificar la existencia de documentos originales, recabar fotografías de los mismos, principalmente de la escritura y huellas dáctilares, para que con lo que aparece en los documentos mencionados tienen el mismo origen grafico de la persona mencionada anteriormente. Una vez leída su petición realizar las diligencias encomendadas y observar los documentos motivo de estudio, infiero que el problema a resolver es el siguiente: PROBLEMA PLANTEADO. Determinar si corresponde o no por su ejecución al C. JOSÉ FERNANDO CASTILLO TAPIA, las firmas y escritura que se encuentran en los documentos descritos a continuación: DESCRIPCIÓN DE LOS DOCUMENTOS CUESTIONADOS. Se cuestiona en la presente intervención, las firmas como del C. JOSÉ FERNANDO CASTILLO TAPIA y escritura que aparecen asentadas en la siguiente documentación: 1.- Solicitud de Pasaporte Ordinario Mexicano (OP-5), a nombre de ▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓ Naucalpan, Estado de México a 16 de febrero del 2004, el cual presenta las siglas de la Secretaría de Relaciones Exteriores (SRE), en el margen superior izquierdo, así también se encuentra en el reverso la forma OP-7 PERMISO QUE OTORGAN LOS PADRES O PERSONAS QUE EJERCEN LA PATRIA POTESTAD O TUTELA, PARA LA EXPEDICIÓN DE PASAPORTE , en el reverso de esta. 2.- Solicitud de Pasaporte Ordinario Mexicano (OP-5) a nombre de ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Naucalpan, Estado de México, a 16 de febrero del 2004, el cual presenta las siglas de la Secretaría de Relaciones Exteriores (SRE), en el margen superior izquierdo, así también se encuentra en el reverso la forma OP-7 PERMISO QUE OTORGAN LOS PADRES O PERSONAS QUE EJERCEN LA PATRIA POTESTAD O TUTELA , PARA LA EXPEDICIÓN DE PASAPORTE, en el reverso de esta. Documentos que tuve a la vista en original para su debido estudio, y cotejo e impresiones fotográficas, en la Delegación de la Secretaría de relaciones Exteriores de Naucalpan, Estado de México. DESCRIPCIÓN DEL DOCUMENTO BASE SE COTEJO. Como elemento

base de cotejo se me proporciono Muestra de escritura y Firmas del C. JOSE FERNANDO CASTILLO TAPIA, la cual consta de dos fojas, de fecha 02 de junio del 2004, misma que fue realizada en presencia del suscrito, la cual se tuvo en original para su debido estudio y confronta. MÉTODO DE ESTUDIO. 1.- ANALÍTICO. I.- ANÁLISIS MINUCIOSO Y DETALLADO DE LAS FIRMAS BASE DE COTEJO. II.- ANÁLISIS MINUCIOSO Y DETALLADO DE LAS FIRMAS CUESTIONADAS. III.- ANÁLISIS MINUCIOSO Y DETALLADO DE LA ESCRITURA CUESTIONADA. IV.- ANÁLISIS MINUCIOSO Y DETALLADO DE LA ESCRITURA BASE DE COTEJO. 2.- COMPARATIVO. I.- CONFRONTACIÓN Y VALORACIÓN DE LOS RESULTADOS OBTENIDOS. 3.- DEDUCTIVO. I.- CONCLUSIÓN. 4.- ILUSTRATIVO. I.- ANEXO GRÁFICO. ESTUDIO. Primeramente procedí a analizar las firmas base de cotejo, para así conocer y valorar sus características de orden general y sus particularidades gráficas, obteniendo lo siguiente: (recuadros) CARACTERÍSTICAS DE ORDEN GENERAL Y FIRMAS BASE DE COTEJO. HABILIDAD ESCRITURAL: BUENA, VELOCIDAD ESCRITURAL: RÁPIDA, TENSIÓN DE LINEA: FIRME, PRESIÓN DE LINEA: MIXTA, INCLINACIÓN: LIGERAMENTE HACIA LA IZQUIERDA. CARACTERISTICAS Y FIRMAS BASE DE COTEJO. 1.- RASGO INICIAL DE LA FIRMA: EN BOTÓN, 2.- COLOCACIÓN DEL INICIO DE LA FIRMA: PROVENIENTE DE LA PARTE SUPERIOR DE ARRIBA HACIA ABAJO, 3.- GAZA EN LA REBASANTE INFERIOR. PRESENTA, 4.- DESCARGA DE LA TINTA EN LA REBASANTE SUPERIOR: PRESENTA, 5.- ENLACES: LARGOS Y CURVOS, 6.- TRAZO FINAL: LARGO Y CURVO, 7.- RASFO FINAL: DESVANECIENTE. Con respecto a las firmas y escritura cuestionada, procedí a realizar un estudio similar al anterior, características que se enuncian a continuación: (recuadro) CARACTERISTICAS DEL ORDEN GENERAL, FIRMAS CUESTIONADAS, HABILIDAD ESCRITURAL: REGULAR, VELOCIDAD ESCRITURAL: MEDIA, TENSIÓN DE LÍNEA: FLOJA, PRESIÓN DE LÍNEA: APOYADA, INCLINACIÓN: PRONUNCIADA HACIA LA IZQUIERDA. CARACTERÍSTICAS, FIRMAS CUESTIONADAS, 1.- RASGO INICIAL DE LA FIRMA: EN GANCHO O REDONDO, 2.- LA COLOCACIÓN DEL INICIO DE LA FIRMA: PROVIENE DE LA PARTE INFERIOR DE ABAJO HACIA ARRIBA, 3.- GAZA EN LA REBASANTE INFERIOR: 4.- DESCARGA DE TINTA EN LA REBASANTE SUPERIOR: NO PRESENTA, 5.- ENLACES: CORTOS Y ANGULOSOS, 6.- TRAZO FINAL: CORTO Y RECTO, 7.- RASGO FINAL: BRUSCO. Una vez hecho lo anterior, confronte las características obtenidas de las firmas base de cotejo y las firmas cuestionadas resultando lo siguiente: FIRMAS BASE DE COTEJO, CARACTERISTICAS DEL ORDEN GENERAL, FIRMAS CUESTIONADAS. BUENA, HABILIDAD ESCRITURAL, REGULAR, RAPIDA, VELOCIDAD ESCRITURAL, MEDIA, FIRME, TENSIÓN DE LINEA, FLOJA, MIXTA,

PRESIÓN DE LÍNEA, APOYADA, LIGERAMENTE HACIA LA IZQUIERDA, INCLINACIÓN, PRONUNCIADA HACIA LA IZQUIERDA. FIRMAS BASE DE COTEJO, CARACTERÍSTICAS, FIRMAS CUESTIONADAS. EN BOTON, 1.- RASGO INICIAL DE LA FIRMA EN GANCHO O REDONDO, PROVIENE DE LA PARTE SUPERIOR DE ARRIBA HACIA ABAJO, 2.- COLOCACIÓN DEL INICIO DE LA FIRMA, PARTE INFERIOR DE ABAJO HACIA ARRIBA, PRESENTA 3.- GAZA EN LA REBASANTE INFERIOR, NO PRESENTA, PRESENTA, 4.- DESCARGA DE TINTA EN LA REBASANTE SUPERIOR, NO PRESENTA, LARGOS Y CURVO, 5.- ENLACES, CORTOS Y ONGULOSOS, LARGO Y CURVO, 6.- TRAZO FINAL, CORTO Y RECTO DESVANECIENTE, 7.- RASGO FINAL, BRUSCO. Por lo que respecta a la escritura cuestionada, realice un estudio minucioso y detallado que qua se describe a continuación: CARACTERÍSTICAS, ESCRITURA CUESTIONADA. 1.- M, REALIZADA EN CUATRO MOMENTOS GRÁFICOS, 2.- C, INICIO EMPASTADO, 3.- a, CON RASGO EN SU PARTE SUPERIOR, 4.- F, REALIZADA EN TRES MOVIMIENTOS GRAFICOS 5.- a, REALIZADA EN DOS MOVIMIENTOS GRÁFICOS, 6.- o, LIGERAMENTE ABIERTA EN SU CUERPO, 7.- i, TILDE EM FORMA DE PUNTO. Asimismo también identifique las características que conforman a la escritura base de cotejo, las cuales son las siguientes: CARACTERÍSTICAS, ESCRITURA BASE DE COTEJO. 1.- M, REALIZADA EN UN SOLO MOMENTO GRÁFICO, 2.- C, INICIO E ARPÓN, 3.- a, CON RASGO EN SU TRAZO MAESTRAL, 4.- F, REALIZADA EN DOS MOMENTOS GRÁFICOS, 5.- a, REALIZADA EN UN SOLO MOMENTO GRÁFICO, 6.- o, EMPASTADA EN SU PARTE IZQUIERDA, 7.- i, TILDE EN FORMA DE COMA. Aunado a lo anterior, confronte las características obtenidas de la escritura cuestionada y la base de cotejo resultando lo siguiente: ESCRITURA CUESTIONADA, CARACTERÍSTICAS, ESCRITURA BASE DE COTEJO. REALIZADA EN CUATRO MOMENTOS GRÁFICOS, 1.- M, REALIZADA EN UN SOLO MOMENTO GRÁFICO, INICIO EMPASTADO, 2.- C, INICIO EN ARPÓN, CON RASGO EN SU PARTE SUPERIOR, 3.- a, CON RASGO EN SU TRAZO MAGISTRAL, REALIZADA EN TRES MOMENTOS GRÁFICOS, 4.- F, REALIZADA EN DOS MOMENTOS GRÁFICOS, REALIZADA EN DOS MOMENTOS GRÁFICOS, 5.- a, REALIZADA EN UN SOLO MOMENTO GRÁFICO, LIGERAMENTE ABIERTA EN SU CUERPO, 6.- o, EMPASTADA EN SU PARTE IZQUIERDA, TILDE EN FORMA PUNTO, 7.- i, TILDE EN FORMA DE COMA. Del estudio se desprende que las firmas y escrituras cuestionadas contienen puntos de discordancia entre las firmas y escritura base de cotejo, lo cual me auxiliara para elaborar unas conclusiones categóricas al respecto. Por lo anterior que es el resultado técnico Grafoscópico aunado a mis conocimientos y experiencia en la materia, formulo las siguientes: CONCLUSIONES. PRIMERA.- NO

CORRESPONDEN POR SU EJECUCIÓN AL C. JOSÉ FERNANDO CASTILLO TAPIA, LAS FIRMAS QUE SE ENCUENTRAN COMO DE ESTE, EN LOS DOCUMENTOS DESCRITOS COMO CUESTIONADOS EN EL PRESENTE DICTAMEN, CON RESPECTO A LAS FIRMAS PROPORCIONADAS CONO BASE DE COTEJO. SEGUNDA.- NO CORRESPONDEN POR SU EJECUCIÓN AL C. JOSÉ FERNANDO CASTILLO TAPIA, LA ESCRITURA QUE SE ENCUENTRA EN LOS DOCUMENTOS DESCRITOS COMO CUESTIONADOS EN EL PRESENTE DICTAMEN, CON RESPECTO A LA ESCRITURA PROPORCIONADA COMO BASE DE COTEJO..." asimismo se anexan imágenes fotográficas a color, la Muestra de Escritura del c. José Fernando Castillo Tapia, constante de dos fojas.

- - - 13.- Con la constancia y de documento de fecha 15 quince de julio de 2004 dos mil cuatro de la copia certificada del convenio y aprobación del convenio firmado por el querellante JOSÉ FERNANDO CASTILLO TAPIA y MARÍA DEL ROSARIO MORENO VÁZQUEZ, respecto de la custodia y patria potestad compartida en relación con el menor ▮▮▮▮▮▮▮▮▮▮▮ENO, certificada por el Juzgado Décimo de lo Familiar en el Distrito Federal de fecha 15 de julio de 2004 dos mil cuatro.

- - - Elementos probatorios en los cuales existen documentos públicos, testimonios, inspecciones, y dictámenes periciales que, valorados conforme a los artículos 279, 280, 284, 285, 286, 287, 288 y 289 del Código Federal de Procedimientos Penales; se acreditan los delitos de referencia, de conformidad a los artículos 168 y 180, del Código Federal de Procedimientos Penales; quedando satisfechos el conjunto de elementos objetivos o externos, normativos y subjetivos de esos delitos.

- - - Por todo lo anteriormente señalado, debe decirse que las probanzas de actuaciones y los indicios existentes estimados en su conjunto son suficientes para establecer la verdad desconocida, buscada a través del enlace lógico natural, que según la naturaleza de los hechos surge entre aquel y la verdad conocida, de tal manera que ese conjunto de indicios tienen el valor de prueba por resultar eficaz para determinar la probable responsabilidad de la indiciada tal y como ha sido sostenido en la tesis jurisprudencial que textualmente señala:

- - - "PRUEBA INDICIARIA. La prueba indiciaria resulta de la apreciación en su conjunto de los elementos probatorios que aparezcan en el proceso, mismos que no deben considerarse aisladamente sino que cada uno de los elementos de la prueba constituyen un indicio, un indicador y de su armonía lógica y natural y concatenamiento legal, habrá de establecerse una verdad resultante que unívoca e inequívocamente lleve a la verdad buscada".

Amparo Directo 177/74. Gilberto Gutiérrez Aragón. 20 de junio de 1974.- unanimidad de 4 votos. Ponente: Abel Huitrón, así como;

INDICIARIA, COMO OPERA LA EN MATERIA PENAL.- En materia penal, el indicio atañe al mundo de lo fáctico por que es un hecho acreditado que sirve de medio de prueba ya no para probar sino para presumir la existencia de otro hecho desconocido es decir existen sucesos que no se pueden demostrar de manera directa por conducto de los medios de prueba regulares como la confesión, testimonio o inspección sino solo a través del esfuerzo de razonar silogísticamente que parte de datos aislados que se enlazan entre sí, en la mente para llegar a la conclusión "

Tesis jurisprudencial número 1ª/J.23/97 emitida por la Primera Sala de la Suprema Corte de Justicia de la Nación publicada en el tomo V de junio de 1997, del Semanario Judicial de la Federación novena época pagina 223.- —
- - - - - - - - - - - - REQUISITO DE PROCEDIBILIDAD.- - - - - - - - - - - - - -
- - - CUARTO.- Como bien lo señala el artículo 16 Constitucional para que se pueda librar orden de aprehensión por la autoridad judicial es necesario que exista acusación o querella de un hecho que la Ley Señala como Delito, y en relación con el artículo 366 quater del Código Penal Federal en el último párrafo, señala que el delito de Tráfico de Menores se persigue a petición de la parte ofendida, es decir por la querella que presenta en este caso el señor ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ acreditándose lo anterior con las actas de nacimiento en original de los menores ▌▌▌▌▌▌▌▌▌▌▌▌▌▌, en donde aparece como padre de los menores, así como con la identificación con fotografía en la que se acredita ser la persona que aparece en las actas de nacimiento, de la misma forma, presenta fotocopia del convenio de divorcio en el que convienen que la patria potestad del menor ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ sea ejercida por ambos es decir ▌ querellante

- - - QUINTO.- Bajo las constancias aneladas, es que se procede a actreditar el cuerpo del delito de TRÁFICO DE MENORES, esto en base a la desmembración de los elementos de los delitos que en este acto se consigna, y en base a sus elementos de tipicidad, antijuridicidad y culpabilidad, los cuales para mayor orden, se dividirán por delitos cometidos, como se erige de la siguiente manera: - - - - - - - — — - - - -

### INJUSTO OBJETIVO DE TRÁFICO DE MENORES.

El delito de TRÁFICO DE MENORES, atribuible a MARÍA DEL ROSARIO MORENO VÁZQUEZ se encuentra previsto en el artículo 366 quater fracción párrafo segundo (hipótesis de acción el trasladar al menor fuera del territorio nacional por la madre de manera ilícita) y sancionado conforme al artículo 366 quater, (hipótesis de sanción), en relación con el 366 ter

213

fracciones III del Código Penal Federal, se hace alusión a sus elementos integrantes, los que a continuación se enlistan:

a) Padre o madre (calidad específica del sujeto activo).

b) menor de 16 años. (calidad específica del sujeto pasivo).

c) de manera ilícita o sin el consentimiento del que legalmente ejerza la patria potestad o custodia del menor (circunstancia de consentimiento o autorización legítima).

d) sin el propósito de obtener un lucro indebido.

e) Trasladar fuera del territorio nacional con el fin de cambiar su residencia habitual. (acto).

f) o impedir que la madre o padre conviva con el menor o poderlo visitar.

"Artículo 366 quater fracción II párrafo segundo.- Padre o madre de un menor de 16 dieciséis años que de manera ilícita o sin el consentimiento de quien o quienes ejercen la patria potestad o la custodia del menor, sin el propósito de obtener un lucro indebido, lo trasladen fuera del territorio nacional con el fin de cambiar su residencia habitual o impedir a la madre o padre según sea el caso, convivir con el menor o visitarlo.

De la anterior trascripción se establece que los elementos que integran el cuerpo del delito de Tráfico de Menores en los términos del artículo 168 del Código Federal de Procedimientos Penales son:

a) Padre o madre (calidad específica del sujeto activo).
b) menor de 16 años. (calidad específica del sujeto pasivo).
c) de manera ilícita o sin el consentimiento del que legalmente ejerza la patria potestad o custodia del menor (circunstancia de consentimiento o autorización legítima).

d) sin el propósito de obtener un lucro indebido.

e) Trasladar fuera del territorio nacional con el fin de cambiar su residencia habitual. (acto).

f) o impedir que la madre o padre, conviva con el menor o poderlo visitarlo.

Ahora bien, a efecto de desglosar todos y cada uno de los elementos del cuerpo del delito, mismos que ya fueron señalados y para describir cada uno de ellos, en el primero específicamente se menciona al padre o madre,

21 4

00015

que en este caso se deduce el lazo consanguíneo de quien engendra al menor; B) en el presente es la calidad específica del sujeto pasivo a quien recae la conducta del sujeto activo y que en el presente caso es menor de dieciséis años, no únicamente que sea menor de 18 años; c) en este elemento del cuerpo del delito se entiende que existe ilicitud de quien directamente ejerce la patria potestad, tutela o custodia, es decir que sin el consentimiento de ellos, d) aquí es determinable que el sacarlo del país sea sin obtener una cantidad de dinero o especie por llevar al menor fuera del territorio nacional, únicamente llevado por tener ese lazo familiar o afectivo, y por ello no debe de existir un interés monetario; e) el presente elemento expresa el sacarlo fuera del territorio nacional, es decir fuera de estados integrantes de la federación, aeronaves y buques con bandera mexicana, embajadas y consulados, para con ello verificar que se encuentra en territorio extranjero, y con lo anterior cambiar su residencia habitual, es decir tener el propósito de que su domicilio sea establecido en otro país, en consecuencia vivir e ir a la escuela en otra nación; f) en este elemento obviamente al estar fuera del territorio nacional es que los padres, o quienes ejerzan la patria potestad, tutela o custodia, no puedan ver al menor y muchos menos convivir con él. Es de resaltar que la conducta dolosa de la madre de los menores se da desde el momento en que realizó la carta que entregó a la madre de ella, para entregársela a JOSÉ FERNANDO CASTILLO TAPIA, en el que manifiesta su deseo de llevarse a los menores, y el que su madre y el querellante no supieran el lugar a donde se trasladaría, para que no los molestara; lo anterior se confirma y vincula con la declaración de la abuela de los menores, MARÍA ELENA VÁZQUEZ SAUCEDO, en el que acepta que su hija MARÍA DEL ROSARIO, le entregó una carta para dársela al querellante sin decirle, a donde se llevaría a sus nietos ni de comunicarle el lugar donde se encuentran; ahora bien por lo que se refiere al presente caso la madre de los menores MARÍA DEL ROSARIO MORENO VÁZQUEZ de manera ilícita se llevó a los menores _____ fuera del territorio nacional, ya que la conducta dolosa fue desde que en muy alto grado de probabilidad al conseguir a una persona para que estampara las huellas digitales en las solicitudes de los pasaportes para los menores, haciéndolas pasar por las del querellante, lo cual fue de manera ilícita ya que no existió el consentimiento del padre, quien también tiene la patria potestad, por lo que una vez con los pasaportes expedidos; en este contexto de separar o extraer a los menores de su habitat, y con ello tener la imposibilidad de que los menores sean reintegrados a su domicilio habitual, por domicilio entiéndase el lugar fijo que habita y del que estaba acostumbrado a que los visitara su padre.

**ELEMENTOS DE LA TIPICIDAD**

FORMA C.G.-1A

215 /139

000132

## A) ELEMENTOS NORMATIVOS.

En cuanto hace a los ELEMENTOS NORMATIVOS que hay que valorar en el delito de TRÁFICO DE MENORES, es en primer lugar el concepto de: menor de 16 dieciséis años, es decir persona menor a dieciocho años; sin la autorización de quienes ejerzan la patria potestad o resolución de autoridad competente; es decir tener el permiso o autorización de padre o madre o de quienes ejerzan la patria potestad para poder salir del país o cambiar de domicilio, temporalmente o permanentemente, ya que sin este elemento, si hubiera tal autorización de las personas en mención, no se daría tal elemento normativo; b) patria potestad, corresponde al conjunto de derechos y obligaciones establecidos por la ley, respecto a los padres, que regulan las atenciones, gobierno y cuidado de sus hijos; incluyendo la administración de sus bienes, a partir de la concepción hasta la mayoría de edad, o la emancipación; ahora bien de este se desprende el elemento normativo- descriptivo que consiste en resolución de autoridad competente, y alude a aquella autoridad que tenga facultades para resolver la residencia o guarda de personas menores de edad, como pueden serlo los Jueces de lo Familiar, y que en el presente caso no existe tal resolución por autoridad judicial familiar en el que haya autorizado a la madre de los menores a salir del país o cambiar de residencia c) no permitiendo a la madre o padre convivir con el menor o visitarlo, constituye una condición para que para que las descritas conductas antes señaladas sean típicas, dada la exigencia del precepto, de que además de que el agente realice la acción o acciones, posterior a ello no de permiso o no permita que los padres del menor lo visitan o conviva con los menores, que en el presente caso quien no puede visitarlo es el padre.

## B) ELEMENTOS OBJETIVOS O EXTERNOS

### CONDUCTA

La CONDUCTA típica se exterioriza y comete por el padre o madre o quienes ejerzan la patria potestad o la custodia, con el traslado de los menores fuera del territorio nacional y esta se concreta a partir del momento en que la madre de los menores tramitó de manera ilegal la expedición de pasaportes a favor de los menores, y con ello salir del país, cambiado su residencia y al evitar que el padre de los menores conviva con ellos, y

mucho menos el de visitarlos, lo que en el presente caso sucedió ya que trasladaron a los menores hacia los Estados Unidos de Norteamérica, sin señalar a que lugar iban a llegar o cual sería su domicilio, ya que con dicha conducta dolosa evitó el que conviviera el padre de los menores con ellos, y menos aún el que tuviera el domicilio para poderlos visitar. En realidad la conducta en el presente caso no fue sino un despliegue de movimiento corporal tendiente a alterar el mundo externo, fáctico, pero teniendo de antemano la sapiencia de que es un proceder voluntario. Todo esto, como ya lo señalamos se encuentra tipificado en el artículo 366 quater del Código Penal Federal, como en el caso que nos ocupa, se demuestra que la indiciada MARÍA DEL ROSARIO MORENO VÁZQUEZ, cometió el delito de tráfico de menores, ya que desde un principio la conducta dolosa de la madre de los menores se da desde el momento en que realizó la carta que entregó a la madre de ella, para entregársela a ███████████ ██████████████ en el que manifiesta su deseo de llevarse a los menores, y el que su madre y el querellante no supieran el lugar a donde se trasladaría, para que no los molestara; lo anterior se confirma con la declaración de la abuela de los menores, MARÍA ELENA VÁZQUEZ SANPEDRO, en el que acepta que su hija MARÍA DEL ROSARIO, le entregó una carta para dársela al querellante, sin decirle, a donde se llevaría a sus nietos, ni de comunicarle el lugar donde se encuentran, y en consecuencia de manera ilícita traslado a los menores ████████████████████████████ ████████████████████████ hacia los Estados Unidos de Norteamérica, tal y como lo acredita con el informe de la aerolínea Aerovías de México S.A, con los boletos de avión expedidos por dicha compañía, y el informe de la INTERPOL en el que señala que los menores y la probable responsable se encuentra en territorio de los Estados Unidos de Norteamérica, es decir en territorio extranjero, siendo llevados de manera ilícita ya que con las probanzas que se enlazan lógica y jurídicamente, se acredita que tramitó pasaportes a favor de los menores y altero las solicitudes de los pasaportes estampando la huella dactilar y la firma en el formato, del querellante JOSÉ FERNANDO CASTILLO TAPIA, haciendo creer que él las había estampado mediante su puño y letra, y en consecuencia otorgar la autorización para ello; acreditándose lo anterior con los dictámenes en las materias de Grafoscopía e identificación en los que se mencionan que las huellas, letra y firma no corresponden al señor JOSÉ FERNANDO CASTILLO MORENO; en base a todo lo anterior se desprende que en todo momento la probable responsable MARÍA DEL ROSARIO MORENO VÁZQUEZ, evitó que el querellante se enterara que se iba a llevar a los menores fuera del país, asimismo el de evitar el lugar a donde se dirigiría, y donde actualmente se encuentra, a sabiendas que el querellante tenía junto con ella la patria potestad de los menores, y en consecuencia debía de solicitarle la autorización para poder sacarlos del país, pero al saber que no era posible

dicha autorización, sin importar los medios ilegales utilzo al buscar a otra persona que en el presente caso es ARTEMIO BARRERA HERNÁNDEZ, buscando que fuera una persona que se dedicara a realizar este tipo de falsificaciones, ya que al ser enviada las huellas que aparecen en los formatos OP-7, al sistema AFIS, aparecen resultados positivos, con antecedentes de ya haber falsificado documentos oficiales, siendo la referida persona quien estampó su huella, y en muy alto grado de probabilidad la firma, haciéndose pasar por el querellante ████████████ ████████ y con ello poder obtener los pasaportes de los menores, caso que así ocurrió, utilizando este medio de comisión; asimismo logró sacar el pasaporte del querellante en su domicilio; si que él se enterara y presentarlo ante la subdelegación, tal y como se acredita con el oficio que remite la Secretaría de relaciones exteriores, donde aparece que presentaron el pasaporte original del querellante, y que el mismo manifiesta que en ningún momento prestó dicho documento, siendo otro medio de comisión; de igual manera se confirma con los cupones enviados por Aerovías de México S.A de C.V, en el que señala que los menores como la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, viajaron hacia los Estados Unidos de América el día 27 de febrero de 2004, sin avisarle al padre de los menores, de igual manera se acredita que los menores y la probable responsable se encuentra en los Estados Unidos de Norteamérica por el oficio enviado por la INTERPOL en el que informa que las personas señaladas llegaron a la ciudad de Atlanta, Georgia, de igual manera el dolo lo siguió manifestando ya que el 25 de marzo del presente año, la policía del Estado de Alabama al enviar un agente a buscar si ellos se encontraban en ese territorio y señalan que entrevistaron a MARÍA DEL ROSARIO MORENO, con lo cual se acredita tácitamente que efectivamente las autoridades estadounidenses saben el paradero de dichas personas, y que la probable responsable por todos los medios logra hasta el momento el cambio de residencia habitual de sus hijos, y en consecuencia el que el padre no los pueda visitar, puesto que igual que la madre ejerce la patria potestad, sin que hasta el momento exista declaración judicial de que uno de los padres la haya perdido; asimismo al no poderlos visitar, tampoco puede convivir con los menores y con ello causa un agravio moral tanto de los menores, como del querellante y en consecuencia la desintegración de la familia; puesto que la madre de los menores sabía las consecuencias legales de su actuar, lo que se deduce que quiere sustraerse de la acción de la justicia. No se deja de mencionar que por lo que se refiere a la conducta de falsificar documentos por parte de ARTEMIO BARRERA HERNÁNDEZ, se deja el triplicado para que se inicie la averiguación correspondiente en contra de ARTEMIO BARRERA HERNÁNDEZ y de quien resulte responsable por lo que se refiere a tales ilícitos; es de resaltar que se acredita la minoría de 16 años por las actas de nacimiento en

original que se anexa a la presente.

000155

En tal virtud, las diligencias contenidas en la averiguación previa número PGR/SIEDO/UEITMIO/013/2004, se desprenden elementos de prueba que hacen presumir fundadamente que nos encontramos ante la presencia de una conducta externa dolosa tipificado en el artículo 366 quater, del Código Penal Federal.

Con lo anterior se deja de manifiesto que la probable responsable MARÍA DEL ROSARIO MORENO VÁZQUEZ, en ningún momento quiso dar a saber el lugar que se llevaría a sus menores, para con ello evitar la convivencia definitiva con los menores por parte del padre y en consecuencia la visita del mismo.

## RESULTADO

Que no es más que el efecto causado por la acción del sujeto activo del delito, pero aquella trascendencia modificativa que le interesa a la ley por videntar algún precepto jurídico protegido por el propio IUS PUNIENDI, como es el caso que nos ocupa. El actuar previo del sujeto activo, y que se ubican el ámbito del tipo penal previamente descrito, en efecto el injusto de TRÁFICO DE MENORES, es un delito de resultado material y permanente, y se consuma en el momento en que los menores son trasladados fuera del territorio Nacional, y cambia de domicilio donde habitualmente residen, se le retenga e impida que regrese al mismo, sin la autorización de quienes ejercen la patria potestad, es decir desde el momento en que el menor sale de su domicilio en las condiciones señaladas el tipo, prolongándose su consumación por el lapso en que lo conserva en su poder el sujeto activo.

## BIEN JURÍDICO TUTELADO

En el presente caso lo es la integridad de la Familia, y libertad física de las personas.

## SUJETO ACTIVO Y PASIVO

Lo constituyen el padre o madre, o quienes ejerzan la patria potestad o custodia del menor, en el caso del sujeto activo el ente que realizó determinada conducta típica de forma voluntaria en el presente caso es la madre MARÍA DEL ROSARIO MORENO VÁZQUEZ, pues solamente el

...bre o mujer con su actuar racional es capaz de transgredir los derechos ...sagrados por la ley. El sujeto pasivo es el titular del bien jurídico ...lnerado, en quien recae la conducta típica, antijurídica, punible que en el presente caso son los menores de 16 años, y el padre de ellos

219

000156

## MEDIOS PARA COMETER LA CONDUCTA

En el delito de TRÁFICO DE MENORES no señala medio alguno para que se concrete la conducta, sin embargo el hecho de realizar el traslado de los menores fuera del país, necesariamente se requieren transporte, ya sea autobús, avión, tren, o automóvil, o cualquier otro vehículo de motor terrestre o acuático que sirva de medio para realizar el traslado de los menores y llevarlos fuera del país, y en el presente caso se llevo al cabo por medio de un avión correspondiente a la aerolínea Aeroméxico, tal y como se desprende de actuaciones, vinculado esto con la expedición de pasaporte el cual fue obtenido lícitamente con documentación apócrifa, tal y como lo es que se utilizó huella dactilar y medio escrito, falsificando con ello la firma autógrafa original, la cual se puede comprobar con la documentación de peritos en materia de identificación y grafoscopía, que obra en la misma indagatoria, por lo que si bien es cierto que el pasaporte es oficial por la forma en que se obtuvo este debe de cancelarse para evitar que el delito se continúe, aunado a esto se cuenta con información sobre la expedición de boletos de avión a nombre de los menores, y con lo anterior completar la conducta típica, de lo que se desprende, y se prueba con los medios ya referidos la manera dolosa en que actuó la probable responsable al sacar a los menores del país.

## OBJETO MATERIAL DEL DELITO

El ilícito que nos ocupa, el objeto material es directamente en quien recae la conducta externa del sujeto activo, y que en el presente caso es el sujeto pasivo, siendo los menores de 16 dieciséis años de edad

## NEXO CAUSAL

Al exteriorizarse la conducta del sujeto activo, que produce el resultado típico, y que es la consumación, es por la producción del resultado típico en cualquiera de sus formas; y que en el presente caso cuando el sujeto activo que es la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, realizó el traslado de los menores hacia territorio de los Estados Unidos de

Norteamérica, derivado de ello cambian de residencia y están fuera del país prolongándose en el tiempo, ya que los menores siguen actualmente con la probable responsable.

## A) ELEMENTOS SUBJETIVOS:

En el presente caso, lo es el DOLO, (dolo directo) ya que el activo, conociendo los elementos del tipo penal quiso y aceptó la realización del hecho, que la ley señala como delito, toda vez que a sabiendas que no debía llevarse a los menores, sin la autorización del padre, hacia los Estados Unidos de América, por lo que se está en presencia de los dos elementos del dolo directo, es decir el volitivo y el intelectual, lo cual quedó debidamente comprobado con todo y cada uno de los elementos de prueba vertidos en el apartado correspondiente y que no se repite por obvias razones.

Cuando una conducta que interesa al derecho penal resulta haber reunido los elementos de la tipicidad, en su triple aspecto objetivo, subjetivo y normativo, y desde luego, en su aspecto de elementos subjetivos específicos del dolo si los hubiere; se dice que es un actuar típico, por lo cual es menester entrar a otro de los elementos del delito que es la antijuridicidad, la cual se encuentra dentro de la probable responsabilidad. Ante esto, se tiene la plena certeza ministerial de la inexistencia de alguna causa de ilicitud que exima de responsabilidad a los inculpados, por los delitos que se les atribuyen a cada uno de ellos, toda vez que después de haber hecho un análisis exhaustivo de los elementos de prueba que obran en la indagatoria, se advierte que las conductas descritas en el apartado anterior no se encuentran amparadas en norma alguna de carácter permisivo, acorde a lo dispuesto en los artículos 15 Fracciones III (consentimiento del titular del bien jurídico), IV (legítima defensa), V (estado de necesidad) y VI (cumplimiento de un deber o ejercicio de un derecho) del Código Penal Federal. Cabe mencionar que tampoco nos encontramos en alguno de los supuestos del artículo 16 del citado Ordenamiento Jurídico, en el que se establece el exceso en los casos de legítima defensa, estado de necesidad, cumplimiento de un deber y ejercicio de un derecho. En consecuencia, procede concluir que estamos en presencia de injusto penal, es decir, de conductas típicas y antijurídicas, habida cuenta que existe contradicción entre la realización de la conducta normativamente prohibida y el ordenamiento jurídico en su conjunto.



este contexto, de igual forma no se demuestra que los elementos normales de la culpabilidad no se encuentran acreditados en la indagatoria, o bien que exista una exclusión de los mismos por inculpabilidad, por lo que se procede a analizar la:

PROCURADURIA GENERAL
DE LA
REPUBLICA

## CULPABILIDAD

090158

### A).- LA IMPUTABILIDAD DEL SUJETO ACTIVO.

Comprendida como la capacidad psicológica de entender y querer el carácter injusto del hecho (actuar con conocimiento y voluntad), se encuentra acreditada ante la ausencia de algún elemento de convicción que nos permita inferir que la inculpada al momento de cometer los hechos a estudio, padeciera algún trastorno mental permanente o transitorio o que su desarrollo intelectual fuera retardado, de tal manera que no se contempla que estuviera impedida para comprender el carácter ilícito de su conducta o de conducirse de acuerdo con dicha comprensión, es decir, que no nos encontramos en alguno de los supuestos de la inimputabilidad que afirmativamente describe el artículo 15 fracción VII del Código Penal Federal. Cabe mencionar que tampoco nos encontramos en el supuesto de imputabilidad disminuida que regula el artículo 15 fracción VII, párrafo segundo, con relación al artículo 69 bis del citado Ordenamiento Jurídico.

### B).- COGNOCIBILIDAD O CONCIENCIA DE LA ANTIJURIDICIDAD DE LA CONDUCTA.

De actuaciones no se desprende que el sujeto activo, no tuviera, al momento de desplegar su conducta típica antijurídica, conciencia de la antijuridicidad del hecho; por lo tanto podía conducirse de acuerdo a esa comprensión, ya que del acervo probatorio no se desprende que la conducta típica y antijurídica se haya cometido bajo un error vencible o invencible respecto de la ilicitud de la conducta, ya sea porque el sujeto desconociera la existencia de la ley o el alcance de la misma, o porque creyera que estaba justificada su conducta, hipótesis que se prevén en el numeral 15 fracción VIII del Código Penal Federal.

GENERAL DE
JONES Y
JURIDICA

### C).- EXIGIBILIDAD DE OTRA CONDUCTA.

En el presente caso se ha acreditado que sí le era exigible a la activa una conducta distinta a la que desplegó, esto es, que no trasladara a los menores fuera del país, ya que sabía que el padre de los menores tenía la patria potestad y no había otorgado el permiso para salir. Por lo tanto no

nos encontramos ante la causa de exclusión del delito prevista en la fracción IX del artículo 15 del Código Penal Federal.

De igual manera y toda vez que se encuentran reunidos los extremos del artículo 16 constitucional, no es necesario citar a la probable responsable para darle a conocer la imputación que existe en su contra, máxime por la situación en que se presentan los hechos, y por la propia naturaleza del delito la probable responsable MARÍA DE ROSARIO MORENO VÁZQUEZ se encuentra fuera del territorio nacional; sirve de apoyo lo señalado en la tesis de jurisprudencia y que señala lo siguiente:

Quinta Época
Instancia: Primera Sala
Fuente: Semanario Judicial de la Federación
Tomo: C
Página: 1933

ORDEN DE APREHENSIÓN, PARA DICTARLA NO ES NECESARIO OIR EN DEFENSA AL ACUSADO. El artículo 16 constitucional no exige que para dictarse una orden de aprehensión contra una persona, por la autoridad judicial, se oiga en su defensa al acusado, sino sólo requiere que exista denuncia, acusación o querella en su contra, de un hecho determinado que la ley castigue con pena corporal, y que esa denuncia se halle apoyada por declaración bajo protesta de persona digna de fe o por otros datos que hagan probable la responsabilidad del inculpado, por lo que no es de tomar en cuenta la circunstancia de que el acusado hubiere sido dejado de llamar para prestar sus declaraciones, antes de que se librara la orden de aprehensión reclamada.

Amparo penal en revisión 4632/48. Venecia Segovia José P. 2 de mayo de 1949. Unanimidad de cuatro votos. Ausente Fernando de la Fuente. La publicación no menciona el nombre del ponente.

Véase Semanario Judicial de la Federación, Quinta Epoca, Tomo CIV, página 3123 tesis de rubro "ORDEN DE APREHENSION.".

Por todo lo anterior, debe decirse que los elementos de prueba precedentemente analizados y valorados de conformidad con los términos de Ley, llevan a esta Representación Social de la Federación a estimar que en la especie sí tienen elementos suficientes para ejercer acción penal en contra de la Probable Responsable, por la comisión del delito; de quien se solicita la correspondiente orden de aprehensión, y una vez ejecutada ésta; se recabe su declaración preparatoria y en su oportunidad

se dicte auto de formal prisión en su contra por el delito que se le atribuye; ello con fundamento en los artículos 16 Constitucional, 134 párrafo inicial, 195 fracciones I y II, y 195 del Código Federal de Procedimientos Penales; en el entendido que respecto a la punibilidad debe estarse a lo estatuido en los numerales que sancionan cada uno de los delitos precisados.- - - - - - -

- - - Por lo antes expuesto y fundado, además, con apoyo en los artículos 16, 21 y 102 apartado "A" de la Constitución Política de los Estados Unidos Mexicanos; 50 fracción I de la Ley Orgánica del Poder Judicial de la Federación; 1 y 2 del Código Penal Federal; 1° fracción I, 2°, 6°, 10° párrafo tercero , 113, 134, 136 fracciones I, II, 142, 168, 180 párrafo primero, 193, 194, 195 del Código Federal de Procedimientos Penales y 1°, 2°, 4, fracción I, apartado B, de la Ley Orgánica de la Procuraduría General de la República; 7, 27, 28, fracción V de su Reglamento, es de resolverse y se. -

————————————— R E S U E L V E —————————————

- - - PRIMERO: El Ministerio Público de la Federación ejercita acción penal SIN DETENIDO, por el delito de: - - - - - - - - - - - - - - - - - - - - - - - - - -

- - - A).- TRÁFICO DE MENORES, atribuible a MARÍA DEL ROSARIO MORENO VÁZQUEZ, delito previsto en el artículo en el artículo 366 quáter párrafo segundo (hipótesis de acción, traslado del menor de 16 años fuera del territorio nacional), y sancionado en el artículo 366 quáter (hipótesis de sanción), en concordancia con el artículo 366 ter fracción III del Código Penal Federal; en relación al 7° párrafo primero (hipótesis de acto) fracción I (delito continuo o permanente); 8° (hipótesis de acción dolosa); 9° párrafo primero (hipótesis de obrar dolosamente el que conociendo los elementos del tipo, o la realización del hecho descrito por la ley, y 13 fracción II (los que lo realicen por sí); del Código Penal Federal.- - - - - - - - - - - - - - - - -

- - - SEGUNDO.- Se consigna el expediente original y duplicado al C. Juez de Distrito en Materia de Procesos Penales Federales en el Distrito Federal, en turno,, para la incoación del procedimiento penal correspondiente en contra de MARÍA DEL ROSARIO MORENO VÁZQUEZ, solicitando se libre la correspondiente orden de aprehensión en su contra, por encontrarse reunidos los requisitos del segundo párrafo del artículo 16 de la Constitución Política de los Estados Unidos Mexicanos.- - - - - - - - - - - - - - - - - - - - - -

- - - TERCERO.- Se solicita que al C. agente del Ministerio Público de la Federación de la adscripción, se le otorgue la intervención que legalmente le compete, así como se remita copia debidamente certificada de la resolución que se emita, a esta autoridad consignadora.- - - - - - - - - - - - - -

- - - CUARTO.- Por lo que se refiere al delito de falsificación y uso de documento en contra de ARTEMIO BARRERA HERNÁNDEZ y en contra de quien o quienes resulten responsables, así como de otros ilícitos penales que se deriven, por no tratarse de delitos competencia de esta Unidad Especializada, déjese abierto un tanto, remitiéndose fotocopia debidamente certificado a la Delegación de esta Procuraduría competente para su

prosecución y perfeccionamiento legal, recabando el acuse correspondiente.- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

- - QUINTO.- Gírese oficio a la Coordinación de Procesos de esta Unidad, a fin de hacerle del conocimiento, sobre la resolución del presente asunto.

SEXTO.- Gírese oficio a la Secretaría de Relaciones Exteriores, con carácter de urgente para la que a la brevedad posible y por los motivos ya expresados se cancele el pasaporte expedido a nombre de los menores ███████████████ el cual se solicitó con fecha 18 de febrero de 2004, número de solicitud 6289 y 6290, en Naucalpan, estado de México.- - - - - - - - - - - - - - - - - - - - - - - - - - - -

- - -SÉPTIMO.-Dese de baja el presente como asunto concluido, girando los oficios correspondientes a las áreas respectivas, para que se realicen las anotaciones en los libros de gobierno.- - - - - - - - - - - - - - - - - - - - -

- - - OCTAVO.-Archívese el mismo una vez recabados los acuses correspondientes.- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

- - - - - - - - - - - - - - - - - - - CÚMPLASE - - - - - - - - - - - - - - - - - - - - - -

- - - Así lo resolvió y firma el licenciado MARTÍN MARÍN COLÍN, Agente del Ministerio Público de la Federación adscrito a la Unidad Especializada en Tráfico de Menores, Indocumentados y Órganos, quien actúa legalmente con testigos de asistencia con quienes al final firma y da fe.- - - - - - - - - - - -

- - - - - - - - - - - - - - - - - - - DAMOS FE- - - - - - - - - - - - - - - - - - - - - -

Testigo de Asistencia.                          Testigo de Asistencia.

LIC. LETICIA GALVÁN ORTEGA.          C. HUGO GARCÍA REYES.

22 4

000163

**PRUEBA 53**

*170*

*Forma B-119*

*149*

*México, Distrito Federal a tres de agosto de dos mil cuatro.*

000102

VISTOS, los autos de la causa penal número **108/04-III**, para resolver sobre la procedencia de la orden de aprehensión, solicitada por el Agente del Ministerio Público de la Federación de la Unidad Especializada en Investigación en Tráfico de Menores, Indocumentados y Órganos de la Procuraduría General de la República contra **MARÍA DEL ROSARIO MORENO VÁZQUEZ**, por considerarla probable responsable en la comisión del delito de **TRÁFICO DE MENORES**, previsto y sancionado en el artículo 366 quater, párrafo segundo (hipótesis de acción, traslado de menor de dieciséis años, fuera de territorio nacional) y sancionado en el artículo 366 quater (hipótesis de sanción), en concordancia con el artículo 366 ter fracción II del Código Penal Federal, en relación con el 7°, párrafo primero (hipótesis de acto) fracción II(delito continuo o permanente); 8°, (hipótesis de acción dolosa); 9°, párrafo primero (hipótesis de obrar dolosamente el que conociendo los elementos del tipo, quiere la realización del hecho, descrito por la ley), y 13, fracción II(los que lo realicen por sí, del Código Penal Federal, cometido en agravio de los menores ███

JOSÉ FERNANDO, CASTILLO TAPIA █

## *R E S U L T A N D O*

*PRIMERO.-* Mediante oficio número SIEDO/2216/04, de diecinueve de julio de dos mil cuatro, recibido ese mismo día, en la oficialía de partes común de los Juzgados de Distrito de Procesos Penales Federales en el Distrito Federal, con sede en el Reclusorio Norte, el Agente del Ministerio Público de la Federación, consignó la averiguación previa número SIEDO/UEITMIO/013/2004, por la cual ejerció acción penal contra **MARÍA DEL ROSARIO MORENO VÁZQUEZ,** por su probable responsabilidad en la comisión del ilícito señalado al inicio de la presente determinación, solicitando se librara en su contra la orden de aprehensión correspondiente.

*SEGUNDO.-* Una vez radicada la averiguación de referencia, se le dio el trámite legal, dándose aviso de inmediato superior jerárquico, la intervención legal a la Agente del Ministerio Público de la Federación adscrita y se ordenó dar nueva cuenta respecto de la orden solicitada por el Agente del Ministerio Público de la Federación consignador.

*TERCERO.-* De las constancias que existen en la presente causa penal, destacan por su importancia las siguientes:

1.- Declaración del denunciante **JOSÉ FERNANDO MORENO TAPIA,** ante el Agente del Ministerio Público de la Federación, el veintidós de marzo de dos mil cuatro, en donde manifestó que con la señora **MARÍA DEL**

*ORDEN DE APREHENSION*    C.P.108/04-III    3

**ROSARIO MORENO VÁZQUEZ**, procreó a sus menores

hijos de nombres

ambos de apellido CASTILLO MORENO, de catorce y

nueve años, respectivamente, quienes vivían con su

madre después que se había divorciado de ella, según la

sentencia definitiva dictada por el Juez  Décimo de los

Familiar en el Distrito Federal; pero el veintiocho de febrero

de dos mil cuatro, aproximadamente a las diecisiete horas,

se dirigió a recoger a sus hijos al domicilio donde vivía la

señora MORENO VÁZQUEZ y su menores hijos, ubicado

Naucalpan, Estado de México,

recibiendo de· la señora María Elena

Vázquez Salcedo, madre de ROSARIO una carta de la

señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, en

la cual le decía que había sustraído a sus hijos de ese

domicilio para salir de la Ciudad, sin mencionar el destino

de ellos, teniendo la sospecha de que se había trasladado

a otro país, posiblemente a los Estados Unidos de

América, ya que la señora **MORENO VÁZQUEZ**, le había

comentado que en el mes de octubre de dos mil tres, se

había casado con una persona norteamericana que

conoció por Internet, solicitándole permiso para sacar a

sus hijos del país,  a lo cual él se negó, indicándole que

era mejor, que primero se estabilizara como pareja y

luego,  convendrían el permiso· y las visitas recíprocas,

situación que tampoco ella aceptó; por lo que el día

veintinueve de febrero del presente año, él se presentó

ante el Agente del Ministerio Público del Fuero Común, en Naucalpan, en el Estado de México, iniciándose el acta NJ/II/816/04-02, en donde refirió lo anterior, señalando ante esa autoridad, que él no dio autorización ni el consentimiento para que sus menores hijos █████

███████████████████████ salieran del país y tampoco extendió ningún conducto ni beneplácito para que obtuvieran el pasaporte de la Secretaría de Relaciones Exteriores; asimismo, el día uno de marzo del año en curso, se presentó en la escuela en donde estudiaban sus hijos, que es el Colegio La Salle en el Estado de México, donde entabló comunicación con los compañeros de sus hijos, enterándose que la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ y sus menores hijos, habían abandonado el país por vía aérea, el día veintisiete de febrero de dos mil cuatro, utilizando los servicios de la empresa Aeroméxico en el vuelo seiscientos treinta y seis, con destino a Atlanta Georgia, comentándoles sus hijos que su destino final era la Ciudad de Salem Alabama, a la Dirección noventa y siete Lee Road número cuatrocientos treinta y cuatro, registrado a nombre del señor RONALD COONLEY, persona con la que se había casado la señora ROSARIO MORENO VÁZQUEZ, quien puede tener como █████████████████

█████████████████████████ Smiths, AL, y █████

████████████████████████, Phenix City

AL, ████████████████ Columbus GA ███ así

como Berrien Springs Michigan, además del ubicado en

Albano, NY,  todos en los

Estados Unidos de América; del mismo modo, por platicas

que había tenido con compañeros de su hijo, quien se

comunicaba con ellos a través de internet, siendo su

cuenta, comentándoles que posiblemente viajarían fuera

de los Estados Unidos de América, pero no conoce el

destino, ni cuando sería efectuado ese viaje;

posteriormente se constituyó ante el Juzgado Décimo de lo

familiar en el Distrito Federal en donde solicitó se le

concediera la custodia, de sus menores hijos

, y ante sus dudas sobre sus hijos si habían

salido del país, se presentó en la ventanilla de informes de

la Delegación Naucalpan, en el Estado de México de la

Secretaría de Relaciones Exteriores, para saber si se

había expedido algún pasaporte a favor de ellos, y una

persona de esa oficina, le informó, que el veintisiete de

febrero de dos mil cuatro, se expidieron dichos

documentos a favor de

, que la documentación legal que

amparaba su permiso, se encontraba en ese domicilio por

lo cual solicitó se verificara lo anterior, toda vez que él no

extendió su permiso de manera verbal ni por escrito, ni a

través de cualquier documento y por ese motivo

desconocía cualquier firma o autorización que existente

en los archivos de esa dependencia,    presentando

fotocopias simples de la demanda presentada ante el Juez

Décimo de lo familiar constante de seis fojas, fotocopia

simple de la denuncia de hechos que presentó en el

Estado de México, constante de dos fojas, hoja de la carta

que fue dirigida a él, con el nombre de **ROSARIO**,

constante de una foja, fotocopia simple del convenio que

presentó él y la señora **MARÍA DEL ROSARIO MORENO**

**VÁZQUEZ**, respecto al divorcio voluntario, y referente a la

custodia de su menor hijo ███████████████████

███████, constante de dos fojas, fotocopia simple de

carta de fecha dieciséis de marzo de dos mil cuatro,

expedida por la operadora del Colegio La Salle, suscrita

por ANA CECILIA ESQUIVEL HERNÁNDEZ, en el cual

menciona que su menor hija ███████████████████

█████████ (sic), fotocopia simple de la

sentencia de divorcio de fecha veintinueve de enero de mil

novecientos noventa y dos, a favor de la señora **MARÍA**

**DE ROSARIO MORENO VÁZQUEZ** y del declarante,

expedida por el Juzgado Décimo de lo Familiar en el

Distrito Federal, asimismo presentando el acta de

nacimiento en original número ███████, a favor de su

menor hijo ████████████████████████████,

expedida por el Juez Central del Registro Civil en el

Distrito Federal, y acta de nacimiento en original número

███████████ de fecha doce de marzo de dos mil tres, a favor

de su menor hija ██████████████████████████

██████████ expedida por la oficial número cero dos del

Registro Civil, licenciada MARGARITA MARISCAL DE

OLVERA, del Gobierno del Estado de México, del mismo

presentando tres fotografía láser a color de su menor hijo

███████████████████████, dos fotografías a

color de MARÍA DEL ROSARIO y tres fotografías láser a

color de su menor hija ████████████ ( fojas 4 a 7 y

del 10 ).

2.- Diligencia de inspección practicada por el Agente

del Ministerio Público de la Federación, el veintidós de

marzo de dos mil cuatro, en donde dio fe de tener a la

vista:

a).- Copias simples de la demanda presentada ante

el Juez Décimo de lo familiar, en donde ████████

████████████ demandó a la señora MARÍA DEL

ROSARIO MORENO VÁZQUEZ, el cambio de custodia de

persona para la guarda y custodia del menor LUIS

FERNANDO CASTILLO, la custodia total de la menor

MARÍA FÁTIMA CASTILLO MORENO, constante de seis

fojas.

b.- Copia simple de la denuncia de hechos que

presentó JOSÉ FERNANDO TAPIA en el Estado de

México, ante el Agente del Ministerio Público en

Naucaplán, Estado de México, constante de dos fojas.

c).- Hoja de la carta dirigida a "Fernando", suscrita

por "Rosario".

d).- fotocopia simple del convenio realizado entre

JOSÉ FERNANDO CASTILLO TAPIA y MARÍA DEL

ROSARIO MORENO VÁZQUEZ, presentado a la

consideración del Juez de lo Familiar en el *Juicio de*

*Divorcio Voluntario*, referente a la custodia relacionada con

su menor hijo ████████████████████,

constante de dos fojas.

e).- fotocopia simple de la carta de fecha dieciséis de marzo de dos mil cuatro, expedida por la Directora del Colegio La Salle, suscrita por Ana Cecilia Esquivel Hernández, en el cual menciona que ████████ ████████████████ estuvo inscrita en el ese colegio durante el curso 2003-2003, en segundo grado y en 2003 y 2004, en tercer grado, hasta el día veintiséis febrero de dos mil cuatro, apareciendo en los registros oficiales como su padre JOSÉ FERNANDO CASTILLO TAPIA.

f).- Copia simple de la sentencia de divorcio de fecha veintinueve de enero de mil novecientos noventa y dos, a favor de la señora **MARÍA DE ROSARIO MORENO VÁZQUEZ** y el querellante expedida por el Juzgado Décimo de lo Familiar en el Distrito Federal;.

g).- Acta de nacimiento en original número ████ a favor de ████████████████ expedida por el Juez Central del Registro Civil en el Distrito Federal.

h).- Acta de nacimiento en original número ██████████ de fecha doce de marzo de dos mil tres, a favor de ████████████████████████████ expedida por la oficial número cero dos del Registro Civil, la licenciada Margarita Mariscal De Olvera, del Gobierno del Estado de México.

i).- Tres fotografías láser a color de ████████ ████████████████████████

j).- Dos fotografías a color de MARÍA DEL ROSARIO.

k).- tres fotografías láser a color de MARÍA DE FÁTIMA.

000170

3.- Declaración de MARÍA ELENA VÁZQUEZ SAUCEDO de fecha siete de abril de dos mil cuatro, quien ante el Agente del Ministerio Público de la Federación, manifestó que es madre de MARÍA DEL ROSARIO MORENO VÁZQUEZ, quien estuvo casada con el señor JOSÉ FERNANDO CASTILLO TAPIA, procreando dos hijos de nombres ▬▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬ quienes actualmente están divorciados; que efectivamente el día veintiocho de febrero de dos mil cuatro, aproximadamente a las diecisiete horas o las dieciocho horas, llegó a su domicilio el señor FERNANDO CASTILLO TAPIA ya que al parecer ese día iba a ver a sus hijos ▬▬▬▬▬▬▬▬▬, pues al parecer cada quince días los visitaba, al llegar le preguntó por ellos, refiriéndole que no estaban, entregándole una carta, que estaba en un sobre cerrado del trabajo de su hija, al parecer tenía el logotipo de la compañía donde trabajaba, sin percatarse del contenido, misma que le entregó su hija MARÍA DEL ROSARIO, el día veintiséis de febrero de dos mil cuatro, sin decirle a dónde se iba, y se entendía que se llevaba a sus hijos, indicándole que la carta se la entregara a FERNANDO, el día veintisiete de marzo de dos mil cuatro, aproximadamente a las siete horas, ella se fue llevándose a sus hijos,

reiterando que en ningún momento le dijo a qué lugar se iba, señalando que cuando le preguntó a dónde iba, le contestó de mala gana "ese es mi asunto", se fue y ya no regresó, después de esa ocasión ha tenido comunicación en dos o tres ocasiones, en el mes de marzo del presente año, únicamente para saber cómo estaba, al preguntarle cómo estaban los niños, dijo que bien, pero no le indicó en el lugar donde se encontraban por lo cual no tiene ni idea en donde pueda estar, ya que la comunicación con su hija era nula no sabe si tenía pasaporte su hija, ni sus nietos ( fojas 44 a 47 ).

4.- Oficio número DGAPII/3818/04/0550/04-AAH de fecha catorce de abril de dos mil cuatro, suscrito por el Agente del Ministerio Público de la Federación adscrito a la Dirección General de Asuntos Policiales Internacionales INTERPOL, dependiente de la Procuraduría General de la República, en el cual señala entre otras cosas lo siguiente:
" Al respecto me permito hacer de su conocimiento que esta Unidad administrativa cuenta con un expediente administrativo relacionado con la ubicación de los menores de edad Castillo Moreno mismo que dio inicio el dos de marzo del año en curso, con motivo de la solicitud que presentara en esta oficina el C. FERNANDO CASTILLO TAPIA, padre de los niños quien manifestó tener la presunción de que sus hijos habían sido trasladados a los Estados Unidos de América por su madre MARÍA DEL ROSARIO MORENO VÁZQUEZ. En virtud de lo antes descrito esta oficina inició las investigaciones

correspondientes, lográndose detectar que los menores y su madre arribaron a la ciudad de Atlanta, Georgia, Estados Unidos de América el veintisiete de febrero de dos mil cuatro, en el vuelo seiscientos treinta y seis de la línea aérea Aeroméxico, motivo por el cual se entabló comunicación con Interpol - Washigton, a fin de solicitar su colaboración para la ubicación de la señora **MARÍA DEL ROSARIO MORENO** y sus menores hijos

El pasado veintiséis de marzo la Interpol – Washigton informó a esta Unidad Administrativa, que la policía Estatal de Alabama envió un Agente investigador para entrevistar a la señora **MARÍA DEL ROSARIO MORENO** quien acreditó tener la custodia de sus menores hijos, asimismo refirió que el padre de los menores ha llamado para amenazarla, por lo que decidió cambiar de domicilio y de número telefónico, motivo por el cual las autoridades estadounidenses refieren que por seguridad y bienestar de la familia no están autorizadas para revelar su paradero" ( foja 50 ).

5.- Mediante oficio sin número de fecha catorce de abril de dos mil cuatro, el Director de Normatividad de la Secretaría de Relaciones Exteriores, remitió copia certificada de los siguientes documentos:

a).- Copia certificada de la solicitud de pasaporte ordinario Mexicano, a nombre    MORENO VÁZQUEZ MARÍA DEL ROSARIO, donde aparece una fotografía ilegible (foja 57);

b).- Copia certificada del pasaporte ilegible número 6706408, a nombre de MARÍA DEL ROSARIO MORENO VÁZQUEZ (FOJA 58);

c).- Dos solicitudes de pasaporte ordinario, Mexicano, (OP-5), número 6290 y 6289, a nombre de los menores ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌ en el recuadro que dice FIRMA DEL QUERELLANTE, aparece el nombre de ▌▌▌▌▌▌▌▌▌▌▌▌▌▌, en el recuadro que dice: FIRMA DE CONFORMIDAD CON LOS DATOS CONTENIDOS EN EL PASAPORTE AL RECIBIRLO, una firma ilegible, con fecha dieciséis de octubre de dos mil cuatro, señalando como lugar, Naucalpan, Estado de México, en la siguiente foja, donde aparecen datos del Padre o Tutor, se encuentra marcada con una "x", el recuadro que dice "Como Padre", para realizar el trámite se identificó como el pasaporte ▌▌▌▌▌▌▌ expedido por la Secretaria de Relaciones Exteriores de fecha seis de noviembre de dos mil tres, apareciendo una firma ilegible, así como las huellas dactilares del dedo índice izquierdo e índice derecho y, en los datos de la madre o Tutora, aparece en el recuadro señalado como Madre una "x", para realizar el trámite se identificó con el pasaporte número ▌▌▌▌▌▌ expedido por la Secretaría de Relaciones Exteriores el veintidós de septiembre de dos mil tres, aparece una firma ilegible y la huella de los dedos índice izquierdo e índice derecho( fojas 60, 61,65 y 66).



d).- Copia certificada del acta de nacimiento número 01433, a nombre ▓▓▓▓▓ (foja 62)

000174

e).- Copia certificada del pasaporte número ▓▓▓▓▓ expedido por la Secretaría de Relaciones Exteriores (foja 63).

f).- Copia certificada del pasaporte número ▓▓▓▓▓ MARÍA DEL ROSARIO (foja 64)

g).- copia certificada del acta de nacimiento número ▓▓▓▓▓ a nombre de ▓▓▓▓▓ (foja 67);

h).- Copia certificada del pasaporte número ▓▓▓▓▓, expedido el diecisiete de diciembre de mil novecientos noventa y siete y con fecha de caducidad diecisiete de diciembre de dos mil dos, en Naucalpan, México (68).

6. Declaración ministerial de **FERNANDO CASTILLO TAPIA**, de veintitrés de abril de dos mil cuatro, en donde dijo, que tal y como lo señaló en comparecencia de veintidós de marzo del año en curso, no otorgó ninguna autorización para que se emitiera pasaporte a favor de los menores, al tener a la vista la documentación que remitió la Secretaría de Relaciones Exteriores, en donde se aprecia que existe el nombre y la rúbrica de la persona que solicitó la expedición de

pasaporte a favor de los menores ███████████

███████ así como la copia del pasaporte donde se lee el nombre de JOSÉ FERNANDO CASTILLO TAPIA, quien supuestamente autorizó la expedición del citado documento, al revisar los documentos que constan en el expediente, dijo que desconoce quien firmó por él, así también desconoce de quien es la firma y huella dactilar que aparece e en ambas solicitudes, de los menores y en consecuencia, no estuvo físicamente presente para presentar la solicitud o firmar o autorizar la expedición de los pasaportes de sus menores hijos, aclarando que sólo reconoce que la copia del pasaporte a favor de su menor ██████████████████, con fecha de expedición diecisiete de diciembre de mil novecientos noventa y siete, lo tramitó junto con la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, por lo que desconoce cualquier otro permiso firmado por su puño y 'ra, del mismo modo refiere que la letra que existe en las solicitudes es de la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, refiriendo que recordaba, que unos días antes que sus hijos fueran sustraídos por la madre, su pasaporte él lo tenía guardado en la recamara de su domicilio particular y que lo encontró en otro lugar, sin darle importancia, pero su hijo ███████████ ████████ tenía copia de las llaves de la casa, por lo que pensaba que su hija o su hijo, o la madre de estos pudo haber sustraído el pasaporte, y volverlo a dejar, ya que

tenían acceso a su casa de él y por motivos de trabajo no se encontraba en el día, pero no se dio cuenta cuándo pudieron sacarlo, desconociendo que se hubiera utilizado para que se tramitara la expedición de pasaportes, a favor de los menores; asimismo, en cuanto a lo manifestado en el documento de INTERPOL de fecha doce de abril del año en curso, sólo acepta en parte, ya que efectivamente se presentó a solicitar ayuda, pues resentía que a sus hijos los había sacado del país la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, como también lo señaló ante el Ministerio Público del Estado de México, el día que conoció que sus hijos ya no estaban habitando en la casa

considerando que hace unos meses MARÍA DEL ROSARIO MORENO, le comentó que se había casado con una persona de nombre RONALD COONLEY, de nacionalidad americana y que pensaba llevarse a sus hijos a vivir a los Estados Unidos, entonces él le dijo que no estaba de acuerdo, por lo que no les daría permiso para irse, en una primera instancia, ya que la señora MARÍA ROSARIO MORENO le había dicho, que al señor COONLEY lo había conocido por Internet, además, éste era el segundo matrimonio, después del suyo, que realizaba con gentes que conocía por Internet, no comentando el tema con la señora ROSARIO MORENO hasta que supo por compañeros de su hijo, que Luis Fernando Castillo Moreno, se iba ir a vivir a la Ciudad de Salem, Alabama, recordando la platica que había tenido

con la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, por lo que piensa que ella se los llevó al extranjero, falsificando su firma; entregando a esa autoridad copia Lasser del pasaporte; no sabe el lugar en donde se encuentran físicamente, sus menores de nombre ████████████████████████████ sólo creé que podrían estar en los domicilios que refirió en su declaración de fecha veintidós de marzo del año en curso, entregando copias de la información de Internet para que se agreguen al expediente; sí ha mantenido contacto por Internet con sus menores hijos, enviado mensajes al correo de su hijo que es ████████████████████████████████ ████████████████████████████████ desde que se los llevaron, pero hasta la fecha no le ha contestado; en cuanto a su hija no ha podido tener comunicación con ella; que desde antes del veintiocho de febrero del año en curso hasta la fecha, no ha visto ni ha tenido contacto y no sabe nada de la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, ya que no se ha comunicado con él, ya que no sabe dónde buscarla, pues aún cuando consiguió unas direcciones por Internet de su supuesto esposo no sabe si sea la dirección correcta; la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, cuenta con una resolución judicial del año de mil novecientos noventa y uno, la cual hasta la fecha no se ha modificado, en donde el Juez Décimo de lo familiar con

000177



residencia en el Distrito Federal, resolvió otorgar la custodia compartida, de ▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓ pero la patria potestad la ejercen ambos padres, en cuanto a su hija ▓▓▓▓▓▓▓▓▓ no se había declarado nada, toda vez que en esas fechas no había nacido, por lo que la custodia y la patria potestad la ejercen ambos, documentos que existen en el expediente y que él mismo exhibió; que estaba dispuesto a que se le practicaran pruebas de caligrafía y dactilar para acreditar su dicho, ya que él no firmó ni digitalizó su huella (fojas 73 a 75).

7.- Oficio sin número de fecha veintidós de abril de dos mil cuatro, recibido en la Oficialía de partes de la Subprocuraduría de Investigación Especializada en Delincuencia Organizada, el veintiséis de ese mismo mes y año, suscrito por el licenciado Antonio Jáuregui Quintana, Gerente de Asuntos Contenciosos y Flota de Aerovías de México, mediante el cual anexa copias simples de cupones de viaje a favor de MORENO/ MARÍA ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ utilizados en la ruta México- Atlanta vuelo seiscientos treinta y seis del día veintisiete de febrero del dos mil cuatro ( fojas 100 y 101).

8.- Dictamen en materia de identificación- grafoscopía, de fecha diez de junio de dos mil cuatro, suscrito por los peritos Praxedis Irma García Guerrero y Rosa Flores Vázquez, adscritos a la Dirección General de

Coordinación de Servicios Periciales, dependiente de la Procuraduría General de la República, en el que obtuvieron como resultados: I).- Al realizar el estudio correspondiente de la ficha decadactilar a nombre del C. Castillo Tapia José Fernando, la cual presenta la siguiente formulada datiloscópica E-3343 I-2222, en la mano derecha, pulgar índice, medio, medio, y meñique, pertenecen al tercer tipo fundamental presilla interna. Por su morfología, el anular derecho corresponde al cuarto tipo fundamental VERTICILO, SUBTIPO CONCÉNTRICO, por lo que únicamente se cotejó este, por corresponder al mismo tipo fundamental de los dactilogramas estampados en las formas OP7. II).- Al realizar el estudio de los dactilogramas estampados en los formatos OP7, correspondientes al padre o tutor con la leyenda índice izquierdo, corresponde al cuarto tipo fundamental VERTICILO, SUBTIPO ESPIRAL DESTROGIRO. Los dactilogramas con la leyenda índice derecho corresponden al cuarto tipo fundamental VERTICILO, SUBTIPO ESPIRAL SINESTROGIRO. Al confrontar el dactilograma del anular derecho de la ficha decadactilar a nombre del C. CASTILLO TAPIA JOSÉ FERNANDO, contra los dactilogramas insertos en las formas OP7, no corresponde a subtipo y por ende en puntos característicos. Las fotografías de las huellas dactilares, las formas OP7, fueron turnadas al sistema AFIS para realizar una confronta eliminatoria contra la base de datos de dicho sistema, arrojando resultados positivos con los

*ORDEN DE APREHENSION    C.P.108/04-III*    19247188

siguientes datos: "BARRERA HERNÁNDEZ ARTEMIO, delito falsificación de documentos oficiales. A.P., 9545/D/94 autoridad Agente del Ministerio Público de la Federación Titular de la Mesa IX-D, 39 años de edad, fecha de nacimiento veinte de octubre de 1955, con domicilio en la Calle de cantera No. 1 Santa Cruz Xochintepec, Xochimilco, D.F., cuyo registro decadactilar está integrado en el archivo de esta institución, por lo que se procedió a realizar el estudio comparativo, tomándose como base de cotejo los dedos medianos derecho e izquierdo en base al tipo fundamental, subtipo y ubicación de puntos característicos, se realizó tomas fotográficas de la ficha decadactilar así como amplificaciones fotográficas de los mismos para realizar comparativo con las huellas dactilares estampadas en los formatos OP7 de los menores ▬▬▬▬▬▬▬▬

▬▬▬▬▬▬▬ De todo ello se concluyó: **Primero.-** Los dactilogramas impresos en la ficha decadactilar a nombre de CASTILLO TAPIA JOSÉ FERNANDO, **NO CORRESPONDEN,** con las impresiones dactilares estampadas en las formas OP-7, con la leyenda índice derecho e izquierdo de los menores ▬▬▬▬▬

▬▬▬▬▬ SEGUNDA; **Segundo.-** Los dactilogramas estampados en la forma OP-7, con la leyenda índice derecho e izquierdo de los menores ▬▬▬

▬▬▬▬▬ **CORRESPONDEN** con las impresiones



dactilares de los medios derecho e izquierdo de la ficha

decadactilar a nombre de Barrera Hernández Artemio (

fojas 137 a la 148 ).

9.- Dictamen en materia de grafoscopia, de fecha

quince de junio de dos mil cuatro, suscrito por el perito L.

Aldo Chisanto Molina, adscrito a la Dirección General de

Coordinación de Servicios Periciales, dependiente de la

Procuraduría General de la República, en el que concluyó:

**PRIMERO.-    NO   CORRESPONDEN   POR   SU**

**EJECUCIÓN A JOSÉ FERNANDO CASTILLO TAPIA,**

**LAS FIRMAS QUE SE ENCUENTRAN COMO DE ESTE,**

**EN   LOS   DOCUMENTOS   DESCRITOS   COMO**

**CUESTIONADOS EN EL PRESENTE DICTAMEN, CON**

**RESPECTO A LAS FIRMAS PROPORCIONADAS COMO**

**BASE DE COTEJO; SEGUNDA.- NO CORRESPONDEN**

**POR SU EJECUCIÓN A JOSÉ FERNANDO CASTILLO**

**TAPIA, LA ESCRITURA QUE SE ENCUENTRA, EN LOS**

**DOCUMENTOS DESCRITOS COMO CUESTIONADOS**

**EN EL PRESENTE DICTAMEN, CON RESPECTO A LA**

**ESCRITURA   PROPORCIONADA   COMO   BASE   DE**

**COTEJO;** anexando imágenes fotográficas a color, la

Muestra de Escritura de José Fernando Castillo Tapia,

constante de dos fojas ( fojas 151 a la 165 ).

## C O N S I D E R A N D O

***PRIMERO.-*** Del   examen de las constancias que

integran la averiguación previa consignada, se aprecia,

que este Juzgado Tercero de Distrito de Procesos Penales

Federales, es legalmente incompetente, por razón de

territorio, para conocer del presente procedimiento, toda

vez que los hechos materia del delito de que se trata

ocurrieron el veintiocho de febrero de dos mil cuatro, en

Naucalpan de Juárez Estado de México, pues de lo

declarado por el denunciante JOSÉ FERNANDO

CASTILLO TAPIA, se advierte, que en esa fecha se

constituyó en el domicilio ubicado en Retorno San Jorge

número Quince, Fraccionamiento Lomas Verdes,

Naucalpan de Juárez Estado de México, domicilio en el

que habitaban los menores ▬▬▬▬▬▬▬

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

mismo lugar en el que la mamá de MARÍA DEL ROSARIO

MORENO VÁZQUEZ le hizo entrega de una carta en la

que ésta última le informaba que había sustraído a sus

hijos de ese lugar para salir de la ciudad, por lo que él

supuso que fue a los Estados Unidos de Norteamérica, ya

que tuvo conocimiento que la indiciada contrajo

matrimonio con una persona de ese país; posteriormente

se tuvo conocimiento que fue en la Subdelegación de la

Secretaría de Relaciones Exteriores, con sede en

Naucalpan de Juárez, Estado de México, donde se

realizaron los trámites correspondientes para obtener los

pasaportes correspondientes; por lo que de conformidad

en el acuerdo 23/2001 del Consejo de la Judicatura

Federal, relativo a la determinación y límites territoriales de

los circuitos en que se divide el territorio de la República

Mexicana y al número, a la jurisdicción territorial y especialización por materia de los Tribunales Colegiados y Unitarios de Circuito y de los Juzgados de Distrito, por tanto le corresponde conocer del presente asunto al Juzgado de Distrito en Turno, en el Estado de México con residencia en la Naucalpan de Juárez, por encontrarse esta ciudad dentro de su circunscripción territorial; en consecuencia, con apoyo en el artículo 6° del Código Federal de Procedimientos Penales, remítase los autos al juez de Distrito en turno, con residencia en Naucalpan de Juárez, Estado de México, por ser la autoridad legalmente competente, esto por conducto de la Ministerio Público Federal adscrita, para que sea un Juez de aquella demarcación quien resuelva lo procedente sobre la solicitud del representante social consignador, en términos del artículo 16 de la Constitución General de la República.

Sin que sea obstáculo arribar a la anterior determinación, el hecho que el órgano investigador en la consignación haya establecido que a partir de la reforma del veintitrés de diciembre de mil novecientos noventa y tres, en el artículo 10, del Código Federal de Procedimientos Penales, se estableció la competencia por razón de territorio del que permite a la Representación Social de la Federación "ad limitum", elegir el órgano jurisdiccional que deba de conocer de un proceso aún y cuando no sea el del lugar donde ocurrieron los hechos delictivos; por lo que a su juicio se actualiza la competencia por excepción prevista en el párrafo tercero

*192*

*ORDEN DE APREHENSION    C.P.108/04-III    23   251*

del mencionado artículo 10, del Código Federal

Procedimientos Penales, es decir, señala que resul

00018

competente para conocer de los  presentes hechos u

Juez de Procesos Penales Federales en el Distrito Feder

en Turno, aún cuando sea distinto al del lugar donde s

ejecutaron los hechos que se estiman delictuosos, invoca

de la Tesis cuyo rubro es:

*"COMPETENCIA TERRITORIAL DE EXCEPCIÓN (ARTICULO*
*10, PÁRRAFO TERCERO, DEL CÓDIGO FEDERAL DE*
*PROCEDIMIENTOS PENALES). LA MANIFESTACIÓN DE QUE SE*
*CUMPLE CON EL REQUISITO ... DE OTRAS QUE IMPIDAN*
*GARANTIZAR EL DESARROLLO DEL PROCESO" DEBE PRECISARSE*
*Y DEMOSTRARSE..."*

Sin embargo, tal argumentación es infundada, por

que dicha autoridad no precisa ni demuestra por qué

razones de seguridad la incidada debe ser internada en un

centro de reclusión de esta Ciudad de México Distrito

Federal, en el supuesto de que fuese aprehendida, siendo

que se trata de una mujer cuyas características personales

no son de aquellas que se tengan que recluir en un penal

de máxima seguridad, o que represente un gran problema

para el desarrollo adecuado del proceso; ni mucho menos

se acredita, aún de manera indiciaria, que algún centro

penitenciario de  la Ciudad de Naucalpan de Juárez,

Estado de México, no cuente con las seguridad debidas

para su custodia.

Consecuentemente,  toda vez que en la especie no

quedan acreditadas las hipótesis a que  se refiere el

artículo 10, párrafo tercero del Código Federal de

Procedimientos Penales y toda vez que el artículo 16,

Constitucional establece, que la orden de aprehensión

debe ser emitida por autoridad competente, por tanto, en    000185

el presente caso la autoridad legalmente facultada para

ello, lo es un Juez de Distrito en turno, con residencia en

Naucalpan de Juárez, Estado de México, remítase el

presente expediente en los términos establecidos en

párrafos precedentes.

Sirve de apoyo a lo anterior la tesis de

jurisprudencia 1a./J. 2/2000, sustentada por la Primera

Sala de la Suprema Corte de Justicia de la Nación,

publicada en el Semanario Judicial de la Federación y su

Gaceta, Novena Época, Tomo XI, Febrero de 2000, visible

en la página 15, bajo el rubro y texto siguiente:

"COMPETENCIA TERRITORIAL DE EXCEPCIÓN CONTENIDA
EN EL ARTÍCULO 10, PÁRRAFO TERCERO, DEL CÓDIGO FEDERAL
DE PROCEDIMIENTOS PENALES, DEBE RAZONARSE Y
ACREDITARSE FUNDADAMENTE. Si bien el tercer párrafo
mencionado establece que: "También será competente para conocer
de un asunto, un Juez de Distrito distinto al del lugar de comisión del
delito, si por razones de seguridad en las prisiones, atendiendo a las
características del hecho imputado, a las circunstancias personales
del inculpado y a otras que impidan garantizar el desarrollo adecuado
del proceso, el Ministerio Público Federal considera necesario llevar
el ejercicio de la acción penal ante otro Juez.", ello no debe
entenderse en el sentido de que baste y sea suficiente para fincar la
competencia por excepción ahí establecida el que el Ministerio
Público estime necesario llevar el ejercicio de la acción penal ante
otro Juez de Distrito distinto al del lugar en que se cometió el delito,
ya que al tratarse de una hipótesis de competencia por excepción
deben exponerse los motivos y razonamientos lógicos que acrediten
los supuestos exigidos por dicho numeral, debiendo aportar las
pruebas conducentes de sus afirmaciones, en virtud de que la
actualización de la competencia por excepción de que se trata no
puede derivar de una potestad indiscriminada, arbitraria, o
meramente subjetiva por parte del consignador, lo que no sería lógico
ni jurídico. Por el contrario, el ejercicio de esa potestad debe



*implementarse con estricto apego a las normas de orden legal establecidas, así como a los parámetros de la lógica y racionalidad a efecto de concluir en forma razonada, lógica y congruente en la necesidad de fincar competencia a un Juzgado de Distrito distinto al del lugar de comisión del delito. En consecuencia, la sola pretensión del Ministerio Público de llevar el ejercicio de la acción penal ante un Juez de Distrito, distinto al del lugar en que se cometió el delito, sin razonar en forma suficiente y adecuada dicha solicitud, no basta para surtir el supuesto de competencia por excepción establecido en el tercer párrafo del artículo 10 del Código Federal de Procedimientos Penales".*

Así como la tesis 1a. XII/98, publicada en el Semanario Judicial de la Federación y su Gaceta, Novena Época, Tomo VII, Marzo de 1998, visible en la Página 249, con el epígrafe:



*"COMPETENCIA TERRITORIAL POR EXCEPCIÓN. EL AGENTE DEL MINISTERIO PÚBLICO FEDERAL ESTÁ OBLIGADO A SATISFACER LOS REQUISITOS ESTABLECIDOS EN EL TERCER PÁRRAFO DEL ARTÍCULO 10 DEL CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES. Si el tercer párrafo del artículo 10 del Código Federal de Procedimientos Penales establece determinados requisitos para que surta la competencia territorial por excepción ante un determinado Juez, y el agente del Ministerio Público Federal consigna la averiguación a uno diferente al del lugar en que se cometieron los hechos delictivos, está obligado a satisfacer tales requisitos. De no ser así, debe estimarse incompetente la autoridad judicial ante quien consigne y rehusó seguir conociendo de la causa penal de que se trata y, en consecuencia, remitir los autos del juicio al del lugar en que se cometieron los hechos, pues, de aceptar lo contrario, bastaría la apreciación subjetiva del representante social para determinar el lugar de radicación de las causas penales, contrariando las reglas de competencia que establece el ordenamiento legal antes mencionado."*

De igual forma la Jurisprudencia 1ª./J.26/99, visible en la página 267, Materia Penal, del Semanario Judicial de la Federación y su Gaceta IX, Mayo de 1999, Primera Sala, Novena Época, cuyo título y contenido son:

*"ORDEN DE APREHENSIÓN. DEBE PROVENIR DE AUTORIDAD JUDICIAL COMPETENTE. El artículo 16, segundo párrafo constitucional, establece respecto de la orden de aprehensión, entre*

*otros requisitos, que debe ser emitida por autoridad judicial; a su vez, el primer párrafo del citado precepto constitucional, garantiza la protección de la persona, al exigir que todo acto que implique una afectación a ésta, debe provenir de autoridad competente, es decir, aquella que esté facultada legalmente para emitir el acto de que se trate. Por ello, si la orden de aprehensión es un acto que afecta a la persona, pues tiene por efecto restringir de manera provisional su libertad personal o ambulatoria, con el objeto de sujetarla a un proceso penal, el juzgador que la emita, también deba ser legalmente competente para conocer del proceso penal que en su caso llegare a instaurarse por el o los delitos por los que la libra, atendiéndose desde luego a los criterios para fijar la competencia esto es, por territorio, materia, cuantía o conexidad."*

Sin que sea necesario oír la opinión de la Agente de la Ministerio Público Federal adscrita, como lo señala el numeral C443, del Código Federal de Procedimiento Penales, toda vez que lo hizo al momento de consignar ante este Juzgado de Distrito.

Encuentra apoyo lo anterior, con lo sustentado en la tesis número 50 que aparece publicada en la página 28 del Apéndice al Semanario Judicial de la Federación 1917-1985, bajo el rubro:

*"COMPETENCIA POR DECLINATORIA REQUISITADA DEBIDAMENTE, OMISIÓN DE LA OPINIÓN DEL MINISTERIO PÚBLICO. Si el juez ante quien el Ministerio Público hizo la consignación, plantea el incidente de incompetencia por declinatoria sin que el agente del Ministerio Público manifieste lo que a su representación convenga, esta omisión resulta irrelevante, porque el titular de la acción persecutora expresa su criterio jurídico al consignar, lo que lleva a concluir que la declinatoria propuesta está debidamente requisitada a este respecto". Así como la diversa visible en la página 129 del citado apéndice bajo el rubro: "COMPETENCIA POR*



DECLINATORIA SIN CONSULTA AL MINISTERIO PÚBLICO. Aún cuando al proponer un tribunal su incompetencia por declinatoria en favor de otro, no consulte el parecer del Ministerio Público, en los términos del artículo 443 del Código Federal de Procedimientos Penales, dicha omisión carece de relevancia jurídico procesal, porque el Ministerio Público ya ha expresado su opinión al consignar la averiguación previa, con el ejercicio de las acciones penales en contra de los acusados, y debe considerarse debidamente requisitada la incompetencia por declinatoria propuesta".

SEGUNDO.- Una vez aceptada la competencia declinada por este órgano jurisdiccional y previas las anotaciones en el libro de gobierno que para tal efecto se lleva en este Juzgado, remítase el citado cuadernillo al archivo definitivo como asunto total y definitivamente concluido.

TERCERO.- Con fundamento en el segundo punto del Acuerdo General 87/2003, del Pleno del Consejo de la Judicatura Federal, así como la circular 1/2004, punto B, número 1, de la secretaría Ejecutiva de carrera Judicial Adscripción y Creación de Nuevos Órganos del Consejo de la Judicatura Federal, captúrese esta resolución en el Sistema Integral de Seguimiento de Expedientes, y agréguese a los autos la constancia respectiva.

Por lo expuesto y fundado y con apoyo además en los artículos 104, fracción I, de la Constitución General de la República; 6°, del Código Federal de Procedimientos Penales y 50, fracción I, inciso a), de la Ley Orgánica del Poder Judicial de la Federación, es de resolverse y se:

RESUELVE:

256

176

000189

*PRIMERO.*- Este Juzgado Tercero de Distrito de Procesos Penales Federales en el Distrito Federal, **SE DECLARA LEGALMENTE INCOMPETENTE POR RAZÓN DE TERRITORIO** para conocer de los hechos constitutivos de **TRÁFICO DE MENORES**, previsto y sancionado en el artículo 366 quater, párrafo segundo (hipótesis de acción, traslado de menor de dieciséis años, fuera de territorio nacional) y sancionado en el artículo 366 quater (hipótesis de sanción), en concordancia con el artículo 366 ter fracción III del Código Penal Federal, en relación con el 7°, párrafo primero (hipótesis de acto) fracción II(delito continuo o permanente); 8°, (hipótesis de acción dolosa); 9°, párrafo primero (hipótesis de obrar dolosamente el que conociendo los elementos del tipo, quiere la realización del hecho, descrito por la ley), y 13, fracción II(los que lo realicen por sí, del Código Penal Federal, por los cuales el órgano investigador ejerció acción penal, contra **MARÍA DEL ROSARIO MORENO VÁZQUEZ**, por considerarla probable responsable en su comisión.

*SEGUNDO.*- Remítanse el expediente en original y duplicado, al Juez de Distrito en Turno en el Estado de México, con residencia en Naucalpan de Juárez, por conducto de la Agente del Ministerio Público de la Federación adscrita a este órgano jurisdiccional, para los efectos legales procedentes.

*TERCERO.*- Una vez aceptada la competencia declinada por este órgano jurisdiccional y previas las



*ORDEN DE APREHENSION*    C.P. 108/04-III    29    177

anotaciones en el libro de gobierno que para tal efecto se lleva en este Juzgado, remítase el citado cuadernillo al archivo definitivo como asunto total y definitivamente concluido.

000190

**CUARTO.-** Con fundamento en el segundo punto del Acuerdo General 87/2003, del Pleno del Consejo de la Judicatura Federal, así como la circular 1/2004, punto B, número 1, de la secretaría Ejecutiva de carrera Judicial Adscripción y Creación de Nuevos Órganos del Consejo de la Judicatura Federal, captúrese esta resolución en el Sistema Integral de Seguimiento de Expedientes, y agréguese a los autos la constancia respectiva.

Notifíquese única y exclusivamente a la Agente del Ministerio Público de la Federación adscrita.

Así lo resolvió y firma el licenciado **ARTURO CÉSAR MORALES RAMÍREZ**, Juez Tercero de Distrito de Procesos Penales Federales en el Distrito Federal, quien actúa ante la Secretaria licenciada Alma Araceli Rosas Gutiérrez, que autoriza y da fe.



En 4-Agosto-05 10:00
Notifiqué en este Juzgado al C. Agente
Del Ministerio Público y dijo: que lo oye
y firme. Doy fé.

**PRUEBA 54**

004

00919

**SECCIÓN PENAL - EXP. 108/2004-III**   OF. 7136

Aco 16   10 44 AM

AL C.
JUEZ DE DISTRITO EN TURNO EN EL ESTADO DE MÉXICO, CON
RESIDENCIA EN NAUCALPAN DE JUÁREZ. P/C DE LA
AGENTE DEL MINISTERIO PÚBLICO DE LA FEDERACIÓN ADSCRITA.

**PRESENTE.**

En cumplimiento a lo ordenado en la resolución de tres de agosto
de dos mil cuatro, dictada en la causa penal del número arriba anotado,
iniciada contra **MARÍA DEL ROSARIO MORENO VÁZQUEZ,**, por su
probable responsabilidad en la comisión del delito de **TRÁFICO DE
MENORES,** previsto y sancionado en el artículo 366 quater, párrafo
segundo (hipótesis de acción, traslado de menor de dieciséis años, fuera
de territorio nacional) y sancionado en el artículo 366 quater (hipótesis de
sanción), en concordancia con el artículo 366 ter fracción III del Código
Penal Federal, en relación con el 7°, párrafo primero (hipótesis de acto)
fracción II(delito continuo o permanente); 8°, (hipótesis de acción dolosa);
9°, párrafo primero (hipótesis de obrar dolosamente el que conociendo
los elementos del tipo, quiere la realización del hecho, descrito por la ley),
y 13, fracción II(los que lo realicen por sí, del Código Penal Federal,
cometido en agravio de los menores ▆▆▆▆▆▆▆▆▆▆▆▆▆▆
▆▆▆▆▆▆▆▆▆▆▆▆ remítole usted el original y duplicado de la aludida
causa, constantes de - 233 - y - 234 - fojas útiles, respectivamente, en
virtud de que este Juzgado se declaró legalmente incompetente, por razón
de territorio, para conocer de los hechos en materia de dicha causa,
solicitándole se sirva acusar el recibo correspondiente, y comunique a este
órgano jurisdiccional su resolución respecto e la competencia declinada a
su favor.

Reitero a Usted las seguridades de mi más atenta y distinguida
consideración.

**A T E N T A M E N T E**
México, D. F., a 9 de agosto de 2004.
EL C. JUEZ TERCERO DE DISTRITO DE PROCESOS PENALES
FEDERALES EN EL DISTRITO FEDERAL.

LIC. ARTURO CESAR MORALES RAMÍREZ

**PRUEBA 55**

263

## NAUCALPAN DE JUÁREZ, ESTADO DE MÉXICO, A VEINTISEIS DE AGOSTO DEL AÑO DOS MIL CUATRO.

Vistos los autos de la causa penal número 108/2004, para resolver sobre la incompetencia declinada por el Juzgado Tercero de Distrito de Procesos Penales Federales en el Distrito Federal, por los hechos consignados por el Agente del Ministerio Público de la Federación de la Unidad Especializada en Investigación de Tráfico de Menores, Indocumentados y Órganos de la Subprocuraduría de Investigación Especializada de Delincuencia Organizada, dependiente de la Procuraduría General de la República en contra de María del Rosario Moreno Vázquez, por su probable responsabilidad en la comisión del delito de **TRÁFICO DE MENORES** previsto y sancionado en el artículo 366 quater, párrafo segundo, y sancionado en el artículo 366 quater, en concordancia con el artículo 366 ter, fracción III, del Código Penal Federal.

### R E S U L T A N D O :

a).- Mediante oficio 2094/2004/SPP-B, recibido en la oficialía de Partes Común el dieciséis de agosto de dos mil cuatro y remitido a este juzgado por razón de turno, por la Agente del Ministerio Público de la Federación encargada de la Subdelegación de Procedimientos Penales "B" de Naucalpan, Estado de México, adjunto original y duplicado de la causa penal 108/2004-III, del índice del Juzgado Tercero de Distrito de Procesos Penales Federales en el Distrito Federal.

b).- Por interlocutoria de tres de agosto del año dos mil cuatro, el Juez Tercero de Distrito de Procesos Penales Federales en el Distrito Federal declinó la competencia en favor del Juez en el Estado de México, que ejerciera jurisdicción territorial en el Distrito Judicial de Naucalpan, Estado de México, y una vez turnado a este juzgado se procede a dictar la resolución que al efecto señala el artículo 433 del Código Federal de Procedimientos Penales.

c).- Dentro de los hechos consignados por el Agente del Ministerio Público de la Federación que integró la averiguación previa **SIEDO/UEITMIO//013/2004**, por su primordial importancia destacan las siguientes constancias:

264

000193

**1.- Declaración del denunciante JOSÉ FERNANDO MORENO TAPIA**, ante el agente del Ministerio Público de la Federación, el veintidós de marzo de dos mil cuatro, en donde manifestó: que con la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, procreó a sus menores hijos de nombres ▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇

respectivamente, quienes vivían con su madre después que se había divorciado de ella, según la sentencia definitiva dictada por el Juez Décimo de lo Familiar en el Distrito Federal; pero el veintiocho de febrero de dos mil cuatro, aproximadamente a las diecisiete horas, se dirigió a recoger a sus hijos al domicilio donde vivía la señora MORENO VÁZQUEZ y sus menores hijos, ▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇ Naucalpan, Estado de México, ▇▇▇▇▇▇▇▇, recibiendo de la señora María Elena Vázquez Saucedo, madre de Rosario una carta de la señora María del Rosario Moreno Vázquez, en la cual le decía que había sustraído a sus menores hijos de ese domicilio para salir de la Ciudad, sin mencionar el destino de ellos, teniendo sospecha de que se había trasladado a otro país, posiblemente a los Estados Unidos de América, ya que la señora MORENO VÁZQUEZ, le había comentado que en el mes de octubre de dos mil tres, se había casado con una persona norteamericana que conoció por internet, solicitándole permiso para sacar a sus hijos del país, a lo cual él se negó, indicándole que era mejor, que primero se estabilizara como pareja y luego, convendrían el permiso y las visitas recíprocas, situación que tampoco ella aceptó; por lo que el día veintinueve de febrero, del presente año, él se presentó ante el agente del Ministerio Público del Fuero Común, en Naucalpan, en el Estado de México, iniciándose el acta NJ/II/816/04-02, en donde refirió lo anterior, señalando ante esa autoridad, que él no dio autorización ni el consentimiento para que sus menores hijos ▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇ salieran del país y tampoco extendió ningún conducto ni beneplácito para que para que obtuvieran el pasaporte de la Secretaría de Relaciones Exteriores; asimismo, el día uno de marzo del año en curso, se

presentó en la escuela en dónde estudiaban sus hijos, que es el Colegio La Salle en el Estado de México, dónde entabló comunicación con los compañeros de sus hijos, enterándose que la señora MARÍA DEL ROSARIO VÁZQUEZ y sus menores hijos, habían abandonado el país por vía aérea, el día veintisiete de febrero de dos mil cuatro, utilizando los servicios de la empresa Aeroméxico en el vuelo seiscientos treinta y seis, con destino a Atlanta Georgia, comentándoles sus hijos que su destino final era la Ciudad de Salem Alabama, a la Dirección noventa y siete Lee Road; numero cuatrocientos treinta y cuatro, registrado a nombre del señor RONALD COONELY, persona con la que se había casado la señora ROSARIO MORENO VÁZQUEZ, quien puede tener como domicilios

_____ smiths, AL., y _____ Phenix City AL, _____ Columbus GA. _____ así como Barrien Springs Michigan, además del ubicado en nueve _____ . Albano, NY, _____ todos en los Estados Unidos de América; del mismo modo, por pláticas que había tenido con compañeros de su hijo, quien se comunicaba con ellos a través de Internet, siendo su cuenta, comentándoles que posiblemente viajarían fuera de los Estados Unidos de América, pero no conoce el destino, ni cuando sería efectuado ese viaje; posteriormente se constituyó ante el Juzgado Décimo de lo familiar en el Distrito Federal en donde solicitó se le concediera la custodia, de sus menores hijos_____

_____ ante sus dudas sobre sus hijos si habían salido del país, se presentó la ventanilla de informes de la Delegación Naucalpan, en el Estado de México de la Secretaría de Relaciones exteriores, para saber si se había expedido algún pasaporte a favor de ellos, y una persona de esa oficina, le informó, que el veintisiete de febrero de dos mil cuatro, se expidieron dichos documentos a favor de _____ que la documentación legal que amparaba su permiso, se encontraba en ese domicilio por lo cual solicitó se verificara lo anterior, toda vez que él no extendió su permiso de manera verbal ni por escrito, ni a través de cualquier documento y

2 6

202

000195

por ese motivo desconocía cualquier firma o autorización que existente en los archivos de esa dependencia, presentando fotocopias simples de la demanda presentada ante el Juez Décimo de lo Familiar constante de seis fojas, fotocopia simple de la denuncia de hechos que presentó en el Estado de México, constante de dos fojas, hoja de la carta que fue dirigida a él, con el nombre de ROSARIO, constante de una foja, fotocopia simple del convenio que presentó él y la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, respecto al divorcio voluntario, y referente a la custodia de su menor hijo ▬▬▬▬▬▬▬ constante de dos fojas, fotocopia simple de carta de fecha dieciséis de marzo de dos mil cuatro, expedida por la operadora del Colegio La Salle, suscrita por ANA CECILIA ESQUIVEL HERNÁNDEZ, en el cual menciona que su menor hija ▬▬▬▬▬ ▬▬▬▬▬▬▬▬ fotocopia simple de la sentencia de divorcio de fecha veintinueve de enero de mil novecientos noventa y dos, a favor de la señora MARÍA DE ROSARIO MORENO VÁZQUEZ y del declarante, expedida por el Juzgado Décimo de lo Familiar en el Distrito Federal, asimismo presentando el acta de nacimiento en original número ▬▬▬▬▬ a favor de su menor hijo ▬▬▬▬▬ ▬▬▬▬▬▬▬▬ expedida por el Juez Central del Registro Civil en el Distrito Federal, y acta de nacimiento en original número A2929095, de fecha doce de marzo de dos mil tres a favor de su menor hija ▬▬▬▬▬ ▬▬▬▬▬ expedida por la oficial número cero dos del registro civil, licenciada MARGARITA MARISCAL DE OLVERA, del Gobierno del Estado de México, del mismo, presentando tres fotografías láser a color de su menor hijo ▬▬▬▬▬ ▬▬▬▬▬▬▬▬ dos fotografías a color de MARÍA DEL ROSARIO y tres fotografías láser a color de su menor hija MARÍA DE FÁTIMA (fojas 4 a 7 y del 10).

2.- Diligencia de inspección practicada por el Agente del Ministerio Público de la Federación, el veintidós de marzo de dos mil cuatro, en donde dio fe de tener a la vista: a).- Copias simples de la demanda presentada ante el Juez Décimo de lo familiar, en donde ▬▬▬▬▬▬▬ ▬▬▬demandó a la señora MARÍA DEL ROSARIO

MORENO VÁZQUEZ, el cambio de custodia de persona para la guarda y custodia del menor: ████████ la custodia total de la menor ████████, constante de seis fojas., **b.-** Copia simple de la denuncia de hechos que presentó JOSÉ FERNANDO TAPIA en el Estado de México, ante al Agente del Ministerio Público en Naucalpan, Estado de México, constante de dos fojas; **c).-** Hoja de la carta dirigida a "Fernando", suscrita por "Rosario". **d).-** fotocopia simple del convenio realizado entre JOSÉ FERNANDO CASTILLO TAPIA y MARÍA DEL ROSARIO MORENO VÁZQUEZ, presentado a la consideración del Juez de lo familiar en el Juicio de Divorcio Voluntario, referente a la custodia relacionada con su menor hijo ████████ constante de dos fojas. **e).-** fotocopia simple de la carta de fecha dieciséis de marzo de dos mil cuatro, expedida por la Directora del Colegio La Salle, suscrita por Ana Cecilia Esquivel Hernández, en el cual menciona que ████████ estuvo inscrita en el ese (sic) Colegio durante el curso 2003-2003, en segundo grado y en 2003 y 2004 en tercer grado, hasta el día veintiséis febrero de dos mil cuatro, apareciendo en los registros oficiales como su padre JOSÉ FERNANDO CASTILLO TAPIA; **f).-** Copia simple de la sentencia de divorcio de fecha veintinueve de enero de mil novecientos noventa y dos, a favor de la señora MARÍA DE ROSARIO MORENO VÁZQUEZ y el querellante expedida por el Juzgado Décimo de lo Familiar en el Distrito Federal; **g).-** Acta de nacimiento en original número ████████ a favor de ████████ expedida por el Juez Central del Registro Civil en el Distrito Federal; **h).-** Acta de nacimiento en original número ████████, de fecha doce de marzo de dos mil tres, a favor de ████████ expedida por la oficial número cero dos del Registro Civil, la licenciada Margarita Mariscal De Olvera, del Gobierno del Estado de México; **I)** Tres fotografías láser a color de ████ ████████; **J).-** Dos fotografías láser a color de ████████ **k).-** tres fotografías láser a color de ████████.

Case 3:06-cv-00761-CSC    Document 6-5    Filed 08/31/2006    Page 239 of 285

RESOLUCIÓN 72/2004

204

183

2:3

00013

3.- Declaración de **MARÍA ELENA VÁZQUEZ SAUCEDO** de fecha siete de abril de dos mil cuatro, quien ante el Agente del Ministerio Público de la Federación, manifestó que es madre de MARÍA DEL ROSARIO MORENO VÁZQUEZ, quien estuvo casada con el señor JOSÉ FERNANDO CASTILLO TAPIA, procreando dos hijos de nombres ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ quienes actualmente están divorciados; que efectivamente el día veintiocho de febrero de dos mil cuatro, aproximadamente a las diecisiete horas o las dieciocho horas, llegó a su domicilio el señor FERNANDO CASTILLO TAPIA ya que al parecer ese día iba a ver a sus hijos ▇▇▇▇▇▇▇▇▇▇▇▇▇ pues al parecer cada quince días los visitaba, al llegar le preguntó por ellos, refiriéndole que no estaban, entregándole una carta, que estaba en un sobre cerrado del trabajo de su hija, al parecer tenía el logotipo de la compañía donde trabajaba, sin percatarse del contenido, misma que le entregó su hija MARÍA DEL ROSARIO, el día veintiséis de febrero de dos mil cuatro, sin decirle a dónde se iba, y se enteraría que se llevaba a sus hijos, indicándole que la carta se la entregara a FERNANDO, el día veintisiete de marzo de dos mil cuatro, aproximadamente a las siete horas, ella se fue llevándose a sus hijos, reiterando que en ningún momento le dijo a qué lugar se iba, señalando que cuando le preguntó a dónde iba, le contestó de mala gana "ese es mi asunto", se fue y ya no regresó, después de esa ocasión ha tenido comunicación en dos o tres ocasiones, en el mes de marzo del presente año, únicamente para saber cómo estaba, al preguntarle cómo estaban los niños, dijo, que bien, pero no le indicó en el lugar donde se encontraban, por lo cual no tiene ni idea en donde pueda estar, ya que la comunicación con su hija era nula; no sabe si tenía pasaporte su hija, ni sus nietos (fojas 44 a 47 ).

4.- Oficio número DGAPII/3818/04/0550/04-AAH de fecha catorce de abril de dos mil cuatro, suscrito por el Agente del Ministerio Público de la Federación adscrito a la Dirección General de Asuntos Policiales Internacionales INTERPOL, dependiente de la Procuraduría General de la República, en

el cual señala entre otras cosas lo siguiente: " *Al respecto me permito hacer de su conocimiento que esta Unidad administrativa cuenta con un expediente administrativo relacionado con la ubicación de los menores de edad Castillo Moreno mismo que dio inicio el dos de marzo del año en curso, con motivo de la solicitud que presentara en esta oficina el C. FERNANDO CASTILLO TAPIA, padre de los niños quien manifestó tener la presunción de que sus hijos habían sido trasladados a los Estados Unidos de América por su madre MARÍA DEL ROSARIO MORENO VÁZQUEZ MORENO. En virtud de lo antes descrito ésta oficina inicio las investigaciones correspondientes, lográndose detectar que los menores y su madre arribaron a la ciudad de Atlanta, Georgia, Estados Unidos de América el veintisiete de febrero de dos mil cuatro, en el vuelo seiscientos treinta y seis de la línea aérea Aeroméxico, motivo por el cual se entabló comunicación con Interpol - Washintong, a fin de solicitar su colaboración para la ubicación de la señora MARÍA DEL ROSARIO MORENO, y sus menores hijos* ▬▬▬▬

*El pasado veintiséis de marzo la Interpol - Washington informó a esta Unidad Administrativa, que la policía Estatal de Alabama envió un Agente investigador para entrevistar a la señora MARÍA DEL ROSARIO MORENO, quien acreditó tener la custodia de sus menores hijos, asimismo refirió que el padre de los menores ha llamado para amenazarla, por lo que decidió cambiar de domicilio y de número telefónico, motivo por el cual las autoridades estadounidenses refieren que por seguridad y bienestar de la familia no están autorizadas para revelar su paradero"* (foja 50 ).

5.- Mediante oficio sin número de fecha catorce de abril de dos mil cuatro, el Director de Normatividad de la Secretaria de Relaciones Exteriores, remitió copia certificada de los siguientes documentos: a).- Copia certificada de la solicitud de pasaporte ordinario Mexicano, a nombre MORENO VÁZQUEZ MARIA DEL ROSARIO, donde aparece una fotografía ilegible (foja 57); b).- copia certificada del pasaporte ilegible número 6706408, a nombre de MARÍA DEL ROSARIO MORENO VÁZQUEZ (foja 58); c).- Dos

solicitudes de pasaporte ordinario, Mexicano, (OP-5), número 6290 y 6289, a nombre de los menores █████████

█████████ en el recuadro que dice FIRMA DEL QUERELLANTE aparece el nombre de █████████ █████████ en el recuadro que dice: firma de conformidad con los datos contenidos en el pasaporte al recibirlo, una firma ilegible, con fecha dieciséis de octubre de dos mil cuatro, señalando como lugar, Naucalpan, Estado de México, en la siguiente foja, donde aparecen datos del Padre o Tutor, se encuentra marcada con una "x", el recuadro que dice "Como Padre", para realizar el trámite se identificó como el pasaporte 033400323568, expedido por la Secretaría de Relaciones Exteriores de fecha seis de noviembre de dos mil tres, apareciendo una firma ilegible, así como las huellas dactilares del dedo índice izquierdo e índice derecho y, en los datos de la madre o Tutora, aparece en el recuadro señalado como Madre una "x", para realizar el trámite se identificó con el pasaporte número 03350056604, expedido por la Secretaría de Relaciones Exteriores el veintinueve de septiembre de dos mil tres, aparece una firma ilegible y la huella de los dedos índice izquierdo e índice derecho (fojas 60, 61 65 y 66).- d).- Copia certificada del acta de nacimiento número █████████ a nombre █████████ █████████ (foja 62); e) Copia certificada del pasaporte número 03340032358, a nombre de CASTRO TAPIA JOPÉ FERNANDO, expedido por la Secretaría de Relaciones (foja 63); f).- Copia certificada del pasaporte número 03350056604, a nombre de MORENO VÁZQUEZ MARÍA DEL ROSARIO (foja 64); g).- copia certificada de acta de nacimiento número █████████ a nombre de █████████ (foja 67); h).- Copia certificada del pasaporte número █████████ expedido el diecisiete de diciembre de mil novecientos noventa y siete y con fecha de caducidad diecisiete de diciembre de dos mil dos, en Naucalpan, México (68).

6.- Declaración ministerial de FERNANDO

271

CASTILLO TAPIA, de veintitrés de abril de dos mil cuatro, en donde dijo, que tal y como lo señaló en comparecencia de veintidós de marzo del año en curso, no otorgó ninguna autorización para que se emitiera pasaporte a favor de los menores, al tener a la vista la documentación que remitió la Secretaría de Relaciones Exteriores, en donde se aprecia que existe el nombre y la Rubrica de la persona que solicito la expedición    pasaporte a favor de los menores

así como la copia del pasaporte donde se lee el nombre de JOSÉ FERNANDO CASTILLO TAPIA, quien supuestamente autorizó    la expedición    del citado documento, al revisar los documentos que constan en el expediente, dijo que desconoce quien firma por él, así también desconoce de quien es la firma y huella dactilar que aparece en ambas solicitudes de los menores y en consecuencia, no estuvo físicamente presente para presentar la solicitud o firmar o autorizar la expedición de los pasaportes de sus menores hijos, aclarando que sólo reconoce que la copia del pasaporte a favor de su menor hija _____, con fecha de expedición, diecisiete de diciembre de mil novecientos noventa y siete, lo tramitó junto con la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, por lo que desconoce cualquier otro permiso firmado por su puño y letra, del mismo modo refiere que la letra que existe en las solicitudes es de la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, refiriendo que recordaba, que unos días antes que sus hijos fueran sustraídos por la madre, su pasaporte él lo tenía guardado en la recamara de su domicilio particular y que lo encontró en otro lugar, sin darle importancia, pero su hijo _____ tenía copia de las llaves de la casa, por lo que pensaba que su hija o su hijo, o la madre de éstos pudo haber sustraído el pasaporte, y volverlo a dejar, ya que tenían acceso a su casa de él y por motivos de trabajo no se encontraba en el día, pero no se dio cuenta cuando pudieron sacarlo, desconociendo que se hubiera utilizado para que se tramitara la expedición de pasaportes, a favor de los menores; asimismo, en cuanto a lo manifestado en el

27.

000207

documento de INTERPOL de fecha doce de abril del año en curso, sólo acepta en parre, ya que efectivamente se presentó a solicitar ayuda, pues resentía que a sus hijos los había sacado del país la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, como también lo señaló ante el Ministerio Público del Estado de México, el día que conoció que sus hijos ya no estaban habitando en la casa de Plaza de San Jorge 15, Ateña dos de Lomas Verdes, considerando que hace unos meses MARÍA DEL ROSARIO MORENO, le comentó que se había casado con una persona del nombre RONALD COONLEY, de nacionalidad americana y que pensaba llevarse a sus hijos a vivir a los Estados Unidos, entonces él le dijo que no estaba de acuerdo, porque no les daría permiso para irse, en una primera instancia, ya que la señora MARÍA ROSARIO MORENO le había dicho, que al señor COONLEY lo había conocido por Internet, además, éste era el segundo matrimonio, después del suyo, que realizaba con gentes que conocía por Internet no comentando el tema con la señora ROSARIO MORENO hasta que supo por compañeros de su hijo, que Luis Fernando Castillo Moreno, se iba a vivir a la Ciudad de Salem, Alabama, recordando la plática que había tenido con la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, por lo que piensa que ella se los llevó al extranjero falsificando su firma; entregando a esa autoridad copia Lasser del pasaporte; no sabe el lugar en donde se encuentran físicamente, sus menores de nombre

█████████████ sólo creé que podrían estar en los domicilios que refirió en su declaración de fecha veintidós de marzo del año en curso, entregando copias de la información de Internet para que se agreguen al expediente; si ha mantenido contacto por Internet con sus menores hijos, enviado mensajes al correo de su hijo que es █████████████

█████ desde que se los llevaron, pero hasta la fecha no le ha ntestado; en cuanto a su hija no ha podido tener comunicación con ella; que desde antes del veintiocho de febrero del año en curso hasta la fecha, no ha visto ni ha

tenido contacto y no sabe nada de la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, ya que no se ha comunicado con él, ya que no sabe dónde buscarla, pues aún cuando consiguió unas direcciones por Internet de su supuesto esposo no sabe si sea la dirección correcta; la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, cuenta con una resolución judicial del año de mil novecientos noventa y uno, la cual hasta la fecha no se ha modificado, en dónde el Juez Décimo de lo Familiar con residencia en el Distrito Federal, resolvió otorgar la custodia compartida, de ▓▓▓▓▓▓ pero la patria potestad la ejercen ambos padres, en cuanto a su hija ▓▓▓▓ ▓▓▓ no se había declarado nada, toda vez que en esas fechas no había nacido, por lo que la custodia y la patria potestad la ejercen ambos, documentos que existen en el expediente y que él mismo exhibió que estaba dispuesto a que se le ▓▓▓▓ practicaran pruebas de caligrafía y dactilar para acreditar su dicho, ya que él no firmó ni digitalizó su huella (fojas 73) a ▓▓).

7.- Oficio sin número de fecha veintidós de abril de dos mil cuatro, recibido en la Oficialía de partes de la Subprocuraduría de Investigación Especializada en Delincuencia Organizada el veintiséis de ese mismo mes y año, suscrito por el licenciado Antonio Jáuregui Quintana, Gerente de Asuntos Contenciosos y Flota de Aerovías de México, mediante el cual anexa copias simples de cupones de viaje a favor de MORENO MARÍA ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓ utilizados en la ruta México - Atlanta vuelo seiscientos treinta y seis del día veintisiete de febrero del dos mil cuatro (fojas 100 y 101).

8.- **Dictamen** en **materia** de **identificación, grafoscopía,** de fecha diez de junio de dos mil cuatro, suscrito por los peritos Praxedis Irma García y Rosa Flores Vázquez, adscritos a la Dirección General de Servicios Periciales, dependiente de la Procuraduría General de la República, en la que concluyeron que: **PRIMERO.-** Los dactilogramas impresos en la ficha decadactilar a nombre de CASTILLO TAPIA JOSÉ FERNANDO, **NO CORRESPONDEN,** con las impresiones dactilares

estampadas en las formas OP-7, con la leyenda índice
derecho e izquierdo de los menores ████████████

00020

**SEGUNDA.-** Segundo.- Los dactilogramas estampados en la
forma OP-7, con la leyenda índice derecho e izquierdo de los
menores MARÍA FÁTIMA Y LUIS FERNANDO ambos de
apellido castillo moreno, **CORRESPONDEN con las
impresiones** dactilares de los medios derecho e izquierdo de
la ficha decadactilar a nombre de Barrera Hernández Artemio
(fojas 137 a la 148).

9.- **Dictamen en materia de grafoscopía**, de fecha
quince de junio de dos mil cuatro, suscrito por el perito L. Aldo
Chisanto Molina, adscrito a la Dirección General de
Coordinación de Servicios Periciales, dependiente de la
Procuraduría General de la República, en el que concluyó:
**PRIMERO.- NO CORRESPONDEN POR SU EJECUCIÓN
A JOSÉ FERNANDO CASTILLO TAPIA, LAS FIRMAS QUE
SE ENCUENTRAN COMO DE ESTE, EN LOS
DOCUMENTOS DESCRITOS COMO CUESTIONADOS EN
EL PRESENTE DICTAMEN, CON RESPECTO A LAS
FIRMAS PROPORCIONADAS COMO BASE DE COTEJO;
SEGUNDA.- NO CORRESPONDEN POR SU EJECUCIÓN A
JOSÉ FERNANDO CASTILLO TAPIA, LA ESCRITURA QUE
SE ENCUENTRA, EN LOS DOCUMENTOS DESCRITOS
COMO CUESTIONADOS EN EL PRESENTE DICTAMEN,
CON RESPECTO A LA ESCRITURA PROPORCIONADA
COMO BASE DE COTEJO;** anexando imágenes fotográficas
a color, la muestra de escritura de José Fernando Castillo
Tapia, constante de dos fojas (fojas 151 a la 165).

## C O N S I D E R A N D O:

**PRIMERO.-** Para determinar si este Juzgado de
Distrito es o no competente para conocer del asunto por el
cual se le declinó la competencia, es conveniente precisar lo
siguiente:

La potestad para administrar justicia es lo que se
denomina jurisdicción y lo que fija los límites dentro de los
cuales el Juez puede ejercer aquella facultad se llama
competencia, la cual puede ser por razón de fuero, territorio,
materia, grado, cuantía, turno, etcétera.

Así, para analizar si un Juzgado de distrito es competente para conocer de un determinado asunto, deberá empezarse por examinar si es de la competencia de los Tribunales Federales o locales, luego se determinará la competencia por razón del territorio, tomando en cuenta también la materia, el grado, y así sucesivamente de acuerdo a las legislaciones y acuerdos que en cada caso existan.

Luego, en la especie el artículo 94 párrafos quinto y sexto de la Constitución Política de los Estados Unidos Mexicanos, establecen:

*"Artículo. 94...*

*. . . La competencia de la Suprema Corte, su funcionamiento en Pleno y Salas, la competencia de los tribunales de Circuito, de los Juzgados de Distrito y del Tribunal Electoral, así como las responsabilidades en que incurran los servidores públicos del Poder Judicial de la Federación, se regirán por lo que dispongan las leyes, de conformidad con las bases que esta Constitución establece...*

*El Consejo de la Judicatura Federal determinará el número, división en circuitos, competencia territorial y, en su caso, especialización por materia, de los Tribunales Colegiados y Unitarios de Circuito y de los Juzgados de Distrito."*

Los dispositivos 48 y 50 fracción I, inciso a), de la Ley Orgánica del Poder Judicial de la Federación mencionan:

*"ARTICULO 48.- Los Jueces de distrito que no tengan jurisdicción especial conocerán de todos los asuntos a que se refieran los artículos del presente Capítulo."*

*"ARTICULO. 50.- Los Jueces federales penales conocerán:*

*I.- De los delitos del orden federal."*

*Son delitos del orden federal:*

*a) Los previstos en las leyes federales y en los tratados Internacionales. En el caso del Código Penal Federal, tendrán ese carácter los delitos a que se refieren los Incisos b) a I) de esta fracción. . ."*

Los dispositivos aplicables del Código Penal Federal señalan:

276

00020

*Artículo 1.- Este Código se aplicará en toda la República para los delitos del orden federal.*

El Código Federal de Procedimientos Penales al respecto, señala:

*ARTICULO 6.- Es tribunal para conocer de un delito, el del lugar en que se comete, salvo lo previsto en los párrafos segundo y tercero del artículo 10.*

Es importante precisar, el ACUERDO GENERAL 23/2001, por Pleno del Consejo de la Judicatura Federal, relativo a la determinación del número y límites territoriales de los circuitos en que se divide el territorio de la República Mexicana, y al número, a la jurisdicción territorial y especialización por materia de los Tribunales Colegiados y Unitarios de Circuito y de los Juzgados de Distrito.

El acuerdo 23/2001, respecto a lo que nos ocupa establece:

**PRIMERO.-** El territorio de la República se divide en veintisiete circuitos, cuya circunscripción territorial es la siguiente:

II.- 'SEGUNDO CIRCUITO: Estado de México.

CUARTO.- La jurisdicción territorial de los juzgados de distrito es la siguiente:

I.- PRIMER CIRCUITO....

II.- SEGUNDO CIRCUITO:

Los juzgados de distrito en Materia de Procesos Penales Federales en el Estado de México y los juzgados de distrito en Materias de Amparo y de Juicios Civiles Federales en el Estado de México, con residencia en Toluca, ejercerán jurisdicción territorial en el distrito judicial conformado por los municipios de: Acambay, Almoloya de Alquisiras, Almoloya de Juárez, Almoloya del Río, Ampanalco, Amatepec, Atizapán, Atlacomulco, Calimaya, Capulhuac, Coatepec Harinas, Chapultepec, Donato Guerra, El Oro, Ixtapan del Oro, Ixtlahuaca, Jalatlaco, Jiquipilco, Jocotitlán, Joquicingo, Lerma, Malinalco, Metepec, Mexicaltzingo, Morelos, Ocoyoacac, Ocuilán, Otzoloapan, Otzolotepec, Rayón, San Antonio la Isla, San Felipe del Progreso, San Mateo Atenco, San Simón de Guerrero, Santo Tomás, Sultepec, Tejupilco, Temascalcingo, Temascaltepec, Temoaya, Tenancingo, Tenango del Valle,

Texcaltitlán, Texcalyacac, Tianguistenco, Tlataya Toluca, Tonatico, Valle de Bravo, Villa de Allende, Villa Guerrero, Villa Victoria, Xonacatlán, Zacazonapan, Zacualpan, Zinacantepec y Zumpahuacán.

Los juzgados de distrito en el Estado de México con residencia en Naucalpan de Juárez, ejercerán jurisdicción territorial en el distrito judicial conformado por los siguientes municipios: Aculco, Apaxco, Atizapán de Zaragoza, Coacalco de Berriozábal, Coyotepec, Cuautitlán, Cuautitlán Izcalli, Chapa de Mota, Ecatepec, Huehuetoca, Hueypoxtla, Huixquilucan, Isidro Fabela, Jaltenco, Jilotepec, Jilotzingo, Melchor Ocampo, *Naaucalpan de Juárez*, Nextlapan, Nicolás Romero, Polotitlán, Soyaniquilpan de Juárez, Teoloyucan, Tepotzotlán, Tequixquiac, Timilpan, Tlalnepantla de Baz, Tultepec, Tultitlán, Villa del Carbón y Zumpango.

Los Juzgados de Distrito en el Estado de México, con residencia en Ciudad Nezahualcoyotl, ejercerán jurisdicción territorial en el distrito judicial conformado por los siguientes municipios: Acolman, Amecameca, Atenco, Atlautla, Axapusco, Ayapango, Cocotitlán, Chalco, Chiautla, Chicoloapan, Chiconcuac, Chimalhuacán, Ecatzingo, Ixtapaluca, Juchitepec, La Paz, Nezahualcoyotl, Noapltepec, Otumba, Ozumba, Papalotla, San Martín de las Pirámides, Tecámac, Temamatla, Temascalapa, Tenango del Aire, Teotihuacan, Tepetlaoxtoc, Tepetitxpa, Texcoco, Tezoyuca, Tlalmanalco y Valle de Chalco Solidaridad.

El artículo 366 quáter, párrafo segundo, del Código Penal Federal, señala:

"**Art.- 366-quáter., párrafo segundo.-** Se impondrán las penas a que se refiere éste artículo al padre o madre de un menor de dieciséis años que de manera ilícita o sin el consentimiento de quien o quienes ejerzan la patria potestad o la custodia del menor, sin el propósito de obtener un lucro indebido lo trasladen fuera del territorio nacional con el fin de cambiar su residencia habitual o impedir a la madre o padre, según sea el caso, convivir con el menor o visitarlo.

El artículo 366 ter., del Código Penal Federal establece:

"**Art.- 366-ter.-** Comete el delito de tráfico de menores, quien traslade a un menor de dieciséis años de edad o lo entregue a un tercero, de manera ilícita, fuera del territorio

nacional, con el propósito de obtener un beneficio económico indebido por el traslado o la entrega el menor".

**SEGUNDO.-** Ahora bien, de las constancias que integran la causa penal, se desprende que este Juzgado Primero de Distrito en el Estado de México, con residencia en Naucalpan, de Juárez México, *ES LEGALMENTE COMPETENTE PARA CONOCER DE LOS PRESENTES HECHOS,* por actualizarse los supuestos de competencia en razón de fuero, territorio, materia y grado en base a las siguientes consideraciones:

El primero de los supuestos que, corresponde *al fuero,* el que debemos de entender como sinónimo de jurisdicción, diferenciando con esto el fuero federal, local o de guerra, se encuentra acreditado en autos, pues el delito por el que ejercita acción penal la autoridad consignadora, se encuentra previsto en una ley Federal, como lo señala la fracción I, inciso "a", del artículo 50, de la Ley Orgánica del Poder Judicial de la Federación, esto es, El Código Penal Federal en sus artículos 366-ter, fracción III, y 366-quáter, párrafo segundo.

El segundo requisito que se traduce en la *territorialidad,* también se encuentra acreditado en favor de este juzgado de conformidad con el artículo 6° del Código Federal de Procedimientos Penales, que refiere que es competente para conocer de un delito el del lugar en que se comete, asímismo el acuerdo General del Consejo de la Judicatura Federal 23/2001, señalan que los hechos que acontecieron entre otros lugares, dentro del Municipio de **Naucalpan de Juárez, Estrado de México,** corresponde conocer a este juzgado de distrito, y en este caso se desprende de autos que los hechos acontecieron precisamente en el Municipio antes citado, en la Subdelegación de la Secretaría de Relaciones Exteriores, con sede en Naucalpan de Juárez, Estado de México, dónde se realizaron los trámites, para sustraer a los menores de nombre

████████████████ y que por razón de turno correspondió a este juzgado, de lo que se colige que los hechos que se atribuyen en forma probable en contra de MARÍA DEL



JUDICIAL DE LA FEDERACIÓN

ROSARIO MORENO VÁZQUEZ, en donde al parecer realizar los tramites para sacar del país a sus dos menores hijos, en un lugar que se encuentra dentro de los límites jurisdiccionales donde ejerce competencia este órgano.

000208

En cuanto al tercero de los supuestos que refiere el de la competencia correspondiente a *la materia*, que al respecto debemos de entender la naturaleza jurídica del conflicto objeto del litigio o por razón de la naturaleza de la causa, o sea cuestiones jurídicas que constituyen la materia litigiosa del proceso, también se encuentra satisfecho para conocer por este juzgado, ya que la excitación que se hace del órgano judicial, es por el cumplimiento al artículo 21 Constitucional que hace el agente del Ministerio Público de la Federación consignador, al considerar que se encuentran acreditados los elementos del cuerpo del delito y la probable responsabilidad, y con ello dar lugar al proceso penal en sus etapas de conformidad con el artículo 4, del Código Federal de Procedimientos Penales.

Por último el requisito consistente en *"el grado"*, el cual en su acepción jurídica significa cada una de las instancias que puede tener un juicio, por lo que en este caso, se actualiza dicha hipótesis, pues debemos de considerar que de acuerdo al artículo 50 fracción I, inciso a), de la Ley Orgánica del Poder Judicial de la Federación, este juzgado de Distrito es competente porque el delito de **TRÁFICO DE MENORES** previsto y sancionado en el artículo 366 quater, párrafo segundo, en concordancia con el artículo 366 ter, fracción III, del Código Penal Federal, se resuelve por un Juez de Distrito, que conoce en primera instancia, por prever en el caso una sanción corporal que determina de tres a diez años de prisión y de cuatrocientos a mil días multa, y con ello se surte la circunstancia que corresponde conocer a un Juez de Distrito sobre la causa que nos ocupa y determinar si procede el pedimento del agente del Ministerio Público de la Federación que solicita se libre en perjuicio de MARÍA DEL ROSARIO MORENO VÁZQUEZ, la ORDEN DE APREHENSIÓN, por el delito que nos ocupa.

En ese contexto, este juzgado **ACEPTA LA COMPETENCIA DECLINADA POR EL JUEZ TERCERO DE**

DISTRITO DE PROCESOS PENALES FEDERALES DEL DISTRITO FEDERAL, el cual quedó registrado con el número de causa penal 72/2004 del índice de este Juzgado, haciendo del conocimiento del agente del Ministerio Público Federal, así como de la autoridad declinante, para su conocimiento y efectos legales consiguientes.

Por lo que hace a la **ORDEN DE APREHENSIÓN** solicitada por el Ministerio Publico de la Federación, con fundamento en el párrafo segundo del artículo 142 del Código Federal de Procedimientos Penales, dese nueva cuenta para resolver lo correspondiente dentro del plazo de diez días la resolución que corresponda, lo anterior tomando en consideración que el delito por el cual la representación social de la federación ejerce acción penal en contra de **MARÍA DEL ROSARIO MORENO VÁZQUEZ**, no se encuentra contemplado dentro de los que por su gravedad expresamente relaciona el artículo 194 del Código Federal de Procedimientos Penales.

Por lo expuesto y con fundamento en los artículos 48 y 50 fracción I, inciso a), de la Ley Orgánica del Poder Judicial de la Federación; 1º. del Código Penal Federal, 6º del Código Federal de Procedimientos Penales, los Acuerdos Generales Número 23/2000, del Pleno del Consejo de la Judicatura Federal, relativo a la determinación del número y límites territoriales de los circuitos en que se divide el Territorio de la República Mexicana de los Tribunales Colegiados y Unitarios de Circuito y de los Juzgados de Distrito en el considerando II, y; artículos 366 quater, párrafo segundo y artículo 366 ter, fracción III, del Código Penal Federal, se

## R E S U E L V E :

**PRIMERO.-** Se acepta la competencia por declinatoria que hace el Juez Tercero de Distrito de Procesos Penales Federales del Distrito Federal, por los hechos consignados por el agente del Ministerio Público de la Federación de la Unidad Especializada en Investigación de Tráfico de Menores, Indocumentados y Órganos de la Subprocuraduría de Investigación Especializada de Delincuencia Organizada, dependiente de la Procuraduría General de la República, en contra de MARÍA DEL ROSARIO

MORENO VÁZQUEZ, por su probable responsabilidad en la comisión del delito de **TRÁFICO DE MENORES** previsto y sancionado en el artículo 366 quater, párrafo segundo (hipótesis de acción, traslado de menor de dieciséis años, fuera de territorio nacional) y sancionado en el artículo 366 quater, (hipótesis de sanción), en concordancia con el artículo 366 ter, fracción III, del Código Penal Federal.

**SEGUNDO.-** Se declara legalmente competente este juzgado para seguir conociendo y resolviendo sobre los hechos antes precisados;

**TERCERO.-** hágase del conocimiento del agente del Ministerio Público Federal adscrita, así como de la autoridad declinante, la presente resolución para su conocimiento y efectos legales consiguientes, remitiendo copias certificadas de esta interlocutoria.

**NOTIFÍQUESE PERSONALMENTE A LA AGENTE DEL MINISTERIO PÚBLICO ADSCRITO.**

Así lo resolvió y firma el **licenciado Willy Earl Vega Ramírez, Juez Séptimo de Distrito en el Estado de México** con residencia en Naucalpan de Juárez, México, ante el secretario licenciado Armando Castañeda Díaz que autoriza y da fe. Doy fe.



SIENDO LAS *11:05 J.M* DE *27 AGO. 2004*, SE NOTIFICA
PERSONALMENTE AL C. AGENTE DEL MINISTERIO PUBLICO
FEDERAL ADSCRITO LA RESOLUCIÓN QUE ANTECEDE Y DIJO QUE
LO OYÓ Y FIRMA.- DOY FE.

EL ACTUARIO JUDICIAL

LIC. CARLOS LAMB LOPEZ ROJAS

IA GENERAL
PUBLICA
CENTRAL DE
CIONES Y
A JURIDICA

**PRUEBA 56**

**ORDEN DE APREHENSIÓN.**

NAUCALPAN DE JUÁREZ, ESTADO DE MÉXICO, A VEINTISIETE DE SEPTIEMBRE DE DOS MIL CUATRO.

Vistos los autos de la causa penal número 72/2004, para resolver lo que en derecho proceda acerca de la orden de aprehensión solicitada por el Agente del Ministerio Público de la Federación de la Unidad Especializada en Investigación de Tráfico de Menores, Indocumentados y Órganos de la Subprocuraduría de Investigación Especializada de Delincuencia Organizada, dependiente de la Procuraduría General de la República en contra de MARÍA DEL ROSARIO MORENO VÁZQUEZ, por su probable responsabilidad en la comisión del delito de TRÁFICO DE MENORES previsto y sancionado por el artículo 366 quater, párrafo segundo, en concordancia con el artículo 366 ter, fracción III, del Código Penal Federal; y

**R E S U L T A N D O:**

PRIMERO.- Por oficio número 2094/2004/SPP-B, recibido en la oficialía de Partes Común el dieciséis de agosto de dos mil cuatro, la Agente del Ministerio Público de la Federación encargada de la Subdelegación de Procedimientos Penales "B" de Naucalpan, Estado de México, adjunto original y duplicado de la causa penal 108/2004-III, del índice del Juzgado Tercero de Distrito de Procesos Penales Federales en el Distrito Federal, mismo que se declaró incompetente por razón de territorio para conocer el ilícito precisado en el proemio de esta resolución, en contra de MARÍA DEL ROSARIO MORENO VÁZQUEZ.

SEGUNDO.- Por razón de territorio correspondió conocer del presente asunto a éste Juzgado Séptimo de Distrito en el Estado de México, en el cual la Representación Social Federal ejerció acción penal en contra de MARÍA DEL ROSARIO MORENO VÁZQUEZ, y solicitó se librara orden de aprehensión; por resolución interlocutoria dictada por éste Juzgado el día veintiséis de agosto de la presente anualidad, se aceptó la competencia por declinatoria que hizo el Juzgado Tercero de Distrito de Procesos Penales Federales en el Distrito Federal, y con fundamento en el artículo 142 del Código Federal de Procedimientos Penales, se procede a resolver sobre la orden de aprehensión solicitada.

TERCERO.- Los datos de prueba que integran la causa penal y que sustentan el ejercicio de la acción penal del Representante Social de la Federación, son los siguientes:

1.- Declaración del denunciante JOSÉ FERNANDO MORENO TAPIA, ante el agente del Ministerio Público de la Federación, el veintidós de marzo de dos mil cuatro, en donde manifestó: que con la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, procreó a sus menores hijos de nombres ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, de catorce y nueve años, respectivamente, quienes vivían con su madre después que se había divorciado de ella, según la sentencia definitiva dictada por el Juez Décimo de lo familiar en el Distrito Federal; pero el veintiocho de febrero de dos mil cuatro, aproximadamente a las dieciséis horas, se dirigió a recoger a sus hijos al ▓▓▓▓▓▓▓▓▓▓ vivía la señora MORENO VÁZQUEZ y sus menores hijos, ▓▓▓▓▓▓▓▓▓▓ Naucalpan, Estado de México, ▓▓▓▓▓▓▓ recibiéndolo la señora María Elena Vázquez Saucedo, madre de Rosario una carta de la señora María del Rosario Moreno Vázquez, en la cual le decía que había sustraído a sus menores hijos de ese ▓▓▓▓▓ para salir de la Ciudad, sin mencionar el destino de ellos, teniendo sospecha de que se había ▓▓▓▓▓ a otro país, posiblemente a los Estados Unidos de América, ya que la señora MORENO ▓▓▓▓, le había comentado que en el mes de octubre de dos mil tres, se había casado con una ▓▓▓▓▓ norteamericana que conoció por Internet, solicitándole permiso para sacar a sus hijos del país, a ▓▓▓▓▓ él se negó, indicándole que era mejor, que primera se estabilizara como pareja y luego, ▓▓▓▓▓▓ el permiso y las visitas recíprocas, situación que tampoco ella aceptó; por lo que el día veintinueve de febrero, del presente año, él se presentó ante el agente del Ministerio Público del Fuero Común en Naucalpan, en el Estado de México, iniciándose el acta NJ/I/816/04-02, en donde refirió lo anterior, señalando ante esa autoridad, que él no dio autorización ni el consentimiento para que sus menores hijos ▓▓▓▓▓▓▓▓▓▓▓▓ país y tampoco extendió ningún conducto ni beneplácito para que para que obtuvieran el pasaporte de la Secretaría de Relaciones Exteriores; asimismo, el día uno de marzo del año en curso, se presentó en la escuela en donde estudiaban sus hijos, que es el Colegio La Salle en el Estado de México, donde entabló comunicación con los compañeros de sus hijos, enterándose que la señora MARÍA DEL ROSARIO VÁZQUEZ y sus menores hijos, habían abandonado el país por vía aérea, el día veintisiete de febrero de dos mil cuatro, utilizando los servicios de la empresa Aeroméxico en el vuelo seiscientos treinta y seis, con destino a Atlanta Georgia, indicándoles sus hijos que su destino final era la Ciudad de Salem Alabama, a la Dirección noventa y siete Lee Road, número cuatrocientos treinta y cuatro, registrado a nombre del señor RONALD COONELY, persona con la que se había casado la señora ROSARIO MORENO VÁZQUEZ, quien pueda tener como domicilios ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ City AL, ▓▓▓▓▓▓▓▓▓▓▓, Columbus GA. ▓▓▓▓, así como Barrien Springs Michigan, además de Phenix ubicado en ▓▓▓▓▓▓▓▓▓▓ Albano, NY, ▓▓▓▓ todos en los Estados Unidos de América; del mismo modo, por pláticas que había tenido con compañeros de su hijo, quien se comunicaba con ellos a través de Internet, siendo su cuenta, comentándoles que posiblemente viajarían fuera de los Estados Unidos de América, pero no conoce el destino, ni cuando sería efectuado ese viaje; posteriormente se constituyó ante el Juzgado Décimo de lo familiar en el Distrito Federal en donde solicitó se le concediera la custodia de sus menores hijos ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, y ante sus dudas sobre sus hijos si habían salido del país, se presentó la ventanilla de informes de la Delegación Naucalpan, en el Estado de México de la Secretaría de Relaciones exteriores, para saber si se había expedido algún pasaporte a favor de ellos, y una persona de esa oficina, la informó, que el veintisiete de febrero de dos mil cuatro, se expidieron dichos documentos a favor de ▓▓▓▓▓▓

I

00021

que la documentación legal que amparaba su permiso, se encontraba en ese domicilio por lo cual solicitó se verificara lo anterior, toda vez que él no extendió su permiso de manera verbal ni por escrito, ni a través de cualquier documento y por ese motivo desconocía cualquier firma o autorización que existente en los archivos de esa dependencia, presentando fotocopias simples de la demanda presentada ante el Juez Décimo de lo Familiar constante de seis fojas, fotocopia simple de la denuncia de hechos que presentó en el Estado de México, constante de dos fojas, hoja de la carta que fue dirigida a él, con el nombre de ROSARIO, constante de una foja, fotocopia simple del convenio que presentó él y la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, respecto al divorcio voluntario, y referente a la custodia de su menor hijo ███████████████████ constante de dos fojas, fotocopia simple de carta de fecha dieciséis de marzo de dos mil cuatro, expedida por la operadora del Colegio La Salle, suscrita por ANA CECILIA ESQUIVEL HERNÁNDEZ, en el cual menciona que su menor hija ████████████████████████, fotocopia simple de la sentencia de divorcio de fecha veintinueve de enero de mil novecientos noventa y dos, a favor de la señora MARÍA DE ROSARIO MORENO VÁZQUEZ y del declarante, expedida por el Juzgado Décimo de lo Familiar en el Distrito Federal, asimismo presentando el acta de nacimiento en original número ████████████ favor de su menor hijo ████████████████████ expedida por el Juez Central del Registro Civil en el Distrito Federal, y acta de nacimiento en original número ████████████ expedida por la oficial número cero dos del registro Civil, licenciada MARGARITA MARISCAL DE OLVERA, del Gobierno del Estado de México, del mismo presentando tres fotografía láser a color de su menor hijo ██████████████████████ dos fotografías a color de MARÍA DEL ROSARIO y tres fotografías láser a color de su menor hija ████████████████ (fojas 4 a 7 y del 10).

**2.- Diligencia de Inspección** practicada por el Agente del Ministerio Público de la Federación, el veintidós de marzo de dos mil cuatro, en donde dice de tener a la vista: a).- Copias simples de la demanda presentada ante el Juez Décimo de lo familiar, en donde FERNANDO CASTILLO TAPIA demandó a la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, el cambio de custodia de persona para la guarda y custodia del menor ████████████████ la custodia total de la menor ████████████████ constante de seis fojas, b.- Copia simple de la denuncia de hechos que presentó JOSÉ FERNANDO CASTILLO TAPIA en el Estado de México, ante el Agente del Ministerio Público en Naucalpan, Estado de México, constante de dos fojas; c).- Hoja de la carta dirigida a "Fernando", suscrita por "Rosario". d).- fotocopia simple del convenio realizado entre JOSÉ FERNANDO CASTILLO TAPIA y MARÍA DEL ROSARIO MORENO VÁZQUEZ, presentado a la consideración del Juez de lo familiar en el Juicio de Divorcio Voluntario, referente a la custodia relacionada con su menor hijo ████████████████ constante de dos fojas. e).- fotocopia simple de la carta de fecha dieciséis de marzo de dos mil cuatro, expedida por la Directora del Colegio La Salle, suscrita por Ana Cecilia Esquivel Hernández, en el cual menciona que ████████████████ estuvo inscrita ██████████ al día veintiséis febrero de dos mil cuatro, Colegio durante el curso 2003-2003, en segundo grado y en 2003 y 2004, en tercer grado, apareciendo en los registros oficiales como su padre JOSÉ FERNANDO CASTILLO TAPIA; f).- Copia simple de la sentencia de divorcio de fecha veintinueve de enero de mil novecientos noventa y dos, a favor de la señora MARÍA DE ROSARIO MORENO VÁZQUEZ y el querellante expedida por el Juzgado Décimo de lo Familiar en el Distrito Federal; g).- Acta de nacimiento en original número ████████████ a favor de ████████████████████ expedida por el Juez Central del Registro Civil en el Distrito Federal; h).- Acta de nacimiento en original ████████████ expedida por la oficial número cero dos del Registro Civil, la licenciada Margarita Mariscal De ████████, del Gobierno del Estado de México; i) Tres fotografías láser a color de ████████; j).- Dos fotografías láser a color de ██████████████████; k).- tres fotografías láser a color de MARÍA DE FÁTIMA.

**3.- Declaración de MARÍA ELENA VÁZQUEZ SAUCEDO** de fecha siete de abril de dos mil cuatro, quien ante el Agente del Ministerio Público de la Federación, manifestó que es madre de MARÍA DEL ROSARIO MORENO VÁZQUEZ, quien estuvo casada con el señor JOSÉ FERNANDO CASTILLO ██████ procreando dos hijos de nombres ████████████████████████████████ quienes actualmente están divorciados; que efectivamente el día veintiocho de febrero de dos mil cuatro aproximadamente a las diecisiete horas o las dieciocho horas, llegó a su domicilio el señor FERNANDO CASTILLO TAPIA ya que al parecer ese día iba a ver a sus hijos ████████████ quienes al parecer cada quince días los visitaba, al llegar le preguntó por ellos, refiriéndole que no estaban, entregándole una carta, que estaba en un sobre cerrado del trabajo de su hija, al parecer tenía el logotipo de la compañía donde trabajaba, sin percatarse del contenido, misma que le entregó su hija MARÍA DEL ROSARIO, el día veintiséis de febrero de dos mil cuatro, sin decirle a dónde se iba, y se entendía que se llevaba a sus hijos, indicándole que la carta se la entrega a FERNANDO, el día veintisiete de marzo de dos mil cuatro aproximadamente a las siete horas, ella se fue llevándose a sus hijos, reiterando que en ningún momento le dijo a qué lugar se iba, señalando que cuando le preguntó a dónde iba, le contestó de mala gana "ese es mi asunto" ██████ fue y ya no regresó, después de esa ocasión he tenido comunicación en dos o tres ocasiones, en el mes de marzo del presente año, únicamente para saber cómo estaba, al preguntarle cómo estaban los niños, dijo que bien, pero no le indicó en el lugar donde se encontraban, por lo cual no tiene ni idea en donde pueda estar, ya que la comunicación con su hija era nula; no sabe si tenía pasaporte su hija, ni sus nietos. (fojas 44 a 47 ).

**4.- Oficio número DGAPI/3818/04/0550/04-AAH** de fecha catorce de abril de dos mil cuatro, suscrito por el Agente del Ministerio Público de la Federación adscrito a la Dirección General de Asuntos Policiales internacionales INTERPOL, dependiente de la Procuraduría General de la República, en el cual señala entre otras cosas lo siguiente: "Al respecto me permito hacer de su conocimiento que esta Unidad administrativa cuenta con un expediente administrativo relacionado con la ubicación de los menores de edad Castillo Moreno mismo que dio inicio el dos de marzo del año en curso, con motivo de la solicitud que presentara en esta oficina el C. FERNANDO CASTILLO TAPIA, padre de los niños quien manifestó tener la presunción de que sus hijos habían sido trasladados a los Estados Unidos de América por su

2

madre MARÍA DEL ROSARIO MORENO VÁZQUEZ MORENO. En virtud de lo antes descrito ésta ob... inicio las investigaciones correspondientes, lográndose detectar que los menores y su madre arribaron la ciudad de Atlanta, Georgia, Estados Unidos de América el veintisiete de febrero de dos mil cuatro, en e... vuelo seiscientos treinta y seis de la línea aérea Aeroméxico, motivo por el cual se entabló comunicación con Interpol - Washintong, a fin de solicitar su colaboración para la ubicación de la señora MARÍA DEL ROSARIO MORENO, y sus menores hijos ▓▓▓▓▓▓▓▓

▓▓▓▓▓ El pasado veintiséis de marzo la Interpol - Washigton informó a esta Unidad Administrativa, que la policía Estatal de Alabama envió un Agente investigador para entrevistar a la señora MARÍA DEL ROSARIO MORENO, quien acreditó tener la custodia de sus menores hijos, asimismo refirió que el padre de los menores ha llamado para amenazarla, por lo que decidió cambiar de domicilio y de número telefónico, motivo por el cual las autoridades estadounidenses refieren que por seguridad y bienestar de la familia no están autorizadas para revelar su paradero" (foja 50 ).

5.- Mediante oficio sin número de fecha catorce de abril de dos mil cuatro, el Director de Normatividad de la Secretaría de Relaciones Exteriores, remitió copia certificada de los siguientes documentos: a).- Copia certificada de la solicitud de pasaporte ordinario Mexicano, a nombre MORENO VÁZQUEZ MARIA DEL ROSARIO, donde aparece una fotografía ilegible (foja 57); b).- copia certificada del pasaporte ilegible número 6706408, a nombre de MARÍA DEL ROSARIO MORENO VÁZQUEZ (foja 58); c).- Dos solicitudes de pasaporte ordinario, Mexicano, (OP-5), número 6290 y 6289, a nombre de los menores ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, en el recuadro que dice FIRMA DEL QUERELLANTE, aparece el nombre de ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, en el recuadro que dice: firma de: conformidad con los datos contenidos en el pasaporte al recibirlo, una firma ilegible, con fecha dieciséis de octubre de dos mil cuatro, (sic) señalando como lugar, Neucalpan, Estado de México, en la siguiente foja, donde aparecen datos del Padre o Tutor, se encuentra marcada con una "x", en el recuadro que dice "Como Padre", para realizar el trámite se identificó como el pasaporte ▓▓▓▓▓▓▓▓▓▓, expedido por la Secretaría de Relaciones Exteriores de fecha seis de noviembre de dos mil tres, apareciendo una firma ilegible, así como las huellas dactilares del dedo índice izquierdo e índice derecho y, en los datos de la madre o Tutora, aparece en el recuadro señalado como "Madre una "x", para realizar el trámite se identificó con el pasaporte número ▓▓▓▓▓▓▓▓▓▓ expedido por la Secretaría de Relaciones Exteriores el veintidós de septiembre de dos mil tres, aparece una firma ilegible y la huella de los dedos índice izquierdo e índice derecho (fojas 60, 61 65 y 66); d).- Copia certificada del acta de nacimiento número 01433, a nombre ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (foja 62); e) Copia certificada del pasaporte número ▓▓▓▓▓▓▓▓▓▓▓ a nombre de ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ expedido por la Secretaría de Relaciones (foja 63); f).- Copia certificada del pasaporte ▓▓▓▓▓▓▓▓▓▓▓▓▓, a nombre de MORENO VÁZQUEZ MARÍA DEL ROSARIO (foja 64); g).- copia certificada de acta de nacimiento número ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (foja 67); h).- Copia certificada del pasaporte número ▓▓▓▓▓▓▓▓▓▓, a nombre de ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ expedido el dieciséte de diciembre de mil novecientos noventa y con fecha de caducidad dieciséte de diciembre de dos mil dos, en Naucalpan, México (68).

6.- Declaración ministerial de FERNANDO CASTILLO TAPIA, de veintitrés de abril de dos mil cuatro, en donde dijo, que tal y como lo señaló en comparecencia de veintidós de marzo del año en curso no otorgó ninguna autorización para que se emitiera pasaporte a favor de los menores, el tener a la ▓▓▓▓▓ documentación que remitió la Secretaría de Relaciones Exteriores, en donde se aprecia que existe ▓▓▓▓ nombre y la Rubrica de quien solicita interposición, pasaporte a favor de los menores del ▓▓▓▓▓▓▓▓ te donde se lee el nombre de JOSE FERNANDO CASTILLO TAPIA, así como la copia auto ▓▓▓▓ la expedición de citado documento, al revisar los documentos que constan en el expediente, dijo ▓▓▓▓ desconoce quien firmó por él, así también desconoce de quien es la firma y huella dactilar que aparece en ambas solicitudes, de los menores y en consecuencia, no estuvo físicamente presente para presentar la solicitud o firmar o autorizar la expedición de los pasaportes de sus menores hijos, aclarando que sólo reconoce que la copia del pasaporte a favor de su menor hija ▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓ con fecha de expedición dieciséte de diciembre de mil novecientos noventa y siete, la ▓▓▓▓ junto con la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, por lo que desconoce cual ▓▓▓▓ con permiso firmado por su puño y letra, del mismo modo refiere que la letra que existe en las solicitudes de la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, refiriendo que recordaba, que unos días antes que sus hijos fueran sustraídos por la madre, su pasaporte él lo tenía guardado en la recamara de su domicilio particular y que lo encontró en otro lugar, sin darle importancia, pero su hijo ▓▓▓▓▓▓▓▓▓ tenía copia de las llaves de la casa, por lo que pensaba que su hija o su hijo, o la madre de éstos pudo haber sustraído el pasaporte, y volvería a dejar, ya que tenían acceso a su casa de él y por motivos de trabajo no se encontraba en el día, pero no se dio cuenta cuando pudieron sacarlo, desconociendo se hubiera utilizado para que se tramitara la expedición de pasaportes, a favor de los menores; asimismo, en cuanto a lo manifestado en el documento de INTERPOL de fecha doce de abril del año en curso, sólo acepta en parte, ya que efectivamente se presentó a solicitar ayuda, pues presentía que a sus hijos los había secado del país la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, como también lo señaló ante el Ministerio Público del Estado de México, el día que conoció que sus hijos ya no estaban habitando en la casa ▓▓▓▓▓, considerando que hace unos meses MARÍA DEL ROSARIO MORENO, le comentó que se había casado con una persona de nombre RONALD COONLEY, de nacionalidad americana y que pensaba llevarse a sus hijos a vivir a los Estados Unidos, entonces él le dijo que no estaba de acuerdo, por lo que no les daría permiso para irse, en una primera instancia, ya que la señora MARÍA ROSARIO MORENO le había dicho, que al señor COONLEY lo había conocido por internet, además, internet, no comentando el tema con la señora ROSARIO MORENO hasta que supo que compañeros de su hijo, que Luis Fernando Castillo Moreno, se iba a vivir a la Ciudad de Salem, Alabama, recordando la plática que había tenido con la señora MARIA DEL ROSARIO MORENO VÁZQUEZ, por lo que piensa que ella se los llevó al extranjero, falsificando su firma; entregando a esa autoridad copia Lasser del

3

C00213

pasaporte; no sabe el lugar en donde se encuentran físicamente, sus menores de nombre ███████ sólo creé que podrían estar en los domicilios que refirió en su declaración de fecha veintidós de marzo del año en curso, entregando copias de la información de Internet para que se agreguen al expediente; si ha mantenido contacto por Internet con sus menores hijos, enviado mensajes al correo de su hijo que es ████████████ ███████████████████ desde que se los llevaron, pero hasta la fecha no le ha contestado; en cuanto a su hija no ha podido tener comunicación con ella; que desde antes del veintiocho de febrero del año en curso hasta la fecha, no ha visto ni ha tenido contacto y no sabe nada de la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, ya que no se ha comunicado con él, ya que no sabe dónde buscarla, pues aún cuando consiguió unas direcciones por Internet de su supuesto esposo no sabe si sea la dirección correcta; la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, cuenta con una resolución judicial del año de mil novecientos noventa y uno, la cual hasta la fecha no se ha modificado, en dónde el Juez Décimo de lo Familiar con residencia en el Distrito Federal, resolvió otorgar la custodia compartida, de ████████████ pero la patria potestad la ejercen ambos padres, en cuanto a su hija ██████████ no se había declarado nada, toda vez que en esas fechas no había nacido, por lo que la custodia y la patria potestad la ejercen ambos, documentos que existen en el expediente y que el mismo exhibió; que estaba dispuesto a que se le practicaran pruebas de caligrafía y dactilar para acreditar su dicho, ya que él no firmó ni digitalizó su huella. (fojas 73) a 75).

7.- Oficio sin número del fecha veintidós de abril de ████████ dos mil cuatro, recibido en la Oficialía de partes de la Subprocuraduría de Investigación Especializada en Delincuencia Organizada, el veintiséis de ese mismo mes y año, suscrito por el licenciado Antonio Jáuregui Quintana, Gerente de Asuntos Contenciosos y Flota de Aerovías de México, mediante el cual anexa copias simples de cupones de viaje a favor de ████████████████ utilizados en la ruta México - Atlanta vuelo seiscientos treinta y seis del día veintisiete de febrero del dos mil cuatro (fojas 100 y 101).

8.- Dictamen en materia de Identificación grafoscopia, de fecha diez de junio de dos mil cuatro, suscrito por los peritos Praxedis Irma García y Rosa Flores Vázquez, adscritos a la Dirección General de Servicios Periciales, dependiente de la Procuraduría General de la República, en la que concluyeron que: PRIMERO.- Los dactilogramas impresos en la ficha decadactilar a nombre de CASTILLO TAPIA JOSÉ FERNANDO, NO CORRESPONDEN, con las impresiones dactilares estampadas en las formas OP-7, con la leyenda índice derecho e izquierdo de los menores ███████████ ████████████████ SEGUNDA.- Segundo.- Los dactilogramas estampados en la forma OP-7, con la leyenda índice derecho e izquierdo de los menores ████████████ ambos de apellido castillo moreno, CORRESPONDEN con las impresiones dactilares de los medios derecho e izquierdo de la ficha decadactilar a nombre de Barrera Hernández Artemio (fojas 137 a la 148).

## CONSIDERANDO.

PRIMERO.- COMPETENCIA.- Este Juzgado Séptimo de Distrito en el Estado de México, tiene competencia por razón de fuero y territorio para conocer del presente asunto, en virtud de que los hechos que le dieron origen están regulados por una Ley Federal y acontecieron en la comprensión territorial en la que ejerce jurisdicción este tribunal, de conformidad con lo dispuesto por los artículos 104, fracción I, de la Constitución Federal, 6 del Código Penal Federal, 48 y 50, fracción I, inciso a) y m) de la Ley Orgánica del Poder Judicial de la Federación, y Apartado Cuarto, segundo punto, párrafo segundo, del Acuerdo General número 23/2001, del Pleno de la Judicatura Federal, de dieciséis de abril de dos mil uno, relativo la determinación y número de los circuitos en que se divide el territorio de la República Mexicana; a la jurisdicción territorial y especialización por materia de los Tribunales Colegiados y Unitarios de Circuito y de los Juzgados de Distrito.

SEGUNDO.- FUNDAMENTO LEGAL.- El artículo 16 de la Constitución Política de los Estados Unidos Mexicanos, establece:

GENERAL "Artículo 16.- No podrá librarse orden de aprehensión sino por la autoridad judicial y sin que preceda denuncia o querella de un hecho que la ley señale como delito, sancionado cuando meridiano pena privativa de la libertad y existan datos que acrediten el cuerpo del delito y que hagan probable la responsabilidad del indiciado".

Por otra parte el artículo 195, del Código Federal de Procedimientos Penales establece:

"Artículo 195.- Cuando estén reunidos los requisitos del artículo 16 constitucional, el tribunal librará orden de aprehensión, reaprehensión o comparecencia según el caso, contra el inculpado, a pedimento del Ministerio Público.

La resolución respectiva contendrá una relación sucinta de los hechos que la motiven, sus fundamentos legales y la clasificación provisional que se haga de los hechos delictuosos, y se transcribirá inmediatamente al Ministerio Público, para que éste ordene a la policía su ejecución".

De la anterior transcripción se desprende que los requisitos exigidos por el artículo 16, de la Constitución Federal, para el libramiento de la orden de aprehensión solicitada por el Representante Social de la Federación son:
A).- La existencia de una denuncia o querella;
B).- Que los hechos denunciados estén considerados por la ley como delito, y que sean sancionados por lo menos con pena privativa de libertad;
C).- Que los datos existentes en la averiguación previa consignada acrediten el cuerpo del delito; y,

4

D).- Que esos datos hagan probable la responsabilidad del indiciado.

**TERCERO.-** Establecido lo anterior, se procede a realizar el estudio correspondiente a la acreditación de los requisitos indispensables para el libramiento de una orden de captura, como lo que solicita el Agente del Ministerio Público de la Federación y que exige el Artículo 16 Constitucional, así como el numeral 195, del Código Federal de Procedimientos Penales.

El primero de los requisitos requeridos por el artículo 16, de la Constitución Política de los Estados Unidos Mexicanos, señalado en el inciso A), consistente en la existencia de una denuncia o querella, se encuentra acreditada, principalmente, con la declaración ministerial federal del denunciante JOSÉ FERNANDO MORENO TAPIA, ante el agente del Ministerio Público de la Federación, el veintidós de marzo de dos mil cuatro, en donde manifestó: que con la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, procreó a sus menores hijos de nombres ███████████████████████████████ ███████████████████████████████████ ░░░░░░░░░░, quienes vivían con su madre, específicamente, ███████████████████ que se había divorciado de ella, según la sentencia definitiva dictada por el Juez Décimo de lo Familiar en el Distrito Federal; pero el veintiocho de febrero de dos mil cuatro, aproximadamente a las diecisiete horas, se dirigió a recoger a sus hijos al domicilio donde vivía la señora MORENO VÁZQUEZ y sus menores hijos, ███████████████████████████████████████████████████████████ Naucalpan, Estado de México, ███████████████████ recibiendo de la señora María Elena Vázquez Saucedo, madre de Rosario de la señora María del Rosario Moreno Vázquez, en la cual le decía que había sustraído a sus menores hijos de ese domicilio para salir de la Ciudad, sin mencionar el destino de ellos, teniendo sospecha de que se había trasladado a otro país, posiblemente a los Estados Unidos de América, ya que la señora MORENO VÁZQUEZ, le había comentado que en el mes de octubre de dos mil tres, se había casado con una persona norteamericana que conoció por internet, solicitándole permiso para sacar a sus hijos del país a lo cual se le negó, indicándole que era mejor, que primero se establizara como pareja y luego, convendrían el permiso y las visitas recíprocas, situación que tampoco ella aceptó; por lo que el día veintinueve de febrero, del presente año, él se presentó ante el agente del Ministerio Público del Fuero Común, en Naucalpan, en el Estado de México, iniciándose el acta NJ/II/816/04-02, en donde refirió lo anterior, señalando ante esa autoridad, que él no dio autorización ni el consentimiento para que sus menores hijos ████████████████████ salieran del país y tampoco extendió ningún conducto ni beneplácito para que para que obtuvieran el pasaporte de la Secretaría de Relaciones Exteriores; asimismo, el día uno de marzo del año en curso, se presentó en la escuela en donde estudiaban sus hijos, que es el Colegio La Salle en el Estado de México, dónde estableció comunicación con los compañeros de sus hijos, enterándose que la señora MARÍA DEL ROSARIO VÁZQUEZ y sus menores hijos, habían abandonado el país por vía aérea, el día veintisiete de febrero de dos mil cuatro, utilizando los servicios de la empresa Aeroméxico en el vuelo seiscientos treinta y seis con destino a Atlanta Georgia, comentándole sus hijos que su destino final era la Ciudad de Salem Alabama, a la Dirección noventa y siete Lee Road, número cuatrocientos treinta y cuatro, registrado a nombre del señor RONALD COONELY, persona con la que se había casado la señora ROSARIO MORENO VÁZQUEZ, quien puede tener como domicilio ████████████████████, Phenix City Al, ███████████████ Smiths, AL., y ███████ como Barrien Springs Michigan, además del ubicado en ██████████ Columbus GA ██████████, así los Estados Unidos de América; del mismo modo, por pláticas que había tenido con compañeros de su hijo, supieron se comunicaba con ellos a través del internet, siendo su cuenta, comentándoles que posteriormente viajarían fuera de los Estados Unidos de América, pero no conocía el destino, ni cuándo sería, efectuado ese viaje; posteriormente se constituyó ante el Juzgado Décimo de lo familiar en el Distrito Federal en donde solicitó se le concediera la custodia, da sus menores hijos ████████████ ████████████████████████, y ante sus dudas sobre si sus hijos se habían salido del país, se presentó la ventanilla de informes de la Delegación Naucalpan, en el Estado de México de la Secretaría de Relaciones exteriores, para saber si se había expedido algún pasaporte a favor de ellos, y una persona de esa oficina, le informó, que el veintisiete de febrero de dos mil cuatro, se expidieron dicho documentos a favor de ████████████████████████████████████████████████, que la documentación legal que amparaba su permiso, se encontraba en ese domicilio por lo cual solicitó se ventilara lo anterior, toda vez que él no extendió su permiso de manera verbal ni por escrito, ni a través de ningún otro documento y por ese motivo desconocía cualquier firma o autorización que existente en los archivos de esa dependencia, presentando fotocopias simples de la demanda presentada ante el Juez Décimo de lo Familiar constante de seis fojas, fotocopia simple de la denuncia de hechos que presentó en el Estado de México, constante de dos fojas, hoja de la carta que fue dirigida a él, con el nombre de ROSARIO, constante de una foja, fotocopia simple del convenio que presentó él y la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, respecto al divorcio voluntario, y referente a la custodia de su menor hijo ████████████████ constante de dos fojas, fotocopia simple de carta de fecha dieciséis de marzo de dos mil cuatro, expedida por la operadora del Colegio La Salle, suscrita por ANA CECILIA ESQUIVEL HERNÁNDEZ, en el cual menciona que su menor hija ████████ ██████████████████, fotocopia simple de la sentencia de divorcio de fecha veintinueve de enero de mil novecientos noventa y dos, a favor de la señora MARÍA DE ROSARIO MORENO VÁZQUEZ y del declarante, expedida por el Juzgado Décimo de lo Familiar en el Distrito Federal, asimismo presentando el acta de nacimiento en original número ████████ a favor de su menor hijo ████████████ ██████████ expedida por el Juez Central del Registro Civil en el Distrito Federal, y acta de nacimiento en original número █████████████, de fecha doce de marzo de dos mil tres, a favor de su menor hija ████████████████████████ expedida por la oficial número cero dos del registro Civil, licenciada MARGARITA MARISCAL DE OLVERA, del Gobierno del Estado de México, del mismo presentando tres fotografías láser a color de su menor hijo █████████████████████, dos fotografías a color de MARÍA DEL ROSARIO y tres fotografías láser a color de su menor hija ████████████

El segundo de los requisitos exigidos por el artículo 16 de la Constitución Política de los

5

00021

Estados Unidos Mexicanos señalado en el inciso B), consistente en que los presentes hechos denunciados, estén relacionados por la ley como delito y sean sancionados por lo menos con pena privativa de libertad, en el caso se actualiza, pues el artículo 366 ter fracción III, en relación con el diverso 366 quater, del Código Penal Federal, establece penas tres a diez años de prisión, al padre o madre de un menor de dieciséis años que de manera ilícita o sin el consentimiento de quien o quienes ejerzan la patria potestad o la custodia del menor, sin el propósito de obtener un lucro indebido, lo trasladen fuera del territorio nacional con el fin de cambiar su residencia habitual o impedir a la madre o padre, según sea el caso, convivir con el menor o visitarlo.

En cuanto al tercero de los requisitos exigidos por el artículo 16 Constitucional, para el libramiento de una orden de aprehensión, señalado en el inciso C), consistente en que los datos existentes en la averiguación previa consignada, acrediten el cuerpo del delito en estudio, en el caso, del pliego de consignación se desprende que el Agente del Ministerio Público de la Federación de la Unidad Especializada en Investigación de Tráfico de Menores, Indocumentados y Órganos de la Subprocuraduría de Investigación Especializada de Delincuencia Organizada, dependiente de la Procuraduría General de la República, ejerció acción penal en contra de MARÍA DEL ROSARIO MORENO VÁZQUEZ, por su probable responsabilidad en la comisión del delito de TRÁFICO DE MENORES previsto y sancionado en el artículo 366 quater, párrafo segundo, en concordancia con el artículo 366 ter, fracción III, del Código Penal Federal, dichos preceptos establece:

*Art. 366 quater, fracción II párrafo segundo.- Se impondrán las penas que establece éste artículo al padre o madre de un menor de 16 dieciséis años que de manera ilícita o sin el consentimiento de quien o de quienes ejercen la patria potestad o la custodia del menor, sin el propósito de obtener un lucro indebido, lo trasladen fuera del territorio nacional con el fin de cambiar su residencia habitual o impedir a la madre o padre, según sea el caso, convivir con el menor o visitarlo.*

*Art. 366 ter., fracción III.- La persona o personas que reciben al menor.*

*A quienes cometan el delito a que se refiere el presente artículo se les impondrá una multa de tres a diez años de prisión y de cuatrocientos a mil días multa.*

De las anteriores transcripciones se desprende, que los elementos materiales que constituyen el cuerpo del delito de TRÁFICO DE MENORES, son:

a) Que el agente activo tenga la calidad de padre o madre de un menor de dieciséis años;
b) Que de manera ilícita o sin consentimiento de quien o quienes ejerzan la patria potestad o la custodia del menor, lo trasladen fuera del territorio nacional;
c) Que lo realice sin el propósito de obtener un lucro indebido;
d) Que sea con el fin de cambiar su residencia habitual o impedir al padre convivir con el menor o visitarlo.

Además de los elementos mencionados, se requiere que con tal conducta se ponga en peligro el bien jurídico tutelado por la norma, que en el caso es la integridad de la Familia, y libertad física de las personas; siendo que, en la especie, la forma de intervención del sujeto activo, se ubica en la fracción II, del mismo, esto es, como autor material y su forma de realización de la conducta fue dolosa, pues el sujeto activo, conociendo la ilicitud de su proceder quiso el resultado; y dado que se trata de un delito de resultado material y permanente, y se consuma en el momento en que los menores son trasladados fuera del Nacional, y cambia de domicilio donde habitualmente residen, sin la autorización de quien ejerce la patria potestad.

El objeto material del delito, en el caso, es directamente en quien recae la conducta externa del sujeto activo, y que en el presente caso es el sujeto pasivo, siendo los menores de 16 dieciséis años de edad de nombre

Establecidos los elementos materiales u objetivos del cuerpo del delito en cuestión, se procede al estudio correspondiente a efecto de verificar si se encuentran acreditados en términos de lo previsto por el artículo 168, del Código Federal de Procedimientos Penales.

El artículo 168, del Código Federal de Procedimientos Penales señala:

"Artículo 168.- El Ministerio Público acreditará el cuerpo del delito de que se trate y la probable responsabilidad del indiciado, como base del ejercicio de la acción penal; y la autoridad judicial, a su vez, examinará si ambos requisitos están acreditados en autos.

Por cuerpo del delito se entiende el conjunto de los elementos objetivos o externos que constituyen la materialidad del hecho que la ley señale como delito, así como los normativos, en el caso de que la descripción típica lo requiera.

La probable responsabilidad del indiciado se tendrá por acreditada cuando, de los medios probatorios existentes, se deduzca la participación en el delito, la comisión dolosa o culposa del mismo y no exista acreditada a favor del indiciado alguna causa de licitud o alguna excluyente de culpabilidad.

El cuerpo del delito de que se trata y la probable responsabilidad se acreditarán por cualquier medio probatorio que la ley señale".

Los datos de prueba que obran en autos de esta causa penal, valorados de conformidad con los artículos 284, 285, 286 y del 286 al 290 del Código de Procedimientos Penales, son bastantes y suficientes para acreditar los elementos materiales del cuerpo del delito de TRÁFICO DE MENORES previsto y sancionado en el artículo 366 quater, párrafo segundo, y sancionado en el artículo 366 quater, en concordancia con el artículo 366 ter, fracción III, del Código Penal Federal, en la forma siguiente:

El elemento material, señalado en los incisos a) Consistente en que el agente activo tenga la calidad de padre o madre de un menor de dieciséis años; b) Consistente en que de manera ilícita o sin consentimiento de quien o quienes ejerzan la patria potestad o la custodia del menor, lo trasladen fuera del territorio nacional; d) Consistente en que sea con el fin de cambiar su

6

···ÓN PENAL

residencia habitual o impedir al padre convivir con el menor o visitarle., se encuentran acredit. principalmente, con la declaración del denunciante JOSÉ FERNANDO MORENO TAPIA, ante agente del Ministerio Público de la Federación, el veintidós de marzo de dos mil cuatro, en don. manifestó: que con la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, procreó a sus menores hijos de nombres █████████████████████████████████████████████████████

████████████████, respectivamente, quienes vivían con su madre después que se había divorciado de ella, según la sentencia definitiva dictada por el Juez Décimo de lo Familiar en el Distrito Federal; pero el veintiocho de febrero de dos mil cuatro, aproximadamente a las diecisiete horas, se dirigió a recoger a sus hijos al domicilio donde vivía la señora MORENO VÁZQUEZ y sus menores hijos, ████████████████████████ █████████████████████████████████, Naucalpan, Estado de México, código postal 53120, recibiendo de la señora María Elena Vázquez Saucedo, madre de Rosario una carta de la señora María del Rosario Moreno Vázquez, en la cual le declara que había sustraído a sus menores hijos de ese domicilio para salir de la Ciudad, sin mencionar el destino de ellos, teniendo sospecha de que se había trasladado a otro país, posiblemente a los Estados Unidos de América, ya que la señora MORENO VÁZQUEZ, le había comentado que en el mes de octubre de dos mil tres, se había casado con una persona norteamericana que conoció por Internet, solicitándole permiso para sacar a sus hijos del país, a lo cual él se negó, indicándole que era mejor, que primero se estabilizara como pareja y luego, convendrían el permiso y las visitas recíprocas, situación que tampoco ella aceptó; por lo que el día veintinueve de febrero, del presente año, él se presentó ante el agente del Ministerio Público del Fuero Común. en Naucalpan, en el Estado de México; iniciándose el acta NJ/IV/816/04-02, en donde refirió lo anterior, señalando ante esa autoridad, que él no dió autorización ni el consentimiento para que sus menores hijos ████████████████████████████████████████████████████████████████████ salieran del país y tampoco extendió ningún conducto el beneplácito para que para que obtuvieran el pasaporte de la Secretaría de Relaciones Exteriores; asimismo, el día uno de marzo del año en curso, se presentó en la escuela en donde estudiaban sus hijos, que es el Colegio La Salle en el Estado de México, dónde entabló comunicación con los compañeros de sus hijos, enterándose que la señora MARÍA DEL ROSARIO VÁZQUEZ y sus menores hijos, habían abandonado el país por vía aérea, el día veintisiete de febrero de dos mil cuatro, utilizando los servicios de la empresa Aeroméxico en el vuelo seiscientos treinta y seis, con destino a Atlanta Georgia, comentándoles sus hijos que su destino final era la Ciudad de Salem Alabama, a la Dirección noventa y siete Lee Road, numero cuatrocientos treinta y cuatro, registrado a nombre del señor RONALD COONEY, persona con la que se había casado la señora ROSARIO MORENO VÁZQUEZ, quien puede tener como domicilios ████████████████████████ ████████████████████ Smiths, AL., y ████████████████████████████████ Phenix ██y AL ██████████ Columbus GA. ██████ así como Barrien Springs Michigan, además del ████ido, por pláticas que había tenido con compañeros de su hijo, quien se comunicaba con ellos a través ██ Internet, siendo su cuenta, comentándoles que posiblemente viajarían fuera de los Estados Unidos de América, pero no conoce el destino, ni cuando sería efectuado ese viaje; posteriormente se constituyó ante el Juzgado Décimo de lo familiar en el Distrito Federal en donde solicitó se le concediera la custodia, de sus menores hijos ████████████████████████████████████████████████████, y ante ██dudas sobre sus hijos si habían salido del país, se presentó la ventanilla de informes de la D██ ción Naucalpan, en el Estado de México de la Secretaría de Relaciones exteriores, para saber si se h██ ██expedido algún pasaporte a favor de ellos, y una persona de esa oficina, le informó, que el veinti██ ██de febrero de dos mil cuatro, se expidieron dichos documentos a favor de █████████████████████████, que la documentación legal que amparaba su permiso, se ██████ en ese domicilio por lo cual solicitó se verificara lo anterior, toda vez que él no extendió su permi██ de manera verbal ni por escrito, ni a través de cualquier documento o por ese motivo desconoce firma o autorización que existiese en los archivos de esa dependencia, presentando fotocopias simples de la demanda presentada ante el Juez Décimo de lo Familiar constante de seis fojas, fotocopia simple de la denuncia de hechos que presentó en el Estado de México, constante de dos fojas, h█████la carta que fue dirigida a él, con el nombre de ROSARIO, constante de una foja, fotocopia simp█████venio que presentó él y la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, respecto al divorcio voluntario, y referente a la custodia de su menor hijo ████████████████████████ constante de dos fojas, fotocopia simple de carta de fecha dieciséis de marzo de dos mil cuatro, expedida po█████dora del Colegio La Salle, suscrita por ANA CECILIA ESQUIVEL HERNÁNDEZ, en el cual menciona que su menor hija ████████████████████████████, fotocopia simple de la sentencia de divorcio de fecha veintinueve de enero de mil novecientos noventa y dos, a favor de la señora MARÍA DE ROSARIO MORENO VÁZQUEZ y del declarante, expedida por el Juzgado Décimo de lo Familiar en el Distrito Federal, asimismo presentando el acta de nacimiento en original número ████████, a favor de su menor hija ██████████████████████, expedida por el Juez Central del Registro Civil en el Distrito Federal, y acta de nacimiento en original número ██████████, de fecha doce de marzo de dos mil tres, a favor de su menor hija █████████████████████████████ expedida por la oficial número cero dos del registro Civil, licenciada MARGARITA MARISCAL DE OLVERA, del Gobierno del Estado de México, del mismo presentando tres fotografías láser a color de su menor hijo ████████████████████████████, dos fotografías láser a color de su menor hija ██████████████████████ fotografías láser a color de su menor hij███████████ a color de MARÍA DEL ROSARIO y tres

Con la declaración ministerial de FERNANDO CASTILLO TAPIA, de veintitrés de abril de dos mil cuatro, en donde dijo, que tal y como lo señaló en comparecencia de veintidós de marzo del año en curso, no otorgó ninguna autorización para que se emitiera pasaporte a favor de los menores, al tener a la vista la documentación que remitió la Secretaría de Relaciones Exteriores, en donde se aprecia que existe el nombre y la Rúbrica de la persona que solicita la expedición pasaporte a favor de los menores ████████████████████████████████████████████████, así como la copia del pasaporte donde se lee el nombre de JOSÉ FERNANDO CASTILLO TAPIA, quien supuestamente autorizó la expedición del citado documento, al revisar los documentos que constan en el expediente, dijo que desconoce quien firmó por él, así también desconoce de quien es la firma y huella dactilar que

7

000215

aparece en ambas solicitudes, de los menores y en consecuencia, no estuvo físicamente presente para presentar la solicitud o firmar o autorizar la expedición de los pasaportes de sus menores hijos, aclarando que sólo reconoce que la copia del pasaporte a favor de su menor hija ▊▊▊▊▊▊▊▊▊▊▊, con fecha de expedición diecisiete de diciembre de mil novecientos noventa y siete, lo tramitó junto con la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, por lo que desconoce cualquier otro permiso firmado por su puño y letra, del mismo modo refiere que la letra que existe en las solicitudes es de la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, refiriendo que recordaba, que unos días antes que sus hijos fueran sustraídos por la madre, su pasaporte él lo tenía guardado en la recamara de su domicilio particular y que lo encontró en otro lugar, sin darle importancia, pero su hijo ▊▊▊▊▊▊▊▊▊▊▊, tenía copia de la casa, por lo que pensaba que su hija o su hijo, o la madre de éstos pudo haber sustraído el pasaporte, y volverlo a dejar, ya que tenían acceso a su casa de él y por motivos de trabajo no se encontraba en el día, pero no se dio cuenta cuando pudieron sacarlo, desconociendo que se hubiera utilizado para que se tramitara la expedición de pasaportes, a favor de los menores; asimismo, en cuanto a lo manifestado en el documento de INTERPOL de fecha doce de abril del año en curso, sólo acepte en parte, ya que efectivamente se presentó a solicitar ayuda, pues presentía que a sus hijos los había sacado del país la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, como también lo señaló ante el Ministerio Público del Estado de México, el día que conoció que sus hijos ya no estaban habitando en la casa de ▊▊▊▊▊▊▊, considerando que hace unos meses MARÍA DEL ROSARIO MORENO, le comentó que se había casado con una persona de nombre RONALD COONLEY, de nacionalidad americana y que pensaba llevarse a sus hijos a vivir a los Estados Unidos, entonces él le dijo que no estaba de acuerdo, por lo que no les daría permiso para irse, en una primera instancia, ya que la señora MARÍA ROSARIO MORENO le había dicho, que el señor COONLEY lo había conocido por Internet, además, ▊▊▊ era el segundo matrimonio, después de el suyo, que realizaba el tema con la señora ROSARIO MORENO hasta que supo por compañeros de Internet, no comentando el tema con la señora ROSARIO MORENO hasta que supo por compañeros de suyo, que Luis Fernando Castillo Moreno, se iba a ir a la Ciudad de Salem, Alabama, recordando la plática que había tenido con la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, por lo que piensa que ella se los llevó al extranjero, falsificando su firma entregando a esa autoridad copia Lasser del pasaporte; no sabe el lugar en donde se encuentran físicamente, sus menores de nombre ▊▊▊▊▊▊▊▊▊▊▊, sólo creé que podrían estar en ▊▊▊▊ domicilios que refirió en su declaración de fecha veintidós de marzo del año en curso, entregando copia de la información de internet para que se agreguen al expediente; si ha mantenido contacto con ▊▊▊▊▊ con sus menores hijos, enviando mensajes al correo de su hijo que es HYPERLINK ▊▊▊▊▊▊▊▊▊▊▊▊▊ desde que se los llevaron, pero hasta la fecha no le ha contestado; en cuanto a su hija no ha podido tener comunicación con ella; que desde antes del veintiuno de febrero del año en curso hasta la fecha, no la visto ni ha tenido contacto y no sabe nada de la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, ya que no se ha comunicado con él, ya que no sabe dónde buscarla, pues aún cuando consiguió unas direcciones por internet de su supuesto esposo no sabe si sea la dirección correcta; la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, cuenta con una resolución judicial del año de mil novecientos noventa y uno, la cual hasta la ▊▊▊▊▊▊ se ha modificado, en dónde el Juez Décimo de lo Familiar con residencia en el Distrito Federal, ▊▊▊▊ otorgar la custodia compartida, de ▊▊▊▊▊▊▊▊▊▊, pero la patria potestad la ▊▊▊▊▊▊ ambos padres, en cuanto a su hija ▊▊▊▊▊▊▊▊ no se había declarado nada, toda vez que ▊▊▊▊▊ fechas no había nacido, por lo que la custodia y la patria potestad la ejercen ambos, documentos que existen en el expediente y que él mismo exhibió; que estaba dispuesto a que se le practicaran pruebas de caligrafía y dactilar para acreditar su dicho, ya que él no firmó ni digitalizó su huella ▊▊▊▊▊▊.

La declaración de MARÍA ELENA VÁZQUEZ SAUCEDO de fecha siete de abril de dos mil cuatro, quien ante el Agente del Ministerio Público de la Federación, manifestó que es madre de MARÍA DEL ROSARIO MORENO VÁZQUEZ, quien estuvo casada con el señor JOSÉ FERNANDO CASTILLO TAPIA, procreando dos hijos de nombres ▊▊▊▊▊▊▊▊▊▊▊▊▊, quienes actualmente están divorciados, que aproximadamente el día veintiocho de febrero de dos mil cuatro, aproximadamente a las diecisiete horas o las dieciocho horas, llegó a su domicilio el señor FERNANDO CASTILLO TAPIA ya que al parecer ese día iba a ver a sus hijos ▊▊▊▊▊▊▊▊▊, pues al parecer cada quince días los visitaba, él llegar le preguntó por ellos, refiriéndole que no estaban, entregándole una carta, que estaba en un sobre cerrado del trabajo de su hija, al parecer tenía el logotipo de la compañía donde trabajaba, sin percatarse del contenido, misma que le entregó su hija MARÍA DEL ROSARIO, el día veintiséis de febrero de dos mil cuatro, sin decirle a dónde se iba, y se entendía que se llevaba a sus hijos, indicándole que la carta se la entregara a FERNANDO, el día veintisiete de marzo de dos mil cuatro, aproximadamente las siete horas, ella se fue llevándose a sus hijos, reiterando que en ningún momento le dijo a qué lugar se iba, señalando que cuando le preguntó a dónde iba, le contestó de mala gana "ese esa es mi asunto", se fue y ya no regresó, después de esa ocasión ha tenido comunicación en dos o tres ocasiones, en el mes de marzo del presente año, únicamente para saber cómo estaba, al preguntarle cómo estaban los niños dijo, que bien, pero no la indicó en el lugar donde se encontraban, por lo cual no tiene ni idea en donde pueda estar, ya que la comunicación con su hija era nula; no sabe si tiene pasaporte su hija, ni sus nietos.

Testimonios que tienen el valor jurídico que las otorga el artículo 285, al satisfacer las exigencias del artículo 289, del Código Adjetivo de la Materia, pues fueron emitidos por personas que por su edad, capacidad e instrucción tienen el criterio necesario para juzgar del acto, por su probidad, independencia de su posición, así como sus antecedentes personales, tiene completa imparcialidad, además de que el hecho es susceptible de conocerse por sus sentidos, aunado a que los testigos lo conocieron por el mismos y no por inducciones ni referencias de otros, siendo clara y precisa y sin dudas ni reticencias sobre la sustancia del hecho, así como por sus circunstancias esenciales, además de que no fueron obligadas por fuerza, miedo o impulsadas por engaño, error o soborno.

⌐ ͱ ᴺᴬᴸ

Sirve de apoyo a lo anterior, el criterio sostenido por los Tribunales Colegiados de Circuito, Tesis aislada I.8°.C.26K, visible en la página 591, Tomo IX, Semanario Judicial de la Federación y Gaceta, Novena Epoca, que a la letra dice:

"PRUEBA TESTIMONIAL. SU VALORACION. Aunque el valor de la prueba testimonial, queda al prudente arbitrio del Juzgador, ello no debe violar las reglas fundamentales sobre la prueba, pues no debe admitirse que por el hecho de que los testigos fueron uniformes en sus declaraciones sobre determinado hecho, tenga que otorgársele valor probatorio pleno a sus dichos, pues la prueba valorada en su integridad, como lo es que los testigos coincidan tanto en lo esencial como en lo incidental del acto; conozcan por sí mismos los hechos sobre los que declaran y no por inducción ni referencia de otras personas; que expresen por qué medios se dieron cuenta de los hechos sobre los que depusieron aún cuando hubieren sido tachados por la contraparte; que justifiquen la verosimilitud de su presencia en el lugar de los hechos; que den razón fundada de su dicho y que coincida su ofrecimiento con la narración de los hechos materia de la litis".

Lo anterior se robustece con la diligencia de inspección practicada por el Agente del Ministerio Público de la Federación, el veintidós de marzo de dos mil cuatro, en donde dio fe de tener a la vista: a).- Copias simples de la demanda presentada ante el Juez Décimo de lo familiar, en donde ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ emendó a la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, ▓▓▓▓▓▓▓▓▓▓▓ custodia de persona para la guarda y custodia del men▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, la custodia total de la menor ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, constante de seis fojas, b).- Copia simple de la denuncia de hechos que presentó JOSÉ FERNANDO TAPIA en el Estado de México, ante el Agente del Ministerio Público en Naucalpan, Estado de México, constante de dos fojas; c).- Hoja de la carta dirigida a "Fernando", suscrita por "Rosario". d).- fotocopia simple del convenio realizado entre JOSÉ FERNANDO CASTILLO TAPIA y MARÍA DEL ROSARIO MORENO VÁZQUEZ, presentado e la consideración del Juez de lo familiar en el Juicio de Divorcio Voluntario, referente a la custodia relacionada con su menor hijo ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, constante de dos fojas. e).- fotocopia simple de la carta de fecha dieciséis de marzo de dos mil cuatro, expedida por la Directora del Colegio La Salle, suscrita por Ana Cecilia Esquivel Hernández, en el cual menciona que ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓estuvo inscrito en el ese (sic) Colegio durante el curso 2003-2003, en segundo grado y en 2003 y 2004, en tercer grado, hasta el día veintiséis febrero de dos mil cuatro, apareciendo en los registros oficiales como su padre JOSÉ FERNANDO CASTILLO TAPIA; f).- Copia simple de la sentencia de divorcio de fecha veintinueve de enero de mil novecientos noventa y dos, a favor de la señora MARÍA DE ROSARIO MORENO VÁZQUEZ y el querellante expedida por el Juzgado ▓▓▓▓▓ de lo Familiar en el Distrito Federal; g).- Acta de nacimiento en original número 4521638, a favor ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, expedida por el Juez Central del Registro Civil en el Distrito Federal; h).- Acta de nacimiento en original número A-929095, de fecha doce de marzo de dos mil tres, a favor de ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ expedida por la oficial número cero dos del Registro Civil, la licenciada Margarita Mariscal De Olvera, del Gobierno del Estado de México; i) Tres fotografías láser a color de ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓; j).- tres fotografías láser a color de ▓▓▓▓ ▓▓▓; k).- Dos fotografías láser a color de ▓▓▓▓

Con el oficio número DGAPII/3318/04/0550/01-AAH, de fecha catorce de abril de dos mil cuatro, suscrito por el Agente del Ministerio Público de la Federación adscrito e la Dirección General de Asuntos Policiales Internacionales INTERPOL, dependiente de la Procuraduría General de la República, en el cual ▓▓▓▓▓ entre otras cosas lo siguiente: "Al respecto me permito hacer de su conocimiento que esta Unidad Administrativa cuenta con un expediente administrativo relacionado con la ubicación de los menores de ▓▓▓▓▓ Castillo Moreno mismo que dio inicio el dos de marzo del año en curso, con motivo de la solicitud que presentara en esta oficina el C. FERNANDO CASTILLO TAPIA, padre de los niños quien manifestó tener la presunción de que sus hijos habían sido trasladado a los Estados Unidos de América por su madre MARÍA DEL ROSARIO MORENO VÁZQUEZ MORENO. En virtud de lo antes descrito esta oficina inició las investigaciones correspondientes, lográndose detectar que los menores y su madre arribaron a la ciudad de Atlanta, Georgia, Estados Unidos de América el veintisiete de febrero de dos mil cuatro, en el vuelo ▓▓▓▓ seiscientos treinta y seis de la línea aérea Aeroméxico, motivo por el cual se entabló comunicación con Interpol - Washington, a fin de solicitar su colaboración para la ubicación de la señora MARÍA DEL ROSARIO MORENO, y sus menores hijos ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. El pasado veintidós de marzo la Interpol - Washigton informó a esta Unidad Administrativa, que la policía Estatal de Alabama envió un Agente investigador para entrevistar a la señora MARÍA DEL ROSARIO MORENO, quien acreditó tener la custodia de sus menores hijos, asimismo refirió que el padre de los menores ha llamado para amenazarla, por lo que decidió cambiar de domicilio y de número telefónico, motivo por el cual las autoridades estadounidenses refieren que por seguridad y bienestar de la familia no están autorizadas para revelar su paradero".

Con el oficio sin número de fecha catorce de abril de dos mil cuatro, el Director de Normatividad de la Secretaría de Relaciones Exteriores, remitió copia certificada de los siguientes documentos: a).- Copia certificada de la solicitud de pasaporte ordinario Mexicano, a nombre MORENO VÁZQUEZ MARIA DEL ROSARIO, donde aparece una fotografía ilegible (foja 57); b).- copia certificada del pasaporte ilegible número 6706408, a nombre de MARÍA DEL ROSARIO MORENO VÁZQUEZ (foja 58); c).- Dos solicitudes de pasaporte ordinario, Mexicano, (OP-5), número 6290 y 6289, a nombre de los menores ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, en el recuadro que dice FIRMA DEL QUERELLANTE aparece el nombre de ▓▓▓▓▓▓▓▓▓▓▓▓ en el ▓▓▓▓▓▓▓ en el recuadro que dice: firma de conformidad con los datos contenidos en el pasaporte al recibirlo, una firma ilegible, con fecha dieciséis de octubre de dos mil cuatro, señalando como lugar, Naucalpan, Estado de México, en la siguiente foja, donde aparecen datos del Padre o Tutor, se encuentra marcada con una "x", el recuadro que dice "Como Padre", para realizar el trámite se identificó como el pasaporte ▓▓▓▓▓▓▓▓▓▓▓▓ expedido por la Secretaría de Relaciones Exteriores de fecha seis de

9

000221

noviembre de dos mil tres, apareciendo una firma ilegible, así como las huellas dactilares del dedo índice izquierdo e índice derecho y, en los datos de la madre o Tutora, aparece en el recuadro señalado como Madre una "x", para realizar el trámite se identificó con el pasaporte número 03350056604, expedido por la Secretaría de Relaciones Exteriores el veintidós de septiembre de dos mil tres, aparece una firma ilegible y la huella de los dedos índice izquierdo e índice derecho (fojas 60, 61 65 y 66); d).- Copia certificada ~~████~~
(foja 62); e) Copia certificada del pasaporte número 03340032358, a nombre de CASTILLO TAPIA JOPE FERNANDO, expedido por la Secretaría de Relaciones (foja 63); f).- Copia    certificada del pasaporte número 03350056604, a nombre de MORENO VÁZQUEZ MARIA DEL ROSARIO (foja 64); g).- copia certificada de acta de nacimiento número A2929095, a nombre de ~~████~~
(foja 67); h).- Copia    certificada del pasaporte número 97380053111, a nombre de ~~████~~ expedido el diecisiete de diciembre de mil novecientos noventa y siete y con fecha de caducidad diecisiete de diciembre de dos mil dos, en Naucalpan, México.

Con el oficio sin número del fecha veintidós de abril de dos mil cuatro, recibido en la Oficialía de partes de la Subprocuraduría de Investigación Especializada en ~~████~~ Delincuencia Organizada, el veintiséis de ese mismo mes y año, suscrito por el licenciado Antonio Jáuregui Quintana, Gerente de Asuntos Contenciosos y Flota de Aerovías de México, mediante el cual anexa copias simples de cupones de viaje a favor de MORENO MARÍA ~~████~~, utilizados en la ruta México - Atlanta vuelo seiscientos treinta y uno con día veintisiete de febrero del dos mil cuatro.

Las pruebas anteriores, tienen el valor de prueba plena, conforme al artículo 284 del Código Federal de Procedimientos Penales, por haberse rendido cumpliendo las exigencias previstas por la ley.

Resulta aplicable la tesis emitida por el Segundo Tribunal Colegiado del Quinto Circuito, consultable en el Semanario Judicial de la Federación, Octava Época, Tomo: XI, Febrero de 1993, visible en la página 280, que a la letra dice:

"MINISTERIO PUBLICO, FACULTADES CONSTITUCIONALES DEL, EN LAS DILIGENCIAS DE AVERIGUACION PREVIA, INSPECCION OCULAR. No es atendible el argumento de un inculpado en el sentido de que la inspección ocular y ministerial practicadas por el Ministerio Público Federal, carecen de valor probatorio porque se originaron en el periodo de averiguación y no fueron confirmadas ni practicadas en el periodo de instrucción. Al respecto debe mencionarse que la Ley Orgánica de la Procuraduría General de la República, en su artículo 3, fracción I, reglamenta las facultades que sobre el particular concede la Constitución al Ministerio Público ~~████~~ medios para buscar pruebas es una facultad de origen y responsabilidad de los infractores. El valor de ~~████~~ público, porque de no ser así, se encontraría imposibilitado para acudir a los tribunales a ejercer ~~████~~acción penal; consecuentemente, a dicha institución le está permitido practicar toda clase de diligencias tendientes a acreditar el cuerpo del delito de un ilícito y la responsabilidad del ~~████~~ente. Dentro de tal potestad se halla la prueba de inspección, la cual puede ser la más ~~████~~ hecho que deba apreciarse, la que puede recaer en personas, cosas o lugares, y su ~~████~~ corresponde e los funcionarios del Ministerio Público en las diligencias previas al ~~████~~ de la acción penal, otorgando la ley adjetiva pleno valor probatorio a dichos actos; por lo que ~~████~~ se requiere "que sea confirmada o practicada durante el periodo de instrucción".

Los anteriores medios de prueba se robustecen con el dictamen en materia de identificación, ~~████~~, de fecha diez de junio de dos mil cuatro, suscrito por los peritos Praxedis Irma García y ~~████~~ Flores Vázquez, adscritos a la Dirección General de Servicios Periciales, dependiente de la ~~████~~ General de la República, en la que concluyeron que: PRIMERO.- Los dactilogramas ~~████~~ en la ficha decadactilar a nombre de CASTILLO TAPIA JOSÉ FERNANDO, NO ~~████~~ con las impresiones dactilares estampadas en los formas CR-7, con la leyenda ~~████~~ izquierdo e derecho de los menores ~~████~~. SEGUNDA.- Segundo.- Los dactilogramas estampados en la forma ~~████~~ índice derecho e izquierdo de los menores ~~████~~ con las impresiones dactilares de los medios derecho e izquierdo de la ficha decadactilar a nombre de Barrera Hernández Artemio ~~████~~

La prueba anterior tiene valor de prueba plena, conforme al artículo 288 del Código Federal de Procedimientos Penales, por haberse rendido cumpliendo las exigencias previstas por la ley.

En ese aspecto, converge el contenido de la tesis emitida por el entonces Segundo Tribunal Colegiado del Sexto Circuito, visible a página 488 del tomo IX correspondiente al mes de abril, octava Época, al Semanario Judicial de la Federación que a la letra dice:

"DICTAMENES PERICIALES EN MATERIA PENAL. VALOR PROBATORIO DE LOS.- Dentro del amplio arbitrio que la ley y la jurisprudencia reconoce a la autoridad judicial para justipreciar los dictámenes periciales, el juzgador puede negarse eficacia probatoria o concederles hasta el valor de la prueba plena. Eligiendo entra los emitidos en forma legal o aceptando o desechando el único o los varios que se hubieran rendido, según la idoneidad jurídica que fundada y razonadamente determine respecto uno de otros."

El tercer elemento material señalado en el inciso c), relativo a que lo realice sin el propósito de obtener un lucro indebido, se encuentra acreditado por exclusión, toda vez que de autos no se advierte dato alguno que acredita que la inculpada MARÍA DEL ROSARIO MORENO VÁZQUEZ, tuviere la finalidad de obtener un lucro indebido al llevarse a sus menores hijos de nombres ~~████~~ fuera del país.

10

000222

Por otro lado, en cuanto al último de los requisitos exigidos por el artículo 16 Constitucional, para el libramiento de orden de aprehensión, señalado en el inciso D), **consistente en que los datos que obran en la causa penal hagan probable la responsabilidad de los inculpados**, debe decirse que el delito de TRÁFICO DE MENORES previsto y sancionado en el artículo 366 quáter, párrafo segundo, y sancionado en el artículo 366 quáter, en concordancia con el artículo 366 ter, fracción III, del Código Penal Federal, que se imputa a MARÍA DEL ROSARIO MORENO VÁZQUEZ, se encuentran acreditados.

En efecto, la probable responsabilidad penal de MARÍA DEL ROSARIO MORENO VÁZQUEZ se encuentra acreditada, principalmente, con la declaración del denunciante JOSÉ FERNANDO MORENO TAPIA, ante el agente del Ministerio Público de la Federación, el veintidós de marzo de dos mil cuatro, en donde manifestó: que con la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, procreó a sus menores hijos de nombres ███████████, respectivamente, quienes vivían con su madre después que se había divorciado de ella, según la sentencia definitiva dictada por el Juez Décimo de lo Familiar en el Distrito Federal; pero el veintiocho de febrero de dos mil cuatro, aproximadamente a las diecisiete horas, se dirigió a recoger a sus hijos al domicilio donde vivía la señora MORENO VÁZQUEZ y sus menores hijos ██████████████████ Naucalpan, Estado de México, código postal 53120, recibiendo de la señora María Elena Vázquez Saucedo, madre de Rosario una carta de la señora María del Rosario Moreno Vázquez, en la cual le decía que había sustraído a sus menores hijos de ese domicilio para salir de la Ciudad, sin mencionar el destino de ellos, teniendo sospecha de que se había trasladado a otro país, posiblemente a los Estados Unidos de América, ya que la señora MORENO VÁZQUEZ, le había comentado que en el mes de octubre de dos mil tres, se había casado con una persona norteamericana que conoció por Internet, solicitándole permiso para sacar a sus hijos del país, a lo cual él se negó, indicándole que era mejor, que primero se estabilizara como pareja y luego, convendrían el permiso y las visitas recíprocas, situación que tampoco ella aceptó; por lo que el día veintinueve de febrero, del presente año, él se presentó ante el agente del Ministerio Público del Fuero Común, en Naucalpan, en el Estado de México, iniciándose el acta NJ/II/816/04-02, en donde refirió lo anterior, señalando ante esa autoridad, que él no dio autorización ni el consentimiento para que sus menores hijos ██████████████████████ salieran del país y tampoco extendió ningún conducto ni beneplácito para que para que obtuvieran el pasaporte de la Secretaría de Relaciones Exteriores; asimismo, el día uno de marzo del año en curso, se presentó en la escuela en dónde estudiaban sus hijos, que es el Colegio La Salle en el Estado de México, dónde entabló comunicación con los compañeros de sus hijos, enterándose que la señora MARÍA DEL ROSARIO VÁZQUEZ y sus menores hijos, habían abandonado el país por vía aérea, el día veintisiete de febrero de dos mil cuatro, utilizando los servicios de la empresa Aeroméxico en el vuelo seiscientos treinta y seis, con destino a Atlanta Georgia, comentándoles sus hijos que su destino final era la Ciudad de Salem Alabama ████████████████ nombre del señor RONALD CONNELY, persona con la que se había casado ████ ROSARIO MORENO VÁZQUEZ, quien puede tener como domicilio ██████████ ██████████████ Smiths, AL ██ ██████ Phenix City AL, ████ Columbus GA, ████ así como Barnett Springs ██████, además del ubicado en nueva W████████ NY, ████ dos en los Estados Unidos de América; del mismo modo, por pláticas que había tenido con compañeros de su hijo, quien le comunicaba con ellos a través de Internet, siendo su cuenta ████ comentándoles que posiblemente viajarían fuera de los Estados Unidos de América, pero no conocía el destino, ni cuando sería efectuado ese viaje; posteriormente se constituyó ante el Juzgado Décimo de lo familiar en el Distrito Federal en donde solicitó se le concediera la custodia, de sus menores hijos ███████████████████████████ ██████████████ D, y ante sus dudas sobre sus hijos si habían salido del país, se presentó la ventanilla de informes de la Delegación Naucalpan, en el Estado de México de la Secretaría de Relaciones Exteriores, para saber si se había expedido algún pasaporte a favor de ellos, y una persona de esa oficina le informó, que el veintisiete de febrero de dos mil cuatro, se expidieron dichos documentos a favor de ████████████████████████████ que la documentación legal que amparaba su permiso, se encontraba en ese domicilio por lo cual solicitó se verificara lo anterior, toda vez que él no extendió su permiso de manera verbal ni por escrito, ni a través de cualquier documento y por ese motivo desconocía cualquier firma o autorización que existiere en los archivos de esa dependencia, presentando fotocopias simples de la demanda presentada ante el Juez Décimo de lo Familiar constante de seis fojas, fotocopia simple de la denuncia de hechos que presentó en el Estado de México, constante de dos fojas, hoja de la carta que fue dirigida a él, con el nombre de ROSARIO, constante de una foja, fotocopia simple del convenio que presentó él y la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, respecto al divorcio voluntario, y referente a la custodia de su menor hijo ███████████████ constante de dos fojas, fotocopia simple de carta de fecha dieciséis de marzo de dos mil cuatro, expedida por la operadora del Colegio La Salle, suscrita por ANA CECILIA ESQUIVEL HERNÁNDEZ, en el cual menciona que su menor hijo ███████████████████ fotocopia simple de la sentencia de divorcio de fecha veintinueve de enero de mil novecientos noventa y dos, a favor de la señora MARÍA DE ROSARIO MORENO VÁZQUEZ y del declarante, expedida por el Juzgado Décimo de lo Familiar en el Distrito Federal, asimismo presentando el acta de nacimiento en original número ████████ 8, a favor de su menor hijo ██████████████ expedida por el Juez Central del Registro Civil en el Distrito Federal, y acta de nacimiento en original número █████████ de fecha doce de marzo de dos mil tres, a favor de su menor hija ██████████ ████████ RENO, expedida por la oficial número cero dos del registro Civil, licenciada MARGARITA MARISCAL DE OLVERA, del Gobierno del Estado de México, del mismo presentando tres fotografía láser a color de su menor hijo ██████████████████████, dos fotografías a color d██████ ███████████ y tres fotografías láser a color de su menor hija ████████████ ██████.

11

000223

Con la declaración ministerial de **FERNANDO CASTILLO TAPIA**, de veintitrés de abril de dos mil cuatro, en donde dijo, que tal y como lo señaló en comparecencia de veintidós de marzo del año en curso, no otorgó ninguna autorización para que se emitiera pasaporte a favor de los menores, al tener a la vista la documentación que remitió la Secretaría de Relaciones Exteriores, en donde se aprecia que existe el nombre y la Rubrica de la persona que solicito la expedición ▓▓▓▓▓▓▓▓ así como la copia del pasaporte donde se lee el nombre de JOSÉ FERNANDO CASTILLO TAPIA, quien supuestamente autorizó la expedición del citado documento, al revisar los documentos que constan en el expediente, dijo que desconoce quien firmó por él, así también desconoce de quien es la firma y huella dactilar que aparece en ambas solicitudes, de los menores y en consecuencia, no estuvo físicamente presente para presentar la solicitud o firmar o autorizar la expedición de los pasaportes de sus menores hijos, aclarando que sólo reconoce que la copia del pasaporte a favor de su menor hija ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ con fecha de expedición diecisiete de diciembre de mil novecientos noventa y siete, lo tramitó junto con la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, no que desconoce cualquier otro permiso firmado por su puño y letra del mismo modo refiere que la letra que existe en las solicitudes es de la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, refiriendo que recordaba, que unos días antes que sus hijos fueran sustraídos por la madre, su pasaporte él lo tenía guardado en la recamara de su domicilio particular y que lo encontró en otro lugar sin darle importancia, pero su hijo ▓▓▓▓▓▓▓▓ tenía copia de las llaves de la casa, por lo que pensaba que su hija o su hijo, o la madre de éstos pudo haber sustraído el pasaporte, y volverlo a dejar, ya que tenían acceso a su casa de él y por motivos de trabajo no se encontraba en el día, pero no se dio cuenta cuando pudieron sacarlo, desconociendo que se hubiere utilizado para que se tramitara la expedición de pasaportes, a favor de los menores; asimismo, en cuanto a lo manifestado en el documento de INTERPOL de fecha doce de abril del año en curso, sólo acepta en parte, ya que efectivamente se presentó a solicitar ayuda, pues presentía que a sus hijos los había sacado del país la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, como también lo señaló ante el Ministerio Público del Estado de México, el día que ▓▓▓▓▓ conoció que sus hijos ya no estaban habitando en la casa de ▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓ considerando que hace unos meses MARÍA DEL ROSARIO MORENO, le comentó que se había casado con una persona de nombre RONALD COONLEY, de nacionalidad americana y que pensaba llevarse a sus hijos a vivir a los Estados Unidos, entonces él le dijo que no estaba de acuerdo, por lo que no les daría permiso para irse, en una primera instancia, ya que la señora MARÍA DEL ROSARIO MORENO le había dicho, que al señor COONLEY lo había conocido por Internet, además, que era el segundo matrimonio, después del suyo, que realizaba con gentes que conocía por Internet, no comentando el tema con la señora ROSARIO MORENO hasta que supo por compañeras de su hijo, que Luis Fernando Castillo Moreno, se iba a vivir a la Ciudad de Salem, Alabama, recordando la plática que había tenido con la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, por lo que piensa que ella se los llevó al extranjero, falsificando su firma; entregando a esa autoridad copia Lasser del pasaporte; no sabe el lugar en donde se encuentran físicamente, sus menores de nombre ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ sólo creó que podrían estar ▓▓▓▓▓▓▓▓ domicilio que refirió en su declaración de fecha veintidós de marzo del año en curso, entregando ▓▓▓▓ de la información de Internet para que se agreguen al expediente; si ha mantenido contacto por ▓▓▓▓▓▓▓ con sus menores hijos, enviado mensajes al correo de su hijo que es ▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ desde que se los llevaron, pero hasta ▓▓▓▓▓ no la ha contestado; en cuanto a su hija no ha podido tener comunicación con ella; que desde ▓▓▓▓ del veintiocho de febrero del año en curso hasta la fecha, no la visto ni ha tenido contacto y no sabe nada de la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, ya que no se ha comunicado con ▓▓▓▓▓▓▓▓▓ sabe dónde buscarla, pues aún cuando consiguió unas direcciones por Internet de su ▓▓▓▓▓▓▓ esposo no sabe si sea la dirección correcta; la señora MARÍA DEL ROSARIO MORENO ▓▓▓▓▓▓▓▓ cuenta con una resolución judicial del año de mil novecientos noventa y uno, la cual hasta la fecha no se ha modificado, en dónde el Juez Décimo de lo Familiar con residencia en el Distrito Federal resolvió otorgar la custodia compartida, de ▓▓▓▓▓▓▓▓▓▓ pero la patria potestad ▓▓▓▓▓▓▓ ambos padres, en cuanto a su hija ▓▓▓▓▓▓▓▓▓▓ no se había declarado nada, toda vez ▓▓▓▓▓▓▓ fechas no había nacido, por lo que la custodia y la patria potestad la ejercen ambos, documentos que existen en el expediente que al mismo exhibía; que estaba dispuesto a que se la practicaran pruebas de caligrafía y dactilar para acreditar dicho, ya que él no firmó ni digitalizó su huella.

La declaración de **MARÍA ELENA VÁZQUEZ SAUCEDO** de fecha siete de abril de dos mil cuatro, quien ante la Agencia del Ministerio Público de la Federación, manifestó que es madre de MARÍA DEL ROSARIO MORENO VÁZQUEZ, quien estuvo casada con el señor JOSÉ FERNANDO CASTILLO TAPIA, procreando dos hijos de nombres ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓ actualmente están divorciados; que efectivamente el día veintiocho de febrero de dos mil cuatro, aproximadamente a las dieciséis horas o las dieciocho horas, llegó a su domicilio el señor FERNANDO CASTILLO TAPIA ya que al parecer ese día iba a ver a sus hijos ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ pues al parecer cada quince días los visitaba, al llegar le preguntó por ellos, refiriéndole que no estaban, entregándole una carta, que estaba en un sobre cerrado del trabajo de su hija, al parecer tenía el logotipo de la compañía donde trabajaba, sin percatarse del contenido, misma que le entregó su hija MARÍA DEL ROSARIO, el día veintiséis de febrero de dos mil cuatro, sin decirle a dónde se iba, y se entendía que se llevaba a sus hijos, indicándole que la carta se la entregara a FERNANDO, el día veintisiete de marzo de dos mil cuatro, aproximadamente a las siete horas, ella se fue llevándose a sus hijos, reiterando que en ningún momento le dijo a qué lugar se iba, señalando que cuando le preguntó a dónde iba, le contestó de mala gana "ese es mi asunto", se fue y ya no regresó, después de ese ocasión ha tenido comunicación en dos o tres ocasiones, en el mes de marzo del presente año, únicamente para saber cómo estaba, al preguntarle cómo estaban los niños, dijo, que bien, pero no le indicó en el lugar donde se encontraban, por lo cual no tiene ni idea en donde pueda estar, ya que la comunicación

12

con su hija era nula; no sabe si tenía pasaporte su hija, ni sus nietos.

Testimonios como ya se dijo tienen el valor jurídico que les otorga el artículo 285, al satisf. las exigencias del artículo 289, del Código Adjetivo de la Materia,

Lo anterior se robustece con la diligencia de inspección practicada por el Agente del Ministerio Público de la Federación, el veintidós de marzo de dos mil cuatro, en donde dio fe de tener a la vista: a).- Copias simples de le demanda presentada ante al Juez Décimo de lo familiar, en donde ▬▬▬▬ demandó a la señora MARÍA DEL ROSARIO MORENO VÁZQUEZ, el cambio ▬▬ custodia de persona para la guarda y custodia del menor ▬▬▬▬▬▬ la custodia total de la menor ▬▬▬▬▬▬▬▬▬▬▬▬▬ constante de seis fojas. b.- Copia simple de la denuncia de hechos que presentó JOSÉ FERNANDO TAPIA en el Estado de México, ante al Agente del Ministerio Público en Naucalpan, constante de dos fojas; c).- Hoja de la carta dirigida a "Fernando", suscrita por "Rosario". d).- fotocopia simple del convenio realizado entre JOSÉ FERNANDO CASTILLO TAPIA y MARÍA DEL ROSARIO MORENO VÁZQUEZ, presentado a la consideración del Juez de lo familiar en el Juicio de Divorcio Voluntario, referente a la custodia relacionada con su menor hijo ▬▬▬▬▬▬▬▬▬▬▬, constante de dos fojas. e).- fotocopia simple de la carta de fecha dieciséis de marzo de dos mil cuatro, expedida por la Directora del Colegio La Salle, suscrita por Ana Cecilia Esquivel Hernández, en el cual menciona que ▬▬▬▬▬▬▬, estuvo inscrita en el ese (sic) Colegio durante el curso 2003-2003, en segundo grado y en 2003 y 2004, en tercer grado, hasta el día veintiséis febrero de dos mil cuatro, apareciendo en los registros oficiales como su padre JOSÉ FERNANDO CASTILLO TAPIA; f).- Copia simple de la sentencia de divorcio de fecha veintinueve de enero de mil novecientos noventa y seis, a favor de la señora MARÍA DE ROSARIO MORENO VÁZQUEZ y el querellante expedida por el Juzgado Décimo de la Familiar en el Distrito Federal; g).- Acta de nacimiento en original número ▬▬▬▬▬ favor de ▬▬▬▬▬▬▬ Dis ▬▬▬▬▬▬ n).- Acta de nacimiento en original número ▬▬▬▬▬ expedida por el Juez Central del Registro Civil en el mil tres, a favor de ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬, de fecha doce de marzo de dos ▬▬▬▬▬▬▬ Registro Civil, la licenciada Margarita Mariscal de Olvera ▬▬▬▬▬ expedida por la oficial número cero dos del fotografías láser a color de ▬▬▬▬▬▬▬▬▬▬ del Gobierno del Estado de México; i) Tres ▬▬▬▬▬▬▬ ; k).- tres fotografías láser a color de ▬▬▬▬▬▬▬▬▬ ; j).- Dos fotografías láser a color de

Con el oficio número DGAPII/3816/04/0850/04-AAF de fecha catorce de abril de dos mil cuatro, suscrito por el Agente del Ministerio Público de la Federación adscrito a la Dirección General de Asuntos ▬▬▬▬▬ Policiales Internacionales INTERPOL, dependiente de la Procuraduría General de la República, en el cual ▬▬▬▬▬ entre otras cosas lo siguiente: " Al respecto me permito hacer de su conocimiento que esta Unidad ▬▬▬▬ Castillo Moreno mismo que dio inicio el dos de marzo del año en curso, con motivo de la solicitud ▬▬▬▬ ntara en esta oficina el C. FERNANDO CASTILLO TAPIA, padre de los niños quien manifestó ▬▬▬▬▬ presunción de que sus hijos habían sido trasladados a los Estados Unidos de América por su ▬▬▬ MARÍA DEL ROSARIO MORENO VÁZQUEZ MORENO ▬ las investigaciones correspondientes, lográndose detectar que los menores y su madre arribaron a la Ciudad de Atlanta, Georgia, Estados Unidos de América el veintisiete de febrero de dos mil cuatro, en el vuelo seiscientos treinta y seis de la línea aérea Aeroméxico, motivo por el cual se entabló comunicación con Interpol - Washintong, a fin de solicitar su colaboración para la ubicación de la señora ▬▬▬▬ DEL ROSARIO MORENO, y sus menores hij ▬▬▬▬▬▬▬▬▬ el pasado veintisé ▬▬▬▬ marzo la Interpol - Washington informó a ▬▬▬▬ administrativa, que la policía Estatal de Alabama envió un Agente investigador para entrevistar a la señora MARÍA DEL ROSARIO MORENO, quien acreditó tener la custodia de sus menores hijos, ▬▬▬▬▬ refirió que el padre de los menores he llamado para amenazarla, por lo que decidió cambiar de domicilio y de número telefónico, motivo por el cual las autoridades estadounidenses refieren que por seguridad y bienestar de la familia no están autorizadas para revelar su paradero".

Con el oficio sin número de fecha catorce de abril de dos mil cuatro, el Director de Normatividad de la Secretaría de Relaciones Exteriores, remitió copia certificada de los siguientes documentos: a).- Copia certificada de la solicitud de pasaporte ordinario Mexicano, a nombre MORENO VÁZQUEZ MARÍA DEL ROSARIO, donde aparece una fotografía ilegible (foja 57); b).- copia certificada del pasaporte ilegible número 6706408, a nombre de MARÍA DEL ROSARIO MORENO VÁZQUEZ (foja 58); c).- Dos solicitudes de pasaporte ordinario, Mexicano, (OP-5) número 6290 y 6289, a nombre de los menores ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ número 6290 y 6289, a nombre de los recuadro que dice FIRMA DEL QUERELLANTE aparece el nombre de ▬▬▬▬▬▬▬▬▬▬▬, en el ▬▬▬▬▬ en el recuadro que dice: firma de conformidad con los datos contenidos en el pasaporte al recibirlo, una firma ilegible, con fecha dieciséis de octubre de dos mil cuatro, señalando como lugar, Naucalpan, Estado de México, en la siguiente foja, donde aparecen datos del Padre o Tutor, se encuentra marcada con una "x", en el recuadro que dice "Como Padre"; para realizar el trámite se identificó como al pasaporte 033400323356, expedido por la Secretaría de Relaciones Exteriores de fecha seis de noviembre de dos mil tres, apareciendo una firma ilegible, así como las huellas dactilares del dedo índice izquierdo e índice derecho y, en los datos de la madre o Tutora, aparece en el recuadro señalado como Madre una "x", para realizar el trámite se identificó con el pasaporte número 03350056604, expedido por la Secretaría de Relaciones Exteriores el veintidós de septiembre de dos mil tres, aparece una firma ilegible y la huella de los dedos índice izquierdo e índice derecho (fojas 60, 61 65 y 66); d).- Copia certificada del acta de nacimiento número ▬▬▬▬▬ a nombre de ▬▬▬▬▬▬▬▬ (foja 62); e) Copia certificada del pasaporte número 03340023356, a nombre de CASTILLO TAPIA JOPÉ FERNANDO, expedido por la Secretaría de Relaciones (foja 63); f).- Copia certificada del pasaporte número 03350056604, a nombre de MORENO VÁZQUEZ MARÍA DEL ROSARIO (foja 64); g).- copia certificada de acta de nacimiento número ▬▬▬▬▬▬ nombre de ▬▬▬▬▬▬▬

13

00022

MORENO (foja 67); h).- Copia certificada del pasaporte número ███████ ████ ███████ apedido el diecisiete de diciembre de mil novecientos noventa y siete y con fecha de caducidad diecisiete de diciembre de dos mil dos, en Naucalpan, México.

Con el oficio sin número del fecha veintidós de abril de dos mil cuatro, recibido en la Oficialía de partas de la Subprocuraduría de Investigación Especializada en ███████ Delincuencia Organizada, el veintiséis de ese mismo mes y año, suscrito por el licenciado Antonio Jáuregui Quintana, Gerente de Asuntos Contenciosos y Flota de Aerovías de México, mediante el cual anexa copias simples de cupones de viaje a favor de MORENO MARÍA ███████ utilizados en la ruta México - Atlanta vuelo seiscientos treinta y seis del día veintisiete de febrero del dos mil cuatro.

Las pruebas anteriores como ya se dijo; tienen el valor de prueba plena, conforme al artículo 284 del Código Federal de Procedimientos Penales, por haberse rendido cumpliendo las exigencias previstas por la ley.

Los anteriores medios de convicción se robustecen con el dictamen en materia de identificación, grafoscopia, de fecha diez de junio de dos mil cuatro, suscrito por los peritos Praxedis Irma García y Rosa Flores Vázquez, adscritos a la Dirección General de Servicios Periciales, dependientes de la Procuraduría General de la República, en la que concluyeron que; PRIMERO.- Los dactilogramas impresos en la ficha decadactilar a nombre de CASTILLO TAPIA JOSÉ FERNANDO, NO CORRESPONDEN, con las impresiones dactilares estampadas en las formas OP-7, con la leyenda índice derecho e izquierdo de los menores. ███████ Segundo.- Los dactilogramas estampados en la forma OP-7, con la leyenda índice derecho e izquierdo de los menores ███████ apellido castillo moreno, CORRESPONDEN con las impresiones dactilares derecho e izquierdo de la ficha decadactilar a nombre de Barrera Hernández Artemio.

La prueba anterior como ya se dijo tiene valor de prueba plena, conforme al artículo 288 del Código Federal de Procedimientos Penales, por haberse rendido cumpliendo las exigencias previstas por la ley.

Es así como los datos incriminatorios existentes, en términos del artículo 285 del Código Adjetivo de la materia, constituyen indicios que ███████ ordenamiento legal, integran, por ahora, prueba circunstancial perfecta para tener por demostrado DE DISTRI ███████ del delito de TRÁFICO DE MENORES, así como la probables responsabilidad de MARÍA DEL MERIC ███████ MORENO VÁZQUEZ, en su comisión pues está acreditado, que la agente activo el día E JUAR ███████ de febrero de dos mil cuatro, ███████ menores de nombre ███████ ███████ ███████ Unidos de América en el vuelo seiscientos treinta y seis; arribaron a la ciudad de Atenta, Georgia, ███████ gestiones para obtener su pasaporte en el Municipio de Naucalpan de Juárez, en la Subdelegación de ███████ cretaría de Relaciones Exteriores, con sede en Naucalpan de Juárez, Estado de México, con lo que pusieron en peligro al bien jurídico tutelado por la norma, como lo es la integridad de la Familia, y ███████ física de las personas.

JUL ███ Con lo que se acredita que MARÍA DEL ROSARIO MORENO VÁZQUEZ, probablemente ███████ el delito de TRÁFICO DE MENORES.

GENERAL ███████ respecto es aplicable la jurisprudencia 175, emitida por la Primera Sala de la anterior ███████ ción la Suprema Corte de Justicia de la Nación, visible en la página doscientos del Apéndice de ███████ prudencia en cita, del rubro y texto siguiente: PRUEBA CIRCUNSTANCIAL, VALOR DE LA.- La prueba circunstancial se basa en el valor incriminatorio de los indicios y tiene como punto de partida hechos y circunstancias que están probados y de los cuales se trata de desprender su relación con el hecho inquirido, esto es, ya un dato por complementar, ya una incógnita por determinar, ya una hipótesis por verificar, lo mismo sobre la materialidad del delito que sobre la identificación del culpable y acerca de las circunstancias del acto incriminado.".

Luego estos elementos de convicción, por el momento, se consideran aptos y suficientes para dar cumplimiento a las exigencias del artículo 16 Constitucional, es decir, de que los datos existentes en la averiguación previa sean bastantes para hacer probable la responsabilidad de la inculpada MARÍA DEL ROSARIO MORENO VÁZQUEZ.

CUARTO.- En razón de que los datos de prueba existentes en la presente causa penal, son bastantes y suficientes para reunir los requisitos requeridos por el artículo 16, de la Constitución Política de los Estados Unidos Mexicanos, de conformidad con el artículo 168, del Código Federal de Procedimientos Penales y sin que por ahora exista acreditada en autos alguna causa de exclusión del delito o que extinga la acción penal, procede librar orden de aprehensión en contra de MARÍA DEL ROSARIO MORENO VÁZQUEZ, por su probable responsabilidad en la comisión del delito de TRÁFICO DE MENORES previsto y sancionado en el artículo 366 quater, párrafo segundo, en concordancia con el artículo 366 ter, fracción III, del Código Penal Federal; lo que deberá comunicarse al agente del Ministerio Público de la Federación adscrita, para su oportuno cumplimiento, haciendo de su conocimiento que según se desprende de autos, la indicada tiene su domicilio en ███████ ███████ ███████ Naucalpan, Estado de México ███████ ███████ sin embargo de autos se desprenda que se encuentra fuera del país.

QUINTO.- SUSPENSIÓN DE DERECHOS. Con apoyo en lo dispuesto por el artículo 38, fracción V, de la Constitución Política de los Estados Unidos Mexicanos, que establece que los derechos o prerrogativas de los ciudadanos se suspenden por estar prófugo de la justicia, desde que se dicte la orden de aprehensión hasta que prescriba la acción penal, en el caso procede suspender los derechos

14

ACCION PENAL                                           C.P. /.          000.

políticos a la inculpada en esta causa, en virtud de haberse librado orden de aprehensión en su contra, lo que deberá hacerse del conocimiento del Instituto Federal Electoral, en cumplimiento a lo dispuesto por el artículo 162, párrafo tercero, del Código Federal de Instituciones y Procedimientos Electorales, que establece que los jueces que dicten resoluciones que decreten la suspensión o pérdida de derechos políticos o la declaración de ausencia o presunción de muerte de un ciudadano, deberán notificarlas al Instituto Federal Electoral dentro de los diez días siguientes a la fecha de la respectiva resolución.

Sirve de apoyo, aplicado analógicamente, el criterio sustentado por el PRIMER TRIBUNAL COLEGIADO DEL QUINTO CIRCUITO, visible en la tesis V.1o. J/23, página 38, Tomo: 69, Septiembre de 1993, en la Gaceta del Semanario Judicial de la Federación, Octava Epoca, que a la letra dice:

"SUSPENSION DE DERECHOS PREVISTA POR EL ARTICULO 38 DE LA CONSTITUCION FEDERAL. ALUDE A LAS PRERROGATIVAS DEL CIUDADANO. Una correcta interpretación del artículo 38, fracción II, de la Carta Magna, permite considerar que la suspensión de derechos por causa de un proceso criminal por delito que merezca pena corporal, alude a los derechos políticos o prerrogativas del ciudadano, contempladas por el artículo 35 del mismo cuerpo de leyes, como son: votar en las elecciones populares, poder ser votado para todos los cargos de elección popular y nombrado para cualquier otro empleo o comisión teniendo las calidades que establezca la ley, asociarse para tratar los asuntos políticos del país, tomar las armas en el Ejército o Guardia Nacional para la defensa de la República y de sus instituciones; aun cuando la pena privativa de la libertad también produce suspensión de algunos derechos civiles como son los de tutela, curatela, apoderado, defensor, albacea, síndico, interventor, árbitro o representante de ausentes, sujeto a concurso, o quiebra o suspensión de pagos; incapacidades parciales que duran todo el tiempo de la condena y operan, algunas veces, por ministerio de ley y otras por declaración judicial; pero no así la capacidad de comparecer en juicio para ejercer los propios derechos naturales, de los cuales goza todo individuo jurídicamente capaz."

SEXTO.- Con fundamento en el artículo 168, fracción I, del Código Federal de Procedimientos Penales, entre tanto se da cumplimiento a la presente orden de aprehensión, se decreta la suspensión del procedimiento en lo concerniente a dicha orden y se ordena su archivo provisional.

Por lo anteriormente expuesto y fundado, con apoyo además en los artículos 16 de la Constitución Federal, 142 y 195, del Código Federal de Procedimientos Penales; se,

R E S U E L V E:

PRIMERO.- Se libra orden de aprehensión en contra de MARÍA DEL ROSARIO MORENO VÁZQUEZ, por su probable responsabilidad en el delito de TRÁFICO DE MENORES previsto y sancionado en el artículo 366 quáter, párrafo segundo, en concordancia con el artículo 366 ter, fracción I del Código Penal Federal.

SEGUNDO.- Transcríbase por cuadriplicado la orden de aprehensión a la agente del Ministerio Público de la Federación adscrita, para su debido cumplimiento, proporcionándole los datos que obran en autos, tendientes a la localización de la indiciada MARÍA DEL ROSARIO MORENO VÁZQUEZ, a fin de que una vez lograda su captura se le interne en el Centro Preventivo y de Readaptación Social "Juan Fernández Albarrán" en Tlalnepantla, México, a disposición de este Juzgado.

TERCERO.- Se suspenden los derechos de la indiciada mencionada, en los términos expuestos en el considerando quinto de la presente resolución.

CUARTO.- Se decreta la suspensión del procedimiento, de conformidad con lo establecido en el considerando sexto de esta resolución.

NOTIFÍQUESE ÚNICAMENTE A LA AGENTE DEL MINISTERIO PÚBLICO DE LA FEDERACIÓN ADSCRITA.

Lo resolvió y firma el licenciado Willy Earl Vega Ramírez, Juez Séptimo de Distrito en el Estado de México, con residencia Naucalpan de Juárez, quien actúa asistido por el secretario licenciado Armando Castañeda Díaz que autoriza y da fe.- Doy Fe.-

AL CALCE DOS RUBRICAS ILEGIBLES.

EL LIC. _Armando Castañeda Díaz_
SECRETARIO DEL JUZGADO SEPTIMO DE DISTRITO EN EL
ESTADO DE MEXICO, CERTIFICA: QUE LAS PRESENTES
COPIAS CONCUERDAN FIELMENTE CON LOS ORIGINALES
QUE OBRAN EN LA CAUSA _702/2004_ Y SE EXPIDEN EN
_15_ FOJAS UTILES, PAPA SER
ENTREGADAS
A _la agente del Ministerio Público Federal_
_adscrita_ EN CUMPLIMIENTO DE LO
ORDENADO     POR     JTO     D     FECHA
_27-Sept-2004_                         DOY FE.-

JUZGADO SEPTIMO DE DISTRITO
EN EL ESTADO DE MEXICO, EN
NAUCALPAN DE JUARE

15

**PRUEBA 57**

00022

El que suscribe, licenciado Armando Castañeda Díaz, Secretario del Juzgado Séptimo de Distrito en el Estado de México, CERTIFICA: Que en la causa penal número 72/2004, abierta en contra de María del rosario Moreno Vazquez, por el delito de tráfico de menores, previsto y sancionado por el artículo 366 quater, en relación con el artículo 366 ter, racción III, ambos del Código Penal Federal, el veintisiete de septiembre de dos mil cuatro, se libró orden de aprehensión en contra de la inculpada mencionada, la cual está vigente y prescribe el veintisiete de abril de dos mil once.

El cómputo anterior se hace tomando en cuenta que el artículo 366 ter, del Código Penal Federal, establece pena de prisión de tres a diez años al que cometa el delito de tráfico de menores, y el artículo 366 quater, del ordenamiento legal citado, establece que las penas se reducirán en una mitad, cuando el agente activo sea el padre o la madre de un menor de dieciséis años, que de manera ilícita o sin el consentimiento de quien o quienes ejerzan la patria potestad o la custodia del menor, sin el propósito de obtener un lucro indebido, lo trasladen fuera del territorio nacional, con el fin de cambiar su residencia habitual o impedir al padre o a la madre, según sea el caso, convivir con el menor o visitarlo; por lo que en el caso el plazo de prescripción sería de tres años tres meses, sin embargo, el artículo 101, del Código Penal Federal establece en su párrafo segundo, que los plazos para la prescripción se duplicarán respecto de quienes se encuentren fuera del territorio nacional, si por esa circunstancia no es posible integrar una averiguación previa, concluir un proceso o ejecutar una sanción.

De lo anterior se concluye que el plazo de prescripción de la acción debe ser de seis años con seis meses, que sumado a la fecha del libramiento de la orden de aprehensión nos da la fecha indicada.

Naucalpan de Juárez, Estado de México, a diecinueve de enero de dos mil cinco.



RIA GENERAL
PUBLICA
GENERAL DE
CIONES Y
A JURIDICA

El Secretario del Juzgado Séptimo
de Distrito en el Estado.

Lic. Armando Castañeda Díaz

JUZGADO SEPTIMO DE DISTRITO
N EL ESTADO DE MEXICO, EN
NAUCALPAN DE JUARES

- - - - En la Ciudad de México, Distrito Federal, a los 23 (veintitrés) días del mes de febrero de 2005 (dos mil cinco), el que suscribe, licenciado en derecho Miguel Nava Alvarado, Director General de Extradiciones y Asistencia Jurídica de la Procuraduría General de la República y Agente del Ministerio Público de la Federación, de conformidad con los artículos 2 y 4 fracción VIII, inciso d) del Reglamento de la Ley Orgánica de la Procuraduría General de la República, en ejercicio de las facultades previstas en el numeral 35 fracción I en relación con el artículo 12 fracción X del propio Reglamento de la Ley Orgánica de la Procuraduría General de la República, actuando de manera legal y en compañía de testigos de asistencia que al final firman y dan fe. - - - - - - - - - - - - - - - - - - - - - -
- - - - - - - - - - - - - - - - - - - - - - - C E R T I F I C A: - - - - - - - - - - - - - - - - - - - - - - - - -
- - Que las presentes copias fotostáticas constantes de 227 (doscientas veintisiete) fojas útiles son reproducción fiel y concuerdan en todos sus términos con la documentación que obra en el expediente de extradición internacional radicado en esta área en contra de MARÍA DEL ROSARIO MORENO VÁZQUEZ, misma que tuvo a la vista y se hizo la compulsa correspondiente, lo que se hace constar para todos los efectos legales a que haya lugar. - - - - - - - - - - - - - - - - - - - - - - - - -
- - - - - - - - - - - - - - - - - - - - - DAMOS FE - - - - - - - - - - - - - - - - - - - - - - - - - -

RIA GENERAL
PUBLICA
GENERAL DE          Testigo de Asistencia.                Testigo de Asistencia.
CIONES Y
JURIDICA
Lic. Alejandro Flores Rodríguez                          Lic. Gerardo Ruiz Terroba

2647

PROCURADURIA GENERAL
DE LA REPUBLICA
DIRECCION GENERAL DE
EXTRADICIONES Y
ASISTENCIA JURIDICA

**PRUEBA 58**

# PODER EJECUTIVO

## SECRETARIA DE GOBERNACION

DECRETO por el que se reforma y adiciona diversas disposiciones del Código Penal Federal, del Código Federal de Procedimientos Penales y de la Ley Orgánica del Poder Judicial de la Federación.

Al margen un sello con el Escudo Nacional, que dice: Estados Unidos Mexicanos.- Presidencia de la República.

ERNESTO ZEDILLO PONCE DE LEON, Presidente de los Estados Unidos Mexicanos, a sus habitantes sabed:

Que el Honorable Congreso de la Unión, se ha servido dirigirme el siguiente

### DECRETO

"EL CONGRESO GENERAL DE LOS ESTADOS UNIDOS MEXICANOS, D E C R E T A:

### SE REFORMA Y ADICIONA DIVERSAS DISPOSICIONES DEL CODIGO PENAL FEDERAL, DEL CODIGO FEDERAL DE PROCEDIMIENTOS PENALES Y DE LA LEY ORGANICA DEL PODER JUDICIAL DE LA FEDERACION.

ARTICULO PRIMERO.- Se reforman los artículos 85, fracción I, inciso f), 366, los tres párrafos últimos, 366 bis, párrafo primero, 366 ter y 366 quáter, y se adiciona el artículo 366, con una fracción III y un párrafo segundo, recorriéndose los demás en su orden, del Código Penal Federal, para quedas como sigue:

"Artículo 85.- . . .

I.   . . .

    a) a e) . . .

    f)   Secuestro, previsto en el artículo 366, salvo los dos párrafos últimos, y tráfico de menores, previsto en el artículo 366 ter.

    g) a j) . . .

II.   . . .

. . .

Artículo 366.- . . .

I. y II. . . .

III.   Se aplicarán de veinticinco a cincuenta años de prisión y de cuatro mil a ocho mil días multa, cuando la privación de libertad se efectúe con el fin de trasladar a un menor de dieciséis años fuera de territorio nacional, con el propósito de obtener un lucro indebido por la venta o la entrega del menor.

Se impondrá una pena de treinta a cincuenta años de prisión al o a los secuestradores, si a la víctima del secuestro se le causa alguna lesión de las previstas en los artículos 291 a 293 de este Código.

En caso de que al secuestrado sea privado de la vida por su o sus secuestradores, se aplicará pena de hasta sesenta años de prisión.

Si espontáneamente se libera al secuestrado dentro de los tres días siguientes al de la privación de la libertad, sin lograr alguno de los propósitos a que se refieren las fracciones I y III de este artículo y sin que se haya presentado alguna de las circunstancias previstas en la fracción II, la pena será de dos a seis años y de cincuenta a ciento cincuenta días multa.

En los demás casos en que espontáneamente se libere al secuestrado, sin lograr alguno de los propósitos a que se refieren las fracciones I y III de este artículo, las penas de prisión aplicables serán de cinco a quince años y de doscientos cincuenta hasta quinientos días multa.

Artículo 366 bis.- Se impondrá pena de dos a diez años de prisión y de doscientos a mil días multa, al que en relación con las conductas sancionadas por el artículo anterior y fuera de las causas de exclusión del delito previstas por la ley:

I. a VI. . . .

Artículo 366 ter.- Comete el delito de tráfico de menores, quien traslade a un menor de dieciséis años de edad o lo entregue a un tercero, de manera ilícita, fuera del territorio nacional, con el propósito de obtener un beneficio económico indebido por el traslado o la entrega del

Case 3:06-cv-00761-CSC    Document ...    Filed ...    Page 376 of 385

SECRETARIA DE GOBERNACION

# CODIGO PENAL

PARA EL DISTRITO Y TERRITORIOS FEDERALES

EN MATERIA DE FUERO COMUN

Y PARA TODA LA REPUBLICA EN

MATERIA DE FUERO FEDERAL

TALLERES GRAFICOS DE LA NACION — TOLSA Y ENRICO MARTINEZ
MEXICO, D. F.

Cometen el delito a que se refiere el párrafo anterior:

Quienes ejerzan la patria potestad o custodia sobre el menor, aunque no haya sido declarada, cuando realicen materialmente el traslado o la entrega ... por haber otorgado su consentimiento para ello, ...

... ascendientes sin límite de grado, los parientes colaterales y por afinidad hasta el ... que no tenga parentesco con el ...

... entenderá que las personas a que se refiere el párrafo anterior actúan de manera ... cuando tengan conocimiento de que ...

Quienes ejerzan la patria potestad o custodia del menor lo ... por habérseles otorgado su consentimiento, ... para el traslado o la entrega.

Quienes ejerzan la patria potestad o la custodia del menor obtengan un ... económico indebido por ...

La persona o personas que ...

A quienes cometan el delito a que se refiere el presente artículo se les impondrá una pena de ... años de prisión y de cuatrocientos a ...

... párrafo anterior, se privará de los derechos de patria potestad, tutela o custodia a quienes, en su caso, teniendo el ejercicio de éstos cometan el delito a que se refiere el presente artículo.

Se aplicarán hasta las dos terceras partes de las penas a las que se refiere este artículo, cuando el traslado o entrega del menor se realicen en territorio nacional.

Artículo 366 quáter.- Las penas a que se refiere el artículo anterior se reducirán en una mitad cuando:

I. El traslado o entrega del menor se realice sin el propósito de obtener un beneficio económico indebido, o

II. La persona que reciba al menor tenga el propósito de incorporarlo a su núcleo familiar.

Se impondrán las penas a que se refiere este artículo al padre o madre de un menor de dieciséis años que de manera ilícita o sin el consentimiento de quien o quienes ejerzan la patria potestad o la custodia del menor, sin el propósito de obtener un lucro indebido, lo trasladen fuera del territorio nacional con el fin de cambiar su residencia habitual o impedir a la madre o padre, según sea el caso, convivir con el menor o visitarlo.

Además, se privará de los derechos de patria potestad, tutela o custodia a quienes, teniendo el ejercicio de éstos, cometan el delito a que se refiere el presente artículo.

En los casos a que se refiere este artículo, el delito se perseguirá a petición de parte ofendida.

ARTICULO SEGUNDO.- Se ... el artículo 194, sección I, inciso ... del Código Federal de Procedimientos Penales ...

"Artículo ...

...

ARTICULO TERCERO.- Se reforma el artículo 50, fracción I, incisos X y D; y se adiciona un inciso m) de la Ley Orgánica del Poder Judicial de la Federación, para quedar como sigue:

"Artículo 50.

I. ...

a) a D) ...

b) Los señalados en el artículo 366 del Código Penal ... cuando el ... se ... algún organismo ... de participación ... Gobierno Federal.

DIRECCION GENERAL DE COMPILACION Y CONSULTA ...



CODIGO PENAL

CAPITULO V

Rehabilitación

ARTICULO 99.—La rehabilitación tiene por objeto reintegrar al condenado en los derechos civiles, políticos o de familia que había perdido en virtud de sentencia dictada en un proceso o en cuyo ejercicio estuviere suspenso.

CAPITULO VI

Prescripción

ARTICULO 100.—Por la prescripción se extinguen la acción penal y las sanciones, conforme a los siguientes artículos.

ARTICULO 101.—La prescripción es personal y para ella bastará el simple transcurso del tiempo señalado por la ley.

La prescripción producirá su efecto, aunque no la alegue como excepción el acusado. Los jueces la suplirán de oficio en todo caso, tan luego como tengan conocimiento de ella, sea cual fuere el estado del proceso.

ARTICULO 102.—Los términos para la prescripción de la acción penal serán continuos y se contarán desde el día en que se cometió el delito, si fuere consumado; desde que cesó, si fuere continuo, o desde el día en que se hubiere realizado el último acto de ejecución, si se tratare de tentativa.

ARTICULO 103.—Los términos para la prescripción de las sanciones serán igualmente continuos y correrán desde el día siguiente a aquel en que el condenado se substraiga a la acción de la autoridad, si las sanciones son corporales, y si no lo son, desde la fecha de la sentencia ejecutoria.

ARTICULO 104.—La acción penal prescribe en un año, si el delito sólo mereciere multa. Si el delito mereciere, además de esta sanción, la corporal, o fuere alternativa, se atenderá en todo caso a la prescripción de la pena corporal, y lo mismo se observará cuando corresponda alguna otra sanción accesoria.

ARTICULO 105.—La acción penal prescribirá en un plazo igual al tiempo de la sanción corporal que corresponda al delito; pero en ningún caso bajará de tres años.

ARTICULO 106.—Si el delito sólo mereciere destitución, suspensión, privación de derechos o inhabilitación, la prescripción se consumará en el término de dos años.

ARTICULO 107.—La acción penal que nazca de un delito continuo o no continuo, que sólo puede perseguirse por queja de

CÓDIGO PENAL

cribirá en un año, contado desde el día en que la parte ofendida tenga conocimiento del delito y del delincuente, y en tres, independientemente de esta circunstancia.

ARTICULO 108.—Cuando haya acumulación de delitos, las acciones penales que de ellos resulten se prescribirán separadamente en el término señalado a cada uno. Pero si llenado el requisito inicial de la querella, ya se hubiese deducido la acción ante los tribunales, se observarán las reglas señaladas por el Código para los delitos que se persiguen de oficio.

ARTICULO 109.—Cuando para deducir una acción penal sea necesario que antes se termine un juicio diverso, civil o criminal, no comenzará a correr la prescripción sino hasta que en el juicio previo se haya pronunciado sentencia irrevocable.

ARTICULO 110.—La prescripción de las acciones se interrumpirá por las actuaciones que se practiquen en la averiguación del delito y delincuentes, aunque, por ignorarse quiénes sean éstos, no se practiquen las diligencias contra persona determinada.

Si se dejare de actuar, la prescripción comenzará de nuevo desde el día siguiente a la última diligencia.

ARTICULO 111.—Lo prevenido en la parte final del artículo anterior, no comprende el caso en que las diligencias se practiquen después que haya transcurrido la cuarta parte del término de la prescripción; pues entonces ya no se podrá interrumpir ésta, sino por la aprehensión del acusado. Si desde que se cometió el delito, o desde que cesó, si fuere continuo, o desde que se realizó el último acto de ejecución en la tentativa, hubiere transcurrido un tiempo igual a la tercera parte del término de la prescripción, tampoco se interrumpirá ésta, sino por la aprehensión del acusado.

ARTICULO 112.—Si para deducir una acción penal exigiere la ley previa declaración de alguna autoridad, las gestiones que a ese fin se practiquen interrumpirán la prescripción.

ARTICULO 113.—La sanción pecuniaria prescribirá en un año; las demás sanciones se prescriben por el transcurso de un término igual al que debían durar y una cuarta parte más; pero nunca excederá de quince años.

ARTICULO 114.—Cuando el reo hubiere extinguido ya una parte de su sanción, se necesitará para la prescripción tanto tiempo como el que falte de la condena y una cuarta parte más de ese tiempo; pero estos dos períodos no excederán de quince años.

ARTICULO 115.—La prescripción de las sanciones corporales sólo se interrumpe aprehendiendo al reo, aunque la aprehensión se ejecute por otro delito diverso.



DIARIO OFICIAL          Viernes 13 de enero de 1984

Oficio por el que se comunica a la empresa Tele
Comunicación de Tehuacán, S. A. de C. V.
la concesión para instalar, operar y ex-
plotar un sistema de Televisión por cable en
la ciudad de Tehuacán, Pue. (Primera Pu-
blicación) ...........................................

### SECRETARIA DE DESARROLLO URBANO Y ECOLOGIA

Decreto por el que se declara de utilidad pública
la Construcción de la Presa de Almacena-
miento Peña Colorada y para tal efecto se
expropian en favor del Gobierno Federal te-
rrenos de propiedad particular con super-
ficie de 9-15-13 Has., ubicada en el Municipio
de Tala de Allende, Hgo. ...........................

Decreto por el que se autoriza a la Secretaría de
Desarrollo Urbano y Ecología proceda a
realizar los actos necesarios a efecto de ex-
tinguir el Fideicomiso traslativo de dominio
y de administración, con el inmueble cono-
cido como Ex-Refinería de Arbol Grande
ubicado en Ciudad Madera, Tamps. ..............

### SECRETARIA DE SALUBRIDAD Y ASISTENCIA

Relación de Productos de Belleza y Artículos de
Tocador que se registraron en el mes de
abril de ................................................

### CONVOCATORIAS PARA CONCURSOS DE OBRAS Y ADQUISICIONES

#### SECRETARIA DE LA CONTRALORIA GENERAL DE LA FEDERACION

Convocatoria a todos los Proveedores de la Ad-
ministración Pública Federal que tengan in-
terés en participar en el Concurso Nacional
Mayor No. 1/84, relativo a la Adquisición de
los bienes que se indican. ........................

#### AERONAVES DE MEXICO, S. A.

Convocatoria a las personas físicas o morales
mexicanas que tengan interés en participar
en el Concurso No. AMSA-947/83, relativo a
las obras que se indican, en el Aeropuerto
Internacional de la Ciudad de México. ........

#### CONSEJO DE RECURSOS MINERALES

Convocatoria a todos los Proveedores de la Ad-
ministración Pública Federal que tengan in-
terés en participar en el Concurso Nacional
Mayor No. II/84, relativo a la adquisición de
Partes, Refacciones y Accesorios para Per-
foradoras. .............................................

#### FERROCARRILES NACIONALES DE MEXICO.

Convocatoria a todos los Proveedores de la Ad-
ministración Pública Federal que tengan in-
terés en participar en el Concurso Nacional
Mayor No. 24/84-V, relativo a la adquisición
de los bienes que se indican. ....................

Avisos Judiciales y Generales .....................

# PODER EJECUTIVO

## SECRETARIA DE GOBERNACION

Decreto por el que se reforma, adiciona y deroga
diversas disposiciones del Código Penal para
el Distrito Federal en Materia de Fuero
Común, y para toda la República en Materia
de Fuero Federal.

MIGUEL DE LA MADRID HURTADO, Presi-
dente Constitucional de los Estados Unidos
Mexicanos, a sus habitantes, sabed:

Que el H. Congreso de la Unión se ha servido
dirigirme el siguiente.

### DECRETO:

"El Congreso de los Estados Unidos Mexi-
canos decreta:

SE REFORMA, ADICIONA Y DEROGA
DIVERSAS DISPOSICIONES DEL CODIGO
PENAL PARA EL DISTRITO FEDERAL EN
MATERIA DE FUERO COMUN, Y PARA
TODA LA REPUBLICA EN MATERIA DE
FUERO FEDERAL.

"ARTICULO PRIMERO.— Se reforman los
artículos 7o., 8o., 9o., 13, 15, 16, 18, 19,

21, 22, 24, 26, 40, 41, 42, 44, 52, 54, 55, 60, 62,
67, 68, 69, 70, 71, 72, 73, 74, 93, 96, 98, 101, 102,
220, 225, 226, 229, 230, 265, 267, 268, 269, 281,
285, 288, 302, 361 bis, 367, 388 y 390 del Código
Penal para el Distrito Federal en Materia de
Fuero Común, y para toda la República en Ma-
teria de Fuero Federal, para quedar como sigue:

"ARTICULO 7o.— Delito es el acto u omisión
que sancionan las leyes penales.

El delito es:

I.— Instantáneo, cuando la consumación se
agota en el mismo momento en que se han reali-
zado todos sus elementos constitutivos;

II.— Permanente o continuo, cuando la consu-
mación se prolonga en el tiempo;

III.— Continuado, cuando con unidad de pro-
pósito delictivo y pluralidad de conductas se vio-
la el mismo precepto.

"ARTICULO 8o.— Las

Viernes 13 de enero de 19__    DIARIO OFICIAL

I.—

II.—Si fuere la de confinamiento, se conmutará por multa, a razón de un día de aquél por un día multa.

ARTICULO 74.—El reo que considere que al dictarse sentencia reunía las condiciones para el disfrute de la sustitución o conmutación de la sanción y que por inadvertencia de su parte o del juzgador no le hubiera sido otorgada, podrá promover ante éste que se le conceda, abriéndose el incidente respectivo en los términos de la fracción X del artículo 90.

ARTICULO 93.—El perdón del ofendido o del legitimado para otorgarlo, extingue la acción penal respecto de los delitos que solamente pueden perseguirse por querella, siempre que se conceda antes de pronunciarse sentencia en segunda instancia y el reo no se oponga a su otorgamiento.

Cuando sean varios los ofendidos y cada uno pueda ejercer separadamente la facultad de perdonar al responsable del delito y al encubridor, el perdón sólo surtirá efectos por lo que hace a quien lo otorga.

El perdón sólo beneficia al inculpado en cuyo favor se otorga, a menos que el ofendido o el legitimado para otorgarlo, hubiese obtenido la satisfacción de sus intereses o derechos, caso en el cual beneficiará a todos los inculpados, y al encubridor.

ARTICULO 96.—Cuando aparezca que el sentenciado es inocente, se procederá al reconocimiento de su inocencia, en los términos previstos por el Código de Procedimientos Penales aplicable y se estará a lo dispuesto en el artículo 49 de este Código.

ARTICULO 98.—El indulto en ningún caso extinguirá la obligación de reparar el daño causado.

ARTICULO 101.—

Los plazos para la prescripción se duplicarán respecto de quienes se encuentren fuera del territorio nacional, si por esta circunstancia no es posible integrar una averiguación previa, concluir un proceso o ejecutar una sanción.

La prescripción producirá su efecto, aunque no la alegue como excepción el acusado. Los jueces la suplirán de oficio en todo caso, tan luego como tengan conocimiento de ella, sea cual fuere el estado del proceso.

ARTICULO 102.—Los términos para la prescripción de la acción penal serán continuos y se contarán:

I.—A partir del momento __ el delito, si fuere ins__

II.—A partir del día en que se realizó el últi acto de ejecución o se omitió la conducta deb si el delito fuere en grado de tentativa;

III.—Desde el día en que se realizó la última conducta, tratándose de delito continuado; y

IV.—Desde la cesación de la consumación en el delito permanente.

ARTICULO 160.—A quien porte, fabrique, importe o acopie sin un fin lícito instrumentos que sólo puedan ser utilizados para agredir y que no tengan aplicación en actividades laborales o recreativas, se le impondrá prisión de tres meses a tres años y hasta cien días multa y decomiso.

Los servidores públicos podrán portar las armas necesarias para el ejercicio de su cargo, sujetándose a la reglamentación de las leyes respectivas.

Estos delitos, cuyo conocimiento compete al fuero común, se sancionarán sin perjuicio de lo previsto por la Ley Federal de Armas de Fuego y Explosivos, de aplicación federal en lo que conciernen a estos objetos.

ARTICULO 208.—Al que promueva, facilite, consiga o entregue a una persona para que ejerza la prostitución dentro o fuera del país, se le impondrá prisión de seis meses a seis años y hasta quinientos días multa.

Si se empleara violencia o el agente se valiese de una función pública que tuviere, la pena se agravará hasta en una mitad más.

ARTICULO 225.—Son delitos contra la administración de justicia, cometidos por servidores públicos los siguientes:

I.—Conocer de negocios para los cuales tengan impedimento legal o abstenerse de conocer de los que les corresponda, sin tener impedimento legal para ello;

II.—Desempeñar algún otro empleo oficial o un puesto o cargo particular que la ley les prohíba;

III.—Litigar por sí o por interpósita persona, cuando la ley les prohíba el ejercicio de su profesión;

IV.—Dirigir o aconsejar a las personas que ante ellos litiguen;

V.—No cumplir una disp__ __ legalmente se les comunique __ __compe tente, sin causa fund__

**DIARIO OFICIAL**

# PODER EJECUTIVO

## SECRETARIA DE GOBERNACION

DECRETO por el que se reforma el Código Penal para el Distrito Federal en Materia de Fuero Común, y para toda la República en Materia de Fuero Federal.

Al margen un sello con el Escudo Nacional que dice: Estados Unidos Mexicanos.—Presidencia de la República.

MIGUEL DE LA MADRID H., Presidente Constitucional de los Estados Unidos Mexicanos, á sus habitantes, sabed:

Que el H. Congreso de la Unión se ha servido dirigirme el siguiente

**DECRETO**

El Congreso de los Estados Unidos Mexicanos, decreta:

SE REFORMA EL CODIGO PENAL PARA EL DISTRITO FEDERAL EN MATERIA DE FUERO COMUN Y PARA TODA LA REPUBLICA EN MATERIA DE FUERO FEDERAL.

...

III.—Repeler el agresado una agresión real, actual o inminente y sin derecho, en defensa de bienes jurídicos propios o ajenos, siempre que exista necesidad racional de la defensa empleada y no medie provocación suficiente e inmediata por parte del agredido o de la persona á quien se defiende.

...

IV.—Obrar por la necesidad de salvaguardar un bien jurídico propio o ajeno, de un peligro real, actual o inminente, no ocasionado intencionalmente ni por grave imprudencia por el agente...

la ley más favorable. Cuando el sujeto hubiese sido sentenciado a una pena entre el mínimo y el máximo, se estará a la aplicación que resulte en el término medio aritmético conforme a la nueva norma.

**ARTICULO 102.**—Los plazos para la prescripción de la acción penal serán continuos; en ellos se considerará el delito con sus modalidades y se contarán:

**ARTICULO 103.**—Los plazos para la prescripción de las sanciones serán igualmente continuos y correrán desde el día siguiente a aquel en que el condenado se sustraiga a la acción de la justicia, si las sanciones son privativas o restrictivas de la libertad, y si no lo son, desde la fecha de la sentencia ejecutoria.

**ARTICULO 104.**—La acción penal prescribe en un año, si el delito sólo mereciere multa; si el delito mereciere, además de esta sanción, pena privativa de libertad o alternativa, se atenderá a la prescripción de la acción para perseguir la pena privativa de libertad; lo mismo se observará cuando corresponda imponer alguna otra sanción accesoria.

**ARTICULO 105.**—La acción penal prescribirá en un plazo igual al término medio aritmético de la pena privativa de la libertad que señala la ley para el delito de que se trate, pero en ningún caso será menor de tres años.

**ARTICULO 106.**—La acción penal prescribirá en dos años, si el delito sólo mereciere destitución, suspensión, privación de derecho o inhabilitación, salvo lo previsto en otras normas.

**ARTICULO 107.**—Cuando la ley no exija cierto requisito, la acción penal que nazca de un delito que sólo puede perseguirse por querella de parte, prescribe contando desde el día en que se cometió el acto o acto equivalente, prescribirá en un año contado desde el día en que se tuvo conocimiento del delito y del delincuente, y si fuere de esta circunstancia...

**ARTICULO 112.**—Si para deducir una acción penal exigiere la ley previa declaración o resolución de alguna autoridad, las gestiones que con ese fin se practiquen, antes del término señalado en el artículo precedente, interrumpirán la prescripción.

**ARTICULO 113.**—Salvo que la ley disponga otra cosa, la pena privativa de libertad prescribirá en un tiempo igual al fijado en la condena, una cuarta parte más, pero no podrá ser inferior a tres años; la pena de multa prescribirá en un año; las demás sanciones prescribirán en un plazo igual al que deberían durar y una cuarta parte más, sin que pueda ser inferior a dos años; las que no tengan temporalidad, prescribirán en dos años. Los plazos serán contados a partir de la fecha en que cause ejecutoria la resolución.

**ARTICULO 114.**—Cuando el reo hubiese extinguido ya una parte de su sanción, se atenderá para la prescripción tanto tiempo cuanto falte de la condena y una cuarta parte más, pero no podrá ser menor de un año.

**ARTICULO 115.**—La prescripción de la pena privativa de libertad sólo se interrumpe aprehendiendo al reo, aunque la aprehensión sea por otro delito diverso, si es el término de la prescripción comenzará a correr nuevamente, o al día siguiente al de la última...

La prescripción de las demás sanciones se interrumpirá por cualquier acto de autoridad competente para hacer las efectivas.

**ARTICULO 116.**—La pena y la medida de seguridad se extinguen, con todos sus efectos, por cumplimiento de aquellas o de las sanciones por las que hubieran sido sustituidas o conmutadas. Asimismo, la sanción que se hubiese suspendido se extinguirá por el cumplimiento de los requisitos establecidos al otorgarla, en los términos, dentro de los plazos legalmente aplicables.

**ARTICULO 117.**—La ley que suprime el tipo penal o lo modifique, extingue, en su caso, la acción penal o la sanción correspondiente, conforme a lo dispuesto en el artículo...

**ARTICULO 118.**—Nadie puede ser juzgado dos veces por el mismo delito, ya sea que en el juicio se le absuelva o se le condene si hubiese dictado sentencia y apareciere que existe otro... mismo... considerados... mediante...

**Artículo 107.-**
Pero una vez llenado el requisito de procedibilidad dentro del plazo antes mencionado, la prescripción seguirá corriendo según las reglas para los delitos perseguibles de oficio.

**Artículo 110.-**
La prescripción de las acciones se interrumpirá también por la investigación del delito o del delincuente, por las diligencias que se practiquen para obtener la extradición internacional, y por el requerimiento de entrega del inculpado que formalmente haga el Ministerio Público de una entidad federativa al de otra donde aquél se refugie, se localice o se encuentre detenido por el mismo o por otro delito. En el primer caso también causarán la interrupción las actuaciones que practique la autoridad requerida y en el segundo subsistirá la interrupción hasta en tanto la autoridad requerida niegue la entrega o en tanto desaparezca la situación legal del detenido, que dé motivo al aplazamiento de su entrega.

La interrupción de la prescripción de la acción penal, sólo podrá ampliar hasta una mitad los plazos señalados en los artículos 105, 106 y 107 de este Código.

**Artículo 111.-** Las prevenciones contenidas en los dos primeros párrafos y en el primer caso del tercer párrafo del artículo anterior, no operarán cuando las actuaciones se practiquen después de que haya transcurrido la mitad del lapso necesario para la prescripción.

Se exceptúa de la regla anterior el plazo que el artículo 107 fija para que se satisfaga la querella u otro requisito equivalente.

**Artículo 115.-** La prescripción de la sanción privativa de libertad sólo se interrumpe aprehendiendo al reo, aunque la aprehensión se ejecute por otro delito diverso, o por la formal solicitud de entrega que el Ministerio Público de una entidad federativa haga al de otra en que aquél se encuentre detenido, en cuyo caso subsistirá la interrupción hasta en tanto la autoridad requerida niegue dicha entrega o desaparezca la situación legal del detenido que motive aplazar el cumplimiento de lo solicitado.

La prescripción de las demás sanciones se interrumpirá por cualquier acto de autoridad competente para hacerlas efectivas. También se interrumpirá la prescripción de la pena de reparación del daño o de otras de carácter pecuniario, por las promociones que el ofendido o persona a cuyo favor se haya decretado dicha reparación haga ante la autoridad fiscal correspondiente y por las actuaciones que esa autoridad realice para ejecutarlas, así como por el inicio de juicio ejecutivo ante autoridad civil usando como título la sentencia condenatoria correspondiente.

**Artículo 153.-** Si la reaprehensión del prófugo se lograre por gestiones del responsable de la evasión, se aplicarán a éste de diez a ciento ochenta jornadas de trabajo en favor de la comunidad, según la gravedad del delito imputado al preso o detenido.

**Artículo 158.-** Se impondrán de quince a noventa jornadas de trabajo a favor de la comunidad:

I y II. ..........................................

**Artículo 164.-**

Cuando el miembro de la asociación sea o haya sido servidor público de alguna corporación policial, la pena a que se refiere el párrafo anterior se aumentará en una mitad y se le impondrá, además, la destitución del empleo, cargo o comisión públicos e inhabilitación de uno a cinco años para desempeñar otro. Si el miembro de la asociación pertenece a las Fuerzas Armadas Mexicanas en situación de retiro, de reserva o en activo, de igual forma la pena se aumentará en una mitad y se le impondrá, además la baja definitiva de la Fuerza Armada a que pertenezca y se le inhabilitará de uno a cinco años para desempeñar cargo o comisión públicos.

**Artículo 170.-** Al que empleando explosivos o materias incendiarias, o por cualquier otro medio destruya total o parcialmente una nave, aeronave, u otro vehículo de servicio público federal o local, o que proporcione servicios al público, si se encontraren ocupados por una o más personas, se le aplicarán de veinte a treinta años de prisión.

Si en el vehículo de que se trata no se hallare persona alguna se aplicará prisión de cinco a veinte años.

Asimismo se impondrán de tres a veinte años de prisión y de cien a cuatrocientos días multa, sin perjuicio de la pena que corresponda por otros delitos que cometa, al que mediante violencia física, amenazas o engaño, se apodere de una nave, aeronave, máquina o tren ferroviarios, autobuses o cualquier otro medio de transporte público colectivo, interestatal o internacional, o los haga desviar de su ruta o destino.

Cuando se cometiere por servidor público de alguna corporación policial, cualquiera de los delitos que contemplan este artículo y el 168, se le impondrán, además de las penas señaladas en estos artículos, la destitución del empleo y se le inhabilitará de uno a diez años para desempeñar cargo o comisión públicos. Si quien cometiere los delitos mencionados fuere miembro de las Fuerzas Armadas Mexicanas en situación de retiro, de reserva o en activo, se le impondrá además, la baja definitiva de la Fuerza Armada a que pertenezca y se le inhabilitará de uno a diez años para desempeñar cargo o comisión públicos.

**Artículo 172 bis.-** Al que para la realización de actividades delictivas utilice o permita el uso de aeródromos, aeropuertos, helipuertos, pistas de aterrizaje o cualquiera otra instalación destinada al tránsito aéreo que sean de su propiedad o estén a su cargo o cuidado, se le impondrá prisión de dos a seis años y de cien a trescientos días multa y decomiso de los instrumentos, objetos o productos del delito, cualquiera que sea su naturaleza. Si dichas instalaciones son clandestinas, la pena se aumentará hasta en una mitad.

Las mismas penas se impondrán a quienes realicen vuelos clandestinos, o proporcionen los medios para facilitar el aterrizaje o despegue de aeronaves o den reabastecimiento o mantenimiento a las aeronaves utilizadas en dichas actividades.

Si las actividades delictivas a que se refiere el primer párrafo se relacionan con delitos contra la salud, las penas de prisión se duplicarán.

Al que construya, instale, acondicione o ponga en operación los inmuebles e instalaciones a que se refiere el párrafo primero, sin haber obtenido las normas de concesión, aviso o permiso conforme a la legislación respectiva, se le impondrá de tres ...

CERTIFICACION

EDUARDO CASTELLANOS HERNÁNDEZ, Director General de Compilación y Consulta del Orden Jurídico Nacional, de la Secretaría de Gobernación, con fundamento en lo dispuesto en los artículos 9°, Fracción XIII y 22 Fracción XII del Reglamento Interior de la Secretaría

CERTIFICA

para los efectos legales a que haya lugar, que las presentes copias fotostáticas en nueve (9) fojas útiles, que van debidamente selladas y rubricadas, concuerdan fielmente con las publicaciones de los Diarios Oficiales de la Federación, que se tuvo a la vista y que obra en los archivos de esta Dirección General.

1309

En la Ciudad de México Distrito Federal, a los veinti cinco días del mes de enero del año dos

SECRETARÍA DE GOBERNACIÓN
UNIDAD DE GOBIERNO

POR ACUERDO DEL C. SECRETARIO DE GOBERNACIÓN, el C. LIC. Miguel Ángel de Haro Payán, Subdirector de Formalización y Control de la Dirección de Coordinación Política con los Poderes de la Unión, CERTIFICA: que el C. Dr. Eduardo de Jesús Castellanos Hernández, era Director General de Compilación y Consulta del Orden Jurídico Nacional de la Subsecretaría de Asuntos Jurídicos y Derechos Humanos de esta Propia Secretaría, el día 25 de enero de 2005 y suya la firma que aparece en el presente documento.

México, D.F., a 28 de enero de 2005.

REGISTRO No. 1309
DERECHOS PAGADOS $0.00
SPAGO DE DERECHOS EXENTO

*PVR/RR/PAR*

SECRETARÍA DE GOBERNACIÓN
UNIDAD DE GOBIERNO

P.5

> 352190

LA SECRETARIA DE RELACIONES EXTERIORES CERTIFICA:
que EL LIC. MIGUEL ANGEL DE HARO PAYAN, ERA

C. SUBDIRECTOR DE FORMALIZACIÓN Y CONTROL DE LA DIRECCIÓN.
LINEACOORDINACIÓN POLÍTICA CON LOS PODERES DE LA UNIÓN DE

LA SECRETARIA DE GOBERNACIÓN EL DIA     28 ENE. 2005

y que es suya la firma que antecede.

Tlatelolco, D.F.  25   de     FEBRERO     de 20 05

P.O. DEL C. SECRETARIO
Secretaría de Relaciones Exteriores

Myrna Orozco Hernández