IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

In the Matter of the Extradition of         )
MARIA del ROSARIO MORENO-VAZQUEZ  )         3:06-CV-761-MEF-CSC
    a/k/a MARIA COONLEY                  )

**MOTION FOR HEARING AS TO EFFECT OF AMPARO ON THIS CASE**

    COMES NOW, the respondent, Maria Coonley, by and through counsel and states as follows:

1. The respondent in this cause is in extradition proceedings with a final hearing now set for June 11, 2008.

2. The respondent has applied for and received an initial order as to a Mexican Amparo, which is a pretrial remedy available in Mexican Courts. (see attached)

3. A hearing is now set in that cause for June 9, 2008 in Mexico.

4. The result of that hearing could be to find a lack of probable cause in the charges that the respondent now faces in Mexico which would impact this proceeding as can be seen in the case In re Extradition of Santos, 473 F.Supp.2d 1030 (C.D. Cal. 2006).

5. The Santos case is the only case on point which the undersigned has found regarding the impact of an Amparo on an extradition case.

    WHEREFORE, the respondent requests a prehearing conference to resolve what

questions can be resolved as to the impact of the Amparo on this proceeding.

Respectfully submitted,

_____//s/Ben Bruner_____
Ben Bruner
Attorney at Law
505 S. Perry Street
Montgomery, Alabama  36104
(334) 323 4463

## Certificate of Service

I hereby certify that on June 6, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:   Christopher Snyder Assistant U.S. Attorney

/s/ Ben Bruner

 Ben Bruner
 Attorney at Law
 505 S. Perry Street
 Montgomery, Alabama  36104
 (334) 323 4463

TRANSLATION

<u>**CERTIFIED COPY OF THE TEMPORARY STAY OF EXECUTION IN REFERENCE TO A WRIT OF AMPARO**</u>

Cancun, Quintana Roo, May 30th, 2008.

As has been ordered in the main docket, let it comprise a separate and in two copies, the incident of stay of execution with respect to the writ of amparo number 856/2008, filed by Elba Lorenia Rizo Magaña, on behalf of **MARIA DEL ROSARIO MORENO VAZQUEZ** and the latest on behalf of her minor daughter **MARIA DE FATIMA CASTILLO MORENO**, against the acts that she is claiming from the President of Mexico and other authorities. With the support of what is stated under articles 124, 120, 131, 132 and other related ones in the Amparo Law, the authorities which have been named as the responsible parties must reply with their respective preliminary report in DUPLICATE COPY and within a term of twenty four hours, where they will state if the actions being contested are correct and if it is the case, they must determine the actions being contested and they might add any reasons that they consider pertinent with respect to the grounds or lack of grounds for the stay of execution, and for this effect they will be sent a copy of the Petition for Constitutional Relief under a Writ of Amparo, and if it is the case, the necessary certificates, and they are hereby warned that if they do not comply with the term and conditions stated herein, this court will move according to what is stated in article 132 of the law of reference with respect to fraction II of article 55 of the Federal Code of Civil Proceedings, with respect to imposing a respective fine that will not exceed five hundred pesos and which will be calculated taking into consideration the consequences that such omission would bring.

The ancillary hearing will take place on JUNE NINETH YEAR TWO THOUSAND AND EIGHT AT TWELVE NOON.

In this case, since it is related to a possible loss of private freedom (incarceration), the undersigned judge considers that there are enough elements to grant the stay of execution as stated under article 124 of the Amparo Law, since the petitioner is requesting it, and because by granting

the stay of execution there will not be any damages to the community interests nor it goes against any provisions of public interest and because if the government actions being contested would cause great damages that would be very hard to be repaired against the petitioner.

Based on article 136 of the Amparo Law, with the exception that will be stated at a later date, **THE TEMPORARY STAY OF EXECUTION IS HEREBY GRANTED, with respect to the alleged WARRANT FOR ARREST in order to keep things in the same situation are they are at this time and in order not to deprive Mrs. MARIA DEL ROSARIO MORENO VAZQUEZ from her freedom**, as a result from the warrant for arrest, from now and until the responsible authorities are given notice of the final resolution with respect to the permanent stay of execution.

In the understanding that if the warrant for her arrest is a result to serious a crime or crimes that the law specifically forbids the benefit of granting freedom, once the petitioner is in custody, the stay of execution will only result in the effects of having her under the jurisdiction of this Federal court with respect to her individual freedom, wherever she is incarcerated and under the jurisdiction of the competent judge, with respect to the continuation of the legal proceedings.  The stay of execution granted herein, will not be in effect if there exists the intention of incarcerating the petitioner under the assumption of flagrancy and urgency, or if granting it causes damages to the public interest or goes against any statutes or ordinances or if it promotes the consummation or continuation of a crime.

Since the government action being contested is a result of a criminal proceeding that affects the personal freedom, such as a warrant for arrest, the temporary stay of execution will have effect immediately, but it will stop being in effect of the petitioner does no place a bail before the court in the amount of $20,000.00 (TWENTY THOUSAND PESOS MEXICAN CURRENCY) whether it is by deposit certificate issued by Banco del Ahorro Nacional y Servicios Financieros, Sociedad Nacional de Crédito, or in any other legal form as stated in the law, in compliance with articles 124 bis and 139 of the Amparo Law, which is a bail that is set by this court in a discretionary manner because there is no amount set regarding the monetary damage in the Petition for Constitutional Relief under a Writ of Amparo and taking into consideration the nature, modality and characteristics of the crime that

the petitioner is being accused of, and in order to prevent that she eludes the actions of the law, since she points several ordering authorities as responsible.

To support what has been stated before, I hereby quote:

> *Registry number: 198,729; Case Law; Criminal Law; Ninth Era; First Instance; Source: Judiciary Journal of the Federation and the Gazette; Book V, May 1997; Thesis 1a/J 16/97; page 226.*
>
> *TEMPORARY STAY OF EXECUTION. ASSURANCE MEASURES THAT CAN BE TAKEN BY AN AMPARO JUDGE WHEN IT RELATES TO ACTIONS THAT RESTRICT THE PERSONAL FREEDOM.*

Likewise, **with respect to the REMOVAL OF THE GUARDIANSHIP AND CUSTODY that she petitions to keep, the TEMPORARY STAY OF EXECUTION IS HEREBY GRANTED in favor of the petitione**r, in order to keep things the way they currently are and for her not to be removed from the guardianship and custody she has over her minor daughter MARIA FATIMA CASTILLO MORENO.

On the other hand, with respect to the government actions being contested regarding the EXTRADITION ORDER, and based on article 124, fraction II of the Amparo Law and in a reverse interpretation, it proper to DENY THE TEMPORARY STAY OF EXECUTION of the Extradition Order as requested by the petitioner, since such a action of extradition would take place in a foreign country and the scope and jurisdiction of the Amparo Law is ruled by a principle of territoriality, that is, it is circumscribed to Mexican Territory, and it cannot have any effects beyond our borders.

For the above I quote the following Case Law criteria:

> *Registry number: 209,083; Isolated Thesis, Criminal Law; Eighth Era; Instance: Collegiate Circuit Court (three-judge court); Source: Judiciary Journal of the Federation; Book XV-1, February 1995; Thesis 1.2 P.284 P.; Page 185.*
>
> *PERMANENT STAY OF EXECUTION NOT ADMISSIBLE WHEN IT RELATES TO THE APPLICATION OF A TREATY FOR EXTRADITION. The actions of a foreign government that have the object of placing before the Mexican authorities an individual against whom there is a warrant for arrest, as presumed responsible for a crime or*

> *crimes, issued by the competent court, cannot be object of stay of execution by the Federal judge that is handling the constitutional controversy, since the scope of action of the Amparo Law is ruled by a principle of territoriality, that is, it is circumscribed to Mexican Territory, and it cannot have any effects beyond our borders; second, all requirements as stated under fraction II of article 124 of the Amparo Law are not fulfilled in order to grant such stay of execution, since the international treaties that are part of the Constitution as stated under article 133 of the Constitution and both, the State and the society are interested in its compliance, which is the same criteria held by this Court.*

> *Registry number: 179,030; Isolated Thesis, Criminal Law; Ninth Era; Instance: Collegiate Circuit Court (three-judge court); Source: Judiciary Journal of the Federation; Book XXI, March 2005; Thesis 1.2 P.96 P.; Page 1124.*

> *PERMANENT STAY OF EXECUTION NOT ADMISSIBLE WHEN IT RELATES TO THE APPLICATION OF A TREATY FOR EXTRADITION. The actions of a foreign government that have the object of placing before the Mexican authorities an individual against whom there is a warrant for arrest, as presumed responsible for a crime or crimes, issued by the competent court, cannot be object of stay of execution by the Federal judge that is handling the constitutional controversy, since the scope of action of the Amparo Law is ruled by a principle of territoriality, that is, it is circumscribed to Mexican Territory, and it cannot have any effects beyond our borders; second, all requirements as stated under fraction II of article 124 of the Amparo Law are not fulfilled in order to grant such stay of execution, since the international treaties that are part of the Constitution as stated under article 133 of the Constitution and both, the State and the society are interested in its compliance, which is the same criteria held by this Court.*

Thus, if the aforementioned warrant for arrest is a result or is the reason that originated the extradition of reference, the stay of execution id granted with respect to such an action and it will result in the effect of the petitioner being placed under the jurisdiction of this Federal court with respect to the personal freedom instead of being incarcerated and placed before a Judge that is trying a case with respect to the above proceedings; all of the above until the responsible authorities are given notice with respect to the final resolution of the permanent stay of execution.

For the above, I quote:

> *Registry number: 181,702; Isolated Thesis, Criminal Law; Ninth Era; Instance: Collegiate Circuit Court (three-judge court); Source: Judiciary Journal of the Federation; Book XIX, April 2004; Thesis 1.2 P.132 P.; Page 1442.*

*TEMPORARY WARRANT OF ARREST WITH THE AIM OF EXTRADITION. IT MOVES TO GRANT THE STAY OF EXECUTION, FOR THE EFFECT THAT ONCE IT IS EXECUTED, THE PETITIONER WILL BE PLACED BEFORE THE AMPARO JUDGE WITH RESPECT TO THE PERSONAL FREEDOM AND BEFORE THE ISSUING AUTHORITIES FOR THE CONTINUATION OF THESE PROCEEDINGS. In compliance with articles 124 and 136 of the Amparo Law, the temporary stay of execution against a warrant for arrest issued by a jurisdictional authority has two different scopes, depending on the crime for which it is issued, it may or may not allow a bail to be deposited to grant temporary freedom. ]In the first case, the temporary stay of execution has the effect of the mandate for arrest not to be executed until the Amparo Judge issues a final ruling, and the Judge of reference must take any necessary measures in that respect. In the second case, the stay has the effect of placing the petitioner before the authority of the Amparo Judge with respect to his or her personal freedom, and also before the ordering authority with respect to the rest of the proceedings. The intention of the legislator was that when the responsible Judge is able to grant a release under a bond, the Amparo Judge can also grant the stay of execution against the order (that brought upon the warrant of arrest) and orders that it is not executed; therefore, the responsible Judge that issues a temporary warrant with aims of extradition, as state in the Law for International Extradition, cannot the benefit of temporary freedom until the formal petition for extradition is fulfilled, nor the Amparo Judge can grant a stay of execution against such an order even when the subject matter is related to crimes that could receive the benefit of being released under bond.*

A certified copy of this document must be issued with a certified copy added to the docket.

NOTIFY.

As granted under Mr. Ramon Arturo Escobedo Ramirez, Fourth Federal Judge on the State, secretary Hector Roberto Capetillo Lizama, authorizes.

THIS IS A TRUE COPY OF THE PROCEEDINGS RELATED TO THE TEMPORARY STAY OF EXECUTION ISSUED IN THE PROCEEDINGS FOR STAY OF EXECUTION FILED BY ELBA LORENIA RIZO MAGAÑA IN REPRESENTATION OF MARIA DEL ROSARIO MORENO VAZQUEZ AND THE LATEST IN REPRESENTATION OF HER MINOR DAUGHTER MARIA FATIMA CASTILLO MORENO, AGAINST ACTIONS FROM THE PRESIDENT OF MEXICO AND OTHER AUTHORITIES.

CANCUN QUINTANA ROO, MAY 30TH 2008

CLERK OF THE FOURTH FEDERAL COURT IN THE STATE

(ILLEGIBLE SIGNATURE)

MR. HECTOR ROBERTO CAPETILLO LIZAMA

(Seal of the Federal Court System in Mexico, Fourth Federal Court)

*LORENIA RINCON DEL ANGEL RIZO, WITH 20 YEARS OF EXPERIENCE AS A TRANSLATOR AND INTERPRETER, WITH LEGAL DOMICILE AT CONDOMINIOS ALHAMBRA BUILDING I APARTMENT 101, SM 15, IN THIS CITY OF CANCUN, STATE OF QUINTANA ROO, MEXICO, STATE THAT TO THE BEST OF MY KNOWLEDGE AND BELIEF THE ABOVE DOCUMENT IN 5 PAGES IS A TRUE AND CORRECT TRANSLATION OF THE DOCUMENT ATTACHED IN 3 PAGES WHICH WAS ORIGINALLY DRAFTED IN SPANISH, AND WHICH I HAD BEFORE ME AND I WAS ABLE TO CAREFULLY REVIEW THE ORIGINAL OR CERTIFIED COPY.*

*CANCUN, QUINTANA ROO, JUNE FOUR, OF THE YEAR TWO THOUSAND AND EIGHT*