IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

|  |  |  |
|---|---|---|
| In the Matter of the Extradition of | ) | |
| MARIA del ROSARIO MORENO-VAZQUEZ | ) | 3:06-CV-761-MEF-CSC |
| a/k/a MARIA COONLEY | ) | |
|  | ) | |

**United States's Response Brief for Hearing on *Amparo***

The United States opposes Maria del Rosario Moreno-Vazquez's request for a hearing on *amparo*. Although a collateral attack apparently[1] has occurred in Mexico, Moreno-Vazquez overstates its legal implications for this Court in her extradition matter. The extradition case before the Court is unchanged. Under Mexican law, an *amparo* decision (similar procedurally to a writ of habeas corpus under U.S. law), does not change either (1) that charges remain pending against Moreno-Vazquez, or (2) that the arrest warrants are still in full effect. In fact, the practical effect of this type of decision under Mexican law is that once Moreno-Vazquez is returned to Mexico, she will be placed at the disposition of the *amparo* judge for resolution of the *amparo* claim before the criminal proceedings against her are allowed to move forward. Finally, extradition will not prejudice Moreno-Vazquez – nothing prevents Moreno-Vazquez from raising arguments to the Secretary of State or continuing her *amparo* litigation in Mexico.

---

[1] The Government does not concede that an valid *amparo* petition has even been filed or that the defense's translation provided is correct. The unofficial copy filed with the Court states that it was filed in Cancun, although the Courts of original jurisdiction are in different provinces. This calls into question the actual validity of the jurisdiction of the *amparo* decision.

**1.    The Original Arrest Warrants Are Still Valid.**

The original arrest warrants are still valid for extradition purposes. First, under Mexican Supreme Court procedure, and as the Mexican Court noted in its opinion, the Court emphasizes that Moreno-Vazquez's request to stay extradition is denied.[2] Moreover, the Court noted that the stay of the case in Mexico in no way affects Mexico's extradition order/request or ongoing proceedings in the United States to place the defendant before Mexican authorities.[3]

According to Gregory Stevens, Department of Justice Attaché with the United States Embassy in Mexico City, Moreno-Vazquez apparently has filed an *amparo* petition with a Mexican court presumably claiming that, in issuing the warrant against her in the Mexican case, her rights have been violated or that the warrant is in some way defective. The *amparo* court has not made any ruling on the merits of that claim, whatever it may be, but simply has taken the routine step to stay the Mexican criminal proceedings against the defendant – or, in other words, preserve the status quo – until the *amparo* claim can be resolved. This action in no way affects the extradition matter pending before this Court.[4]

---

[2] "[W]ith respect to the government actions being contested regarding the EXTRADITION ORDER, . . . it [is] proper to DENY THE TEMPORARY STAY OF EXECUTION of the Extradition Order as requested by the petitioner [Moreno-Vazquez], since such a[n] action of extradition would take place in a foreign country and the scope and jurisdiction of the Amparo Law is ruled by a principle of territoriality, that is, it is circumscribed to Mexican territory, and it cannot have any effects beyond our borders." Doc. No. 21-2, at 3 (Moreno-Vazquez's translation of Temporary Stay of Execution in Reference to a Writ of *Amparo*).

[3] *Id.*

[4] Moreno-Vazquez's situation is distinguishable from the case she cites, *In re Extradition of Santos*, 473 F.Supp.2d 1030 (C.D. Cal. 2006). In that case, the court described the situation Santos faces as "delayed by circumstances which in this court's experience are wholly absent in a run-of-the-mill extradition case." 473

Here, if this Court issues the certificate of extraditability, and the Secretary of State issues the extradition order, Moreno-Vazquez will be extradited and returned to Mexico. While it is true that in the event Moreno-Vazquez prevails through multiple appeals in Mexico, Moreno-Vazquez would go free, that is an issue of Mexican law and procedure.

**2.    The "Rule of Non-Inquiry" Constrains the Court's Inquiry into this Matter.**

Moreno-Vazquez should not remain in the United States while she pursues litigation in Mexico – that is not the purpose of extradition.

The purpose of this Court's hearing is to review compliance of treaty terms, it is not to analyze Mexican criminal procedure. Indeed, the "rule of non-inquiry" requires extradition courts to refrain from undertaking inquiries into the justice systems of foreign countries.[5] The judicial officer's inquiry is limited to a narrow set of issues concerning the existence of a treaty, the offense charged, and the quantum of evidence offered.[6] Those elements have been met in this case. The treaty exists, defendant has been charged with child trafficking and forgery of a public document, and there is probable cause to believe defendant committed these crimes. Since Moreno-Vazquez is currently availing herself of Mexican procedures, there can be no prejudice to returning her to Mexico. She can continue her

---

F.Supp. at 1038 (finding that having two arrest warrants issued and ultimately challenged successfully under the *amparo* process, with a likely third arrest warrant to be issued, warranted Santos's release on bail as a special circumstance). The *Santos* case remains pending before the Central District of California.

[5] *Yapp v. Reno*, 26 F.3d 1562, 1568 (11th Cir. 1994) (noting that "the rule of non-inquiry precludes extradition magistrates from assessing the investigative, judicial, and penal systems of foreign nations when reviewing an extradition request") (citations omitted); *see also Basso v. U.S. Marshal*, Case No. 07-14944, 2008 WL 2066440, *1 (11th Cir. May 16, 2008) (same).

[6] *United States v. Kin-Hong,* 110 F.3d 103, 110 (1st Cir. 1997).

litigation in that forum – a forum she has chosen to use and the forum in which her interests are most at stake.

Respectfully submitted this the 9th of June, 2008.

        LEURA G. CANARY
        UNITED STATES ATTORNEY

        /s/ Christopher Snyder
        CHRISTOPHER A. SNYDER
        Assistant United States Attorney
        131 Clayton Street
        Montgomery, AL 36104
        Phone: (334)223-7280
        Fax: (334)223-7135
        E-mail: christopher.a.snyder@usdoj.gov

        /s/ Andrea Tisi
        Andrea Tisi
        Senior Trial Attorney
        Office of International Affairs
        Criminal Division
        U.S. Department of Justice
        Phone: (202) 353-4469
        Fax: (202) 514-0080
        E-mail: Andrea.Tisi@usdoj.gov

## Certificate of Service

I hereby certify that on June 9, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Ben Elton Bruner.

        /s/ Christopher Snyder
        CHRISTOPHER A. SNYDER