### IN THE DISTRICT COURT OF THE UNITED STATES
### FOR THE MIDDLE DISTRICT OF ALABAMA
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| | ) | |
| **In the Matter of the Extradition of** | ) | |
| **MARIA del ROSARIO MORENO-VAZQUEZ** | ) | **3:06-CV-761-MEF-CSC** |
| **a/k/a MARIA COONLEY** | ) | |
| | ) | |

## United States's Notice of Filing Power Point Exhibit

Based upon the Court's request, the United States gives notice through this pleading that it is filing copies of the Power Point slides that it used during Moreno-Vazquez's extridiction hearing on June 11, 2008.  The slides are attached as Exhibit A to this pleading.

Respectfully submitted this the 12th of June, 2008.

LEURA G. CANARY
UNITED STATES ATTORNEY

/s/ Christopher Snyder
CHRISTOPHER A. SNYDER
Assistant United States Attorney
131 Clayton Street
Montgomery, AL 36104
Phone: (334)223-7280
Fax: (334)223-7135
E-mail: christopher.a.snyder@usdoj.gov

/s/ Andrea Tisi
Andrea Tisi
Senior Trial Attorney
Office of International Affairs
Criminal Division
U.S. Department of Justice
Phone: (202) 353-4469
Fax: (202) 514-0080
E-mail: Andrea.Tisi@usdoj.gov

## Certificate of Service

I hereby certify that on June 12, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:  Ben Elton Bruner.

/s/ Christopher Snyder
CHRISTOPHER A. SNYDER



In the Matter of the
Extradition of
MARIA del ROSARIO
MORENO-VAZQUEZ
Case No. 3:06-CV-761-CSC

# *Elements of Extradition*

❶  Jurisdiction (Personal and Subject Matter);

❷  Existence of a treaty with Mexico currently in force;

❸  Existence of criminal charges in Mexico;

❹  Extraditable offense(s); and

❺  Probable cause, including identity.

*Ornelas v. Ruiz*, 161 U.S. 502 (1896); *Yapp v. Reno*, 26 F.3d 1562, 1565 (11th Cir. 1994); *Hill v. United States*, 737 F.2d 950, 951 n.1 (11th Cir. 1984).

# *Elements of Extradition (cont.)*

❶ Jurisdiction (Personal and Subject Matter)

❖ Personal Jurisdiction
- ✓ Moreno-Vazquez currently resides in the Middle District of Alabama

❖ Subject Matter Jurisdiction
- ✓ 18 U.S.C. § 3184 gives this Court subject matter jurisdiction

❖ Moreno-Vazquez conceded both in the pretrial conference.

# *Elements of Extradition (cont.)*

❷ Existence of a treaty with Mexico currently in force;

❖ U.S.-Mexico Extradition Treaty, May 4, 1978, 31 U.S.T. 5059, 1978 U.S.T. Lexis 317  (in force since Jan. 25, 1980) (*Exhs. A* & *E*).

❖ Andrew N. Keller Declarations, U.S. State Department:  "The relevant . . . treaty . . . [is] in full force and effect between the United States . . . and Mexico" (*Exhs. A* & *E*).

   *Kastnerova v. United States*, 365 F.3d 980, 986 (11th Cir. 2004) (noting that the judiciary defers to Executive's determination about the validity of a treaty)

❖ Moreno-Vazquez conceded the treaty's existence in the pretrial conference.

# *Elements of Extradition (cont.)*

❸ Existence of criminal charges in Mexico;

   A.  Child Trafficking

        ✓  Violates Article 366-ter in relation to Article 366-quater of Mexican Federal Penal Code. (*Exhs. A, 1, 52-56,* & 58.*)*

        ✓  Arrest warrant issued September 27, 2004 in the State of Mexico *(Exh. 56*)*.*

# *Elements of Extradition (cont.)*

❸ Existence of criminal charges in Mexico;

    B. Forgery of a Public Document

        ✓ Violates Article 244, § I and punishable by Article 243 of Mexican Federal Penal Code. (*Exhs. E, & 66-68)*

        ✓ Arrest warrant issued on June 8, 2005 in the Federal District. (*Exhs. 66 & 68)*

    ❖ Moreno-Vazquez conceded the existence of both criminal charges.

# *Elements of Extradition (cont.)*

- Extraditable offenses under the Treaty;
  - Two types of treaties
    - A Dual Criminality Treaty and
    - A List Treaty
  - Mexico has both dual criminality and list provisions.
  - Moreno-Vazquez's alleged offenses  . . .
    - Child Trafficking
    - Forgery of a Public Document

  . . . exist under both provisions.

# *Elements of Extradition (cont.)*

❹ Extraditable offenses under the Treaty (*cont.*);

    ❖ Dual Criminality Portion of Treaty, (*Exh. A* & E)

        Article 2(3): "[S]hall also be granted for wilful acts which, although not being included in the Appendix, are punishable, in accordance with the federal laws of both [the U.S. and Mexico] . . . by a deprivation of liberty [in excess of] one year."

# *Elements of Extradition (cont.)*

❹ Extraditable offenses under the Treaty (*cont.*);

❖ Dual Criminality Law

✓ Does not focus on the name of the crime

✓ The countries' scope of liability need not be identical

✓ Sufficient that the alleged *particular acts* be criminal in both countries

*Collins v. Loisel*, 259 U.S. 309, 312 (1922); *Gallo-Chamorro v. United States*, 233 F.3d 1298, 1307 (11th Cir. 2000).

# *Elements of Extradition (cont.)*

❹ Extraditable offenses under the Treaty (*cont.*);

❖ Dual Criminality Analysis of Child Trafficking

❖ Particular alleged act:

✓ Moreno-Vazquez removed both of their minor children

✓ From Mexico in violation of their father's joint custody rights

✓ Without the father's permission.

# *Elements of Extradition (cont.)*

❹ **Extraditable offenses under the Treaty** (*cont.*);

❖ Dual Criminality Analysis of Child Trafficking (*cont.*)

❖ Under  Mexican Federal Penal Code

❖ Alleged Particular Acts are Criminalized as

Child Trafficking, at Articles 366-ter and 366-quater.

▪ "Whoever illegally moves a person under the age of sixteen . . . shall be punished by imprisonment from three to ten years and a fine .  . . .  The sentences imposed in this article shall be imposed on the father or the mother of a person under the age of 16 who, illicitly and without the consent of the parent(s) . . . moves the child outside of national territory with the objective of changing their permanent residence of or preventing the child's mother or father ." (*Exh. A* & *58*)

# Elements of Extradition (cont.)

**Art. 366 Ter**—Whoever illegally moves a person under the age of sixteen or hands a minor over to a third person outside of national territory, with the purpose of obtaining undeserved economic profit, perpetrates the crime of child trafficking.

**Section III**—The person or persons who receive the minor.

Whoever completes the criminal act set forth in this article shall be punished by imprisonment from three to ten years and a fine of four hundred to one thousand days of minimum wage.

**Art. 366 Quáter**—The sentences laid down in the previous article shall be halved when:

**Section II**—The person who receives the minor plans to incorporate said child into their family nucleus.

**Second paragraph**—The sentences set forth in this article shall be imposed on the father or mother of a person under the age of 16 who, illicitly and without the consent of the parent(s) or legal guardian(s) of the child, and without the purpose of obtaining undeserved economic profit, moves the child outside of national territory with the objective of changing their permanent residence or of preventing the child's mother or father, whichever may be the case, from living with or visiting the minor.

*(Exs. A & 58)*

# *Elements of Extradition (cont.)*

❹ Extraditable offenses under the Treaty (*cont.*);

❖ Dual Criminality Analysis of Child Trafficking (*cont.*)

❖ Under U.S. Law

❖ International Parental Kidnapping, 18 U.S.C. § 1203

▪ "Whoever removes a child from the United States . . . with the intent to obstruct the lawful exercise of parental rights shall be . . . imprisoned not more than three years."

# *Elements of Extradition (cont.)*

❹ Extraditable offenses under the Treaty (*cont.*);

❖ Dual Criminality Analysis of Forgery of Public Document

❖ Particular alleged act:

✓ Moreno-Vazquez forged her ex-husband's signature and

✓ Provided fingerprints purportedly from him

✓ On their two children's Mexican passport applications.

# *Elements of Extradition (cont.)*

❹ **Extraditable offenses under the Treaty** (*cont.*);

- ❖ Dual Criminality Analysis of Forgery of Public Document (*cont.*)
  - ❖ Under  Mexican Federal Penal Code
  - ❖ Alleged Particular Acts are Criminalized as Forgery at Articles 243 and 244, Section I.
    - ▪ "The crime of forgery of documents is committed . . .  by stamping a false signature, even if the signature is fictitious or if an original signature is modified . . . and punished with imprisonment ranging from four to eight years [for falsifying a public document]" Exh. E. (Dip. Note 06376, 08/25/2006).

# *Elements of Extradition (cont.)*

❹ **Extraditable offenses under the Treaty** (*cont.*);

❖ Dual Criminality Analysis of Forgery of Public Document (*cont.*)

  ❖ Under U.S. Law

  ❖ Making a false statement in application and use of a passport, 18 U.S.C. § 1542

   ▪ "Whoever willfully and knowingly makes any false statement in an application for passport with intent to induce or secure the issuance of a passport . . . for his own use or another . . . shall be fined under this title, imprisoned not more than  . . . 10 years . . . or both."

# *Elements of Extradition (cont.)*

❹ Extraditable offenses under the Treaty (*cont.*);

❖ List Portion of Treaty, (*Exh. A & E*)

Article 2(1): "[S]hall take place . . . for wilful acts which fall within any of the clauses of the Appendix and are punishable . . . by a deprivation of liberty [in excess of] one year."

# *Elements of Extradition (cont.)*

## ARTICLE 2

### Extraditable Offenses

1.- Extradition shall take place, subject to this Treaty, for wilful acts which fall within any of the clauses of the Appendix and are punishable in accordance with the laws of both Contracting Parties by deprivation of liberty the maximum of which shall not be less than one year.

*(Exs.A & E)*

# *Elements of Extradition (cont.)*

❹ Extraditable offenses under the Treaty (*cont.*);

❖ List Treaty Law

✓ Court should examine the conduct described in the extradition documents and

✓ Decide whether it constitutes an offense among those listed.

# *Elements of Extradition (cont.)*

❹ Extraditable offenses under the Treaty (*cont.*);

❖ List Treaty Law

✓ A liberal standard is preferred to encompass a wide variety of conduct to ensure that a party not escape judicial proceedings.

✓ The State Department's interpretation is entitled to deference.

*Factor v. Laubenheimer*, 290 U.S. 276 (1933); *United States v. Kin-Hong*, 110 F.3d 103 (1st Cir. 1997) *In re Assarsson*, 635 F.2d 1237 (7th Cir. 1980); *Oen-Yin-Choy v. Robinson*, 858 F.2d 1400 (9th Cir 1988)

# *Elements of Extradition (cont.)*

❹ **Extraditable offenses under the Treaty** (*cont.*);

❖ List Treaty Analysis of Child Trafficking

❖ Art. 2(1) and Appendix Item 4: "Kidnapping; child stealing; abduction; false imprisonment."

❖ State Department Declaration of Andrew N. Keller (*Ex. A at ¶ 5*) states it is covered.

# *Elements of Extradition (cont.)*

APPENDIX

1. Murder or manslaughter; abortion.

2. Malicious wounding or injury.

3. Abandonment of minors or other dependents when there is

   danger of injury or death.

4. Kidnapping; child stealing; abduction; false imprisonment.

# *Elements of Extradition (cont.)*

❹ Extraditable offenses under the Treaty (*cont.*);

❖ List Treaty Analysis of Forgery of a Public Document

  ❖ Art. 2(1) and Appendix Item 10: "An offense against the laws relating to counterfeiting and forgery."

  ❖ State Department Declaration of Andrew N. Keller (*Ex. E at ¶ 5*) states it is covered.

  ❖ Mexican Diplomatic Note number  01738, dated  March 16, 2005 states it is covered. (Ex. E).

# *Elements of Extradition (cont.)*

❺ Probable cause, including identity.

❖ Has two portions:

1. Probable cause to believe **Moreno-Vazquez** committed the crimes charged by Mexico; and

2. Moreno-Vazquez is the person sought by Mexico to face the crimes charged (identity).

*Castro Bobadilla v. Reno*, 826 F.Supp. 1428, 1433 (S.D.Fla. 1993), *aff'd*, 28 F.3d 116 (11th Cir. 1994); Hoxha v. Levi, 465 F.3d 554, 561 (3rd Cir. 2006).

# *Elements of Extradition (cont.)*

❺ Probable cause, including identity *(cont.).*

  ❖ Moreno-Vazquez has admitted identity

  ❖ Only question before the Court is whether there is probable cause to believe Moreno-Vazquez committed the crimes charged by Mexico.

# There is Probable Cause

- **Child Trafficking Elements:**
  1. Illegally or without the consent of a parent or persons who have *patria potestas* ("parental rights") or guardianship;
  2. Relocated a minor of age 16 years or younger;
  3. Outside of Mexico;
  4. Without the purpose of obtaining an unlawful profit;
  5. With the intention of changing the minor's habitual residence or depriving a parent of his or her "parental rights" to live with or visit the minor.

  Exhibit 52 (Indictment) at pp. 122-23.

# Evidence to Support Probable Cause on Child Trafficking Charge

■ Castillo-Tapia is the father of and had parental rights over the two minors, L.F.C.M. and M.F.C.M.  Exh. 6 (custody agreement), 8 (divorce decree), 9 (birth cert. of L.F.C.M.), 10 (birth cert. of M.F.C.M.).



(*Ex. 10*)



(*Ex. 9*)

# Evidence to Support Probable Cause on Child Trafficking Charge

- Castillo-Tapia refused Moreno-Vazquez's request to take the children to the United States and did not fill out and sign parental permission to have passports issued for his two children.
- Some Relevant Exhibits:
  - 2 (denouncement),
  - 5 (Moreno-Vazquez's farewell note),
  - 20 (Vazquez-Saucedo Witness Statement),
  - 28 (Parental Permission to Issue Passport),
  - 31 (Parental Permission to Issue Passport for M.F.C.M.),
  - 33 (Statement of Castillo-Tapia).

# Evidence to Support Probable Cause on Child Trafficking Charge

- L.F.C.M. and M.F.C.M. were under age 16 in 2004, when they were taken from Mexico to the U.S.  Exh. 9 (birth cert. of L.F.C.M.), 10 (birth cert. of M.F.C.M.).

# Evidence to Support Probable Cause on Child Trafficking Charge

- **Moreno-Vazquez flew with the children to Atlanta on February 27, 2004. Exh. 2, 20, 38.**



# Evidence to Support Probable Cause on Child Trafficking Charge

- No profit was made from taking children to U.S.  Exh. 68. (Letter and Exhibits re. Handwriting Report)

# Evidence to Support Probable Cause on Child Trafficking Charge

■ Moreno-Vazquez intended to change the children's habitual residence to deprive Castillo-Tapia of his parental rights. Exh. 2, 5, 20, 22.

Fernando:

You cannot deny that I tried to do things correctly, but your attitude, as usual, was closed.

For this reason I had to look for other legal means for leaving the city.

Due to my mother's delicate state of health and knowing you, I have decided not to leave you either my address or my telephone. Therefore, neither she nor any of my friends have any way of knowing where we are.  However, I will be in contact with her to assure myself that she is well.

I will also be in contact with you during the next few days. I hope that you think things over well, and that we can talk in a civilized manner to be able to agree on the children's visits to you. Therefore, you know the electronic address of Gigio, you can contact them in that way, and will ensue that Gigio replies to you.    Do not worry about their safety, they are going to be perfectly well and will lack for nothing.

Rosario.

(*Ex. 5*)

# There is Probable Cause

❖ Forgery of Public Documents Elements:

1. Making a false signature or false initials, even if they are fictitious, or modifying a false signature;

2. In a public document.

Exhibit 68 (Indictment).

# Evidence to Support Probable Cause on Forgery Charge

- Parental permission forms to obtain a minor's passport are public documents.

# Evidence to Supports Forgery Charge

- Castillo-Tapia said he never signed or provided fingerprints on the parental permission forms that are required when only one parent applies for a child's passport. Exh. 2, 52, 60.



# Evidence to Support Probable Cause on Forgery Charge



- **Expert testimony confirms that it is not Castillo-Tapia's signature on the parental permission forms and it is another man's fingerprints.  Exh. 64, 65, 68.**

# Evidence to Support Probable Cause on Forgery Charge

■ Passports were issued to L.F.C.M. and M.F.C.M.  Exh. 60.

# Rule of Non-Inquiry

- Any allegations regarding the motives of Mexico in seeking this extradition or the deficiencies of their criminal justice system are matters properly before the Secretary of State.

  *Yapp v. Reno*, 26 F.3d 1562, 1568 (11th Cir. 1994).

- Moreno-Vazquez's amparo challenge should properly be litigated in Mexico and has no effect on this extradition matter.

  *See* Doc. No. 21-2, at 3.

# Rule of Non-Inquiry





In the Matter of the
Extradition of
MARIA del ROSARIO
MORENO-VAZQUEZ
Case No. 3:06-CV-761-CSC