IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| In the Matter of the Extradition of ) | |
| MARIA del ROSARIO MORENO-VAZQUEZ ) | 3:06-CV-761-MEF-CSC |
|    a/k/a MARIA COONLEY ) | |

**RESPONDENT MARIA del ROSARION MORENO-VAZQUEZ a/k/a MARIA COONLEY'S POST-TRIAL BRIEF**

COMES NOW, the respondent by and through counsel, and submits her brief as to the three issues specified by the court in its order of June 12, 2008 which are: (1) What establishes and what is the nature of the father's *patria potestas*? (2) What are the custodial rights of each parent? How are these rights created or established? (3) What, if any, distinctions are there under Mexican law between custodial rights and *patria potestas*?

**I.    What establishes and what is the nature of the father's *patria potestas*?**

*Patria Potestas* is defined in Black's Law Dictionary as

"In Roman law, paternal authority; the paternal power. This term denotes the aggregate of those peculiar powers and rights which, by the civil law of Rome, belonged to the head of a family in respect to his wife, children (natural or adopted), and any more remote descendants who sprang from him through males only. Anciently, it was of very extensive reach, embracing even the power of life and death, but was gradually curtailed, until finally it amounted to little more than a right in the paterfamilias to hold as his own any property or acquisition of one under his power."

In the instant case, *patria potestas* must be defined in terms of its application, if any, to Mexican common law.

This case is not the first time that U.S. courts have had to define Mexican *patria potestas* in a case involving Mexican child custody law. There are two cases of note which must be analyzed to determine the meaning of Mexican *patria potestas* in this

case. The first is the case of Whallon v. Lynn, 230 F.3d 450 (1st Cir. 2000). In that case, two U.S. citizens living in Mexico had a child together. No custody rights were ever established in Mexico or elsewhere as to that child whom resided for the most part with the mother. Id. at 455. The child frequently visited the father and sometimes traveled with him. The First Circuit found that under the circumstances both parents had custody rights included in *patria potestas* because "no Mexican Court has given Lynn exclusive custody or denied Whallon patria potestas". Id at 456. The court made it clear that where there was a clear determination of custody rights by a court, there would be no finding of *patria potestas* conferring any additional custody rights. Id. at 458 (n. 9). The First Circuit reviewed the Mexican civil code and found specifically that the Code "distinguishes patria potestas from 'custody' which may be decided by agreement or 'failing such agreement' by a judge." Id at 455.

The other notable case is Gonzalez v. Gutierrez, 311 F.3d 942 (9th Cir. 2002). In that case a divorce settlement between two Mexican nationals provided that the divorcing couple's two children would "remain under the custody and care of their mother". Id. at 945. The mother then left the country and came to the United States bringing the children with her. The father sued for their return claiming among other things that he had custody rights under Mexican law by virtue of *patria potestas*. Id at 951. The Ninth Circuit declined to accept that argument and distinguished Whallon. "In Whallon, the court held that, in the absence of a custody agreement, it could rely upon *patria potestas* to determine custodial rights between two parents who had never married, and had never entered a formal custody agreement.....Here, unlike the situation in Whallon, the parties have executed a formal, legal custody agreement, thus

eliminating any basis for relying on *patria potestas*. Thus we hold that *patria potestas* does not confer "rights of custody" upon a parent given access rights from a custody agreement.  Id.

Thus, the rule, insofar as both of the circuits which have considered the question, is that *patria potestas* may only confer custody rights where there is no Court order or other agreement to the contrary.  The existence of an order, or an agreement, renders the *patria potestas* concept a nullity insofar as its application as to custody.  Where there is no order or agreement such would have to be determined on a case by case basis considering the totality of the circumstances as was done in Whallon.

The U.S. case law establishes that patria potestas is a common law right in Mexico, applicable to both parents which may be superseded as to custody rights, either by court order or agreement of the parties.  In the case at bar the husband has no custody rights pursuant to *patria potestas*.  His custody rights as to his son are established in Exhibit 6, which is an agreement apparently submitted to the Mexican Court which states in the second paragraph that "The child Luis Fernando Castillo Moreno will remain under the custody of his mother, Mrs. Maria del Rosario Moreno Vazquez both during the proceedings and after the judgment dictated in the present voluntary divorce proceedings has been returned".  As to his daughter born during the proceedings, the husband states in his petition to modify the custody (Exhibit 4) that "Full Custody of the Child Maria Fatima Castillo Moreno currently exercised by C. Maria Del Rosario Moreno Vazquez....Taking into consideration that Maria Del Rosario Moreno Vazquez has the custody of the children, and that both she and the undersigned hold the *Patria Potestas*".(Exhibit 4(B)).  The husband admits his wife has

custody as to both children, therefore, acknowledging an agreement as to his former wife having custody of the minor daughter.

The former husband admits to an agreement for the former wife to have full custody of the minor female child in that statement. *Patria Potestas* is therefore something less than custody in the case of each child, and the father has only access rights pursuant to that doctrine.

**II      What are the Custodial rights of each parent?  How are these rights created or established?**

Full custodial rights are vested in the mother pursuant to agreement by the parties. In the case of the minor son, those rights are vested through the written agreement between the parties. (Exhibit 6). In the case of the minor daughter, those rights are established by agreement of the parties admitted to in Exhibit 4 wherein he asks for full custody, "currently exercised by" the former wife. If there were no agreement as to full custody, the same as with the minor son, there would be no reason to request full custody be removed from the mother. The rights to full custody in the mother were established by agreement of the parties which removes the custody issue from the doctrine of *patria potestas*.

**III          What, if any distinctions are there under Mexican law between custodial rights and *patria  potestas*?**

The doctrine of *patria potestas* includes the general rights of parenting to the two parents of a child. It may include rights to custody only where there is no agreement

between the parties as to custody or where no court has not issued an order as to custody.

Respectfully submitted,

_____//s/Ben Bruner_____
Ben Bruner
Attorney at Law
505 S. Perry Street
Montgomery, Alabama  36104
(334) 323 4463

**CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing document on the parties shown below by placing a copy of the same in the U.S. Mail, properly addressed and postage prepaid or served by electronic means as allowed by this Court.

Done this 24th day of June, 2008.

_____//s/Ben Bruner_____
Ben Bruner


Chris Snyder, Esq.
Assistant United States Attorney
P.O. Box 197
Montgomery, Alabama  36101