IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| In the Matter of the Extradition of ) | |
| ) | |
| ) | CIV. NO. 3:06cv761-CSC |
| MARIA del ROSARIO MORENO-VAZQUEZ ) | (WO) |
| a/k/a MARIA COONLEY ) | |

**MEMORANDUM OPINION AND ORDER**

On August 22, 2008, upon completion of an evidentiary hearing and all other proceedings required by 18 U.S.C. § 3184, the undersigned Magistrate Judge certified to the Secretary of State for the United States of America that the evidence of criminality is sufficient, under the provisions of the Extradition Treaty between the United States and Mexico, May 4, 1978, T.I.A.S. No. 9656, 31 U.S.T. 5059, to sustain the charge of trafficking in minors brought by the United Mexican States against Maria del Rosario Moreno-Vazquez a/k/a Maria Coonley.  (Docs. # 48-49).

Now pending before the court is Respondent Maria del Rosario Moreno-Vazquez's ("Moreno-Vazquez") motion for release from custody (doc. # 52) filed on October 22, 2008.  Moreno-Vazquez argues that she should be released from custody because she has not been released to the Mexican authorities within two months of the Court's Certificate of Extraditability and Order for Commitment (doc. # 49) entered on August 22, 2008.  The United States opposes her release.  (Doc. # 54).

This matter is governed by 18 U.S.C. § 3188.[1]

> Whenever any person who is committed for rendition to a foreign government to remain until delivered up in pursuance of a requisition, is not so delivered and conveyed out of the United States within two calendar months after such commitment, over and above the time actually required to convey the prisoner from the jail to which he was committed, by the readiest way, out of the United States, any judge of the United States, or of any State, upon application made to him by or on behalf of the person so committed, and upon proof made to him that reasonable notice of the intention to make such application has been given to the Secretary of State, may order the person so committed to be discharged out of custody, unless sufficient cause is shown to such judge why such discharge ought not be ordered.

The purpose of § 3188 "was to ensure prompt action by the extraditing government as well as by this government so that the accused would not suffer incarceration in this country or uncertainty as to [her] status for long periods of time through no fault of [her] own." *Jimenez v. U.S. Dist. Court for the Southern Dist. of Fla., Miami Div.*, 84 S.Ct. 14, 18 (1963) (Goldberg, J., in chambers).

On August 29, 2008, Moreno-Vazquez filed a petition for writ of habeas corpus, *Moreno-Vazquez v. Hardy*, Civ. Act. No. 2:08cv716-MEF (M.D. Ala.), challenging the certificate of extraditability and the order for commitment. Her habeas petition remains pending. Consequently, the two month period contemplated by § 3188 does not commence until Moreno-Vazquez's habeas petition is finally adjudicated.

The common-sense reading of § 3188 is that where as here, the accused has

---

[1] Moreno-Vazquez initially asserted that she was entitled to release pursuant to Article 11 of the treaty between the United States and Mexico. *See* Doc. # 52. In her reply to the United States' response, she concedes that 18 U.S.C. § 3188 is the applicable statute. *See* Doc. # 55.

>instituted and pursued review of [her] extradition order, the two-month period runs from the time [her] claims are finally adjudicated, not from the time of the original commitment order [s]he has been challenging. In any event, since the delays were attributable to the proceedings prosecuted by petitioner, there certainly was 'sufficient cause' for the delay, within the intended meaning of § 3188.

*Jimenez*, 84 S.Ct. at 18. *See also Liberto v. Emery*, 724 F.2d 23, 25 n.2 (2nd Cir. 1983) ("the two-month period does not begin to run until there has been a final adjudication of the extradition request; [petitioner's] own habeas corpus petitions have delayed such a final adjudication.")

Accordingly, for the reasons as stated, it is

ORDERED that the motion to release Respondent (doc. # 52) be and is hereby DENIED.

Done this 17th day of November, 2008.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE